03CV874 memo Opp dismiss

## UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

LIGHT SOURCES, INC., and
TAN SYSTEMS, INC.,

        Plaintiffs

        v.

COSMEDICO LIGHT, INC.,

        Defendant

Civil Action
No. 303 CV 874 (MRK)

At New Haven

FILED
Oct 14   4 12 PH '03
U.S. DISTRICT COURT
NEW HAVEN, CONN.


**PLAINTIFFS, LIGHT SOURCES, INC.'S AND
TAN SYSTEMS, INC.'S MEMORANDUM IN OPPOSITION
TO DEFENDANT, COSMEDICO LIGHT, INC.'S
MOTION TO DISMISS [THE SECOND AMENDED] COMPLAINT**


Arthur T. Fattibene
Paul A. Fattibene
Fattibene & Fattibene
2480 Post Road
Southport, CT 06890-1218

**TABLE OF CONTENTS**

**Page No.**

NATURE OF THE PROCEEDINGS ................................ 1

A.  STATEMENT OF ESTABLISHED FACTS EVIDENCING
    THE EXISTENCE OF A CASE OR CONTROVERSY
    BETWEEN THE PARTIES HERETO ........................... 5

B.  FACTS RELATING TO THE AMENDED COMPLAINT MOTION ....... 9

C.  FACTS RELATING TO COSMEDICO'S MEMORANDUM IN
    SUPPORT OF RENEWED MOTION ............................ 10

D.  OTHER RELEVANT FACTS ................................. 11

STATEMENT OF APPLICABLE LAW .............................. 12

A R G U M E N T .......................................... 16

I.  The Court Does Have Subject Matter
    Jurisdiction Over Plaintiff's Second Amended
    Complaint (herein the Amended Complaint) ............. 16

    A.  Cosmedico's Threats Put Light Sources
        And Tan Systems Under A Real and
        Reasonable Apprehension of Suit .................. 18

    B.  The Second Prong of the Declaratory
        Judgment Test Is Not Disputed ................... 22

II.  The Amended Complaint Is Effective As Of
     The Date Of The Original Complaint .................. 26

III. The Court's Declaratory Judgment Discretion
     Is Not Absolute .................................... 27

IV.  Title 15 USC Section 1119 Grants The Court
     The Power To Cancel Cosmedico's Registered
     Mark VHR ........................................... 29

V.   Joining Tan Systems As A Co-Plaintiff Does
     Not Alter The Status Of The Complaint .............. 30

VI.   Plaintiffs' Declaratory Judgment Action Is
      Not An Abuse Of The Declaratory Judgment
      Act Nor Works An Unconscionable Expansion
      Of Federal Subject Matter Jurisdiction          31

C O N C L U S I O N                                   33

# TABLE OF AUTHORITIES

Page No.

## Table of Cases

*Adams v. Jacobs*
  950 F.2d 89, 92 (2 Cir 1001)                 16

*Airship Indus. (UK) Ltd. v. Goodyear*
*Tire & Rubber Co.*
  674 F.Supp. 754, 760 (S.D. NY 1986)          21, 25

*Apex Beauty Products Manufacturing Corp. v.*
*Brown Shoe*
  209 F.Supp. 73; 135 USPQ 355 (SDNY 1962)     14, 15

*Arrowhead Indus. Water, Inc. v. Ecolochem, Inc.*
  847 F.2d 731, 736 (Fed Cir 1988)             20

*E.J. Brooks Co. v. Stoffel Seals Corp.*
  160 F.Supp. 581, 593 (S.D. NY 1958); rev'd on
  other grounds, 266 F.2d 841 (2 Cir 1959)     23

*Eastman Kodak Co. v. Velversay Corp.*
  175 F.Supp. 646; 122 USPQ 603 (SDNY 1959)    14

*Genentek, Inc. v. Eli Lilly and Co.*
  998 F.2d 931; 27 USPQ 2D 1241 (Fed Cir 1993) 28

*William Glucken & Co. v.*
*International Playtex Corp.*
  407 F.2d 177 (2 Cir 1969)                    27

