> conduct, transaction, or occurrences
> set forth or attempted to be set forth
> in the original pleadings."

Where there are two competing lawsuits, the first suit should have priority, absent any showing of balance of convenience or special circumstance giving priority to the second. Jack Schwartz Shoes, Inc. v. Burger King Corp., 24 USPQ 2d 1771 citing Adams v. Jacobs, 950 F.2d 89, 92 (2 Cir 1991), and the party that filed the first action may move in the court in which it filed the first action for an order enjoining the prosecution of the second action unless there are special circumstances which justify giving priority to the second action. The Massachusetts second filed action is administratively closed. See Exhibit 1A attached.

## ARGUMENT

### I. The Court Does Have Subject Matter Jurisdiction Over Plaintiffs' Second Amended Complaint (herein the Amended Complaint)

Contrary to Cosmedico's weak and stale argument at pages 5 and 6 of its Memorandum in support of its alleged renewed motion to dismiss the Amended Complaint, there is a real and actual controversy between Plaintiffs, Tan Systems and Light Sources, as against Defendant, Cosmedico. In its Memorandum at page 5, Cosmedico admits that a dispute, i.e.

16

controversy, exists between Tan Systems and Cosmedico, over which the Court has jurisdiction. <u>This admission alone is sufficient for this Court to summarily deny Cosmedico's Renewed Motion to Dismiss</u>.

As to the argument that the Court lacks subject matter jurisdiction as to Light Sources, Cosmedico weaves into its arguments deliberate and willful misrepresentation of facts that are totally contrary to the objective factual evidence, viz. the numerous undisputable cease and desist letters Cosmedico sent directly to **both** Tan Systems and Light Sources, which are direct and unambiguous.

For example, in Cosmedico's Second Notice to Cease and Desist addressed to **both** Tan Systems and Light Sources, Cosmedico's counsel unambiguously states:

> "A minimal review of the prior art on the Principal Trademark Register would have prevented <u>your</u>[2] unauthorized and infringing use of the marks"
> ...
> <u>You</u> are advised that should you fail or refuse to comply with this legitimate request, this office is authorized to take any and all steps reasonably necessary to reserve Cosmedico's rights and ownership interest in its intellectual property [trademark]."  Emphasis added.  (Myers Declaration, Exhibit 5)

---

[2] "Your" and "you" are used in the plural tense.

In Cosmedico's Third Notice to Cease and Desist, Cosmedico again threatened both Light Sources and Tan Systems when it is noted that Cosmedico expressly stated:

> "You are advised that this correspondence is my final attempt to impart upon both Tan Systems and Light Sources, Inc. that my client is serious about protecting its intellectual property rights in both VHR® and COSMOLUX VLR™.
> ...
> Please be advised that unless both Tan Systems and Light Sources, Inc. cooperate immediately in pulling and destroying <u>all</u> advertising and other references to 'THR' and 'TLR' so as to avoid consumer confusion, Cosmedico intends to pursue this matter in Federal District Court. Given that Tan Systems have received repeated notices of their infringement, my client will be seeking multiple damages, reimbursement of its attorney fees and costs." (Myers Declaration and Exhibit 7)

Even after Cosmedico was warned by Light Sources and Tan Systems that unless Cosmedico immediately cease and desist in asserting its frivolous infringement allegations, that Light Sources and Tan Systems would have no other option but to seek corrective action (Myers Declaration, Exhibit 8), Cosmedico sent yet a Fourth Notice to Cease and Desist to both Light Sources and Tan Systems with an attached proposed Complaint.

A. **Cosmedico's Threats Put Light Sources and Tan Systems Under A Real and Reasonable Apprehension of Suit**

It cannot be seriously disputed that the numerous cease and desist notices Cosmedico sent to both Tan Systems

18

and Light Sources, which are both unambiguous and direct, more than satisfies the first prong of the "case or controversy" test enunciated by the Second Circuit Court in <u>Starter Corp. v. Converse</u>, supra, and particularly so when Tan Systems and Light Sources responded to and expressly advised Cosmedico that neither Light Sources and/or Tan Systems use of the 'TLR' and 'THR' marks could possibly be confused with Cosmedico's asserted marks and therefore did not infringe.

