

FILED
Oct 22  3 04 PM '03
U.S. DISTRICT COURT
BRIDGEPORT CONN.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JACQUELINE M. MUSANTE | : | CIVIL ACTION |
| | : | NO: 301CV2352(MRK) |
| VS. | : | |
| NOTRE DAME OF EASTON CHURCH | : | OCTOBER 21, 2003 |

### APPEARANCE

Please enter my appearance for the following defendant, NOTRE DAME OF EASTON CHURCH, in the above- entitled matter.

THE DEFENDANT
NOTRE DAME OF EASTON CHURCH

BY: _____
Brett M. Szczesny, of
Halloran & Sage, LLP
315 Post Road West
Westport, CT 06880
Federal Bar #: CT 19560

::ODMA\MHODMA\iManage;277992;1

**HALLORAN & SAGE LLP**
ATTORNEYS AT LAW
315 Post Road West ▪ Westport, CT 06880 ▪ (203) 227-2855 ▪ Juris No. 412195

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed via certified mail on this 21st day of October, 2003 to all counsel of record, to wit:

Stuart M. Katz, Esq.
Cohen & Wolf, P.C.
1115 Broad Street
Bridgeport, CT 06604

Brett M. Szczesny

277992.1(HS-FP)

HALLORAN & SAGE LLP
ATTORNEYS AT LAW
315 Post Road West ▪ Westport, CT 06880 ▪ (203) 227-2855 ▪ Juris No. 412195

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| Light Sources, Inc., and<br>Tan Systems, Inc.,<br><br>    Plaintiffs,<br><br>vs.<br><br>Cosmedico Light, Inc.,<br><br>    Defendant. | Civil Action No. 303-CV-874 (MRK) |

## REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS COMPLAINT

JAMES W. OLIVER
Federal Bar No.: ct02510
Berman and Sable
100 Pearl Street, 10th Floor
Hartford, CT 06103
Tel:   (860) 527-9699
Fax:   (860) 527-9077

DALE A. MALONE
Federal Bar No.: ct25020
Banner & Witcoff, Ltd.
28 State Street
Boston, Massachusetts 02109
Tel:   (617) 720-9600
Fax:   (617) 720-9601

Oral Argument Requested

# Table of Contents

I.   Introduction .............................................. 1

II.  The Added Counts of the New Complaint Do Not Relate Back to ... 2
     the Date of the Fatally Defective Original Complaint

III. The Added Counts of the New Complaint Are Irrelevant to ....... 4
     the Jurisdictional Issue Before the Court

IV.  The Business Relationship Between Tan Systems and LSI ......... 5
     Is Insufficient to Support Subject Matter Jurisdiction Here

V.   Conclusion ............................................... 7

# Table of Authorities

Cases

*In re Integrated Resources Real Estate Ltd. Partnership Sec. Litig.*, ........ 2, 3, 5
    815 F. Supp. 620 (S.D.N.Y. 1993).

*Kansa Rein v. Congressional Mortgage Corp.*, 20 F.3d 1362 (5th Cir. 2000) .... 2, 3

*Louisiana Pac. Corp. v. ASARCO, Inc.*, 5 F.3d 431 (9th Cir. 1993) ............. 3

*Oreck Corp. v. Nat'l Super Svc. Co.*, 39 USPQ2d 1702 (E.D. La. 1996) ......... 6


Rules and Statutes

Fed. R. Civ. P. 15 ............................................................. 2


Other Authorities

3 *Moore's Federal Practice*, §15.19[3][b] (Matthew Bender 3d Ed.). ........... 3

I.  **Introduction**

The present jurisdictional dispute was created by plaintiff, Light Sources, Inc. ("LSI"), when it interceded in a straightforward trademark infringement dispute between Cosmedico Light, Inc. ("Cosmedico") and Cosmedico's marketplace competitor, Tan Systems, Inc. ("Tan Systems"). Cosmedico had attempted to engage Tan Systems in a dialogue intended to resolve a conflict between them involving Tan Systems' marketing of suntanning lamps using marks deceptively similar to Cosmedico's VHR and VLR trademarks. That dialogue ultimately led to a direct threat by Cosmedico to sue Tan Systems in the District of Massachusetts, a threat substantiated by the service of a courtesy copy of a draft complaint naming Tan Systems as the sole defendant in that action.

