UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LIGHT SOURCES, INC. and
TAN SYSTEMS, INC.,
                    Plaintiffs

                 v.

                              Civil Action
                              No. 303 CV 874 (MRK)

                              **JURY TRIAL REQUESTED**

COSMEDICO LIGHT, INC.,
                    Defendant

## SECOND AMENDED COMPLAINT

Plaintiff, LIGHT SOURCES, INC., and Plaintiff, TAN

SYSTEMS, INC., by their undersigned counsel, complaining of

Defendant, COSMEDICO LIGHT, INC., to the best of

Plaintiffs' knowledge and belief, allege as follows:

**Parties:**

1.  Plaintiff, Light Sources, Inc. (Light Sources), is

a corporation duly organized under the Laws of the State of

Connecticut with its principal place of business located at

37 Robinson Boulevard in Orange, Connecticut 06477.

2.  Plaintiff, Tan Systems, Inc. (Tan Systems), is a

corporation organized under the laws of the State of

Georgia with its principal place of business located at

1920 Highway 42 South in McDonough, Georgia.

1

3.  Defendant, Cosmedico Light, Inc. (Cosmedico), is a corporation organized under the Laws of the State of Delaware and having its principal place of business located at 233 Libbey Parkway, Unit 2, Weymouth, Massachusetts 02189.


**Jurisdiction and Venue:**

4.  Jurisdiction is predicated on the Declaratory Judgment Act 28 USC sec. 2201 and 2202, and Title 15 USC sec. 1121 of the U.S. Trademark Laws, as a result of actual threats made by Defendant to both Plaintiffs, Light Sources and Tan Systems, for alleged trademark infringement of Defendant's U.S. Registered Trademark No. 2,124,659 for the mark VHR under Title 15 USC 1114 et seq., and additional threats of infringement relating to Defendant's alleged common law trademark for a composite word and design mark, i.e. Cosmolux VLR with design, and alleged VLR mark actionable under 15 USC 1125(a), together with other related threats. An actual and justicable case and controversy exists between the Plaintiffs and Defendant concerning non-infringement, invalidity and/or unenforceability of Defendant's registered U.S. Trademark No. 2,124,656 and other issues relating to Defendant's direct and expressed threats of trademark infringement with

2

respect to Defendant's alleged composite mark for COSMOLUX

VLR and design and/or alleged VLR mark per se.

5.  This Court has jurisdiction over the subject

matter of this action pursuant to Title 28 USC 1331, 1337,

and 1338 and the Trademark Laws of the United States Title

15 USC 1051 et seq.  This Court has supplemental

jurisdiction under Title 28 USC 1367(a) with respect to any

alleged related State claims.

6.  This Court has personal jurisdiction over

Defendant under the State of Connecticut's long arm statute

C.G.S. 33-411(c)(2), as the acts complained of herein have

been and are being committed within this Judicial District

and arises out of the Defendant's business which Defendant

transacts or has transacted within this Judicial District

and/or by regularly soliciting such business within this

Judicial District.

7.  Venue is proper in this District pursuant to Title

28 USC 1391(b) and (c).


**Background Facts:**

8.  Light Sources is in the business of developing,

manufacturing and selling various types of ultraviolet and

fluorescent lamps, including fluorescent sun tanning lamps.


3

9.  Light Sources has developed a particular line of a specialized fluorescent tanning lamp which Light Sources manufactures exclusively as an OEM (original equipment manufacturer) product for Tan Systems for use as a tanning lamp, which Tan Systems both distributes and incorporates in sun tanning beds manufactured and sold by Tan Systems.

10.  Tan Systems is Light Sources' exclusive distributor of the specialized lamps referred to in paragraph 9.

11.  Tan Systems has adopted "Turbo0Power" as a trademark in marketing the sun tanning lamps supplied by Light Sources and used in the sun tanning equipment Tan Systems makes and/or sells.  The mark "Turbo0Power" is a registered U.S. Trademark owned by Tan Systems.

12.  On the specialized tanning lamps which Light Sources makes and OEM's exclusively to Tan Systems, Light Sources imprints directly on said lamp the appropriate Model No., e.g. (FR71T12 - TLR 100) or (FR71T12 - THR 160).

13.  The TLR 100 portion of the model number as used on the lamps Light Sources OEM's to Tan Systems is an identifying code to identify and describe a Turbo0Power low output (100 watts) Reflector lamp which Light Sources sells exclusively to Tan Systems.  The THR 160 portion the identifying code identifies a Turbo0Power High output (160

4

watts) Reflector lamp which Light Sources exclusively markets to Tan Systems.  The FR71T12 portion of the model number or code means a fluorescent reflector lamp having a length of 71 inches and a tube diameter of 1½ inches wherein the tube diameter is determined by the number of 1/8 inch increments, e.g. 12x1/8 = 1½ inches.

