IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

LIGHT SOURCES, INC. )
and TAN SYSTEMS, INC., )
                ) Civil Action No. 3:03-cv-874 (MJK)
            Plaintiffs, )
                ) Judge Mark J. Kravitz
     v. )
                ) STIPULATED
COSMEDICO LIGHT, INC. ) PROTECTIVE ORDER
                )
           Defendant )

FILED
DEC 11  3 44 PM '03
U.S. DISTRICT COURT
NEW HAVEN, CONN.

## STIPULATED PROTECTIVE ORDER
## AND CONFIDENTIALITY AGREEMENT

1.    This Protective Order shall apply to all discovery, information, documents (including any form of magnetic storage media), testimony, answers, premises, and things, as contemplated by the Federal Rules of Civil Procedure (hereinafter "Information and Materials"), which will be produced or made available during the course of discovery in this case by Plaintiff, Defendant, or any third party (hereinafter "party" or "parties") or of any parents, subsidiaries, divisions, branches, and/or affiliates of the parties, and/or of any other parties added or substituted into this case.

2.    Any party to this action, and any non-party from whom discovery is sought in connection with this action, may designate as "HIGHLY CONFIDENTIAL -- ATTORNEY EYES ONLY" or "CONFIDENTIAL" Information and Materials that contain confidential information. The parties shall not designate material as "HIGHLY CONFIDENTIAL-ATTORNEY EYES ONLY" unless it comprises or contains sensitive technical, marketing, financial, sales, pending domestic and foreign patent applications, or other information of such a sensitive nature that a party reasonably fears potential competitive injury resulting from the disclosure of the information to any other party.

3. All Information and Materials exchanged between the parties in this action, whether designated under provisions of this Protective Order and Agreement or not, shall be used solely for the prosecution or defense of the claims in this action and shall not be used for any business, commercial, competitive, personal or other purpose. If any discovery material produced by either party inadvertently includes privileged documents or documents containing privileged information, such inadvertent production will not constitute a waiver of the privilege. Upon being advised by the disclosing party that a particular document or class of documents has been inadvertently produced, and is claimed to be privileged or to contain privileged information, all persons subject to this Protective Order and Agreement shall promptly take reasonable steps to locate and return or destroy all copies of any such document (with the disclosing party bearing the reasonable cost of taking such steps) and any such document shall, in any event, not thereafter be used for any purpose, unless adjudicated not to be privileged. Nothing in this paragraph shall alter any attorney's responsibility under applicable law, rules, and codes or regulations regarding attorney conduct when confronted with inadvertently produced privileged information or documents.

4. "HIGHLY CONFIDENTIAL-ATTORNEY EYES ONLY" and "CONFIDENTIAL" material, as used in this Protective Order and Agreement, shall refer to any so designated Information and Materials and all copies thereof, whether produced by a party or non-party. No designation shall be made unless the designating party or non-party believes in good faith that the designated material is entitled to protection under Rule 26(c)(7) of the Federal Rules of Civil Procedure.

5. All persons receiving "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY EYES ONLY" material shall take all steps reasonably necessary to prevent the disclosure of such material to anyone other than persons identified below.

6.  Material marked or otherwise designated as "CONFIDENTIAL" shall be maintained in confidence by the party to whom such material is produced and shall not be disclosed to any person except:

(a) the Court and its officers;

(b) retained counsel;

(c) employees of counsel;

(d) translators, duplicating services, auxiliary services of a like nature, routinely engaged by counsel;

(e) independent experts, who are not potential fact witnesses in this action, engaged by counsel or the parties to assist in this litigation, provided that any such third party has read this Protective Order and Agreement and has signed an undertaking in the form of Exhibit A attached hereto; and

(f) present officers, in-house counsel or employees of a party to this litigation to the extent necessary in the prosecution of or in defense to claims made in this case, provided that such officers, in-house counsel or employees of a party to this litigation have read this Protective Order and Agreement and have signed an undertaking in the form of Exhibit A attached hereto.

Material marked or otherwise designated as "HIGHLY CONFIDENTIAL-ATTORNEY EYES ONLY" is further restricted in that it shall not be disclosed to any person in category 6(f) above.

7.  The parties hereto agree that if any person not authorized to receive confidential information under the terms of this Protective Order and Agreement is present at any deposition in this action or at a hearing, trial or other court proceeding, that person shall be asked to leave that proceeding for the period of time during which such information is the subject of questioning.

