## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LIGHT SOURCES, INC.,<br>and TAN SYSTEMS, INC.,<br>Plaintiffs, | : <br> : <br> : <br> : <br> : | CIVIL ACTION NO.:<br>3:03-CV-874 (MJK) |
| v. | : <br> : | |
| COSMEDICO LIGHT, INC.,<br>Defendant | : <br> : <br> : | |
| COSMEDICO LIGHT, INC.,<br>Counterclaimant | : <br> : <br> : | |
| v. | : <br> : | |
| TAN SYSTEMS, INC.,<br>and LIGHT SOURCES, INC.,<br>Counterdefendants, | : <br> : <br> : <br> : | JANUARY 20, 2004 |



### COSMEDICO'S ANSWER TO SECOND
### AMENDED COMPLAINT AND COUNTERCLAIMS

For its answer to the claims asserted by plaintiffs, Light Sources, Inc. ("LSI") and Tan Systems, Inc. ("Tan Systems"), in their Second Amended Complaint, Cosmedico Light, Inc., ("Cosmedico"), the defendant in this action, hereby responds and pleads as follows:

### ANSWER

1.      Defendant is without knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Second Amended Complaint, and therefore denies those allegations, leaving plaintiffs to their proof thereof.

2.    Cosmedico is without knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Second Amended Complaint, and therefore denies those allegations, leaving plaintiffs to their proof thereof.

3.    Cosmedico admits the allegations of paragraph 3.

4.    Cosmedico admits that plaintiff purport to state a cause of action for declaratory judgment, and that Cosmedico has accused plaintiff LSI of infringing its VHR® and Cosmolux VLR® trademarks.  Defendant denies the remaining allegations of paragraph 4 of the Second Amended Complaint.

5.    Cosmedico admits that the Court has subject matter jurisdiction over the alleged claims asserted in the Second Amended Complaint.

6.    Defendant admits that it is subject to the personal jurisdiction of this Court, but denies the remaining allegations of the paragraph.

7.    Cosmedico admits that venue is proper in this District.

8.    On information and belief, Cosmedico admits the allegations of paragraph 8.

9.    Cosmedico is without knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Second Amended Complaint, and therefore denies those allegations, leaving plaintiffs to their proof thereof.

10.    Cosmedico is without knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Second Amended Complaint, and therefore denies those allegations, leaving plaintiffs to their proof thereof.

2

11.     Cosmedico is without knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Second Amended Complaint, and therefore denies those allegations, leaving plaintiffs to their proof thereof.

12.     On information and belief, Cosmedico admits the allegation of paragraph 12 of the Second Amended Complaint.

13.     Cosmedico is without knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Second Amended Complaint, and therefore denies those allegations, leaving plaintiffs to their proof thereof.

14.     Cosmedico admits that light bulb manufacturers commonly mark their products with information identifying characteristics of those products, but denies the remaining allegations of paragraph 14 of the Second Amended Complaint.

15.     Cosmedico admits that it markets and sells fluorescent lamps under the names COSMEDICO and/or COSMOLUX (in addition to other trademarks owned and used by Defendant). Cosmedico further admits that the bulbs it sells are manufactured for it by a non-party to this action. Defendant denies the remaining allegations of the paragraph.

16.     Cosmedico admits that it is the owner of the trademarks VHR®, VLR™, and COSMOLUX VLR®, and that it has accused Tan Systems of infringement of those marks. Defendant denies the remaining allegations of the paragraph.

17.     Cosmedico admits the allegations of paragraph 17 of the Second Amended Complaint.

18.    Cosmedico admits that its VLR™ trademark is not presently federally registered, but denies the remaining allegations of paragraph 18 of the Second Amended Complaint.

19.    Cosmedico admits that during the referenced time period, defendant sent several letters to Tan Systems and its representative, accusing Tan Systems of infringing Cosmedico's trademarks. Cosmedico denies the remaining allegations of paragraph 19 of the Second Amended Complaint.

20.    Defendant denies the allegations of paragraph 20.

21.    Cosmedico admits that it owns trademark rights in the marks VLR™ and Cosmolux VLR®. Defendant denies the remaining allegations of paragraph 21 of the Second Amended Complaint.

