IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
At New Haven

```
LIGHT SOURCES, INC. and
TAN SYSTEMS, INC.
          Plaintiffs
     v.                              Civil Action No.
                                     303-CV-874(MRK)

COSMEDICO LIGHT, INC.
          Defendant
_____              Jury Demand Requested


COSMEDICO LIGHT, INC.,
     Counter-Plaintiff

     v.                              February 2, 2004

LIGHT SOURCES, INC. and
TAN SYSTEMS, INC.,
     Counter-Defendants
```

**COUNTER-DEFENDANTS, LIGHT SOURCES, INC. AND
TAN SYSTEMS, INC., REPLY TO COUNTER-PLAINTIFF,
COSMEDICO LIGHT, INC.'S ANSWER TO SECOND AMENDED
COMPLAINT AND COUNTERCLAIMS**

For Counter-Defendant, Light Sources, Inc.'s, and Counter-Defendant, Tan Systems, Inc.'s Reply to Counter-Plaintiff, Cosmedico Light, Inc.'s, Answer and Counterclaims to Counter-Defendants Second Amended Complaint, the Counter-Defendants in this action respond as follows:

1

**R E P L Y**

**As to Counter-Plaintiff's Counterclaims**

**Parties:**

77. On information and belief, the allegations of paragraph 77 are admitted.

78. Admitted.

79. Tan Systems, Inc. admits it is transacting and doing business, and denies the remaining allegations of paragraph 79.

80. Admitted.

**Jurisdiction and Venue:**

81. Counter-Defendants admit that Cosmedico is asserting that this action arises under the Trademark Laws of the United States and that the Court has subject matter jurisdiction alleged in paragraph 81.

82. Admitted.

**Background Facts:**

83. Counter-Defendants have insufficient information to either admit or deny the allegations of paragraph 83, and therefore, the allegations are denied.

84. Counter-Defendants admit that a copy of Cosmedico's federal trademark registration No. 2,124,659 is attached to Plaintiffs' Second Amended Complaint as Exhibit A. The remaining allegations of paragraph 84 are denied.

85. Counter-Defendants have insufficient information to either admit or deny the allegations of paragraph 85, and therefore, the allegations are denied.

86. Counter-Defendants have insufficient information to either admit or deny the allegations of paragraph 86, and therefore, the allegations are denied.

87. Counter-Defendants have insufficient information to either admit or deny the allegations of paragraph 87, and therefore, the allegations are denied.

88. Counter-Defendants have insufficient information to either admit or deny the allegations of paragraph 88, and therefore, the allegations are denied.

89. Counter-Defendants have insufficient information to either admit or deny the allegations of paragraph 89, and therefore, the allegations are denied.

90. Counter-Defendants have insufficient information to either admit or deny the allegations of paragraph 90, and therefore, the allegations are denied.

**Counter-Defendants Business Activities**

91. Denied.

92. Counter-Defendant, Light Sources, denies the allegations of paragraph 92. Counter-Defendant, Tan Systems, admits that Cosmedico sells its products in competition with Tan Systems' products. Counter-Defendants

have insufficient information to either admit or deny the remainder allegations of paragraph 92, and therefore, Counter-Defendants deny the same.

93. Counter-Defendants admit that the letters THR and TLR are used as an acronym for Counter-Defendants TURB0POWER high and low output reflector lamps respectively. All other allegations of paragraph 93 are denied.

94. Denied.

95. Light Sources and Tan Systems admit that Cosmedico sent repeated letters to cease and desist from infringing Cosmedico's alleged trademark VHR, COSMOLUX VLR and VLR trademarks, despite the fact that the Counter-Defendants have never used the alleged VHR mark, Cosmedico's compound mark COSMOLUX VLR and/or VLR or any marks confusingly similar therewith.

**As to the First Counterclaim For Trademark Infringement Under Federal Law**

96. Counter-Defendants repeat and incorporate by reference herein the responses asserted to paragraphs 77 to 95 herein.

97. Counter-Defendants admit Cosmedico is attempting to allege that this count is for trademark infringement

under the provisions of the Trademark Laws of the United States, particularly 15 USC 1114(1) et seq.

    98.   Denied.

    99.   Denied.

    100.   Denied.

    101.   Denied.

    102.   Denied.

**As to Second Counterclaim For False Designation Of Origin Under Federal Law**

    103.   Counter-Defendants repeat and incorporate by reference herein their respective responses asserted to paragraphs 72 to 102 respectively.

    104.   Counter-Defendants admit the Counter-Plaintiff is seeking to allege a count for alleged false designation of origin under the Trademark Laws of the United States, particularly 15 USC 1125(a).

    105.   Denied.

    106.   Denied.

    107.   Denied.

    108.   Denied.

**As to Third Counterclaim For Trademark Dilution Under Federal Law**

    109.   Counter-Defendants hereby repeat and incorporate by reference herein their responses as alleged to paragraphs 77 to 107 herein.

110. Counter-Defendants admit that Cosmedico is seeking to allege a count for trademark dilution under the Trademark Laws of the United States, particularly under 15 USC 1125(c).

111. Denied.

112. Denied.

113. Denied.

114. Denied.

**As to the Fourth Counterclaim For Trademark Infringement Under The Common Law**

115. Counter-Defendants repeat and incorporate herein by reference their respective responses made to paragraphs 77 to 114 herein.

