UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

*FILED*

*Apr 16   1:40 PM '04*

*U.S. DISTRICT COURT*
*NEW HAVEN, CONN.*

LIGHT SOURCES, INC., and
TAN SYSTEMS, INC.,
                Plaintiffs

         v.

                    Civil Action
                    No. 303 CV 874 (MRK)

                    At New Haven
COSMEDICO LIGHT, INC.,
              Defendant     April 14, 2004

**PLAINTIFFS, LIGHT SOURCES, INC.'S AND
TAN SYSTEMS, INC.'S MEMORANDUM IN OPPOSITION
TO DEFENDANT, COSMEDICO LIGHT, INC.'S
MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO
COUNTS I, II AND V OF THE SECOND AMENDED COMPLAINT**

                    Arthur T. Fattibene
                    Paul A. Fattibene
                    Fattibene & Fattibene
                    2480 Post Road
                    Southport, CT 06890-1218

ORAL HEARING REQUESTED

# TABLE OF CONTENTS

**Page No.**

I.   NATURE OF THE PROCEEDINGS                                   1

II.  STATEMENT OF FACTS                                          2

     A.   THE PARTIES                                            2

     B.   Cosmedico's Motion For Partial Summary
          Judgment Is Limited To Counts I, II
          and V Of The Second Amended Complaint
          And To Only The Alleged VHR Mark In Suit.              7

     C.   The Prior U.S. Patent and Trademark Office
          Examination Proceedings Relating To The
          Registration Of The Mark VHR And The
          Opposition Thereto.                                    8

     D.   Cosmedico's Inequitable Conduct In Securing
          The VHR Trademark Registration.                       13

     E.   The Counts Of The Second Amended Complaint
          That Are The Subject Of Cosmedico's Partial
          Summary Judgment Motion.                              16

A R G U M E N T                                                 18

I.   THE SUMMARY JUDGMENT STANDARD                              18

II.  THE RELEVANT LAW PERTAINING TO RES JUDICATA               19

III. COUNT I OF THE SECOND AMENDED COMPLAINT
     PLEADS A CAUSE OF ACTION THAT IS MATERIALLY
     DIFFERENT FROM THAT ASSERTED IN THE OPPOSITION
     PROCEEDING AND AROSE SUBSEQUENT TO THE
     OPPOSITION.                                                25

IV.  COUNT II OF THE SECOND AMENDED COMPLAINT
     IS NOT THE SAME CAUSE OF ACTION PLEADED IN THE
     OPPOSITION PROCEEDING.                                     27

i

V.   COUNT V OF THE SECOND AMENDED COMPLAINT
     ASSERTING A CLAIM OF INEQUITABLE CONDUCT
     IN PROCURING THE REGISTRATION FOR THE VHR
     MARK IS NOT THE SAME ISSUE THAT WAS URGED
     IN THE OPPOSITION PROCEEDING.                    29

VI.  TAN SYSTEMS WAS NOT A PARTY IN PRIVITY
     WITH LIGHT SOURCES TO THE PRIOR OPPOSITION
     PROCEEDING.                                      30

C O N C L U S I O N                                   32

# TABLE OF AUTHORITIES

## TABLE OF CASES

|  | Page No. |
|---|---|
| Anderson v. Liberty Lobby, Inc.,<br>477 US 442; 91 L.Ed.2d 202;<br>106 S.Ct. 2505 (1986) | 19 |
| Jim Beam Brands Co. v. Beamish & Crawford, Ltd.<br>19 USPQ2d 1352 (2 Cir 1991) | 21,22 |
| In Re Gyulay,<br>820 F.2d 1216; 3 USPQ 2d 1009 (Fed Cir 1987) | 28 |
| Irving-Cloud Publishing Co. v. Chilton Co.,<br>463 F.Supp. 476; 201 USPQ 772 (E.D. Pa 1978) | 23 |
| King-Size, Inc. v. Frank's King Size Clothes, Inc.<br>216 USPQ 2d 427, 437 (SD Texas 1982) | 28 |
| Kremer v. Chemical Constr. Corp.<br>465 US 461, 467 n. 6 (1982) | 19 |
| Lawlor v. National Screen Serv. Corp.,<br>349 US 322, 327-28 (1955) | 24 |
| Levy v. Kosher Overseers Assoc. of America,<br>41 USPQ 2d 1456 (2 Cir 1997) | 22 |
| Meeropol et al v. Nizer et al,<br>505 F.2d 232; 183 USPQ 513 (2 Cir 1974) | 31 |
| John Morrell & Co. v. Doyle,<br>97 F.2 232 (7 Cir 1938),<br>cert. denied 305 US 643 | 23 |
| National Railroad Passenger Corp. v.<br>City of New York,<br>882 F.2d 710 (2nd Cir. 1989) | 19 |
| Polaroid Corp. v. Polarad Elec. Corp.,<br>287 F.2d 492; 128 USPQ 411 (2 Cir 1961) | 26 |
| Plus Products v. Natural Organic, Inc.<br>; 223 USPQ at 28 (SDNY 1984) | 23, 24 |

