on facts which have occurred subsequent to the dismissal of the opposition, and could not have been made an issue in the opposition.

2. Count II of the Second Amended Complaint seeks cancellation of Cosmedico's VHR Registration No. 2,124,659 under Title 15, sect. 1119, for the reason that the mark VHR is merely a descriptive acronym that has been widely used by those within the sun tanning business or industry to describe the physical characteristics or function of the associated class of lamps, viz. a lamp having a very high output and a reflector capable of optimizing the tanning efficiencies of the lamp. Count II also pleads that the descriptive VHR mark lacks the necessary distinctiveness, i.e. secondary meaning so as to indicate a source of origin. It thus lacks any trademark significance for indicating origin of source. The issues relating to cancellation pursuant to Title 15 USC section 1119 are materially different from any issue raised in an opposition proceeding.

The issue presented in the Opposition pleadings, which was never decided by the Patent Office Trial and Appeals Board on its merits, was limited to only whether or not the mark VHR was a <u>generic term within the industry</u>, and therefore unregisterable under Title 15 USC 1052. A

descriptive term as pleaded in Count II requires a showing of secondary meaning. The issue of a secondary meaning was not an issue in the opposition proceeding. The issues relating to seeking the cancellation of a registered mark as urged in Count II are quite different from the issues raised in the opposition, which were not decided on the merits.

3. Count V of the Second Amended Complaint filed pursuant to Title 15, section 1120 of United States Code, pleads a cause of action sounding in inequitable conduct on the part of Cosmedico in securing the registration for the VHR mark by making willful and deliberately false representations to the Examining Attorney, upon which the Examining Attorney apparently relied to issue the registration for the VHR mark.

Clearly, the cause of action pleaded under Title 15 USC sect. 1120 in Count V was not an issue in the prior opposition before the U.S. Patent and Trademark Trial and Appeals Board (TTAB), nor could the TTAB rule on the issue, as the mark was not registered and thus not ripe for any determination as to whether or not the registration of the mark VHR was secured by means of inequitable conduct.

**A R G U M E N T**

I. **THE SUMMARY JUDGMENT STANDARD.**

The standards pertaining to summary judgment in this Circuit are well established. A Court may grant this extraordinary remedy only when it is clear that (1) no genuine issue of material fact remains to be resolved at trial and (2) that the movant is entitled to judgment as a matter of law. Both conditions must be met. Rule 56, Fed.R.Civ.P.

Only where the entire record would inevitably lead a rational trier of fact to find for the moving party is summary judgment warranted. <u>National Railroad Passenger Corp. v. City of New York</u>, 882 F.2d 710 (2nd Cir. 1989). The evidence presented by the responding party is to be viewed in the light most favorable to the responding party and all inferences must be drawn in favor of the responding party. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 US 442; 91 L.Ed.2d 202; 106 S.Ct. 2505 (1986).

## II. THE RELEVANT LAW PERTAINING TO RES JUDICATA.

The general rule of res judicata (claim preclusion) is that a valid and <u>final judgment on the merits of a claim</u> precludes a second action on that claim or any part of it. A judgment has a preclusive effect only if it is "on the merits." <u>Kremer v. Chemical Constr. Corp.</u>, 465 US 461, 467 n. 6 (1982).

Under the doctrine of res judicata (claim prelcusion), a judgment <u>on the merits</u> in a prior suit bars a second suit involving the <u>same parties or their privities</u> on the <u>same cause of action</u>. Claim preclusion refers to the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit.

Claim preclusion or res judicata rules formulated by the Courts are designed to draw a line between the meritorious claims on the one hand and the vexatious, repetitious and needless claims on the other hand. Litigation should not be renewed <u>after a case has been fully presented before the Court and the matter has been decided against a litigant</u>.

