UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
Apr 16  1 06 PM '04
U.S. DISTRICT COURT
NEW HAVEN, CONN

LIGHT SOURCES, INC., and
TAN SYSTEMS, INC.,
        Plaintiffs

v.

                        Civil Action
                        No. 303 CV 874 (MRK)

                        At New Haven

COSMEDICO LIGHT, INC.,
        Defendant          April 14, 2004


PLAINTIFFS' LOCAL RULE 56(a)2 STATEMENT
IN OPPOSITION TO DEFENDANT, COSMEDICO LIGHT, INC.'S
MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO
COUNTS I, II AND V OF THE SECOND AMENDED COMPLAINT


                        Arthur T. Fattibene
                        Paul A. Fattibene
                        Fattibene & Fattibene
                        2480 Post Road
                        Southport, CT 06890-1218


ORAL
HEARING
REQUESTED

**Plaintiffs Local Rule 56(a)2 Statement**

Plaintiffs, Light Sources, Inc. and Tan Systems, Inc. (jointly Light Sources unless otherwise noted), pursuant to Local Rule 56(a)2, respond to Defendant, Cosmedico Light, Inc.'s (Cosmedico) Local Rule 56(a)1 statement of alleged undisputed material facts, as follows:

1. Light Sources admits that Cosmedico Light, Inc. of Weymouth, Massachusetts, markets, sells and distributes fluorescent sun lamps, sun tanning beds, and other products used for indoor tanning. Light Sources has insufficient information to either admit or deny the remainder of the statements made in Paragraph 1 of Cosmedico's Local Rule 56(a)1 statement, as discovery is still ongoing and not completed.

2. Admitted.

3. Light Sources admits that at the time of filing the Complaint, Tan Systems was based in McDonough, Georgia and that Tan Systems was organized under the laws of the State of Georgia with a principal place of business located at 1920 Highway 42 South in McDonough, Georgia. Tan Systems on or about February 16, 2004, consummated the sale of its business assets to Heartland Tan, an unrelated third party, and that Tan Systems is no longer in the business of making and/or selling any sun tanning beds or any other sun

tanning products. As part of the sale of Tan Systems' business assets to Heartland, Tan Systems entered into a non-compete arrangement. (Declaration of Kristen Tiffany).

4. Light Sources admits that Light Sources manufactures the sun tanning lamps that have the accused letters THR and TLR imprinted on such lamps as an integral part of the model number for such lamps, e.g. F71T12-THR 160 and F71T12-TLR 100. Light Sources also admits that Tan Systems was Light Sources' exclusive distributor of such lamps. However, Tan Systems is no longer functioning as Light Sources' exclusive distributor, as Tan Systems has recently sold its business to Heartland Tan, and that Tan Systems, as a result of such sale, is no longer in the sun tanning business. (Declaration of Kristen Tiffany).

5. Light Sources admits only that Cosmedico secured a Federal registration No. 2,124,659 on December 30, 1997, in which Cosmedico is alleging a first use in commerce of December 1994. (Trademark Registration No. 2,124,659 in suit for the mark VHR).

6. Light Sources admits only that Cosmedico's application for registration of the VHR mark was examined by the United States Patent and Trademark Office, and that the VHR mark was registered on December 30, 1997.

Light Sources denies that Cosmedico's attached documents at Cosmedico's Tab 4 bearing Bates identification numbers 001069-001167 comprise the U.S. Patent and Trademark Office file relating to trademark application S.N. 74/677,694 for the VHR trademark in suit. The U.S. Patent & Trademark Office file history for the VHR alleged registered trademark comprises only those documents numbers 001069-001099.

Documents at Cosmedico's Tab 4 bearing numbers 001100-001148 relate to the U.S. Patent & Trademark Office file pertaining to Cosmedico's alleged trademark application SN 75/330,449 for the mark COSMOLUX VLR which was abandoned on August 14, 2001, and is not the subject of Cosmedico's instant motion for partial summary judgment.

