IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| Light Sources, Inc., and<br>Tan Systems, Inc.,<br><br>      Plaintiffs,<br><br>v.<br><br>Cosmedico Light, Inc.,<br><br>      Defendant. | Civil Action No. 303-CV-874 (MRK)<br><br>April 29, 2004 |

**DEFENDANT COSMEDICO LIGHT, INC.'S REPLY MEMORANDUM
IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT
AS TO COUNTS I, II and V OF THE SECOND AMENDED COMPLAINT**

**I.     Introduction**

The defendant in this action, Cosmedico Light, Inc. ("Cosmedico"), remains entitled to summary judgment in its favor upholding the validity and enforceability of its federally registered VHR® trademark involved in counts I, II and V of the Second Amended Complaint filed by plaintiffs Light Sources, Inc. ("LSI") and Tan Systems, Inc. ("Tan Systems").

The facts admitted by LSI and Tan Systems in their brief opposing Cosmedico's

1

summary judgment motion confirm that LSI's present attacks on the validity and enforceability of the VHR® trademark are based on the very same facts involved in the opposition proceeding in the United States Patent and Trademark Office. LSI consented to dismissal of that opposition *with prejudice*, and the outcome of that proceeding precludes LSI from seeking to relitigate the issues that were raised and decided, or could have been raised and decided, in that forum. Tan Systems has left the suntanning business and, accordingly, lacks standing to contest the validity and enforceability of Cosmedico's federal trademark registration. Stripped of its superfluous side issues and straw men, plaintiffs' opposition reveals no genuine issues of disputed material fact that would preclude the requested summary judgment.

II.  **Cosmedico's Summary Judgment Motion is Directed to Validity and Enforceability, Not Infringement**

In order to divert attention from the futility of their validity attack, plaintiffs instead devote significant effort to differentiating their present *noninfringement* allegations from the issues raised in the Trademark Office opposition proceeding. Cosmedico does not seek summary judgment at this time with respect to infringement. Nor does this motion involve (as plaintiffs seem to suggest) the other registered trademark (CosmoLux VLR) in suit. Rather, the present motion is focused solely on the validity and enforceability of Cosmedico's

registered VHR® trademark as that issue is involved in counts I, II and V of the Second Amended Complaint.

### III. LSI Seeks Merely to Relitigate the Same Validity Challenges It Conceded in the Trademark Office

Plaintiffs correctly observe that claims based on events occurring *after* a prior litigation necessarily could not have been adjudicated in that prior proceeding and, accordingly, are not precluded by *res judicata*. However, this is not such a case. Plaintiffs' pleading contains no allegation that any event that occurred after the issuance of the trademark registration has any bearing on the continuing validity and enforceability of the mark.

In its 1996 Notice of Opposition, LSI contended that Cosmedico's VHR® trademark is "generic" and therefore cannot function as a source-identifying trademark:

> "Applicant seeks to register the acronym 'VHR' as a trademark for ultraviolet fluorescent lighting tubes . . . The fluorescent tube industry is using the acronym 'VHR' on ultraviolet fluorescent tubes as a designation of such tubes which include a reflective coating over a portion of the surface . . . . Accordingly, Opposer believes that this acronym is a generic designation not subject to appropriation by Applicant or any other"

[Notice of Opposition, ¶¶1, 3 (see Cosmedico's L.R. 56(a)(1) Stmt., ¶7)]

In Count I of the Second Amended Complaint, plaintiffs use only slightly different words to now make the very same allegation:

> "26.  . . . Defendant's federal registered mark VHR is invalid and/or unenforceable."
>
> "31.  Defendant's use of the VHR mark is a descriptive acronym that describes the physical characteristics of Defendant's tanning amp [*sic*], viz. a Very High Output Reflector lamp and, as such, lacks any trademark significance."
>
> "34.  Defendant's VHR mark lacks any trademark significance, as Defendant's said VHR letters are merely a short hand descriptive term or acronym that describes the physical characteristics of Defendant's tanning lamps, and not as a trademark for indicating source of origin."

Nothing in plaintiffs' present pleading refers to or suggests any *intervening* acts or events that have allegedly adversely affected the validity or enforceability of the VHR® trademark since LSI abandoned its opposition and the trademark registration issued. Accordingly, LSI cannot avoid the preclusive effect of its stipulation to dismissal of its opposition *with prejudice* before the Trademark Office.

The preclusive effect of the prior stipulation with prejudice might be different if LSI had truly pleaded a different claim in this action. For example, if LSI had alleged in the Second Amended Complaint that the VHR® trademark *has become* generic due to Cosmedico's acquiescence in infringing uses by others (which, of course, is not true), then LSI could justifiably contend that the prior stipulation does not preclude such a claim. But LSI's actual pleading in this case does not admit of such an interpretation.

