IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LIGHT SOURCES, INC. <br> and TAN SYSTEMS, INC., <br><br> Plaintiffs <br><br> v. <br><br> COSMEDICO LIGHT, INC., <br><br> Defendant | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | Civil Act. No. 03-CV-874(MJK) <br><br><br> Hon. Mark J. Kravitz |

## MOTION FOR PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26(c)(2) and the United States District Court of Connecticut Local Rule 37, Plaintiff, Tan Systems, Inc. (hereinafter "Tan Systems") moves the Court for a Protective Order to have the 30(b)(6) Deposition of Tan Systems moved from Connecticut to Georgia, the state of its principal place of business.

## GROUNDS FOR RELIEF

In support of this Motion, Plaintiff shows as follows:

1. Tan Systems is a Georgia corporation with its principal place of business in Georgia. (See Crumpler Affidavit ¶ 2, attached to Memorandum in Support of Motion for Protective Order as Exhibit B and filed contemporaneously herewith).

2. Kristin Crumpler (hereinafter "Mrs. Crumpler"), the owner and CEO of Tan Systems, is the only person available for deposition and she resides in Georgia. (See Crumpler Affidavit ¶ 3).

3. All of the assets of Tan Systems were sold on February 16, 2003 in Georgia, and it no longer has any employees. (See Crumpler Affidavit ¶ 4).

4. Tan Systems is no longer operating as an ongoing business, as it is in the process of winding down. (See Crumpler Affidavit ¶ 5),

5. All documents related to this matter are in Georgia, and Mrs. Crumpler has no ownership of the documents because they were sold to a third party pursuant to the asset sale of Tans Systems. (See Crumpler Affidavit ¶ 8).

6. Tan Systems is being indemnified by Light Sources after receiving repeated lawsuit threats from legal counsel for defendant. (See Crumpler Affidavit ¶ 10).

7. Counsel for plaintiff traveled to Connecticut for mediation to see if defendant would agree to settle with Tan Systems and release it from litigation. Defendant refused to discuss any settlement of the matter without the inclusion of Light Sources. (See Crumpler Affidavit ¶ 11).

8. Mrs. Crumpler is no longer working for Tan Systems. (See Crumpler Affidavit ¶ 4).

9. It is easier for legal counsel to travel to Georgia—especially since all of the relevant documents are in Georgia—than it is for Mrs. Crumpler to travel to New Haven, Connecticut after only one week's notice. (See Notice of Deposition attached hereto as Exhibit B).

10. She was recently married, and she just returned from her honeymoon on June 28, 2004. Mrs. Crumpler is now working full-time as a mother and is the primary caretaker of four minor children. (See Crumpler Affidavit ¶ 13-16).

11. Mrs. Crumpler is the process of moving. She and her husband anticipate moving into their new house on this Friday, which is the day of the scheduled deposition in Connecticut. (See Crumpler Affidavit ¶ 18).

12. Mrs. Crumpler's husband works full-time for the Henry County Police Department and is not able to get off work easily and without hardship to the other members of the Henry County Police force. (See Crumpler Affidavit ¶ 17).

13. Mrs. Crumpler, if forced to travel to Connecticut, would have to spend a minimum of two days and one night away from her family, which is extremely inconvenient as things are currently in a state of significant transition for the Crumplers. (See Crumpler Affidavit ¶ 20-21).

14. The Affidavit of Kristin Crumpler and Memorandum in Support of Motion for Protective Order sets forth the detailed facts showing why it would cause tremendous inconvenience and expense to Tan Systems to require it to produce Mrs. Crumpler along with all related files, in New Haven, Connecticut, when it would be more convenient for all parties to have counsel for defendant travel to Atlanta, Georgia.

### Supporting Papers

15. This motion is based on this document, the attached Memorandum of Law, the attached Supporting Affidavit of Kristin Crumpler, the Certificate of Service of all of these motions on counsel for defendant, all of the pleadings already on file in this action, and on whatever evidence and argument may be allowed at any haring of this motion.

WHEREFORE, Plaintiff, Tan Systems, Inc., prays that its motion be granted, that the deposition be transferred to Atlanta, Georgia, and that the Plaintiff have such other and further relief as the court deems just and proper.

Respectfully submitted, this  13th  day of July, 2004.


_____
Arthur T. Fattibene, Esq.
Bar No. CT06916
2480 Post Road
Southport, CT 06490
203-255-4400 phone
203-259-0033 fax


_____
Cynthia L. Counts
Georgia Bar No. 190280
Counts & Associates
1384 Lanier Place
Atlanta, Georgia 30306
Telephone: 404-876-1785
Facsimile: 404-249-9897

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LIGHT SOURCES, INC.<br>and TANSYSTEMS, INC., | *<br>* | |
| | * | Civil Act. No. 03-CV-874(MJK) |
| Plaintiffs | *<br>* | |
| v. | * | Hon. Mark J. Kravitz |
| | * | |
| COSMEDICO LIGHT, INC., | *<br>* | |
| Defendant | *<br>* | |
| | * | |

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served copies of the within and foregoing **Motion for Protective Order** by facsimile and first class U.S. mail on defendant's counsel of record as follows:

Dale A. Malone
Banner & Witcoff, Ltd.
28 State Street, 28th Floor
Boston, MA 02109
Fax: 617-720-9601

James W. Oliver
100 Pearl Street
10th Floor
Hartford, Connecticut 06103
Fax: 860-527-9077

Submitted this /3 day of July, 2004.

_____
Arthur T. Fattibene, Esq.
Bar No. CT06916
2480 Post Road
Southport, CT 06490
203-255-4400 phone
203-259-0033 fax

5