IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LIGHT SOURCES, INC.<br>and TAN SYSTEMS, INC., | * * * | Civil Act. No. 03-CV-874(MJK) |
| Plaintiffs | * * | |
| v. | * * | Hon. Mark J. Kravitz |
| COSMEDICO LIGHT, INC., | * * | |
| Defendant | * * * | |

## MEMORANDUM IN SUPPORT OF
## MOTION FOR PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26(c)(2) and the United States District Court of Connecticut Local Rule 37, Plaintiff, Tan Systems, Inc. (hereinafter "Tan Systems") moves the Court for a Protective Order from having the 30(b)(6) Deposition of Tan Systems from being taken in Connecticut, rather than Georgia, the state of its principal place of business.

## PROCEDURAL POSTURE

Tan Systems, Inc. is a Georgia corporation with its principal place of business in Georgia. This instant declaratory judgment action was filed on May 16, 2003 by Light Sources, Inc. (hereinafter "Light Sources") in response to repeated threats of lawsuit. The discovery period closes on July 23, 2004. Despite this case having been pending for nearly 14 months, Defendant only last week served a 30(b)(6) Notice of Deposition on Tan Systems to be taken in New Haven, Connecticut this past Friday, July 16, 2004. As required by Rule 26(c) of the Federal Rules of Civil Procedure and Conn. Dist. Ct. Local

Rule 37, counsel has conferred with opposing counsel in good faith and the two sides have not been able to fully resolve the discovery issues without the intervention of the Court. See certification by Art Fattibene attached as Exhibit 1.

## STATEMENT OF FACTS

Tan Systems is a Georgia corporation with its principal place of business in Georgia. (See Affidavit of Kristin Crumpler ¶ 2, attached hereto as Exhibit 2, hereinafter referred to as Aff. Crumpler). Kristin Crumpler (formerly Kristin Tiffany; hereinafter Mrs. Crumpler), the owner of Tan Systems, is the only person available for deposition and she resides in Georgia. (See Aff. Crumpler ¶ 3.) All the assets of Tan Systems were sold on February 16, 2003, and it no longer has any employees. (See Aff. Crumpler ¶ 4.) Tan Systems is no longer operating as an ongoing business. (See Aff. Crumpler ¶ 5.) All of Tan Systems' business operations were conducted in the state of Georgia. (See Aff. Crumpler ¶ 7.) All documents relevant to this case are located in Georgia and were sold to a third party pursuant to the asset sale of Tan Systems. (See Aff. Crumpler ¶ 8.) No employee of Tan Systems ever traveled regularly to New England in the course of business. (See Aff. Crumpler ¶ 9.) Tan Systems, having sold all of its assets, no longer produces the products at issue. (See Aff. Crumpler ¶ 6).

Light Sources has agreed to indemnify Tan Systems. (See Aff. Crumpler ¶ 10.) Tan Systems joined this lawsuit along with Light Sources after receiving repeated threats of lawsuit from legal counsel for Defendant and the promised indemnification from Light Sources. (See Aff. Crumpler ¶ 11.) Tan Systems has no interest in continuing in the litigation. (See Aff. Crumpler ¶ 12.) Indeed, counsel for Tan Systems traveled to Connecticut for mediation to see if Defendant would agree to settle with Tan Systems and

2

release it from the litigation. Yet, Defendant refused to discuss any settlement of the matter without the inclusion of Light Sources.

In addition to the business reasons for Tan Systems, Mrs. Crumpler, the sole remaining employee of Tan Systems and only person available for deposition, has issues in her personal life which would make a deposition in Connecticut particularly onerous. First, Mrs. Crumpler was recently married, and just returned from her honeymoon on July 14, 2004. (See Aff. Crumpler ¶ 13.) She is the mother two daughters, ages 15 and 16; and now the stepmother of two boys, ages, 7 and 8. (See Aff. Crumpler ¶ 14-15.) Ms. Crumpler is now working full-time as a mother and is the primary caretaker of the four children. (See Aff. Crumpler ¶ 16.) Because she is now a full-time homemaker, Ms. Crumpler no longer travel in the course of business. (See Aff. Crumpler ¶ 19.) Her husband works full time for the Henry County Police Department and is not able to get off of work easily and without hardship to the other members of the Henry County Police Force. (See Aff. Crumpler ¶ 17.) Additionally, she and her new husband have just completed a new house and anticipate moving in this Friday, the day of the scheduled deposition in Connecticut. (See Aff. Crumpler ¶ 18.) Mrs. Crumpler, if forced to travel to Connecticut, would have to spend a minimum of two days and one night away from her family. (See Aff. Crumpler ¶ 20.) Moreover, tickets to travel to Connecticut and hotel accommodations for two people, myself and my attorney, at this late date already will likely exceed $3,000. (See Aff. Crumpler, ¶ 18.) In August, the children will have settled back to school and into the new home, but now things are in a state of significant transition. (See Aff. Crumpler ¶ 21.) As a result of a number of significant changes in

