## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| Light Sources, Inc., and<br>Tan Systems, Inc., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>) |
| Cosmedico Light, Inc., | )<br>) |
| Defendant. | )<br>) |

Civil Action No.  303-CV-874 (MJK)

Hon. Mark J. Kravitz

August 5, 2004

### MEMORANDUM OF DEFENDANT COSMEDICO LIGHT, INC.
### IN OPPOSITION TO PLAINTIFF TAN SYSTEMS' MOTION FOR
### PROTECTIVE ORDER

Cosmedico Light, Inc. ("Cosmedico"), the defendant in this action, hereby opposes the present motion of plaintiff Tan Systems, Inc., for a protective order moving the location of plaintiff's deposition from Connecticut, the forum in which it voluntarily filed suit against Cosmedico, to Atlanta, Georgia, where its newly-appearing co-counsel practices. Tan Systems is not entitled to this relief because, as a corporate plaintiff, it is subject to deposition in the forum in which it chose to bring suit, and because the cost and inconvenience to the other parties and their counsel of taking the plaintiff's deposition in Georgia far outweigh the benefit demanded for itself by Tan Systems.

## I.    INTRODUCTION

### A.    The Parties

Cosmedico Light, Inc., of Weymouth, Massachusetts, markets, sells and distributes

Oral Argument Requested

fluorescent sun lamps, suntanning beds and other products used for indoor tanning. Cosmedico sells its products both to sunbed manufacturers and, through a network of distributors, to salon owners. Cosmedico's products are also distributed worldwide, through sales to sunbed manufacturers, distributors and salon owners. [*See* Local Rule 56(a)(1) Statement in Support of Defendant Cosmedico Light, Inc.'s Motion for Partial Summary Judgment as to Counts I, II and V of the Second Amended Complaint (hereinafter, "L.R. 56(a)(1) Stmt") at ¶1].

Plaintiff Tan Systems, Inc. was based in McDonough, Georgia. Tan Systems made and sold suntanning beds, and had previously sold other suntanning products made by a variety of manufacturers, including both Cosmedico and co-plaintiff, Light Sources, inc. ("LSI"). Thus, Tan Systems had historically been both a customer of, and a competitor to, Cosmedico in the suntanning industry. [L.R. 56(a)(1) Stmt., ¶3]    LSI, located in Orange, Connecticut, manufactures various types of ultraviolet and fluorescent lamps, both for suntanning and for other applications. LSI sells its suntanning products in competition with Cosmedico. [L.R. 56(a)(1) Stmt., ¶2]    The products accused of trademark infringement in this suit (bearing the infringing marks "THR" and "TLR") were (but are no longer) manufactured by LSI and were (but are no longer) marketed, sold and distributed by Tan Systems. Tan Systems was the exclusive purchaser and distributor of the infringing THR and TLR lamps – LSI does not make them for anyone else. Nor did Tan Systems acquire such lamps from any manufacturer other than LSI. [L.R. 56(a)(1) Stmt., ¶4]

Several months ago, Tan Systems agreed to sell its business assets to a third party and leave the suntanning business. Tan Systems and LSI have maintained throughout the course of this litigation that an indemnification agreement between them requires LSI to reimburse all costs and expenses incurred by Tan Systems in relation to this action. Prior to the filing of the

present motion, both Tan Systems and LSI were represented by the same Southport, Connecticut based counsel. In conjunction with the present motion, co-counsel for Tan Systems has filed an appearance in this action.

### B.    The Procedural Posture of the Case

In their Second Amended Complaint ("Amended Complaint") filed in this Court, Tan Systems and LSI attacked the validity and enforceability of Cosmedico's federally registered trademarks. In preparation for trial, Cosmedico prepared and served document requests, interrogatories and notices of deposition under Fed. R. Civ. P. 30(b)(6) directed to both plaintiffs. While the plaintiffs have served responses to Cosmedico's paper discovery requests, Tan Systems refused to produce documents responsive to Cosmedico's requests, claiming that the documents were no longer within its possession, custody or control. Plaintiff LSI has appeared for its deposition in response to the notice served by Cosmedico, although that deposition has not yet been completed due to procedural issues, which arose during the deposition, that plaintiffs' counsel has indicated he will raise before this Court. Plaintiff Tan Systems, on the other hand, has refused to appear for deposition, instead filing the present motion for protective order.

