```
                   UNITED STATES DISTRICT COURT
                     DISTRICT OF CONNECTICUT


LIGHT SOURCES, INC., and
TAN SYSTEMS, INC.,
                Plaintiffs

                 v.
                                        Civil Action
                                        No. 303 CV 874 (MRK)

                                        At New Haven
COSMEDICO LIGHT, INC.,
                Defendant               August 23, 2004
```

**PLAINTIFFS', LIGHT SOURCES, INC. AND TAN SYSTEMS, INC., MOTION TO UNSEAL ALLEGED CONFIDENTIAL DOCUMENTS SUBJECT TO THE OUTSTANDING PROTECTIVE ORDER AS MODIFIED BY COURT ORDER DATED DECEMBER 17, 2003 AND/OR TO VACATE SAID PROTECTIVE ORDER**

Pursuant to the Court's Modified Protective Order of December 17, 2003 and D.Conn.L.Civ.R 7(f)(2), Plaintiffs, Light Sources, Inc. and Tan Systems, Inc. (herein jointly Light Sources), move that Cosmedico Light, Inc.'s (Cosmedico) documents which Cosmedico alleged are deemed and have been marked Confidential and/or Highly Confidential-For Attorneys Eyes Only pursuant to the Parties Stipulated Protective Order, as modified by the Court Order of December 17, 2003, be declassified to non-confidential and that the asserted Stipulated Protective Order be vacated.

1

**MEMORANDUM**

The grounds for the motion are:

1. Cosmedico is abusing the spirit and scope of the Protective Order by claiming that virtually every produced document is deemed to be confidential or highly confidential.

2. Cosmedico has indiscriminantly marked documents requested or produced as subject to the Protective Order and has thereby obstructed discovery and is currently obstructing Light Sources' ability to file a cohesive Motion For Partial Summary Judgment for the reason that much of Light Sources' evidence, exhibits, arguments and the like presented its motion papers are predicated upon Cosmedico's alleged confidential documents and testimony that is required to be sealed as being allegedly subject to said Protective Order.

3. Cosmedico has marked a great portion of the deposition transcript of Mr. Frank, Cosmedico's President, as confidential, without specifically stating any reason therefor.

4. On July 30, 2004, Cosmedico was advised that Light Sources objected to Cosmedico's claim that the Frank deposition transcript could be designated as confidential or so considered within the scope and intent of the Protective Order. See attached letter (Exhibit A).

5. Pursuant to paragraph 8 of the Stipulated Protective Order, Cosmedico was obligated to file a motion within twenty (20) days opposing any disclosure of the alleged confidential information; and failing to so move would render the asserted confidential information automatically declassified.

6. Cosmedico has not so moved.

7. Pursuant to the Court's Scheduling Order of June 2, 2004, dispositive motions are to be filed by August 23, 2004.

8. Because of Cosmedico's claim of confidentiality of documents to which Light Sources has objected, and which are not considered to be properly designated confidential documents, Light Sources, out of an abundance of caution, is now required to file its Partial Summary Judgment

Memorandum, the Rule 56(a)(1) Statement of Undisputed Facts, and Appendix including declarations, exhibits and supporting deposition transcript under seal, which can only impose a burden on the Court and undue hardship on the parties, and which can be considered to be nothing less than a deliberate obstruction to both discovery and justice.

9. Cosmedico has not shown any compelling circumstance why the Court should maintain the asserted confidential documents under seal, and/or preclude or handicap the Court from properly considering all of Plaintiffs' Motion For Partial Summary Judgment papers.

10. Light Sources is in agreement with the Court that the Court should not depart from its governing presumption of open access.

11. A review of the attached sealed documents will demonstrate that none of the claimed confidential information can be properly designated as confidential or be rationally considered as such within the spirit, scope or purpose of the Protective Order.

12.  The Cosmedico alleged confidential papers do not pertain to any trade secrets, or any other confidential sensitive information which has not already been disclosed to other third parties.

For the reasons stated herein, it is requested that the sealed documents presented herein in support of Light Sources' Motion For Partial Summary Judgment be unsealed and that said Protective Order be vacated.

Respectfully submitted,

_____
Arthur T. Fattibene, CT06916
Counsel for Plaintiff
Fattibene and Fattibene
2480 Post Road
Southport, CT 06890
Tel:  203-255-4400
Fax:  203-259-0033

5