UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LIGHT SOURCES, INC., and
TAN SYSTEMS, INC.,
        Plaintiffs

    v.                                Civil Action
                                    No. 303 CV 874 (MRK)

                                    At New Haven
COSMEDICO LIGHT, INC.,
        Defendant         August 23, 2004


**LOCAL RULE 56(a)(1) STATEMENT IN SUPPORT OF
PLAINTIFFS', LIGHT SOURCES, INC. AND TAN SYSTEMS, INC.
MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO DEFENDANT,
COSMEDICO LIGHT, INC.'S, COUNTERCLAIMS I, II, III, IV AND V
OF ITS ANSWER AND COUNTERCLAIM TO PLAINTIFFS'
SECOND AMENDED COMPLAINT**


                                            Arthur T. Fattibene
                                            Paul A. Fattibene
                                            Fattibene & Fattibene
                                            2480 Post Road
                                            Southport, CT 06890-1218


ORAL HEARING REQUESTED

**Plaintiffs' Local Rule 56(a)(1) Statement**

Plaintiffs, Light Sources, Inc. (Light Sources) and Tan Systems, Inc. (Tan Systems) hereby submit that the following statements of material facts are undisputed in this action, and that for the reasons set forth in Plaintiffs' Memorandum, Affidavits or Declarations, attached Exhibits and cited authorities in support of Plaintiffs' Motion for Partial Summary Judgment, entitle Plaintiffs to Judgment as a matter of law with respect to Defendants' Counterclaims I, II, IV and V.

Summary Judgment should also be granted as to Plaintiffs, Light Sources and Tan Systems Count I of its Second Amended Complaint that is essentially a mirror image of Defendant's Counterclaims.

**The Parties**

1. Plaintiff, Light Sources, is a corporation organized under the Laws of the State of Connecticut with its principal place of business located in Orange, Connecticut 06477, at 37 Robinson Boulevard. (Declaration of Christian J. Sauska, paragraph 2) (A-1, 2).[1]

2. Co-Plaintiff, Tan Systems, is a corporation organized under the Laws of the State of Georgia that had

---

[1] (A-  ) refers to Plaintiffs' attached Appendix followed by appendix page number.

1

its principal place of business located in McDonough, Georgia (Declaration of Kristen Tiffany, paragraph 2).  (A-40)

    3.  Tan Systems initially commenced doing business on or about April 1, 1988.  On February 16, 2004, during the pendency of this action, Tan Systems sold all the assets of its business to Heartland Tan, an unrelated third party. Tan Systems is no longer in the sun tanning business and is in the process of being dissolved.  (Supplemental Declaration of Kristen Tiffany Crumpler, paragraph 2).  (A-79)

    4. Between April 1988 to February 16, 2004, Tan Systems was in the business of manufacturing and selling sun tanning beds, selling replacement sun tanning fluorescent lamps which Tan Systems purchased from various suppliers, and sundry other sun tanning related products. (Supplemental Declaration of Kristen Tiffany Crumpler, paragraph 3). (A-80)

    5.  Defendant, Cosmedico Light, is a corporation organized under the laws of the State of Delaware with its principal place of business located at 233 Libbey Parkway, Unit 2 in Weymouth, Massachusetts 02189 (Cosmedico Answer and Counterclaim to Plaintiffs' Second Amended Complaint, paragraph 77), (Frank Deposition, page 14).  (A-161)

**Jurisdiction**

6. The Court has subject matter jurisdiction over the actions pleaded and counterclaimed by the parties hereto, as they arise under the Trademark Laws of the United States, viz. 15 USC 1051 et seq. and 28 USC 1331, 1338 and 1367 (Cosmedico Answer and Counterclaims, paragraph 81) and 28 USC 2201, 2202 (Second Amended Complaint, paragraph 4).

7. The parties do not contest venue. (Cosmedico Answer and Counterclaims to Second Amended Complaint, paragraph 82).

8. The Court has personal jurisdiction over Cosmedico (Defendant's Answer and Counterclaim to Second Amended Complaint, paragraph 6).

