IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Light Sources, Inc., and<br>Tan Systems, Inc.,<br><br>      Plaintiffs,<br><br>v.<br><br>Cosmedico Light, Inc.,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | <br><br><br><br><br>Civil Action No. 303-CV-874 (MRK)<br><br>August 23, 2004 |

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF DEFENDANT COSMEDICO LIGHT, INC.'S
## RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO
## COUNTS I, II and V OF THE SECOND AMENDED COMPLAINT

Dale A. Malone (Fed. Bar No. ct25020)
Banner & Witcoff, Ltd.
28 State Street
Boston, Massachusetts 02109
Tel: 617-720-9600
Fax: 617-720-9601
dmalone@bannerwitcoff.com

James Oliver (Fed. Bar No. ct02510)
Berman and Sable
100 Pearl Street
Hartford, CT 06103
Tel: 860-527-9699
Fax: 860-527-9077

Attorneys for Defendant,
COSMEDICO LIGHT, INC.

Oral Argument Requested

# TABLE OF CONTENTS

I.   INTRODUCTION ........................................................................................................... 1

II.  BACKGROUND FACTS................................................................................................ 1

   A. THE PARTIES............................................................................................................1

   B. THE TRADEMARKS IN DISPUTE................................................................................2

   C. LSI HAS ALREADY LITIGATED ITS CHALLENGE TO THE VHR® TRADEMARK REGISTRATION IN AN OPPOSITION PROCEEDING IN THE UNITED STATES PATENT AND TRADEMARK OFFICE ........3

   D. COUNTS I, II AND V OF THE SECOND AMENDED COMPLAINT PRESENT THE SAME CAUSE OF ACTION ALREADY LITIGATED IN THE TRADEMARK OFFICE........................................................................6

   E. TAN SYSTEMS IS NO LONGER INVOLVED IN THE TANNING BUSINESS AND LACKS STANDING TO CHALLENGE COSMEDICO'S FEDERAL TRADEMARK REGISTRATION....................7

   F. NEITHER TAN SYSTEMS NOR LSI NOW HAS ANY REAL INTEREST IN CHALLENGING COSMEDICO'S FEDERAL TRADEMARK REGISTRATION............................................................8

III. APPLICABLE LAW ...................................................................................................... 8

   A. THE LAW OF SUMMARY JUDGMENT APPLIES TO TRADEMARK ACTIONS JUST AS IT DOES TO ANY OTHER ACTION ..................................................................................................8

   B. RES JUDICATA BARS RE-LITIGATION OF A CAUSE OF ACTION BY A PARTY WHO HAS ALREADY HAD A FULL AND FAIR OPPORTUNITY TO LITIGATE ....................................................9

   C. A DETERMINATION IN AN OPPOSITION PROCEEDING IN THE UNITED STATES PATENT AND TRADEMARK OFFICE IS A FINAL DECISION ON THE MERITS........................................10

   D. A PETITIONER SEEKING CANCELLATION OF A FEDERAL TRADEMARK REGISTRATION MUST HAVE A REAL INTEREST IN THE MATTER ...................................................................12

IV.  *Res Judicata* Bars the Claims Pleaded by Plaintiffs in Counts I, Ii and V of the Second Amended Complaint .......................................................................................................... 12

V.   CONCLUSION............................................................................................................. 14

## TABLE OF AUTHORITIES

**CASES**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ...................................................................9

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). ..............................................................................9

*International Nutrition Co. v. Horphag Research, Ltd.*, 220 F.3d 1325 (Fed. Cir. 2000).......11, 13

*Jim Beam Brands Co. v. Beamish & Crawford, Ltd.*, 937 F.2d 729 (2d Cir. 1991) ......................9

*Meeropol v. Nizer*, 505 F.2d 232 (2d Cir. 1974) ..........................................................................10

*R.J. Reynolds Tobacco Co. v. Premium Tobacco Stores, Inc.*, 2001 U.S. Dist. LEXIS 10124
  (N.D. Ill. 2001) (copy attached as Exhibit B) ..........................................................................10

*Save the Children Foundation, Inc. v. Larry Jones International Ministries, Inc.*, 1996 U.S. Dist.
  Lexis 12928 (Dist. Conn. 1996) (copy attached as Exh. A) ..........................................9, 11, 13

