IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Light Sources, Inc., and<br>Tan Systems, Inc.,<br><br>       Plaintiffs,<br><br>v.<br><br>Cosmedico Light, Inc.,<br><br>       Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 303-CV-874 (MRK)<br><br>August 23, 2004 |

LOCAL RULE 56(a)(1) STATEMENT
IN SUPPORT OF DEFENDANT COSMEDICO LIGHT, INC.'S
RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO
COUNTS I, II and V OF THE SECOND AMENDED COMPLAINT


Dale A. Malone (Fed. Bar No. ct25020)
Banner & Witcoff, Ltd.
28 State Street
Boston, Massachusetts 02109
Tel: 617-720-9600
Fax: 617-720-9601

James Oliver (Fed. Bar No. ct02510)
Berman and Sable
100 Pearl Street
Hartford, CT 06103
Tel: 860-527-9699
Fax: 860-527-9077

Attorneys for Defendant,
COSMEDICO LIGHT, INC.

Oral Argument Requested

## Local Rule 56(a)(1) Statement

Defendant, Cosmedico Light, Inc., ("Cosmedico") submits that the following statements of material fact are undisputed in this action and, for the reasons set forth in the memorandum of points and authorities accompanying the motion to which this statement is annexed, entitle Cosmedico to summary judgment as to Counts I, II and V of the Second Amended Complaint brought by the plaintiffs, Light Sources, Inc., (hereinafter "LSI") and Tan Systems, Inc. (hereinafter "Tan Systems").

1. Cosmedico Light, Inc., of Weymouth, Massachusetts, markets, sells and distributes fluorescent sun lamps, suntanning beds and other products used for indoor tanning. Cosmedico is the United States industry leader and sells its products both to sunbed manufacturers and, through a network of distributors, to salon owners. Cosmedico's products are also distributed worldwide, through sales to sunbed manufacturers, distributors and salon owners. [Declaration of Jerry Frank ("Frank Decl.") ( copy attached hereto at Tab 1), ¶2]

2. LSI is located in Orange, Connecticut, and manufactures various types of ultraviolet and fluorescent lamps, both for suntanning and for other applications. LSI sells its suntanning products in competition with Cosmedico. [Second Amended Complaint, ¶¶1, 8, 35-37]

3. Tan Systems, Inc. was based in McDonough, Georgia. Tan Systems made and sold suntanning beds, and had sold other suntanning products made by a variety of manufacturers, including both Cosmedico and LSI. Thus, Tan Systems had historically been both a customer of, and a competitor to, Cosmedico in the suntanning industry. [Second Amended Complaint, ¶¶2, 9]

4. The products accused of trademark infringement in this suit (bearing the

infringing marks "THR" and "TLR") were manufactured by LSI and were marketed, sold and distributed by Tan Systems. Tan Systems was the exclusive purchaser and distributor of the accused THR and TLR lamps – LSI did not, and does not now, make them for anyone else. Nor did Tan Systems acquire these lamps from any manufacturer other than LSI. [Second Amended Complaint, ¶¶9, 10, 12; Declaration of David Myers in Support of Light Sources, Inc. Memorandum in Opposition to Defendant, Cosmedico Light, Inc.'s Motion to Dismiss the Complaint ("Myers Decl.," copy attached at Tab 2), ¶¶1-2, 6]

5. Cosmedico adopted and began using the VHR® mark in interstate commerce at least as early as December, 1994. On May 19, 1995, Cosmedico filed an application with the United States Patent and Trademark Office ("the Trademark Office") for federal registration of the VHR® mark under Title 15, United States Code. [United States Trademark Registration No. 2,124,659, copy attached at Tab 3]

6. Pursuant to Trademark Office procedure, Cosmedico's trademark registration application was reviewed by an Examiner for compliance with the statutory registration requirements. After finding that Cosmedico's application met all of the applicable requirements, on October 8, 1996, the Trademark Office published the VHR® mark in its Official Gazette "for opposition," *i.e.*, to notify potential challengers to the mark of the impending issuance of a federal trademark registration. [United States Patent and Trademark Office file of trademark registration application no. 74/677694 (a copy of the file, produced by the plaintiffs in discovery in this action with production numbers 001069-001167, is attached at Tab 4), at 001069]

