UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
SEP 10   9 51 AM '04

| | |
|---|---|
| LIGHT SOURCES, INC., and TAN SYSTEMS, INC., Plaintiffs, | CIVIL ACTION NO.: 3:03-CV-874 (MRK) |
| v. | |
| COSMEDICO LIGHT, INC., Defendant | |
| COSMEDICO LIGHT, INC., Counterclaimant | |
| v. | |
| TAN SYSTEMS, INC., and LIGHT SOURCES, INC., Counterdefendants, | SEPTEMBER 9, 2004 |

**COSMEDICO'S MEMORANDUM IN OPPOSITION TO
PLAINTIFFS' MOTION TO UNSEAL DOCUMENTS AND/OR TO
VACATE PROTECTIVE ORDER[1]; COSMEDICO'S CROSS-MOTION
FOR APPROVAL OF CONFIDENTIALITY DESIGNATIONS; AND COSMEDICO'S
CROSS-MOTION TO STRIKE PLAINTIFFS' MOTION TO VACATE**

The plaintiffs in this action, Light Sources, Inc. ("LSI") and Tan Systems, Inc. ("Tan Systems"), seek to overturn the designation by Cosmedico Light, Inc ("Cosmedico") of certain documents and certain deposition testimony taken in this action as "Confidential" or

---

[1] For brevity, Cosmedico has abbreviated the title of plaintiffs' motion, which in full reads "Plaintiffs', Light Sources, Inc. and Tan Systems, Inc., Motion to Unseal Alleged Confidential Documents Subject to the Outstanding Protective Order as Modified by Court Order Dated December 17, 2003 and/or to Vacate Said Protective Order."

"Restricted Confidential" pursuant to the Protective Order entered by the Court.  In the alternative, plaintiffs demand that the Protective Order be vacated.  Plaintiffs have shown no good cause whatsoever for any of the relief they demand, as all of Cosmedico's confidentiality designations are proper under the terms of the Protective Order.  As provided in that Order, Cosmedico now respectfully requests confirmation of the propriety of those designations.

To the extent plaintiffs' motion demands that the Protective Order be vacated, Cosmedico asks that the motion be struck, as plaintiffs' attorneys have failed to confer with Cosmedico's counsel, as required by this Court's local rule[2], in an effort to narrow the scope of the disagreement as to the subject of the motion.

I.     **The Protective Order Provides Reasonable Safeguards Against the Improper Disclosure or Misuse of Proprietary Business Information**

Federal Rule of Civil Procedure 26(c) expressly provides for the entry of protective orders that provide, *inter alia*, "(7)  that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed in only a designated way." Consistent with the letter and spirit of the rule, the parties negotiated and agreed, early on in the discovery process, to the *stipulated* entry of a protective order to facilitate the production and use, for legitimate litigation purposes, of proprietary business information.[3]

The Protective Order entered by the Court in this case provides for two classes of protected information:

---

[2] Local Rule 37(a)(2) specifically requires counsel to "discuss[] the discovery issues between them in *detail* in a good faith effort to eliminate or reduce the area of controversy. . ." (emphasis added).

[3] Plaintiffs' present attempt to repudiate a stipulated order when its litigation tactics change is, of course, nothing new, but rather a *modus operandi*.  This entire litigation is premised on plaintiff's effort to renege on its previous stipulation in the Patent and Trademark Office to the validity of Cosmedico's trademark rights.

2

*"Confidential" information* is defined in the Protective Order (at paragraph 2) as information which a party "in good faith believes . . . constitutes or contains proprietary business information not generally known and which the Party would normally not reveal to third parties or would cause third parties to hold in confidence." The only limitation imposed upon the use of "Confidential" information is that it "shall be used by the Parties to this litigation solely for the purpose of conducting this litigation, and not for any other purposes."

*"Restricted Confidential" information* is defined in the Protective Order (at paragraph 4) as "Confidential" material which contains "competitive information that comprises trade secrets; and/or . . . financial data." Disclosure of "Restricted Confidential" information is limited (by paragraph 5 of the Protective Order) to counsel, experts, and the Court. In other words, "Restricted Confidential" information may not be disclosed to business personnel of the parties.

