*Filed Under Seal*
*Contains Confidential and Restricted Confidential Information*
*Subject to the Protective Order Entered by this Court*

FILED
SEP 13  11 05AM '04

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LIGHT SOURCES, INC., and TAN SYSTEMS, INC., Plaintiffs, | CIVIL ACTION NO.: 3:03-CV-874 (MRK) |
| v. | |
| COSMEDICO LIGHT, INC., Defendant | |
| COSMEDICO LIGHT, INC., Counterclaimant | |
| v. | |
| TAN SYSTEMS, INC., and LIGHT SOURCES, INC., Counterdefendants, | SEPTEMBER 10, 2004 |

**COSMEDICO'S MEMORANDUM IN OPPOSITION TO
PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

I.  **Introduction**

The plaintiffs, Light Sources, Inc. ("LSI") and Tan Systems, Inc. (Tan Systems"), seek partial summary summary judgment in this action based upon a disjointed collection of half-truths, misdirections and outright falsehoods that read more like the story of the blind men

and the elephant than a plausible explanation of plaintiffs' alleged right to judgment as a matter of law. For the reasons set forth herein and in Cosmedico's accompanying Local Rule 56(a)(2) statement, the demanded summary judgment must be denied.

## II.   The Scope of Plaintiffs' Motion

### A.  Which Counts are Implicated in Plaintiffs' Motion?

At the outset, it is not immediately apparent which counts of the second amended complaint, and Cosmedico's counterclaim filed in response thereto, plaintiffs seek to involve in this motion. The caption of plaintiffs' motion simply doesn't say. Plaintiffs' Local Rule 56(a)(1) Statement purports to seek summary judgment as to Counts I-V of Cosmedico's counterclaim. Plaintiffs' supporting brief drops the third count of the counterclaim, but adds the first count of the complaint itself. Cosmedico responds with the presumption that plaintiffs' brief sets forth their true intention in this motion.

### B.  Whose Conduct is in Issue?

The second aspect of plaintiffs' motion in which plaintiffs repeatedly flip-flop is with respect to the conduct being discussed. At some points, plaintiffs assert that they have both done or not done some act, but at other points plaintiffs' brief speaks only of LSI's conduct, thereby failing to preclude the existence of a genuine issue of material fact as to the conduct of its co-plaintiff Tan Systems (but still demanding summary judgment as to both parties). For example, at page 36 of their brief, plaintiffs attempt to assert an alleged "fair use" defense, claiming that "Light Sources is not using the THR and TLR as trademarks." Yet,

2

plaintiffs completely ignore the conduct of Tan Systems, which not only used the THR and TLR marks in many contexts beyond the thirteen digit model number trumpeted in plaintiffs' motion papers, but expressly claimed trademark status in the infringing THR and TLR marks by using those marks in its catalog pages adorned with the "™" symbol! [L.R. 56(a)(2) Stmt., ¶80]

### III.    Facts Relevant to the Motion

#### A. Cosmedico's Trademarks in Suit

Cosmedico is the owner of federal trademark registrations in the marks VHR® and CosmoLux VLR®. [Plaintiff's L.R.56(a)(1) Stmt, ¶¶32, 52]   Cosmedico also has common law trademark rights in the mark VLR itself.

Plaintiffs incorrectly assert that the marks VHR and VLR are never used on their own and, in particular, that the VLR mark is never used apart from "CosmoLux." However, Cosmedico's president testified that pursuant to a joint marketing agreement, Cosmedico supplies lamps marked "VHR" and "VLR", in both cases without the word "CosmoLux", to Royal Sun for sale through its member distributors. [Frank dep., Tab 4, pp. 192-198; L.R. 56(a)(2) Stmt., ¶27].   Indeed, Tan Systems' own catalog lists both "VHR" and "VLR" separate and apart from the word "CosmoLux." [L.R. 56(a)(2) Stmt., ¶82]

Plaintiffs devote a substantial portion of their argument to attacking the validity of Cosmedico's trademarks, yet both LSI and Tan Systems have at various times acquiesced in the validity of the marks.  As set forth in Cosmedico's pending motion for partial summary judgment, LSI instituted and prosecuted a formal opposition in the Patent and Trademark



CONFIDENTIAL
ATTORNEYS EYES ONLY

3

Office to the registration of Cosmedico's VHR trademark, but agreed to a stipulated dismissal of its challenge, *with prejudice*, in exchange for a potential opportunity to do business with Cosmedico. [L.R. 56(a)(2) Stmt., ¶¶73-74] Tan Systems even printed an acknowledgement of Cosmedico's trademark rights in both the VHR and VLR marks in its 2003 catalog. [L.R. 56(a)(2) Stmt., ¶81] Even if the plaintiffs were not collaterally estopped from challenging the validity of Cosmedico's marks in this action, which they are, their past acknowledgements of the validity of the marks are more than sufficient to defeat summary judgment on that issue.

