UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT


LIGHT SOURCES, INC., and
TAN SYSTEMS, INC.,
                    Plaintiffs

        v.
                                    Civil Action
                                    No. 303 CV 874 (MRK)

                                    At New Haven
COSMEDICO LIGHT, INC.,
                    Defendant       September 13, 2004



**PLAINTIFFS, LIGHT SOURCES, INC.'S AND
TAN SYSTEMS, INC.'S MEMORANDUM IN OPPOSITION
TO DEFENDANT, COSMEDICO LIGHT, INC.'S
RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO
COUNTS I, II AND V OF THE SECOND AMENDED COMPLAINT**

Arthur T. Fattibene
Paul A. Fattibene
Fattibene & Fattibene
2480 Post Road
Southport, CT 06890-1218

ORAL HEARING REQUESTED

## I.  NATURE OF THE PROCEEDINGS:

On or about August 25, 2004, Defendant, Cosmedico Light, Inc. (Cosmedico) served on Plaintiffs, Light Sources, Inc. (Light Sources) and Tan Systems, Inc. (Tan Systems) Cosmedico's Renewed Motion for Partial Summary Judgment as to Counts I, II and V of the Second Amended Complaint.  Cosmedico's Renewed Motion is a rehash of Cosmedico's previous Motion for Partial Summary Judgment filed on or about February 27, 2004, which was dismissed without prejudice.

Cosmedico's Renewed Motion, like its previously dismissed Motion, seeks a summary judgment as to Counts I, II and V of the Second Amended Complaint on the ground that they are barred by res judicata in view of the [voluntary] stipulated dismissal with prejudice of a prior challenge [by Light Sources alone] to the registration of the trademark [VHR] in a Title 15 USC 1063 opposition proceeding before the United States Patent Office's Trademark and Trial and Appeals Board (TTAB), which was not adjudicated on its merits.

Cosmedico's Renewed Partial Summary Judgment Motion is ill conceived and frivolous as Cosmedico's Renewed Motion for Partial Summary Judgment cannot be supported in law or fact.  The <u>right to register issue</u> raised by the Notice of

1

Opposition, that was filed solely by Light Sources (Cosmedico's Tab 6 at 001172, 001173),[1] was never tried or adjudicated on its merits, and that the issues or causes of action pleaded in Counts I, II and V are different in that they relate to the right to use, and not the right to register which was the issue in the prior opposition proceeding.  Also, the allegations of Counts I, II and V arose as a result of facts or transactions that occurred subsequent to the dismissal of the opposition proceeding. Therefore, Counts I, II and V cannot be barred by Cosmedico's unsupported and frivolous arguments of res judicata, as a matter of law.

   This is Light Sources and Tan Systems Joint Memorandum together with supporting declarations, exhibits and documentary evidence and citing applicable law and authorities, in opposition to Cosmedico's Motion for Partial Summary Judgment which seeks the dismissal of Counts I, II and V of the Second Amended Complaint on the sole ground of res judicata.  Plaintiffs' Local Civil Rule 56(a)(2) Statement is also being submitted in the event it is determined that Cosmedico's Renewed Motion is a proper Fed.R.Civ.P. Rule 56 Motion.

---

[1] Cosmedico's Tab as used herein refers to Cosmedico's appendix papers filed in support of Cosmedico's Renewed Motion for Partial Summary Judgment, followed by Tab Number and page designation thereof.

II.  **STATEMENT OF FACTS**

   **A.  Background**

   1.  Light Sources is a prominent manufacturer and
seller of specialty type gas discharge lamps, e.g.
germicidal ultraviolet lamps, ultraviolet fluorescent sun
tanning lamps and other such highly specialized lamps with
its principal place of business located in Orange,
Connecticut.  (Declaration of Christian J. Sauska,
paragraph 2) (A-1, 2).[2]

   2.  Light Sources manufacturers several lines of
fluorescent sun tanning lamps which Light Sources sells
under its own house brands or trademarks and to original
equipment manufacturers (OEM) who, in turn, resell the same
to their own sun tanning salon customers under their own
house brands or trademarks. (Declaration of Christian J.
Sauska, paragraph 3) (A-2).

   3.  Tan Systems is a corporation organized under the
laws of the State of Georgia with its principal place of
business located in McDonough, Georgia.  Tan Systems, at
the time this lawsuit was initiated, manufactured and
distributed sun tanning beds, sun tanning lamps and sundry
other sun tanning related products.  Tan Systems
distributed the lamps it purchased exclusively from Light

---

[2] (A-  ) refers to Light Sources' attached Appendix followed by appendix page number.

Sources under Tan Systems own trademark **Turb0Power**.[3]

(Declaration of Ms. Tiffany, paragraphs 19-22, 27) (A-40, 41-46).

    4.  On or about February 16, 2004, Tan Systems sold its business to Heartland Tan, an unrelated third party. As a result, Tan Systems is no longer in the sun tanning business. (Declaration of Ms. Tiffany, paragraph 32) (A-47); (Supplemental Declaration, paragraph 2), (A-70,80).

    5.  Cosmedico is a Delaware corporation having its principal offices located in Weymouth, Massachusetts. Cosmedico's principle business is marketing and selling fluorescent sun tanning lamps, ballasts, starters, and other associated products such as socket adaptors, sockets and UV meters to the tanning industry.  The sun tanning lamps are primarily sold under Cosmedico's house mark or trademark COSMEDICO or COSMOLUX.  Depending on the type or function of the lamps Cosmedico sells under its house marks COSMEDICO or COSMOLUX, said house marks COSMEDICO or COSMOLUX are used in conjunction with the VHR or VLR mark in suit to indicate the function, model or type of lamp for distinguishing one type of Cosmedico's "Cosmolux" lamp from another type "Cosmolux" lamp.  (Mr. Frank, Cosmedico's

---

[3] A notice of allowance was issued by the U.S. Patent and Trademark Office on January 20, 2004, indicating that the **Turb0Power** mark was registerable.

President, deposition transcript A-163, 164, 164A)  (See
Exhibit at A-10, A-186).

