```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


LIGHT SOURCES, INC., and
TAN SYSTEMS, INC.,
              Plaintiffs


          v.
                                    Civil Action
                                    No. 303 CV 874 (MRK)

                                    At New Haven
COSMEDICO LIGHT, INC.,
              Defendant             September 13, 2004
```

**PLAINTIFFS' LOCAL RULE 56(a)2 STATEMENT
IN OPPOSITION TO DEFENDANT, COSMEDICO LIGHT, INC.'S
RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO
COUNTS I, II AND V OF THE SECOND AMENDED COMPLAINT**

```
                                    Arthur T. Fattibene
                                    Paul A. Fattibene
                                    Fattibene & Fattibene
                                    2480 Post Road
                                    Southport, CT 06890-1218


ORAL
HEARING
REQUESTED
```

**Plaintiffs Local Rule 56(a)2 Statement**

Plaintiffs, Light Sources, Inc. and Tan Systems, Inc. (jointly Light Sources unless otherwise noted), pursuant to Local Rule 56(a)2, respond to Defendant, Cosmedico Light, Inc.'s (Cosmedico) Local Rule 56(a)1 statement of alleged undisputed material facts filed in support of Cosmedico's Renewed Motion for Partial Summary Judgment as to Counts I, II and V of the Second Amended Complaint, as follows:

1. Light Sources only admits that Cosmedico Light, Inc. of Weymouth, Massachusetts main business is marketing, selling and distributing fluorescent sun tanning lamps, ballasts, starters and other associated products to the tanning industry, e.g. socket adaptors, sockets, UV meters and that Cosmedico's sales are strictly limited to the United States and Canada. Cosmedico's products are not distributed worldwide. (Deposition Testimony of Jerry Frank, Cosmedico's President, pages 16 and 43) (A-163, A-164B).[1]

2. Admitted.

3. Light Sources admits that at the time of filing the Complaint, Tan Systems was based in McDonough, Georgia and that Tan Systems was organized under the laws of the State of Georgia with a principal place of business located

---

[1] (A-  ) refers to Light Sources' attached Appendix followed by Appendix page number.

1

at 1920 Highway 42 South in McDonough, Georgia, and doing business as a manufacturer and distributor of sun tanning beds, and a distributor of sun tanning lamps and sundry other sun tanning products. Tan Systems on or about February 16, 2004, consummated the sale of its business assets to Heartland Tan, an unrelated third party, and that Tan Systems is no longer in the business of making and/or selling any sun tanning beds or any other sun tanning products. Since the sale of Tan Systems' business to Heartland Tan, Tan Systems has ceased doing business. (Declaration of Kristen Tiffany, paragraphs 2, 32); (A-40; A-47) (Declaration of Kristen Tiffany Crumpler, para. 2, 3; A-79, A-80).

    4. Light Sources admits that Light Sources manufactures the sun tanning lamps that have the accused letters THR and TLR imprinted directly thereon as an integral part of a thirteen-digit model number for such lamps, e.g. F71T12-THR 160 and F71T12-TLR 100. Light Sources also admits that Tan Systems was Light Sources' exclusive distributor of such lamps. However, Tan Systems is no longer functioning as Light Sources' exclusive distributor, as Tan Systems has recently sold its business to Heartland Tan, and that Tan Systems, as a result of such sale, is no longer in the sun tanning business. Light

2

Sources was Tan Systems' sole supplier of the accused lamps. (Declaration of Kristen Tiffany, paragraph 32) (A-47).

