UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LIGHT SOURCES, INC., and
TAN SYSTEMS, INC.,
         Plaintiffs

    v.

                      Civil Action
                      No. 303 CV 874 (MRK)

                      At New Haven

COSMEDICO LIGHT, INC.,
         Defendant         September 17, 2004

FILED
SEP 20  1 30 PM '04
U.S. DISTRICT COURT
NEW HAVEN, CONN.

**PLAINTIFFS' LIGHT SOURCES, INC. AND TAN SYSTEMS, INC.
REPLY MEMORANDUM TO DEFENDANT, COSMEDICO LIGHT, INC.'S
MEMORANDUM IN OPPOSITION TO PLAINTIFFS'
MOTION TO UNSEAL ALLEGED CONFIDENTIAL DOCUMENTS
SUBJECT TO THE OUTSTANDING PROTECTIVE ORDER AS
MODIFIED BY COURT ORDER OF DECEMBER 17, 2003
AND/OR TO VACATE SAID PROTECTIVE ORDER**

                                            Arthur T. Fattibene
                                            Paul A. Fattibene
                                            Fattibene & Fattibene
                                            2480 Post Road
                                            Southport, CT 06890-1218
                                            Phone: 203-255-4400

ORAL HEARING REQUESTED

**NATURE OF PROCEEDING:**

On August 23, 2004, Plaintiffs', Light Sources, Inc. and Tan Systems, Inc., filed a joint Motion To Unseal Cosmedico's Alleged Confidential Documents Subject to an Outstanding Protective Order as Modified by the Court Order of December 17, 2003 and/or To Vacate Said Protective Order.

On September 13, 2004, Plaintiffs were served with Defendant's Memorandum in Opposition. Defendant also Cross Moved To Strike Plaintiffs' Motion To Vacate.

Plaintiffs hereby file this Reply Memorandum. Conn.L.R.7(d). Plaintiffs will submit a separate Memorandum in opposition to Cosmedico's alleged Cross-Motion To Strike Plaintiffs' Motion To Vacate.

A R G U M E N T

**I. COSMEDICO'S "CONFIDENTIAL" AND "RESTRICTED CONFIDENTIAL" DESIGNATIONS ARE IMPROPER AND THE DOCUMENTS SO MARKED ARE NOT ENTITLED TO PROTECTION UNDER RULE 26(c)(7), FED.R.CIV.P.**

At page 2 of Cosmedico Light, Inc.'s (Cosmedico) Opposing Memorandum, Cosmedico argues that "all of the confidentiality designations are proper under the terms of the Protective Order." Thereafter, Cosmedico proceeds to interpret or construe the language of the Protective Order in a manner to justify Cosmedico's ultimate vague and broadly stated conclusion that "all the confidential designations are proper." Significantly, Cosmedico's memorandum is devoid of any "good cause showing" why the alleged "confidential" or "restricted confidential" documents should be sealed or, for that matter, whether the outstanding

protective order is proper for limiting the disclosure or sealing said documents. In <u>Phillips v. General Motors Corp.</u>, 289 F.3d 1117 (9 Cir 05/13/2002), the Court noted:

> [2] For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted. Beckman Indus., Inc. v. International Ins. Co., 966 F.2d 470, 476 (9th Cir. 1992) (holding that "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test"); see also San Jose Mercury News, Inc., 187 F.3d at 1102 (holding that to gain a protective order the party must make "particularized showing of good cause with respect to any individual document"). If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary. Glenmade Trust Co. v. Thompson, 56 F.3d 476, 483 (3d Cir. 1995) (citing factors).

In <u>Phillips</u>, supra, it was held to be legal error for a court not to conduct a "good cause" analysis with respect to any claimed "confidential" or "restricted confidential" document.[1] See also <u>Phillips v. General Motors</u>, 307 F.3d 1206 (9 Cir 2003).

Contrary to Cosmedico's statement made on page 2 of its Opposing Memorandum, to wit: "Plaintiffs have shown no good cause whatever", it is not Plaintiffs' burden to "show good cause." As noted in <u>Phillips</u>, supra, the party seeking the protection of a protective order bears the burden of showing specific prejudice or harm if no protective order is granted, citing <u>Beckman Indus., Inc. v. International Ins. Co.</u>, 966 F.2d

---

[1] While Cosmedico refers to "Restrictive Confidential" information throughout the Opposing Memorandum, the Protective Order as modified by the Court refers to "Highly Confidential-Attorney's Eyes Only". For the purposes of this Reply, it will be assumed that Cosmedico's use of "Restricted Confidential" was intended to be synonymous with the "Highly Confidential" classification set forth in the Protective Order.

2

470, 476 (9th Cir 1992). To gain a protective order [or maintaining entitlement to a protective order], the party seeking such protection must make a "particularized showing of good cause with respect to any individual document." "[B]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, does not satisfy the Rule 26(c) test." <u>Phillips</u>, supra.

