```
               UNITED STATES DISTRICT COURT
                 DISTRICT OF CONNECTICUT


LIGHT SOURCES, INC., and
TAN SYSTEMS, INC.,
              Plaintiffs


          v.
                                    Civil Action
                                    No. 303 CV 874 (MRK)

                                    At New Haven
COSMEDICO LIGHT, INC.,
              Defendant             September 22, 2004
```

**PLAINTIFFS' JOINT REPLY MEMORANDUM
TO DEFENDANT'S MEMORANDUM IN OPPOSITION
TO
PLAINTIFFS' JOINT MOTION FOR PARTIAL SUMMARY JUDGMENT**

```
                                    Arthur T. Fattibene
                                    Paul A. Fattibene
                                    Fattibene & Fattibene
                                    2480 Post Road
                                    Southport, CT 06890-1218
```

ORAL HEARING REQUESTED

**I.  Nature of Proceedings**

This is Plaintiffs' Joint Rely Memorandum pursuant to Conn.L.Civ.R. 7(d) to Defendant's Opposing Memorandum to Plaintiffs' Motion For Partial Summary Judgment.

**II. The Opposing Papers Filed By Defendant Fail To Comply With The Court's Modification Order Dated December 17, 2003.**

At the top of page 1 of Cosmedico's Opposing Memorandum and page 1 of Cosmedico's alleged Local Rule 56(a)(2) Statement, Cosmedico asserts that said papers are:

> "Filed Under Seal."
> "Contains Confidential and Restricted Confidential Information Subject to the Protective Order Entered by This Court."

Cosmedico makes no reference to the Court's Modification Order of December 17, 2003. (RA-1, 2).[1]  The Court's Modification Order (RA-1,2) unambiguously states:

> "If either party wants to designate anything filed with the Court as confidential and place it under seal, that party will have to make a separate motion, specifying precisely what is to be kept under seal and demonstrating good cause why the Court should depart from the strong presumption against sealing any Court record to public inspection."

Cosmedico has not made a separate motion, nor has Cosmedico precisely specified what documents are to be kept under seal, nor has Cosmedico demonstrated any "good cause."  In support of the Court Order, reference is made to the Phillips v. General Motors cases cited at289 F.3d 1117 (9 Cir 2002)) and 307 F.3d 1206 (9

---

[1] (RA-  ) refers to Plaintiffs Appendix filed concurrently herewith followed by appendix page number.

1

Cir 2003).[2]  Plaintiffs incorporate by reference herein Plaintiffs' Reply Memorandum and supporting Reply Appendix filed on or about September 14, 2004.

<u>Without count</u>, Defendant has filed what appear to be several hundreds of pages of documents to be sealed without a showing of any "good cause" as to a single document.  Absent compliance with the Court's Modification Order (RA-1, 2) it is submitted that the Court ought not permit the sealing of said alleged confidential documents that do not meet the Fed.R.Civ.P. Rule 26(c) test and that do not comply with the Court's modification order. (RA-1, 2)

**III.  As To Cosmedico's Local Rule 56(a)(2) Statement**

Cosmedico's Statement of Disputed Material Facts set forth in paragraphs 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 75, 76, 77 and 78 of its Rule 56(a)(2) Statement are verbatim recitations of Cosmedico's alleged Rule 52(a)(1) Statement of <u>undisputed facts 1 to 14 respectively, which accompanied Cosmedico's Renewed Motion For Partial Summary Judgment filed August 24, 2004, directed to Plaintiffs' Counts I, II and V</u>.  It is not understood how the same alleged facts can be deemed undisputed as to Cosmedico's Motion for Partial Summary Judgment Rule 56(a)(1) Statement directed to Plaintiffs' Counts I, II and V of the Second Amended Complaint and disputed issue of facts in Cosmedico's Rule 56(a)(2) Statement in opposition to Plaintiffs' Joint Motion for

---

[2] In the <u>Phillips 307 F.3d 1206</u> decision, the Court noted "(Once the [sealed discovery] documents are made part of a dispositive motion [summary judgment motion ruled upon by the Court] … <u>they lose their status as being raw fruits of discovery</u>." (Emphasis added).

Partial Summary Judgment directed to Cosmedico's Counterclaims I, II, IV and V of its Answer and Counterclaims and Count 1 of Plaintiffs' Second Amended Complaint, when the respective counts and counterclaims are predicated upon the same series of transactions or facts.

Cosmedico's alleged disputed fact ¶74 of its Rule 56(a)(2) Statement is not disputed, as Christian L. Sauska did so testify on deposition.

Cosmedico's alleged disputed fact ¶80 is not disputed. Plaintiffs admit that Tan Systems' 2003 catalog, page 24, identifies said three products.

Plaintiffs agree that the fact ¶81 is a disputable fact because the <u>Cosmedico mark VLR is not a registered trademark</u>.

Plaintiffs do not dispute Cosmedico's alleged disputed facts, ¶82, 83 of Cosmedico Rule 52(a)(2) Statement.

