```
              UNITED STATES DISTRICT COURT
                DISTRICT OF CONNECTICUT


LIGHT SOURCES, INC., and
TAN SYSTEMS, INC.,
               Plaintiffs


          v.
                                  Civil Action
                                  No. 303 CV 874 (MRK)

                                  At New Haven
COSMEDICO LIGHT, INC.,
               Defendant          September 23, 2004
```

**PLAINTIFFS', LIGHT SOURCES, INC. AND
TAN SYSTEMS, INC., JOINT MEMORANDUM
IN OPPOSITION TO DEFENDANT, COSMEDICO LIGHT, INC'S,
CROSS-MOTION FOR APPROVAL OF CONFIDENTIALITY DESIGNATION
AND CROSS-MOTION TO STRIKE PLAINTIFFS' MOTION TO VACATE
[THE PROTECTIVE ORDER AS MODIFIED BY COURT ORDER
OF DECEMBER 17, 2003]**

```
                                  Arthur T. Fattibene
                                  Paul A. Fattibene
                                  Fattibene & Fattibene
                                  2480 Post Road
                                  Southport, CT 06890-1218
```

ORAL HEARING REQUESTED

**I. Nature of Proceedings**

On August 23, 2004, Plaintiffs filed a Joint Motion to Unseal Cosmedico's Alleged Confidential/Highly Confidental Designated Documents and/or In the Alternative to Vacate Said Protective Order, concurrently with the filing of Plaintiffs' Joint Motion for Partial Summary Judgment with supporting papers directed to Plaintiffs' Count I of the Second Amended Complaint and Defendant's Counterclaims I, II, IV and V of Defendant's Answer and Counterclaims to said Second Amended Complaint.

On September 13, 2004, Plaintiffs were served with a paper entitled "Cosmedico's Memorandum In Opposition To Plaintiffs' Motion To Unseal Documents and/or To Vacate Protective Order; Cosmedico's Cross-Motion For Approval of Confidentiality Designation; and Cosmedico's Cross-Motion To Strike Plaintiffs' Motion to Vacate."

The papers served on Plaintiffs on September 13, 2004, did not include any Cosmedico Cross-Motion for Approval of Confidential Designation or Cosmedico Cross-Motion to Strike Plaintiffs' Motion to Vacate, or any specific memorandum in support of the respective Cross-Motions identified in the title of Cosmedico's Memorandum in Opposition to Plaintiffs' Motion to Unseal and/or Vacate

1

that was filed on August 23, 2004, as required under Conn.L.Civ.Rule 7(a).

Under the circumstances, Plaintiffs will construe Cosmedico's Opposition Memorandum served on Plaintiffs on September 13, 2004, in opposition to Plaintiffs' Motion to Unseal or, in the alternative, to Vacate said Protective Order, as Cosmedico's Memorandum in Support of its Cross-Motions.

II.  **Statement of Facts**

On June 2, 2004, the Court issued a Scheduling Order stating:

"All discovery will be completed by July 23, 2004."

"Dispositive motions will be filed by August 23, 2004."

"No further extensions will be granted."

Pursuant to said Scheduling Order, Plaintiffs filed a Joint Motion For Partial Summary Judgment on August 23, 2004, together with supporting declarations, deposition testimony and relevant exhibit documents produced by the parties during the discovery periods approved by the Court. Cosmedico, on or about August 24, 2004, filed its Renewed Motion for Partial Summary Judgment directed to Counts I, II and V of Plaintiffs' Second Amended Complaint.

