```
              UNITED STATES DISTRICT COURT
                DISTRICT OF CONNECTICUT


LIGHT SOURCES, INC., and
TAN SYSTEMS, INC.,
              Plaintiffs

           v.
                             Civil Action
                             No. 303 CV 874 (MRK)

                             At New Haven
COSMEDICO LIGHT, INC.,
              Defendant      September 29, 2004
```

**PLAINTIFFS', LIGHT SOURCES, INC. AND TAN SYSTEMS, INC., JOINT RESPONSE TO COURT ORDER TO SHOW CAUSE DATED SEPTEMBER 21, 2004**

**I.   NATURE OF PROCEEDING**

On or about September 23, 2004, Plaintiffs, Light Sources, Inc. and Tan Systems, Inc., became aware of the Court's sui sponte Order To Show Cause why Defendant filed sealed documents on September 10, 2004, containing Defendant's Memorandum In Opposition To Plaintiff's Motion for Partial Summary Judgment [Doc. #69] and Defendant's Local Rule 56(a)(2) Statement In Opposition To Plaintiffs' Motion for Partial Summary Judgment [Doc. #70] and why Plaintiffs filed sealed documents on September 14, 2004 containing:

1

Plaintiffs' Memorandum in Opposition to Defendant's Renewed Motion for Partial Summary Judgment [Doc. #71],

Plaintiffs' Joint Rule 56(a)(2) Statement of Disputed Facts In Support of Plaintiffs' Memorandum in Opposition to Defendant's Renewed Motion for Partial Summary Judgment [Doc. #72], and

Plaintiffs' Appendix to the Plaintiffs' Memorandum in Opposition to Partial Summary Judgment [Doc. #73].

**II.   Summary of Arguments**

Plaintiffs, Light Sources, Inc. and/or Tan Systems, Inc. are not claiming that any statement, document, exhibit, declaration, Rule 30(b)(6) deposition testimony or any other information that has been filed under seal by Defendant, Cosmedico Light, Inc., and/or by the respective Plaintiffs herein have been designated by either Plaintiff as "confidential" and/or "highly confidential" so as to be subject to the Court's Protective Order as modified on December 17, 2003.

Plaintiffs' Memorandum In Opposition to Defendant's Renewed Motion for Summary Judgment [Doc. #71], Plaintiffs' Rule 56(a)(2) Statement of Disputed Facts [Doc. #72] and Plaintiffs' Appendix to Plaintiffs' Memorandum In Opposition to Defendant's Renewed Motion [Doc. #73] were

2

filed under seal because they contained statements and/or references to exhibits, declarations, relevant Cosmedico Rule 30(b)(6) deposition transcript pages and other documents <u>which Cosmedico has designated to be "confidential" and/or "highly confidential" and subject to protection under the Protective Order as modified by the Court on December 17, 2003</u>.  Cosmedico's designated confidential information has been interlaced into Plaintiffs' arguments as set forth in Plaintiffs' Opposition Memorandum [Doc. #71], in Plaintiffs' Rule 56(a)(2) Statement [Doc. #72] and in Plaintiffs' Supporting Appendix [Doc. #73].  As a result and in the exercise of great caution, Plaintiffs considered that the better part of discretion was to file Documents #71, 72 and 73 under seal.

    Plaintiffs are of the opinion that Cosmedico has abused the spirit and scope of the Protective Order by claiming confidentiality to a host of publicly disclosed documents which are not related to trade secrets or any privileged or confidential information.

    All of Defendant's alleged designated "confidential" and/or "highly confidential" information which Plaintiffs were compelled to file under seal under the terms of the Protective Order relate to (1) publicly disclosed articles

3

in trade publications and commercial ads of third parties that have been widely distributed and circulated throughout the tanning industry, or (2) comprise Cosmedico's letters to third parties concerning said third parties' use of the generic or descriptive use of the VHR term which Cosmedico is claiming to be a Cosmedico registered mark in suit, wherein the recipient of such letters, including the respective Plaintiffs herein, are under no obligation of non-disclosure and/or confidentiality, and (3) copies of invoices submitted by trade publications and/or advertising agencies to Cosmedico, apparently for services rendered for running and/or preparing ads that have been publicly distributed or displayed in the trade publications.

Cosmedico has also designated as "confidential" and "highly confidential" some 138 pages of a 201 page Rule 36(b)(6) deposition transcript, even though most, if not all, the information on said 138 pages is obviously neither "confidential" nor "highly confidential" information.

On August 23, 2004, Plaintiffs, pursuant to paragraph 14 of the Court's Modified Protective Order of December 17, 2003 [Doc. 30], <u>did file a Motion [Doc. 57] To Unseal Alleged Confidential Documents Subject to the Outstanding Protective Order As Modified by the Court Order and/or To Vacate Said Protective Order</u>, which was filed concurrently

with Plaintiffs' Joint Motion [Doc. 58] for Partial Summary Judgment as to Defendant's Counterclaims I, II, IV and V and to Plaintiffs' Count I of the Second Amended Complaint. Plaintiffs documents filed under seal identified in the Court's Show Cause Order, as Docs. #71, 72 and 73, clearly indicated they were all filed <u>subject to Plaintiffs' Motion To Unseal and/or To Vacate filed on August 23, 2004</u>.[1] Plaintiffs' Motion to Unseal and/or Vacate has now been fully briefed by the parties, and is now ripe for decision. As Plaintiffs' Motion to Vacate [Doc. #57] was filed concurrently with the sealing of Plaintiffs' Partial Summary Judgment Motion [Doc. #58], Plaintiffs did not consider it necessary to file the same motion in their respective papers, Docs. #71, 72, 73, to Defendant's Renewed Motion for Partial Summary Judgment, since the same kind of documents are involved.

