**Document No. 1**

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LIGHT SOURCES, INC.,<br>and TAN SYSTEMS, INC.,<br>Plaintiffs, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. :<br>3:03-CV-874 (MRK) |
| | : | |
| COSMEDICO LIGHT, INC.,<br>Defendant | : | |
| | : | |
| COSMEDICO LIGHT, INC.,<br>Counterclaimant | : | |
| | : | |
| v. | : | |
| | : | |
| TAN SYSTEMS, INC.,<br>and LIGHT SOURCES, INC.,<br>Counterdefendants, | : | SEPTEMBER 24, 2004 |
| | : | |

## COSMEDICO'S EXPEDITED MOTION TO SUSPEND
## BRIEFING AND ARGUMENT OF PENDING MOTIONS
## FOR PARTIAL SUMMARY JUDGMENT

By this expedited motion, defendant Cosmedico Light, Inc. ("Cosmedico") asks the

Court to suspend the briefing and argument of the motions for partial summary judgment filed

by both sides in this action.  This extraordinary relief is required because, based on

information just recently acquired by Cosmedico, it is clear that Cosmedico is being

prejudiced in its prosecution and defense of the respective summary judgment motions as a

result of the plaintiffs' continuing failure (in spite of an Order of this Court) to provide full

and complete discovery and by misrepresentations made by plaintiffs to Cosmedico and to the

Court. Because the briefing of these motions is presently scheduled to be completed by October 1, 2004, Cosmedico respectfully requests expedited consideration of this matter.[1]

More particularly, Cosmedico has been stymied in its attempts to obtain copies of relevant documents from the former files of the plaintiff, Tan Systems, Inc., responsive to requests served many months ago. Plaintiffs had repeatedly told Cosmedico and this Court, falsely it now appears, that Tan Systems had neither possession, custody nor control of the requested documents following the sale of its business assets to a third party in February, 2004. Cosmedico arranged, through the courtesy of the third party, to inspect the former Tan Systems files and designated relevant documents for copying. Tan Systems, in a reversal of position, now contends that it has certain rights regarding inspection and dissemination of the documents, and has derailed the process of providing the requested copies to Cosmedico's counsel. There is also a dispute as to whether Tan Systems' principal, Ms. Kristin (Tiffany) Crumpler, removed relevant documents from the former Tan Systems facility after the February, 2004, asset transfer, thus precluding their inspection by Cosmedico.

The requested documents, in turn, are required in order to conduct the deposition (ordered by this Court on August 11, 2004)[2] of Ms. Crumpler, the Tan Systems' witness designated for deposition in response to Cosmedico's notice under Fed. R. Civ. P. 30(b)(6). As set forth in Cosmedico's opposition to plaintiffs' pending motion for partial summary judgment, Cosmedico believes that Tan Systems and its witness possess information important to Cosmedico's positions pertaining to that motion. (Fed. R. Civ. P. 56(f)) The

---

[1] To facilitate a complete and prompt airing of this important issue, Cosmedico is serving this motion and all related documents by both fax and mail.

[2] Although formal discovery in this case closed on July 23, 2004, plaintiffs had filed a motion for protective order regarding the site of the Tan Systems deposition. The Court denied the motion on August 11, 2004, ordering the deposition of Ms. Crumpler to proceed in this District.

facts surrounding the document production, the expected deposition testimony, and Tan Systems' misconduct are set forth more fully in the accompanying *Cosmedico's Motion to Compel Production of Documents and Deposition of Tan Systems Under Fed. R. Civ. P. 30(b)(6)* and its associated memorandum of law.

Moreover, plaintiffs have submitted to this Court, in support of their summary judgment motion, documents which, though directly relevant and previously requested by Cosmedico, were never produced to Cosmedico in discovery.  The full significance of this withheld discovery has only recently been uncovered by Cosmedico as a result of its own independent research into the withheld materials.  The nature and extent of the withheld discovery and its significance to the pending summary judgment motions are explained in the accompanying *Cosmedico's Motion to Strike Declarations of Arthur T. Fattibene and Kristin (Tiffany) Crumpler*, and its associated memorandum of law.

For the reasons set forth herein, in the accompanying memorandum of law, and in the related motions referenced above, Cosmedico respectfully requests that the Court suspend the briefing and argument of the pending summary judgment motions until such time as Cosmedico has been provided with full and complete discovery.

<div style="margin-left:50%">

Respectfully submitted,
Cosmedico Light, Inc.,
by its Attorneys,

</div>

Dated: September 24, 2004

JAMES W. OLIVER
Federal Bar No.: ct02510
Berman and Sable
100 Pearl Street, 10th Floor
Hartford, CT 06103

3

Tel:    (860) 527-9699
Fax:    (860) 527-9077

DALE A. MALONE
Federal Bar No.:  ct25020
Banner & Witcoff, Ltd.
28 State Street
Boston, Massachusetts 02109
Tel:    (617) 720-9600
Fax:    (617) 720-9601

4

## CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing document was served by fax and by mail,

first class postage prepaid, on this 24th day of September, 2004 to all counsel of record as

follows:

Arthur T. Fattibene, Esq.
Paul A. Fattibene, Esq.
2480 Post Road
Southport, CT  06490

Cynthia L. Counts, Esq.
Counts & Associates
1384 Lanier Place
Atlanta, GA 30306

_____

Dale A. Malone