*G. Heileman Brewing Co. v. Anheuser-Busch, Inc.*
  873 F.2d 985, 990 (7 Cir 1989)               21, 24

*King Kup Candies, Inc. v. H.B. Reese Candy Co.*
           ; 107 USPQ 50 (MD Pa 1955)          13, 15

*Laramie Corp. v. Amron*
  1994 WL 369251 *4 (SDNY 1994)                14

*Manufacturers Hanover Corp. v.*
*Main Savings Bank*
  225 USPQ 525 (SDNY 1985)                     14

**Page No.**

*Millenium Products, Inc. v. Gravity Boarding Co.*
  *127 F.Supp.2d 974*; 57 USPQ 2d 1642 (ND Ill 2000)     15

*Oreck Corp. v. Nat'l Super Svc. Co.*
  39 USPQ 2d 1702, 1703 (E.D. La. 1996)      21, 23, 24, 25

*PHC, Inc. v. Pioneer Health Care, Inc.*
  75 F.3d 75; 37 USPQ 2d at 1654 (1 Cir 1996)      14, 20

*RAR, Inc. v. Turner Diesel, Ltd.*
  107 F.3d 1272, 1275 (7th Cir 1997)      15

*Rhode Gear USA v. Frank's Spoke N Wheel Corp.*
  225 USPQ 1256 (DC Mass 1985)      27

*Jack Schwartz Shoes, Inc. v. Burger King Corp.*
  24 USPQ 2d 1771      16, 26

*Starter Corp. v. Converse, Inc.*
  84 F.3d 1105; 38 USPQ 2d 1947, 1947
    (2 Cir 1996)      13, 14, 19, 20,
                      22, 23, 25, 27, 28

*Topp-Cola*
  314 F.2d at 125, 26; 136 USPQ 612
    (2 Cir 1963)      31, 32

*Treemound Co. v. Schering Corp.*
  122 F.2d 702, 705; 50 USPQ 593, 596      15

*Windsurfing International v. AMF*
  828 F.2d 755, 4 USPQ 2d 1052 (Fed Cir 1987)      14, 31, 32


**STATUTES**

United States Code:
        28 USC 1331      29, 30
        28 USC 1337      29, 30
        28 USC 1338      29, 30
        28 USC 1927      20
        28 USC 2001      27, 28
        28 USC 2201(a)   12

**Page No.**

Trademark Law,
     Title 15, Section 1052(e)          29
     Title 15, Section 1119            29
     Title 15, Section 1120            3, 10, 30
     Title 15, Section 1121            29
     Title 15, Section 1125            3, 10, 30
     Title 15, Section 1125(a)        14

Lanham Act, Section 43(a)            14, 24

Connecticut General Statutes:
    42-110(b)                   3, 10

**RULES**

Federal Rules of Civil Procedure:

     Rule 11(c)(1)(B)            20
     Rule 12(b)                 1
     Rule 15                    15
     Rule 15(c)                26, 31
     Rule 15(c)(1)(2)(3)       26
     Rule 20                   30

**NATURE OF THE PROCEEDINGS:**

On May 16, 2003, after being threatened several times by Defendant, Cosmedico Light, Inc. (Cosmedico) for allegedly infringing Cosmedico's alleged trademarks VHR, COSMOLUX VLR and VLR, Light Sources filed a Declaratory Judgment action to declare that Light Sources is not infringing any Cosmedico trademark, that Cosmedico's asserted trademarks are either invalid and/or unenforceable, and that the alleged federally registered VHR be canceled.

Pursuant to the Court's standing rules, Cosmedico, on July 22, 2003, filed a Motion For Pre-motion Conference seeking the Court's permission to file a Motion To Dismiss the Complaint pursuant to Rule 12(b) Fed.R.Civ.P. for (1) lack of any case or controversy necessary for Declaratory Judgment jurisdiction and (2) for failure to state a claim upon which relief may be granted.

On July 23, 2003, Light sources filed a Memorandum In Opposition To Cosmedico's request for a pre-motion conference.

On July 29, 2003, the Court granted Cosmedico's request for a pre-motion conference and set the date of August 29, 2003 for a telephonic conference.