For Cosmedico's counsel to blatantly and repeatedly represent to the Court that "Cosmedico gave LSI (Light Sources) no reasonable fear of imminent litigation" (page 1 of Cosmedico's Memorandum); that "Cosmedico's threatened enforcement of its trademark rights were clearly and consistently directed to Tan Systems and not LSI" (page 2 of Cosmedico's Memorandum); that Cosmedico does not accuse LSI of infringing Cosmedico's trademarks in any way and does not threaten any action against LSI; (page 5 of Cosmedico's Memorandum), that "this (March 7, 2003) letter does not accuse LSI of infringing Cosmedico's trademarks in any way, makes absolutely no reference to any conduct of LSI, and does not threaten any action against LSI", in view of the objective evidence before this Court are so blatantly false that sanctions may be in order, pursuant to

19

Fed.R.Civ.P. 11(c)(1)(B), 28 USC 1927, and/or the Court's inherent powers.

Contrary to the characterizations of the cease and desist notices that Cosmedico is urging in its brief and Mr. Frank in his declaration as to Light Sources, Cosmedico did emphatically and unambiguously accuse Light Sources of trademark infringement and did directly threaten Light Sources as indicated herein.

While a less aggressive cease-and-desist letter would still have been sufficient to place Light sources under a real and reasonable apprehension of suit, the direct threats that Cosmedico actually conveyed in its numerous cease and desist notices makes this an easy case. E.g., Starter, 84 F.3d at 595 ("Neither party disputes that the first prong of this test has been satisfied by Converse's unambiguous communication to Starter of its intent to bring an infringement suit should Starter engage in the sale of footwear bearing its House Marks."); PHC, Inc. v. Pioneer Healthcare, Inc., 75 F.3d 75, 79 (1st Cir. 1996) (reversing dismissal of declaratory judgment action where circumstances indicated that the accused infringer reasonably feared a federal suit, even though the trademark owner did not convey an explicit threat to initiate one); Arrowhead Indus. Water, Inc. v. Ecolochem, Inc., 847 F.2d

20

731, 736 (Fed. Cir. 1988) ("If defendant has expressly charged a current activity of the plaintiff as an infringement, there is clearly an actual controversy, certainty has rendered apprehension irrelevant, and one need say no more.").

Moreover, even had Cosmedico not threatened Light Sources directly (as Cosmedico and Mr. Frank falsely claim), Light Sources *still* would have been under a real and reasonable apprehension of suit, because Cosmedico threatened Light Sources' exclusive customer, Tan Systems, for marketing and selling the accused products. E.g., G. Heileman Brewing Co. v. Anheuser-Busch, Inc., 873 F.2d 985, 990 (7th Cir. 1989)("Reasonable apprehension exists when [the trademark owner's conduct] would cause a reasonable man to fear that he **or his customers** face an infringement suit or threat of one.") (emphasis added); Oreck Corp. v. Nat'l Super Svc. Co., 39 USPQ 2d 1702, 1703 (E.D. La. 1996) (denying motion to dismiss declaratory judgment claim filed by supplier of accused products to accused infringer, even though trademark owner stated that it was "not aware of any advertising or other uses by [the supplier] of the rights assertedly being infringed" by its customer); Airship Indus. (UK) Ltd. v. Goodyear Tire & Rubber Co., 674 F.Supp. 754, 760 (S.D.NY 1986) ("The test is not whether a suit or

21

threats will be brought against the plaintiff; rather, it is whether the plaintiff has a 'reasonable apprehension,' … that if he continues his actions **his customers** face the threat of suit.") (italics original; bold added).

In short, there can be no genuine dispute that Cosmedico placed Light Sources under a real and reasonable apprehension of suit, both by threatening Light Sources directly, and by threatening Light Sources' exclusive customer, Tan Systems, for marketing and selling the accused products.

B.  **The Second Prong of the Declaratory Judgment Test Is Not Disputed**

The second prong of the declaratory judgment test is not disputed by the parties, as Cosmedico admits that Light Sources, as manufacturer of the lamps, applied the accused trademark to the lamps that were exclusively marketed by Tan Systems before the filing of the complaint. It has been held that an "intent and apparent ability to commence use" of the accused marks on the accused product suffices to establish an adversarial conflict, <u>Starter</u>, 84 F.3d at 596. It cannot be disputed that Light Sources was *actually* imprinting and selling the tanning lamps with the accused marks prior to the filing of this action, and Tan Systems was marketing the lamps bearing the accused marks prior to

22

the filing of this action, as noted in Cosmedico's numerous cease and desist notices.