But a funny thing happened on the way to that forum. Before the expiration of the ten day grace period extended by Cosmedico when it sent the draft complaint, a declaratory judgment action was filed in this Court, not by Tan Systems, but by LSI. Because the final correspondence from Cosmedico, and the draft complaint sent with it, unmistakably conveyed Cosmedico's intent to sue only Tan Systems, LSI could not, at the time it filed its original declaratory judgment complaint in this Court, have had a reasonable apprehension of imminent litigation. Thus, the Court lacked subject matter jurisdiction of this case and it was, in essence, a nullity.

Cosmedico filed suit against Tan Systems promptly thereafter in the District of Massachusetts. The Massachusetts action was the first *properly filed* action among the present parties. Nevertheless, following this Court's scheduling conference on August 29, 2003, Tan Systems attempted to cure the fatal jurisdictional defect in this case by joining in the litigation and adding additional claims against Cosmedico. Tan Systems' late entry into this case amounts to no more than locking the barn door after the horse has run off, as its claims do not relate back to the date of the original complaint, as mistakenly urged by LSI.

1

## II. The Added Counts of the New Complaint Do Not Relate Back to the Date of the Fatally Defective Original Complaint

Plaintiffs' opposition to the present motion incorrectly argues (at pp. 26-37) that all of the claims of the second amended complaint are effective as of the date of the original complaint by operation of Fed. R. Civ. P. 15, which governs amendments to pleadings, including the addition of parties, and the possible relation back of such amendments. Relation back is a principle intended to address issues involving the running of an applicable statute of limitations, usually as a result of an honest mistake in pleading, and was not intended to apply to venue disputes such as this. While the language of Rule 15 is directed to the addition of defendants, it has been extended by analogy to addition of plaintiffs, as occurred in this case. *See, e.g., In re Integrated Resources Real Estate Ltd. Partnership Sec. Litig.*, 815 F. Supp. 620, 642 (S.D.N.Y. 1993). However, it is implicit in the rule that for a party's amended pleading to relate back, *that party* must have had an original pleading on file. *See, e.g., Kansa Rein v. Congressional Mortgage Corp.*, 20 F.3d 1362, 1367-68 (5th Cir. 2000)(newly-added party's cross-claim was original pleading against co-party and did not relate back). Indeed, in the *Kansa Rein* case, leave to amend was denied altogether because the new party had no original pleading to amend. *Id.* at 1366.

Tan Systems joined belatedly in the Connecticut action, not because of any honest mistake in pleading, but rather as the result of a deliberate, failed tactical decision. Both LSI and Tan Systems are represented by the same counsel, Mr. Fattibene, in this litigation. From the outset of the underlying trademark dispute, Mr. Fattibene has played puppeteer with the parties, using LSI and Tan Systems as his marionettes. In the face of Cosmedico's repeated cease-and-desist demands addressed solely and unequivocally to Tan Systems and not to LSI, Mr. Fattibene has treated the two entities either separately or as a single party to suit his purpose. For example, in responding to Cosmedico's

2

later cease-and-desist letters, Mr. Fattibene frequently referred to "my client" (singular) without expressly stating to which of his two clients he was referring.

The confusion engendered by Mr. Fattibene's manipulation of the parties is not a matter of simple mistake, but rather the result of his tactical ploy intended to facilitate an attack on Cosmedico's trademark rights by LSI, which faces only *de minimis* exposure for trademark infringement, without placing the real party in interest, Tan Systems, at direct risk of liability exposure. Ignoring the plain fact that the final cease-and-desist letter from Cosmedico included a draft complaint to be filed in this Court *naming only Tan Systems as a defendant*, Mr. Fattibene elected to file a declaratory judgment suit based on this threat in the Connecticut court, *naming only LSI as a plaintiff*. When a plaintiff selects the parties in suit for tactical reasons, and not due to mistake, relation back is properly denied. *See, e.g., Louisiana Pac. Corp. v. ASARCO, Inc.*, 5 F.3d 431, 434 (9th Cir. 1993). For the purpose of determining subject matter jurisdiction in this Court, Mr. Fattibene is stuck with the puppet he deliberately chose first.