14.  Use of such model or code numbers is a common and well known practice or standard within the industry for identifying, type of lamp, tube length, tube diameter, wattage output, (high or low) and having a reflector.

15.  Defendant is in the business of only marketing and selling fluorescent lamps used for indoor tanning; and which Defendant markets under the house brand or trademark COSMEDICO and/or COSMOLUX.  Defendant does not manufacture the tanning lamps which it markets.

16.  Defendant asserts it is also the owner of the trademarks VHR, VLR, and COSMOLUX VLR, which Defendant has asserted and has threatened Light Sources and Tan Systems, singly and/or jointly, with infringement of said marks.

17.  The VHR mark is currently a federally registered trademark No. 2,124,659 granted on December 30, 1997 for Ultraviolet Fluorescent Lighting Tubes for Sunning and Tanning Purposes, classified in International Class 011, a copy of which is attached as Exhibit A.

5

18. Defendant's VLR and COSMOLUX VLR marks, allegedly applied to fluorescent tanning lamps, are not federally registered.

19. Between February 10, 2003 and May 7, 2003, Defendant sent to Plaintiffs four (4) threatening cease and desist letters expressly asserting that both Plaintiffs are infringing Defendant's allegedly registered VHR and VLR and COSMOLUX VLR trademarks.

20. Defendant's registered VHR mark is an acronym that describes Defendant's Cosmedico brand very high output (160 watts) reflector sun tanning lamps.

21. Defendant asserts that it is the owner of an asserted registered VLR mark and the composite "COSMOLUX VLR" mark with an associated cat design wherein the VLR designation describes Defendant's COSMOLUX brand very low output (100 watts) reflector tanning lamps which Defendant markets. A copy of Defendant's alleged trademark COSMOLUX VLR is attached as Exhibit B.

22. Defendant has never used the letters VLR per se as a trademark to indicate origin of its lamp.

23. Defendant, on at least two separate and independent occasions, has sought to register said COSMOLUX VLR common law mark in the United States Patent & Trademark Office without success.

6

24.  Defendant does not have any exclusive rights in and to the letters or mark VLR, as the mark VLR has been registered to Envirex, Inc., an unrelated third party, under U.S. Trademark Registration No. 1,356,589 in International Class 011, the same International Class in which Defendant had sought to register its COSMOLUX VLR mark without success.

25.  Defendant does not object to Plaintiffs' use of a TVR mark to describe Plaintiffs' 200 Watt Turbo0Power Very High Output Reflector tanning lamps, which Plaintiffs sell.

## COUNT I

26.  This is a declaratory judgment action to declare that Defendant's federally registered mark VHR is not being infringed by Plaintiffs, and that Defendant's federal registered mark VHR is invalid and/or unenforceable.

27.  Plaintiffs repeat and incorporate herein with the same force and effect the allegations of Paragraphs 1 to 25 inclusive.

28.  Plaintiffs' use of the markings THR and TLR on the sun tanning lamps which Light Sources OEM's to Tan Systems do not infringe and/or are not likely to be confused with Defendant's sun tanning lamps bearing Defendant's VHR mark.

7

29.  Plaintiffs' use of the marks THR and TLR, when considered in their entirety, are totally dissimilar in appearance, sound, and connotation when compared to Defendant's asserted VHR mark or VLR mark.

30.  Plaintiffs' mark THR is used as part of a model designation or number to describe those lamps which Light Sources OEM's to Tan Systems and which Tan Systems, in turn, markets said lamps to the consuming public under its Turbo0Power brand or house name.

31.  Defendant's use of the VHR mark is a descriptive acronym that describes the physical characteristics of Defendant's tanning amp, viz. a Very High Output Reflector lamp and, as such, lacks any trademark significance.

32.  Defendant's use of the VLR mark is descriptive of Defendant's Very Low Output Reflector Lamp.

33.  Plaintiffs, at all times, identify the lamps bearing the THR and TLR model designations with a legend imprinted directly on each lamp expressly stating that the lamps are manufactured by Light Sources and distributed exclusively by Tan Systems.

34.  Defendant's VHR mark lacks any trademark significance, as Defendant's said VHR letters are merely a short hand descriptive term or acronym that describes the

8

physical characteristics of Defendant's tanning lamps, and not as a trademark for indicating source of origin.