8.  The attorneys of record for a party who wishes to disclose information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY EYES ONLY" to persons other than those identified in Paragraph 6 shall notify the attorneys of record for the other party. The attorneys shall discuss in good faith whether disclosure can be made. If they cannot agree, the party opposing disclosure shall move the Court, within twenty (20) days upon failure of reaching any agreement, for an order of non-disclosure. No disclosure of the information to persons other than those identified in paragraph 6 shall be made pending a ruling by the Court. In the event the opposing party fails to so move within said twenty (20) days, the material for which disclosure is requested shall be reclassified as "CONFIDENTIAL", for material originally designated as "HIGHLY CONFIDENTIAL-ATTORNEY EYES ONLY" and reclassified to non-confidential status, for material originally designated as "CONFIDENTIAL."

9.  In the event the producing party elects to produce original documents or other material for inspection, no markings need be made by the producing party in advance of the inspection. All such documents or other material shall be considered as marked "HIGHLY CONFIDENTIAL-ATTORNEY" EYES ONLY." After selection by the inspecting party of specified documents or material for copying, the producing party shall make the appropriate designation, if any, at the time of production of the copies.

10. Any documents or information supplied by a third party may be designated by such third party or by any party as "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL-ATTORNEY EYES ONLY" under the terms of this Protective Order and Agreement. A party shall designate any documents or information supplied by a third party as "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL-ATTORNEY EYES ONLY" within ten (10) days of that party's receipt of the documents or information. During that period, such information or documents shall remain "CONFIDENTIAL."

11. A party shall not be obligated to challenge the propriety of the designation of information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY EYES ONLY" at the time made, and failure to do so shall not preclude a later challenge thereof. If a party challenges such a designation, it shall send or give notice to the other party and to any third party who designated the information as confidential and shall attempt in good faith to resolve any challenge on an expedited and informal basis. If the challenge cannot be expeditiously and informally resolved, the non-challenging party may apply for an appropriate ruling from the Court, within twenty (20) days after failing to reach an agreement. The party, which designated such information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY EYES ONLY", shall have the burden of proof as to the validity of each such designation. The information at issue shall continue to be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY EYES ONLY" until the Court orders otherwise. If the non-challenging party fails to move the Court within twenty (20) days, the material for which disclosure is requested shall be reclassified as "CONFIDENTIAL", for material designated as "HIGHLY CONFIDENTIAL-ATTORNEY EYES ONLY" and declassified to non-confidential status, for material designated as "CONFIDENTIAL."

12. Information and Materials produced without the designation of "HIGHLY CONFIDENTIAL-ATTORNEY EYES ONLY" or "CONFIDENTIAL" may be so designated subsequent to production or testimony when the producing party failed to make such designation at the time of production or during the testimony through inadvertence or error. If discovery material is designated subsequent to production or testimony, the receiving party shall use its best efforts to promptly collect any copies that have been provided to individuals other than those identified in paragraph 6 of this Protective Order and Agreement. For purposes of this Paragraph, the material will be deemed to be "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY EYES ONLY" as of the date upon which notice of the designation is received. It shall not be a violation of this Protective Order and Agreement to disseminate discovery material that has not been designated as subject to this Protective Order and Agreement as of the time the material is disseminated.

13. No designation shall be effective unless there is placed or affixed on such material a "HIGHLY CONFIDENTIAL-ATTORNEY EYES ONLY" or "CONFIDENTIAL" marking. To the extent that a deposition involves "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY EYES ONLY" material, the Court Reporter shall so mark those portions of such deposition -transcript(s). In addition, after each deposition, a party may designate portions of the transcript CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEY EYES ONLY within twenty (20) days from receipt of the transcript of the depositions.