22.    Cosmedico denies the allegation of paragraph 22.

23.    Cosmedico denies the allegations of paragraph 23 of the Second Amended Complaint.

24.    Cosmedico denies the allegations of paragraph 24 of the Second Amended Complaint.

25.    Defendant admits the allegation of paragraph 25 of the Second Amended Complaint.

Count I

26.    Cosmedico admits that plaintiffs purport to state a cause of action for declaratory judgment, but denies the remaining allegations of the paragraph.

4

27.    Cosmedico repeats and incorporates by reference its responses to the allegations of paragraphs 1 to 25 of the Second Amended Complaint.

28.    Defendant denies the allegations of paragraph 28 of the Second Amended Complaint.

29.    Cosmedico denies the allegations of paragraph 29.

30.    Defendant denies the allegations of paragraph 30 of the Second Amended Complaint.

31.    Cosmedico denies the allegations of paragraph 31.

32.    Defendant denies the allegations of paragraph 32 of the Second Amended Complaint.

33.    Cosmedico is without knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 of the Second Amended Complaint, and therefore denies those allegations, leaving plaintiffs to their proof thereof.

34.    Defendant denies each and every allegation of paragraph 34 of the Second Amended Complaint.

35.    Cosmedico admits that a justiciable case exists regarding the infringement of defendant's VHR® registered mark.  Cosmedico denies the remaining allegations of the paragraph.

36.    Cosmedico denies the allegations of paragraph 36 of the Second Amended Complaint.

37.    Defendant denies the allegations of paragraph 37 of the Second Amended Complaint.

Wherefore, Cosmedico requests that the Court enter judgment in favor of the defendant and deny the relief demanded by plaintiffs in Count I of the Second Amended Complaint.

Count II

38.    Defendant admits that plaintiffs purport to state a claim for cancellation of Cosmedico's federal trademark registration number 2,124,659, but denies the remaining allegations of the paragraph.

39.    Cosmedico repeats and incorporates by reference its responses to the allegations of paragraphs 1 to 25 above.

40.    Cosmedico denies each of the allegations of paragraph 40 of the Second Amended Complaint.

41.    Cosmedico admits that the VHR® trademark is associated by customers with defendant's products, but denies the remaining allegations of paragraph 41.

42.    Cosmedico denies the allegations of paragraph 42 of the Second Amended Complaint.

43.    Defendant denies each of the allegations of paragraph 43 of the Second Amended Complaint.

44.    Cosmedico repeats and incorporates herein its responses, above, to the allegations set forth in paragraphs 36 and 37 of the Second Amended Complaint.

Wherefore, Cosmedico requests that the Court enter judgment in favor of defendant denying the relief demanded by plaintiff in Count II of the Second Amended Complaint.

Count III

45.     Defendant admits that plaintiffs purport to state a cause of action for declaratory judgment regarding Cosmedico's rights in its trademarks VLR™ and COSMOLUX VLR®, and plaintiffs' right to use the infringing mark TLR. Cosmedico denies the remaining allegations of paragraph 45 of the Second Amended Complaint.

46.     Cosmedico repeats and incorporates by reference its responses to the allegations of paragraphs 1 to 25 above.

47.     Defendant denies the allegations of paragraph 47 of the Second Amended Complaint.

48.     Cosmedico denies the allegations of paragraph 48.

49.     Defendant denies the allegations of paragraph 49 of the Second Amended Complaint.

50.     Cosmedico denies the allegations of paragraph 50.

51.     Cosmedico denies each and every allegation of paragraph 51 of the Second Amended Complaint.

52.     Defendant denies each of the allegations of paragraph 52.

Wherefore, Cosmedico requests that the Court enter judgment in favor of defendant denying the relief demanded by plaintiff in Count III of the Second Amended Complaint.

Count IV

53.     Defendant admits that plaintiff purport to state a claim for unfair competition, but deny the remaining allegations of paragraph 53 of the Second Amended Complaint.

54.     Cosmedico repeats and incorporates by reference its responses to the allegations of paragraphs 1 to 25 above.

7

55.     Cosmedico denies the allegations of paragraph 55 of the Second Amended Complaint.

56.     Cosmedico admits that a limited number of products and marketing materials were erroneously marked as to the federal registration status of defendant's VLR™ trademark, but denies the remaining allegations of the paragraph.

57.     Cosmedico admits that it has accused Tan Systems of infringing its VLR™ trademark, but denies the remaining allegations of paragraph 57 of the Second Amended Complaint.

58.     Defendant denies each and every allegation of paragraph 58 of the Second Amended Complaint.

Wherefore, Cosmedico requests that the Court enter judgment in favor of defendant denying the relief demanded by plaintiff in Count IV of the Second Amended Complaint.