116. Counter-Defendants admit Cosmedico is seeking to allege an action sounding in trademark infringement under the common law.

117. Denied.

118. Denied.

119. Denied.

**As to the Fifth Counterclaim For Unfair Competition Under Connecticut Law**

120. Counter-Defendants repeat and incorporate herein by reference their respective responses made to paragraphs 77 to 119 herein.

121. Counter-Defendants admit Cosmedico is seeking to allege a count for unfair competition and unfair or deceptive practices under the Laws of the State of Connecticut, including C.G.S. Chapter 42-110(b).

122. Counter-Defendants admit that Counter-Defendants filed an opposition No. 104,357, and that said opposition was amicably settled. The remainder of the allegations asserted in paragraph 112 are denied.

123. Denied.

124. Denied.

125. Denied

**CONSOLIDATED AFFIRMATIVE DEFENSES TO COUNTER-PLAINTIFF'S FIRST TO FIFTH COUNTERCLAIMS**

**First Affirmative Defense**

Counter-Defendants use of the letters THR and TLR do not infringe any of Counter-Plaintiff's alleged asserted trademarks.

**Second Affirmative Defense**

Counter-Plaintiff's alleged trademarks VHR and VLR and the formative VLR in the COSMOLUX VLR mark are descriptive acronyms for Very High output Reflector lamps and Very Low output Reflector lamps respectively, as said acronyms are commonly understood in the trade.

7

### Third Affirmative Defense

Counter-Defendants have never used the composite mark COSMOLUX VLR, or any mark confusingly similar thereto, and therefore do not infringe said asserted marks.

### Fourth Affirmative Defense

Counter-Plaintiff's Counts are barred by laches.

### Fifth Affirmative Defense

Counter-Plaintiff's Counts are barred by estoppel.

### Sixth Affirmative Defense

Counter-Plaintiff's Counts are barred by acquiescence.

### Seventh Affirmative Defense

Counter-Plaintiff's Counts sounding in unfair competition are barred by the Statute of Limitations.

### Eighth Affirmative Defense

Trademark Registration No. 2,124,659 for the mark VHR was improperly issued by the U.S. Patent and Trademark Office in that the alleged trademark is merely descriptive of the goods and the mark has not become distinctive.

### Ninth Affirmative Defense

Trademark Registration No. 2,788,198 for the composite mark COSMOLUX VLR was improperly issued by the U.S. Patent and Trademark Office in that the alleged trademark includes an unregistrable component that is merely descriptive of

the goods that has not become distinctive and should have been disclaimed.

### Tenth Affirmative Defense

Counter-Plaintiff's Counts are barred in equity due to Counter-Plaintiff's unclean hands.

### Eleventh Affirmative Defense

Counter-Plaintiff's registered mark VHR is rendered unenforceable and/or invalid for inequitable conduct.

### Twelfth Affirmative Defense

Counter-Plaintiff's Counts fail to state a cause of action for which relief may be granted.

### Thirteenth Affirmative Defense

Counter-Plaintiff has not acquired any trademark use of the mark VLR apart from the composite mark COSMOLUX VLR.

### Fourteenth Affirmative Defense

Counter-Defendants at all times prominently indicated the source of the goods by displaying the Counter-Defendants' name on or in association with the goods.

### Fifteenth Affirmative Defense

Counter-Plaintiff's alleged marks, if valid, are exceptionally weak marks which can not encompass Counter-Defendants' use of the letters THR and TLR.

**RELIEF REQUESTED**

WHEREFORE, Counter-Defendants pray that the Court:

(A)  Enter judgment of non-infringement in favor of the Counter-Defendants.

(B)  Enter judgment in favor of Counter-Defendants that the Counter-Defendants have not falsely designated the origin or source of their goods or services in violation of any law.

(C)  Enter judgment in favor of Counter-Defendants that they have not unlawfully diluted any alleged distinctiveness of Counter-Plaintiff's alleged trademarks.

(D)  Enter judgment in favor of Counter-Defendants that they have not willfully infringed any alleged asserted trademarks.

(E)  Enter judgment in favor of Counter-Defendants that they did not violate any Federal and/or state law of unfair competition.

(F)  Enter judgment in favor of Counter-Defendants that Counter-Defendants' acts do not constitute any unfair competition under the common law.

(G)  Enter judgment in favor of Counter-Defendants that the Counter-Defendants are not precluded from using the letters THR and TLR.

(H)  Enter judgment in favor of Counter-Defendants that Counter-Defendants' use of the letters THR and TLR is not confusingly similar to Counter-Plaintiff's alleged trademarks VHR, COSMOLUX VLR and VLR.

(I)  A dismissal of all of Counter-Plaintiff's counterclaims or counts.

(J)  That Counter-Defendants be awarded their reasonable attorney fees in view of the exceptional circumstances of this case.

(K)  That the Court grant such other further relief as the Court deems just in law or equity.

>
> Respectfully submitted,
> **Fattibene and Fattibene**
>
>
> By_____
> Arthur T. Fattibene, CT 06916
> Paul A. Fattibene, CT 12760
> 2480 Post Road
> Southport, CT 06890
> Tel. 203-255-4400
> Fax  203-259-0033

February 2, 2004