Save the Children Federation v.
Larry Jones Ministries,                          20, 22, 26
            ; 38 USPQ 2d at 1498
                 (D.Conn. 1996)


Storey v. Cello Holdings, LLC,                   24, 26, 29
       68 USPQ 2d 1641 (2 Cir 2003),


Tonka Corp. v. Rose Art Industries, Inc.,        20, 21, 29
       836 F.Supp. 200; 29 USPQ 2d 1801 (DNJ 1993)


U.S. v. Certain Land at Irving Place & 16th St.       24
       415 F.2d 265, 269 (2 Cir 1969)


V&S Vin & Spirit Aktiebolog v. Concovia Brand,        26
       69 USPQ 2d 1701


West Indian Sea Island Cotton v. Threadtex, Inc.,     21
       761 F.Supp. 1041; 21 USPQ 2d 1881 (SDNY 1991)


Zatarains, Inc. v. Oak Grove Smokehouse, Inc.,        28
            ; 217 USPQ 988 (5 Cir)

## STATUTES

**United States Code**

Lanham Act, Section 14                           28
       15 USC 1052                               17
       15 USC 1064                               29
       15 USC 1064(c)                            28
       15 USC 1119                               17
       15 USC 1120                               18
       28 USC 1338(a)                            22

Trademark Act of 1946, Sect. 13(a)               10

## RULES

Federal Rules of Civil Procedure
    Rule 56                                19

Connecticut Local Rule 56(a)(2)        2

Trademark Rules 2.101, 2.102        10

## I.  NATURE OF THE PROCEEDINGS:

On or about February 27, 2004, Plaintiffs, Light

Sources, Inc. (Light Sources) and Tan Systems, Inc. (Tan

Systems) were served with Defendant's, Cosmedico Light,

Inc. (Cosmedico) Motion for Partial Summary Judgment as to

Counts I, II and V of the Second Amended Complaint.

Cosmedico's Motion seeks a summary dismissal of Counts I,

II and V of the Second Amended Complaint because they "are

all barred by res judicata in view of the [voluntary]

stipulated dismissal with prejudice of a prior challenge

[made by Light Sources alone] to the registration of the

trademark [VHR] in suit before the United States Patent

Office's Trademark and Trial and Appeals Board."

Cosmedico's Partial Summary Judgment Motion is ill

conceived and frivolous as Cosmedico's Motion for Partial

Summary Judgment cannot be supported in law or fact,

because the right to register issue raised in the Notice of

Opposition, that was filed solely by Light Sources

(Cosmedico's Tab 6 at 001172, 001173), was never tried or

adjudicated on its merits, and that the issues or causes of

action pleaded in Counts I, II and V are different and

arose as a result of factors or transactions that occurred

subsequent to the opposition proceeding.  Therefore, Counts

I, II and V cannot as a matter of law be barred by

1

Cosmedico's unsupported and frivolous arguments of res judicata.

By the Court's Order dated March 12, 2004, the time to respond to Cosmedico's Partial Summary Judgment Motion was extended to April 19, 2004.

This is Light Sources and Tan Systems Joint Memorandum together with supporting declarations, documentary evidence and Connecticut Local Rule 56(a)(2) statement in opposition to Cosmedico's Motion for Partial Summary Judgment which seeks the Dismissal of Counts I, II and V of the Second Amended Complaint on the sole ground of res judicata.