To invoke res judicata or claim preclusion, the following elements must be present:

(1) A final judgment <u>on the merits</u> in a prior suit involving (2) the same parties or their privities and (3) a subsequent suit <u>based on the same cause of action</u>. (Emphasis added). <u>Tonka Corp. v. Rose Art Industries, Inc.</u>, 836 F.Supp. 200; 29 USPQ 2d 1801 (DNJ 1993).[5]

---

[5] <u>Tonka Corp.</u>, supra, is consistent with Second Circuit case law. <u>Save the Children Federation v. Larry Jones Ministries,</u>              ; 38 USPQ 2d at 1498 (D.Conn. 1996).

20

As noted in Tonka, supra, to determine whether two causes of action are the same for claims preclusion purposes, the Court should consider:

(1) whether the wrong for which redress is sought is the same in both actions, i.e. whether the acts complained of and the demand for relief are the same;

(2) whether the theory of recovery is the same;

(3) whether the witnesses and documents necessary for trial are the same; and

(4) whether the material facts alleged are the same.

Res judicata is not applicable if the claim presented in the second action is not the same as that presented in the first action. West Indian Sea Island Cotton v. Threadtex, Inc., 761 F.Supp. 1041; 21 USPQ 2d 1881 (SDNY 1991).

As rightly noted in Jim Beam Brands Co. v. Beamish & Crawford, Ltd., 19 USPQ2d 1352 (2 Cir 1991):

> "If an issue was not actually decided in a prior proceeding, or if its decision was not necessary to the judgment, its litigation in a subsequent proceeding is not barred by collateral estoppel."

In Jim Beam, supra, the Second Circuit also noted that "res judicata was not applicable because a remedy for a trademark infringement action was not available in the Trademark Trial and Appeals Board/Federal Circuit

21

Proceedings." In short, the Second Circuit noted that a trademark infringement action is not the same cause of action as those proceedings relating to the <u>registration of a trademark as are generally determined in a trademark cancellation or opposition proceeding brought before the U.S. Trademark Trial and Appeals Board</u>. See also <u>Levy v. Kosher Overseers Assoc. of America</u>, ; 41 USPQ 2d 1456 (2 Cir 1997), following the <u>Jim Beam</u>, supra, rationale.

It is axiomatic that res judicata (claim preclusion) is inapplicable where the two causes of actions are different. While issues may be similar, a registration proceeding before an administrative body such as the U.S. Trademark Trial and Appeals Board and an infringement suit brought in a U.S. District Court are materially different. <u>Save The Children Federation v. Larry Jones Ministries</u>, ; 38 USPQ 2d 1495 (D.Conn. 1995). Also to be noted is that Title 28 USC 1338(a) provides that the district courts shall have original jurisdiction in any civil matter arising under any Act of Congress relating to patents, copyrights and trademarks. Thus, the U.S. Trademark Trial and Appeal Board lacks any jurisdiction in determining an infringement dispute.

22

Oppositions and cancellation proceedings brought before the U.S. Trademark Trial and Appeals Board are decided generally upon only a limited comparison of the applied for or registered format and goods <u>without regard for their marketplace manner of use</u>. For this reason, it was early determined that <u>such TTAB decisions have no later preclusive effects in a suit where actual usage in the marketplace is the paramount issue</u>. <u>John Morrell & Co. v. Doyle</u>, 97 F.2 232 (7 Cir 1938), cert. denied 305 US 643, where the Board compared only the marks, not their marketplace use. See <u>Irving-Cloud Publishing Co. v. Chilton Co.</u>, 463 F.Supp. 476; 201 USPQ 772 (E.D. Pa 1978), where the Board's cancellation of defendant's registration for likelihood of confusion with plaintiff's mark is not binding on the Court where the Board did not consider defendant's manner of use in the marketplace.

An opposition or cancellation proceeding before the TTBA is limited to a determination as to whether or not <u>one has the right to register its mark</u>. Thus, a TTBA decision is limited to only one's <u>right to register</u>, and such decision cannot determine or have any preclusive effect as to <u>one's right to use the mark</u>. Reference is made to <u>Plus Products v. Natural Organic, Inc.</u>,                ; 223 USPQ at 28 (SDNY 1984), wherein it was noted that

23

collateral estoppel is inappropriate[6] when the markets, consumers, volume of business and advertising of the parties have changed significantly over time. The Court further noted "It would be unfair to award summary judgment on collateral estoppel grounds without some findings of fact at this time" citing U.S. v. Certain Land at Irving Place & 16th St., 415 F.2d 265, 269 (2 Cir 1969).