Documents bearing Light Sources' Bates numbers 001149-001166 related to the Patent & Trademark Office file history relating to a refilled trademark application SN 76/415,356 filed June 3, 2003, for Cosmedico's alleged trademark for the composite mark COSMOLUX VLR, coupled with a cat design, which was abandoned on May 6, 2003, for failure to respond.[1]

---

[1] The trademark application SN 76/415,356 was apparently revived and the registration therefor was recently granted on or about December 9, 2003, and which registration, attached hereto as Exhibit 1, is not the subject of Cosmedico's instant motion for partial summary judgment.

3

7. Light Sources admits that a trademark opposition is a procedural matter which is available in the Trademark Office as described in paragraph 7 of Cosmedico's Rule 56(a)1 Statement, except Light Sources denies that "A voluntary dismissal of an opposition with prejudice forfeits such rights to further review." <u>Jim Beam Brands Co. v. Beamish & Crawford, Ltd.</u>, 937 F.2d 325; 19 USPQ 1352 (2 Cir 1991); <u>Save the Children Federation v. Larry Jones International Ministries</u>, 38 USPQ 2d 1495; 1996 WL 302694 (D. Conn. 1996), and other authorites cited in Light Sources and Tan Systems Memorandum in Opposition attached hereto.

8. Admitted.

9. Admitted.

10. Light Sources admits that pursuant to an amicable settlement agreement entered into by Cosmedico and Light Sources, a joint Stipulation of Dismissal with prejudice was filed to terminate the opposition proceedings (Opposition File Cosmedico tab 6 at 001188). Light Sources denies that the trademark registration 2,124,659 for the mark VHR is valid, enforceable and/or infringed by Light Sources' use of the letters THR. (Declarations of Ms. Tiffany and Mr. Sauska with attached Exhibits).

4

11. Light Sources has insufficient information on which to admit or deny Cosmedico's alleged statement of paragraph 11. Light Sources and Tan Systems admits they did not oppose the registration of the COSMOLUX VLR and cat design mark attached as Exhibit 1. Light Sources denies that the registered COSMOLUX VLR® with the cat design (Exhibit 1) is the subject of Counts III, IV and VI, as Counts III, IV and VI are primarily directed to Cosmedico's alleged mark consisting of only the letters VLR, which is an unregistered mark. The COSMOLUX VLR mark, referred to in Counts III, IV and VI, and which Cosmedico asserts is being infringed by Light Sources, was not registered at the time the Second Amended complaint was filed on September 16, 2003, and is not the mark which is the subject of Cosmedico's registration No. 2,788,198 (Exhibit 1) that was granted on December 9, 2003. (See Cosmedico Tab 4 at 001107).

12. Light Sources denies the allegation of paragraph 12 of Cosmedico's Rule 56(a)1 statement as phrased. Light Sources admits that Count I is a declaratory action to declare that Cosmedico's federally registered mark VHR <u>is not being infringed by Plaintiffs' use of the letters THR and TLR</u>, (Paragraph 28, Second Amended Complaint) and that Defendant's federally registered mark VHR® is invalid

5

and/or unenforceable. Light Sources admits that Count I asserts "the VHR® mark is incapable of any trademark significance because it is merely a shorthand descriptive term that describes the <u>physical characteristics of Defendant's tanning lamps</u>, and not a trademark indicating a source of origin" (emphasis added), (Paragraphs 20 and 31, Second Amended Complaint). In addition, Light Sources asserts a number of other allegations, e.g. the mark VHR is not distinctive, i.e. that the descriptive VHR acronym lacks any secondary meaning (Paragraphs 34 and 37, Second Amended Complaint). (Declarations of Ms. Tiffany and Mr. Sauska).