Plaintiffs' Local Rule 52(a)(2) statement does not supply the missing distinction of the present claims over the prior adjudication. In particular, the two allegedly disputed "factual issues" most recently advanced by plaintiffs pertaining to the validity of the VHR® mark merely confirm that plaintiffs seek only to rehash the same issues determined in the Trademark Office opposition proceeding:

> "2.  The invalidity issue asserted in the pleadings requires the factual determination as to whether or not the alleged registered mark VHR was used by another *prior to* Cosmedico's claimed date of first use of December 1994, which would nullify Cosmedico's exclusive use to or validity of its VHR mark." (emphasis added);
>
> "3.  The validity issue relating to the registered VHR mark asserted in the pleadings, which is disputed, also requires a factual determination as to

BERMAN AND SABLE LLC
ONE FINANCIAL PLAZA, HARTFORD, CONNECTICUT 06103
(860) 527-9699   •   JURIS NO. 03840

> whether or not the mark VHR is generic, which renders the VHR unregisterable under 15 USC 1052, or merely descriptive and lacks the secondary meaning that is required for indicating source of origin, i.e. a trademark use."

Both of the foregoing allegations are mere argument and therefore are defective under the local and federal rules in that they do not supply any alleged evidence to support the supposedly disputed "material" fact. *See* Fed. R. Civ. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-250 (1986) (In response to a motion for summary judgment, the non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleading" and must present more that "merely colorable" evidence of its position.) Moreover, both allegations clearly refer to alleged impediments to registration that would have existed at the time LSI prosecuted its opposition in the Trademark Office. If there was ever any substance to these bare allegations, LSI could have and should have pursued the issues to decision in that forum. Instead, LSI submitted to a stipulated dismissal of its opposition *with prejudice*. *Res judicata* is appropriate if the ground of recovery sought was available in the prior action "whether or not it was actually litigated and decided," and even if the prior action was an administrative proceeding. *See Jim Beam Brands*, 937 F.2d at 736-37. LSI cannot now have another bite at the apple in this Court.

**BERMAN AND SABLE LLC**
ONE FINANCIAL PLAZA, HARTFORD, CONNECTICUT 06103
(860) 527-9699   •   JURIS NO. 03840

The same reasoning applies to plaintiffs' attempt to seek cancellation of the VHR® trademark registration in Count II of the Second Amended Complaint. Plaintiffs' allegations in Count II all relate back to the very same issues determined in the prior opposition proceeding:

> "40. Defendant's federally registered trademark No. 2,124,659 for the mark VHR is merely descriptive . . .";
>
> "41. VHR is a descriptive acronym which the relevant market understands is being used by Defendant to describe the physical characteristics of Defendant's lamps.";
>
> "42. Defendant's registered VHR lacks the necessary distinctiveness to indicate source of origin."

Once again, all of these alleged impediments to registration either were or could have been raised by LSI in the prior opposition proceeding. LSI's submission to dismissal of the opposition *with prejudice* precludes LSI from relitigating these issues.

Count V of the Second Amended Complaint purports to state a claim of inequitable conduct based on statements made by Cosmedico's attorney to the Trademark Office. Plaintiffs suggest that the attorney misled the Examining Attorney with respect to facts that might have persuaded the Examining Attorney not to allow the registration to issue. Once

again, however, the issue was squarely raised by LSI in the opposition proceeding.

Specifically, LSI now alleges that Cosmedico's attorney deceived the Examining Attorney in responding to an inquiry as to whether the letters "VHR" had any significance (other than as a trademark) in the relevant trade or industry. Yet, not only was Cosmedico's allegedly deceptive statement available to LSI at the time of its opposition, this is precisely the issue that was expressly raised by LSI in its Notice of Opposition:

> "The fluorescent tube industry is using the acronym 'VHR' on ultraviolet fluorescent tubes as a designation of such tubes which include a reflective coating over a portion of the surface . . . . Accordingly, Opposer believes that this acronym is a generic designation not subject to appropriation by Applicant or any other."

[Notice of Opposition, ¶3 (*see* L.R. 56(a)(1) Stmt., ¶7)]. After raising this issue as an alleged bar to registration, LSI subsequently stipulated to dismissal of its opposition *with prejudice*. Clearly, LSI abandoned not only the argument that the VHR® mark is generic, but also the contention that the Examining Attorney was duped into relying upon the Cosmedico attorney's statement (rather than simply accepting LSI's concession that the issue was without merit) in deciding to allow the registration to issue.

LSI also expends considerable effort in arguing that the Trademark Office supposedly

8

did not render a decision "on the merits" in the opposition proceeding. LSI is wrong on the law. *cf, Storey,* 347 F.2d at 385, n.12. LSI expressly stipulated to dismissal of its opposition *with prejudice*, thereby indicating to the Trademark Office that its opposition had no merit. The Trademark Office accepted the stipulation, "on the merits", and issued the trademark registration. LSI's preclusion from relitigating its attack on the VHR® trademark is the "prejudice" it accepted in the prior proceeding. In any event, summary judgment is particularly appropriate in resolving issues of trademark validity that have previously been stipulated by the parties. *See Save the Children Foundation, Inc. v. Larry Jones International Ministries, Inc.,* 1996 U.S. Dist. Lexis 12928, *8 (Dist. Conn. 1996) (copy attached to Cosmedico's principal brief as Exh. A).