Mrs. Crumpler's life and the obligations she has at home with her children, travel would cause an undue hardship on her at this time. (See Aff. Crumpler ¶ 22.)

## ARGUMENT AND CITATION OF AUTHORITY

The location of a deposition is within the broad discretion of the Court. See Sugarhill Records Ltd. v. Motown Record Corp., 105 F.R.D. 166, 171 (S.D.N.Y. 1985). See also Doe Run Peru S.R.L. v. Handy & Harman Refining Group, Inc. (In re Handy & Harman Refining Group, Inc.), 295 B.R. 179 (Bankr. D. Conn., 2003). A protective order is warranted if the party from whom discovery is sought shows "good cause," such as annoyance embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c). In the absence of exceptional or unusual circumstances, when a deponent resides at a substantial distance from the deposing party's residence, the deposing party should be required to take the deposition at a location in the vicinity in which the deponent resides, *even if the deponent is a party*. See Metrex Research Corp. v. United States, 151 F.R.D. 122, 124 (D. Colo. 1993)(emphasis added).

Pursuant to Fed. R. Civ. P. 26(c), the general rule is that the deposition of a corporation by its agents and officers should be taken at its principal place of business. See Salter v. Upjohn Co., 593 F.2d 649, 651 (5th Cir. 1979). Where a deposition is noticed to take place at a location other than the corporation's principal place of business, there is a presumption that the corporation had good cause for a protective order. See Chris-Craft Indus. Prods., Inc. v. Kuraray Co., 184 F.R.D. 605 (D. Ill., 1999). If a corporation objects to depositions at a location other than its principal place of business, the objection should be sustained *unless there are unusual circumstances* that justify

such an inconvenience to the corporation. See Grey v. Continental Marketing Associates, 315 F.Supp. 826, 832 (N.D. Ga. 1970)(emphasis added).

Plaintiff will likely cite the conflicting rule, which states that a plaintiff, having chosen the forum, should submit to oral examination within the district it has chosen. See Farquhar v. Sheldon, 116 F.R.D. 70, 72 (E.D. Mich. 1987). However, this rule does not trump the general rule that a corporation's officers will normally be deposed at the corporation's principal place of business. Harris Corp. v. Amperex Elec. Corp., 1987 U.S. Dist. LEXIS 14108 (D. Ill., 1987). See also Doe Run Peru S.R.L. v. Handy & Harman Refining Group, Inc. (In re Handy & Harman Refining Group, Inc.), 295 B.R. 179 (Bankr. D. Conn., 2003). Indeed, such a conflict directs the Court to exercise its considerable discretion to decide the location of the deposition. Harris Corp. v. Amperex Elec. Corp. at 4. Where the parties cannot agree on the location of depositions, a court should exercise its discretion, consider the competing interests and hardships, and design an order that balances the interests of both parties. See Sprague Electric Co. v. Cornell-Dubilier Elec. Corp., 4 F.R.D. 113, 114 (D. Dela. 1944). In this case, the balancing of equities weighs heavily in favor of the Plaintiff.

Appearing for a deposition in Connecticut at this point would constitute a hardship for Mrs. Crumpler due to the numerous obligations in her life. She is recently married and just returned from her honeymoon on June 28, 2004. (See Aff. Crumpler ¶ 13.) She works full-time caring for her four children, while her husband works full-time for the Henry County Police Department and is not able to get off of work easily and without causing hardship to the other members of the Department. (See Aff. Crumpler ¶¶ 16-17.) Mrs. Crumpler and her family this week are in the process of moving into their

new home. (See Aff. Crumpler ¶ 18.) A deposition in Connecticut would force her to leave her family for a minimum of two days and one night – assuming there are no problems with transportation. (See Notice of Deposition attached as Exhibit 3 and Aff. Crumpler ¶ 20.) Finally, Mrs. Crumpler was only given a one-week notice of the scheduled deposition. Whereas travel at this time would be particularly burdensome to Mrs. Crumpler, the same burdens do not exist for opposing counsel. Travel is a common element to the legal profession, particularly in a lawsuit of this nature. It is also easier and more economical to reach Atlanta for deposition via airplane than it is New Haven, Connecticut.