## II.    SUMMARY OF COSMEDICO'S OPPOSITION TO THE MOTION

Tan Systems is not entitled to a transfer of the location of its deposition because:

1.    As the plaintiff, it voluntarily chose the forum of this district for its action against Cosmedico and, accordingly, is subject to deposition here, according to widely-shared legal precedent;

2.    Many of the alleged hardships asserted by Tan Systems' principal, Ms. Kristin (Tiffany) Crumpler, have become moot by the passage of time resulting from the pendency of

this motion;

3.      Other claimed elements of harm asserted by Ms. Crumpler are no more than ordinary business inconveniences routinely encountered by those participating in the business in which Ms. Crumpler, until recently, was involved; and

4.      The expense and inconvenience to Cosmedico resulting from the present motion and the demanded relief far exceed the alleged harm that would have resulted from Ms. Crumpler's compliance with her obligations under the federal rules.


III.    **APPLICABLE LAW AND ANALYSIS**

    A.    **A Corporate Plaintiff Should Submit to Deposition in the Forum It Selected For the Litigation**

As a general rule, deposition of a plaintiff is appropriate in the forum selected by the plaintiff in bringing suit. *7 Moore's Federal Practice*, §30.20[1][b] at 30-36. This general rule applies with full force where the plaintiff is a corporation. *See, e.g., Sugarhill Records, Ltd. v. Motown Record Corp.*, 105 F.R.D. 166, 171 (S.D.N.Y. 1985)(court denied corporate request that Fed. R. Civ. P. 30(b)(6) deposition proceed in California place of business rather than New York forum of litigation).[1]  Other courts in other circuits agree. *See, e.g., W.H. Brady Co. v. Dorman-Bogdonoff Corp.*, 36 Fed. R. Serv. 2d 307 (D. Mass. 1982);  *Detweiler Bros., Inc. v. John Graham & Co.*, 412 F. Supp. 416, 422 (E.D. Wash. 1976).

Plaintiff's citation of *Metrex Research Corp. v. United States*, 151 F.R.D. 122, 124 (*sic* 125)(D. Colo. 1993) is inapposite. There, the issue before the court was whether certain *third party individuals* should be subjected to deposition far from their homes. There, the third parties

---

[1] Although Tan Systems cites this case in its motion papers, it ignores the outcome reached by that court on the very same issue presented in this motion.

had been noticed for deposition *by the plaintiff.* That case in no way addressed the issue presented here; namely, whether a corporate plaintiff which has affirmatively filed suit in a forum should be subject to deposition there. The statement attributed to the Colorado court by Tan Systems is nothing more than tangential *dicta.*

Tan Systems filed this suit in Connecticut. It should submit to deposition in Connecticut.

### B.    The Factors Most Commonly Considered by Courts in Assessing This Issue All Favor Cosmedico

Ultimately, of course, the location of the deposition is subject to the discretion of the Court. The factors most commonly considered by courts in making such determinations include: (1) the location of counsel for the parties in the forum district; (2) the number of corporate representatives a party is seeking to depose; (3) the likelihood of significant discovery disputes arising, which would require resolution by the forum court; (4) whether the persons sought to be deposed often engage in travel for business purposes; and (5) the equities with regard to the nature of the claim and the parties' relationship. 7 *Moore's Federal Practice* §30.20[1][b] at 30-36, *citing Armsey v. Medshares Mgmt. Servs., Inc.,* 184 F.R.D. 569, 571 (W.D. Va. 1998)(ordering corporate officers to appear for depositions in the forum rather than at principal place of business).

These factors overwhelmingly favor deposition of Tan Systems in Connecticut. Tan Systems, and all of the other parties to this action, have counsel in this district. Only when Tan Systems brought this motion did it file an appearance of Georgia co-counsel.[2] Cosmedico's co-

---

[2]    Plaintiff's motion demands that the deposition be taken in Atlanta, Georgia, where newly-appearing co-counsel practices, and not in McDonough, Georgia, where Tan Systems is located. Thus, it appears that the location for the deposition urged by Tan Systems is intended primarily for the convenience of its recently-added co-counsel.

counsel is located in Boston, Massachusetts. Tan Systems acknowledges that it has only one corporate representative, so there is no possibility of successive depositions that might otherwise suggest an efficiency resulting from proceeding in Georgia. Cosmedico does not anticipate unusual discovery disputes arising during the deposition, regardless of its location. The witness identified for deposition, Ms. Crumpler, was until recently the principal of a wholesale business. On information and belief, she routinely engaged in business travel in that capacity. Tan Systems' motion papers also suggest that she has just recently returned from travel on her honeymoon. There is certainly no suggestion in the motion papers that Ms. Crumpler is physically unable to travel.

The equities regarding the nature of the claim and the parties' relationship also favor Cosmedico's request that the deposition proceed in Connecticut in accordance with the general rule. Travel for the deposition will not disrupt Tan Systems' business activities, as plaintiff claims that it no longer has any business activities. Travel expenses for a deposition in Georiga would far exceed those for a Connecticut deposition because counsel for both Cosmedico and LSI would have to travel to Georgia, whereas Tan Systems lead counsel is already in Connecticut. Indeed, any expenses incurred by Tan Systems would appear to be subject to reimbursement pursuant to the indemnification agreement alleged by plaintiffs.