**Undisputed Background Facts**

9. Light Sources is a prominent and well known manufacturer and seller of specialty type gas discharge lamps such as ultraviolet, fluorescent, sun tanning lamps, germicidal lamps, and various other highly specialized lighting lamps. Light Sources sells the lamps it makes worldwide. (Declaration of Christian J. Sauska, paragraph 2). (A-1, 2)

10. Light Sources is one of the only seven known manufacturers of low pressure sun tanning lamps of the type

3

in suit. The only known manufacturers of low pressure fluorescent sun tanning lamps are:

    Osram Sylvania

    Sylvania Lighting International

    Light Sources/Light Tech

    Voltarc

    Phillips

    Inter Electric

    Narva

(Deposition transcript of Jerry Frank, Cosmedico President, page 175). (A-178)

    11. Cosmedico's primary business is the marketing and selling of low pressure fluorescent sun tanning lamps, transformers and starters. Cosmedico does not manufacture any lamps. (Frank deposition, page 16). (A-163)

    12. Cosmedico is a small marketing company consisting of only six employees, including its President, Jerry Frank. The functions performed by the six employees relate to marketing, sales, service, warehousing and secretarial. (Frank deposition, pages 14, 15). (A-162, 163)

    13. The lamps bearing Cosmedico's alleged trademarks, which Cosmedico is asserting are being infringed by Plaintiffs in this action, are manufactured for Cosmedico by Osram Sylvania. (Frank deposition, page 22). (A-164)

14. Light Sources commenced the marketing and selling of the sun tanning lamps bearing the alleged accused letter markings THR and TLR about January 2002. These lamps were exclusively made for and exclusively sold to Tan Systems only. Tan Systems functioned as Light Sources' exclusive distributor of the accused lamps. (Declarations of Kristen Tiffany, paragraph 20, (A-44) and Christian J. Sauska, paragraph 21). (A-6)

15. Light Sources, on each accused lamp it made and sold to Tan Systems, imprinted directly on the lamp a thirteen digit lamp model number, e.g. FR71T12-THR-160 or FR71T12-TLR-100. Light Sources also prominently marked each lamp with a statement that the lamp is manufactured by Light Sources. (Declaration of Kristen Tiffany, Paragraph 22 (A-44); Fattibene Declaration Exhibits 40 and 41). (A-290, 291).

16. Light Sources also imprinted on each accused lamp it made and sold to Tan Systems, Tan Systems house brand or trademark TURB0POWER. (Declaration of Kristen Tiffany, paragraphs 19-22 (A-44, 45) and Exhibits 40 and 41 (A-290, 291) attached to Declaration of Arthur T. Fattibene).

17. Tan Systems marketed the lamps bearing the accused lettering THR-160 and TLR-100 in association with Tan Systems' house brand or trademark TURB0POWER or TURBO

5

as indicated in Exhibits 39, 40 and 41 attached to Declaration of Arthur T. Fattibene. (A-285-291)  (See also Declaration of Kristen Tiffany, paragraph 20). (A-44)

    18.  Light Sources adopted the industry wide coding method for assigning the model numbers applied to the accused lamps Light Sources exclusively made and marketed to Tan Systems, e.g. FR71T12-THR-160 or FR71T12-TLR-100 to inform the purchaser as to the physical characteristics of the associated lamp, e.g. FR means a fluorescent lamp; 71 is the length of the lamp; T12 is the diameter of the lamp in 1/8 inch increments or 1½ inch diameter lamp (12x1/8 = 1½).  THR-160 refers to Tan Systems' TURB0POWER high output (160 watts) reflector lamp.  The reference to TLR-100 refers to a Tan Systems TURB0POWER lamp of a lower output (100 watts) with a reflector.  (Supplemental Declaration of Kristen Tiffany Crumpler, paragraph 5). (A-80)

    19.  While in business, Tan Systems has advertised its TURB0POWER lamp made by Light Sources in the industry trade journals, and that Tan Systems' TURB0POWER brand or trademark had become well known to the industry; and purchasers of such lamps associated a TURB0POWER lamp as a Tan Systems product.  (Supplemental Declaration of Kristen Tiffany Crumpler, paragraph 5). (A-80)

20. Jerry Frank, President of Cosmedico, testified on deposition that he was not aware of any instance of any actual confusion between Cosmedico's asserted trademarks in suit and Light Sources' use of the letters THR and TLR. (Frank's deposition, pages 55-56). (A-165, 166)

21. Jerry Frank, President of Cosmedico, testified on deposition that Cosmedico has no evidence to support any claim of damages caused by Plaintiffs' use of THR and TLR between Cosmedico's asserted trademarks and the accused marks. (Frank deposition, page 125). (A-174)

22. Neither Tan Systems and/or Light Sources is aware of any instance of any actual confusion between the asserted Cosmedico' VHR and VLR marks in suit, and Tan Systems and/or Light Sources' use of the letters THR and TLR on the lamps made by Light Sources and sold to Tan Systems. (Supplemental Declaration of Kristen Tiffany Crumpler, paragraph 6 (A-80, 81); Declaration of Christian J. Sauska, paragraph 23) (A-6, 7).