*St. Pierre v. Dyer*, 208 F.3d 394 (2d Cir. 2000) .............................................................................9

*Storey v. Cello Holdings*, L.L.C., 347 F.3d 370 (2nd Cir. 2003) ........................................9, 11, 13

*Tonka Corp. v. Rose Art Industries, Inc.*, 836 F. Supp. 200 (D.N.J. 1993) ..................................11

*Union Mfg. Co. v. Han Baek Trading Co.*, 763 F.2d 42 (2d Cir. 1985) .................................10, 13

**STATUTES**

15 U.S.C. §1063 ............................................................................................................................10

15 U.S.C. §1071 ............................................................................................................................11

15 U.S.C. §1119 ..............................................................................................................................6

37 C.F.R §§2.116 *et seq.* ..............................................................................................................11

37 C.F.R. §§2.101 *et seq.* .............................................................................................................11

Fed. R. Civ. P. 56(c) .......................................................................................................................9

Fed. R. Civ. P. 56(e) .......................................................................................................................9

## I.   INTRODUCTION

Defendant, Cosmedico Light, Inc., ("Cosmedico") owns numerous trademarks used in its business of selling and distributing suntan beds, lamps and associated products. Among those marks is the federally registered trademark VHR® that is the subject of Counts I, II and V of the Second Amended Complaint brought by the plaintiffs, Light Sources, Inc., (hereinafter "LSI") and Tan Systems, Inc. (hereinafter "Tan Systems"). Cosmedico has used the VHR® trademark continuously since long before its federal registration in 1997.

LSI had previously attacked the registration of Cosmedico's VHR® trademark in an opposition proceeding before the United States Patent and Trademark Office, but voluntarily stipulated to dismissal of that opposition proceeding with prejudice. LSI is precluded by *res judicata* from re-litigating in this Court the same issues that were raised, or could have been raised, in the Trademark Office opposition proceeding. Tan Systems, the other plaintiff in this action, has recently sold all of its business assets, has left the tanning business, and no longer has any standing to seek cancellation of Cosmedico's registered trademark. Accordingly, Cosmedico is entitled to summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure dismissing Counts I, II and V of the Second Amended Complaint and declaring that Cosmedico's federally registered trademark VHR® is valid and enforceable against the plaintiffs.

## II.   BACKGROUND FACTS

### A.   THE PARTIES

Cosmedico Light, Inc., of Weymouth, Massachusetts, markets, sells and distributes fluorescent sun lamps, suntanning beds and other products used for indoor tanning. Cosmedico is the United States industry leader and sells its products both to sunbed manufacturers and, through a network of distributors, to salon owners. Cosmedico's products are also distributed

worldwide, through sales to sunbed manufacturers, distributors and salon owners. [*See* Local Rule 56(a)(1) Statement in Support of Defendant Cosmedico Light, Inc.'s Motion for Partial Summary Judgment as to Counts I, II and V of the Second Amended Complaint (hereinafter, "L.R. 56(a)(1) Stmt") at ¶1].

LSI, located in Orange, Connecticut, manufactures various types of ultraviolet and fluorescent lamps, both for suntanning and for other applications. LSI sells its suntanning products in competition with Cosmedico. [L.R. 56(a)(1) Stmt., ¶2] Tan Systems, Inc. was based in McDonough, Georgia. Tan Systems made and sold suntanning beds, and had sold other suntanning products made by a variety of manufacturers, including both Cosmedico and LSI. Thus, Tan Systems had historically been both a customer of, and a competitor to, Cosmedico in the suntanning industry. [L.R. 56(a)(1) Stmt., ¶3]

The products accused of trademark infringement in this suit (bearing the infringing marks "THR" and "TLR") were manufactured by LSI and were marketed, sold and distributed by Tan Systems. Tan Systems was the exclusive purchaser and distributor of the infringing THR and TLR lamps – LSI has never made, and does not now make, them for anyone else. Nor did Tan Systems ever acquire such lamps from any manufacturer other than LSI. [L.R. 56(a)(1) Stmt., ¶4]

### B.   THE TRADEMARKS IN DISPUTE

Cosmedico adopted and began using the VHR® mark in interstate commerce at least as early as December, 1994. On May 17, 1995, Cosmedico filed an application with the United States Patent and Trademark Office ("the Trademark Office") for federal registration of the VHR® mark under Title 15, United States Code. [L.R. 56(a)(1) Stmt., ¶5]