7. An opposition proceeding is a procedural avenue in the Trademark Office available to "any person who believes that he would be damaged by the registration of a mark." 15 U.S.C. §1063. The Trademark Office's Rules of Practice prescribe *inter partes* procedures

for opposition proceedings, including discovery and the right to present testimony and evidence. See 37 C.F.R. §§2.101–2.107 and §§2.116–2.136. In fact, "wherever applicable and appropriate," the Federal Rules of Civil Procedure apply to the opposition proceeding. 37 C.F.R. §2.116. A party to an opposition proceeding who is dissatisfied with the Trademark Office's determination of the opposition can seek review either in district court or before the Court of Appeals for the Federal Circuit. 15 U.S.C. §1071. A voluntary dismissal of an opposition with prejudice forfeits such rights to further review. [copies of the foregoing statutes and Rules of Practice are attached at Tab 5].

8.  On November 7, 1996, LSI, through its counsel, filed a Notice of Opposition in the Trademark Office to the proposed issuance of Cosmedico's VHR® trademark registration. As a basis for opposing registration, LSI told the Trademark Office that:

> The fluorescent tube industry is using the acronym "VHR" on ultraviolet fluorescent tubes as a designation of such tubes which include a reflective coating over a portion of the surface to reflect light rays impinging thereon and thereby increase the intensity of light rays emanating in the uncoated portion. Accordingly, Opposer believes that this acronym is a generic designation not subject to appropriation by Applicant or any other.

[United States Patent and Trademark Office file of *inter partes* proceeding before the Trademark Trial and Appeal Board regarding trademark registration application No. 74/677694 (referred to hereinafter as "the Opposition File;" a copy of the file, as produced by the plaintiffs in discovery in this action, is attached at Tab 6), at 001172, ¶2 ("Notice of Opposition")]

9.  Cosmedico filed an answer to the notice of opposition on February 6, 1997, denying the allegations made by LSI. The Trademark Office then set a schedule for the conduct of the opposition proceeding with trial dates, including a discovery period and testimony periods for the applicant, Cosmedico, and the opposer, LSI. This schedule was extended twice, by

4

consent of the parties, for the stated purpose of enabling the parties to explore an amicable resolution of their dispute. [Opposition File (Tab 6) at 001177-001187]

10. On October 27, 1997, the parties filed a joint Stipulation of Dismissal that expressly terminated the opposition with prejudice:

> The parties, by and through their attorneys, hereby stipulate that the above-identified opposition proceeding be dismissed with prejudice.

[Opposition File (Tab 6) at 001188-001189]. In accordance with the stipulation, the Trademark Office dismissed the opposition with prejudice on November 17, 1997, and on December 31, 997, granted to Cosmedico U.S. Registration No. 2,124,659, for the mark VHR.®. [*Id.* at 001190; Tab 3] That registration remains in full force and standing today. [United States Patent and Trademark Office Trademark Electronic Search System (Tess) Report, dated February 21, 2004, attached at Tab 7]

11. Cosmedico also owns a federal registration for its CosmoLux VLR® trademark. Cosmedico applied for that registration on June 3, 2002. The Trademark Office published Cosmedico's VLR mark for opposition on September 9, 2003. Neither LSI, Tan Systems nor any other entity opposed the registration within the allotted time. Accordingly the Trademark Office granted to Cosmedico U.S. Registration No. 2,788,198, on December 9, 2003. [United States Patent and Trademark Office Trademark Electronic Search System (Tess) Report, dated February 21, 2004, attached at Tab 8]. The registered Cosmolux VLR® trademark is the subject of Counts III, IV and VI of the Second Amended Complaint, and is not implicated in this summary judgment motion. [Second Amended Complaint, *passim*]