The Protective Order in no way impedes the reasonable use of proprietary business information for legitimate purposes related to this litigation.

With respect to deposition testimony, the Protective Order expressly provides (at paragraph 13) that a party may designate confidential information within twenty days from receipt of the transcript of the deposition.

### II. Cosmedico's Confidentiality Designations Fit the Definitions Provided in the Protective Order

For all of plaintiffs' hand-waving and denigration of Cosmedico's confidentiality designations as "nothing less than a deliberate obstruction to both discovery and justice," there has been no showing whatsoever that even a single designation by Cosmedico was improper under the terms of the Protective Order. Indeed, the sole exhibit to plaintiffs'

3

motion is one letter from plaintiffs' attorney to Cosmedico's counsel complaining of Cosmedico's *preliminary* designation, made at the deposition of Cosmedico's Rule 30(b)(6) deponent, of the witness' testimony as "Confidential" under the Protective Order pending receipt of the transcript. In that letter, plaintiffs' lawyer alleges no more than that "I see no information in the transcript testimony that is *so confidential* to be considered as coming within the scope and intent of the protective order." (emphasis added) Apparently, plaintiffs cannot deny that the deposition testimony contained at least some confidential information, but plaintiffs wish to apply a different (and unstated) standard for protection under the Protective Order than is provided by the plain terms of that Order.

Plaintiffs' motion contains no certification under Local Rule 37(a)(2) that counsel for the parties conferred with regard to the subject of the motion. No such certification could, in good faith, be made because plaintiffs have never attempted to discuss the matter, "in detail" as required by the local rule, with Cosmedico. While counsel did discuss, generally, the issue of Cosmedico's deposition testimony designations, on the record at the deposition of LSI's Rule 30(b)(6) witness, plaintiffs' attorney never identified any single designation alleged to have been made improperly. Rather, plaintiffs' attorney charged merely that *none* of the testimony was entitled to protection under the Protective Order, the same hard-line stance espoused, without any justification, in the present motion.

Similarly, plaintiffs have offered no specific explanation as to why Cosmedico's confidentiality designation as to any single document was improper. In the entire course of this litigation, plaintiffs have on only one occasion made a specific identification of documents as to which they challenged Cosmedico's confidentiality designation. In that

4

single instance, Cosmedico readily agreed to withdraw its confidentiality designation, even though more than colorable grounds for such protection were evident.

As set forth in the attached (at Tab 1) Declaration of Dale A. Malone, counsel for Cosmedico in this action, each designation of deposition testimony or documents as "Confidential" by Cosmedico in this litigation was made because Cosmedico, in good faith, believes that the information "constitutes or contains proprietary business information not generally known and which [Cosmedico] would normally not reveal to third parties or would cause third parties to hold in confidence." With particular regard to the deposition testimony designated as confidential under the Protective Order, Cosmedico designated 114 pages of the 200-plus page transcript as "Confidential" and an additional 17 pages as "Restricted Confidential." (*see* Tab 2) In view of the subject matter of the interrogation, it is not surprising that plaintiffs' questioning elicited confidential responses. Again, those designations were made because the testimony adduced at the deposition falls within the categories of protected information defined in the Protective Order.

Similarly, every designation of deposition testimony or documents as "Restricted Confidential" was made because Cosmedico, in good faith, believes that the information contains "competitive information that comprises trade secrets; and/or . . . financial data." Cosmedico invites the Court to compare the materials filed by plaintiffs under seal to the standards defined in the Protective Order. Cosmedico will gladly provide, at oral argument or in any other context the Court may require, any requested further explanation of the basis for any confidentially designation made by it in this case. However, in the absence of any identification of the basis for challenging any single designation, it seems a needless and

unfair burden to Cosmedico and to the Court to review every single designation made by Cosmedico in this litigation.

### III. Plaintiffs Have Identified No Unreasonable Burden Resulting from Cosmedico's Proper Confidentiality Designations

Plaintiffs' motion repeatedly charges that Cosmedico's legitimate confidentiality designations have "obstructed discovery" in this action. Nothing has been withheld from discovery by Cosmedico based upon any confidentiality issue. Rather, Cosmedico agreed to the entry of the Protective Order in order to *facilitate* full and complete disclosure and has abided by the Order in good faith.