Still, plaintiffs persist in attempting to resurrect the same alleged pre-1997 uses of the VHR mark by others that were available to LSI during its opposition proceeding but voluntarily surrendered with prejudice. LSI's president and designated Rule 30(b)(6) witness could not completely deny that those uses may have involved authentic Cosmedico lamps. [L.R. 56(a)(2) Stmt., ¶23] Moreover, if Cosmedico's conduct in the prosecution of that trademark application was based on false statements, as plaintiffs now allege (*see, e.g.*, plaintiffs' footnote at page 10 of their brief), then LSI's voluntary acquiescence in the registration of the mark (having raised and then abandoned the same arguments) amounts to complicity, and plaintiffs should be barred from seeking relief by their unclean hands.

Ultimately, plaintiffs' myriad volleys against Cosmedico's trademarks fall in their own cross-fire. For example, at page 12 of their brief, plaintiffs allege that "Cosmedico never perfected or used the specific mark CosmoLux VLR . . .", while at page 14 they contend that Cosmedico never uses the mark VLR *without* the word CosmoLux! Neither contention affects the validity of the VLR mark one whit.

### B. The Plaintiffs' Infringing Conduct Extends Beyond the Mere Markings On the Lamps

Plaintiffs' motion focuses exclusively on the markings applied to the THR and TLR marked lamps involved in this action and even more specifically upon the model number etch applied to the left side of the lamps, to the exclusion of the more prominent "THR" and "TLR" markings applied to the right side of each lamp. [L.R. 56(a)(2) Stmt., ¶¶84-85] But plaintiffs overreach when they falsely claim (at page 15 of their brief) that "Light Sources uses the letters TLR only as a part of a lamp model number . . ." Even though LSI has refused to produce in discovery the actual etch used on the products, Tan Systems' 2003 catalog clearly shows that the lamps made for it exclusively by LSI prominently feature, as a trademark, the letters TLR at the end *opposite* the model number etch. [L.R. 56(a)(2) Stmt., ¶¶84-85]

Similarly, plaintiffs mislead the Court in stating (also at page 15) that "Tan Systems uses the mark TLR in conjunction with its Turb0Power or Turbo brand name . . ." when, in fact, the very same Tan Systems catalog describes the lamps installed in various Sunliner tanning beds simply as "TLR," apart from other Tan Systems brand names. [L.R. 56(a)(2) Stmt., ¶79]

The infringing conduct, however, goes far beyond the markings on the products themselves. Tan Systems, like other distributors in this industry, publishes a catalog used by salon owners to compare and order products, including the lamps in issue in this case. [L.R. 56(a)(2) Stmt., ¶¶79-83, 85] Such catalogs contain descriptions of the products and typically depict the products in conjunction with related equipment such as tanning beds. [L.R. 56(a)(2)

5

Stmt., Tab 11] Tan Systems, like other distributors in this industry, maintain toll-free phone numbers for customers to use when ordering products. [L.R. 56(a)(2) Stmt., Tab 11] Thus, customers in this industry do not inspect and purchase products off a shelf; rather, they rely upon, and are to a large degree at the mercy of, the representations made by the distributor.

Many distributors in this industry, including Tan Systems, offer products that are themselves made or distributed by a number of suppliers (such as Cosmedico or LSI). [L.R. 56(a)(2) Stmt., Tab 11] For example, when Tan Systems was involved in the tanning industry, it offered for sale products made and distributed by both LSI and Cosmedico. *Id.* In this regard, it is false for plaintiffs to assert, as they do at page 5 of their brief, that "neither Tan Systems nor Light Sources ever used the Cosmedico CosmoLux VLR mark which Cosmedico is asserting," when, in fact, Tan Systems 2003 catalog depicts, describes and offers for sale products described as "CosmoLux VLR." [L.R. 56(a)(2) Stmt., ¶¶81-82]