6.  VHR is a commonly used acronym in the sun tanning
industry to designate a Very High Output Reflector (160
watt) lamp and VLR is the acronym for a Lower Output
Reflector (100 watt) lamp.  Cosmedico does not manufacture
any of the sun lamps which it sells or markets.
(Declaration of Ms. Tiffany, Paragraphs 9-18) (A-41-44);
See Bible on Indoor Tanning at A-94-103.

7.  Mr. Frank testified on deposition that the mark
"VHR is not used alone on the labeling of the current
products" and "to my knowledge I think we always designated
it (VHR) as "Cosmedico" or "Cosmolux" on the lamp itself."
(A-164A).

8.  In or about January 2002, Light Sources commenced
making and selling a line of sun tanning lamps which were
sold exclusively to Tan Systems.  Tan Systems in turn sold
and distributed the lamps it purchased from Light Sources
throughout the sun tanning trade under Tan Systems own
trademark **Turb0Power**.  Tan Systems trademark **Turb0Power** was
clearly imprinted on each such lamp Tan Systems purchased
from Light Sources as indicated at (A-290, 291).
(Declaration of Kristen Tiffany, paragraphs 19-22), (A-44).

9.  The type of sun tanning lamps which Light Sources sold exclusively to Tan Systems included a very high output reflector (160 watt) lamp and a low output reflector (100 watt) lamp.  (Declaration of Christian J. Sauska, paragraph 22) (A-6).

10.  For identification purposes, Light Sources imprints directly on each of the tanning lamps it sells exclusively to Tan Systems a model number, e.g. F71T12-THR160 or F71T12-TLR-100.  The THR is used as Light Sources' model designation for Tan Systems' **Turb0Power** high output (160 watt) reflector lamp and the TLR is Light Sources' model designation for Tan Systems' **Turb0Power** low output (100 watt) reflector lamp, respectively. (Declaration of Christian J. Sauska, paragraph 22) (A-6) (A-290, 291).

11.  Tan Systems marketed the very high output 160 watt reflector lamp and the low output 100 watt reflector lamp, which it exclusively purchased from Light Sources, to the tanning trade, i.e. sun tanning salon owners, under Tan Systems' own trademark **Turb0Power**, followed by the Light Sources' model number F71T12-THR-160 or F7T12-TLR-100 to distinguish Tan Systems' **Turb0Power** very high output 160 watt reflector lamp models from the **Turb0Power** low output 100 watt reflector lamp models.  Without such

6

distinguishing model markings, one could not distinguish one model lamp from the other.  (Declaration of Ms. Tiffany, paragraph 22) (A-44).

12.  More specifically, the complete information relating to the name and model number imprinted on each lamp which Light Sources sold exclusively to Tan Systems is noted in the etching that is placed on each and every **Turb0Power** lamp Light Sources sold exclusively to Tan Systems, and the box label required for compliance with FDA regulations, as indicated below:

(Declaration of Christian J. Sauska, paragraph 22) (A-6).

13.  The etchings and box label (A-290, 291) for each lamp Light Sources exclusively sold to Tan Systems clearly identifies Light Sources as the manufacturer and Tan Systems as the exclusive distributor.  No one in the sun tanning business could possibly confuse Tan Systems' **Turb0Power** THR or TLR lamps so marked with those of Cosmedico's very high (160 watt) output reflector lamp bearing the COSMOLUX VHR mark or Cosmedico's low (100 watt) output reflector lamp bearing the COSMOLUX VLR trademark. (Declaration of Christian J. Sauska, paragraphs 22, 23) (A-6, 7) (A-290, 291).

14.  Between February 2003 and May 2003, Cosmedico sent a number of threatening letters of infringement directly to both Tan Systems and Light Sources, asserting that Light Sources and Tan Systems' selling of lamps bearing the THR and TLR markings, as indicated in above paragraph 10, infringed Cosmedico's registered VHR® mark and Cosmedico's unregistered COSMOLUX VLR and VLR marks[4] that precipitated this law suit.  (Declaration of Ms. Tiffany, paragraphs 23-26) (A-44-45).

---

[4] Cosmedico's COSMOLUX VLR and VLR marks were not registered when the notices were sent and they are still not registered.  Cosmedico was granted a trademark registration No. 2,788,356 for a mark COSMOLUX VLR with a cat design.  The alleged marks COSMOLUX VLR and VLR were not in being when the opposition was filed in November 1996 and thus are not the subject of Cosmedico's Renwed Partial Summary Judgment Motion. (Cosmedico's Renewed Motion Memorandum, page 3).

15.  Neither Light Sources and/or Tan Systems, separately or jointly, have ever used the mark COSMOLUX and/or COSMEDICO on any lamp manufactured by Light Sources or sold to Tan Systems.  (Declaration of Christian J. Sausksa, paragraph 24) (A-7) (Frank Deposition Transcript at A-170) (So stipulated by the parties, A-352, 353).

**B.  Cosmedico's Renewed Motion For Partial Summary Judgment Is Limited To Counts I, II and V Of The Second Amended Complaint And Limited To Only The Alleged VHR Mark In Suit.**

Cosmedico's instant Renewed Motion for Partial Summary Judgment is a virtual verbatim rehash of Cosmedico's previous Summary Judgment Motion which was dismissed without prejudice.  The Renewed Motion seeks a summary dismissal of Counts I, II and V of the Second Amended Complaint for the same reason previously asserted, viz. because the causes of action pleaded in Counts I, II and V are barred by res judicata.  Cosmedico's res judicata defense is predicated solely on a voluntary stipulation of dismissal with prejudice (Cosmedico Tab 6 at 001188-001189) that was filed to terminate the opposition before any ruling or decision was rendered.  Light Sources alone challenged the registration of Cosmedico's VHR mark in the opposition proceeding (Cosmedico Tab 6 at 001168-001190)

before the United States Patent Office Trial and Apeals
Board on or about November 7, 1996.  The voluntary
dismissal filed in the opposition proceedings prevented <u>the
adjudication of any fact or legal issue raised in the
opposition on its merits</u>.  (Declaration of Christian J.
Sauska, paragraph 20 at A-5, 6).