5. Light Sources admits only that Cosmedico secured a Federal trademark registration No. 2,124,659 on December 30, 1997, for the VHR mark on an application filed on May 19, 1995, in which Cosmedico alleged a first use in commerce of December 1994. (Trademark Registration No. 2,124,659 in suit for the mark VHR). Although requested, Cosmedico did not produce any evidence to support its alleged date of first use in commerce. (Cosmedico response to Interrogatory 14 and response to request for production of documents 19) (A-342, A-346, 347). The earliest document produced by Cosmedico's response to evidence actual first use of the VHR mark by Cosmedico appears to be a FAX dated April 5, 1996. (A-349, 350)

6. Light Sources admits only that Cosmedico's application for registration of the VHR mark was examined by the United States Patent and Trademark Office, and that the VHR mark was registered on December 30, 1997. Light Sources denied that Cosmedico's application met all the applicable requirements for statutory registration, as the letters VHR is a descriptive acronym for a Very High Reflector Output lamp that is widely used by others

3

throughout the tanning industry before said VHR mark was registered. (Declaration of Kristen Tiffany, paragraph 9-18) (A-41-44), and Christian J. Sauska, paragraph 9-13 (A-3, 4). (Bible of Indoor Tanning, A-93-103).

Light Sources denies that Cosmedico's attached documents at Cosmedico's Tab 4 bearing Bates identification numbers 001069-001167 comprise the U.S. Patent and Trademark Office file relating to trademark application S.N. 74/677,694 for the VHR trademark in suit. The U.S. Patent & Trademark Office file history for the VHR alleged registered trademark comprises only those documents numbered 001069-001099.

Documents at Cosmedico's Tab 4 bearing numbers 001100-001148 relate to the U.S. Patent & Trademark Office file pertaining to Cosmedico's alleged trademark application SN 75/330,449 for the mark COSMOLUX VLR which was abandoned on August 14, 2001, and is not the subject of Cosmedico's instant motion for partial summary judgment.

Documents bearing Light Sources' Bates numbers 001149-001166 related to the Patent & Trademark Office file history of the trademark application SN 76/415,356 filed June 3, 2003, for Cosmedico's alleged trademark for the composite word and design mark COSMOLUX VLR, <u>coupled with a cat design</u>, which was abandoned on May 6, 2003, for failure

4

to respond within the statutory six (6) month period for response.  The trademark application SN 76/415,356 was apparently revived and the registration therefor was recently granted on or about December 9, 2003.  That registration, attached hereto as Exhibit 1, is not made a subject of Cosmedico's renewed motion for partial summary judgment.  (Cosmedico's Memorandum in support of its Renewed Motion for Partial Summary Judgment, page 3).

    7.  Light Sources admits that a trademark opposition proceeding is a procedural matter which is available in the Trademark Office as described in paragraph 7 of Cosmedico's Rule 56(a)1 Statement, except that Light Sources denies that "A voluntary dismissal of an opposition with prejudice forfeits such rights to further review." <u>Jim Beam Brands Co. v. Beamish & Crawford, Ltd.</u>, 937 F.2d 325; 19 USPQ 1352 (2 Cir 1991); <u>Save the Children Federation v. Larry Jones International Ministries</u>, 38 USPQ 2d 1495; 1996 WL 302694 (D. Conn. 1996), and other authorites cited in Light Sources and Tan Systems attached Memorandum in Opposition to Cosmedico's Renewed Motion.

    8.  Light Sources admits that it filed a Notice of Opposition on or about November 7, 1996, to the proposed issuance of the registration of the VHR mark and that

"quoted paragraph" correctly quotes paragraph 3 of Light Sources' Notice of Opposition.

9. Admitted.

10. Light Sources admits that pursuant to an amicable settlement agreement entered into by Cosmedico and Light Sources, a joint Stipulation of Dismissal with prejudice was filed to terminate the opposition proceedings (Opposition File Cosmedico tab 6 at 001188). Light Sources denies that the trademark registration 2,124,659 for the mark VHR is valid, enforceable and/or infringed by Light Sources' use of the letters THR. (Declarations of Ms. Tiffany, paragraphs 9-22 (A-41-45) and Mr. Sauska, paragraphs 5-14 (A-3, 5) and the attached Declaration Exhibits). Light Sources claims that the VHR mark is unenforceable as a result of Cosmedico's inequitable conduct practiced on the Patent and Trademark Office in the procurement of the VHR registration in suit, as alleged in Counts I, II and V of the Second Amended Complaint, and is invalid as lacking any distinctiveness and/or use as indicating origin of source.