**II. COSMEDICO DOCUMENTS DESIGNATED AS "CONFIDENTIAL" OR "RESTRICTED CONFIDENTIAL" ARE NOT RELATED TO TRADE SECRETS OR OTHER CONFIDENTIAL RESEARCH, DEVELOPMENT OR COMMERCIAL INFORMATION WITHIN THE MEANING OF FED.R.CIV.P. RULE 26(c)(7) OR AS DEFINED IN THE PROTECTIVE ORDER.**

At page 2 of Cosmedico's Opposing memorandum, Cosmedico argues that "Rule 26(c)(7) expressly provides for entry of protective orders that provide [?] "a trade secret or other confidential research development or commercial information not be revealed or be revealed in only a designated way."

None of the confidential or restricted confidential documents so designated by Cosmedico are related to any <u>trade secrets</u> or <u>confidential research</u> or <u>commercial information</u> <u>that has not been published or disclosed to third parties or the public at large</u>. The alleged "confidential" or "restricted <u>confidential" documents have all been disclosed to others who are not under any obligation to maintain Cosmedico's designated "confidential" or "restricted confidential" documents confidential</u>.

In response to Light Sources' Interrogatories (A-1-10)[2] and Requests for Protection of Documents (A-11-18) propounded to Cosmedico, Cosmedico initially produced 469 pages of documents bearing Cosmedico's identifying numbers COS-0001 through COS-00469 (A-18A). Of these, 378 pages were designated as "confidential", which can be readily classified into three separate and distinct categories, viz:

1. Published Trade Journal articles and ads relating to VHR type tanning lamps which have been publicly circulated throughout the tanning industry, as exemplified by those sample documents attached hereto as Category I documents. (A-19-42)[3]

2. Cosmedico's letters to third parties concerning said third parties' use of the generic or descriptive acronym VHR are exemplified by a sampling of such letters attached hereto as Category II documents, (A-43-52) that include letters directed to Light Sources (A-46, 47) and Tan Systems (A-51, 52).

3. Copies of invoices submitted by the trade publications and/or advertising agencies to Cosmedico, apparently for services rendered with respect to running or preparing the associated ad, a sampling of which are attached as Category III documents. (A-53-58).

4. A fourth category of alleged "Confidential" and/or "Restricted Confidential" designated material comprises pages 12-

---

[2] (A- ) refers to Plaintiffs' Reply Appendix in support of its Reply Memorandum followed by appendix page number.

[3] In discussions between counsels, Cosmedico indicated that Cosmedico would declassify the Confidential designation of the publicly disclosed documents, but Cosmedico did not specifically designate which documents it considered to be publicly disclosed, nor did Cosmedico supplement its responses to delete the confidential designation from the applicable produced documents.

4

16, 22, 23, 30-50, 58-60, 88-90, 102-106, 113-133, 137-161, 164-190, and 51-55, 162, 163, and 191-200 respectively, of the deposition transcript of Mr. Frank, Cosmedico's President, attached as Category IV documents. (A-60-198)  (Mr. Malone's letter, A-59).

A review of the alleged designated "confidential" or "restricted confidential" documents in the above noted categories will indicate that none satisfy the protectable test of Rule 26(c)(7), Fed.R.Civ.P. or the stipulated definition in the Protective Order.

At page 3 of Cosmedico's Opposing Memorandum, Cosmedico states that "Confidential" information, as defined in paragraph 2 of the Protective Order, means "information which a party 'in good faith' believes … constitutes or contains <u>proprietary business information not generally known</u> and <u>which the Party would normally not reveal to third parties or would cause third parties to hold in confidence</u>." (Emphasis added).  None of Cosmedico's designated documents as classified in Categories I to IV above can be rationally considered to <u>constitute unknown proprietary business information</u>.  The documents of Category I have been widely circulated throughout the entire sun tanning industry.  The Category II documents have been circulated to third parties, including Plaintiffs, and <u>the recipients thereof are not under any obligation to hold the same in confidence</u>.

The invoices in Category III did not originate by Cosmedico, and cannot be considered as Cosmedico's proprietary

5

documents. The cost of advertising and the placement of ads in trade publications are generally well known throughout the industry, as Light Sources and Tan Systems have also published ads in the same trade magazines as has Cosmedico. The cost of advertising in such tanning trade publications is well known to those in the industry.

At page 3 of Cosmedico's Opposing Memorandum, Cosmedico states that the Protective Order (paragraph 4) defines "Restricted Confidential" to mean "competitive information that comprises <u>trade secrets</u>; and or … <u>financial data</u>." (Emphasis added). None of Cosmedico's "Restricted Confidential" documents relate to trade secrets and/or financial data. Significantly, Cosmedico has not identified or produced any <u>specific designated "confidential" or "restricted confidential" documents for the Court's inspection</u> and has not made any showing of "good cause" why the confidential documents should be sealed and/or protected.