Paragraphs 84 and 85 of Cosmedico's Rule 52(a)(2) Statement are disputed as such right end etch does not exist and was never applied to any lamp Light Sources supplied to Tan Systems or sold by Tan Systems.   Declaration of Mrs. Crumpler (RA-3-5).

**IV. Cosmedico Opposition Memorandum Is Replete With Misstatements of Facts and Unsupportable Argument of Counsel**

At page 2 of Cosmedico's Opposing Memorandum, Defendant's counsel seeks to manufacture a distinction between Light Sources' and Tan Systems' conduct.  The fact is Light Sources and/or Tan Systems conduct is not materially different with respect to Cosmedico's asserted counterclaims in question.  The accused lamps manufactured by Light Sources that bear the accused letter

3

markings THR and/or TLR, are being distributed and sold by Tan Systems with the same markings.  Tan Systems' marketing, advertising and sales information reflect that the THR and TLR markings on the accused goods are at all times <u>associated with the Tan Systems' trademark TURB0POWER for lamps</u>.  "Sunliner" and "Mega Power" are Tan Systems' trademarks for <u>tanning beds</u> produced by Tan Systems.  Tan Systems' catalog pages, of which Cosmedico complains, clearly indicate the same.  It should be clear that Light Sources' conduct is common to that of Tan Systems with respect to the <u>goods in suit</u>. Both Light Sources and Tan Systems are charged with the allegations of the Counterclaims I, II, IV or V in issue.  <u>Cosmedico has not shown and cannot show that either Light Sources or Tan Systems has ever applied the accused THR or TLR markings to any Cosmedico lamps or any other Cosmedico product</u>, or any right that precludes Plaintiffs' right to use the THR and TLR markings on Plaintiffs' accused lamps.

Contrary to Cosmedico's Rule 56(a)(2) Statement, ¶12, <u>Cosmedico does not make or distribute any tanning beds</u>.  Frank Deposition Testimony, (RA-6-9).

As Tan Systems was at one time a distributor of Cosmedico's COSMOLUX VHR and COSMOLUX VLR replacement lamps (before Cosmedico decided to cut off its supply of lamps to Tan Systems (RA-10), Tan Systems did have the right of "fair use" to use Cosmedico COSMOLUX VHR and COSMOLUX VLR alleged trademarks in Tan Systems' advertising material as applied to Cosmedico supplied lamps

4

without being accused of infringing Cosmedico's asserted trademarks.  Bumble Bee Seafood LLC v. UFS Industries, 71 USPQ 2D 1684 (SDNY 2004) (attached as RA-11-14).

At the top of page 3, Cosmedico makes reference to Cosmedico's Rule 56(a)(2) Statement, ¶80.  Contrary to Cosmedico's argument, the "TM" common law designation is applied to the composite mark TURB0POWER TLR$^{TM}$ and composite mark TURB0POWER THR$^{TM}$.  It is well established law that a mark must be considered in its entirety, and not to only a component part thereof.  In re Oppedahl & Larson, LLP,         71 USPQ 2d 1370 (Fed Cir 2004), citing Beckwith, 252 US at 546.  McCarthy on Trademarks and Unfair Competition, 4th Ed., Vol. 3, sect. 23:41.  Jet, Inc. v. Sewage Aeration Systems,              ; 49 USPQ 2d 1355 (6 Cir 1999).  Also, Tan Systems has the absolute right to apply the common law trademark designation TM to the letters THR and TLR per se if Tan Systems so desires.  Cosmedico's alleged trademarks VHR and VLR do not entitle Cosmedico to monopolize all the letters in the alphabet.

Cosmedico, at page 3, argues that Cosmedico is using the VHR and/or VLR letters or marks per se in conjunction with its customer's (ASM) mark ROYAL SUN is self defeating.  By so doing, Cosmedico is admitting to diluting its own alleged trademark.  Cosmedico's attached Private Label Agreement (RA-15, 16) indicates that the subject mark is "ROYAL SUN VLR" and "ROYAL SUN VHR" and not just VLR or VHR per se.  Mr. Frank, in his deposition testimony, admits ROYAL SUN is not a Cosmedico

5

trademark.  (RA-17-24)  The ASM agreement appears to be a license in gross that alone is sufficient to invalidate the VHR registered mark.  Reference is also made to the anti-dissection policy outlined in Dial-A-Mattress, 240 F.3d 1341, 1344; 57 USPQ 2d 1807 (Fed Cir 2001) and above cited authorities.

Neither Tan Systems nor Light Sources at any time has acquiesced to the alleged validity of Cosmedico's marks as Cosmedico argues at pages 3 and 4 in its Opposing Memorandum. Light Sources' dropping the opposition proceedings with respect to Cosmedico's efforts to register said VHR mark, predicated upon Cosmedico's false promises of prospective business, do not amount to any acquiescence of validity of the VHR mark which was not registered at the time.  (Fed.R.Evid. 408)  Tan Systems designating Cosmedico's alleged trademarks VHR, VLR, HI-TAN and COSMOSTAR as being registered in Tan Systems' catalog, at the request of Mr. Frank, is not acquiescence in the validity thereof when it is noted that Cosmedico's VLR is not a registered Cosmedico mark, a fact known to Mr. Frank.  In point of fact, VLR has already been registered in international class 011 to a third party, a fact made known to Cosmedico prior to the commencement of this action.