2

The vast majority of the documents filed in support of Plaintiffs' Summary Judgment Motion were initially produced during discovery by Cosmedico which were designated as "confidential" or "highly confidential" subject to the outstanding Protective Order as modified by the Court's Order of December 17, 2003. Actually, Cosmedico designated 378 pages of documents out of a total of the initially produced 469 pages of documents as confidential, subject to said Protective Order. Cosmedico's alleged confidential designated documents can be readily classified into three categories, viz. (1) articles and ads published in trade magazines and competitors published ads or sales brochures relating to VHR type lamps that have been circulated throughout the sun tanning industry, (2) Cosmedico's letters to third parties complaining of said third parties' use of Cosmedico's asserted trademarks who are not under any obligations of non-disclosure; and (3) copies of invoices submitted by the trade publications or advertising agencies to Cosmedico for services rendered to Cosmedico relating to running or preparing Cosmedico's ads for lamps bearing the asserted alleged trademarks in suit.

Cosmedico also designated as confidential and highly confidential some 138 pages and of the 201 pages that comprise Jerry Frank's deposition transcript. Despite

3

Plaintiffs' objections to Cosmedico's wholesale designation of documents as "confidential" and/or "highly confidential-for attorneys eyes only", Cosmedico has failed to file any motions for a ruling on Plaintiffs' objections as required by paragraph 11 of the modified Protective Order.  Failure on the part of the disclosing party to file any such motion within the prescribed 20 day period automatically declassified the alleged confidential documents to the next lower classification.  (¶11, Protective Order, attached to Cosmedico's Opposing Memorandum filed on or about September 13, 2004).  Cosmedico has failed to comply with paragraph 11 of the Protective Order.

**A R G U M E N T**

Since Cosmedico has not served a separate memorandum in support of its alleged cross-motions, Plaintiffs will construe Cosmedico's Opposing Memorandum in response to Plaintiffs' Motion To Unseal and/or To Vacate, as Cosmedico's Memorandum in support of Cosmedico's Cross-Motions.

Plaintiffs therefore repeat and incorporate herein by reference Plaintiffs' Reply Memorandum together with the Supporting Reply Appendix filed on or about September 17, 2004, in Opposition to Cosmedico's Opposing Memorandum to Plaintiffs' Motion to Unseal and/or to Vacate.

4

**I.  COSMEDICO'S "CONFIDENTIAL" AND "RESTRICTED CONFIDENTIAL" DESIGNATIONS ARE IMPROPER AND THE DOCUMENTS SO MARKED ARE NOT ENTITLED TO PROTECTION UNDER RULE 26(c)(7), FED.R.CIV.P.**

At page 2 of Cosmedico's Opposing Memorandum, Cosmedico argues that "all of the confidentiality designations are proper under the terms of the Protective Order."  Thereafter, Cosmedico proceeds to interpret or construe the language of the Protective Order in a manner to justify Cosmedico's ultimate vague and broadly stated conclusion that "all the confidential designations are proper."  Significantly, Cosmedico's memorandum is devoid of any "good cause showing" why the alleged "confidential" or "restricted confidential" designated documents should be sealed or, for that matter, whether the outstanding protective order can be rightly justified for limiting the disclosure or the sealing of said designated confidential and highly confidential documents.  In <u>Phillips v. General Motors Corp.</u>, 289 F.3d 1117 (9 Cir 05/13/2002), the Court noted:

> [2] For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted.  Beckman Indus., Inc. v. International Ins. Co., 966 F.2d 470, 470 (9th Cir 1992) (holding that "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test"); see also San Jose Mercury News, Inc., 187 F.3d at 1102 (holding

5

      that to gain a protective order the party must make "particularized showing of good cause with respect to any individual document"). If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary. Glenmade Trust co. v. Thompson, 56 F.3d 476, 483 (3d Cir 1995) (citing factors).

In Phillips, supra, it was held to be legal error for a court not to conduct a "good cause" analysis with respect to any claimed "confidential" or "restricted confidential" document.[1]  See also Phillips v. General Motors, 307 F.3d 1206 (9 Cir 2003).

    Cosmedico's conclusory statement "all the confidential designations are proper" is grossly insufficient for establishing "good cause."