Plaintiffs have complied with the Court's Order of December 18, 2003 [Doc. #30]. Plaintiffs were obligated by the terms of the Protective Order to file documents [Docs. 71, 72 and 73] under seal. Plaintiffs' Motion to Unseal and/or Vacate filed on August 23, 2004, was an effort to avoid such filing. See Plaintiffs' Reply Memorandum [Doc.

---

[1] Attached is Exhibit 2 is a copy of the notice of sealing with respect to Docs. 71, 72 and 73, indicating that Docs. 71, 72 and 73 were being sealed subject to Plaintiffs' Motion to Unseal and/or Vacate.

5

75] and attached Appendix [Doc. 76] filed on or about September 20, 2004 to Defendant's Memorandum in Opposition [Doc. 67] To Plaintiffs' Motion To Unseal and/or To Vacate, and in Plaintiffs' Memorandum and attached Exhibits filed on or about September 23, 2004, in Opposition to Cosmedico's Cross-Motion for Approval of Confidentiality Designation and Cross Motion to Strike Plaintiffs' Motion to Vacate [the Protective Order as Modified by the Court Order of December 17, 2003], as Plaintiffs' further effort to avoid the sealing of documents, all of which are incorporated herein by reference.

### III.  Statement of Facts

1.  On June 2, 2004, the Court issued an Amended Scheduling Order [Doc. 47] stating:

"All discovery will be completed by July 23, 2004."

"Dispositive motions will be filed by August 23, 2004."

"No further extensions will be granted."

2.  Pursuant to the Court Scheduling Order [Doc. #47 and after the close of discovery, Plaintiffs, on August 23, 2004, filed a Motion for Partial Summary Judgment [Doc. #58] together with a Sealed Memorandum [Doc. #59] in support of the Motion [Doc. #58]; a sealed Rule 56(a)(1)

6

Statement of Undisputed Facts [Doc. #60] and a sealed Appendix [Doc. #61] in support of Motion [Doc. #58].

    3.  Concurrently with the filing of Motion [Doc. #58], the Supporting Sealed Memorandum [Doc. #59], Sealed Rule 56(a)(1) Statement [Doc. #60] and Sealed Appendix [Doc. #61], Plaintiffs filed a Motion [Doc. #57] to Unseal Confidential Documents subject to Outstanding Protective Order and/or To Vacate said Protective Order relating to Plaintiffs' sealed documents [Doc. #59, 60 and 61], pursuant to the Court's Protective Order Modification paragraph 14 [Doc. #31].

    4.  On or about August 27, 2004, Cosmedico filed a Renewed Motion for Partial Summary Judgment as to Counts I, II, and V of the Second Amended Complaint [Doc. #64], together with Memorandum of Points and Authorities [Doc. #65] in Support of Motion [Doc. #64] and Rule 56(a)(1) Statement [Doc. #66].

    5.  On or about September 10, 2004, Cosmedico filed a Memorandum in Opposition [Doc. #67] to Plaintiffs' Motion To Unseal Confidential Documents and/or To Vacate Said Protective Order [Doc. #57].

    6.  On September 10, 2004, Cosmedico also filed Cross Motions for Approval of Confidential Designations with manually filed exhibits; and a Motion [Doc. #68] To Strike

Plaintiffs' Motion To Vacate the Outstanding Protective Order.

7. On September 13, 2004, Cosmedico filed Sealed Documents [Doc. #69, 70], apparently in opposition to Plaintiffs' Motion for Partial Summary Judgment [Doc. #58].

8. On September 14, 2004, Plaintiffs filed a Sealed Memorandum [Doc. #71] in Opposition to Cosmedico's Motion for Partial Summary Judgment; sealed Rule 56(a)(2) Statement [Doc. #72] and sealed Supporting Appendix [Doc. #72 to Plaintiffs' Memorandum [Doc. #71].

9. On September 20, 2004, Plaintiffs filed their Reply [Doc. #75] to Cosmedico's Response [Doc. #67] to Plaintiffs' Motion [Doc. #57] to Unseal Documents and/or To Vacate Said Protective Order together with a sealed Supporting Reply Appendix [Doc. #76].

10. On September 24, 2004, Plaintiffs filed Sealed Memorandum with attached Addendum [Doc. #79] in Opposition To Cosmedico's Motion [Doc. #68] for Approval of Confidential Designations and Motion to Strike Plaintiffs' Motion to Vacate.