1

On or about July 31, 2003, Cosmedico filed a Reply Memorandum to Light Sources' Opposition Memorandum of July 23, 2003. Cosmedico's Reply Memorandum papers included "the principal brief that Cosmedico had prepared in support of its proposed dispositive motion" [to dismiss], together with a declaration of Cosmedico's president, Jerry Frank, and attached exhibits in support of Cosmedico's brief, which Cosmedico proposed to file if the Court granted Cosmedico permission to file such Motion to Dismiss.

On August 29, 2003, the Court conducted a telephone pre-motion conference with counsels of the respective parties to hear argument on Cosmedico's motion seeking permission to file its Motion to Dismiss the Complaint.

After having reviewed all the paper submissions and argument of the respective counsels, the Court denied Cosmedico's request to file a motion to dismiss as it appeared that the Court was of the opinion that the Court did have jurisdiction.  Accordingly, the Court issued a Scheduling Order dated September 2, 2003, permitting Plaintiff to "file any amendments to the Complaint and join any additional parties, if any, by September 17, 2003." The Court also established the discovery schedule deadlines.

During the telephonic conference of August 29, 2003, the Court also advised Cosmedico's counsel that Cosmedico should reconsider filing any motion to dismiss for lack of subject matter jurisdiction in the event Plaintiff filed any amended complaint.

On September 16, 2003, Light Sources filed a Second Amended Complaint (herein the Amended Complaint) pursuant to the Court's Scheduling Order of September 2, 2003 to add (1) Tan Systems, Inc. as a co-plaintiff and (2) three additional counts, viz. Count IV for unfair competition in violation of Title 15, section 1125 of the Trademark Law, Count V directed to Cosmedico's inequitable conduct pursuant to Title 15, section 1120 of the Trademark Law and Count VI for unfair competition under Connecticut General Statute 42-110(b).

On or about September 29, 2003, Light Sources was served with Cosmedico's Memorandum In Support of Defendant's Renewed Motion to Dismiss [The Amended] Complaint, which Cosmedico is apparently filing pursuant to paragraph 2 of the Court's Scheduling Order of September 2, 2003, viz. "Defendant will move or otherwise respond to the Complaint, and any amendment thereto, by September 26, 2003."

3

Cosmedico's Memorandum in support of Defendant's renewed motion to dismiss the Amended Complaint is virtually a verbatim copy of the proposed Memorandum to Dismiss which Cosmedico previously submitted and considered by the Court at the pre-motion conference of August 29, 2003.

On October 8, 2003, the U.S. District Court of Massachusetts in Cosmedico's belated second filed action entitled Cosmedico Light, Inc. v. Tan Systems, Inc., Civil Action 03-10962 (WGY) conducted a hearing with respect to Tan Systems' Motion to Dismiss, Stay or Transfer said second filed action. After considering all of the paper submissions and arguments of counsel, the Massachusetts District Court ruled that the second filed Massachusetts action be administratively closed. See the Massachusetts U.S. District Court Order of October 9, 2003, attached as Exhibit 1A to this Memorandum.

This is Light Sources and Tan Systems Joint Opposing Memorandum to Cosmedico's Renewed Motion[1] to Dismiss for the alleged lack of subject matter jurisdiction.

---

[1] Light Sources and Tan Systems were not served with any "Renewed Motion". Only the Memorandum in support of said alleged "Renewed Motion" was served.

## A.  STATEMENT OF ESTABLISHED FACTS EVIDENCING THE EXISTENCE OF A CASE OR CONTROVERSY BETWEEN THE PARTIES HERETO.

1.  Light Sources manufactures and sells various types of gas discharge lamps including sun tanning lamps, to which Light Sources applied the markings THR-160 and TLR-100 as part of the lamp's model number.  Myers Declaration, paragraph 4, Exhibits 1 and 2.

2.  Tan Systems is Light Sources exclusive distributor of those sun tanning lamps to which Light Sources applies the THR-160 and TLR-100 markings.  Tan Systems, in turn, sells and distributes said lamps to the ultimate consumer and/or uses said lamps in tanning bed equipment that Tan Systems makes and sells under Tan Systems house brand or trademark TURBO0POWER.