Cosmedico objected to this conduct, and accused "both" Tan Systems and Light Sources of infringement. Cosmedico's strongly-worded Cease and Desist letters constitute an admission that the second prong of the declaratory judgment test has been satisfied. Cosmedico "cannot create a situation of actual controversy … and then, after the commencement of suit, come into Court and seek to avoid the jurisdiction of the Court by frivolous unsupported arguments that there was no charge or threat of infringement" made against Light Sources. E.J. Brooks Co. v. Stoffel Seals Corp., 160 F.Supp. 581, 593 (S.D. NY 1958), rev'd on other grounds, 266 F.2d 841 (2 Cir 1959)[3]

Moreover, Cosmedico's threats (and pursuit of litigation) against Tan Systems, the exclusive customer of Light Sources for the accused products bearing the accused marks, independently evidences an adversarial conflict between Light Sources and Cosmedico. E.g., Oreck, 39 USPQ 2d at 1703-04 (sales to distributor contributed to creation of adversarial conflict between "supplier" of accused products and trademark owner).

---

[3] Such a belated concession by the defendant does not defeat jurisdiction because the existence of a case of actual controversy is evaluated "at the time the [declaratory judgment] complaint was filed." Starter, 84 F.3d at 595.

23

Cosmedico argues at page 5 of its Memorandum that Light Sources does not "sell advertise or market" the infringing lamps in the marketplace and therefore concludes that Tan Systems is the real infringer and not Light Sources.

It is unclear what Cosmedico is arguing here. Under the Lanham Act, Light Sources' sales to its distributor Tan Systems constitute "use in commerce" of the accused mark. E.g., G. Heileman, 873 F.2d at 988 (beer manufacturer used marks "in commerce" when it shipped bear to wholesalers).

The trademark owner made precisely the same argument in Oreck:

> [The trademark owner Oreck] does not believe that a controversy exists between Karcher 'the declaratory judgment plaintiff] and itself. Oreck is not aware of any advertising or other uses by Karcher of the rights assertedly being infringed upon in this case. … It is the plaintiff's belief that even if Karcher had supplied the [accused] vacuum cleaners, this alone would not create a need for Oreck to sue Karcher. Plaintiff asserts that it would prefer to litigate [sic] NSS, the company that is actually using their trademark in commerce and thereby creating the damages.

Oreck, 39 USPQ 2d at 1703.

The Court rejected this argument, and denied the trademark holder's motion to dismiss the supplier's declaratory judgment claim. The Court held that the supplier's sale of the accused products to its distributor

24

contributed to the creation of an adversarial conflict between the supplier and the trademark owner. Id. at 1704. Cosmedico cites no authority to the contrary.

The case for declaratory judgment is even stronger in the case at bar than that in Oreck, supra. In Oreck, supra, the trademark owner never accused the supplier (Karcher) of infringement, and consistently maintained that it had no conflict with Karcher. Id. at 1703. Here, Cosmedico *directly accused* Light Sources of infringement and threatened to sue. Cosmedico's belated half-concession that Light Sources is an "innocent infringer" at page 12 cannot remove the adversarial conflict. A similar argument by the trademark owner was rejected in Airship. "Even assertions that Goodyear does not object to Airship's sale or lease of blimps and that there is no dispute between Goodyear and Airship are insufficient to deny the court jurisdiction". 643 F.Supp. at 759.

In summary, Light Sources had (and continues to have) an adversarial conflict with Cosmedico, evidenced both by Cosmedico's direct threats against Light Sources and by its threats (and litigation) against Light Sources' customer, Tan Systems. In the trademark context, even close cases should be resolved in favor of exercising declaration judgment jurisdiction, see Starter, 84 F.3d at 596 (where

25

threats are based on trademark law, "the finding of an actual controversy should be determined with some liberality"), and this case is not even close.