Moreover, the relation back of amendments adding claims is allowed much more freely than the relation back of amendments adding parties. 3 *Moore's Federal Practice*, §15.19[3][b] at pp. 15-84, 15-85 (Matthew Bender 3d Ed.). In all instances, relation back depends on whether the defendant had fair notice of the claims to be added. Here, Cosmedico, did *not* have fair notice of Tan Systems' claims as a newly-added plaintiff in this action.[1] On the contrary, Mr. Fattibene's preparation, filing and service of a complaint naming only LSI rightly put Cosmedico on notice that Tan Systems did *not* intend to join in this action. Tan Systems' failure to provide the required notice precludes relation back of the second amended complaint. *Kansa Rein.*, 20 F.3d at 1366.

---

[1] Many of the arguments advanced on behalf of Tan Systems in the Massachusetts action, and on behalf of LSI here, allege an "identity of interest" between those parties. However, for the purpose of relation back, an identity of interest usually requires substantial shared structural and corporate identity. 3 *Moore's Federal Practice*, §15.19[3][d] at p. 15-89; *Integrated Resources*, 815 F. Supp. at 646. No such identity exists here.

3

Because LSI's original complaint in this action was fatally defective for lack of subject matter jurisdiction, the "first-filed" suit naming the real parties in interest has always been, and remains, the Massachusetts action. The addition here of Tan Systems and its additional claims against Cosmedico does not cure the fatal defect in subject matter jurisdiction in LSI's original complaint. Accordingly, this action should be dismissed in favor of the "first-filed" action in Massachusetts.[2]

### III. The Added Counts of the New Complaint Are Irrelevant to the Jurisdictional Issue Before the Court

Plaintiffs' opposition (at p. 29) makes much of the fact that, with the most recent amendment, the complaint in this case now includes six separate counts, four of which would have an independent original jurisdictional basis, *had they been filed properly*. What plaintiffs' argument reveals is the negative public policy implications that would result from permitting LSI's tactical gamesmanship to succeed. Indeed, LSI's "straw man" complaint in this action subverts rather than fosters the policy underlying the Declaratory Judgment Act, to promote the prompt and efficient resolution of actual disputes.

The original complaint in this action was filed hastily and prematurely by LSI, a party without a ripe claim upon which to stake federal subject matter jurisdiction. That complaint deliberately omitted Tan Systems, the party truly at risk of exposure for its infringement of Cosmedico's trademarks. Tan Systems could have joined in the original action, but did not. Tan Systems could have asserted the claims it now raises in the latest amended complaint, but did not. The actions of both plaintiffs not only failed to provide notice to Cosmedico of Tan Systems' intent to seek a

---

[2] The Massachusetts action has been administratively closed, pending this Court's determination of this jurisdictional issue. As noted in the motion papers before that court, and in Cosmedico's principal brief here, the issue before Judge Young in Massachusetts (a venue transfer request under 28 U.S.C. §1404) is discretionary, while determination of the fundamental jurisdictional issue here is mandatory. Accordingly, it would have been pre-emptive of the Massachusetts court to rule on the transfer request prior to the jurisdictional determination here.

4

judicial determination of its claims, but in fact suggested that Tan Systems did *not* seek to present those claims in this forum.

Yet, having purposely avoided joining in the original action, Tan Systems now suggest to this Court that LSI's "straw man" complaint should somehow provide the basis to trump the Massachusetts action as the first-filed action between the real parties in interest. LSI's claim of privity with Tan Systems is based solely on the alleged indemnification agreement between them, an insufficient identity of interest for relation back of the subsequent amendment to the complaint. *Integrated Resources*, 815 F. Supp. at 646. Tan Systems' entry into this litigation is too late to resuscitate the moribund claims of LSI's defective original complaint.

Allowing these plaintiffs' gamesmanship to succeed would only encourage jurisdictional fencing, the practice of staking out a jurisdictional claim in a preferred forum for an action not yet ripe for judicial intervention. Plaintiffs' puppetry does this scheme one step better by excluding the real party in interest from the "straw man" proceeding altogether.