35. An actual case and controversy exists as to infringement, validity and/or enforceability of Defendant's VHR registered mark.

36. Plaintiffs are being damaged by the continued registration of Defendant's federally registered mark VHR, as Plaintiffs have a legal and unfettered right to market tanning lamps that bear the model designation THR to describe Plaintiffs Turbo0Power high output reflector tanning lamps, and which is so understood by the purchasers in the relevant market.

37. Plaintiffs are also likely to be damaged and are being damaged by the continued registration of Defendant's registered VHR trademark (Exhibit A), as the lack of distinctiveness of said registered VHR mark (Exhibit A) impacts on Plaintiffs' rights to properly designate the descriptive characteristics of the tanning lamp Plaintiffs sell, which constitutes critical information to the purchasers in the relevant consuming market.

WHEREFORE, Plaintiffs request that the Court declares:

(a) That Plaintiffs' use of the letters THR and TLR as a model designation to describe the physical characteristics and type of tanning lamp to the relevant

9

market, does not infringe Defendant's asserted registered VHR trademark (Exhibit A).

(b)   That Defendant's registered mark VHR is invalid and unenforceable as lacking the necessary distinctiveness required by the U.S. Trademark Laws, Title 15 USC 1052.

(c)   That Defendant's registered mark VHR is invalid and/or unenforceable as Defendant has not used said mark per se to indicate origin of source.

(d)   That this is an exceptional case and that Plaintiffs be awarded their reasonable attorney fees.

(e)   That this Court award punitive and exemplary damages against Defendant and in favor of Plaintiffs.

(f)   That the Court grant such other further relief as it shall deem just in law or equity.


## COUNT II

38.   This is an action for cancellation of Defendant's Federal Trademark Registration No. 2,124,659 (Exhibit A) pursuant to the U.S. Trademark Law, viz. Title 15 sec. 1119.

39.   Plaintiff repeats and incorporates by reference the allegations of Paragraphs 1 to 25.

10

40.  Defendant's federally registered trademark No. 2,124,659 for the mark VHR is merely descriptive in that the mark VHR is being used to describe the physical characteristics of Defendant's lamps, i.e. a very high output, reflector lamp.

41.  VHR is a descriptive acronym which the relevant market understands is being used by Defendant to describe the physical characteristics of Defendant's lamps.

42.  Defendant's registered mark VHR lacks the necessary distinctiveness to indicate source of origin.

43.  Defendant has not used the mark VHR per se to indicate origin of source.  Defendant has always used the mark VHR in combination with COSMOLUX as part of a composite mark, viz. COSMOLUX VHR to indicate source of origin.

44.  Plaintiffs repeat and incorporate herein the allegations of Paragraphs 36 and 37 herein.

WHEREFORE, Plaintiffs pray that:

(a)  This Court exercise its power under Title 15 USC 1119 to order the Commissioner of Patents and Trademarks to cancel Defendant's Trademark Registration 2,124,659 (Exhibit A).

(b)  That Plaintiffs be awarded their costs.

11

(c)   That Plaintiffs be awarded their damages and reasonable attorney fess.

(d)   That Plaintiffs be awarded such other and further relief as shall be deemed just in law or equity.


**COUNT III**

45.   This is a Declaratory Judgment action to declare that Defendant has not acquired any exclusive rights in and to the mark VLR per se, and/or Defendant's COSMOLUX VLR common law composite mark, and that Plaintiffs' use of the marking TLR as a lamp model designation does not infringe Defendant's alleged VLR or COSMOLUX VLR marks.

46.   Plaintiffs repeat and incorporate herein with the same force and effect the allegations of Paragraphs 1 to 25.

47.   The alleged mark VLR is being used by Defendant as a shorthand designation to describe the physical features of Defendant's tanning lamp as having a low output and a reflector, and not as a trademark to indicate origin of source.

48.   Defendant has never used the mark VLR per se as a trademark to indicate origin of source.

12

49.  Defendant at all times uses the mark VLR in combination with Defendant's house mark COSMOLUX and design as illustrated in attached Exhibit B.

50.  Defendant's mark VLR per se lacks any trademark distinctiveness at common law when applied to tanning lamps having a low output and a reflector.

51.  Plaintiffs are likely to be damaged and are being damaged by Defendant's alleged claim of ownership of any exclusive rights in the mark VLR which lacks any distinctiveness when applied to tanning lamps characterized by having a very low output and a reflector that is so understood by the purchasers in the relevant market in which Defendant's lamps are sold, and by Defendant seeking to lay claim to the mark VLR which it has never used as a trademark.