14. No "HIGHLY CONFIDENTIAL-ATTORNEY EYES ONLY" or "CONFIDENTIAL" material shall be filed in the public record of this action. Any document or thing containing or embodying "HIGHLY CONFIDENTIAL-ATTORNEY EYES ONLY" or "CONFIDENTIAL" material that is to be filed in this proceeding shall be placed in a sealed envelope bearing such designation on its front face. In addition, the envelope shall bear the

caption of the case; the name of the party filing the sealed envelope; a concise, nondisclosing inventory of its contents for docketing purposes; and shall state thereon that it is filed under the terms of this Protective Order and Agreement. The party filing the material designated pursuant to this Protective Order and Agreement shall take all steps required by the Clerk's Office of the U.S. District Court, District of Connecticut, New Haven Courthouse to ensure that such material is filed under seal and maintained as confidential with the Clerk's Office. Notwithstanding the foregoing, the filing of discovery materials designated pursuant to this Protective Order and Agreement on the public record prior to the time that the materials are designated by the producing party shall not be a violation of this Protective Order and Agreement.

15. The restrictions set forth herein shall not apply to information or material that was, is or becomes, public knowledge in a manner other than by violation of this Protective Order and Agreement and/or was lawfully in the possession of the non-designating party prior to the signing of this Protective Order and Agreement.

16. At the conclusion of this case, all material produced pursuant to discovery, and all copies thereof, shall be returned to the producing party or, at the option of the producing party, opposing counsel shall certify in writing that such material has been destroyed, except that Counsel of record may retain one set of all papers filed with the court, including confidential discovery material.

17. This Protective Order shall remain in full force and effect after the termination of this litigation, or until cancelled or otherwise modified by Order of the Court, or by written, agreement of the parties.

18. Jurisdiction of this action is to be retained by the U.S. District Court, District of Connecticut, after final determination, for purposes of enabling any party to this Protective Order and Agreement to apply to the Court for such direction, order or further decree as may be

appropriate for the construction, modification, enforcement or compliance herewith or for the punishment of any violation hereof, or for such additional relief as may become necessary to realize the intentions of the Protective Order.

19. For all purposes herein, "Confidential—For Attorneys Only" shall have the same meaning and effect as "Highly Confidential – Attorney Eyes Only."

20. This Protective Order does not require production of attorney work product materials covered by the attorney-client privilege, which may continue to be withheld from discovery by any party unless the Court orders otherwise.

21. This Protective Order will not prevent either party from applying to the Court for relief from or modification of any of its provisions or for additional protection against disclosures.

SO ORDERED

_____          _____
Date                                  United States District Judge

Dated: ~~November~~ December ___, 2003
New Haven, Connecticut

**APPROVED AS TO FORM:**

LIGHT SOURCES, INC.
and TAN SYSTEMS, INC.                 COSMEDICO LIGHT, INC.

By: _____                 By: _____

Dated: 12/8/03                        Dated: 12/3/03

Arthur T. Fattibene                   Dale A. Malone (ct#25050)
Fattibene & Fattibene                 Banner & Witcoff, Ltd.
2480 Post Road                        28 State Street, 28th Floor
Southport, Connecticut 06890          Boston, Massachusetts 02109
(203) 255-4400                        617-720-9600
(203) 259-0033 (fax)                  617-720-9601 (fax)
                                      dmalone@bannerwitcoff.com

## **EXHIBIT A**

## **AGREEMENT TO COMPLY WITH PROTECTIVE ORDER**

I hereby acknowledge receipt of materials or information alleged to be confidential by

_____. I certify my understanding that such material is provided to me pursuant to the terms and restrictions of the Protective Order entered by the Court on

_____, 2003, in the case of Light Sources, Inc. v. Cosmedico Light, Inc., 3:03 CV 874 (MRK), and that I have been given a copy of and have read said Protective Order. I understand that I am to retain control of any copies of any of the aforesaid documentary material and that, upon completion of my assigned duties, I shall be responsible for the identification and disposition of the designated material, including any copies of documentary material, pursuant to the terms of Paragraph 16 of the Protective Order. I further agree to notify any stenographic or clerical personnel who are required to assist me, of the terms of said Protective Order. I also agree not to disseminate such information, except for purposes of this action and as permitted by said Protective Order or a further order of the Court.

Dated:_____    Signed:_____

## Certificate of Service

I hereby certify that a copy of the **STIPULATED PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT** has been served by first class U.S. mail, postage prepaid, this 8th day of December 2003, on Defendant's counsel of record as follows:

James Oliver
Jose A. Aquiar
Berman and Sable
100 Pearl Street
Hartford, CT 06103


Dale A. Malone
Banner & Witcoff
28 State Street, 28th Floor
Boston, MA 02109-1775


_____
Arthur T. Fattibene, CT 06916
Attorney for Plaintiff