Count V

59.     Defendant admits that plaintiffs purport to state a cause of action for inequitable conduct by Cosmedico in the procurement of the federal trademark registration for Cosmedico's VHR® trademark, but denies the remaining allegations of paragraph 59.

60.     Cosmedico repeats and incorporates by reference its responses to the allegations of paragraphs 1 to 25 above.

61.     Defendant denies that the filing date of its federal trademark registration application was June 5, 1995, and admits the remaining allegations of paragraph 61.

62.     Cosmedico admits the allegation of paragraph 62 of the Second Amended Complaint.

63. Cosmedico admits the allegation of paragraph 63.

64. Defendant denies the allegations of paragraph 64 of the Second Amended Complaint.

65. Cosmedico denies the allegations of paragraph 65 of the Second Amended Complaint.

66. Defendant denies the allegations of paragraph 66 of the Second Amended Complaint.

Wherefore, Cosmedico requests that the Court enter judgment in favor of defendant denying the relief demanded by plaintiff in Count V of the Second Amended Complaint.

Count VI

67. Defendant admits that plaintiffs purport to state a cause of action under Connecticut General Statute 42-110(b), but denies the remaining allegations of paragraph 67 of the Second Amended Complaint.

68. Cosmedico repeats and incorporates by reference its responses to the allegations of paragraphs 1 to 25 above.

69. Cosmedico admits that it asserts registered trademark rights in the Cosmolux VLR® mark and common law trademark rights in the mark VLR™, but denies the remaining allegations of paragraph 69.

70. Defendant denies the allegations of paragraph 70 of the Second Amended Complaint.

71.    Cosmedico admits that its VLR™ trademark is used in association with ultraviolet fluorescent suntanning lamps, but denies the remaining allegations of paragraph 71.

72.    Defendant denies each and every allegation of paragraph 72 of the Second Amended Complaint.

73.    Cosmedico denies the allegations of paragraph 73 of the Second Amended Complaint.

74.    Defendant denies the allegations of paragraph 74.

75.    Cosmedico denies the allegations of paragraph 75 of the Second Amended Complaint.

76.    Defendant denies each and every allegation of paragraph 76.

Wherefore, Cosmedico requests that the Court enter judgment in favor of defendant denying the relief demanded by plaintiff in Count VI of the Second Amended Complaint.


## AFFIRMATIVE DEFENSES

### First Affirmative Defense: Laches

Plaintiffs' purported claims are barred in equity under the doctrine of laches.


### Second Affirmative Defense:  Res Judicata

Plaintiffs' claims directed to the validity and enforceability of Cosmedico's federally registered trademark VHR® are barred by the entry of the stipulated dismissal with prejudice

10

(filed on October 27, 1997) of the opposition (Opposition No. 104,357) filed by LSI in the United States Patent and Trademark Office.

**Third Affirmative Defense:  Accord and Satisfaction**

Plaintiffs' claims directed to the validity and enforceability of Cosmedico's federally registered trademark VHR® are barred by LSI's signed agreement to dismiss with prejudice the opposition (Opposition No. 104,357) filed by LSI in the United States Patent and Trademark Office.

**Fourth Affirmative Defense:  Waiver and Release**

Plaintiffs' claims directed to the validity and enforceability of Cosmedico's federally registered trademark VHR® are barred by LSI's waiver and release of its putative claims in the opposition (Opposition No. 104,357) filed by LSI in the United States Patent and Trademark Office.

**Fifth Affirmative Defense:  Estoppel**

Plaintiffs' claims are barred by estoppel.

**Sixth Affirmative Defense:  Unclean Hands**

Plaintiffs' claims are barred in equity due to plaintiffs' unclean hands.

11

## COUNTERCLAIMS

For its counterclaims against plaintiffs Tan Systems and LSI, Cosmedico pleads as follows:

## Parties

77.    Defendant, and Counterclaimant, Cosmedico Light, Inc. ("Cosmedico"), is a Delaware corporation having its principal place of business at 233 Libbey Parkway, Unit 2, Weymouth, Massachusetts 02189.

78.    Counterdefendant Tan Systems, Inc. ("Tan Systems") is, on information and belief, a Georgia corporation having a principal place of business at 1920 Highway 42 South, McDonough, Georgia.