## II.  STATEMENT OF FACTS

### A.  THE PARTIES

1.  Light Sources is a prominent manufacturer and seller of specialty type gas discharge lamps, e.g. germicidal ultraviolet lamps, ultraviolet fluorescent sun tanning lamps and other such highly specialized lamps with its principal place of business located in Orange, Connecticut.  (Declaration of Christian J. Sauska, paragraph 2)

2.  Light Sources manufacturers several lines of fluorescent sun tanning lamps which Light Sources sells under its own house brands or trademarks and to original equipment manufacturers (OEM) who, in turn, resell the same

2

to their own customers under their own house brands or

trademarks. (Declaration of Christian J. Sauska, paragraph

3)

3. Tan Systems is a corporation organized under the

laws of the State of Georgia with its principal place of

business located in McDonough, Georgia. Tan Systems was a

manufacturer and distributor of sun tanning beds, sun

tanning lamps and sundry other sun tanning related

products. Tan Systems marketed the lamps it purchased

exclusively from Light Sources under Tan Systems own

trademark **Turb0Power**.[1]    (Declaration of Ms. Tiffany)

4. On or about February 16, 2004, Tan Systems sold

its business to Heartland Tan, an unrelated third party.

As a result, Tan Systems is no longer in the sun tanning

business. (Declaration of Ms. Tiffany, paragraph 32)

5. Cosmedico is a Delaware corporation having its

principal offices located in Weymouth, Massachusetts.

Cosmedico's principle business is marketing and selling

various sun tanning lamps primarily under its house brand

or trademark COSMEDICO or COSMOLUX. Depending on the type

or function of the lamps Cosmedico sells under its house

marks COSMEDICO or COSMOLUX, said house marks COSMEDICO or

---

[1] A notice of allowance was issued by the U.S. Patent and Trademark Office on January 20, 2004, indicating that the **Turb0Power** mark was registerable.

3

COSMOLUX are used in conjunction with the VHR or VLR markings in suit to indicate the function, model or type of lamp.  VHR is a commonly used acronym in the sun tanning industry to designate a Very High Output Reflector lamp and VLR is the acronym for a Very Low Output Reflector lamp. Cosmedico does not manufacture any of the sun lamps which it sells or markets. (Declaration of Ms. Tiffany, Paragraphs 9-18)

6.  In or about January 2002, Light Sources commenced making and selling a line of sun tanning lamps which were sold exclusively to Tan Systems.  Tan Systems in turn sold and distributed the lamps it purchased from Light Sources throughout the sun tanning trade under Tan Systems own trademark **Turb0Power.**  (Declaration of Kristen Tiffany, paragraphs 19, 20).

7.  The type of sun tanning lamps which Light Sources sold exclusively to Tan Systems included a very high output 160 watt reflector lamp and a low output 100 watt reflector lamp.  (Declaration of Christian J. Sauska, paragraph 22)

8.  For identification purposes, Light Sources imprints directly on each of the tanning lamps it sells exclusively to Tan Systems a model number, e.g. F71T12-THR160 or F71T12-TLR-100.  The THR is used as Light Sources' model designation for Tan Systems' **Turb0Power** high

4

output (160 watt) reflector lamp and the TLR is Light
Sources' model designation for Tan Systems' **Turb0Power** low
output (100 watt) reflector lamp, respectively.
(Declaration of Christian J. Sauska, paragraph 22)

9.  Tan Systems marketed the high output 160 watt
reflector lamp and the low output 100 watt reflector lamp,
which it exclusively purchased from Light Sources, to the
consuming public under Tan Systems' own trademark
**Turb0Power**, followed by the Light Sources' model number
F71T12-THR-160 or F7T12-TLR-100 to distinguish Tan Systems'
**Turb0Power** high output 160 watt reflector lamp models from
the **Turb0Power** low output 100 watt reflector lamp models.
Without such distinguishing model markings, one could not
distinguish one model lamp from the other.   (Declaration of
Ms. Tiffany, paragraph 22)

10.  More specifically, the complete information
relating to the name and model imprinted on each lamp which
Light Sources sold exclusively to Tan Systems is noted in
the following etching that is placed on each and every
**Turb0Power** lamp Light Sources sold exclusively to Tan
Systems:




(Declaration of Christian J. Sauska, paragraph 22)

11. The marking placed on each lamp Light Sources exclusively sold to Tan Systems clearly identifies Light Sources as the manufacturer and Tan Systems as the exclusive distributor. No one in the sun tanning business could possibly confuse Tan Systems' **Turb0Power** THR or TLR lamps so marked with those of Cosmedico's very high output reflector lamp bearing the COSMOLUX VHR mark or Cosmedico's low output reflector lamp bearing the COSMOLUX VLR trademark. (Declaration of Christian J. Sauska, paragraphs 22, 23)