In Storey v. Cello Holdings, LLC, 68 USPQ 2d 1641 (2 Cir 2003), the Second Circuit noted:

"Claims arising subsequent to a prior action need not, and often perhaps could not, have been brought in that prior action; accordingly, they are not barred by res judicata regardless of whether they are premised on facts representing a continuance of the same "course of conduct." Citing Lawlor v. National Screen Serv. Corp., 349 US 322, 327-28 (1955) "when the second action concerns a transaction occurring after the commencement of the prior litigation, claim preclusion does not come into play. Storey, supra.

Counts I, II and V all plead causes of action that are predicated upon transactions or a series of events occurring subsequent to the prior opposition proceeding. In

---

[6] In Plus Products, supra, it was admitted that res judicata had no preclusive effect on plaintiff's infringement action, even though the plaintiff prevailed in the Court of Customs and Patent Appeals relating to defendant's right to register its mark "Nature Plus."

24

view of the applicable law and logic cited herein, Counts I, II and V are not and cannot be precluded by Cosmedico's arguments of res judicata, and particularly not when it is noted that Tan Systems was not a party to the prior opposition proceeding, nor in privity with Light Sources at the time of the opposition in November 1997.

### III. COUNT I OF THE SECOND AMENDED COMPLAINT PLEADS A CAUSE OF ACTION THAT IS MATERIALLY DIFFERENT FROM THAT ASSERTED IN THE OPPOSITION PROCEEDING AND AROSE SUBSEQUENT TO THE OPPOSITION.

Count I alleges a cause of action relating to Cosmedico's alleged infringement of its registered VHR mark by Plaintiffs' use of the letters THR and TLR. In Count I, Light Sources and Tan Systems are seeking a declaratory judgment or declaration that Light Sources' and Tan Systems' use of the THR and TLR markings does not infringe Cosmedico's registered VHR mark. As noted in the facts recited herein, which cannot be disputed, Light Sources' cause of action pleaded in Count I did not arise until long after the opposition was terminated. (Declaration of Ms. Tiffany and Mr. Sauska) The cause of action pleaded in Count I arose on or about February 2003, when Cosmedico sent the first of its several threatening letters of infringement. The THR and TLR marks were not in being at the time of the opposition; and therefore, could not have

been made an issue in the opposition. Storey v. Cello, supra. As noted in Save The Children, supra, a registration proceeding before the TTAB and a trademark infringement action [or conversely a declaration of non-infringement] are materially different causes of action.

The issue to be resolved in the infringement type action alleged in Count I is whether a likelihood of confusion can be established between Cosmedico's VHR registered mark and Light Sources' use of the letters TLR and THR as a portion of a lamp model number to designate a functional or physical attribute of the lamps so marked. It is well established that likelihood of confusion is a question of fact, V&S Vin & Spirit Aktiebolog v. Concovia Brand,           ; 69 USPQ 2d 1701; Polaroid Corp. v. Polarad Elec. Corp., 287 F.2d 492; 128 USPQ 411 (2 Cir 1961), which cannot be resolved on the record before this Court.

The invalidity and unenforceability of Cosmedico's VHR registered mark pleaded in Count I could only arise after the VHR mark became registered. Therefore, the issues relating to validity and/or enforceability were not issues that could have been raised or decided in the opposition proceeding as the VHR mark was not and could not be registered until the opposition proceeding was concluded.

26

Case 3:03-cv-00874-MRK    Document 40-2    Filed 04/16/2004    Page 11 of 18

Thus, the non-infringement, invalidity and unenforceability alleged in Count I asserts a new and different cause of action from that asserted in the opposition proceeding, which was simply limited to the issue of whether the mark VHR acquired a generic use within the industry that precludes one from registering the mark. It is clear that the voluntary dismissal with prejudice, not rendered on the merits, and filed in the opposition proceeding cannot in law or fact or on the record before this Court, constitute a bar to Count I.