13. Light Sources denies the allegations of paragraph 13 and that Count II of the Second Amended Complaint demands cancellation of the VHR® trademark registration under 35 USC 1119 on the same grounds that were alleged in Light Sources' Notice of Opposition noted in Cosmedico's Tab 6 at 001172, 001173. Light Sources denies Cosmedico's claim that "None of the allegations set forth in Count II pertain to any facts post-dating the earlier opposition proceeding." Paragraph 39 of the Second Amended Complaint, incorporating by reference paragraphs 9 to 17, 20 and Paragraphs 42, 43 and 44 of the Second Amended Complaint, alleges facts that post-date the earlier Opposition that

6

was voluntarily dismissed by stipulation of the parties thereto. See Declarations of Kristen Tiffany and Christian J. Sauska, attached to Plaintiffs' Memorandum in Opposition.

14. Light Sources admits that Count V of the Second Amended Complaint alleges that Cosmedico committed inequitable conduct in the procurement of the VHR trademark registration. Light Sources denies that "inequitable conduct" is tantamount to "essentially fraud on the Trademark Office." "Inequitable conduct is a broader, more inclusive concept than … common law fraud." <u>Ulead Systems, Inc. v. Lex Computer & Management Corp.</u>,      F.3d     ; 69 USPQ 2d 1097, 1100 (Fed Cir 2003).

15. Light Sources admits the Court was advised that Tan Systems was Light Sources' exclusive distributor of the lamp bearing the accused THR and TLR marks, and that Light Sources agreed to indemnify Tan Systems against Cosmedico's alleged claims of trademark infringement of Cosmedico's marks in suit. In paragraph 15 of Cosmedico's Rule 56(a)1 Statement, Cosmedico asserts "Accordingly, Light Sources is the real party in interest", whereas in Cosmedico's Rely Brief in support of Cosmedico's Renewed Motion to Dismiss the Complaint, Cosmedico argued to this Court that Tan Systems was "the real party in interest." (Cosmedico Reply

7

Memorandum, page 3, line 6, in support of Cosmedico's Renewed Motion to Dismiss the Second Amended Complaint), attached to this Rule 52(a)(2) Statement as Exhibit 2.

**Plaintiff's Disputed Issues of Material Facts**

Pursuant to Local Rule 56(a)(2), Light Sources and Tan Systems contend that the following is a list of each issue of material fact to which there is a genuine issue to be tried.

1.  Any determination as to whether or not Light Sources and/or Tan Systems use of the THR and TLR markings on sun tanning lamps infringe Cosmedico's alleged registered mark VHR is fact intensive. Such issue of infringement, i.e. likelihood of confusion, can only be determined upon the resolution of the numerous Polaroid factors or facts, such as the strength of the registered mark; the degree of similarity; the proximity of the products; likelihood that the registered owner can bridge the gap as to difference between the two products; actual confusion between the registered mark and the accused mark; the alleged infringer's good faith; the quality of the infringer's product; and the sophistication of the buyers of plaintiff's and defendant's goods or services. <u>V&S Vin</u>

8

& Spirit Aktiebolog v. Concovia Brand; 69 USPQ 2d 1901 (ND Ill 2004); <u>Polaroid Corp.</u>, 287 F.2d 492 (2 Cir 1961).

    2. The invalidity issue asserted in the pleadings requires the factual determination as to whether or not the alleged registered mark VHR was used by another prior to Cosmedico's claimed date of first use of December 1994, which would nullify Cosmedico's exclusive use to or validity of its VHR mark.

    3. The validity issue relating to the registered VHR mark asserted in the pleadings, which is disputed, also requires a factual determination as to whether or not the mark VHR is generic, which renders the VHR unregisterable under 15 USC 1052, or merely descriptive and lacks the secondary meaning that is required for indicating source of origin, i.e. a trademark use.

    4. The unenforceable issue raised in the pleadings requires the factual determination as to whether or not Cosmedico can establish any trademark use of the alleged registered mark VHR or VLR per se apart from use with the term COSMOLUX.

    5. The inequitable conduct issue asserted in the pleadings requires the factual determination of materiality and intent relating to the misrepresentations made by Cosmedico during the prosecution of the application for the

registered mark VHR that resulted in the granting of the VHR registration, and the balancing of the varying degree of materiality versus the degree of intent. <u>Ulead Systems, Inc. v. Lex Computer & Management Corp.</u>, 69 USPQ 2d 1097 (Fed Cir 2003).