### IV. Tan Systems Has Permanently Left the Suntanning Industry and Has No Standing to Contest Validity or Enforceability

As a last resort, plaintiffs contend that even if LSI is precluded from relitigating the issues that were, or could have been raised in the opposition proceeding, Tan Systems is not similarly precluded because the two plaintiffs were not in privity at that time. The Court need not determine the privity issue, as intervening events have obviated any standing Tan Systems might otherwise have had to bring such claims. Specifically, plaintiffs admit that Tan Systems has sold its assets and left the suntanning business. According to plaintiffs, Tan

9

Systems has even entered into a non-compete agreement that will preclude it from re-entering the industry. Thus, the continuing validity and enforceability of the VHR® trademark registration is of no future concern to Tan Systems, and will not affect its future business in any way.

In particular, Tan Systems lacks standing to seek cancellation of the VHR® federal trademark registration, as it seeks in Count V of the Second Amended Complaint. Under the express provisions of 15 U.S.C. §1064, the statute under which plaintiffs seek cancellation, that remedy is available only to a "person who believes that he is or will be damaged, including as a result of dilution under section 43(c), by the registration of a mark on the principal register . . ." The Federal Circuit has determined that a petitioner for cancellation of a registered trademark have a "real interest" in the cancellation proceeding. *Herbko Int'l, Inc. v. Kappa Books, Inc.*, 308 F.3d 1156, 1161 (Fed. Cir. 2002); *Int'l Order of Job's Daughters v. Lindeburg & Co.*, 727 F.2d 1087, 1092 (Fed. Cir. 1984). The "real interest" test can be met by showing a direct commercial interest in the dispute. *Herbko*, 308 F.3d at 1161; *Cunningham v. Laser Golf Corp.*, 222 F.3d 943, 946 (Fed. Cir. 2000). Similarly, the Second Circuit has denied trademark standing to a plaintiff who does not currently sell products in competition with the defendant and whose plans for future sales are too speculative to confer standing. *PDK Labs v. Friedlander*, 41 USPQ2d 1338, 1344 (2d Cir. 1997).

Tan Systems' principal owner, Ms. Kristin Tiffany, in her declaration supporting plaintiffs' opposition to the present summary judgment motion, admits that "Tan Systems has sold its sun tanning business to Heartland Tan and Tan Systems has ceased doing any sun tanning related business . . ." (Tiffany Decl. at p. 8) Plaintiffs' opposition brief also concedes that "Tan Systems is no longer in the business of selling sun tanning equipment and/or sun tanning lamps; nor is Tan Systems now functioning as Light Sources exclusive distributor of the accused lamps." (*see* plaintiffs' brief at p. 7) Plaintiff's Local Rule 56(a)(2) statement, at paragraph 3, admits that "[a]s part of the sale of Tan Systems' business assets to Heartland, Tan Systems entered into a non-compete arrangement." Clearly, therefore, Tan Systems has no direct (or even prospective) interest in the continuing validity of Cosmedico's federal trademark registration and is not one of the class of persons entitled to maintain a cancellation action under 15 U.S.C. §1064.

### V.    Conclusion

For the reasons set forth above and in defendant's principal memorandum of points and authorities, Cosmedico respectfully requests entry of summary judgment in its favor as to the validity and enforceability of its federally registered VHR® trademark as that issue is involved in Counts I, II and V of the Second Amended Complaint.

BERMAN AND SABLE LLC
ONE FINANCIAL PLAZA, HARTFORD, CONNECTICUT 06103
(860) 527-9699   •   JURIS NO. 03840

Respectfully submitted,

_____
Dale A. Malone  (Fed. Bar No. ct25020)
Banner & Witcoff, Ltd.
28 State Street
Boston, Massachusetts 02109
Tel: 617-720-9600
Fax: 617-720-9601
dmalone@bannerwitcoff.com

_____
James Oliver (Fed. Bar No. ct02510)
Berman and Sable
100 Pearl Street
Hartford, CT 06103
Tel: 860-527-9699
Fax: 860-527-9077

Attorneys for Defendant,
COSMEDICO LIGHT, INC.

### Certificate of Service

I hereby certify that a copy of the foregoing document has been served, first class U.S. mail, postage prepaid, this 29th day of April, 2004, on plaintiffs' counsel of record as follows:

Arthur T. Fattene
Fattibene & Fattibene
2480 Post Road
Southport, CT 06890

_____

BERMAN AND SABLE LLC
ONE FINANCIAL PLAZA, HARTFORD, CONNECTICUT 06103
(860) 527-9699  •  JURIS NO. 03840