Conducting a deposition in Georgia would be a far more convenient option for Mrs. Crumpler. If opposing counsel is unable to travel to Georgia, Mrs. Crumpler can be available for deposition via telephone conference July 16 at the 9:30 a.m., the time originally scheduled by opposing counsel for the deposition in Connecticut. (Aff. Crumpler ¶ 23.) Alternatively, Defendant could take Mrs. Crumpler's deposition upon written questions pursuant to Fed. R. Civ. P. 31. Should neither of these options be agreeable to the Court, the Plaintiff requests that any deposition of Mrs. Crumpler in New Haven, Connecticut be postponed until August, which would give her more sufficient notice to allow her to make arrangements for the caretaking of her children.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Plaintiff prays that its Motion for Protective Order be GRANTED, and that Defendant be required to take the deposition of Tan Systems in Georgia.

Respectfully submitted, this __13th__ day of July, 2004.

_____
Arthur T. Fattibene, CT 06916

Fattibene and Fattibene
2480 Post Road
Southport, CT 06890
Telephone: 203-255-4400
Facsimile: 203-259-0033

_____
Cynthia L. Counts
Georgia Bar No. 190280

Counts & Associates
1384 Lanier Place
Atlanta, GA 30306
Telephone: 404-876-1785
Facsimile: 404-249-9897

Attorneys for Plaintiffs
Tan Systems, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LIGHT SOURCES, INC.<br>and TANSYSTEMS, INC.,<br><br>Plaintiffs<br><br>v.<br><br>COSMEDICO LIGHT, INC.,<br><br>Defendant | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | Civil Act. No. 03-CV-874(MJK)<br><br>Hon. Mark J. Kravitz |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served copies of the within and foregoing

**Memorandum in Support of Motion for Protective Order** by facsimile and first class

U.S. mail on defendant's counsel of record as follows:

>James Oliver
>Jose A. Aquiar
>Berman & Sable
>100 Pearl Street
>Hartford, CT 06103
>Fax: 860-527-9077
>
>Dale A. Malone
>Banner & Witcoff, Ltd.
>28 State Street, 28th Floor
>Boston, MA 02109
>Fax: 617-720-9601

This 13th day of July, 2004.

                                                          Arthur T. Fattibene, CT 06916
                                                          Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LIGHT SOURCES, INC.<br>and TAN SYSTEMS, INC., | *<br>*<br>* | Civil Act. No. 03-CV-874(MJK) |
| Plaintiffs | *<br>* | |
| v. | *<br>* | Hon. Mark J. Kravitz |
| COSMEDICO LIGHT, INC., | *<br>* | |
| Defendant | *<br>* | |

**CERTIFCATE OF ATTEMPTED RESOLUTION OF DISPUTE
PURSUANT TO RULE 26(c)**

Undersigned counsel hereby certifies, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and United States District Court of Connecticut Local Rule 37, that he has conferred with defense counsel concerning the location where Tan Systems' deposition should take place. By signing this motion, counsel for Tan Systems, counsel for Plaintiff, Arthur Fattibene, certifies:

Prior to bringing the motion, counsel for the Plaintiff conferred by telephone on July 12, 2004 and were unable to resolve the issue. Counsel for Cosmedico insisted that the deposition must be in Connecticut, forcing plaintiff to file a Motion for Protective Order.

Despite the matters set forth in this motion, counsel for defendant refused to consider rescheduling the deposition of Tan Systems to Atlanta, Georgia.

*EXHIBIT*
*1*

RESPECTFULLY SUBMITTED, this /3th day of July, 2004.

                                                  Aruther T. Fattibene, Esq.
                                                  Bar No. CT06916
                                                  2480 Post Road
                                                  Southport, CT 06490
                                                  203-255-4400 phone
                                                  203-259-0033 fax

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LIGHT SOURCES, INC. <br> and TANSYSTEMS, INC., <br><br> Plaintiffs <br><br> v. <br><br> COSMEDICO LIGHT, INC., <br><br> Defendant | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | Civil Act. No. 03-CV-874(MJK) <br><br><br> Hon. Mark J. Kravitz |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served copies of the within and foregoing

**Certificate of Attempted Resolution of Dispute** by facsimile and first class U.S. mail on

defendant's counsel of record as follows:

>    Dale A. Malone                      James W. Oliver
>    Banner & Witcoff, Ltd.              100 Pearl Street
>    28 State Street, 28th Floor         10th Floor
>    Boston, MA 02109                    Hartford, Connecticut 06103
>    Fax: 617-720-9601                   Fax: 860-527-9077

Submitted this __13th__ day of July, 2004.