Moreover, Tan Systems claims that it "has no interest in continuing in the litigation." However, Tan Systems has done nothing to withdraw or dismiss even one of the six separate counts it brought against Cosmedico in the Amended Complaint filed in this action.[3] Finally, Tan Systems acknowledges several times in its motion papers that a deposition in August would

---

[3] Plaintiff's motion, at page 2, paragraph 7, alleges that "[d]efendant refused to discuss any settlement of the matter without the inclusion of Light Sources," aside from being a violation of Fed. R. Evid. 408, is patently false, as Cosmedico has on multiple occasions offered orally and in writing to settle with Tan Systems independently of LSI.

be more convenient than the originally noticed July date.  Due to the passage of time resulting from the filing of this motion, Tan Systems has already granted itself much of its demanded relief.

### C.    Cosmedico's Response to Plaintiff's "Certificate of Attempted Resolution of Attempted Resolution of Dispute Pursuant to Rule 26(c)"

The undersigned counsel of record for Cosmedico hereby certifies as follows with respect to the allegations set forth in the "certificate" regarding attempted resolution of the present dispute submitted as part of plaintiff's moving papers:

It is true that counsel for the parties conferred by telephone on July 12, 2004, regarding the dispute as to the proper site for the deposition of Tan Systems in this action.  However, the motion papers suggest that the deposition itself was somehow sprung upon Tan Systems as a surprise shortly before the July 23, 2004 discovery cut-off date.  This is not true.

Counsel for the parties had previously conferred on several occasions to discuss the extent of discovery required to prepare the case for trial.  The depositions of the two plaintiffs under Rule 30(b)(6) had long been recognized as two of the discovery events sought by Cosmedico.  Indeed, in response to the Court's own inquiry during the June 1, 2004 teleconference concerning the parties' request for an extension of the discovery deadline, counsel for both parties acknowledged that the Tan Systems deposition was "on the radar screen."  Even at that time, the parties recognized that the location of the Tan Systems deposition was a point of dispute.  Also at that time, the actual scheduling (and noticing) of the depositions had been stayed by mutual agreement of the parties pending the then-imminent settlement conference before Magistrate Judge Garfinkle.

Counsel's Rule 26(c) certificate accuses the undersigned of refusing to "reschedule" the

deposition of Tan Systems to Atlanta, Georgia "[d]espite the matters set forth in this motion[,]"

implying that the details of Ms. Crumpler's personal life set forth in the motion papers had been

in any way disclosed to Cosmedico in advance of the motion. In fact, no such details whatsoever

had been disclosed. Rather, Cosmedico was told by Tan Systems' counsel, old and new, only

that Ms. Crumpler was no longer interested in participating in the litigation, and did not wish to

travel to Connecticut. Had plaintiff's counsel elected to share those personal details with the

undersigned earlier, Cosmedico would have considered (as it remains willing to consider today)

all reasonable accommodations consistent with its right to depose the plaintiff in the forum of the

litigation. For example, in view of plaintiff's observation that air travel into and out of Atlanta is

easier than air travel to and from New Haven, Cosmedico is willing to take the deposition of Tan

Systems in Boston, where the same applies.


## IV.    CONCLUSION

For the reasons set forth herein, Cosmedico respectfully requests that the Court order

plaintiff Tan Systems to appear for deposition in the District of Connecticut, where it filed suit

against Cosmedico, or at such other place as the parties may mutually agree. Insofar as Tan

Systems requests in its memorandum (at page 6), as an alternate form of relief, that its deposition

be scheduled during August, 2004, Cosmedico agrees to, and joins in, that request.


Respectfully submitted,


Dale A. Malone  (Fed. Bar No. ct25020)
Banner & Witcoff, Ltd.
28 State Street
Boston, Massachusetts 02109

Tel: 617-720-9600
Fax: 617-720-9601
dmalone@bannerwitcoff.com

James Oliver (Fed. Bar No. ct02510)
Berman and Sable
100 Pearl Street
Hartford, CT 06103
Tel: 860-527-9699
Fax: 860-527-9077

Attorneys for Defendant,
COSMEDICO LIGHT, INC.

## Certificate of Service

I hereby certify that a copy of the foregoing document has been served, by facsimile and by first class U.S. mail, postage prepaid, this 5th day of August, 2004, on plaintiffs' counsel of record as follows:

Arthur T. Fattibene
Fattibene & Fattibene
2480 Post Road
Southport, CT 06890

Cynthia L. Counts
Counts & Associates
1384 Lanier Place
Atlanta, Georgia 30306