23. The letters or term VHR is used throughout the sun tanning industry as a descriptive or generic acronym to mean that category of lamps that have a very high output (160 watts or more) with a reflector before Cosmedico's VHR mark was registered on December 30, 1997. (Declaration of Christian J. Sauska, paragraphs 9, 10, 11, 12, 13; (A-3, 4)

7

Declaration of Kristen Tiffany, Paragraphs 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18). (A-42-44)

24. Acronyms have been widely used throughout the sun tanning industry for describing a specific category of lamps that have similar physical characteristics, e.g. VHO for very high output lamps (160 watts or more) without reflector; HO for high output lamps (100 watts or less) without reflector; VHR for very high output lamps with a reflector (160 watts or more); VHOR for very high output lamps with reflector or HOR for lamps having an output of 100 watts or less with reflector; and R means a reflector type lamp. ((Frank's deposition transcript, pages 106, 107, 108; (A-171-173) the Exhibits attached to Declarations of Christian J. Sauska, Kristen Tiffany, and Exhibits 1, 2, 3, (A-93-110) 5, 6, 7, 8, 9, 10, 12, 14, 15, 16, 17, 18, 20, and 21 attached to Declaration of Arthur T. Fattibene (A-114-127, 129, 130, 132-138 and 140-143).

25. Cosmedico is not aware of any instance where either Tan Systems or Light Sources used the mark COSMOLUX VLR which is being asserted by Cosmedico in this action. (Frank deposition, page 101). (A-170)

26. Cosmedico does not have any evidence to date on which it can rely to support any claim of damage by Tan Systems. (Frank deposition, page 125). (A-174)

8

27. Cosmedico has not received any remunerations in the form of royalties or payments for use by others of the trademarks that Cosmedico is asserting in this litigation. (Frank Deposition, page 55). (A-165)

**The Marks Cosmedico Is Asserting Against Plaintiffs**

**The VHR Mark**

28. Cosmedico filed a trademark application S.N. 74/677,694 in the U.S. Patent and Trademark Office on June 5, 1995, to register the mark VHR for Ultra Violet Fluorescent Lighting Tubes for Sunning and Tanning Purposes in International Class 011, and in which Cosmedico alleged a date of first use of the VHR mark in connection with the stated goods in interstate commerce as December 1994. (VHR Trademark Application SN 74/677,694). (Exhibit 36, (A-182, 183) Declaration of Arthur T. Fattibene).

29. On November 22, 1995, the Examining Attorney, to whom the application SN 74/677,694 was assigned for examination, rendered an "Office Action" in which the Examining Attorney inquired of the Applicant, Cosmedico, as to "whether the wording "VHR" has any significance in the relevant trade or industry or as applied to the goods." (Examining Attorney's Action dated November 11, 1995).

9

(Exhibit 36A (A-190, 191) attached Declaration of Arthur T. Fattibene).

30.  In a response dated May 8, 1996 to the Trademark Examining Attorney's inquiry and received by the Patent and Trademark Office on May 14, 1996, Cosmedico stated:

> "The Examiner is advised that the expression 'VHR' was developed by the Applicant herein (Cosmedico) and is an acronym for the words "very high reflector-output".  To the best of Applicant's knowledge, the expression 'VHR' has no relevance in the trade or industry, but is a derived expression made up by Applicant herein."

(Cosmedico's Response dated May 14, 1996, Exhibit 36B, (A-192, 193) Declaration of Arthur T. Fattibene).

31.  Accepting Cosmedico's representation as above stated in paragraph 30, the Examining Attorney passed the application for publication and the application was published on October 8, 1996.  (Notice of Publication-Exhibit 36C (A-198) attached to Declaration of Arthur T. Fattibene).

32.  The VHR mark was finally registered on December 30, 1997, bearing U.S. Registration No. 2,124,659. (Exhibit 36D (A-199) Declaration of Arthur T. Fattibene).

33.  The VHR mark has not become incontestable, as Cosmedico has not filed the necessary (Title 15 Sect 1065) affidavit or declaration so as to render the registered

10

mark VHR incontestable.  (See File History, Exhibit 36 (A-182-199) attached to Declaration of Arthur T. Fattibene).