Pursuant to Trademark Office procedure, Cosmedico's trademark registration

2

application was reviewed by an Examiner for compliance with the statutory registration requirements. After finding that Cosmedico's application met all of the applicable requirements, on October 8, 1996, the Trademark Office published the VHR® mark in its Official Gazette "for opposition," *i.e.*, to notify potential challengers to the mark of the impending issuance of a federal trademark registration. In this instance, a formal opposition proceeding was instituted by LSI; however, as discussed in more detail herein, that opposition proceeding was eventually dismissed with prejudice by stipulation of the parties. Thereafter, the Trademark Office granted to Cosmedico U.S. Registration No. 2,124,659, for the mark VHR®, and that registration remains in full force and standing today. [L.R. 56(a)(1) Stmt., ¶¶6-9]

Cosmedico also owns a federal registration for its CosmoLux VLR® trademark. Cosmedico applied for that registration on June 3, 2002. The Trademark Office published Cosmedico's VLR mark for opposition on September 9, 2003. Neither LSI, Tan Systems nor any other entity opposed the registration within the allotted time. Accordingly the Trademark Office granted to Cosmedico U.S. Registration No. 2,788,198, on December 9, 2003. The registered Cosmolux VLR® trademark is the subject of Counts III, IV and VI of the Second Amended Complaint, and is not implicated in this summary judgment motion. [L.R. 56(a)(1) Stmt., ¶10]

### C. LSI HAS ALREADY LITIGATED ITS CHALLENGE TO THE VHR® TRADEMARK REGISTRATION IN AN OPPOSITION PROCEEDING IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

On November 7, 1996, LSI, through its counsel, filed a Notice of Opposition in the Trademark Office to the proposed issuance of Cosmedico's VHR® trademark registration. As a basis for opposing registration, LSI told the Trademark Office that:

> The fluorescent tube industry is using the acronym "VHR" on
> ultraviolet fluorescent tubes as a designation of such tubes which

3

>include a reflective coating over a portion of the surface to reflect light rays impinging thereon and thereby increase the intensity of light rays emanating in the uncoated portion. Accordingly, Opposer believes that this acronym is a generic designation not subject to appropriation by Applicant or any other.

[L.R. 56(a)(1) Stmt., ¶7].

Cosmedico filed an answer to the notice of opposition on February 6, 1997, denying the allegations made by LSI. The Trademark Office then set a schedule for the conduct of the opposition proceeding with trial dates, including a discovery period and testimony periods for the applicant, Cosmedico, and the opposer, LSI. This schedule was extended twice, by consent of the parties, for the stated purpose of enabling the parties to explore an amicable resolution of their dispute. [L.R. 56(a)(1) Stmt., ¶8]

LSI's willing and informed dismissal of the trademark opposition was explained by LSI's Rule 30(b)(6) deponent in this action, Mr. Christian L. Sauska, who admitted that LSI voluntarily dismissed the opposition in the hope of gaining business from Cosmedico:

```
        Q    What happened in the opposition proceeding?
   How did it end up?
        A    My recollection is that we had some
   possible -- possible business with Cosmedico at the
   time; and in view of that, we dropped the opposition.
   And no business materialized.
```

(LSI Rule 30(b)(6) deposition, transcript at 87);

```
        Q    Okay.  What was discussed specifically
   between you and Mr. Myers and Mr. Frank and Mr. Wolff
   during the opposition proceeding regarding this
   potential business deal?
        A    I believe that there was -- since Cosmedico
```

4

> had the medical company manufacturing equipment, there was a legitimate possibility of long-term need of similar lamp types for that use, and we were one of the likely candidates to manufacture that for them.
>
> Q    Okay. Did Cosmedico promise to buy those products from Light Sources?
>
> A    I believe they did buy some. I think we made one shipment. What they promise or what they didn't promise, I don't remember specifically.

(*Id.* at 90);

> Q    Okay. And so Light Sources valued that potential business greater than the expense and detriment that it claims it would have suffered from -- from allowing the registration to issue?
>
> A    That was our position then at the time.

(*Id.* at 107).