12. In Count I of their Second Amended Complaint ("Amended Complaint"), the plaintiffs attack the validity and enforceability of Cosmedico's federally registered VHR®

trademark. Plaintiffs again assert, *inter alia*, that the VHR® mark is incapable of any trademark significance because it is merely a short hand descriptive term to describe the physical characteristic of Cosmedico's lamps:

> 31. Defendant's use of the VHR mark is a descriptive acronym that describes the physical characteristics of Defendant's tanning amp [sic], viz., a Very High Output Reflector lamp and, as such, lacks any trademark significance.
>
> * * *
>
> 34. Defendant's VHR mark lacks any trademark significance, as Defendant's said VHR letters are merely a short hand descriptive term or acronym that describes the physical characteristics of Defendant's tanning lamps, and not as a trademark for indicating source of origin.

[Second Amended Complaint, at pp. 8-9].

      13. Count II of the Second Amended Complaint demands cancellation of the VHR® trademark registration under 15 U.S.C. §1119, again on the same grounds that were alleged and surrendered in the opposition proceeding:

> 40. Defendant's federally registered trademark No. 2,124,659 for the mark VHR is merely descriptive in that the mark VHR is being used to describe the physical characteristics of Defendant's lamps, i.e., a very high output, reflector lamp.
>
> 41. VHR is a descriptive acronym which the relevant market understands is being used by Defendant to describe the physical characteristics of Defendant's lamps.
>
> 42. Defendant's registered mark VHR lacks the necessary distinctiveness to indicate source of origin.

[*Id.* at 11]. None of the allegations set forth in Count II pertain to any facts post-dating the earlier opposition proceeding. [*Id.*]

      14. Count V of the Second Amended Complaint alleges that Cosmedico committed inequitable conduct (essentially fraud on the Trademark Office) in the procurement of the VHR® trademark registration:

> 62. On or about November 22, 1995, the Examining Attorney rendered an action in the prosecution of said trademark application, in which the Examining Attorney inquired whether the mark "VHR" had any significance in the relevant trade or industry or as applied to the goods.
>
> 63. In response to the Examining Attorney's inquiry, Defendant responded that "To the best of applicant's knowledge, the expression "VHR" has no relevance in the trade or industry, but is a derived expression made up by applicant herein."
>
> 64. Contrary to Defendant's deliberate and deceptive representation made to the Examining Attorney, the letters VHR do have significance in the relevant trade and as applied to the goods. . . .

[*Id*]. at 16-17. The allegedly deceptive statement made by the applicant in 1995 was part of the publicly available record of the trademark prosecution, and was fully available to LSI at the time it prepared and filed its notice of opposition in 1996. [Opposition File (Tab 6) at 001087-001088].

> 15. Tan Systems has sold its business assets and left the tanning industry:
>
> 32. While Tan Systems has sold its sun tanning business to Heartland Tan and Tan Systmes has ceased doing any sun tanning related business, Tan Systems has not yet been formally dissolved.

["Declaration of Kristin Tiffany" filed in opposition to Cosmedico's previous motion for partial summary judgment at 8. (copy attached at Tab 10)].

Respectfully submitted,

August 23, 2004

_____
Dale A. Malone (Fed. Bar No. ct25020)
Banner & Witcoff, Ltd.
28 State Street
Boston, Massachusetts 02109
Tel: 617-720-9600
Fax: 617-720-9601
dmalone@bannerwitcoff.com

James Oliver (Fed. Bar No. ct02510)
Berman and Sable
100 Pearl Street
Hartford, CT 06103
Tel: 860-527-9699
Fax: 860-527-9077

Attorneys for Defendant,
COSMEDICO LIGHT, INC.

### Certificate of Service

I hereby certify that a copy of the foregoing document has been served, first class U.S. mail, postage prepaid, this 23rd day of August, 2004, on plaintiffs' counsel of record as follows:

Arthur T. Fattene
Fattibene & Fattibene
2480 Post Road
Southport, CT 06890

Cynthia L. Counts
Counts & Associates
1384 Lanier Place
Atlanta, Georgia 30306