The limitations imposed by the legitimate designation of information as "Confidential" under the Protective Order are so minimal, *i.e.* restricting use of the information to the purposes of the litigation and not for other purposes, as to suggest that plaintiffs seek to de-classify Cosmedico's documents and testimony for undisclosed purposes unrelated to this litigation. Plaintiffs' motion thus seeks to defeat the very purpose for which the Protective Order was negotiated, agreed to, and entered by this Court.

The overarching point which emerges from plaintiffs' motion is that plaintiffs would consider it more *convenient* to file motion papers in this action without complying with the terms of the Protective Order. That is no sound basis to ask this Court to vacate the Order.

### IV. Plaintiffs' Misstatements and Intentional Withholding of Facts Directly Relevant to the Present Motion Amount to a Fraud on the Court

As noted above, plaintiffs submitted only one letter from counsel in support of the present motion. That letter attempted to invoke a provision (set forth in paragraph 8) of the Protective Order requiring a party designating information as confidential to file a motion seeking

confirmation of the designation within twenty days after receiving notice of the receiving party's objection to such designation. Plaintiffs chose to withhold from the Court the responsive letter sent by Cosmedico's counsel, *on the very same day*, correcting plaintiffs' misunderstanding of the terms of the Protective Order, specifically with respect to Paragraph 13's express definition of the time period allowed for making confidentiality designations as to deposition testimony (*i.e.* twenty days from receipt of the transcript). Had plaintiffs supplied this letter to the Court, it would have been readily apparent that plaintiffs' allegation in the present motion that Cosmedico was required, but failed, to respond to the objection to its designations within a twenty day time period starting from July 30, 2004, is patently false. Cosmedico submits (at Tab 3) the explanatory correspondence withheld by plaintiffs.[4]

Moreover, plaintiffs' attorney knew long before he prepared and sent his July 30, 2004, letter that his position regarding the timing for confidentiality designations of deposition testimony was untenable. At the deposition of Light Sources' Rule 30(b)(6) witness on July 20, 2004, counsel for the parties discussed, on the record, their disagreement regarding the appropriate deadline for making those designations and for filing any resulting motion:

[Page 14]

```
MR. MALONE:     By the way, Counsel, have
                you had an opportunity to review the
                protective order with respect to the issue we
                discussed yesterday regarding designation --

MR. A. FATTIBENE:  Not since our
                conversation, but I have a good recollection
                what it says.

MR. MALONE:     Well, I've got an extra copy
```

---

[4] As noted in the Cosmedico letter, the deadline for making confidentiality designations for the deposition testimony in question was August 18, 2004. Cosmedico in fact made its final designations in the letter to plaintiffs' attorney faxed on August 12, 2004. (Tab 2)

7

                    here if you need it.  I'll refer you to
paragraph 13 where it says, "After each
deposition a party may designate portions of
the transcript confidential or highly
confidential of attorneys' eyes only within
twenty days from receipt of the transcript of
the deposition."

[Page 15]

    MR. A. FATTIBENE:  All right.  So it's
twenty days, but under the expedited gun that
we were having, I was hoping you would
stipulate to ten days.

    MR. MALONE:  Well, you didn't ask me that
yesterday.  You told me that --

    MR. A. FATTIBENE:  Yes, I did.

    MR. MALONE:  You told me that that was
the rule.

    MR. A. FATTIBENE:  No.  I said that I was
referring to the rule that had to do with if
I object to your classification of
confidentiality, then the burden shifted to
you to move for the Court to maintain the
information confidential.

    MR. MALONE:  Right.

    MR. A. FATTIBENE:  And I think that
paragraph would be inclusive of paragraph 13.

    MR. MALONE:  Sure.  But that's the second
part of the process after the actual
designation and which, as you know, can take
place within twenty days within receipt of
the transcript?

    MR. A. FATTIBENE:  Well, you designated
it at the deposition.