In certain aspects, what plaintiffs leave unsaid about their conduct is more telling than their affirmative allegations. For example, at page 4 of their brief, plaintiffs aver that the THR and TLR marks in issue are etched upon the lamps as part of a thirteen digit model number. While this statement is true, as far as it goes, plaintiffs in fact mark the lamps with a much more prominent "THR" or "TLR" at the opposite end of each lamp, as shown in Tan Systems' catalog. [L.R. 56(a)(2) Stmt., ¶¶84-85]

## IV. Summary: Plaintiffs Fail to Establish Any Right to Partial Summary Judgment

As to Cosmedico's First Counterclaim, a cause of action against plaintiffs for infringement of Cosmedico's federally registered trademark VHR®, plaintiffs are legally barred from challenging the validity of the mark, for the reasons set forth in Cosmedico's pending motion for partial summary judgment; moreover, genuine issues of disputed material fact exist at least as to the likelihood of confusion resulting from plaintiffs' adoption and use of the marks THR and TLR in their sales and marketing of tanning lamps in direct competition with Cosmedico [L.R. 56(a)(2) Stmt., ¶¶21, 22, 26]

As to Cosmedico's Second Counterclaim, a cause of action against plaintiffs for false designation of origin under the trademark laws of the United States, particularly 15 U.S.C. §1125(a) (also known as a "Section 43(a) action"), genuine issues of disputed material fact exist at least as to whether plaintiffs' THR and TLR marks, as used in commerce, unlawfully infringe upon Cosmedico's federally registered VHR® and CosmoLux VLR® trademarks. [L.R. 56(a)(2) Stmt., ¶¶79-85];

As to Cosmedico's Fourth Counterclaim, a cause of action against plaintiffs for common law infringement of Cosmedico's VHR® and VLR™ trademarks, a genuine issue of disputed material fact exists as to whether plaintiffs' use of the THR and TLR marks in their sales and marketing of tanning lamps in direct competition with Cosmedico infringes Cosmedico's common law trademark rights. [L.R. 56(a)(2) Stmt., ¶¶79-85]

As to Cosmedico's Fifth Counterclaim, a cause of action against plaintiffs for unfair competition under Conn. General Statutes, Chapter 42, §110(b), a genuine issue of disputed

material fact exists at least as to whether plaintiffs' acts, taken together, constitute unfair competition under Connecticut law. [L.R. 56(a)(2) Stmt., ¶¶71-78]

Finally, as to Count I of plaintiffs' second amended complaint, which purports to state a cause of action for a declaratory judgment of non-infringement of Cosmedico's trademarks, a genuine issue of disputed material fact exists at least as to whether plaintiffs' adoption and use of the marks THR and TLR in their sales and marketing of tanning lamps in direct competition with Cosmedico infringe Cosmedico's VHR®, VHR™ and CosmoLux VLR® trademarks. [L.R. 56(a)(2) Stmt., ¶¶79-85]

### V.   Legal Principles

    A. Summary Judgment May Not Be Granted Where Genuine Issues of Disputed Material Fact Preclude Judgment as a Matter of Law

Summary judgment is proper only where the movant establishes that there are no genuine issues of material fact, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A genuine issue of material fact exists if there is a dispute of fact, the disputed fact is material to the outcome of the case, and the dispute is genuine; that is, a reasonable jury could return a verdict for either party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247, 91 L. Ed. 2d 202, 106 S.Ct. 2505 (1986). The moving party has the burden of proving that summary judgment is proper. See Adickes v. S.H. Kress & Co., 398 U.S. 144, 157, 26 L. Ed. 2d 142, 90 S. Ct. 1598 (1970). When considering a motion for summary judgment, a court should construe all evidence in favor of the non-moving party. Anderson, 477 U.S. at 247.

In this case, there are many material facts that remain in genuine dispute. Accordingly, as set forth below, summary judgment is not appropriate.

### B. Trademark Law Protects the Business Investments of Innovators and Market Leaders

#### 1. Why Protect Trademarks?

A trademark is a designation used to distinguish the goods of a person. 15 U.S.C. §1052. Trademarks generally perform four principal functions worthy of protection in the courts:

a.  Identification of one seller's goods and distinction from goods sold by others;

b.  Indication that all goods bearing the trademark come from, or are controlled by, a single, even if anonymous, source;

c.  Indication that all goods bearing the trademark are of an equal level of quality; and,

d.  As a prime instrument in advertising and selling the goods.