    **C.  The Prior U.S. Patent and Trademark Office
Examination Proceedings Relating To The Registration Of The
VHR Mark And The Opposition Thereto.**

    On or about May 19, 1995, Cosmedico filed a trademark
application seeking to register the mark VHR for use with
Ultra Violet Fluorescent Lighting Tubes For Sunning and
Tanning Purposes in International Class 011; in which
Cosmedico alleged a first use in commerce as of December
1994.  (Cosmedico Tab 4 at 001072-001075).  The specimens
submitted by Cosmedico to evidence actual use of the VHR
mark illustrate that the mark VHR is used <u>in conjunction
with the word or term COSMOLUX as a composite mark</u> having
the same type letter font.  (Cosmedico Tab 4 at 001077,
001078).  The drawing of the mark VHR submitted by
Cosmedico illustrates the mark as being limited to only the
same block type letters VHR per se (Cosmedico Tab 4 at
001076).  The application for the VHR mark was assigned

10

application SN 74/677,294 and a filing date of May 19, 1995.

On November 22, 1995, the Examining Attorney rendered an "office action" inquiring as to whether the "wording 'VHR' has any significance in the relevant trade or industry or as applied to the goods", i.e. ultraviolet fluorescent lighting tubes for sunning and tanning purposes. (Cosmedico Tab 4 at 001081-82)

On or about May 8, 1996, in reply to the Examining Attorney's inquiry as to the significance or meaning of VHR in the relevant trade or industry, Cosmedico advised the Examining Attorney "that the expression VHR was developed by the Applicant (Cosmedico) herein" and is an acronym for the words 'very high reflector output'" and that "To the best of Applicant's knowledge, the 'VHR' has no relevance in the trade or industry." (Emphasis added) (Cosmedico's Tab 4 at 001087, 001088).[5]

Acronyms such as VHO, HO and VHR are commonly used acronyms throughout the sun tanning industry to designate a type, function, physical characteristic and/or the power

---

[5] Cosmedico's representation was intentionally deceptive, as Cosmedico was absolutely aware that the acronym VHR was being widely used throughout the sun tanning industry as a descriptive term for sun tanning beds and sun tanning lamps that have a very high output and a reflector. VHR was a well established acronym that was being used by a host of trade publications, manufacturers, distributors and sellers of sun tanning lamps and related equipment. See attached ads and Declarations of Kristen Tiffany and Christian J. Sauska. The QDM Company used the mark VHR long before Cosmedico's alleged date of first use. (Declaration of Ms. Tiffany, paragraph 10).

output of such lamps.  These acronyms were used by others and are well known throughout the sun tanning industry prior to Cosmedico's filing its trademark application to register the VHR mark on May 19, 1995.  Declaration of Kristen Tiffany, paragraphs 10, 11 and 12.  (A-41, 42)  The Examining Attorney, apparently uninformed as to the extensive use of the term VHR within the sun tanning industry, obviously relied upon Cosmedico's deceptive representations and issued the Notice of Publication.

Pursuant to a Notice of Publication (Cosmedico Tab 4 at 001094), Light Sources alone on November 7, 1996, which was previously threatened by Cosmedico (A-356, 357) filed a timely notice of opposition to the registration of Cosmedico's VHR mark pursuant to Section 13(a) of the Trademark Act of 1946; and rules 2.101 and 2.102 of the Trademark Rules. (Cosmedico Tab 6 at 001172-001174).  It is to be noted that Tan Systems was not a party to the opposition proceedings, nor was Light Sources making and/or selling any lamp bearing the accused THR mark to Tan Systems in November 1995.  (Declaration of Ms. Tiffany, paragraphs 29-31 at A-46, 47)

Light Sources' reason for opposing the registration of the VHR mark at the time was because Light Sources was threatened with trademark infringement for using the term

VHR, which was widely used as an acronym that had acquired a common, well established generic usage throughout the sun tanning industry to mean a particular class or type of ultraviolet fluorescent lamps that embodied the technology capable of providing a very high reflective output as a result of a reflector coating arranged for increasing the intensity of the UV rays emanating from the uncoated portion of the lamp so as to optimize such lamp's sun tanning capabilities, and thus is not subject to the exclusive appropriation thereof by Cosmedico.  (Cosmedico's Tab 6 at 001172, 001173).  Such lamps were regarded and referred to throughout the tanning industry as VHR lamps. See exhibits attached to Declaration of Christian J. Sauska and Kristen Tiffany).  (Bible on Indoor Tanning, A-94-103)

The opposition did not assert or require that the Trademark Trial and Appeal Board (TTAB) make any determination as to whether any mark of the Opposer, Light Sources, was likely to be confused with Cosmedico's VHR mark.  <u>Likelihood of confusion or trademark infringement was not an issue in the opposition proceeding involving the VHR alleged trademark</u>.  (Cosmedico Memorandum, page 14, footnote 1).  When the opposition was filed, Light Sources had not yet begun using the THR or TLR markings, nor did

Cosmedico own any registration for the mark VHR.
(Declarations of Ms. Tiffany and Christian J. Sauska)

On or about February 7, 1997, Cosmedico filed its
Answer to the Notice of Opposition (Cosmedico's Tab 6 at
001177-1180).

While a discovery schedule was established in the
opposition proceedings (Cosmedico's Tab 6 at 001182), and
was twice extended, no discovery was ever consummated by
either party, and no decision was ever rendered by the
Trademark Trial and Appeal Board on the merits of the
opposition. (Cosmedico Tab 6, Opposition File History)
(Declaration of Christian J. Sauska, paragraph 20 at A-5,
6).

On or about October 27, 1997, the parties mutually
agreed to file a Stipulation of Dismissal of the opposition
to terminate the proceedings before any discovery and/or a
decision on the merits was rendered.  (Cosmedico's Tab 6 at
001188)  As noted on pages 4 and 5 of Cosmedico's
Memorandum, the principals of Cosmedico and Light Sources
reached a business arrangement or understanding wherein
Light Sources agreed to drop the opposition in return for
Light Sources becoming a supplier to Cosmedico for a
medical use lamp Cosmedico was contemplating selling.
However, no such business materialized.  (Christian J.

14

Sauska, Light Sources' President, deposition testimony quoted on page 4 of Cosmedico's Memorandum).