11. Light Sources denies that Cosmedico owns a federal registration for the word mark COSMOLUX VLR. Light Sources admits only that Cosmedico secured trademark registration No. 2,788,198 granted on December 9, 2003, for

6

a <u>composite word and design mark</u> consisting of the words <u>COSMOLUX VLR with a design of a cat outline located between the two words</u>, as attached hereto as Exhibit 1. Light Sources and Tan Systems admits they did not oppose the registration of the COSMOLUX VLR and cat design mark attached as Exhibit 1.  Light Sources denies that the registered COSMOLUX VLR® with the cat design (Exhibit 1) is the subject of Counts III, IV and VI, as Counts III, IV and VI are primarily directed to Cosmedico's alleged mark consisting of only the letters VLR, which is an unregistered mark.  The COSMOLUX VLR mark, referred to in Counts III, IV and VI, and which Cosmedico asserts is being infringed by Light Sources, was not registered at the time the Second Amended complaint was filed on September 16, 2003, and that it is not the mark which is the subject of Cosmedico's registration No. 2,788,198 (Exhibit 1) that was granted on December 9, 2003.  (See Cosmedico Tab 4 at 001107).  The asserted COSMOLUX VLR word mark was the subject of Cosmedico's trademark application SN 75/334,449, which was abandoned on or about October 5, 2001.  (A-249).  Light Sources admits that the COSMOLUX VLR mark <u>with</u> or <u>without the cat design</u> "is not implicated in" Cosmedico's Renewed Summary Judgment Motion. (Cosmedico Memorandum, page 3)

7

12.  Light Sources denies the allegation of paragraph 12 of Cosmedico's Rule 56(a)1 statement as phrased.  Light Sources admits that Count I of the Second Amended Complaint is a declaratory action to declare that Cosmedico's federally registered mark VHR <u>is not being infringed by Plaintiffs' use of the letters THR and TLR</u>, (Paragraph 28, Second Amended Complaint) and that Defendant's federally registered mark VHR® is <u>invalid and/or unenforceable</u>.  Light Sources admits that Count I asserts "the VHR® mark is incapable of any trademark significance because it is merely a shorthand descriptive term that describes the <u>physical characteristics of any such associated tanning lamps</u>, and therefore the mark is capable of indicating a source of origin.  (Paragraphs 20 and 31, Second Amended Complaint).  In addition, Light Sources asserts a number of other allegations, e.g. the mark VHR is not distinctive, as it is merely a descriptive acronym for a Very High Reflector output lamp that is lacking of any secondary meaning (Paragraphs 34 and 37, Second Amended Complaint).  (Declarations of Ms. Tiffany and Mr. Sauska, and attached Exhibits illustrating the industry wide use of VHR as a purely descriptive acronym.  (Bible of Indoor Tanning, A-94-103).

8

13. Light Sources denies that Count II of the Second Amended Complaint demands cancellation of the VHR® trademark registration under 35 USC 1119 on the same grounds that were alleged in Light Sources' Notice of Opposition noted in Cosmedico's Tab 6 at 001172, 001173. Light Sources denies Cosmedico's claim that "None of the allegations set forth in Count II pertain to any facts post-dating the earlier opposition proceeding." Paragraph 39 of the Second Amended Complaint, incorporating by reference paragraphs 9 to 17, 20 and Paragraphs 42, 43 and 44 of the Second Amended Complaint, alleges facts that post-date the earlier 1996 Opposition which was voluntarily dismissed by stipulation of the parties thereto. Light Sources denies that the issues raised in Count II of the Second Amended Complaint are the same issues as pleaded in the Opposition Proceeding. The basic issue of an opposition proceeding is the right to register a mark. The basic issues raised in the instant lawsuit relate to Light Sources' right to use the letters THR and TLR and <u>the actual use of the marks in the marketplace as distinguished from the Patent & Trademark Office limited consideration necessary for registration only</u>. <u>Jim Beam Brands Co.</u>, 937 F.2d 729 (2 Cir 1991).