At page 5 of Cosmedico's Opposing Memorandum, Cosmedico designated 114 pages of Mr. Frank's deposition transcript as "Confidential" under the Protective Order, and an additional 17 pages as "Restricted Confidential" for a total of 134 pages out of a 201 page transcript. (A-59). Cosmedico further states that its alleged "confidential" designations were made in good faith belief "that the information constitutes or contains proprietary business information not generally known." While Cosmedico so states by strained argument of counsel, <u>Cosmedico does not identify a single document containing any so-called proprietary</u>

6

<u>information that is not generally known</u> and/or not published to others who are under any obligation of non-disclosure.

A review of the Frank deposition transcript pages so designated and attached hereto as Category IV documents (A-60-198) will evidence that no such proprietary information was included in Mr. Frank's testimony within the meaning of the scope and/or spirit of Rule 26(c)(7), Fed.R.Civ.P.

Cosmedico, in its Opposing Memorandum, has completely disregarded the Court's Modification Order of December 17, 2003. The Court specifically ordered

> "If either party wants to designate anything filed with the Court as confidential and place it under seal, <u>that party will have to make a separate motion, specifying precisely what is to be kept under seal and demonstrating good cause as to why the Court should depart from the strong presumption against sealing any Court records to public inspection</u>" (citing cases). ...
> "Moreover, ordinarily, a court must make that determination on the basis of a careful document by document review."

Cosmedico has not filed any such motion. Until Cosmedico complies with the Court's Modification Order and demonstrates the necessary "good cause", it is submitted that it would be inappropriate for the Court to seal Cosmedico's alleged "Confidential" and/or "Restricted Confidential" documents. <u>Phillips v. General Motors</u>, 307 F.3d 1206 (9 Cir 2003).

At page 5 of its Opposing Memorandum, Cosmedico is relying entirely upon unsupported argument of counsel to substantiate the "confidential" designations of those documents Cosmedico claims should be sealed. Unsupported argument of counsel is not compliance with the Court's Modification Order, attached as Tab A

7

to Cosmedico's Opposing Memorandum. Contrary to Cosmedico's statement at the bottom of page 5 and top of page 6, it is not a "needless and unfair burden to Cosmedico" to "show good cause" as to "every single designation made by Cosmedico in this litigation", if Cosmedico persists in claiming said alleged "confidential" documents be sealed. This "good cause" analysis is required by the Court's Modification Order. See <u>Phillips v. General Motors</u> cases, supra.

Contrary to Cosmedico's strained and frivolous arguments at the bottom of page 6 and pages 7 to 10, Plaintiffs did not make any misstatements and/or withhold any facts relevant to the Plaintiffs' motion or commit any fraud on the Court. The alleged letter at Cosmedico Tab 3 is considered to be nothing more than a self-serving procrastination of the issues raised by Plaintiffs' July 30, 2004 objections to the "confidential" designation. Cosmedico's counsel declared the entire deposition transcript "confidential" on July 19, 2004. On July 30, 2004, Cosmedico was advised that Plaintiff did not consider any part of the transcript could be considered confidential. Reference is made to paragraph 11 of the Protective Order, which states that "<u>If the challenge cannot be expeditiously and informally resolved</u>, the non-challenging party may apply for an appropriate ruling from the court, within twenty (20) days after failing to reach agreement." (Emphasis added). After failing to reach any agreement, Cosmedico has still not filed any motion relating to Plaintiffs' objections as required by ¶11 of the Protective

8

Order. Such non-action by Cosmedico renders Cosmedico's arguments moot, as the twenty (20) day period to move has long expired. (Protective Order, ¶11).

## C O N C L U S I O N

In view of the reasons stated, applicable cited authorities, and the Court's Modification Order, it is requested that Plaintiffs' Motion be granted.

          Respectfully submitted,

          */s/ Arthur T. Fattibene*
          Arthur T. Fattibene, CT06916
          Counsel for Plaintiff
          Fattibene and Fattibene
          2480 Post Road
          Southport, CT 06890
          Tel:  203-255-4400
          Fax:  203-259-0033

## Certificate of Service

I hereby certify that a copy of Plaintiffs, Light Sources, Inc. and Tan Systems, Inc.'s,

**PLAINTIFFS' LIGHT SOURCES, INC. AND TAN SYSTEMS, INC. REPLY MEMORANDUM TO DEFENDANT, COSMEDICO LIGHT, INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO UNSEAL ALLEGED CONFIDENTIAL DOCUMENTS SUBJECT TO THE OUTSTANDING PROTECTIVE ORDER AS MODIFIED BY COURT ORDER OF DECEMBER 17, 2003 AND/OR TO VACATE SAID PROTECTIVE ORDER**

and

**APPENDIX THERETO**

has been served by first class U.S. mail, postage prepaid, this 17th day of September 2004, on Defendant's counsel of record as follows:

Dale A. Malone
Banner & Witcoff
28 State Street, 28th Floor
Boston, MA 02109-1775

and

James Oliver
One Financial Plaza
20th Floor
Hartford, CT 06103

_____
Arthur T. Fattibene, CT 06916
Attorney for Plaintiff