Cosmedico's argument at page 5 of its Opposing Memorandum relating the TLR and THR markings at the right end of the accused lamps Light Sources supplied to Tan Systems is based on an erroneous assumption and not facts.  See attached Declaration of Ms. Crumpler (RA-3-5).  Contrary to Cosmedico's continued

6

argument on page 3, "SUNLINER" is Tan Systems' house mark applied to <u>tanning beds</u> that are powered by the specific lamps identified on page 22 of Tan Systems' catalog.

Cosmedico's arguments at pages 6 to 8 of its Opposing Memorandum are nothing more than unsupported, hypothetical, conclusory or meaningless arguments of counsel which have little or any relevance to Plaintiffs' Motion or the issue of likelihood of confusion this Court is requested to rule upon.

Cosmedico's comments at pages 10 to 12 appear to be disjointed, unsupportable argument of counsel.  With the exception of the declarations and the respective deposition testimony of Mr. Sauska and Mr. Frank, the vast majority of the material in Plaintiffs' supporting appendix to their Motion for Partial Summary Judgement comprise documents which Cosmedico produced as confidential and subject to the Protective Order as modified by the Court.

Defendant's arguments at pages 13 to 15 comprise nothing more than argument of counsel unsupported by any facts or law. Tan Systems' catalog, page 22, referred to in Cosmedico's argument at page 13 (Part B) and in Mr. Malone's declaration, makes reference to Tan Systems tanning beds, not replacement tanning lamps that Cosmedico sells.  <u>Cosmedico does not make or sell any tanning beds</u>.  (RA-7).  The Tan Systems' tanning beds identified on catalog page 22 (Cosmedico Tab 11) makes no

7

reference to any Cosmedico lamp or Cosmedico trademark.[3] The reference to "labels" in Cosmedico's arguments at page 13 is a deliberate effort on the part of Cosmedico to confuse the Court. The "labels" to which Cosmedico refers are just "labels" which a customer may purchase <u>to place on the customer's equipment that fits the label description</u>. See page 27 of Tan Systems' 2003 catalog at Cosmedico Tab 11.

### **A R G U M E N T**

To defeat Plaintiffs' Motion for Partial Summary Judgment, Defendant must offer proof that creates a "genuine issue of a material fact". Rule 56(c) Fed.R.Civ.P. <u>B & L Sales Associates v. H. Daroff & Sons, Inc.,</u> ; 165 USPQ 353, 354 (2 Cir 1970). As in the <u>B & L Sales</u> case, supra, the only material fact before this Court is whether or not the likelihood of confusion, as alleged by Cosmedico, exists, and <u>that issue is to be determined by the application of the Polaroid factors</u>. While Cosmedico asserts a factual dispute exists primarily by unsupported argument of counsel, such arguments of alleged disputed facts are not material or sufficient to overcome the obvious inferences derived from the declarations, exhibits, deposition testimonies, and other evidence presented by Plaintiffs to the Court to evidence that <u>no consumer or professional buyer of sun tanning lamps could possible mistake the source of the accused TURB**O**POWER THR and TURB**O**POWER TLR lamps by believing that said accused lamps were manufactured by</u>

---

[3] In point of fact, Cosmedico, in 2003, cut off Tan Systems and refused to supply Tan Systems with any lamps. (RA- 10 )

8

Cosmedico, and particularly not when Light Sources is the named manufacturer that is indelibly etched on each of said accused lamp. That fact alone, weighted against all of Cosmedico's allegations, affidavits and arguments, eliminates even the slight possibility of confusion; and entitles Plaintiffs to summary judgment. B & L Sales Associates, supra.

Despite the fact that Cosmedico has admitted and stipulated the fact that Light Sources and Tan Systems have not applied the alleged Cosmedico trademark COSMOLUX VLR to any product, Cosmedico nevertheless continues to urge that Plaintiffs' use of the THR and TLR markings somehow infringes Cosmedico's composite word mark, COSMOLUX VLR. Plaintiffs are also entitled to attorney fees for being forced to defend against Cosmedico's bogus claims in view of its own admission and stipulation to the contrary, and further in view of Cosmedico's other misconduct noted by Plaintiffs in its moving papers relating to Cosmedico's inequitable conduct in securing the VHR registration and in misrepresenting its alleged VLR and COSMOLUX VLR marks as registered marks when in fact they are not registered marks. Further, Cosmedico is asserting infringement of marks Cosmedico has never really used, e.g. VHR, VLR per se or COSMOLUX VLR for indicating origin of source.

## C O N C L U S I O N

For the reasons stated and in view of the applicable law, and as no reasonable fact finder could find in favor of

9

Cosmedico, it is requested that Plaintiffs' Motion be granted in all respects.

                    Respectfully submitted,

                    _____
                    Arthur T. Fattibene, CT06916
                    Counsel for Plaintiff
                    Fattibene and Fattibene
                    2480 Post Road
                    Southport, CT 06890
                    Tel:  203-255-4400
                    Fax:  203-259-0033