    Contrary to Cosmedico's statement made on page 2 of its Opposing Memorandum, to wit:  "Plaintiffs have shown no good cause whatever", it is not Plaintiffs' burden to "show good cause."  As noted in Phillips, supra, the party seeking the protection of a protective order bears the burden of showing specific prejudice or harm if no protective order is granted, citing Beckman Indus., Inc. v. International Ins. Co., 966 F.2d 470, 476 (9th Cir 1992).

---

[1] While Cosmedico refers to "Restrictive Confidential" information throughout the Opposing Memorandum, the Protective Order as modified by the Court refers to "Highly Confidential-Attorney's Eyes Only."  For the purposes of this Reply, it will be assumed that Cosmedico's use of "Restricted Confidential" was intended to be synonymous with the "Highly Confidential" classification set forth in the Protective Order.

6

To gain a protective order [or maintaining entitlement to a protective order], the party seeking such protection must make a "particularized showing of good cause with respect to any individual document." "[B]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." Phillips, supra.

**II. COSMEDICO DOCUMENTS DESIGNATED AS "CONFIDENTIAL" OR "RESTRICTED CONFIDENTIAL" ARE NOT RELATED TO TRADE SECRETS OR OTHER CONFIDENTIAL RESEARCH, DEVELOPMENT OR COMMERCIAL INFORAMTION WITHIN THE MEANING OF FED.R.CIV.P. RULE 26(c)(7) OR AS DEFINED IN THE PROTECTIVE ORDER.**

At page 2 of Cosmedico's Opposing Memorandum, Cosmedico argues that "Rule 26(c)(7) expressly provides for entry of protective orders that provide [7] "a trade secret or other confidential research development or commercial information not be revealed or be revealed in only a designated way." (Emphasis added).

None of the confidential or restricted confidential documents so designated by Cosmedico are related to any trade secrets or confidential research or commercial information that has not been published or disclosed to third parties or the public at large. The alleged "confidential" or "restricted confidential" documents have all been disclosed to others who are not under any obligation to maintain Cosmedico's designated

7

<u>"confidential" or "restricted confidential" designated documents confidential</u>.

In response to Light Sources' Interrogatories (A-1-10)[2] and Requests for Protection of Documents (A-11-18) propounded to Cosmedico, Cosmedico initially produced 469 pages of documents bearing Cosmedico's identifying numbers COS-0001 through COS-00469 (A-18A).  Significantly, Cosmedico did not designate which produced document was responsive to any particular interrogatory or request for production, nor did Cosmedico produce any privilege log as to any interrogatories or requests for production to which Cosmedico objected on the grounds of privilege.  Of the initial 469 production pages, 378 pages were designated as "confidential."  The 378 alleged confidential documents can be readily classified into three separate and distinct categories, viz:

    1.  Published Trade Journal articles and ads relating to VHR type tanning lamps which have been publicly circulated throughout the tanning industry, as exemplified by those sample documents attached hereto as Category I documents.  (A-19-42).[3]

---

[2] (A- ) refers to Plaintiffs' Reply Appendix filed on or about September 17, 2004, in support of its Reply Memorandum followed by appendix page number, which is of record in this matter and which is incorporated by reference herein.

[3] In discussions between counsels, Cosmedico indicated that Cosmedico would declassify the Confidential designation of the publicly disclosed documents, but Cosmedico did not specifically designate which

8

2. Cosmedico's letters to third parties concerning said third parties' use of the generic or descriptive acronym VHR. A sampling of such letters is attached hereto as Category II documents, (A-43-52), which includes letters directed to Light Sources (A-46, 47) and Tan Systems (A-51, 52). Significantly, Cosmedico's production did not include the entire correspondence file relating to the letters identified in Category II, which Plaintiffs believe Cosmedico has purposely not produced.

3. Copies of invoices submitted by the trade publications and/or advertising agencies to Cosmedico, apparently for services rendered with respect to running or preparing the associated ad, a sampling of which are attached as Category III documents (A-53-58).