**A R G U M E N T**

**I.  Cosmedico's Designated "Confidential" and/or "Highly Confidential" Documents Are Not Entitled To Protection.**

During the discovery period, Cosmedico, in a wholesale manner, designated some 378 pages of documents out of its initially produced 469 pages of documents as "confidential" or "highly confidential".  Cosmedico also designated some 138 pages as "confidential" or "highly confidential" out of Cosmedico's Rule 30(b)(6) 201 page deposition transcript. To evidence that the Cosmedico designated "confidential" documents, which Plaintiffs were obligated to seal pursuant to the terms of the outstanding Protective Order as modified by the Court [Doc. #31], Plaintiffs incorporate herein by reference (1) Plaintiffs' Opposition Memorandum [Doc. #79] in Response to Cosmedico's Cross Motion for Approval of Confidential Designation and Cross Motion to Strike [Doc. #68], (2) Plaintiffs' Reply [Doc. #75], and (3) Plaintiffs' Supporting Reply Appendix [Doc. #76]; and (4) Plaintiffs' Memorandum and attached Addendum [Doc. #79].

A redacted version of Plaintiffs' Opposing Memorandum and attached Addendum [Doc. #79] in Opposition to Cosmedico's Cross-Motion [Doc. #68] for Approval of

Confidentiality Designation and Cross Motion To Vacate [the Protective Order] [Doc. #68] is attached as Exhibit 1.

## II. Plaintiffs Did File An Accompanying Explanation Or Justification For Filing Documents [Doc. #71, 72 and 73] Under Seal.

On August 23, 2004, Plaintiffs filed their Motion to Unseal Confidential Documents and/or Vacate the Protective Order [Doc. #57] concurrently with the Plaintiffs' filing of their Motion for Partial Summary Judgment [Doc. #58] and supporting sealed Memorandum [Doc. #59], sealed Rule 56(a)(1) Statement [Doc. #60] and sealed Appendix [Doc. #61]. The category of documents designated by Cosmedico as "confidential" or "highly confidential" relied upon in Plaintiffs' Motion for Summary Judgment [Docs. #58, 59 & 60] are similar to the category of alleged "confidential" documents which Plaintiffs were obligated to seal in Documents #71, 72 and 73. Under the circumstances, Plaintiffs did not consider it necessary to file another motion to unseal and/or vacate the protective order with respect to Docs. #71, 72 and 73 as long as Plaintiffs' initial motion to unseal and/or vacate [Doc. #57] was still pending, since the sealed documents [Docs. #59, 60 and 61] had much in common with sealed documents [Docs. #71, 72 and 73]. Further, the notice of sealing with respect to

Documents 71, 72 and 73 indicated that Documents 71, 72 and 73 were being filed under seal <u>subject to Plaintiffs' pending Motion [Doc. #57] to Unseal and/or Vacate</u>.  (See attached Exhibit 2).

Plaintiffs' Motion to Unseal Confidential Documents and/or Vacate the Protective Order [Doc. #57] <u>has now been fully briefed</u>.  For the reasons stated therein, it is submitted that the granting of said Motion [Doc. #57] will greatly expedite the Court's ruling on the Parties' respective Motions for Partial Summary Judgment, and at the same time minimize the time, money and efforts required to rule on the pending motions in accordance with the spirit and scope mandated by Rule 1, Fed.R.Civ.P.

**III.   Cosmedico Has Not Yet Established Any "Good Cause" Why Its Designated "Confidential" and/or "Highly Confidential" Documents Are Entitled to Protection.**

In Cosmedico's Opposing Memorandum [Doc. #69] in Opposition to Plaintiffs' Motion To Unseal and/or To Vacate [Doc. #57], Cosmedico has not indicated a single showing of cause with respect to any document, statement or information Cosmedico designated as "confidential" or "highly confidential", other than a broad general statement that "all of the confidentiality statements are proper under the terms of the Protective Order."  Reference is

11

made to Cosmedico's Opposing Memorandum [Doc. #67].  For a full explanation as to why the Cosmedico "confidential" designated documents, are not entitled to protection, Plaintiffs incorporate by reference herein Plaintiffs' Reply Memorandum [Doc. #75].

Plaintiffs, under the terms of the Protective Order, were obligated to maintain the "confidential" designations of the sealed Cosmedico documents until the Court's Protective Order was either vacated and/or modified, whether or not said sealed documents are entitled to protection.  As long as Plaintiffs' Motion To Unseal and/or Vacate [Doc. #57] was pending and notice thereof given, this should be considered as compliance with paragraph 14 of the Protective Order as modified by the Court.

## C O N C L U S I O N

Plaintiffs request that the Court unseal all alleged sealed documents and find that the alleged sealed documents are not protected.  (Phillips v. General Motors, 307 F.3d 1206 [9 Cir 2003] "Once the [sealed discovery] documents are made part of a dispositive motion [summary judgment

motion ruled upon by the court] … they lose their status of being raw fruits of discovery."

                              Respectfully submitted,

                              _____
                              Arthur T. Fattibene, CT06916
                              Counsel for Plaintiff
                              Fattibene and Fattibene
                              2480 Post Road
                              Southport, CT 06890
                              Tel:  203-255-4400
                              Fax:  203-259-0033