3.  As Tan Systems is Light Sources exclusive distributor of the THR and TLR marked lamps, Light Sources has agreed to indemnify Tan Systems against any claims of infringement.  Myers Declaration, paragraph 6.

4.  Cosmedico asserts that it is the owner of the trademark VHR, the composite word and design mark COSMOLUX VLR and the mark VLR for ultraviolet fluorescent sun tanning lamps which Cosmedico markets and sells to the sun tanning industry.  Cosmedico does not manufacture any sun

tanning lamps per se which it markets and sells.  Myers

Declaration, paragraph 8 – Exhibits 3 and 5.

5.  On February 10, 2003, Cosmedico, through its

counsel, sent a Notice to Cease and Desist to Tan Systems,

threatening that:

> "Tan Systems' use of 'THR' and 'TLR' names
> is confusingly similar to Cosmedico's VHR®
> and VLR® lamps.  The purpose of this
> correspondence is to give you formal notice
> of Cosmedico's trademark rights in the VHR®
> and VLR® trademarks and to direct you to
> immediately stop, cease and desist from any
> further use of the 'THR' and 'TLR' marks in
> the stream of commerce.
>                        ...
> "[Unless] you will voluntarily agree to
> retract, pull and destroy all advertising,
> marketing and other references to 'THR' and
> 'TLR' forthwith,
>                        ...
> this office has been instructed to take any
> and all steps reasonably necessary to
> preserve Cosmedico's rights and ownership
> interest in its intellectual properties."
> (Myers Declaration, paragraph 8 and Exhibit
> 3)

6.  Because of the indemnification agreement between

Light Sources and Tan Systems, Tan Systems referred

Cosmedico's Notice to Cease and Desist of February 10, 2003

(Exhibit 3) to Light Sources for response.  (Myers

Declaration, paragraph 9).

7.  On February 13, 2003, Light Sources' vice

president responded to Cosmedico's Notice of February 10,

2003 (Exhibit 3) by requesting Cosmedico to supply Light

Sources with a copy of the registration certificates to evidence ownership of Cosmedico's alleged registered VHR® and VLR® marks.  (Myers Declaration, paragraph 10 and Ex. 4)

8.  On February 14, 2003, Cosmedico sent to both Light Sources and Tan Systems a Second Notice To Cease and Desist, in which Cosmedico again repeated its infringement threats of Cosmedico's allege trademarks.  (Myers Declaration, paragraph 11, and Exhibit 5)

9.  On February 24, 2003, Light Sources responded to Cosmedico's Second Cease and Desist threat by pointing out the weakness and frivolousness of Cosmedico's threats of infringement and that the marks TLR and THR do not infringe Cosmedico's VHR® and VLR® alleged registered marks.  (Myers Declaration, paragraph 12 and Exhibit 6)

10.  Despite Light Sources' pointing out the weakness and frivolousness of Cosmedico's threats, Cosmedico, on March 7, 2003, sent to Light Sources and Tan Systems yet a Third Notice to Cease and Desist.  In Cosmedico's Third Notice, Cosmedico again threatened both Light Sources and Tan Systems with infringement of Cosmedico's trademarks and imminent threat of suit "unless both Tan Systems and Light Sources co-operate immediately in pulling and destroying all advertising, marketing and other references to 'THR'

7

and 'TLR' [and] ... Cosmedico intends to pursue this matter in Federal District Court." (Myers Declaration, paragraph 13, and Exhibit 7)

11. Since Cosmedico refused to cease threatening Light Sources and Tan Systems and of the concern that said threats were having on Light Sources and Tan Systems business relationships, Light Sources and Tan Systems turned the matter over to counsel, Arthur T. Fattibene. (Myers Declaration, Paragraph 14)

12. On March 12, 2003, counsel for Light Sources and Tan Systems sent a response to Cosmedico's Third Cease and Desist Notice. In the response of March 12, 2003, Mr. Fattibene pointed out, among other things, that Cosmedico had no exclusive right in and to the mark VLR, as said mark was registered in International Class 011 to another, nor did Cosmedico have any exclusive rights to the letters HR and/or LR absent some distinguishing prefix or suffix. As an analogy, Mr. Fattibene pointed out that ABC is not confusingly similar to NBC. Cosmedico was also warned that "Unless you immediately cease and desist in asserting your frivolous infringement allegations, you leave my client(s) no other option but to seek corrective action." (Myers Declaration, paragraph 15 and Exhibit 8)