Accordingly, it would be improper for the Connecticut court to dismiss the Amended Complaint.

## II. The Amended Complaint Is Effective As Of The Date Of The Original Complaint

At pages 6 and 7, Cosmedico seems to be arguing that adding Tan Systems as a Plaintiff negates the first to file rule. Cosmedico's argument is frivolous at best. Rule 15(c), Fed.R.Civ.P., expressly states that:

> "An amendment of a pleading relates back to the date of the original pleadings when (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading."

As long as at least one of the requirements of Rule 15(c)(1), (2) or (3) can be satisfied, the Amended Complaint is accorded the filing date of the original complaint. Light Systems' and Tan Systems' Amended Complaint also satisfies parts 1 and 3 of Rule 15(c), Fed.R.Civ.P. Thus, the Amended Complaint does not effect the first to file status of the action at bar under the rationale and established first-filed rule. <u>Jack Schwartz Shoes v. Burger King Corp.</u>, 24 USPQ 2d 1791 (SD NY 1993).

26

It is to be further noted that the Courts hold that a declaratory judgment action involving trademarks is analogous to those involving patents and that the principles applicable patents are generally applicable to trademarks. Starter Corp. v. Converse, supra. In patent cases, it has generally been held that a first filed action filed against a customer is preempted by a later filed declaratory judgment actions filed by the manufacturer, as an exception to the first filed rule. William Glucken & Co. v. International Playtex Corp., 407 F.2 177 (2nd Cir 1969); Rhode Gear USA v. Frank's Spoke N Wheel Corp., 225 USPQ 1256 (DC Mass 1985). Thus, even if by some stretch of the imagination the Court accepts Cosmedico's argument that the addition of Tan Systems does change the status of the case at bar of being the first filed case, this action is still not dismissible under the law of those cases that hold a later filed "manufacturer's" suit preempts an earlier filed "customer" suit, as indicated in the cited authority herein.

### III. The Court's Declaratory Judgment Discretion Is Not Absolute

At page 9 of Cosmedico's Memorandum, Cosmedico appears to be arguing that the "discretion" allowed by Title 28 USC

27

2001 to determine whether or not the Court may entertain a declaratory judgment action means "absolute" discretion. The Second Circuit Court in <u>Starter Corp. v. Converse</u>, supra, has expressly stated:

> "A district court is required to entertain a declaratory judgment action '(1) when the judgment will serve a useful purpose in clarifying and settling a legal relation in issue or (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." citing Continental Cas. Co., 977 F.2d at 737.

As in <u>Starter Corp.</u>, supra, the declaratory judgment action before this Court is clear as to how the accused marks are being applied to the tanning lamps to definitely determine Light Sources and Tan Systems rights to use the marks THR and TLR for tanning lamps and to resolve the dispute between the parties that generated the controversy and thereby avoided attendant expenses. Therefore, the Court is in the position to conduct a trademark infringement analysis. This action therefore qualifies as one where declaratory judgment jurisdiction must be exercised. See also <u>Genentek, Inc. v. Eli Lilly and Co.</u>, 998 F.2d 931; 27 USPQ 2d 1241 (Fed Cir 1993). (The discretion of the trial court is not absolute and the Court cannot refuse to entertain a declaratory judgment action on a whim. The exercise of discretion in a declaratory

28

judgment must have a basis in sound reason.) It is submitted that this Court has no sound reason not to entertain the instant declaratory judgment action.

IV. **Title 15 USC Section 1119 Grants The Court The Power To Cancel Cosmedico's Registered Mark VHR**

At page 11 of Cosmedico's Memorandum, it is argued that the Court lacks the power to cancel a registered mark where there is no independent basis for federal jurisdiction apart from the cancellation claim. Assuming Cosmedico's contention is correct, the Court will note that the Amended Complaint includes six separate and distinct counts in which at least four (4) counts provide independent basis for federal jurisdiction apart from the cancellation claim, Count II.

Count I clearly provides a proper independent basis for federal jurisdiction apart from the cancellation claim. (28 USC 1331, 1338) 28 USC 2201.

Count III has independent basis for federal jurisdiction under 27 USC 1331, 1337, 1338; 15 USC 1052(e); 15 USC 1121.