IV.  **The Business Relationship Between Tan Systems and LSI Is Insufficient to Support Subject Matter Jurisdiction Here**

Plaintiffs' allusion (at p. 21 of their opposition) to the so-called "customer cases" in patent and trademark law, is inapposite. Those cases properly hold that it is preferable to resolve an intellectual property dispute in an action involving the party that is the *source* of the accused products. Here, the *source* of the lamps bearing the infringing marks is Tan Systems, not LSI. The lamps in question are manufactured by LSI exclusively for Tan Systems, and it is Tan Systems which is responsible for the selection of the markings used on the lamps. Presumably, LSI could and would supply the lamps with any legally permitted markings Tan Systems desired.

5

The principal case cited by plaintiffs to support this argument, *Oreck Corp. v. Nat'l Super Svc. Co.*, 39 USPQ2d 1702 (E.D. La. 1996) is readily distinguishable. There, a supplier of vacuum cleaners bearing infringing markings was found to be entitled to maintain a declaratory judgment action against the trademark owner based on threats made against a distributor of the accused products. However, in that case, the accused infringers were clearly using the infringing marks in a trademark sense, such that a successful action by the trademark owner against the distributor would have directly impacted the supplier's sales of the goods. Here, in contrast, Cosmedico has made no objection to the sales of the lamps themselves, apart from their infringing markings. LSI and Tan Systems have carefully crafted their complaints in this action to disavow any trademark significance in the accused markings. If Cosmedico prevails against Tan Systems, LSI will remain free to make and sell the very same lamps with any non-infringing markings Tan Systems may select. Because Tan Systems and LSI aver that the infringing markings are not intended as trademarks, there is no reason to believe that Tan Systems' (and thus LSI's) sales of those lamps are dependent in any way on any goodwill embodied in the markings. Cosemedico's threats of litigation against Tan Systems, therefore, did not raise any adversarial conflict between Cosmedico and LSI.

Because the dispute between Cosmedico and Tan Systems does not directly impact LSI (other than as a result of the purported indemnification agreement), there is no logical basis to extend declaratory judgment jurisdiction to LSI based only on the collateral threat to Tan Systems. If the threshold for jurisdiction were to be set so low as to require only a business relationship between a declaratory judgment plaintiff and a threatened party, actions could be filed by any number of entities claiming such a relationship. Should standing to sue in this case be extended to include Tan Systems' advertising agency? LSI's glass supplier? The shippers who transport the accused lamps? All of these entities could claim a theoretical impact from Cosmedico's threatened enforcement of its

6

trademarks against Tan Systems, but it would be absurd to permit them to maintain actions, in their own names, to protect such tangential interests.

## V. **Conclusion**

The latest amendment to the pleadings in this case cannot supply the federal subject matter jurisdiction lacking in the original complaint. LSI had no grounds to seek a declaratory judgment here because it had not been directly threatened with litigation by Cosmedico. Tan Systems could have joined in this litigation at the outset, or at any time prior to Cosmedico's filing of the Massachusetts action, but chose not to do so. That case now stands as the first properly filed action between the real parties in interest.

For the reasons set forth above, and in the briefs previously submitted to the Court, Cosmedico respectfully requests that this action be dismissed.

Dated: October 22, 2003

Respectfully submitted,
Cosmedico Light, Inc.,
By their Attorney,

JAMES W. OLIVER
Federal Bar No.: ct02510
Berman and Sable
100 Pearl Street, 10th Floor
Hartford, CT 06103
Tel: (860) 527-9699
Fax: (860) 527-9077

7

DALE A. MALONE
Federal Bar No.: ct25020
Banner & Witcoff, Ltd.
28 State Street
Boston, Massachusetts 02109
Tel:   (617) 720-9600
Fax:   (617) 720-9601

8

## CERTIFICATION OF SERVICE

This is to certify that a copy of this REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS COMPLAINT was mailed, via U.S. mail, first class, postage prepaid, on this 22nd day of October, 2003, to all counsel of record as follows:

Arthur T. Fattibene, Esq.
Paul A. Fattibene, Esq.
2480 Post Road
Southport, CT 06490

_____
Dale A. Malone