52.  Plaintiffs are also being damaged by Defendant's assertion that Plaintiffs' use of the letters TLR are likely to be confused with Defendant's alleged composite house mark COSMOLUX VLR with cat design.

WHEREFORE, Plaintiffs request:

(a)  That the Court declares Defendant does not have any common law trademark rights in and to the mark VLR per se.

13

(b)   That the Court declares that Defendant's use of the mark VLR per se lacks any trademark distinctiveness when applied to tanning lamps having a low output and a reflector.

(c)   That the Court declare that Defendant's VLR mark per se has not been used to indicate origin of source.

(d)   That Plaintiffs' use of the mark TLR does not infringe either the asserted VLR and/or COSMOLUX VLR composite common law marks.

(e)   That Plaintiffs be awarded their damages, costs and reasonable attorney fees, and

(d)   That the Court award Plaintiffs such other and further relief that may be just in law and equity.


**COUNT IV**

53.   This Count is for unfair competition in violation of Title 15 USC sec. 1125 of the U.S. Trademark Laws.

54.   Plaintiffs repeat and incorporate herein with the same force and effect the allegations of Paragraphs 1 to 25.

55.   Defendant made false and/or intentionally misleading representations of fact in their commercial activities and in asserting Defendant's alleged infringement claims against Plaintiff by asserting that

14

Defendant's VLR mark is a U.S. registered mark, whereas in fact Defendant does not have any federal U.S. registration for the mark VLR.

56.  Defendant has falsely indicated in its commercial activities that the mark VLR was a registered U.S. trademark by using the ® designation annexed thereto to indicate Defendant's VLR mark was registered.

57.  Defendant has made and is making false and intentional misrepresentations of fact in their commercial activity and in threatening Light Sources and its exclusive distributor, Tan Systems, with infringement of Defendant's federally registered trademark COSMOLUX VLR, when in fact said alleged trademark, COSMOLUX VLR, is not a U.S. registered trademark.

58.  Defendant's unscrupulous, false and misleading representation in its business activities constitutes unfair competition, as such activities are intended to damage Plaintiffs, their business relationship, and causing Plaintiffs to defend needless, frivolous claims of trademark infringement.

WHEREFORE, Plaintiffs request:

(a)  That Defendant be temporarily and permanently enjoined of the unfair competition herein alleged.

15

(b)   That Plaintiffs be awarded its damages, including their costs, expenses and attorneys fees.

(c)   That the Court award Plaintiffs punitive and exemplary damages.

(d)   That the Court grant such other further relief as is just in law and equity.


**COUNT V**

59.   This Count is directed to Defendant's inequitable conduct in procuring U.S. Registration No. 2,124,659 for the mark VHR pursuant to Title 15, sec. 1120 of the Trademark Laws.

60.   Plaintiffs repeat and incorporate herein with the same force and effect the allegations of Paragraphs 1 to 25.

61.   On or about June 5, 1995, Defendant filed a trademark application which was assigned Serial No. 74/677,694 to register the mark VHR for Ultra Violet Fluorescent Lighting Tubes for Sunning and Tanning Purposes on the Principal Register.

62.   On or about November 22, 1995, the Examining Attorney rendered an action in the prosecution of said trademark application, in which the Examining Attorney

16

inquired whether the mark "VHR" had any significance in the relevant trade or industry or as applied to the goods.

63.  In response to the Examining Attorney's inquiry, Defendant responded that "To the best of applicant's knowledge, the expression "VHR" has no relevance in the trade or industry, but is a derived expression made up by the applicant herein."

64.  Contrary to Defendant's deliberate and deceptive representation made to the Examining Attorney, the letters VHR do have significance in the relevant trade and as applied to the goods, viz. ultraviolet fluorescent lamps for sunning and tanning purposes in that VHR is a commonly used acronym that described the physical characteristics of such lamp as having a very high reflector output, which renders the mark VHR descriptive of the goods under 15 USC 1052(e)(1).

65.  But for the deceptive and misleading representation Defendant made to the Examining Attorney, the mark VHR should not have been registered on the Principal Register, as such VHR mark is rendered descriptive under 15 USC 1052(e)(1).

66.  As a result of such fraudulently obtained trademark Registration No. 2,124,659 for the mark VHR,

17

Plaintiffs are damaged and will continue to be damaged so long as said VHR mark is allowed to remain registered.

WHEREFORE, Plaintiffs request:

(a)   That it be adjudged that Defendant's VHR Trademark Registration 2,124,659 was fraudulently obtained because of inequitable conduct.

(b)   That the Trademark Registration 2,124,659 for the mark VHR be adjudged as unenforceable.