79.    Tan Systems is transacting and regularly doing business, and committing acts of trademark infringement, dilution and/or false designation of origin, within this judicial district and elsewhere.

80.    Counterdefendant Light Sources, Inc. ("LSI") is, on information and belief, a Connecticut corporation having a principal place of business in this judicial district at 37 Robinson Boulevard, Orange, Connecticut 06477.

## Jurisdiction and Venue

81.    This action arises under the Trademark Laws of the United States, particularly 15 U.S.C. § 1051 et seq. This Court has subject matter jurisdiction of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 and 1367.

12

82.    Venue is proper in this district pursuant to 28 U.S.C. § 1391.


**Background Facts**

83.    Counterclaimant Cosmedico is in the business of developing, marketing and selling fluorescent sun lamps, power systems, and other related goods and products used for indoor tanning. Cosmedico markets and sells a variety of well-known sunlamps which are utilized in tanning beds to generate ultraviolet light. Cosmedico's product line of advanced indoor tanning technology is marketed and sold under the federally registered trademark COSMEDICO.

84.    Among Cosmedico's product lines is a range of bulbs sold, marketed and distributed by it under the federally registered trademark VHR®. The VHR® trademark is used in connection with Cosmedico's 160 watt fluorescent ultraviolet reflector lamps. Cosmedico is the owner of the VHR® trademark and has used the mark continuously on or in connection with its goods and services in interstate commerce since at least as early as December, 1994. A copy of Cosmedico's federal trademark registration, No. 2,124,659, is attached to the plaintiffs' Second Amended Complaint as Exhibit A.

85.    Another line of suntanning lamps is sold, marketed and distributed by Cosmedico under the federally registered trademark Cosmolux VLR®. Cosmedico is the owner of the Cosmolux VLR® mark and has used the mark continuously on or in connection with its goods and services in interstate commerce since at least as early as July, 1997. Cosmedico uses the Cosmolux VLR® trademark to designate its 100 watt ultraviolet reflector fluorescent lamps.

13

86.    Cosmedico filed its federal trademark registration application (Serial No. 76415356) for the Cosmolux VLR® mark on June 3, 2002.  The allowed application was published for opposition on September 9, 2003.  Neither the plaintiffs nor any other third party filed any opposition to the registration of the mark in the United States Patent and Trademark Office.  On December 2, 2003, the trademark was registered on the Principal Register by the United States Patent and Trademark Office ("USPTO"), and was issued Registration No. 2,788,198.

87.    Cosmedico's rights in the VHR® and Cosmolux VLR® trademarks are valid and subsisting.  These marks have been, and continue to be, used by Cosmedico for the purpose of distinguishing its goods and services from similar or competing goods and services of others.  As a result of Cosmedico's long, continuous and notorious use of the VHR® and Cosmolux VLR® trademarks, members of the trade and the purchasing public have come to know and recognize the VHR® and Cosmolux VLR® trademarks as identifying the goods and services of the Counterclaimant, Cosmedico.

88.    Cosmedico's adoption and use of the VHR® and Cosmolux VLR® trademarks predates the acts of Tan Systems and LSI complained of herein, and Cosmedico has continuously used the marks in the United States on and in connection with its goods and services in both interstate and intrastate commerce since long prior to the adoption and use by Tan Systems and LSI of the infringing marks as described herein.

89.    The goodwill associated with the VHR® and Cosmolux VLR® marks has inured to the benefit of plaintiff, Cosmedico.  Because the VHR® and Cosmolux VLR® marks have

come to represent quality workmanship and top notch product support, the marks have gained great brand loyalty and secondary meaning.

90.    As a result of the care, skill and integrity exercised by Cosmedico in the conduct of its business, as a result of the high quality of products marketed by the plaintiff under the VHR® and Cosmolux VLR® marks, as a result of extensive advertising, sales and public acceptance thereof, and as a result of the dependable quality of goods sold and services rendered by plaintiff to its customers, the VHR® and Cosmolux VLR® marks have acquired an excellent reputation within the trade and public, who have come to associate the marks with the high-quality goods and services of Cosmedico.


**Counterdefendants' Business Activities**

91.    Without Cosmedico's consent, plaintiffs/counterdefendants have used and continue to use marks that are intentionally confusingly similar to plaintiff's VHR® and Cosmolux VLR® marks in interstate and intrastate commerce, and in this district, on or in connection with goods and services LSI and Tan Systems have advertised, marketed, offered for sale and/or sold throughout the United States.  Such goods and services are similar (in type though not in quality) to the goods and services of Cosmedico, which include ultra violet fluorescent lighting tubes employed for the purposes of sunning and tanning, and related goods.