12. Between February 2003 and May 2003, Cosmedico sent a number of threatening letters of infringement directly to both Tan Systems and Light Sources, asserting that Light Sources and Tan Systems' selling of lamps bearing the THR and TLR markings, as indicated in above paragraph 10, infringed Cosmedico's registered VHR® mark

6

and Cosmedico's unregistered COSMOLUX VLR and VLR marks[2]
that precipitated this law suit.  (Declaration of Ms.
Tiffany, paragraphs 23-26)

13.  Neither Light Sources and/or Tan Systems, either
separately or jointly, have ever used the mark COSMOLUX
and/or COSMEDICO on any lamp manufactured by Light Sources
and sold to Tan Systems.  (Declaration of Christian J.
Sausksa, paragraph 24)

14.  As a result of Tan Systems' sale of its business
to Heartland Tan, Tan Systems is not any longer in the
business of selling sun tanning equipment and/or sun
tanning lamps; nor is Tan Systems now functioning as Light
Sources exclusive distributor of the accused lamps. (Ms.
Tiffany Declaration, paragraph 32)

**B.  Cosmedico's Motion For Partial Summary Judgment Is
Limited To Counts I, II and V Of The Second Amended
Complaint And To Only The Alleged VHR Mark In Suit.**

Cosmedico's instant Motion for Partial Summary
Judgment seeks a summary dismissal of Counts I, II and V of
the Second Amended Complaint allegedly because the causes
of action pleaded therein are barred by res judicata.
Cosmedico's res judicata defense is predicated solely on a
voluntary stipulation of dismissal with prejudice

---

[2] Cosmedico's COSMOLUX VLR and VLR marks were not registered when the notices were sent and are
not registered.  Cosmedico was granted a trademark registration No. 2,788,356 for a mark COSMOLUX
VLR with a cat design.  These alleged marks are not the subject of Cosmedico's instant Partial Summary
Judgment Motion.

(Cosmedico Tab 6 at 001188-001189)[3] that was filed to
terminate the opposition before any ruling or decision was
rendered.  Light Sources alone challenged the registration
of Cosmedico's VHR mark in the opposition proceeding
(Cosmedico Tab 6 at 001168-001190) before the United States
Patent Office Trial and Apeals Board on or about November
7, 1996.  The voluntary dismissal filed in the opposition
proceedings precluded any adjudication of any fact or legal
issue raised in the opposition on its merits.  (Declaration
of Christian J. Sauska, paragraph 20).

   C.  The Prior U.S. Patent and Trademark Office
Examination Proceedings Relating To The Registration Of The
Mark VHR And The Opposition Thereto.

   On or about May 19, 1995, Cosmedico filed a trademark
application seeking to register the mark VHR for use with
Ultra Violet Fluorescent Lighting Tubes For Sunning and
Tanning Purposes in International Class 011; in which
Cosmedico alleged a first use in commerce as of December
1994.  (Cosmedico Tab 4 at 001072-001075).  The specimens
submitted by Cosmedico to evidence use all illustrate that
the mark VHR is used in conjunction with the word or term
COSMOLUX as a composite mark.  (Cosmedico Tab 4 at 001077,
001078).  The drawing submitted by Cosmedico illustrates

---

[3] "Cosmedico Tab" as used herein refers to Cosmedico's appendix papers filed in support of Cosmedico's
Summary Judgement Motion followed by tab number and page designation thereof.

the mark as being limited to only the letters VHR per se (Cosmedico Tab 4 at 001076). The application for the VHR mark was assigned application SN 74/677,294 and a filing date of May 19, 1995.

On November 22, 1995, the Examining Attorney rendered an "office action" inquiring as to whether the "wording 'VHR' has any significance in the relevant trade or industry as applied to the goods", i.e. ultraviolet fluorescent lighting tubes for sunning and tanning purposes. (Cosmedico Tab 4 at 001081-82)

On or about May 8, 1996, in reply to the Examining Attorney's inquiry as to the significance or meaning of VHR in the relevant trade or industry, Cosmedico advised the Examining Attorney "that the expression VHR was developed by the Applicant (Cosmedico) herein" and is an acronym for the words 'very high reflector output'" and that "To the best of Applicant's knowledge, the 'VHR' has no relevance in the trade or industry." (Emphasis added) (Cosmedico's Tab 4 at 001087, 001088).[4]

---

[4] Cosmedico's representation was intentionally deceptive, as Cosmedico was absolutely aware that the acronym VHR was being widely used throughout the sun tanning industry as a descriptive term for sun tanning beds and sun tanning lamps that have a very high output and a reflector. VHR was a well established acronym that was being used by a host of trade publications, manufacturers, distributors and sellers of sun tanning lamps and related equipment. See attached ads and Declarations of Kristen Tiffany and Christian J. Sauska. The QDM Company used the mark VHR long before Cosmedico's alleged date of first use. (Declaration of Ms. Tiffany, paragraph 10).