**IV. COUNT II OF THE SECOND AMENDED COMPLAINT IS NOT THE SAME CAUSE OF ACTION PLEADED IN THE OPPOSITION PROCEEDING.**

Count II is directed to an action seeking the cancellation of Cosmedico's registered VHR mark pursuant to Title 15 USC sect. 1119. A prerequisite for any cancellation proceeding is that the mark in question is a registered mark. It is undisputed that when the Cosmedico VHR mark was opposed in November 1997 by Light Sources, <u>the VHR mark was not a registered mark</u>. It therefore follows that a cancellation issue could not have been an issue in the 1997 opposition proceeding.

Through usage, acceptance and the like, a registered trademark can become generic as to a particular product or service. When such event occurs, the mark is subject to

27

cancellation. Lanham Act, sect. 14; 15 USC 1064(c). Many registered marks have been so canceled when they became generic. In <u>King-Size, Inc. v. Frank's King Size Clothes, Inc.</u>,         ; 216 USPQ 2d 427, 437 (SD Texas 1982), the Court listed a host of registered marks that became generic and thus rendered them subject to cancellation. If VHR is not deemed generic in view of its use as demonstrated by the exhibits attached to the Declarations of Ms. Tiffany and Mr. Sauska, then the VHR mark is certainly descriptive if the mark describes an ingredient, quality, characteristic, function, feature, purpose or use of the relevant goods. <u>In Re Gyulay</u>, 820 F.2d 1216; 3 USPQ 2d 1009 (Fed Cir 1987). A descriptive mark is not automatically protectible in the absence of an acquired secondary meaning. 15 USC 1052(e)(1) (1976); 15 USC 1052(f). <u>Zatarains, Inc. v. Oak Grove Smokehouse, Inc.</u>,         ; 217 USPQ 988 (5 Cir).

It should be evident that the wrong for which redress is sought by Count II of the Second Amended Complaint is not the same issue (which was not decided on its merits) that was before the TTBA in the opposition proceeding, nor are the remedies the same, nor could a cancellation have been sought in the absence of a registered mark.

28

As noted in <u>Storey v. Cello Holdings</u>, supra, claims arising subsequent to a prior action that could not have been brought in the prior action are not barred by res judicata. As the issues, remedy, evidence and theory of remedy relating the action for cancellation pleaded in Count II are materially different from the issue raised in the 1997 opposition proceeding, it should be apparent that the two causes of action are not the same for res judicata purposes. <u>Tonka Corp.</u>, supra. Therefore, Count II is not barred by res judicata.

**V. COUNT V OF THE SECOND AMENDED COMPLAINT ASSERTING A CLAIM OF INEQUITABLE CONDUCT IN PROCURING THE REGISTRATION FOR THE VHR MARK IS NOT THE SAME ISSUE THAT WAS URGED IN THE OPPOSITION PROCEEDING.**

The issue raised by the Notice of Opposition filed by Light Sources was limited to the issue of whether or not the mark VHR which Cosmedico sought to register was a generic mark, and thus was unregisterable. Title 15 USC 1064. The issue or cause of action directed to inequitable conduct in obtaining a registration is not the same as the issue as to whether the asserted mark VHR is generic. Therefore, under the authorities cited herein, res judicata cannot preclude Count V. Further to be noted is that until a registered mark has been secured and granted, a claim of

29

inequitable conduct cannot arise.  <u>An attempt to commit inequitable conduct</u> is not actionable.

### VI. TAN SYSTEMS WAS NOT A PARTY IN PRIVITY WITH LIGHT SOURCES TO THE PRIOR OPPOSITION PROCEEDING.

At page 11 of Cosmedico's Memorandum in Support of its Partial Summary Judgment Motion, Cosmedico states:

> "Moreover, the parties here are identical to (or in privity with) <u>those involved in the prior litigation</u> (meaning the opposition proceeding before the TTBA).  LSI and Tan Systems have repeatedly told this Court (and the Massachusetts District Court as well) that they are in privity."