6. Another disputable factual issue to be resolved is whether Cosmedico's use of the mark VHR and VLR is merely being used to indicate a particular lamp model designation to distinguish between a high output reflector lamp or a low output reflector lamp and not as a trademark per se for indicating origin of source.

7. It is further disputed as to whether or not Cosmedico at any time used the mark VHR or VLR, per se, as a trademark for indicating origin of source.

8. A further disputable issue arises as to whether or not Cosmedico has any exclusive right or trademark rights in and to the mark VLR per se when it is noted that the identical mark in International Class 011 has been registered to another as indicated in U.S. Trademark Registration No. 2,133,076 to Envirex, Inc. (See attached Exhibit 3). International Class 011 is the same class Cosmedico's alleged VLR mark would be assigned.

9. A further disputable factual issue that arises is whether or not Cosmedico's allegedly registered composite

10

mark COSMOLUX VHR and/or COSMOLUX VLR marks can be infringed by Plaintiff's use of the THR and TLR marking per se in the absence of any association of Plaintiff's accused marks with the term COSMOLUX.

Respectfully submitted,

*[signature]*

Arthur T. Fattibene, CT06916
Counsel for Plaintiff
Fattibene and Fattibene
2480 Post Road
Southport, CT 06890
Tel: 203-255-4400
Fax: 203-259-0033

11

Int. Cl.: **11**

Prior U.S. Cls.: **13, 21, 23, 31 and 34**

**United States Patent and Trademark Office**

Reg. No. **2,788,198**
Registered Dec. 2, 2003

## TRADEMARK
PRINCIPAL REGISTER



COSMEDICO LIGHT, INC. (DELAWARE CORPORATION)
233 LIBBEY IND. PARKWAY
WEYMOUTH, MA 02189

FOR: VERY HIGH OUPUT, LONGLIFE, REFLECTOR STYLE FLUORESCENT LIGHTING TUBES, IN CLASS 11 (U.S. CLS. 13, 21, 23, 31 AND 34).

FIRST USE 7-30-1997; IN COMMERCE 7-30-1997.

OWNER OF U.S. REG. NOS. 1,365,407 AND 2,476,193.

SER. NO. 76-415,356, FILED 6-3-2002.

CATHERINE CAIN, EXAMINING ATTORNEY

*EXHIBIT*
*1*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| Light Sources, Inc., and Tan Systems, Inc., ) ) ) ) Plaintiffs, ) ) vs. ) Cosmedico Light, Inc., ) ) Defendant. ) ) ) | Civil Action No. 303-CV-874 (MRK) |

### REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS COMPLAINT

JAMES W. OLIVER
Federal Bar No.: ct02510
Berman and Sable
100 Pearl Street, 10th Floor
Hartford, CT 06103
Tel:   (860) 527-9699
Fax:   (860) 527-9077

DALE A. MALONE
Federal Bar No.: ct25020
Banner & Witcoff, Ltd.
28 State Street
Boston, Massachusetts 02109
Tel:   (617) 720-9600
Fax:   (617) 720-9601

Oral Argument Requested

*EXHIBIT 2*

later cease-and-desist letters, Mr. Fattibene frequently referred to "my client" (singular) without expressly stating to which of his two clients he was referring.

The confusion engendered by Mr. Fattibene's manipulation of the parties is not a matter of simple mistake, but rather the result of his tactical ploy intended to facilitate an attack on Cosmedico's trademark rights by LSI, which faces only *de minimis* exposure for trademark infringement, without placing the real party in interest, Tan Systems, at direct risk of liability exposure. Ignoring the plain fact that the final cease-and-desist letter from Cosmedico included a draft complaint to be filed in this Court *naming only Tan Systems as a defendant*, Mr. Fattibene elected to file a declaratory judgment suit based on this threat in the Connecticut court, *naming only LSI as a plaintiff*. When a plaintiff selects the parties in suit for tactical reasons, and not due to mistake, relation back is properly denied. *See, e.g., Louisiana Pac. Corp. v. ASARCO, Inc.*, 5 F.3d 431, 434 (9th Cir. 1993). For the purpose of determining subject matter jurisdiction in this Court, Mr. Fattibene is stuck with the puppet he deliberately chose first.