>                                     _____
>                                     Aruther T. Fattibene, Esq.
>                                     Bar No. CT06916
>                                     2480 Post Road
>                                     Southport, CT 06490
>                                     203-255-4400 phone
>                                     203-259-0033 fax

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LIGHT SOURCES, INC.<br>and TAN SYSTEMS, INC.,<br><br>　　　　Plaintiffs<br><br>v.<br><br>COSMEDICO LIGHT, INC.,<br><br>　　　　Defendant | * * * * * * * * * * * * | Civil Act. No. 03-CV-874(MJK)<br><br>Hon. Mark J. Kravitz |

## AFFIDAVIT OF KRISTIN CRUMPLER

Personally appeared before me, a person duly authorized to administer oaths, the undersigned, Kristin Crumpler, who after being duly sworn, deposes and says:

1.

My name is Kristin Crumpler, formerly Kristin Tiffany, and I am over the age of 18.

2.

Tan Systems, Inc. (hereinafter "Tan Systems") is a Georgia corporation with its principal place of business in the State of Georgia.

3.

I am the owner of Tan Systems and reside in the State of Georgia.

4.

I sold all assets of Tan Systems on February 16, 2003, and Tan Systems no longer has any employees.

EXHIBIT
2

5.

Tan Systems is no longer operating as an ongoing business.

6.

Tan Systems no longer produces the products at issue in this case.

7.

All of Tan System business operations were conducted in the state of Georgia.

8.

All documents relevant to this case are located in Georgia. I have no ownership of these documents as they were sold along with Tan Systems' assets.

9.

No employee of Tan Systems ever traveled regularly to New England in the course of business.

10.

Light Sources, Inc. (hereinafter "Light Sources") has agreed to indemnify Tan Systems.

11.

Tan Systems joined this lawsuit along with Light Sources after receiving repeated threats of lawsuit from legal counsel for Defendant and the promised indemnification from Light Sources.

12.

Tan Systems has no interest in continuing in the litigation.

13.

I was married this year on June 10, 2004, and just returned from my honeymoon on June 28, 2004.

14.

I have two daughters from my first marriage, ages 15 and 16.

15.

As a result of my marriage this year, I have two stepsons, ages 7 and 8.

16.

I am now working full-time as a mother and am the primary caretaker of the children.

17.

My husband works full-time for the Henry County Police Department and is not able to get off of work easily and without hardship to the other members of the Henry County Police Force.

18.

My husband and I have been overseeing the construction of our new house for the past several months, which we had been planning to move into on Friday, July 16, 2004.

19.

Because I am now a full-time homemaker, I no longer travel in the course of business.

20.

If I am forced to travel to Connecticut, I would have to spend a minimum of two days and one night away from my family.



**21.**

Currently the children are in a state of transition. In August the children will have settled back to school and into the new home.

**22.**

Due to these above-referenced circumstances, traveling to Connecticut at this time would place a significant burden on my family and me.

**23.**

I am available for a telephone or in person deposition this Friday, July 16 at the law offices of my attorney in Atlanta, Georgia.

**24.**

At this late date, tickets to travel to Connecticut and hotel accommodations for two people, myself and my attorney, at this late date likely will exceed $3,000.

FURTHER Affiant sayeth not.

Dated: 7/13/04                                           _____
                                                          KRISTIN CRUMPLER

Subscribed and sworn to before me
this 13th day of July, 2004.

_Melinda Stancil_
NOTARY PUBLIC
STATE OF GEORGIA
My Commission Expires:

MY COMMISSION EXPIRES
OCTOBER 1, 2007

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| LIGHT SOURCES, INC. and TANSYSTEMS, INC., <br><br> Plaintiffs <br><br> v. <br><br> COSMEDICO LIGHT, INC., <br><br> Defendant | Civil Act. No. 03-CV-874(MJK) <br><br> Hon. Mark J. Kravitz |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served copies of the within and foregoing **Affidavit of Kristin Crumpler** by facsimile and first class U.S. mail on defendant's counsel of record as follows:

> James Oliver
> Jose A. Aquiar
> Berman and Sable
> 100 Pearl Street
> Hartford, CT 06103
> Fax: 860-527-9077

> Dale A. Malone
> Banner & Witcoff, Ltd.
> 28 State Street, 28th Floor
> Boston, MA 02109
> Fax: 617-720-9601

This 13th day of July, 2004.