34.  Prior to the filing of Cosmedico's trademark application, VHR has been used as an acronym which was understood by those in the industry to mean a category of fluorescent sun lamps that have a very high output (160 watts or more) that also included a reflector. (Declaration of Kristen Tiffany, paragraphs 9, 10, 11, 12, 13, 14, 15, 16, 17, 18). (A-41-44)

35.  Dr. Muller of QDM Co., Inc., considered as one of the pioneers of the sun tanning industry, designed a Very High Performance (VHP) Tanning Bed that strictly utilized 160 watt VHO and VHR type lamps before Cosmedico applied for the VHR trademark in suit.  (Declaration of Kristen Tiffany, paragraphs 10-12).  (A-41, 42)

**The Asserted CosmoLux VLR Mark (Without Cat Design)**

36.  On or about July 28, 1997, Cosmedico filed an Intent to Use trademark application in the United States Patent and Trademark Office for a stylized composite word mark, viz. CosmoLux VLR, which was assigned S.N. 75/334,449, and in which Cosmedico alleged that the said mark was for Very High Output Long Life Reflector Style

11

Fluorescent Lighting Tubes.  (Exhibit 37 (A-206, 207, 208) attached to Declaration of Arthur T. Fattibene).

37.  On April 27, 1998, the Examiner refused registration of the composite work mark COSMOLUX VLR, under the Trademark Act, Section 2(d), 15 USC 1052(d) because the Applicant's mark, when used in connection with the identified goods, resembled U.S. Registration No. 1,365,507 as likely to cause confusion.  The Examining Attorney also inquired as to whether the term VLR has any meaning or significance other than that of a trademark.  (Examining Attorney Action of April 27, 1998, Exhibit 37A (A-210-218) attached to Declaration of Arthur T. Fattibene).

38.  On or about August 8, 1998, the Applicant filed an Amendment to the Examining Attorney's Action of April 27, 1998, in which Cosmedico did not respond to the Examining Attorney's inquiry as to whether the term VLR had any meaning or significance other than that of a trademark.  (Exhibit 37B (A-224-226) attached to Declaration of Arthur T. Fattibene).

39.  On February 19, 1999, the Examining Attorney reported that the application "appears to be entitled to registration" and advised applicant that the mark would be published for opposition on March 23, 1999, notwithstanding that Cosmedico failed to respond to the Examining

12

Attorney's inquiry as to the meaning of VLR. (Exhibit 37C (A-229) attached to Declaration of Arthur T. Fattibene).

40. A notice of allowance was issued on June 15, 1999. (Exhibit 37D attached to Declaration of Arthur T. Fattibene). (A-230)

41. On or about November 10, 1999, Cosmedico submitted a Statement of Use together with three specimens of the mark allegedly as used in commerce. (Exhibit 37E attached to Declaration of Arthur T. Fattibene). (A-232, 235)

42. On February 16, 2000, the Examining Attorney refused to accept the specimen of the alleged actual use for the reason that the specimen of the alleged use did not conform to the drawing of the mark submitted with the original application papers. (Examining Attorney's Action of February 16, 200, Exhibit 37F attached to Declaration of Arthur T. Fattibene). (A-236, 237)

43. On May 16, 2000, Cosmedico filed a response to the Examining Attorney's Action of February 16, 2000, wherein Cosmedico attempted to submit a new drawing in an effort to conform the drawing to the specimen Cosmedico submitted to evidence actual use of the mark CosmoLux VLR. (Exhibit 37G attached to Declaration of Arthur T. Fattibene). (A-241, 242)

13

44. On February 12, 2001, the Examining Attorney refused to accept Cosmedico's new proposed drawing of the alleged CosmoLux VLR mark because the new proposed drawing did not conform to the specimen Cosmedico submitted. The Examining Attorney rendered the action FINAL, wherein the only appropriate response was to (1) comply with the outstanding requirements, if feasible, or (2) file an appeal. (Exhibit 37H attached to Declaration of Arthur T. Fattibene). (A-245, 246)

45. Cosmedico did neither and the application was ultimately determined to have been abandoned on October 5, 2001 for failure to provide a proper use statement. (Exhibit 37I attached to Declaration of Arthur T. Fattibene). (A-249)

46. On May 14, 2002, Cosmedico filed a new trademark application which was assigned S.N. 76/415,356 to register a stylized composite word and design mark COSMOLUX VLR with the outline of a cat design between the two words for very high output, long life, reflector style fluorescent lighting lamp, in International Class 011, and asserting a date of first use as July 30, 1997. (Exhibit 38 attached to Declaration of Arthur T. Fattibene). (A-254-259)

47. On September 16, 2002, the Examining Attorney rendered an "Office Action" in which the Examining Attorney

14

refused registration under Trademark Act Section 2(d); 15 USC 1052(d) because the Applicant's mark, when used in connection with the stated goods, would likely cause confusion with a prior registered mark, No. 2,476,193. (Exhibit 38A attached to Declaration of Arthur T. Fattibene).  (A-260-267)