On October 27, 1997, the parties filed a joint Stipulation of Dismissal that expressly terminated the opposition with prejudice:

> The parties, by and through their attorneys, hereby stipulate that the above-identified opposition proceeding be dismissed with prejudice.

[L.R. 56(a)(1) Stmt., ¶9]. In accordance with the stipulation, the Trademark Office dismissed the opposition, with prejudice, on November 17, 1997, and granted the registration to Cosmedico just over a month later. *Id.*

5

### D. COUNTS I, II AND V OF THE SECOND AMENDED COMPLAINT PRESENT THE SAME CAUSE OF ACTION ALREADY LITIGATED IN THE TRADEMARK OFFICE

In Count I of their Second Amended Complaint ("Amended Complaint"), the plaintiffs attack the validity and enforceability of Cosmedico's federally registered VHR® trademark. Plaintiffs again assert, *inter alia*, that the VHR® mark is incapable of any trademark significance because it is merely a short hand descriptive term to describe the physical characteristic of Cosmedico's lamps:

> 31. Defendant's use of the VHR mark is a descriptive acronym that describes the physical characteristics of Defendant's tanning amp [sic], viz., a Very High Output Reflector lamp and, as such, lacks any trademark significance.
>
> \* \* \*
>
> 34. Defendant's VHR mark lacks any trademark significance, as Defendant's said VHR letters are merely a short hand descriptive term or acronym that describes the physical characteristics of Defendant's tanning lamps, and not as a trademark for indicating source of origin.

[L.R. 56(a)(1) Stmt., ¶11].

Count II of the Second Amended Complaint demands cancellation of the VHR® trademark registration under 15 U.S.C. §1119, again on the same grounds that were alleged and surrendered in the opposition proceeding:

> 40. Defendant's federally registered trademark No. 2,124,659 for the mark VHR is merely descriptive in that the mark VHR is being used to describe the physical characteristics of Defendant's lamps, i.e., a very high output, reflector lamp.
>
> 41. VHR is a descriptive acronym which the relevant market understands is being used by Defendant to describe the physical characteristics of Defendant's lamps.
>
> 42. Defendant's registered mark VHR lacks the necessary distinctiveness to indicate source of origin.

[L.R. 56(a)(1) Stmt., ¶12]. None of the allegations set forth in Count II are based on any facts not present in the earlier opposition proceeding. *Id.*

Count V of the Second Amended Complaint alleges that Cosmedico committed inequitable conduct (essentially fraud on the Trademark Office) in the procurement of the VHR® trademark registration:

> 62. On or about November 22, 1995, the Examining Attorney rendered an action in the prosecution of said trademark application, in which the Examining Attorney inquired whether the mark "VHR" had any significance in the relevant trade or industry or as applied to the goods.
>
> 63. In response to the Examining Attorney's inquiry, Defendant responded that "To the best of applicant's knowledge, the expression "VHR" has no relevance in the trade or industry, but is a derived expression made up by applicant herein."
>
> 64. Contrary to Defendant's deliberate and deceptive representation made to the Examining Attorney, the letters VHR do have significance in the relevant trade and as applied to the goods. . . .

[L.R. 56(a)(1) Stmt., ¶13]. Of course, the allegedly deceptive statement made by the applicant in 1995 was part of the publicly available record of the trademark prosecution, was fully available to LSI at the time it prepared and filed its notice of opposition in 1996, and was (or should have been) part of the grounds for the relief requested in that opposition proceeding. *Id.*

### E. TAN SYSTEMS IS NO LONGER INVOLVED IN THE TANNING BUSINESS AND LACKS STANDING TO CHALLENGE COSMEDICO'S FEDERAL TRADEMARK REGISTRATION

Tan Systems' principal owner, Ms. Kristin Tiffany (now Crumpler), in her declaration supporting plaintiffs' opposition to the previously-filed summary judgment motion, admits that "Tan Systems has sold its sun tanning business to Heartland Tan and Tan Systems has ceased doing any sun tanning related business . . ." (Tiffany Decl. at p. 8) Plaintiffs' opposition brief also concedes that "Tan Systems is no longer in the business of selling sun tanning equipment and/or sun tanning lamps; nor is Tan Systems now functioning as Light Sources exclusive distributor of the accused lamps." (*see* plaintiffs' brief at p. 7) Plaintiff's Local Rule 56(a)(2) statement, at paragraph 3, admits that "[a]s part of the sale of Tan Systems' business assets to

7

Heartland, Tan Systems entered into a non-compete arrangement." Clearly, therefore, Tan Systems has no direct (or even prospective) interest in the continuing validity of Cosmedico's federal trademark registration and is not one of the class of persons entitled to maintain a cancellation action under 15 U.S.C. §1064.