[Page 16]

    MR. MALONE:  No.

```
MR. A. FATTIBENE:  And I immediately gave
              you my objection that I didn't think it was
              confidential.  Now the burden is on you,
              within the time period specified in this
              protective order, to file your motion because
              you're aware of our objection.

MR. MALONE:   You're still
              misunderstanding the protective order.
              Certainly, we can either make or not make a
              preliminary designation.  The protective
              order expressly calls for that.  Regardless
              of that, we can designate --

MR. A. FATTIBENE:  You can make
              a preliminary --

MR. MALONE:   May I finish a sentence,
              please.

MR. A. FATTIBENE:  Go ahead.

MR. MALONE:   Thank you.
              Regardless of whether or not we make a
              preliminary designation, we're entitled,
              under the express language of the protective
              order, to designate within twenty days after
              receipt of the transcript.  We certainly
              haven't gotten the transcript, so we haven't
```

[Page 17]
```
              had a chance to make our final
              designations yet.  We have twenty days from
              receipt to do that.  If you want to talk
              about a stipulation -- you know, we'll
              probably get both of these transcripts around
              the same time -- it might make sense to make
              such a stipulation at that point.

MR. A. FATTIBENE:  Well, let's get it at
              the same time.

MR. MALONE:   But -- but don't tell me
              that the rule is -- is otherwise --

MR. A. FATTIBENE:  Well, that's
              interpretation of the protective order, and
              my interpretation is as valid as yours.
```

9

```
MR. MALONE:  I don't think so.

MR. A. FATTIBENE:  So the final arbiter
                   is going to do the calling.

MR. MALONE:  If necessary, sure.  It
             shouldn't have to be.  You know, common sense
             ought to prevail here.  Of course, we've been
             saying that about a lot of things.

MR. A. FATTIBENE:  That depends what you
                   consider common sense.

MR. MALONE:  Absolutely.

MR. A. FATTIBENE:  My definition is not
```

[Page 18]
```
                   the same as your yours.

MR. MALONE:  I think there's something we
             can agree on.
```

The excerpt quoted above thus demonstrates that plaintiffs were well aware ("All right. So it's twenty days [from receipt of the transcript], but . . . I was hoping you would stipulate to ten days."), at least by July 20, 2004, that the actual terms of the Protective Order are different from what plaintiffs now urge to this Court. Of course, plaintiffs were not obligated to accept Cosmedico's side of a disputed point of interpretation of the Protective Order, either then or now; however, plaintiffs' submission of the present motion, without any analysis of the actual terms of the Protective Order, without any effort under Local Rule 37(a)(2) to discuss the specific designations made by Cosmedico between the date of the earlier letter and plaintiffs' filing of this motion, and with arguments contrary to their own acknowledgement made on the

record (but withheld from the Court) works only to vexatiously multiply the proceedings in this action. 28 U.S.C. §1927. Plaintiffs' motion is frivolous and they know it.

For all of the foregoing reasons, Cosmedico respectfully requests that plaintiffs' motion to unseal Cosmedico's documents and/or to vacate the Protective Order be denied, and that Cosmedico's cross-motion for approval of its confidentiality designations be granted.

Respectfully submitted,
Cosmedico Light, Inc.,
by its Attorneys,

Dated: September 9, 2004

JAMES W. OLIVER
Federal Bar No.: ct02510
Berman and Sable
100 Pearl Street, 10th Floor
Hartford, CT 06103
Tel:   (860) 527-9699
Fax:   (860) 527-9077

DALE A. MALONE
Federal Bar No.: ct25020
Banner & Witcoff, Ltd.
28 State Street
Boston, Massachusetts 02109
Tel:   (617) 720-9600
Fax:   (617) 720-9601

## CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing document was served by mail, first class postage prepaid, on this 9th day of September, 2004 to all counsel of record as follows:

Arthur T. Fattibene, Esq.
Paul A. Fattibene, Esq.
2480 Post Road
Southport, CT 06490

Cynthia L. Counts, Esq.
Counts & Associates
1384 Lanier Place
Atlanta, Georgia 30306

_____
Dale A. Malone