1 McCarthy on Trademarks, §3:2 at page 3-3. Simply put, a trademark is the symbol of the goodwill established by a seller through investment in the quality and reputation of his goods. *Id.*

#### 2. The Polaroid Factors Are A Tool to Weigh the Real Facts

Plaintiffs are correct in asserting that the considerations listed in *Polaroid Corp. v. Polarad Elect. Corp.*, 287 F.2d 492 (2d Cir. 1961) are considered to be useful in assessing likelihood of confusion. The factors discussed by the court in that case included:

(1)  the relative strength of the asserted mark;

(2)  the similarity of the asserted and accused marks;

9

(3) the differences, if any in the markets or channels of trade in which the parties advertise and sell their respective products,

(4) the likelihood of the trademark owner "bridging the gap" of any difference in the markets;

(5) evidence of actual confusion, if available;

(6) the accused infringer's intent in adopting the accused mark

(7) the relative quality of the respective goods; and

(8) the level of sophistication of the market.

Factual disputes as to one or more of these factors may preclude summary judgment.

### C. The Local Rules of this Court Require Evidence Advanced in Support of a Summary Judgment to be Competent

Local Rule 56(a)(3) requires that every summary judgment motion be accompanied by a statement of material facts, each of which must be followed by a citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial. Much of the voluminous appendix filed with the Court by plaintiffs as part of its present motion papers are supported only by the declaration of plaintiffs' litigation counsel, Mr. Fattibene. While it is customary for counsel to submit affidavits or declarations affirming that documents submitted to the Court are true copies, and other similar ministerial functions, the declaration submitted by plaintiffs attempts to go much further. Many of the documents filed under Mr. Fattibene's declaration have not been produced in discovery in this action. Mr. Fattibene also offers substantive testimony as to the content and import of many of the documents, when it is clear from the circumstances that he is not competent to

authenticate or otherwise testify with respect to the documents. Cosmedico reserves the right to challenge Mr. Fattibene's declaration, and to oppose the introduction into evidence, of such documents which have been improperly withheld in discovery and which have no proper authentication or foundation. A prime example of such an objectionable document is the so-called "Bible of Indoor Tanning" referenced at page 7 and elsewhere in plaintiffs' brief. A cursory examination of the document, never before produced or identified to Cosmedico in this litigation, suggests that it is little more than a get-rich-quick primer marketed by an author of unknown credentials. Without some foundation, this document is no more than inadmissible hearsay.

## VI. Analysis: Plaintiffs Have Failed to Meet the Summary Judgment Standard for Any of the Counts in Issue

### A. Genuine Disputed Fact Issues Preclude Judgment for Plaintiffs on Cosmedico's First Counterclaim

Cosmedico's First Counterclaim states a cause of action against plaintiffs for infringement of Cosmedico's federally registered trademark VHR®. Plaintiffs are legally barred from challenging the validity of the mark, for the reasons set forth in Cosmedico's pending motion for partial summary judgment; moreover, genuine issues of disputed material fact exist at least as to the likelihood of confusion resulting from plaintiffs' adoption and use of the marks THR and TLR in their sales and marketing of tanning lamps in direct competition with Cosmedico [L.R. 56(a)(2) Stmt., ¶¶21, 22, 26]

The *Polaroid* factors cited by plaintiffs, when applied to the real facts of this case, overwhelmingly favor Cosmedico. Cosmedico has vigilantly policed its trademark, and

LSI's own president has acknowledged that Cosmedico's investment in promoting the mark has increased its recognition as an indicator of source for Cosmedico. The accused THR and TLR marks are strikingly similar to the asserted VHR and VLR trademarks when considered in the context of their actual use. Because most customers order these products remotely, typically by phone, the phonetic similarity of the marks is quite important. The competitive proximity of the products could not be closer. These marks were adopted by the plaintiffs specifically to compete against Cosmedico's VHR and VLR products. Tan Systems even listed them side-by-side in its catalog. There is no question regarding the potential for Cosmedico to "bridge the gap" between the respective markets for the products in question, as there is no gap at all! Cosmedico expects to present at trial evidence of actual confusion, as suggested by the Tan Systems documents recently inspected, but not yet received. Plaintiffs cannot demonstrate good faith, when their actions demonstrate instead a clear intent to trade off of the good will established by Cosmedico in its innovative VHR and VLR products. The Tan Systems documents will also establish that the quality of the THR and TLR lamps was inferior to Cosmedico's corresponding original products as well as the susceptibility of a large portion of the market, comprising mom-and-pop tanning salons, to accept the infringing goods instead of genuine Cosmedico lamps based on either express or implied assurances of compatibility.