The Trademark Trial and Appeal Board, in view of the Stipulation of Dismissal with prejudice filed by the parties, dismissed the opposition without deciding the merits (Cosmedico's Tab 6 at 001190).

The Trademark Trial and Appeal Board thus did not make or render any findings, rulings and/or render any opinion "on the merits" of the opposition filed by Light Sources.

Further, Light Sources' accused marks THR and TLR were not in being at the time Light Sources initiated the opposition proceedings.  Light Sources did not apply the THR and/or the TLR marking to lamps until January 2002 when Light Sources first started to exclusively supply Tan Systems with Tan Systems' **Turb0Power** styled lamps.  It was then that Light Sources adopted the model designation THR and TLR to designate the difference between Tan Systems **Turb0Power** very high output (160 watt) reflector lamps and Tan Systems' Turb0Power low output (100 watt) reflector lamps.  (Declaration of Christian J. Sauska, paragraph 21, 22 at A-6).

**D. Cosmedico's Inequitable Conduct In Securing The VHR Trademark Registration.**

In its moving papers, Cosmedico, at page 1 of its Memorandum, asserts that "Cosmedico is the United States industry leader" and sells its products both to sunbed manufacturers and through a network of distributors, to salon owners, and that "Cosmedico's products are distributed worldwide."[6]

Prior to May 19, 1995, the filing date of the VHR trademark application, and certainly before May 14, 1996, when Cosmedico responded to the Examining Attorney's inquiry as to the meaning of VHR, <u>Cosmedico was well aware that the sun tanning industry, as a whole, was widely using the term VHR as an acronym for sun tanning beds and sun tanning lamps used therein having very high reflector outputs that embodied the so-called VHR technology</u>. In fact, long before Cosmedico's alleged date of first use of December 1994 for the VHR mark, others in the sun tanning industry had been using the VHR for describing a specific type of tanning lamps capable of very high outputs that was obtainable by a reflector for optimizing or maximizing the spectral iridescence and tanning efficiency of such VHR

---

[6] Cosmedico is a small marketing and sales company consisting of only six employees, including its president and that the sales of its products are limited to only the U.S. and Canada. (Frank Deposition, A-161 and 164B). Cosmedico does not manufacture lamps. (A-164) (Christian L. Sauska, deposition testimony A-375).

lamps. (Declaration of Kristen Tiffany.) Advertisers and the popular trade journals referred to such VHR products as embodying VHR technology. See Tan Systems publication referring to the VHR technology utilized in Tan Systems Sunliner VHR brand sun tanning beds, viz. Very High Output Reflector Lamps embodying the VHR technology bearing a 1995 copyright date. (A-106 and Declaration of Ms. Tiffany, paragraph 13, Exhibit D at A-55-58). Other manufacturers, trade journals and distributors throughout the sun tanning industries freely use the acronyms VHR, VHO and HO to specifically describe the descriptive functions achieved by those respectively defined classes of tanning lamps. Also, see Exhibits of the ads and publications attached to Ms. Tiffany's Declaration (A-49-69) and Christian J. Sauska's Declarations (A-18-39) and Exhibits (A-93-103; A-107-143), as evidence of the wide scale use of the term VHR in both a descriptive and generic sense within the sun tanning industry.

Sun Industries Cyber-Dome brochure for sunning beds describes the use of a combination of VHR lamps, VHO lamps and HO lamps to maximize a high definition tanning. (Exhibits 10 and 11, Declaration of Mr. Sauska) (A-30-35). The acronyms VHR, VHO and HO are commonly used terms for those lamps generating a specific UV wavelength to enhance

17

the UVA and UVB components of a UV wavelength as explained
in Sauska Exhibit 10 (A-30-32).  See also Bible of Indoor
Tanning (A-93-103).  The publications attached to the
Declarations of Ms. Tiffany and Christian J. Sauska,
further represent the common use of the acronym VHR that
was in use and known to Cosmedico prior to May 8, 1996,
when Cosmedico advised the Examining Attorney that "the
expression 'VHR' has no relevance in the [sun tanning]
trade or industry."  (Emphasis added).  Cosmedico's actual
knowledge of the use by others of the VHR acronym prior to
the representations Cosmedico made to the Examining
Attorney during the prosecution of the VHR trademark
application is evident by the letters Cosmedico circulated
to the trade, attached in the Appendix herein at (A-358-
370).

    The overwhelming use of the term VHR by others in the
industry to describe the attributes of the particular
associated sun tanning beds or the ultraviolet sun tanning
lamps used therein and Cosmedico's actual knowledge
thereof, is evidence a deliberate and willful intent on the
part of Cosmedico to deceive the Examining Attorney,
clearly supports Light Sources and Tan Systems claim of
inequitable conduct pleaded in Counts I and V.  In effect,
Cosmedico's representation to the Examining Attorney was an

attempt to knowingly carve out of the public domain the generic or descriptive acronym VHR for Cosmedico's own exclusive use by a malicious, willful, deliberate and deceptive intent.

Inequitable conduct in securing a registration is not an issue that could have been determined in an opposition proceeding, as no registration had yet been granted. Inequitable conduct can only become an issue in a subsequent proceeding after a registration for a mark has been granted if it can be shown that the Examining Attorney relied on an intentional misrepresentation of facts to grant the registration.  That the Examining Attorney relied upon Cosmedico's misrepresentations is evident by the granting of the registration for the VHR mark.

**E.  The Counts Of The Second Amended Complaint That Are The Subject Of Cosmedico's Renewed Partial Summary Judgment Motion.**

1.  Count I of the Second Amended Complaint is a declaratory judgment action to declare that Cosmedico's federally registered mark VHR is not being infringed by Light Sources or Tan Systems use of the marks THR or TLR, and that the registered VHR mark is invalid as being merely descriptive of the associated lamp's physical attributes and/or is unenforceable and/or invalid due to inequitable

conduct and because Cosmedico was not the first user of the
term VHR.

None of these facts or legal issues pleaded in Count I
were before or determined in the foregoing noted opposition
proceeding, which was voluntarily dismissed by mutual
consent of the parties thereto. The issues raised in Count
I are infringement related issues which are substantially
different from the issue of registerability that was the
subject of the opposition. Also, the allegations of Count
I all occurred subsequent to the voluntary dismissal of the
opposition. The issues pleaded in Count I are predicated
on facts which have occurred subsequent to the dismissal of
the opposition, and could not have been made an issue in
the opposition.