9

14. Light Sources admits that Count V of the Second Amended Complaint alleges that Cosmedico committed inequitable conduct in the procurement of the VHR trademark registration.  Ulead Systems, Inc. v. Lex Computer & Management Corp.,    F.3d   ; 69 USPQ 2d 1097, 1100 (Fed Cir 2003).  Pursuant to Title 15, section 1069 of the Trademark Laws, inequitable conduct is not one of the equitable prerequisites that may be considered in an opposition proceeding.  Light Sources therefore denies that inequitable conduct was an issue which the Patent and Trademark Office could decide in an opposition proceeding.

**Plaintiff's Disputed Issues of Material Facts[2]**

Pursuant to Zip Dee, Inc. v. Dometric Corp. (footnote 1), 886 F.Supp. 1447; 38 USPQ 2d at 1241 (D.C. Ill 1995), compliance with Conn.L.Civ.R. 56(a)(2) is not required.  However, in the event the Court considers that Cosmedico's Renewed Motion for Partial Summary Judgment does qualify as a proper motion under Rule 56, Fed.R.Civ.P., Light Sources

---

[2] Defendant, Cosmedico's Motion submitted to the Court as a proposed Renewed Motion for Partial Summary Judgment under Rule 56, Fed.R.Civ.P. directed to Counts I, II and V of Light Sources' and Tan Systems' Second Amended Complaint asserting that said counts are barred under the doctrine of claim preclusion (res judicata), in view of opposition proceedings instituted by Light Sources in 1996, opposing the registration of Cosmedico's VHR mark that was dismissed prior to any adjudication thereof, is not a motion that qualifies as one for summary judgment as to any part of Counts I, II and V of the Second Amended Complaint, within the contemplation of Rule 56(b).  Cosmedico's self-styled Rule 56 Renewed Motion for Partial Summary Judgment should instead be considered as a motion to narrow the issues under Rule 16, Fed.R.Civ.P.  Zip Dee, Inc. v. Dometric Corp., 886 F.Supp. 1427; 38 USPQ 2d 1239, 1241 (N.D. Ill 1995).

and Tan Systems contend that there exists a dispute as to the following material facts:

Count I of the Second Amended Complaint is a declaratory judgment action that Cosmedico's registered VHR mark and the other marks in suit are not infringed by Light Sources and/or Tan Systems use of the letters THR or TLR, and that Cosmedico's VHR mark is invalid and/or unenforceable.  Cosmedico, on page 14 of its Memorandum in the footnote, expressly states:

> "Cosmedico does not seek summary judgment of noninfringement in this motion, as the issue of infringement was not determined in the opposition proceeding."

**Disputed Factual Issues Relating To The Invalidity And Unenforceability Claims Asserted In Count I Of The Second Amended Complaint Which Cosmedico Asserts Are Precluded On The Grounds Of Res Judicata Are:**

    **A.  As to the Validity Issue Asserted In Count I:**

    1.  Is the mark VHR a descriptive acronym that has been widely used throughout the sun tanning industry to mean a "Very High Reflector Output" lamp before Cosmedico filed its application to register VHR as a trademark for ultraviolet fluorescent sun tanning lamps that would render the VHR mark invalid?

    2.  Is Cosmedico entitled to a date of first use in interstate commerce of December 1994 as alleged in the

11

trademark registration No. 2,124,659, in the absence of any corroborating evidence? (A-341-350)

3. Does the use of the VHR mark by others in the sun tanning industry to describe a particular category or type of sun tanning lamps prior to Cosmedico's alleged date of first use of December 1994 and/or the filing date of May 19, 1995, of Cosmedico's application for registering the VHR mark, invalidate said VHR registration?

4. Has Cosmedico acquired any trademark use in the mark VHR per se, i.e. separate and apart from the word COSMOLUX, to indicate origin of source?

5. Is Cosmedico using the marks VHR and VLR as a model designation for distinguishing the physical characteristic of one lamp model from the physical characteristics of another lamp model, rather than as an indication of origin of source?

6. Can the validity of the registered VHR trademark be determined or made an issue in an opposition proceeding before the United States Patent & Trademark Office before the mark has, in fact, been registered?