4. A fourth category of alleged "Confidential" and/or "Restricted Confidential" designated material comprises pages 12-16, 22, 23, 30-50, 58-60, 88-90, 102-106, 113-133, 137-161, 164-190, and 51-55, 162, 163 and 191-200 respectively or a total of some 134 pages of the 201 page deposition transcript of Mr. Frank, Cosmedico's President. The designated confidential pages are attached as Category IV documents (A-60-198). (Mr. Malone's letter, A-59).

---

documents it considered to be publicly disclosed, nor did Cosmedico supplement its responses to delete the confidential designation from the applicable produced documents.

9

A review of the alleged designated "confidential" and "restricted confidential" documents in the above noted categories will indicate that none satisfy the protectable test of Rule 26(c)()7), Fed.R.Civ.P. or the stipulated definition of a protectable document defined in the Protective Order.

At page 3 of Cosmedico's Opposing Memorandum, Cosmedico states that "Confidential" information, as defined in pargraph 2 of the Protective Order, means "information which a party 'in good faith' believes … constitutes or contains <u>proprietary business information not generally known</u> and <u>which the Party would normally not reveal to third parties or would cause third parties to hold in confidence</u>." (Emphasis added). None of Cosmedico's designated documents as classified in Categories I to IV above can, in "good faith", be rationally considered to <u>constitute unknown proprietary business information</u> or information that <u>would not be revealed to a third party or would require a third party to hold in confidence</u>. The documents of Category I have all been widely circulated throughout the entire sun tanning industry. The Category II letter documents have been circulated and revealed to various third parties, including

10

...
...

Plaintiffs, and <u>the recipients thereof are not under any obligation to hold the same in confidence</u>.

The invoices in Category III did not originate by Cosmedico, and cannot be considered as Cosmedico's proprietary documents. The cost of advertising and the placement of ads in trade publications are well known throughout the industry, as Light Sources and Tan Systems have also published ads in the same trade magazines as has Cosmedico, a sampling of which is attached hereto as Addendum pages 1 to 4. The cost of advertising in such tanning trade publications is well known to those in the industry.

At page 3 of Cosmedico's Opposing Memorandum, Cosmedico states that the Protective Order (paragraph 4) defines "Restricted Confidential" to mean "competitive information that comprises <u>trade secrets</u>, and or … <u>financial data</u>." (Emphasis added). None of Cosmedico's "Restricted Confidential" documents relate to trade secrets and/or financial data. Significantly, Cosmedico has not identified or produced any <u>specific designated "confidential" or "restricted confidential" documents for the Court's inspection</u>, nor has Cosmedico made any showing of "good cause" why the designated "confidential" documents should be sealed and/or protected.

11

At page 5 of Cosmedico's Opposing Memorandum, Cosmedico designated 114 pages of Mr. Frank's deposition transcript as "Confidential" under the Protective Order, and an additional 17 pages as "Restricted Confdiential" for a total of 134 pages out of a 201 page transcript. (A-59). Cosmedico further states that its alleged "confidential" designations were made in good faith belief "that the information constitutes or contains proprietary business information not generally known." While Cosmedico so states by strained argument of counsel, <u>Cosmedico does not identify a single document containing any so-called proprietary information that is not generally known</u> and/or <u>not published to others who are under any obligation of non-disclosure</u>.

A review of the Frank deposition transcript pages designated as confidential or highly confidential in Plaintiffs' Reply Appendix filed on September 17, 2003, in opposition to Cosmedico's memorandum directed to Plaintiffs' Motion to Unseal or Vacate as Category IV documents (A-60-198) (which is incorporated by reference herein) will evidence that no such proprietary information was included in Mr. Frank's testimony that falls within the meaning of the scope and/or spirit of Rule 26(c)(7), Fed.R.Civ.P., or the definition of any protectable

12

information as defined by Cosmedico in construing Paragraphs 2 and 4 of the Protective Order.