8

13.    After a lapse of almost two (2) months, Cosmedico sent to both Light Sources and Tan Systems yet a Fourth Cease and Desist Letter dated May 7, 2003.  Attached to this fourth threat was a copy of trademark infringement complaint which Cosmedico threatened to file in Federal District Court absent a definitive proposal from Light Sources and Tan Systems within ten (10) days.  (Myers Declaration, paragraph 16, and Exhibit 9)

14.    Cosmedico filed its Complaint in the Federal District Court of Massachusetts only after Cosmedico learned that Light Sources filed its Declaratory Judgment Action on May 16, 2003.  (Myers Declaration, paragraphs 17, 18)

## B.    FACTS RELATING TO THE AMENDED COMPLAINT MOTION

15.    The Second Amended Complaint filed pursuant to the Court's Scheduling Order of September 2, 2003, paragraph 1, was amended to include Tan Systems, Inc., Light Sources' exclusive distributor as a co-plaintiff, who was also threatened by Cosmedico of infringing its trademarks.  The Complaint was further amended to include Counts IV, V and VI.

16.   Count IV is directed to an unfair competition cause of action pursuant to Title 15 section 1125 of the U.S. Trademark Laws.

17.   Count V is directed to Cosmedico's inequitable conduct in procuring its U.S. Trademark registration No. 2,124,659 in suit, pursuant to Title 15 section 1120 of the U.S. Trademark Laws.

18.   Count VI is directed to Cosmedico's acts of unfair competition arising under Connecticut General Statute 42-110(b).

19.   None of the new Counts IV, V and VI of the Amended Complaint was addressed in Cosmedico's Renewed Motion papers To Dismiss.

## C.   FACTS RELATING TO COSMEDICO'S MEMORANDUM IN SUPPORT OF RENEWED MOTION.

20.   Cosmedico's Memorandum in support of its renewed motion to dismiss the Amended Complaint is virtually a verbatim copy of Cosmedico's original brief previously submitted to the Court in support of Cosmedico's request for a pre-motion conference, which the Court apparently considered as being non-persuasive in denying Cosmedico's request to file a motion to dismiss at that time.

21. Cosmedico's Memorandum in Support of its renewed motion merely contains the same verbatim arguments directed to Counts I, II and III of the original Complaint. Cosmedico does not address or dispute the Court's jurisdiction with respect to new Counts IV, V and VI of the Amended Complaint.

22. Cosmedico's Memorandum in support of its renewed motion is replete with gross misrepresentations of facts which are obviously contrary to the objective evidence submitted by Cosmedico in support of its renewed motion.

23. The declaration of Jerry Frank on which Cosmedico relies is replete with unsupported self-serving statements and/or willful, gross misrepresentations of facts as evidenced by the objective evidence and exhibits before the Court, viz. the Cease and Desist letters and exhibits attached to the Declaration of Mr. Myers.

## D.   OTHER RELEVANT FACTS

24. Cosmedico's VHR mark is registered and bears a registration number 2,124,659 granted December 30, 1997 for ultraviolet fluorescent lighting tubes for sun and tanning purposes classified in International Class 011.

11

25.   Cosmedico's COSMOLUX VLR mark and VLR mark are not registered marks.  Myers Declaration, paragraphs 21, 22.

26.   Neither Light Sources or Tan Systems has ever used Cosmedico's asserted trademarks COSMOLUX VLR, VHR or VLR for sun tanning lamps which Light Sources and Tan Systems makes and/or sells.  Myers Declaration, paragraph 25.

## STATEMENT OF APPLICABLE LAW

The Declaratory Judgment Act, 28 USC 2201(a), provides that:

> "in a case of actual controversy within its jurisdiction … any court of the United States, upon the filing of an appropriate pleading, may declare the rights and legal relations of any party seeking such declaration, whether or not further relief is or could be sought.  Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such."