Count IV, which Cosmedico does not even address, has independent basis for federal jurisdiction apart from the

29

cancellation claim pursuant to 28 USC 1331, 1337, 1338 and 15 USC 1125.

Count V, which Cosmedico also does not address, has independent basis for federal jurisdiction apart from the cancellation claim pursuant to 28 USC 1331, 1337, 1338 and 15 USC 1120.

As the Court will note, the Amended Complaint does set forth ample independent basis for federal jurisdiction so as to preclude any dismissal of the cancellation claim (Count II).

## V. Joining Tan Systems As A Co-Plaintiff Does Not Alter The Status Of The Complaint

Rule 20, Fed.R.Civ.P., states:

"All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action."

One cannot reasonably dispute that Tan Systems is not a proper party to be joined in this action. The addition of Tan Systems as a party does not affect the Court's jurisdiction over the subject matter or the person of Tan Systems; nor does the addition of Tan Systems change the

status of the action as being the first filed action. Rule 15(c), Fed.R.Civ.P.

VI. **Plaintiffs' Declaratory Judgment Action Is Not An Abuse Of The Declaratory Judgment Act Nor Works An Unconscionable Expansion Of Federal Subject Matter Jurisdiction.**

Cosmedico's rhetoric on pages 15 and 16 is frivolous to the nth degree. Cosmedico's assertions that there can be no reasonable apprehension on the part of the manufacturer (Light Sources) because the manufacturer could simply remove the [alleged] offending mark from future production and resume selling them without liability, is nonsense. The fact is that manufacturer, Light Sources, does not believe that the markings THR and TLR are offending marks, nor does Light Sources see any reason to remove the markings THR and TLR from the tanning lamps it sells to Tan Systems. Cosmedico, by <u>directly</u> threatening both Light Sources and Light Sources' <u>exclusive distributor</u> Tan Systems, not only raises a reasonable apprehension, but rather a very real apprehension of litigation as more fully set forth in part I(A) of the Argument herein.

The <u>Windsurfing Intern</u> case, 828 F.2d at 757-758 and <u>Topp-Cola</u>, 314 F.2d at 125, 26, cited by Cosmedico is not support for Cosmedico's frivolous argument, as these cases

31

are readily distinguishable on the facts. In <u>Windsurfing</u>, supra, the Federal Circuit Court, in applying Second Circuit law, found that AMF alleged that it merely had an interest or a desire to use the mark "windsurfer" and in fact had never used the mark in commerce. Thus, the Court rightly held there was no case or controversy over which the Court could exercise jurisdiction. Thus, the Court found that the complaint and counterclaim merely sought an advisory opinion, something a federal court cannot give.

In <u>Topp-Cola</u>, supra, 136 USPQ 612 (2 Cir 1963), the Court found that the filing of an opposition in a local administration proceeding in Puerto Rico does not constitute a charge or warning of a future charge of infringement, citing cases. The Court found that the Plaintiff in Topp-Cola was "not in a position of one who is threatened with legal proceedings, but does not know when or where the blow will fall." The Declaratory Judgment Act may not be used simply to remove a controversy from a forum where it properly belongs, i.e. in the Puerto Rico administrative proceedings in which the opposition will be determined.

In effect, the courts in each of the cases cited by Cosmedico determined that on the facts there was no controversy over which the Court had jurisdiction. In the

case at bar, Tan Systems and Light Sources has clearly establish that a real justicable controversy exists between Light Sources and Tan Systems as against Cosmedico's asserted infringement threats that are real, direct and unambiguous.

## C O N C L U S I O N

For the reasons stated and in view of the applicable authorities cited, it is requested that the Court deny Cosmedico's motion to dismiss. In view of the frivolous nature of the arguments made by Cosmedico, the deliberate misrepresentation of facts and the obvious dilatory nature of the motion, the non-responsiveness of the motion with respect to the Amended Complaint to result in unnecessarily multiplying the proceedings, the Court's, sui sponte, imposition of sanctions would be justified.

Respectfully submitted,
**Fattibene and Fattibene**

By _____
Arthur T. Fattibene, CT 06916
Paul A. Fattibene, CT 12760
2480 Post Road
Southport, CT 06890
Tel. 203-255-4400
Fax  203-259-0033

33