(c)   That this is an exceptional case and that Plaintiffs be awarded their reasonable attorneys fees.

(d)   That the Court award punitive and exemplary damages in favor of Plaintiffs.

(e)   And such other further relief as it shall be deemed just in law or equity.


**COUNT VI**

67.   This Count arises under Connecticut General Statute 42-110(b) and relates to Defendant's unfair competition and unfair and deceptive acts or practices in the conduct of trade or commerce.

68.   Plaintiffs repeat and incorporate herein with the same force and effect the allegations of Paragraphs 1 to 25.

18

69.  Defendant has asserted and is asserting that it has both registered and common law rights in and to the alleged mark VLR, when in fact Defendant knows that the mark VLR has not been registered by Defendant, nor has the Defendant ever used the mark VLR per se to indicate origin of source.

70.  Defendant has asserted that its mark COSMOLUX VLR is a registered U.S. trademark, when in fact Defendant is aware that said mark COSMOLUX VLR is not a registered mark.

71.  The VLR mark is a descriptive acronym that describes the physical characteristics, viz. very low reflector output, of the associated goods, which is an ultra violet fluorescent lamp for sunning and tanning purposes.

72.  Defendant's actions, in unlawfully asserting said trademarks as federally registered marks, is engaging in unfair practices which are intended to deprive the Plaintiffs of their unfettered right to use the letters TLR an THR as a descriptive model designation.

73.  Defendant has embarked upon a systematic and unlawful process with the intended purpose of precluding and obstructing Plaintiffs from using the letters TLR and THR to describe the physical characteristics of Plaintiffs' lamps for its legitimate and bona fide business purposes on the pretext that Defendant has exclusive rights in the

19

marks VLR, COSMOLUX VLR and VHR, and that Plaintiffs' use
of the THR and TLR marks are likely to be confused with
Defendant's descriptive alleged trademarks.

74. Defendant's willful acts have included false and
fraudulent acts, including a claim that the Defendant has
the exclusive right to use the descriptive groups of
letters VHR and VLR as applied to tanning lamps so as to
preclude Plaintiffs' use of THR and TLR, which are totally
dissimilar marks.

75. Defendant has sought to assert trademark rights
in the descriptive groups of letters VHR and VLR with the
malicious express purpose and intent of precluding
Plaintiffs from the use of the letters TLR and THR as
descriptive model designations.

76. By falsely asserting trademark or exclusive
rights in the letters VHR and VLR for the purpose of
obstructing Plaintiff's rights in using the letters THR and
TLR on Plaintiffs' tanning lamps, the Defendant has and is
violating the Connecticut Unfair Trade Practice Act, C.G.S.
§42-110(b), in that the Defendant's actions are immoral,
oppressive, unscrupulous, and cause substantial damage to
the Plaintiffs.

WHEREFORE, Plaintiffs request:

20

(a)    That the Court declare that Defendant, by such acts, has violated the Connecticut Unfair Trade Practice Act, C.G.S. §42-110(b).

(b)    That the Defendant be enjoined from any committing the unlawful acts complained of herein.

(c)    That the Court award to Plaintiffs punitive and exemplary damages and including the Plaintiffs' costs and reasonable attorneys fees.

(d)    That the Court award Plaintiffs damages and such other injunctive or equitable relief deemed proper, and

(e)    Any other relief deemed to be proper in law or equity.

Respectfully submitted,
**Fattibene and Fattibene**


By _____

Arthur T. Fattibene, CT 06916
Paul A. Fattibene, CT 12760
2480 Post Road
Southport, CT 06890
Tel: 203-255-4400
Fax: 203-259-0033

21

Int. Cl.: 11

Prior U.S. Cls.: 13, 21, 23, 31 and 34

## United States Patent and Trademark Office

Reg. No. 2,124,659
Registered Dec. 30, 1997

## TRADEMARK
## PRINCIPAL REGISTER

## VHR

COSMEDICO LIGHT, INC. (ILLINOIS CORPO-
RATION)
1816 JOHNS DRIVE
GLENVIEW, IL 60025

FOR: ULTRA VIOLET FLUORESCENT
LIGHTING TUBES FOR SUNNING AND TAN-
NING PURPOSES, IN CLASS 11 (U.S. CLS. 13,
21, 23, 31 AND 34).

FIRST USE 12-0-1994; IN COMMERCE
12-0-1994.

SER. NO. 74-677,694, FILED 5-19-1995.

ANGELA M. MICHELI, EXAMINING ATTOR-
NEY

EXHIBIT

A



EXHIBIT
B