92.    Tan Systems and LSI sell their products in direct competition with Cosmedico, and advertise and otherwise market in the same or similar mediums and/or channels of trade and/or to the same or similar class of prospective customers as Cosmedico.


15

93.     Throughout the United States, and in this district, and in the "2K3" edition of their marketing literature, Tan Systems has advertised, marketed and sold tanning beds using the marks "THR™" and "TLR™".

94.     Counterdefendants' THR™ and TLR™ marks are strikingly similar to Cosmedico's federally registered VHR® and Cosmolux VLR® trademarks, and counterdefendants' infringing marks appear on goods, packaging for goods, and/or materials accompanying goods, advertised, marketed and/or sold by them in interstate and intrastate commerce, including this judicial district.

95.     Cosmedico has provided notice of its trademark rights to Tan Systems and LSI, and has made repeated requests to Tan Systems to "cease and desist" from employing said confusingly similar marks; however, counterdefendants have failed, refused and/or neglected to stop their infringing activities.


### FIRST COUNTERCLAIM FOR
### TRADEMARK INFRINGEMENT UNDER FEDERAL LAW

96.     Cosmedico realleges and incorporates by reference the allegations of paragraphs 77-95, above, as if fully set forth herein.

97.     This count is for trademark infringement under the provisions of the Trademark Laws of the United States, particularly 15 U.S.C. §1114(l) et seq..

98.     The acts of counterdefendants alleged herein were engaged in without Cosmedico's consent, and constitute a use in commerce of a reproduction, counterfeit, copy, or colorable imitation of the federally registered marks of Cosmedico and otherwise protected property in connection with the sale, offering for sale, distribution, or advertising of goods or

16

services of counterdefendants. Such use by counterdefendants has caused and/or is likely to cause confusion, or to cause mistake or to deceive in violation of 15 U.S.C. § 1114(l).

99. Without Cosmedico's consent, and in violation of 15 U.S.C. § 1114(l), counterdefendants have reproduced, counterfeited, copied, and colorably imitated the registered marks of Cosmedico and applied such reproductions, counterfeits, copies, and colorable imitations to labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods or services in connection with which such use is likely to cause confusion, or cause mistake or to deceive.

100. Accordingly, defendant has infringed the trademark rights of plaintiff in violation of the Trademark Laws of the United States, particularly 15 U.S.C. § 1114(l). Counterdefendants' acts as alleged herein have been and are being performed with full knowledge of Cosmedico's exclusive rights in the United States to the federally registered VHR® and Cosmolux VLR® marks, and with knowledge that counterdefendants' imitation of Cosmedico's marks was intended to be used to cause confusion, or to cause mistake or to deceive. Counterdefendants' acts as alleged herein constitute a willful and fraudulent attempt to confuse and deceive the purchasing public for their own profit.

101. Counterdefendants' acts as alleged herein were and are calculated to trade upon the goodwill and reputation of Cosmedico and to confuse and deceive the public into accepting and purchasing counterdefendants' goods and/or services in the mistaken belief that they are Cosmedico's goods and/or services, or that counterdefendants and their goods and/or services are sponsored or approved by, or otherwise connected with Cosmedico.

17

102.    Counterdefendants, by the acts complained of herein, have caused and are causing injury to Cosmedico, to the public and to the market in which the parties do business. Counterdefendants have made, and will make, unlawful gains and profits from their infringement of plaintiff's VHR® and Cosmolux VLR® marks, and as a result of counterdefendants' unlawful infringement, Cosmedico has been and continues to be deprived of its goodwill, rights and profits which otherwise would inure to it. Counterdefendants' infringement is causing Cosmedico irreparable injury.

## SECOND COUNTERCLAIM FOR
## FALSE DESIGNATION OF ORIGIN UNDER FEDERAL LAW

103.    Plaintiff realleges and incorporates by reference all of the allegations of paragraphs 77 to 102, above, as if fully set forth herein.

104.    This count is for false designation of origin under the Trademark Laws of the United States, particularly 15 U.S.C. §1125(a).