9

Acronyms such as VHO, HO and VHR are commonly used acronyms throughout the sun tanning industry to designate the function and/or the power output of such lamps. These acronyms were used by others and are well known throughout the sun tanning industry prior to Cosmedico's filing its trademark application to register the VHR mark on May 19, 1995. Declaration of Kristen Tiffany, paragraphs 10, 11 and 12. The Examining Attorney apparently relied upon Cosmedico's deceptive representations and issued the Notice of Publication.

Pursuant to a Notice of Publication (Cosmedico Tab 4 at 001094), Light Sources alone on November 7, 1996, filed a timely notice of opposition to the registration of Cosmedico's VHR mark pursuant to Section 13(a) of the Trademark Act of 1946; and rules 2.101 and 2.102 of the Trademark Rules. (Cosmedico Tab 6 at 001172-001174). It is to be noted that Tan Systems was not a party to the opposition proceedings, nor was Light Sources making and/or selling any lamp bearing the accused THR mark to Tan Systems in November 1995. (Declaration of Ms. Tiffany, paragraphs 29-31)

Light Sources' reason for opposing the registration of the VHR mark at the time was because the VHR mark was considered as an acronym that had acquired a common, well

10

established generic usage throughout the sun tanning
industry to mean a particular class of ultraviolet
fluorescent lamps embodying the technology capable of
providing a very high output and a reflective coating
arranged for increasing the intensity of the rays emanating
from the uncoated portion so as to optimize such lamp's sun
tanning capabilities, and thus was not subject to the
exclusive appropriation thereof by Cosmedico.  (Cosmedico's
Tab 6 at 001172, 001173).  Such lamps were regarded and
referred to throughout the tanning industry as VHR lamps.

The opposition did not assert or require that the
Trademark Trial and Appeal Board make any determination as
to whether any mark of the Opposer, Light Sources, was
likely to be confused with Cosmedico's VHR mark.
Likelihood of confusion was not an issue in the opposition
proceeding involving the VHR alleged trademark.  When the
opposition was filed, Light Sources had not yet begun using
the THR or TLR markings, nor did Cosmedico own any
registration for the mark VHR.  (Declarations of Ms.
Tiffany and Christian J. Sauska.

On or about February 7, 1997, Cosmedico filed its
Answer to the Notice of Opposition (Cosmedico's Tab 6 at
001177-1180).

11

While a discovery schedule was established in the opposition proceedings (Cosmedico's Tab 6 at 001182), which was twice extended (001183-1184) and (001185-1186), <u>no discovery was ever consummated by either party, and no decision was ever rendered by the Trademark Trial and Appeal Board on the merits of the opposition</u>. (Cosmedico Tab 6, Opposition File History) (Declaration of Christian J. Sauska, paragraph 20).

On or about October 27, 1997, the parties mutually agreed to file a Stipulation of Dismissal of the opposition to terminate the proceedings before any discovery and/or decision on the merits was rendered. (Cosmedico's Tab 6 at 001188)

The Trademark Trial and Appeal Board, in view of the Stipulation of Dismissal with prejudice filed by the parties, dismissed the opposition (Cosmedico's Tab 6 at 001190).

The Trademark Trial and Appeal Board thus did not make or render any findings, rulings and/or render any opinion "on the merits" of the opposition filed by Light Sources.

Further, Light Sources' accused marks THR and TLR were not in being at the time Light Sources initiated the opposition proceedings.  Light Sources did not apply the THR and/or the TLR marking to lamps until January 2002 when

12

Light Sources first started to exclusively supply Tan
Systems with Tan Systems' **TurboPower** styled lamps.  It was
then that Light Sources adopted the model designation THR
and TLR to designate the difference between Tan Systems
**TurboPower** high output reflector lamps and Tan Systems'
TurboPower low output reflector lamps.  (Declaration of
Christian J. Sauska, paragraph 21).