Cosmedico grossly misstates the facts.  The parties to the alleged prior action, i.e. the prior opposition proceeding (which was not decided on its merits) were <u>only Light Sources and Cosmedico</u>.  <u>Tan Systems was not a party to the opposition proceeding</u> or in privity with Light Sources at the time (November 1997).  As noted herein, Tan Systems was not marketing any lamps with the accused THR or TLR markings when Light Sources instituted the opposition proceeding in November 1997.  (Declaration of Christian J. Sauska, and Kristen Tiffany).  Tan Systems commenced the purchase of its **Turb0Power** brand lamps bearing the accused THR or TLR marking from Light Sources in January 2002.  It was only after Cosmedico threatened Tan Systems and Light Sources with infringement of the VHR mark in February 2003

30

that Light Sources agreed to indemnify Tan Systems against the alleged claim of trademark infringement asserted by Cosmedico. (Exhibit R, Ms. Tiffany Declaration) The fact that Light Sources and Tan Systems admitted to the Court the existence of the indemnification agreement relating to Cosmedico's <u>charges of trademark infringement</u> cannot have any retroactive effect whereby Tan Systems can be considered to <u>have been a party and/or in privity with Light Sources with respect to the opposition proceeding filed more than four (4) years before Tan Systems began purchasing and selling the lamps bearing the accused trademark THR or TLR,</u> that gave rise to the indemnification agreement, (Exhibit R).

Cosmedico's reliance on <u>Meeropol et al v. Nizer et al</u>, 505 F.2d 232; 183 USPQ 513 (2 Cir 1974) is grossly misplaced. <u>Meeropol</u>, supra, can be readily distinguished on its facts. Cosmedico has cited no authority in which an indemnification agreement by a manufacturer to indemnify its customer against a charge of trademark infringement is rendered retroactive so as to render the indemnified customer a party in privity with the manufacturer who many years previously instituted an opposition proceeding totally unrelated to the indemnified subject matter. Since Tan Systems cannot, by any stretch of the imagination, be

31

deemed to be in privity with Light Sources in November 1997, when Light Sources instituted the opposition proceedings, it follows that res judicata cannot possibly apply to Tan Systems and/or to Light Sources as to Counts I, II and V of the Second Amended Complaint for all of the reasons stated herein.

## CONCLUSION

In view of the relevant facts, applicable authorities and for the reasons stated herein, Light Sources and Tan Systems respectfully request that Cosmedico's Motion for Partial Summary Judgment be denied in its entirety.

Respectfully submitted,

_____
Arthur T. Fattibene, CT06916
Counsel for Plaintiff
Fattibene and Fattibene
2480 Post Road
Southport, CT 06890
Tel: 203-255-4400
Fax: 203-259-0033

## Certificate of Service

I hereby certify that a copy of

PLAINTIFFS, LIGHT SOURCES, INC.'S AND
TAN SYSTEMS, INC.'S MEMORANDUM IN OPPOSITION
TO DEFENDANT, COSMEDICO LIGHT, INC.'S
MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO
COUNTS I, II AND V OF THE SECOND AMENDED COMPLAINT;

PLAINTIFFS' LOCAL RULE 56(a)2 STATEMENT
IN OPPOSITION TO DEFENDANT, COSMEDICO LIGHT, INC.'S
MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO
COUNTS I, II AND V OF THE SECOND AMENDED COMPLAINT;

and

**DECLARATIONS OF KRISTEN TIFFANY and CHRISTIAN J. SAUSKA**

have been served by first class U.S. mail, postage prepaid, this 15th day of April 2004, on Defendant's counsel of record as follows:

Dale A. Malone
Banner & Witcoff
28 State Street, 28th Floor
Boston, MA 02109-1775

and

James Oliver
Jose A. Aquiar
Berman and Sable
100 Pearl Street
Hartford, CT 06103

_____
Arthur T. Fattibene, CT 06916
Attorney for Plaintiff