Moreover, the relation back of amendments adding claims is allowed much more freely than the relation back of amendments adding parties. 3 *Moore's Federal Practice*, §15.19[3][b] at pp. 15-84, 15-85 (Matthew Bender 3d Ed.). In all instances, relation back depends on whether the defendant had fair notice of the claims to be added. Here, Cosmedico, did *not* have fair notice of Tan Systems' claims as a newly-added plaintiff in this action.[1] On the contrary, Mr. Fattibene's preparation, filing and service of a complaint naming only LSI rightly put Cosmedico on notice that Tan Systems did *not* intend to join in this action. Tan Systems' failure to provide the required notice precludes relation back of the second amended complaint. *Kansa Rein.*, 20 F.3d at 1366.

---

[1] Many of the arguments advanced on behalf of Tan Systems in the Massachusetts action, and on behalf of LSI here, allege an "identity of interest" between those parties. However, for the purpose of relation back, an identity of interest usually requires substantial shared structural and corporate identity. 3 *Moore's Federal Practice*, §15.19[3][d] at p. 15-89; *Integrated Resources*, 815 F. Supp. at 646. No such identity exists here.

3

N/A

trademarks against Tan Systems, but it would be absurd to permit them to maintain actions, in their own names, to protect such tangential interests.

## V. Conclusion

The latest amendment to the pleadings in this case cannot supply the federal subject matter jurisdiction lacking in the original complaint. LSI had no grounds to seek a declaratory judgment here because it had not been directly threatened with litigation by Cosmedico. Tan Systems could have joined in this litigation at the outset, or at any time prior to Cosmedico's filing of the Massachusetts action, but chose not to do so. That case now stands as the first properly filed action between the real parties in interest.

For the reasons set forth above, and in the briefs previously submitted to the Court, Cosmedico respectfully requests that this action be dismissed.

Respectfully submitted,
Cosmedico Light, Inc.,
By their Attorney,

Dated: October 22, 2003

JAMES W. OLIVER
Federal Bar No.: ct02510
Berman and Sable
100 Pearl Street, 10th Floor
Hartford, CT 06103
Tel:   (860) 527-9699
Fax:   (860) 527-9077

7



# UNITED STATES PATENT AND TRADEMARK OFFICE

## Trademark Electronic Search System (TESS)

TESS was last updated on Tue Feb 11 04:31:26 EST 2003

Please logout when you are done to release system resources allocated for you.

List At: ____ OR ____ to record: ____ **Record 3 out of 10**

*(TARR contains current status, correspondence address and attorney of record for this mark. Use the "Back" button of the Internet Browser to return to TESS)*

### Typed Drawing

| | |
|---|---|
| **Word Mark** | VLR |
| **Goods and Services** | IC 011. US 013 021 023 031 034. G & S: vertical loop reactors. FIRST USE: 19970901. FIRST USE IN COMMERCE: 19970901 |
| **Mark Drawing Code** | (1) TYPED DRAWING |
| **Serial Number** | 75007939 |
| **Filing Date** | October 19, 1995 |
| **Filed ITU** | FILED AS ITU |
| **Published for Opposition** | July 2, 1996 |
| **Registration Number** | 2133076 |
| **Registration Date** | January 27, 1998 |
| **Owner** | (REGISTRANT) Envirex Inc. CORPORATION DELAWARE 1901 South Prairie Avenue Waukesha WISCONSIN 53186 |
| **Attorney of Record** | David B. Smith |

*EXHIBIT 3*

http://tess.uspto.gov/bin/showfield?f=doc&state=ac6dgi.4.3                02/11/2003