_____
Arthur T. Fattibene, CT 06916
Attorney for Plaintiff

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LIGHT SOURCES, INC. <br> and TANSYSTEMS, INC., <br><br> Plaintiffs <br><br> v. <br><br> COSMEDICO LIGHT, INC., <br><br> Defendant | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | Civil Act. No. 03-CV-874(MJK) <br><br><br> Hon. Mark J. Kravitz |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served copies of the within and foregoing **Affidavit of Kristin Crumpler** by facsimile and first class U.S. mail on defendant's counsel of record as follows:

> James Oliver
> Jose A. Aquiar
> Berman and Sable
> 100 Pearl Street
> Hartford, CT 06103
> Fax: 860-527-9077
>
> Dale A. Malone
> Banner & Witcoff, Ltd.
> 28 State Street, 28th Floor
> Boston, MA 02109
> Fax: 617-720-9601

This  13th  day of July, 2004.

_____
Arthur T. Fattibene, CT 06916
Attorney for Plaintiff

Case 3:03-cv-00874-MRK    Document 52    Filed 07/15/2004    Page 18 of 20

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| LIGHT SOURCES, INC. and TAN SYSTEMS, INC., | ) ) ) |
| Plaintiffs, | ) Civil Act. No. 03-CV-874(MJK) ) ) |
| v. | ) Hon. Mark J. Kravitz ) |
| COSMEDICO LIGHT, INC., | ) ) ) |
| Defendant | ) ) ) |

**AMENDED NOTICE OF DEPOSITION OF PLAINTIFF,
TAN SYSTEMS, INC. PURSUANT TO FED. R. CIV. P. 30(b)(6)**

Please take notice that, pursuant to Fed. R. Civ. P. 30(b)(6), Defendant Cosmedico Light, Inc. will take the deposition of plaintiff, Tan Systems, Inc., through the officer, employee, agent and/or other representative(s) who consent(s) to testify on its behalf, as to the following subjects:

1. Tan Systems' business dealings with plaintiff Light Sources, Inc. ("LSI").

2. All indemnification agreements between Tan Systems and LSI.

3. Tan Systems' advertising, marketing and sales of lamps bearing the marks "THR" or "TLR."

4. The circumstances under which plaintiffs' considered and adopted the marks "THR" and "TLR" in reference to the products in suit.

5. All communications by any person to the United States Food and Drug Administration pertaining to any product sold by Tan Systems bearing the marks "THR" or "TLR."

EXHIBIT
3

6.  All compatibility testing performed with regard to any product sold by Tan Systems bearing the marks "THR" or "TLR."

7.  All trademarks used by Tan Systems in the sales, marketing or distribution of suntanning lamps.

8.  Any valuation performed by or for Tan Systems with regard to any trademark.

9.  All communications between Tan Systems and any other person or entity regarding this litigation.

10. The terms under which Tan Systems contracted to sell assets to Heartland Tanning.

11. All valuations of Tan Systems of which plaintiff is aware.

12. The factual basis for each allegation set forth in the Second Amended Complaint.

The deposition will take place at the offices of Berman and Sable, 195 Church Street, New Haven, Connecticut, 06510 and will commence at 9:30 a.m. on July 16, 2004, and shall continue from day to day until completed. The deposition will be recorded stenographically, and may also be videotaped. You are invited to attend and cross-examine.

July 9, 2004

Dale A. Malone (Fed. Bar No. ct25020)
Banner & Witcoff, Ltd.
28 State Street
Boston, Massachusetts 02109
Tel: 617-720-9600
Fax: 617-720-9601
dmalone@bannerwitcoff.com

James Oliver (Fed. Bar No. ct02510)
Berman and Sable
100 Pearl Street
Hartford, CT 06103
Tel: 860-527-9699
Fax: 860-527-9077

Attorneys for Defendant,
  COSMEDICO LIGHT, INC.

## Certificate of Service

I hereby certify that a copy of the foregoing document has been served, by facsimile and first class U.S. mail, postage prepaid, this 9th day of July, 2004, on plaintiffs' counsel of record as follows:

Arthur T. Fattibene
Fattibene & Fattibene
2480 Post Road
Southport, CT 06890

*[signature]*