48. The Examining Attorney also requested that the applicant state whether the term "VLR" has any meaning or significance in relation to the goods other than that of a trademark.  (Exhibit 38A, Declaration of Arthur T. Fattibene). (A-262)

49. As the U.S. Patent and Trademark Office did not receive a response from Cosmedico within the six (6) month time limit for reply, the Patent and Trademark Office considered the renewed application S.N. 76/415,356 abandoned and issued a Notice of Abandonment as of May 6, 2003.  (Exhibit 38B, Declaration of Arthur T. Fattibene). (A-269)

50. Cosmedico, after learning of the abandonment of the trademark application S.N. 76/415,356, filed a Petition to Reinstate the trademark application S.N. 76/415,356 on the grounds that Cosmedico did timely respond to the Examining Attorney's action of September 16, 2002. Attached to the Petition to Reinstate was Cosmedico's

15

response to the Examining Attorney's Office Action of September 16, 2002. In said response, Cosmedico advised that the "letters VLR have no significance in the industry and are merely an abbreviation of very high output, long life reflector. The expression however has no significance in the light industry." (Exhibit 38C, Declaration of Arthur T. Fattibene). (A-274-278)

51. Based on Cosmedico's representations, the Examining Attorney passed application S.N. 76/415,356 to publication and the mark was published on September 9, 2003. (Exhibit 38D, Declaration of Arthur T. Fattibene). (A-282)

52. Cosmedico's composite stylized word and design mark COSMOLUX VLR with cat design was finally registered on December 2, 2003, bearing U.S. Registration No. 2,788,198. (Exhibit 38E, Declaration of Arthur T. Fattibene). (A-284)

**The VLR Mark**

53. Cosmedico's alleged trademark consisting merely of the letters VLR is not a U.S. trademark registered to Cosmedico.

54. The mark comprising the letters VLR has been registered in international class 011 to another unrelated

16

third party Envirex, Inc., under U.S. Registration No. 2,133,076.  (A-301)

55.  Tan Systems' reference to the acronym VHR and VLR to describe the particular category or type of lamps Tan Systems used in its Sunliner tanning bed occurred prior to the granting of Cosmedico's asserted VHR trademark registration in suit.  (Declaration of Kristen Tiffany, paragraph 13; Exhibit D) (A-43); (Declaration of Arthur T. Fattibene, Exhibit 2) (A-106-109).

56.  Jerry Frank testified on deposition that it is not Cosmedico's contention to claim any exclusive rights to the letters "HR" OR "LR".  (Frank deposition, pages 88, 89). (A-167, 168)

57.  Jerry Frank testified on deposition that to his knowledge, he is not aware that Cosmedico ever applied the letters VHR to any lamp separate and apart from the word CosmoLux, but that he would investigate the matter and, if possible, would make such lamps available for inspection. Cosmedico has not produced any lamp bearing the alleged registered trademark "VHR" per se, i.e. independently of its house mark COSMOLUX.  (Frank deposition, page 92). (A-169)

58.  Jerry Frank testified on deposition that the letter "R" to one knowledgeable in the art [of tanning]

17

means a "reflector type lamp". (Frank deposition, page 108). (A-173)

59. Jerry Frank testified on deposition that a high output [suntan] lamp operates at 80 to 100 watts, and maybe as high as 120 watts. (Frank deposition, page 108). (A-103)

60. Jerry Frank testified on deposition that he sent a letter to a customer, Dr. Kern, requesting that the VLR mark should be designated with an ® in its advertisements to indicate that VLR is a registered mark of Cosmedico, when in fact it is not. (Frank deposition, pages 145-146). (A-175, 176)

61. Cosmedico, in letters and advertisements, falsely designated VLR as being a registered mark by applying the ® symbol thereto, when in fact the VLR mark and COSMOLUX VLR mark were not registered. (Frank Deposition, page 149 (A-177); Exhibits N and O attached to Declaration of Kristen Tiffany) (A-70, 71; A-72, 73).

62. Cosmedico has never applied the registered VHR mark to any lamp separate or apart from the terms COSMEDICO or COSMOLUX. (Declaration of Christian J. Sauska, paragraphs 5-8). (A-2, 3)

63. Cosmedico has stipulated in the Joint Report of the Parties Planning Meeting filed with the Court on or

about August 20, 2003, that "Plaintiff, Light Sources, Inc. (Light Sources) have never applied the asserted common law COSMOLUX VLR [mark] to any product."

    Respectfully submitted,

    _____
    Arthur T. Fattibene, CT06916
    Counsel for Plaintiff
    Fattibene and Fattibene
    2480 Post Road
    Southport, CT 06890
    Tel: 203-255-4400
    Fax: 203-259-0033