### F. NEITHER TAN SYSTEMS NOR LSI NOW HAS ANY REAL INTEREST IN CHALLENGING COSMEDICO'S FEDERAL TRADEMARK REGISTRATION

LSI's Rule 30(b)(6) deponent, Mr. Sauska, admitted that with the departure of Tan Systems from the tanning industry, LSI has no present or foreseeable future plans to make or sell products using the accused "THR" and "TLR" marks that gave rise to this litigation:

```
Q    Okay.  Since that time, has Light Sources
had any discussions with anybody else about selling a
product marked with "THR" or "TLR"?
A    I don't know that.
Q    Does Light Sources have any agreements or
contracts or promises to produce "THR" or "TLR" lamps
for anybody?
A    Not to my knowledge.
Q    Is Light Sources actively trying to market
"THR" or "TLR" products to customers?
A    Not while this lawsuit is pending.
```

(LSI Rule 30(b)(6) deposition, transcript at 206).

## III. APPLICABLE LAW

### A. THE LAW OF SUMMARY JUDGMENT APPLIES TO TRADEMARK ACTIONS JUST AS IT DOES TO ANY OTHER ACTION

Summary judgment is appropriate where there are no genuine issues of material fact and

8

the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Summary judgment is particularly appropriate in resolving issues of trademark validity that have previously been stipulated by the parties. *See Save the Children Foundation, Inc. v. Larry Jones International Ministries, Inc.*, 1996 U.S. Dist. Lexis 12928, *8 (Dist. Conn. 1996) (copy attached as Exh. A), *quoting Jim Beam Brands Co. v. Beamish & Crawford, Ltd.*, 937 F.2d 729, 736 (2d Cir. 1991). In the *Jim Beam Brands* case, the Court held that "res judicata, or claim preclusion, prevents subsequent litigation by either party of any ground of recovery that was available in the prior action, whether or not it was actually litigated or determined."

In every summary judgment motion, the moving party bears the initial burden of establishing the lack of a genuine dispute. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). In response to a motion for summary judgment, the non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleading" and must present more that "merely colorable" evidence of its position. Fed. R. Civ. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-250 (1986).

### B.    RES JUDICATA BARS RE-LITIGATION OF A CAUSE OF ACTION BY A PARTY WHO HAS ALREADY HAD A FULL AND FAIR OPPORTUNITY TO LITIGATE

*Res judicata* applies where there has been "a final judgment on the merits of an action" and "precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Storey v. Cello Holdings, L.L.C.*, 347 F.3d 370, 380 (2nd Cir. 2003), *quoting St. Pierre v. Dyer*, 208 F.3d 394, 399 (2d Cir. 2000). Where the facts pleaded to support a cause of action are the same as those involved in the prior litigation, the cause of action is not "new" and *res judicata* applies. *Storey*, 347 F.3d at 385. An indemnification agreement between the prior litigant and a third party can supply the privity required for application of *res judicata*

9

to a non-party to the original litigation. *See Meeropol v. Nizer*, 505 F.2d 232, 235-36 (2d Cir. 1974).

In order for *res judicata* to apply to the trademark opposition between LSI and Cosmedico, the cause of action presented in the trademark opposition must be the same as the cause of action in the underlying case, the parties must be identical, and the opposition must be a final judgment on the merits. *See R.J. Reynolds Tobacco Co. v. Premium Tobacco Stores, Inc.*, 2001 U.S. Dist. LEXIS 10124, *8 (N.D. Ill. 2001) (copy attached as Exh. B). In addition, the relief sought by the present plaintiffs must have been available in the opposition proceeding. *See Jim Beam Brands*, 937 F.2d at 736-37 (*res judicata* is appropriate if the ground of recovery sought was available in the prior action "whether or not it was actually litigated and decided," even if the prior action was an administrative proceeding).