      The summary judgment demanded by plaintiffs must be denied.

### B. Plaintiffs are Not Entitled to Summary Judgment as to Cosmedico's Second Counterclaim

As to Cosmedico's Second Counterclaim, a cause of action against plaintiffs for false designation of origin under the trademark laws of the United States, particularly 15 U.S.C. §1125(a) (also known as a "Section 43(a) action"), genuine issues of disputed material fact exist at least as to whether plaintiffs' THR and TLR marks, as used in commerce, unlawfully infringe upon Cosmedico's federally registered VHR® and CosmoLux VLR® trademarks. [L.R. 56(a)(2) Stmt., ¶¶79-85]. In particular, Tan Systems' offer for sale, in its 2003 catalog of labels for Sunliner tanning beds that include Cosmedico's registered VHR trademark, when the same catalog indicates that the Sunliner beds actually sold by Tan Systems were equipped with the infringing THR/TLR lamps, provides more than colorable evidence of intent to confuse customers as to the origin of the products in question.

### C. Cosmedico is Entitled to Trial of its Fourth Counterclaim

Cosmedico's Fourth Counterclaim states a cause of action against plaintiffs for common law infringement of Cosmedico's VHR® and VLR™ trademarks. A genuine issue of disputed material fact exists at least as to whether plaintiffs' use of the THR and TLR marks in their sales and marketing of tanning lamps in direct competition with Cosmedico infringes Cosmedico's common law trademark rights, for the reasons set forth above. [L.R. 56(a)(2) Stmt., ¶¶79-85]

### D. Summary Judgment as to Cosmedico's Fifth Counterclaim is Not Appropriate

As to Cosmedico's Fifth Counterclaim, a cause of action against plaintiffs for unfair competition under Conn. General Statutes, Chapter 42, §110(b), a genuine issue of disputed material fact exists at least as to whether plaintiffs' acts, taken together, constitute unfair competition under Connecticut law. [L.R. 56(a)(2) Stmt., ¶¶71-78] Of particular import is the extent to which plaintiffs' improper attempts to resurrect their long-surrendered challenges to the validity of the Cosmedico marks provides the "extra" misconduct needed to bring plaintiffs' infringing acts into the realm of unfair competition.

### E. Summary Judgment as to Count I of the Second Amended Complaint is Not Appropriate

Finally, as to Count I of plaintiffs' second amended complaint, which purports to state a cause of action for a declaratory judgment of non-infringement of Cosmedico's trademarks, a genuine issue of disputed material fact exists at least as to whether plaintiffs' adoption and use of the marks THR and TLR in their sales and marketing of tanning lamps in direct competition with Cosmedico infringe Cosmedico's VHR®, VHR™ and CosmoLux VLR® trademarks. [L.R. 56(a)(2) Stmt., ¶¶79-85]. Once again, an open-eyed review of the evidence compels the conclusion that numerous fact issues not only preclude summary judgment for plaintiffs, but portend an ultimate judgment in favor of Cosmedico.

VII.  Conclusion: Plaintiffs are Entitled to None of the Relief Demanded in their Motion

For all of the reasons set forth above, and in Cosmedico's Local Rule 56(a)(2) Statement, the partial summary judgment demanded by plaintiffs must be denied.

Dated: September 10, 2004

Respectfully submitted,
Cosmedico Light, Inc.,
by its Attorneys,

JAMES W. OLIVER
Federal Bar No.: ct02510
Berman and Sable
100 Pearl Street, 10th Floor
Hartford, CT 06103
Tel:   (860) 527-9699
Fax:   (860) 527-9077

DALE A. MALONE
Federal Bar No.: ct25020
Banner & Witcoff, Ltd.
28 State Street
Boston, Massachusetts 02109
Tel:   (617) 720-9600
Fax:   (617) 720-9601

## CERTIFICATION OF SERVICE

This is to certify that a copy of this Cosmedico's Answer to Second Amended Complaint and Counterclaims was served by mail, first class postage prepaid, on this 10th day of September, 2004 to all counsel of record as follows:

Arthur T. Fattibene, Esq.
Paul A. Fattibene, Esq.
2480 Post Road
Southport, CT 06490

Cynthia L. Counts, Esq.
Counts & Associates
1384 Lanier Place
Atlanta, GA 30306

_____
Dale A. Malone