2. Count II of the Second Amended Complaint seeks
cancellation of Cosmedico's VHR Registration No. 2,124,659
under Title 15, sect. 1119, for the reason that the mark
VHR is merely a descriptive acronym that has been widely
used by those within the sun tanning business or industry
to describe the physical characteristics or function of the
associated class of lamps, viz. a lamp having a very high
reflector output capable of optimizing the tanning
efficiencies of the lamp. Count II also pleads that the
descriptive VHR mark lacks the necessary distinctiveness,

i.e. secondary meaning necessary to indicate a source of origin.  It thus lacks any trademark significance for indicating origin of source.  The issues relating to cancellation pursuant to Title 15 USC section 1119 are materially different from any issue raised in an opposition proceeding.

The issue presented in the Opposition pleadings, which was never decided on its merits by the Patent Office Trademark Trial and Appeals Board, was solely limited to the issue of whether or not the mark VHR was a <u>generic term within the industry</u>, and therefore unregisterable under Title 15 USC 1052.  A descriptive term as pleaded in Count II requires a showing of secondary meaning.  The issue of a secondary meaning was not an issue in the opposition proceeding.  The issues relating to seeking the cancellation of a registered mark as urged in Count II are quite different from the sole issue raised in the opposition, which was never decided on the merits.

3.  Count V of the Second Amended Complaint filed pursuant to Title 15, section 1120 of United States Code, pleads a specific cause of action sounding in inequitable conduct on the part of Cosmedico in securing the registration for the VHR mark by making willful and deliberately false representations to the Examining

Attorney, upon which the Examining Attorney apparently relied to issue the registration for the VHR mark.

Clearly, the cause of action pleaded under Title 15 USC sect. 1120 in Count V was not an issue in the prior opposition before the U.S. Patent and Trademark Trial and Appeals Board (TTAB), nor could the TTAB rule on the issue of cancellation, as the mark was not registered and thus not ripe for any determination as to whether or not the registration of the mark VHR was secured by means of inequitable conduct.

**A R G U M E N T**

**I.  COSMEDICO'S RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT ASSERTING COUNTS I, II AND V OF THE SECOND AMENDED COMPLAINT AS BARRED UNDER THE DOCTRINE OF CLAIM PRECLUSION (RES JUDICATA) DOES NOT QUALITY AS A SUMMARY JUDGMENT MOTION UNDER RULE 56, FED.R.CIV.P.**

Cosmedico's Renewed Motion for Partial Summary Judgment is directed to Counts I, II and V.  Counts I, II and V are directed to issues of <u>non-infringement,</u> <u>invalidity</u> and <u>unenforceability</u> of Cosmedico's VHR registered mark.  The sole ground upon which Cosmedico seeks summary judgment and dismissal of Counts I, II and V is predicated solely upon argument of counsel that a voluntary dismissal with prejudice of a 1996 opposition proceeding instituted by Light Sources within the U.S. Patent and Trademark Office (PTO), in which no decision on

the merits was rendered, bars Light Sources' Counts I, II
and V.  Cosmedico admits in the footnote 1 on page 14 of
its supporting memorandum that the issue of infringement or
non-infringement was not determined in the opposition
proceeding.  Cosmedico cites no authority, statute, rule or
regulation whereby the Patent and Trademark Office has the
authority or jurisdiction to determine whether a registered
mark is infringed, valid and/or enforceable.  The PTO's
authority is limited to merely the registration of a mark
or the cancellation of a registered mark in accordance with
specific rules or regulations promulgated under the U.S.
Trademark Laws 15 USC 1052 et seq.  See Cosmedico's Tab 5
in support of its Renewed Motion.

Reference is made to Zip Dee, Inc. v. Dometric Corp.,
886 F.Supp. 1427; 38 USPQ 2d 1239, 1241 (N.D. Ill 1995),
wherein the Court held that a motion labeled as a motion
for partial summary judgment, asserting that Plaintiff's,
Zip Dee's, trademark claims are barred under the doctrine
of claim preclusion (res judicata) was not a motion that
qualified as a Rule 56 Fed.R.Civ.P. motion, and that such
motion would be considered as a motion under Rule 16,
Fed.R.Civ.P., to limit or narrow the issue.

In either case, Cosmedico's Renewed Motion should be
denied as res judicata does not apply with respect to

Counts I, II and V of the Second Amended Complaint, for the reasons herein set forth.

## II.  THE SUMMARY JUDGMENT STANDARD.

The standards pertaining to summary judgment in this Circuit are well established.  A Court may grant this extraordinary remedy only when it is clear that (1) no genuine issue of material fact remains to be resolved at trial and (2) that the movant is entitled to judgment as a matter of law.  Both conditions must be met.  Rule 56, Fed.R.Civ.P.  Nabisco, Inc. v. Warner Lambert Co., 220 F.2d 43, 45; 55 USPQ 2d 1051 (2 Cir 2000); Nora Beverages v. Perrier Group of America,           ; 60 USPQ 2d 1038 (2 Cir 2001).

Only where the entire record would inevitably lead a rational trier of fact to find for the moving party is summary judgment warranted.  National Railroad Passenger Corp. v. City of New York, 882 F.2d 710 (2nd Cir. 1989). The evidence presented by the responding party is to be viewed in the light most favorable to the responding party and all inferences must be drawn in favor of the responding party.  Anderson v. Liberty Lobby, Inc., 477 US 442; 91 L.Ed.2d 202; 106 S.Ct. 2505 (1986).

The movant bears the burden of demonstrating absence of all genuine issues of material facts.  Copelands'

24

<u>Enterprises, Inc. v. CNV, Inc.</u>, 945 F.2d 1563; 20 USPQ 2d 1294 (Fed Cir 1991).

### III.    THE RELEVANT LAW PERTAINING TO RES JUDICATA.

The general rule of res judicata (claim preclusion) is that a valid and <u>final judgment on the merits of a claim</u> precludes a second action on that claim or any part of it. A judgment has a preclusive effect only if it is "on the merits." <u>Kremer v. Chemical Constr. Corp.</u>, 465 US 461, 467 n. 6 (1982).