7. Are the issues raised in the notice of opposition filed in the Patent and Trademark Office in opposing the grant of a registration for the VHR mark, which were not adjudicated, the same issues that Light

12

Sources and Tan Systems are urging in seeking the invalidity of the VHR mark in Count I or cancellation of the mark in Count II, so as to be precluded as res judicata?

       8.  Whether or not Cosmedico's improper use of the registration symbol, ®, to indicate that the asserted marks VHR, COSMOLUX VLR and VLR were registered marks, when in fact they were not, invalidates said marks as a trademark? <u>Copelands' Enterprise, Inc. v. CNV, Inc.</u>, 947 F.2d 1563; 20 USPQ 2d 1295 (Fed Cir 1991).

### B. As To The Unenforceable Claim Asserted in Count I:

       1.  Whether or not Cosmedico has acquired any trademark rights in the marks VHR, VLR per se and the COSMOLUX VLR without the cat design, which are included in the subject matter of Count I.

       2.  Whether the alleged inequitable conduct committed by Cosmedio on the U.S. Patent and Trademark Office in procuring the VHR registration No. 2,124,659 renders the VHR trademark unenforceable as pleaded in Count I.

       3.  Whether or not Cosmedico has acquired any common law or statutory trademark rights in and to the VHR, VLR marks per se and/or COSMOLUX VLR mark without the cat

13

design as pleaded in Count I in the absence of any evidence that Cosmedico actually used said marks for indicating origin of source.

    4. Whether or not Cosmedico abandoned the use of the alleged trademark COSMOLUX VLR which was the subject of Cosmedico's abandoned trademark application SN 75/334,449 (Cosmedico Tab 4, documents marked 001102-001148) so as to render said alleged trademark unenforceable as pleaded in Count I.

    5. Does Cosmedico's deliberate misuse of the registration symbol, ®, render Cosmedico's asserted trademarks unenforceable?

**C. As To Cancellation Issue of Count II:**

    1. Are the issues raised in the prior opposition proceeding the same as the issues raised in Count II, directed to the cancellation of Cosmedico's VHR mark, so as to render Count II barred by res judicata?

    2. Does the alleged inequitable conduct committed by Cosmedico in securing the VHR registration render the trademark registration invalid and/or subject to cancellation under 15 USC 1119?

      3.    Is Cosmedico utilizing the registered VHR mark as a descriptive identifying brand mark rather than as a mark indicating origin of source?

      4.    Does the industry wide use of the VHR letters to mean a "very high reflector output lamp" render the mark descriptive and lacking any secondary meaning so as to render it subject to cancellation under 15 USC 1119?

      5.    Does Cosmedico's deceptive use of the registration symbol, ®, render the Cosmedico mark subject to cancellation?  <u>Copelands' Enterprise, Inc. v. CNV, Inc.</u>, supra.

    **D.  As to Cosmedico's Inequitable Conduct Practiced On The Patent and Trademark Office In The Procurement Of The VHR Registration.**

      1.    The inequitable conduct issue in Count V of the Second Amended Complaint requires a factual determination of materiality and intent relating to the misrepresentations made by Cosmedico during the prosecution of the application for registration of the VHR mark in suit, and the balancing of the varying degrees of materiality versus intent.  <u>Ulead Systems, Inc. v. Lex Computer & Management Corp.</u>, 69 USPQ 2d 1097 (Fed Cir 2003).

15

     2.  Whether or not Count V of the Second Amended Complaint brought under Title 15 USC 1119, alleging the fraudulent procurement issue of the VHR registration, is identical to the undecided generic issue raised in Light Sources' Notice of Opposition (Cosmedico Tab 7 at 001172, 1173) filed pursuant to 15 USC 1063 so as to be barred by the doctrine of Res Judicata.

                                      Respectfully submitted,

                                        _____
                                        Arthur T. Fattibene, CT06916
                                        Counsel for Plaintiff
                                        Fattibene and Fattibene
                                        2480 Post Road
                                        Southport, CT 06890
                                        Tel: 203-255-4400
                                        Fax: 203-259-0033