Cosmedico, in its Opposing Memorandum, completely disregards the Court's Modification Order of December 17, 2003, wherein the Court specifically ordered:

> "If either party wants to designate anything filed with the Court as confidential and place it under seal, <u>that party will have to make a separate motion, specifying precisely what is to be kept under seal and demonstrating good cause as to why the Court should depart from the strong presumption against sealing any Court records to public inspection</u>" (citing cases). … "Moreover, ordinarily, a court must make that determination on the basis of a careful document by document review." (Emphasis added).

Cosmedico has not filed any such motion. Until Cosmedico complies with the Court's Modification Order and demonstrates the necessary "good cause", it is submitted that it would be inappropriate for the Court to seal Cosmedico's alleged "Confidential" and/or "Restricted Confidential" documents. <u>Phillips v. General Motors</u>, 307 F.3d 1206 (9 Cir 2003).

At page 5 of its Opposing Memorandum, Cosmedico is relying entirely upon unsupported argument of counsel to substantiate the "confidential" designations of those documents Cosmedico claims should be sealed. Unsupported argument of counsel is not compliance with the Court's

13

Modification Order, attached as Tab A to Cosmedico's Opposing Memorandum filed on or about September 13, 2004. Contrary to Cosmedico's statement at the bottom of page 5 and top of page 6, it is not a "needless and unfair burden to Cosmedico" to "show good cause" as to "every single designation made by Cosmedico in this litigation", if Cosmedico persists in claiming said alleged "confidential" documents be sealed. This "good cause" analysis is required by the Court's Modification Order. See the <u>Phillips v. General Motors</u> cases, supra.

Contrary to Cosmedico's strained and frivolous arguments at the bottom of page 6 and pages 7 to 10, Plaintiffs did not make any misstatements and/or withhold any facts relevant to the Plaintiffs' motion to commit any fraud on the Court. The alleged letter at Cosmedico Tab 3 is considered to be nothing more than a self-serving procrastination of the issues raised by Plaintiffs' July 30, 2004 objections to Cosmedico's "confidential" designation.

Cosmedico's counsel declared the entire Frank deposition transcript "confidential" on July 19, 2004. On July 30, 2004, Cosmedico was advised that Plaintiffs did not consider any part of the transcript could be considered confidential. Reference is made to paragraph 11 of the

14

Protective Order, which states that "<u>If the challenge cannot be expeditiously and informally resolved</u>, the non-challenging party may apply for an appropriate ruling from the court, within twenty (20) days after failing to reach agreement."  (Emphasis added).  After failing to reach any agreement within the twenty (20) day period prescribed in the Protective Order, Cosmedico has still not filed any motion relating to Plaintiffs' objections as required by ¶11 of the Protective Order.  Such non-action by Cosmedico renders Cosmedico's arguments moot, as the twenty (20) day period to move has long expired.  (Protective Order, ¶11).

Clearly, Cosmedico's confidential designations are not proper under the terms of the Protective Order as stated in Cosmedico's Opposing or Supporting Memorandum at page 2 thereof, for all the reasons stated herein; and the Court should deny Cosmedico's Cross-Motion for Approval of the Confidential Designations.

**III. COSMEDICO'S CROSS MOTION TO STRIKE IS LACKING IN MERIT**

At page 2 of Cosmedico's Memorandum in support of its Cross Motion to Strike, Cosmedico argues that Plaintiffs' Motion to Vacate should be stricken for failure to confer with Cosmedico's counsel as required by Conn.L.Civ.Rule 37(a)(2).

15

It should be noted that Plaintiffs' Motion to Vacate the Protective Order is not a motion directed to a discovery dispute to which the discovery rules apply or that would require counsel to confer as required by Conn.L.Civ.R. 37(a)(2). <u>Discovery has been completed</u>. The essence of Plaintiffs' Motion to Vacate is requesting a modification of a court order to effect a suggested remedy or modification to simplify and expedite the filings of the dispository motions under Rule 56, Fed.R.Civ.P., rather than a discovery dispute. Plaintiffs' Motion seeks to declassify the improperly designated confidential documents or, in the alternative, to vacate the Protective Order for the reason that the produced documents are not the type of documents that can be remotely considered as coming within the scope and/or spirit of the Protective Order for the reasons stated herein.