A "controversy" as the term is used in this Act must be one that is appropriate for a judicial determination. The "controversy" must be definite and concrete, touching the legal relations of the parties having an adverse legal interest.  It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion

advising what the law would be upon a hypothetical state of facts.  King Kup Candies, Inc. v. H.B. Reese Candy Co.,

; 107 USPQ 50 (MD Pa 1955)

It is also  well settled law that in order for a federal court to have jurisdiction over an "actual controversy", a federal question "arising under the constitution, laws or treaties of the United States must also be involved."  Starter Corp. v. Converse, Inc., 84 F.3d 1105, 38 USPQ 2d 1947, 1948 (2 Cir 1996)

In cases involving a trademark, a two prong test has been well established that requires both prongs of the test be satisfied in order to establish declaratory judgment jurisdiction, viz. (1) has the defendant's [Cosmedico's] conduct created a real and reasonable apprehension of liability on the part of the plaintiffs [Light Sources and Tan Systems] and [2] have the plaintiffs [Light Sources and Tan Systems] engaged in a course of conduct which has brought them into adversarial conflict with the defendant [Cosmedico] at the time the complaint was filed.  Starter Corp. v. Converse, Inc., supra.

Declaratory judgment actions involving trademarks are analogous to those involving patents, and the principles applicable to declaratory judgment actions involving patents are generally applicable with respect to

13

trademarks.  Starter Corp. v. Converse, Inc., citing
Windsurfing International v. AMF, 828 F.2d at 757.

"Declaratory judgment actions are particularly useful
in resolving trademark disputes in order to promptly
resolve controversies where the alleged owner of a
trademark right threatens to sue for infringement.
Accordingly, in such a case, the finding of an actual
controversy should be determined with some liberality.
Starter Corp., supra, citing Laramie Corp. v. Amron, 1994
WL 369251 *4 (SDNY 1994); Manufacturers Hanover Corp., 225
USPQ at 526."  See also Eastman Kodak Co. v. Velversay
Corp., 175 F.Supp. 646; 122 USPQ 603 (SD NY 1959).

A claim under 15 USC 1125(a) (Section 43(a) of Lanham
Act) is a federal cause of action.  PHC, Inc. v. Pioneer
Health Care, Inc., 75 F.3d 75; 37 USPQ 2d at 1654 (1 Cir
1996).

"The federal declaratory judgment statement aims at
resolving potential disputes, often commercial in
character, that can reasonably be feared by a potential
target in light of the other side's conduct."  PHC, Inc.,
supra.

A justiciable controversy is engendered by virtue of a
defendant's charges of unfair competition and infringement
of its registered trademarks.  Apex Beauty Products

14

Manufacturing Corp. v. Brown Shoe, 209 F.Supp. 73; 135
USPQ 355 (SDNY 1962)

A charge of infringement or threat of suit may be
craftily phrased and need not be given directly.  King Kup
Candies, supra citing Treemound Co. v. Schering Corp., 122
F.2d 702, 705; 50 USPQ 593, 596, noting:

> "There can be no doubt that an 'actual
> controversy' does not exist until the
> patentee makes some claim that his patent
> is being infringed.  The claim need not be
> formally asserted; nor should be necessary
> that notice be given directly to
> plaintiff."

Even an implied charge of infringement or a course of
conduct which would lead a reasonable [person] to fear that
he or his customers face suit or the threat of a suit is
sufficient to evidence a "case or controversy".  Millenium
Products, Inc. v. Gravity Boarding Co., 127 F.Supp.2d 974;
57 USPQ 2d 1642 (ND Ill 2000).

It is well established that any conflicts in the
parties' affidavits are to be resolved in the plaintiffs'
favor, that is, in favor of the exercise of jurisdiction.
Millenium Products, Inc., supra, citing RAR, Inc. v. Turner
Diesel, Ltd., 107 F.3d 1272, 1275 (7th Cir 1997).

Rule 15, Fed.R.Civ.P., expressly states:

> "An amendment of the pleadings relates
> back to the date of the pleadings …
> when the claim or defense arose out of