105.    Counterdefendants' use of the infringing 'THR™' and 'TLR™' marks, without Cosmedico's consent on or in connection with goods and/or services is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of with plaintiff, or as to the origin, sponsorship, or approval of defendant's goods, services, or commercial activities by plaintiff. Counterdefendants' use of the infringing marks with the designation "™" indicates counterdefendants' intention to use the infringing marks as trademarks, in derogation of Cosmedico's trademark rights, and not as generic descriptors.

106.    By the acts complained of herein, Tan Systems and LSI have violated the Trademark Laws of the United States, particularly 15 U.S.C. § 1125(a).

18

107.    Counterdefendants, by the acts complained of herein, have caused and are causing injury to Cosmedico, to the public and to the market in which the parties do business.

108.    Cosmedico has been irreparably damaged by counterdefendants' acts and does not have an adequate remedy at law for the damage that it has suffered by the unlawful and infringing use of Cosmedico's VHR® and Cosmolux VLR® marks.

### THIRD COUNTERCLAIM FOR
### TRADEMARK DILUTION UNDER FEDERAL LAW

109.    Cosmedico realleges and incorporates by reference the allegations of paragraphs 77-107, above, as if fully set forth herein.

110.    This count is for trademark dilution under the Trademark Laws of the United States, particularly 15 U.S.C. §1125(c).

111.    Cosmedico's VHR® and Cosmolux VLR® marks have, through long and exclusive use, advertising and publicity, become distinctive indicators of its goods and services and have become famous in the industry.

112.    Counterdefendants' commercial use of "THR™" and "TLR™" occurred after the VHR® and Cosmolux VLR® marks became famous.  Counterdefendants' use of the infringing marks has injured Cosmedico's business reputation and has diluted the distinctive quality of its trademarks.

113.    By the acts complained of herein, counterdefendants have violated the Trademark Laws of the United States, particularly 15 U.S.C. § 1125(c).

114.    Such acts by counterdefendants as complained of herein are causing and will continue to cause Cosmedico immediate and irreparable harm for which there is no adequate

19

remedy at law.   Moreover, the acts of counterdefendants complained of herein were committed willfully and with the intent to trade on Cosmedico's reputation and/or to cause dilution of its famous marks.

## FOURTH COUNTERCLAIM FOR
## TRADEMARK INFRINGEMENT UNDER COMMON LAW

115.   Cosmedico realleges and incorporates by reference the allegations of paragraphs 77-114, above, as if fully set forth herein.

116.   This count is an action for trademark infringement under the common law.

117.   Cosmedico's VHR®, VLR™ and Cosmolux VLR® marks have been and are being infringed at common law by counterdefendants' use, in conjunction with the marketing, offering for sale and sale of goods and/or services under the marks "THR™" and "TLR™."

118.   Counterdefendants, by the acts complained of herein, have caused and are causing injury to Cosmedico, to the public and to the market in which the parties do business.

119.   Cosmedico is being irreparably damaged by counterdefendants' acts and has no adequate remedy at law for the damage that it has suffered by counterdefendants' infringement of Cosmedico's marks.

## FIFTH COUNTERCLAIM FOR
## UNFAIR COMPETITION UNDER CONNECTICUT LAW

120.   Plaintiff realleges and incorporates by reference the allegations of paragraphs 77 to 119, above, as if fully set forth herein.

20

121.    This count is for unfair competition and unfair or deceptive acts or practices in the conduct of trade or commerce under the laws of the State of Connecticut, including Connecticut General Statutes, Chapter 42 § 110(b).

122.    On or about November 7, 1996, LSI filed an official opposition (Opposition No. 104,357) in the United States Patent and Trademark Office to the registration application for Cosmedico's VHR® trademark.  On August 11, 1997, LSI's attorney signed a stipulated dismissal of the opposition with prejudice, which was subsequently filed with the Patent and Trademark Office on October 27, 1997.  Based on the filed stipulation, the opposition proceeding was officially dismissed with prejudice on November 17, 1997.  Accordingly, the issues raised in the opposition proceeding, including the registrability of the VHR mark, is res judicata.

123.    LSI has represented to this Court in this action, and to the United States District Court for the District of Massachusetts in the related action, that it is in privity with counterdefendant Tan Systems as to the subject matter of this litigation.  Accordingly, Tan Systems is bound by the res judicata effect of the dismissal of LSI's opposition to the registration of Cosmedico's VHR® trademark.

124.    Despite their full knowledge that they are legally precluded from challenging the validity of Cosmedico's VHR® trademark, the counterdefendants have asserted before this Court multiple claims seeking exactly such relief in an original Complaint, in an Amended Complaint, and in the present Second Amended Complaint.