**D.  Cosmedico's Inequitable Conduct In Securing The
VHR Trademark Registration.**

In its moving papers, Cosmedico, at page 1 of its
Memorandum, asserts that "Cosmedico is the United States
industry leader" and sells its products both to sunbed
manufacturers and through a network of distributors, to
salon owners, and that Cosmedico's products are distributed
worldwide.

At least as early as January 5, 1996 and earlier,
Cosmedico was well aware that the sun tanning industry, as
a whole, was widely using the mark VHR as an acronym for
sun tanning beds and sun tanning lamps used therein having
very high outputs and a reflector that embodied therein the
so-called VHR technology.  In fact, long before Cosmedico's
alleged date of first use of December 1994 for the VHR
mark, others in the sun tanning industry had been using the
VHR mark for describing a specific type of tanning lamps

13

capable of very high outputs having a reflector for optimizing or maximizing the spectral iridescence and tanning efficiency of such VHR lamps. (Declaration of Kristen Tiffany.) Advertisers and the popular trade journals clearly referred to such products as embodying VHR technology. See Tan Systems publication referring to the VHR technology utilized in Tan Systems Sunliner VHR brand sun tanning beds, viz. Very High Output Reflector Lamps embodying the VHR technology. (Declaration of Ms. Tiffany, paragraph 13, Exhibit D). Other manufacturers, trade journals and distributors throughout the sun tanning industries freely use the acronyms VHR, VHO and HO to specifically describe the expected functions achieved by the respective classes of tanning lamps associated therewith. For example, see Exhibits attached to Ms. Tiffany's Declaration and Christian J. Sauska's Declarations, as evidence of the wide use of the term VHR in both a descriptive and generic sense within the sun tanning industry. Numerous manufacturers, distributors and trade publications commonly referred to the VHR technology embodied in sun tanning beds and lamps that was widely used and publicly advertised. Sun Industries Cyber-Dome brochure for sunning beds describes the use of a combination of VHR lamps, VHO lamps and HO lamps to

14

maximize a high definition tanning. (Exhibit 10,

Declaration of Mr. Sauska)  See also Exhibit 11.  The

acronyms VHR, VHO and HO are commonly used terms for those

lamps generating a specific UV wavelength to enhance the

UVA and UVB components of a UV wavelength as explained in

Sauska Exhibit 10.  The publications attached to the

Declarations of Ms. Tiffany and Christian J. Sauska,

further represent the common use of the acronym VHR that

was in use and known to Cosmedico prior to May 8, 1996,

when Cosmedico advised the Examining Attorney that "the

expression 'VHR' has no relevance in the [sun tanning]

trade or industry."  (Emphasis added).

The overwhelming use of the term VHR by others in the

industry to describe the attributes of the particular

associated sun tanning beds and the ultraviolet lamps used

therein, should evidence a deliberate and willful intent on

the part of Cosmedico to deceive the Examining Attorney,

sufficiently to support Light Sources and Tan Systems claim

of inequitable conduct.  In effect, Cosmedico's

representation to the Examining Attorney was an attempt to

knowingly carve out of the public domain the generic or

descriptive acronym VHR for Cosmedico's own exclusive use.

Inequitable conduct in securing a registration is not

an issue that could have been determined in an opposition

15

proceeding, as no registration had yet been granted.
Inequitable conduct can only become an issue in a
subsequent proceeding after a registration for a mark has
been granted and an Examining Attorney relied upon the
misrepresentations of the applicant.

**E. The Counts Of The Second Amended Complaint That
Are The Subject Of Cosmedico's Partial Summary Judgment
Motion.**

1.  Count I of the Second Amended Complaint is a
declaratory judgment action to declare that Cosmedico's
federally registered mark VHR is not being infringed by
Light Sources or Tan Systems use of the marks THR or TLR,
and that the registered VHR mark is invalid as being merely
descriptive of the associated lamp's attributes and/or
unenforceable due to inequitable conduct and/or invalid
because Cosmedico was not the first user of the mark VHR.
None of these facts or legal issues pleaded in Count I were
determined in the foregoing noted opposition, which was
voluntarily dismissed with the consent of the parties
thereto.  The issues raised in Count I are infringement
related issues which are substantially different from the
issue of registerability that was the subject of the
opposition.  Also, the allegations of Count I all occurred
subsequent to the dismissal of the opposition by
stipulation.  The issues pleaded in Count I are predicated

16