### C. A DETERMINATION IN AN OPPOSITION PROCEEDING IN THE UNITED STATES PATENT AND TRADEMARK OFFICE IS A FINAL DECISION ON THE MERITS

*Res judicata* is appropriate if the ground of recovery sought was available in the prior action "whether or not it was actually litigated and decided," even if the prior action was an administrative proceeding, so long as the relief sought by the present plaintiffs was available in the administrative proceeding. *Jim Beam Brands*, 937 F.2d at 736-37. In *Union Mfg. Co. v. Han Baek Trading Co.*, 763 F.2d 42, 45 (2d Cir. 1985), the Second Circuit held that res judicata can apply where the issues raised and the procedures available in the administrative proceeding were "in all important respects the same as those in the District Court."

An opposition proceeding is a procedural avenue in the Trademark Office available to "any person who believes that he would be damaged by the registration of a mark." 15 U.S.C. §1063. The Trademark Office's Rules of Practice prescribe *inter partes* procedures for

opposition proceedings, including discovery and the right to present testimony and evidence. *See* 37 C.F.R. §§2.101–2.107 and §§2.116–2.136. In fact, "wherever applicable and appropriate," the Federal Rules of Civil Procedure apply to the opposition proceeding. 37 C.F.R. §2.116. A party to an opposition proceeding who is dissatisfied with the Trademark Office's determination of the opposition can seek review either in district court or before the Court of Appeals for the Federal Circuit. 15 U.S.C. §1071. Of course, a voluntary dismissal of an opposition with prejudice forfeits such rights to further review. [L.R. 56(a)(1) Stmt., ¶15]

The Court of Appeals for the Federal Circuit has stated that trademark opposition proceedings can and do give rise to *res judicata*. *See International Nutrition Co. v. Horphag Research, Ltd.*, 220 F.3d 1325, 1328-29 (Fed. Cir. 2000). Many other courts, including this district court and the Second Circuit Court of Appeals, have indicated the same. *See, e.g., Save the Children Foundation, Inc.*,1996 U.S. Dist. Lexis 12928 at *8; *Tonka Corp. v. Rose Art Industries, Inc.*, 836 F. Supp. 200, 212-214 (D.N.J. 1993); *Jim Beam Brands, Co.*, 937 F.2d at 736 (a proceeding before the Trademark Trial and Appeals Board would preclude a district court action, as *res judicata* prevents "subsequent litigation by either party of any ground of recovery that was available in the prior action, whether or not it was actually litigated or determined").

The rationale for applying *res judicata* is particularly strong where the opposing party relinquished its rights both *voluntarily* and *with prejudice*. A trademark opposition proceeding before the USPTO settled by a stipulation of dismissal with prejudice is considered "on the merits." *Storey*, 347 F.2d at 385, n.12 (even an inadvertent error allowing "a judgment with prejudice to be entered does not prevent that judgment from being "on the merits"); *see also International Nutrition*, 220 F.3d at 1328-29 (default judgments can give rise to *res judicata* and the bar of *res judicata* cannot be avoided on the ground that the "opposition was abandoned and

11

dismissed for failure to prosecute").

### D. A PETITIONER SEEKING CANCELLATION OF A FEDERAL TRADEMARK REGISTRATION MUST HAVE A REAL INTEREST IN THE MATTER

Under the express provisions of 15 U.S.C. §1064, the statute under which plaintiffs seek cancellation of Cosmedico's trademark registration, that remedy is available only to a "person who believes that he is or will be damaged, including as a result of dilution under section 43(c), by the registration of a mark on the principal register . . ." The Federal Circuit has determined that a petitioner for cancellation of a registered trademark must have a "real interest" in the cancellation proceeding. *Herbko Int'l, Inc. v. Kappa Books, Inc.*, 308 F.3d 1156, 1161 (Fed. Cir. 2002); *Int'l Order of Job's Daughters v. Lindeburg & Co.*, 727 F.2d 1087, 1092 (Fed. Cir. 1984). The "real interest" test can be met by showing a direct commercial interest in the dispute. *Herbko*, 308 F.3d at 1161; *Cunningham v. Laser Golf Corp.*, 222 F.3d 943, 946 (Fed. Cir. 2000). Similarly, the Second Circuit has denied trademark standing to a plaintiff who does not currently sell products in competition with the defendant and whose plans for future sales are too speculative to confer standing. *PDK Labs v. Friedlander*, 41 USPQ2d 1338, 1344 (2d Cir. 1997).