Under the doctrine of res judicata (claim prelcusion), a judgment <u>on the merits</u> in a prior suit bars a second suit involving the <u>same parties or their privities</u> on the <u>same cause of action</u>.  Claim preclusion refers to the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit.

Claim preclusion or res judicata rules formulated by the Courts are designed to draw a line between the meritorious claims on the one hand and the vexatious, repetitious and needless claims on the other hand. Litigation should not be renewed <u>after a case has been fully presented before the Court and the matter has been decided against a litigant</u>.

To invoke res judicata or claim preclusion, the following elements must be present:

(1)  A final judgment on the merits in a prior suit involving (2) the same parties or their privities and (3) a subsequent suit based on the same cause of action. (Emphasis added).  Tonka Corp. v. Rose Art Industries, Inc., 836 F.Supp. 200; 29 USPQ 2d 1801 (DNJ 1993).[7]

As noted in Tonka, supra, to determine whether two causes of action are the same for claim preclusion purposes, the Court should consider:

(1) whether the wrong for which redress is sought is the same in both actions, i.e. whether the acts complained of and the demand for relief are the same;

(2) whether the theory of recovery is the same;

(3) whether the witnesses and documents necessary for trial are the same; and

(4) whether the material facts alleged are the same.

Res judicata is not applicable if the claim presented in the second action is not the same as that presented in the first action.  West Indian Sea Island Cotton v. Threadtex, Inc., 761 F.Supp. 1041; 21 USPQ 2d 1881 (SDNY 1991).

---

[7] Tonka Corp., supra, is consistent with Second Circuit case law.  Save the Children Federation v. Larry Jones Ministries,                ; 38 USPQ 2d at 1498 (D.Conn. 1996).

As rightly noted in <u>Jim Beam Brands Co. v. Beamish &</u>
<u>Crawford, Ltd.</u>, 19 USPQ2d 1352 (2 Cir 1991):

> "If an issue was not actually decided in a
> prior proceeding, or if its decision was
> not necessary to the judgment, its
> litigation in a subsequent proceeding is
> not barred by collateral estoppel."

In <u>Jim Beam</u>, supra, the Second Circuit also noted that
"res judicata was not applicable because a remedy for a
trademark infringement action was not available in the
Trademark Trial and Appeals Board/Federal Circuit
Proceedings."  In short, the Second Circuit noted that a
trademark infringement action is not the same cause of
action as those proceedings relating to the <u>registration of</u>
<u>a trademark as are generally determined in a trademark</u>
<u>cancellation or opposition proceeding brought before the</u>
<u>U.S. Trademark Trial and Appeals Board</u>.  See also <u>Levy v.</u>
<u>Kosher Overseers Assoc. of America</u>,                ; 41
USPQ 2d 1456 (2 Cir 1997), following the <u>Jim Beam</u>, supra,
rationale.

It is axiomatic that res judicata (claim preclusion)
is inapplicable where the two causes of actions are
different.  While issues may be similar, a registration
proceeding before an administrative body such as the U.S.
Trademark Trial and Appeals Board and an infringement suit

brought in a U.S. District Court are materially different. Save The Children Federation v. Larry Jones Ministries, ; 38 USPQ 2d 1495 (D.Conn. 1995). Also to be noted is that Title 28 USC 1338(a) provides that the district courts shall have original jurisdiction in any civil matter arising under any Act of Congress relating to patents, copyrights and trademarks. Thus, the U.S. Trademark Trial and Appeal Board lacks any jurisdiction in determining an infringement dispute.

Oppositions and cancellation proceedings brought before the U.S. Trademark Trial and Appeals Board are decided generally upon only a limited comparison of the applied for or registered format and goods without regard for their marketplace manner of use. For this reason, it was early determined that such TTAB decisions have no later preclusive effects in a suit where actual usage in the marketplace is the paramount issue. John Morrell & Co. v. Doyle, 97 F.2 232 (7 Cir 1938), cert. denied 305 US 643, where the Board compared only the marks, not their marketplace use. See Irving-Cloud Publishing Co. v. Chilton Co., 463 F.Supp. 476; 201 USPQ 772 (E.D. Pa 1978), where the Board's cancellation of defendant's registration for likelihood of confusion with plaintiff's mark is not

binding on the Court where the Board did not consider defendant's manner of use in the marketplace.

An opposition or cancellation proceeding before the TTBA is limited to a determination as to whether or not <u>one has the right to register its mark</u>. Thus, a TTBA decision is limited to only one's <u>right to register</u>, and such decision cannot determine or have any preclusive effect as to <u>one's right to use the mark</u>. Reference is made to <u>Plus Products v. Natural Organic, Inc.</u>,              ; 223 USPQ at 28 (SDNY 1984), wherein it was noted that collateral estoppel is inappropriate[8] when the markets, consumers, volume of business and advertising of the parties have changed significantly over time. The Court further noted "It would be unfair to award summary judgment on collateral estoppel grounds without some findings of fact at this time" citing <u>U.S. v. Certain Land at Irving Place & 16th St</u>., 415 F.2d 265, 269 (2 Cir 1969).

In <u>Storey v. Cello Holdings, LLC</u>, 68 USPQ 2d 1641 (2 Cir 2003), the Second Circuit noted:

"Claims arising subsequent to a prior action need not, and often perhaps could not, have been brought in that prior action; accordingly, they are not barred by res

---

[8] In <u>Plus Products</u>, supra, it was admitted that res judicata had no preclusive effect on plaintiff's infringement action, even though the plaintiff prevailed in the Court of Customs and Patent Appeals relating to defendant's right to register its mark "Nature Plus."

judicata regardless of whether they are premised on facts representing a continuance of the same "course of conduct." Citing <u>Lawlor v. National Screen Serv. Corp.</u>, 349 US 322, 327-28 (1955) "when the second action concerns a transaction occurring after the commencement of the prior litigation, claim preclusion does not come into play. <u>Storey</u>, supra.