Even if by some stretch of the imagination Plaintiffs' Motion to Unseal or, in the alternative, to Vacate the Protective Order, is considered to be within the scope of Rule 37, Fed.R.Civ.P. or Local Rule 37(a)(2), the rule should be liberally construed pursuant to Rule 1 of Fed.R.Civ.P. so as to not require one to do a useless act such as going through the pretense of conferring with opposing counsel, <u>when it is known that no agreement is</u>

16

possible. Conferring with opposing counsel would have been a total waste of time as evident by Cosmedico's strenuous but frivolous effort in opposing Plaintiffs' Motion. Nothing in Cosmedico's moving papers indicates that Cosmedico was amenable to any agreement to vacate the Protective Order. Further, motions to strike are generally disfavored by the Courts. Cosmedico's Motion to Strike should be denied.

## IV.  MR. MALONE'S DECLARATION IN SUPPORT OF COSMEDICO'S MOTION TO STRIKE IS INAPPROPRIATE

The declaration of Mr. Malone, who is Cosmedico's principal counsel of record in this lawsuit, is replete with testimony and argument of counsel which is totally inappropriate. Mr. Malone cannot function both as advocate and witness for Cosmedico. If Mr. Malone's allegation in paragraph 3 of his declaration is true, Mr. Malone is functioning more like the principal rather than an advocate.

In Mr. Malone's Declaration, paragraph 4, it is not understood how Mr. Malone can aver that the designations were made in "good faith" for the reason that the designated documents contained "proprietary business information not generally know and which the Party (Cosmedico) would normally not reveal to third parties or

17

would cause third parties to hold in confidence" when in fact the designated documents <u>on their face</u> indicated that they were all publicly disclosed to others who were under no obligation to maintain the information in confidence. <u>Mr. Malone has not identified a single document which he designated as "confidential" or "highly confidential" that would fall within the proprietary business information definition expressed in paragraph 4 of Mr. Malone's declaration</u>. So where is the "good faith?"

Mr. Malone's averment in paragraph 5 of his declaration suffers the same deficiencies as noted with respect to paragraph 4 of his declaration. Furthermore, it is to be noted that the "Restricted Confidential" definition in the Protective Order is limited to trade secrets or financial data documents as so defined by Cosmedico. Rule 26(c)(7), Fed.R.Civ.P.

Mr. Malone's averment of paragraph 6 of his declaration is disputed in that Cosmedico did not produce all responding or subsequent correspondence relating to those letters or documents identified in Category II in Plaintiffs' Reply Appendix filed on or about September 17, 2004 to Cosmedico's Opposing Memorandum to Plaintiffs' Motion to Unseal and/or to Vacate.

18

Mr. Malone's averment in paragraph 6 of his declaration that Cosmedico's "deposition witness (Mr. Frank) has freely given oral testimony, in reliance upon the terms of the Protective Order", is not factual. Mr. Malone neglects to state that he directed the witness (Mr. Frank) not to answer numerous times during the deposition. See attached Addendum 5, Frank Deposition Transcript pages 38, 43, 48, 67, 80, 82, 87, 88, 136, 137.

### C O N C L U S I O N

For the reasons herein and in view of the applicable authorities, it is requested that Defendant's Cross-Motion for Approval of the Confidential Designation and Defendant's Cross-Motion To Strike be denied in all respects.

Respectfully submitted,

_____
Arthur T. Fattibene, CT06916
Counsel for Plaintiff
Fattibene and Fattibene
2480 Post Road
Southport, CT 06890
Tel: 203-255-4400
Fax: 203-259-0033