125.    Such acts of the counterdefendants as complained of herein are causing and will continue to cause plaintiff immediate and irreparable harm, including damage to the

goodwill embodied in Cosmedico's registered VHR® trademark for which there is no adequate remedy at law, and constitute unfair competition and unfair or deceptive acts or practices in the conduct of trade or commerce under the laws of the State of Connecticut, including Connecticut General Statutes, Chapter 42 § 110(b).

## RELIEF REQUESTED

WHEREFORE, plaintiff prays that this Honorable Court:

A. Enter judgment that Tan Systems and LSI have infringed Cosmedico's trademark rights under federal, state and common law;

B. Enter judgment that Tan Systems and LSI have falsely designated the origin or source of their goods and services in violation of federal law;

C. Enter judgment that Tan Systems and LSI have unlawfully diluted the distinctive quality of Cosmedico's marks under federal and state law;

D. Enter judgment against Tan Systems and LSI, holding that the aforesaid unlawful acts were willful and performed with knowledge of Cosmedico's exclusive rights in the United States in its federally-registered VHR® and Cosmolux VLR® marks, and with knowledge that counterdefendants' imitation of Cosmedico's marks was intended to be used to cause confusion, or to cause mistake or to deceive;

E. Enter an order preliminarily and permanently enjoining Tan Systems, LSI, their agents, servants, employees, partners, representatives, attorneys and all persons in active concert or participation with him, from engaging in the aforesaid unlawful acts, and from using the marks THR™ or TLR™ or any other name or mark confusingly

similar to VHR® or Cosmolux VLR®, on or in connection with advertising, marketing, offering for sale and/or sale of its goods and services, or any other goods or services related to tanning equipment, synthetic tanning or tanning bulbs;

F. Enter a mandatory injunction pursuant to 15 U.S.C. § 1118, requiring Tan Systems and LSI, their agents, servants, employees, partners, representatives, attorneys and all persons in active concert or participation with them, to deliver up for destruction all labels, sign, prints, packages, wrappers, receptacles, advertisements, business literature, and the like in the possession of it bearing the infringing marks 'THR™' or 'TLR™,' or any reproduction, counterfeit, copy or colorable imitation thereof, and all plates, molds, matrices, and other means of making the same;

G. Order Tan Systems and LSI to account for all profits that it has realized through the aforesaid unlawful acts;

H. Award to Cosmedico all profits of Tan Systems and LSI which they have realized through the aforesaid unlawful acts, and all damages suffered by Cosmedico by reason of the aforesaid unlawful acts of the counterdefendants;

I. Award to Cosmedico, pursuant to 15 U.S.C. § 1117, (1) counterdefendants' profits, (2) the damages sustained by Cosmedico, and (3) the costs of this action;

J. Award to Cosmedico trebled damages;

K. Award to Cosmedico its attorney's fees and costs incurred in this action, and prejudgment interest pursuant to 15 U.S.C. § 1117;

L. Assess punitive damages against counterdefendants in an amount to be determined by this Honorable Court;

23

M. Assess compensatory damages against plaintiffs/counterdefendants in accordance with the laws of this State, as determined by this Honorable Court; and

N. Grant to Cosmedico such other and further judgment and relief as this Honorable Court shall determine to be fair and just.

## JURY DEMAND

Cosmedico demands a trial by jury on each and every issue of fact so triable.

Respectfully submitted,
Cosmedico Light, Inc.,
by its Attorneys,

Dated: January 19, 2004

*Dale A. Malone / by EWO*

JAMES W. OLIVER
Federal Bar No.: ct02510
Berman and Sable
100 Pearl Street, 10th Floor
Hartford, CT 06103
Tel:    (860) 527-9699
Fax:    (860) 527-9077

DALE A. MALONE
Federal Bar No.: ct25020
Banner & Witcoff, Ltd.
28 State Street
Boston, Massachusetts 02109
Tel:    (617) 720-9600
Fax:    (617) 720-9601

24

## **CERTIFICATION OF SERVICE**

This is to certify that a copy of this Cosmedico's Answer to Second Amended

Complaint and Counterclaims was served by mail, first class postage prepaid, on this 19th day

of January, 2004 to all counsel of record as follows:

Arthur T. Fattibene, Esq.
Paul A. Fattibene, Esq.
2480 Post Road
Southport, CT  06490

_____
Dale A. Malone

25