### IV. *RES JUDICATA* BARS THE CLAIMS PLEADED BY PLAINTIFFS IN COUNTS I, II AND V OF THE SECOND AMENDED COMPLAINT

Application of the foregoing legal principles to the undisputable facts readily illustrates that plaintiffs are not entitled to re-litigate in this Court their challenge to the validity and enforceability of the VHR® trademark registration.

As set forth above, LSI had a full and fair opportunity to litigate whether Cosmedico's federally registered trademark VHR® is valid and enforceable. The trademark opposition

12

proceeding settled in 1997 is a prior litigation that gives rise to *res judicata*. *International Nutrition*, 220 F.3d at 1328-29; *Storey*, 347 F.3d at 385; *Save the Children Foundation, Inc.*, 1996 U.S. Dist. Lexis 12928 at *8; *Jim Beam Brands, Co.*, 937 F.2d at 736. LSI filed an opposition to the trademark and then stipulated to dismissal of the opposition with prejudice. The stipulated dismissal led to a final judgment on the merits.

The application of *res judicata* is appropriate here because the issue determined in the trademark opposition is the same cause of action that LSI seeks to prosecute in this case. *See R.J. Reynolds*, 2001 U.S. Dist. LEXIS 10124 at *8. The basis for the opposition, that the VHR® trademark is allegedly merely an acronym that has no source-identifying significance, is the same allegation raised in each of Counts I, II and V in the Second Amended Complaint. Each ground of recovery that plaintiffs seek here[1] was available in the opposition proceeding. *See Jim Beam Brands*, 937 F.2d at 736-37. The trademark opposition provided sufficient procedural safeguards to preclude LSI from re-litigating the matter decided there. *Union Mfg.*, 763 F.2d at 45.

Finally, the judgment entered in the prior litigation is final and binding. LSI's stipulation to dismissal of the opposition with prejudice waived all rights to appeal, making the stipulated dismissal a final judgment on the merits.

Thus, the trademark opposition proceeding is *res judicata* regarding the validity of Cosmedico's federally registered trademark VHR® and its enforceability against the plaintiffs here.

Tan Systems is not entitled to act as LSI's proxy to prosecute this attack on Cosmedico's trademark registration. Though still in existence as a for-profit corporation, Tan Systems is no longer involved in the tanning industry and, of course, has no present or prospective plans to

market bulbs bearing the registered trademark, the accused infringing marks, or any other mark. Without a real interest in the matter, Tan Systems has no standing to challenge the validity of the trademark registration. *Herbko*, 308 F.3d at 1161; *PDK Labs*, 41 USPQ2d at 1344.

## V. CONCLUSION

For the reasons set forth herein, Cosmedico respectfully requests entry of partial summary judgment, dismissing Counts I, II and V of the Second Amended Complaint and declaring Cosmedico's federally registered VHR® trademark to be valid and enforceable.

Respectfully submitted,

*/s/ Dale A. Malone*

Dale A. Malone (Fed. Bar No. ct25020)
Banner & Witcoff, Ltd.
28 State Street
Boston, Massachusetts 02109
Tel: 617-720-9600
Fax: 617-720-9601
dmalone@bannerwitcoff.com

James Oliver (Fed. Bar No. ct02510)
Berman and Sable
100 Pearl Street
Hartford, CT 06103
Tel: 860-527-9699
Fax: 860-527-9077

Attorneys for Defendant,

---

[1] Count I of the Second Amended Complaint also alleges that plaintiffs' use of the mark THR on the accused products does not infringe the VHR® trademark. Cosmedico does not seek summary judgment of noninfringement in this motion, as the issue of infringement was not determined in the opposition proceeding.

14

COSMEDICO LIGHT, INC.

**Certificate of Service**

I hereby certify that a copy of the foregoing document has been served, first class U.S. mail, postage prepaid, this 23rd day of August, 2004, on plaintiffs' counsel of record as follows:

> Arthur T. Fattene
> Fattibene & Fattibene
> 2480 Post Road
> Southport, CT 06890
>
> Cynthia L. Counts
> Counts & Associates
> 1384 Lanier Place
> Atlanta, Georgia 30306

15