Counts I, II and V all plead causes of action that are predicated upon transactions or a series of events <u>occurring subsequent to the prior opposition proceeding</u>. In view of the applicable law and logic cited herein, Counts I, II and V are not and cannot be precluded by Cosmedico's arguments of res judicata, and particularly not when it is noted that Tan Systems was not a party to the prior opposition proceeding, nor in privity with Light Sources at the time of the opposition in November 1997.

Cosmedico, in seeking to invoke claim preclusion (res judicata), has the burden to establish that the causes of action pleaded in Counts I, II and V involve the same "core of operative facts" as in the prior 1996 opposition proceeding. <u>Zip Dee</u>, supra.

**IV.   COUNT I OF THE SECOND AMENDED COMPLAINT PLEADS A CAUSE OF ACTION THAT IS MATERIALLY DIFFERENT FROM THAT ASSERTED IN THE OPPOSITION PROCEEDING AND AROSE SUBSEQUENT TO THE OPPOSITION.**

Count I alleges a cause of action asserting non-infringement, invalidity and unenforceability of Cosmedico's VHR registered trademark in defense of Cosmedico's alleged claim of infringement of its registered VHR mark by Plaintiffs' use of the letters THR and TLR.  In Count I, Light Sources and Tan Systems are seeking a declaratory judgment or declaration that Light Sources' and Tan Systems' use of the THR and TLR markings does not infringe Cosmedico's registered VHR mark.  As noted in the facts recited herein, which cannot be disputed, Light Sources' cause of action pleaded in Count I arose long after the opposition was terminated.  (Declaration of Ms. Tiffany and Mr. Sauska)  The cause of action pleaded in Count I arose on or about February 2003, when Cosmedico sent the first of its several threatening letters of infringement. (A-70)  The THR and TLR marks were not in being at the time of the opposition; and therefore, could not have been made an issue in the opposition.  <u>Storey v. Cello,</u> supra.  As noted in <u>Save The Children</u>, supra, a registration proceeding before the TTAB and a trademark

infringement action [or conversely a declaration of non-infringement] are materially different causes of action.

Cosmedico admits that infringement was not an issue that was not determined in the 1996 opposition proceeding. Thus, Cosmedico admits the claim of non-infringement asserted in Count I is not barred. (Cosmedico's Memorandum, page 14, footnote 1)

In footnote 1 on page 14 of Cosmedico's Memorandum in support of its Renewed Motion, Cosmedico expressly states that it <u>is not seeking summary judgment of non-infringement pleaded in Count I "as the issue of infringement was not determined in the opposition proceeding</u>." How then can Cosmedico rationally urge this Court in good faith that the Court should dismiss Count I on the grounds of res judicata in view of the foregoing expressed admission?

The invalidity and unenforceability of Cosmedico's <u>VHR registered mark</u> pleaded in Count I can only arise <u>after the VHR mark became registered</u>. Therefore, the issues relating to validity and/or enforceability were not issues that could have been raised or decided in the opposition proceeding as the VHR mark was not and could not be registered until the opposition proceeding was concluded. Thus, the non-infringement, invalidity and unenforceability alleged in Count I definitely assert a new and different

cause of action from that alleged in the opposition proceeding, which was simply limited to the issue of whether the mark VHR had acquired a generic meaning within the industry that precludes one from registering such a mark. It is clear that the voluntary dismissal with prejudice, before any decision on the merits was made, to terminate an opposition proceeding cannot in law or fact or on the record before this Court, constitute a bar to Count I, which pleads new and subsequent issues of non-infringement, invalidity and unenforceabililty.

**V.  COUNT II OF THE SECOND AMENDED COMPLAINT IS NOT THE SAME CAUSE OF ACTION PLEADED IN THE OPPOSITION PROCEEDING.**

Count II is directed to an action seeking the cancellation of Cosmedico's registered VHR mark pursuant to Title 15 USC sect. 1119. A prerequisite for any cancellation proceeding is that the mark in question is a registered mark. It is undisputed that when the Cosmedico VHR mark was opposed in November 1997 by Light Sources, the VHR mark was not a registered mark. It therefore follows that a cancellation issue could not have been an issue in the 1997 opposition proceeding.

Through usage, acceptance and the like, a registered trademark can become generic or descriptive as to a particular product or service. When such event occurs, the

mark is subject to cancellation.  Lanham Act, sect. 14; 15 USC 1064(c).  Many registered marks have been so canceled when they became generic.  In <u>King-Size, Inc. v. Frank's King Size Clothes, Inc.,</u>                ; 216 USPQ 2d 427, 437 (SD Texas 1982), the Court listed a host of registered marks that became generic and thus rendered them subject to cancellation.  If VHR is not deemed generic in view of its use as demonstrated by the exhibits attached to the Declarations of Ms. Tiffany and Mr. Sauska and of record in Light Sources' moving papers, then the VHR mark is certainly descriptive if the mark describes an ingredient, quality, characteristic, function, feature, purpose or use of the relevant goods.  <u>In Re Gyulay</u>, 820 F.2d 1216; 3 USPQ 2d 1009 (Fed Cir 1987).  A descriptive mark is not automatically protectible in the absence of an acquired secondary meaning.  15 USC 1052(e)(1) (1976); 15 USC 1052(f).  <u>Zatarains, Inc. v. Oak Grove Smokehouse, Inc.,</u>                ; 217 USPQ 988 (5 Cir).

It should be evident that the wrong for which redress is sought by Count II of the Second Amended Complaint is not the same issue (which was not decided on its merits) that was before the TTBA in the opposition proceeding, nor are the remedies the same, nor could a cancellation have been sought in the absence of a registered mark.

As noted in <u>Storey v. Cello Holdings</u>, supra, claims arising subsequent to a prior action that could not have been brought in the prior action are not barred by res judicata.  As the issues, remedy, evidence and theory of remedy relating the action for cancellation pleaded in Count II are materially different from the issue raised in the 1997 opposition proceeding, it should be apparent that the two causes of action are not the same for res judicata purposes.  <u>Tonka Corp.</u>, supra.  Therefore, Count II is not barred by res judicata.

**VI.  COUNT V OF THE SECOND AMENDED COMPLAINT ASSERTING A CLAIM OF INEQUITABLE CONDUCT IN PROCURING THE REGISTRATION FOR THE VHR MARK IS NOT THE SAME ISSUE THAT WAS URGED IN THE OPPOSITION PROCEEDING.**

The issue raised by the Notice of Opposition filed by Light Sources pursuant to Title 15 USC 1063 was limited to the sole issue of whether or not the mark VHR which Cosmedico sought to register was a generic mark, and thus was unregisterable under Title 15 USC 1052.  The issue or cause of action directed to inequitable conduct in obtaining a registration pleaded in Count V is not the same as the issue as to whether the asserted mark VHR is generic.  Therefore, under the authorities cited herein, res judicata cannot preclude Count V.  Further to be noted is that until a registered mark has been secured and

granted, a claim of inequitable conduct cannot arise. <u>An attempt to commit inequitable conduct is not actionable</u>, since a refusal to register would be an indication that the Examining Attorney did not rely on the alleged inequitable conduct.

**VII. TAN SYSTEMS WAS NOT A PARTY IN PRIVITY WITH LIGHT SOURCES TO THE PRIOR OPPOSITION PROCEEDING.**

The parties to the alleged prior action, i.e. the prior opposition proceeding (which was not decided on its merits) were <u>only Light Sources and Cosmedico</u>. <u>Tan Systems was not a party to the opposition proceeding</u> or in privity with Light Sources at the time (November 1997). As noted herein, Tan Systems was not marketing any lamps with the accused THR or TLR markings when Light Sources instituted the opposition proceeding in November 1997. (Declaration of Christian J. Sauska, and Kristen Tiffany). Tan Systems commenced the purchase of its **Turb0Power** brand lamps bearing the accused THR or TLR marking from Light Sources in January 2002. It was only after <u>Cosmedico threatened Tan Systems and Light Sources with infringement of the VHR mark in February 2003 that Light Sources agreed to indemnify Tan Systems against the alleged claim of trademark infringement asserted by Cosmedico</u>. (Exhibit R, Ms. Tiffany Declaration) (A-78) The fact that Light

Sources and Tan Systems admitted to the Court the existence
of the indemnification agreement relating to Cosmedico's
<u>charges of trademark infringement</u> cannot have any
retroactive effect whereby Tan Systems can be considered to
<u>have been a party and/or in privity with Light Sources with</u>
<u>respect to the opposition proceeding on a totally unrelated</u>
<u>issue, filed more than four (4) years before Tan Systems</u>
<u>began purchasing and selling the lamps bearing the accused</u>
<u>trademark THR or TLR,</u> that gave rise to Cosmedico's claims
of alleged trademark infringement and the indemnification
agreement, (Exhibit R attached to Ms. Tiffany's
Declaration, A-78).

    Cosmedico has cited no authority in which an
indemnification agreement by a manufacturer to indemnify
its customer against a charge of trademark infringement is
rendered retroactive so as to render the indemnified
customer <u>a party in privity with the manufacturer who many</u>
<u>years previously instituted an opposition proceeding</u>
<u>totally unrelated to the indemnified subject matter</u>.  Since
Tan Systems cannot, by any stretch of the imagination, be
deemed to be in privity with Light Sources in November
1997, when Light Sources instituted the opposition
proceedings, it follows that res judicata cannot possibly
apply to either Tan Systems and/or Light Sources either

singly or jointly as to Counts I, II and V of the Second
Amended Complaint for all of the reasons stated herein.

**VIII.   LIGHT SOURCES AND TAN SYSTEMS DO HAVE A REAL
INTEREST AND STANDING TO ASSERT CANCELLATION OF THE VHR
MARK ALLEGED IN COUNT II.**

So long as Cosmedico is asserting that Light Sources'
and/or Tan Systems' <u>past or present use of the letters THR
infringe Cosmedico's VHR registered mark</u>, Tan Systems and
Light Sources have both "standing" and a "real interest" in
canceling the VHR mark as being generic or descriptive, and
lacking in any secondary meaning, and/or which mark is not
being used by Cosmedico to indicate origin of source and/or
was fraudulently obtained, and/or Cosmedico mismarking the
mark by using the registered designation ® when the mark
was not registered.  <u>Copelands' Enterprises, Inc. v. CNV,
Inc.</u>, supra.  Tan Systems and Light Sources certainly have
a real economic interest in canceling the VHR registration
when it is noted that Cosmedico is seeking monetary damages
for the alleged infringement.  And it matters not if Tan
Systems has ceased doing business.  Tan Systems, if
infringement by some stretch of the imagination may be
found, is nevertheless liable whether or not Tan Systems is
currently doing business.

As noted in <u>Lipton Industries, Inc. v. Ralston Purina
Co.</u>, 670 F.2d 1024; 213 USPQ 184 (CCPA 1982), there is no

absolute test that can be laid down to establish standing in a cancellation proceeding.  The starting point is the statute wherein Congress defined the class in 15 USC 1064 as "any person who 'believes' he is or will be damaged by the registration has a 'real interest' in the proceeding." There can be no doubt that Light Sources and Tan Systems believe that they will be damaged if infringement is found. Nor can it be remotely questioned that Light Sources and Tan Systems have a real interest in urging cancellation of the VHR registration for the reason stated herein.

It appears that the Court's trend with respect to standing is toward liberalizing the standing requirements. Reference is made to McCarthy on Trademarks, Fourth Edition, Vol. 3, section 20:7, 20:10, 20:11, 20:46, and citing Ritchie v. Simpson, 170 F.3d 1902; 50 USPQ 2d 1023 (Fed Cir 1999).  However, notwithstanding the Court's trend toward liberalizing the standing requirements, Tan Systems and Light Sources standing is not diminished by the liberalizing trend and/or by the fact that Tan Systems is no longer doing business so long as Cosmedico is urging its claims of infringement, unfair competition, dilution, etc., against Tan Systems and Light Sources.

# C O N C L U S I O N

In view of the relevant facts, applicable authorities and for the reasons stated herein, Light Sources and Tan Systems respectfully request that Cosmedico's Motion for Partial Summary Judgment be denied in its entirety.

Respectfully submitted,

_____
Arthur T. Fattibene, CT06916
Counsel for Plaintiff
Fattibene and Fattibene
2480 Post Road
Southport, CT 06890
Tel:  203-255-4400
Fax:  203-259-0033