**Document No. 2**

Case 3:03-cv-00874-MRK    Document 85    Filed 09/27/2004    Page 1 of 15

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LIGHT SOURCES, INC.,<br>and TAN SYSTEMS, INC.,<br>    Plaintiffs,<br><br>v.<br><br>COSMEDICO LIGHT, INC.,<br>    Defendant<br><br>COSMEDICO LIGHT, INC.,<br>    Counterclaimant<br><br>v.<br><br>TAN SYSTEMS, INC.,<br>and LIGHT SOURCES, INC.,<br>    Counterdefendants, | CIVIL ACTION NO. :<br>3:03-CV-874 (MRK)<br><br><br><br><br><br><br><br><br><br><br>SEPTEMBER 24, 2004 |

**COSMEDICO'S MEMORANDUM IN SUPPORT
OF ITS EXPEDITED MOTION TO SUSPEND
BRIEFING AND ARGUMENT OF PENDING
MOTIONS FOR PARTIAL SUMMARY JUDGMENT**

    The defendant in this action, Cosmedico Light, Inc. ("Cosmedico"), is being deprived of a full and fair opportunity to litigate the claims brought against it in this action, and its own counterclaims, because of the discovery misconduct of the plaintiffs, Light Sources, Inc. ("Light Sources") and Tan Systems, Inc. ("Tan Systems"). Light Sources has sandbagged Cosmedico by withholding in discovery evidence it now asserts justifies judgment against Cosmedico as a matter of law. Tan Systems, having made repeated representations (falsely, it

now appears) to Cosmedico and to this Court that it has no custody, possession or control of its former files relevant to the issues in suit, now reverses its course and under claim of right to inspect and control the dissemination of those files, has derailed the process of producing copies of relevant and requested documents to Cosmedico. The most immediate effect of this misconduct is a severe obstruction of Cosmedico's ability to present a complete opposition to the plaintiffs' pending motion for summary judgment. In order to prevent irreparable harm, and a possible fraud upon this Court, Cosmedico asks the Court, pursuant to Fed. R. Civ. P. 56(f), to suspend the briefing and argument of the motions for partial summary judgment, filed by both sides in this action, until plaintiffs have fulfilled their long-overdue discovery obligations.

Rule 56(f) permits a court to deny a motion for summary judgment, to order the continuance of the motion, or to make any other order that is just, where a showing is made that the party opposing summary judgment cannot present facts essential to justify the party's opposition. Fed. R. Civ. P. 56(f). Because a district court has a duty to ensure that parties have a reasonable opportunity to present a complete record in response to a motion for summary judgment, it has been said that Rule 56(f) should be liberally construed. *See, e.g., Elliott Assoc., L.P. v. Republic of Peru*, 961 F. Supp. 83, 86 (S.D.N.Y. 1997).

A party seeking application of Rule 56(f) should demonstrate (1) the nature of the uncompleted discovery and the facts reasonably expected to be obtained; (2) the manner by which those facts will create a genuine issue of material fact; (3) the efforts affiant has made to obtain those facts; and (4) the reasons these efforts were unsuccessful. *Gurary v.*

*Winehouse*, 190 F.3d 37, 43-44 (2d Cir. 1999). This showing is made in the declaration of Cosmedico's attorney, Dale A. Malone, attached hereto as Exhibit A.

In particular, Cosmedico has been stymied in its attempts to obtain copies of relevant documents from the former files of the plaintiff, Tan Systems, Inc., responsive to requests served many months ago. Plaintiffs had repeatedly told Cosmedico and this Court, falsely it now appears, that Tan Systems had neither possession, custody nor control of the requested documents following the sale of its business assets to a third party in February, 2004. Cosmedico arranged, through the courtesy of the third party, to inspect the former Tan Systems files and designated relevant documents for copying. Tan Systems, in a reversal of position, now contends that it has certain rights regarding inspection and dissemination of the documents, and has derailed the process of providing the requested copies to Cosmedico's counsel. There is also a dispute as to whether Tan Systems' principal, Ms. Kristin (Tiffany) Crumpler, removed relevant documents from the former Tan Systems facility after the February, 2004, asset transfer, thus precluding their inspection by Cosmedico.

The requested documents, in turn, are required in order to conduct the deposition (ordered by this Court on August 11, 2004)[1] of Ms. Crumpler, the Tan Systems' witness designated for deposition in response to Cosmedico's notice under Fed. R. Civ. P. 30(b)(6). As set forth in Cosmedico's opposition to plaintiffs' pending motion for partial summary judgment, Cosmedico believes that Tan Systems and its witness possess information important to Cosmedico's positions pertaining to that motion. (Fed. R. Civ. P. 56(f)) The

---

[1] Although formal discovery in this case closed on July 23, 2004, plaintiffs had filed a motion for protective order regarding the site of the Tan Systems deposition. The Court denied the motion on August 11, 2004, ordering the deposition of Ms. Crumpler to proceed in this District.

3

facts surrounding the document production, the expected deposition testimony, and Tan Systems' misconduct are set forth more fully in the accompanying *Cosmedico's Motion to Compel Production of Documents and Deposition of Tan Systems Under Fed. R. Civ. P. 30(b)(6)* and its associated memorandum of law.

Moreover, plaintiffs have submitted to this Court, in support of their summary judgment motion, documents which, though directly relevant and previously requested by Cosmedico, were never produced to Cosmedico in discovery. The full significance of this withheld discovery has only recently been uncovered by Cosmedico as a result of its own independent research into the withheld materials. The nature and extent of the withheld discovery and its significance to the pending summary judgment motions are explained in the accompanying *Cosmedico's Motion to Strike Declarations of Arthur T. Fattibene and Kristin Crumpler*, and its associated memorandum of law.

For the reasons set forth herein, in the accompanying memorandum of law, and in the related motions referenced above, Cosmedico respectfully requests that the Court suspend the briefing and argument of the pending summary judgment motions until such time as Cosmedico has been provided with full and complete discovery.

Respectfully submitted,
Cosmedico Light, Inc.,
by its Attorneys,

Dated: September 24, 2004

JAMES W. OLIVER
Federal Bar No.: ct02510
Berman and Sable

100 Pearl Street, 10th Floor
Hartford, CT 06103
Tel:   (860) 527-9699
Fax:   (860) 527-9077

DALE A. MALONE
Federal Bar No.: ct25020
Banner & Witcoff, Ltd.
28 State Street
Boston, Massachusetts 02109
Tel:   (617) 720-9600
Fax:   (617) 720-9601

## CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing document was served by fax and by mail, first class postage prepaid, on this 24th day of September, 2004 to all counsel of record as follows:

Arthur T. Fattibene, Esq.
Paul A. Fattibene, Esq.
2480 Post Road
Southport, CT 06490

Cynthia L. Counts, Esq.
Counts & Associates
1384 Lanier Place
Atlanta, GA 30306

_____
Dale A. Malone

**Exhibit A**

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LIGHT SOURCES, INC., <br> and TAN SYSTEMS, INC., <br> Plaintiffs, <br><br> v. <br><br> COSMEDICO LIGHT, INC., <br> Defendant <br><br>――――――――――――――― <br><br> COSMEDICO LIGHT, INC., <br> Counterclaimant <br><br> v. <br><br> TAN SYSTEMS, INC., <br> and LIGHT SOURCES, INC., <br> Counterdefendants, | CIVIL ACTION NO. : <br> 3:03-CV-874 (MRK) <br><br><br><br><br><br><br><br><br><br><br><br> SEPTEMBER 24, 2004 |

DECLARATION OF DALE A. MALONE IN SUPPORT
OF COSMEDICO'S EXPEDITED MOTION TO SUSPEND
BRIEFING AND ARGUMENT OF PENDING
MOTIONS FOR PARTIAL SUMMARY JUDGMENT

I, Dale A. Malone, do hereby declare under penalty of perjury as follows:

1.   I am employed by the law firm of Banner & Witcoff, Ltd., and I am counsel of record for the defendant in this action, Cosmedico Light, Inc. ("Cosmedico").

2.   On February 25, 2004, on behalf of Cosmedico, I caused to be served on counsel for the plaintiffs in this action a notice of deposition under Fed. R. Civ. P. 30(b)(6) directed to plaintiff Tan Systems, Inc. ("Tan Systems"). The deposition was continued by

agreement of the parties pending a settlement conference before Magistrate Judge Garfinkel. Thereafter, a dispute arose as to the proper location for the deposition, and a motion was filed by plaintiffs for a protective order compelling Cosmedico to take the deposition of Tan Systems' designated witness in Georgia. On August 11, 2004, this Court denied plaintiffs' motion for protective order, and ordered Tan Systems to appear for deposition in this District. That deposition has not yet taken place.

3. After the entry of the August 11, 2004 Order, I have made written and oral communications to plaintiffs' attorneys in an effort to arrange a date for the Tan Systems deposition. In those communications, I indicated that, as a prerequisite to taking the deposition, Cosmedico needed to inspect, designate and copy documents from the Tan Systems files located in McDonough, Georgia. These documents had been requested in Cosmedico's document requests served on February 25, 2004.

4. In response to Cosmedico's document requests, and in several subsequent communications to Cosmedico and to this Court, plaintiffs have maintained steadfastly that Tan Systems no longer has possession, custody or control of its former files as a result of a sale of its business assets to a third party in or around February, 2004. In particular, Tan Systems has contended that it cannot review and produce documents from its former files because it transferred ownership of those files to the purchaser of its assets. *See, e.g.*, Tan Systems' response to Cosmedico's production requests, attached at Tab 1.

5. Through the courtesy of that third party, Heartland Tanning, I arranged to travel to McDonough, Georgia, to inspect the former Tan Systems files on August 31, 2004. At that time, I selected and designated for copying many documents responsive to

2

Cosmedico's discovery requests in this action. In particular, I reviewed and designated for copying documents relevant, *inter alia,* to the issues of:

    a.    plaintiffs' intent in adopting the infringing marks accused in this action;

    b.    actual confusion among the relevant public as to the source of the goods marked with the plaintiffs' infringing marks;

    c.    the likelihood of confusion resulting from the adoption by plaintiffs of marks similar to Cosmedico's trademarks; and

    d.    Tan Systems' acquiescence in the validity of Cosmedico's trademarks.

6.    At the August 31, 2004, document inspection, I observed Tan Systems' principal, Ms. Kristin (Tiffany) Crumpler, moving freely through the facility. I was advised by Heartland Tanning employees that Ms. Crumpler has a key to that facility and enjoys unsupervised access to it at all hours of the day and night. I was also advised by a Heartland Tanning employee that at some time after the February, 2004, asset transfer, Ms. Crumpler removed "a truckload" of documents from that facility. Plaintiffs' counsel has provided no detailed explanation of what documents were removed by Ms. Crumpler and, as indicated above, Cosmedico has been to date unable to inquire as to this matter in deposition.

7.    Since August 31, 2004, I have attempted to obtain the copies of the designated Tan Systems documents I requested at that inspection. In furtherance of that effort, I have had repeated communications with Heartland Tanning's principal, Mr. Greg Henson, and his attorney, Mr. Jeremy Lantz. At one point in these communications, Mr. Henson had agreed to send the originals of the requested documents directly to my office so that the copies could be made in a timely manner.

3

8. I was subsequently contacted by plaintiff Tan Systems' attorney, Ms. Counts, who requested instead that the originals be transferred to her offices. Ms. Counts expressed to me her concern that some of the documents contained in the Heartland files might be personal documents of Ms. Crumpler. During our conversation, Ms. Counts admitted that, subsequent to the February, 2004, asset transfer and contrary to plaintiffs' prior representation that Tan Systems had no right to produce its former files in this action, Ms. (Tiffany) Crumpler had inspected, selected and produced documents from the former Tan Systems files in discovery of another, unrelated litigation matter. Ms. Counts also opined, also contrary to plaintiffs' previous representations to Cosmedico and to this Court, that Tan Systems had a right to object to the production of certain documents. She restated this allegation in a September 17, 2004 letter to Heartland's attorney, Mr. Lantz, a copy of which is attached at Tab 2. Ms. Counts' demand for "an immediate inspection of all documents maintained by Tan Systems, Inc. prior to the sale on February 16, 2004" has effectively derailed the process of copying and delivering the documents requested by Cosmedico in August.

9. As a result of plaintiffs' interference in the process of copying and delivering the requested documents, Cosmedico still has not received them. Nor has Tan Systems provided Cosmedico, as requested, with a description of the materials removed by Ms. Crumpler from the Heartland facility. Cosmedico has had no opportunity to inspect any of these materials. The importance of resolving these issues promptly was set forth in my letter of September 20, 2004, to Ms. Counts, a copy of which is attached at Tab 3.

10. Because plaintiffs have derailed the production of essential documentary evidence from the Tan Systems files, Cosmedico has been unable to proceed with the

4

deposition of Tan Systems' designated Rule 30(b)(6) witness, Ms. Crumpler, despite this Court's Order that she appear in Connecticut for deposition.

11. In support of their motion for partial summary judgment, plaintiffs have filed with this Court three declarations, two by Ms. (Tiffany) Crumpler, and one by plaintiffs' attorney, Arthur T. Fattibene. These declarations attempt to present to the Court evidence alleged to entitle plaintiffs to judgment as a matter of law as to some of the counts of Cosmedico's counterclaim.

12. Ms. (Tiffany) Crumper's first declaration submitted by plaintiffs refers to and transmits a number of alleged publications purportedly showing prior uses of the "VHR" trademark asserted by Cosmedico in this litigation. Cosmedico alleges that a genuine issue of disputed material fact exists as to whether these publication, in fact, show authorized uses of genuine Cosmedico products and, thus, support the validity of Cosmedico's trademark registration. Because Cosmedico has been wrongfully precluded from deposing Ms. (Tiffany) Crumpler, Cosmedico has been denied the opportunity to cross-examine her as to the basis for her allegations set forth in her declaration.

13. Mr. Fattibene's declaration submitted to this Court transmits 45 exhibits, totaling 208 pages, alleged to entitle plaintiffs to judgment against Cosmedico as a matter of law. However, many of those exhibits, making up fully 40 of those pages, have never been produced to Cosmedico in discovery in this action, and Cosmedico has been denied the opportunity to cross-examine either plaintiff regarding the conclusions Mr. Fattibene urges this Court to presume from these documents. Indeed, Mr. Fattibene has failed to show any foundation for the admissibility of these documents and they should be disregarded by the

Court in considering the summary judgment motion; however, Cosmedico is entitled to a reasonable opportunity to seek competent testimony as to this purported "evidence."

14.  Cosmedico took the deposition of the other co-plaintiff in this action, Light Sources, on July 20, 2004 (before Mr. Fattibene's surprise filing of new "evidence"). A number of discovery issues arose at that deposition. Cosmedico promptly identified these issues in writing to plaintiffs' counsel and requested that plaintiffs' discovery deficiencies either be remedied or that a conference of counsel be held as a prerequisite to the filing of a discovery motion. Plaintiffs' attorney did not respond to Cosmedico's requests, and did not agree to participate in the requested conferral of counsel until September 13, 2004, by which time the present motions for partial summary judgment were already pending. Plaintiffs' attorney refused in that conferral to provide any of the requested discovery. A summary of the matters discussed in the conferral is set forth in the September 14, 2004, letter I sent to plaintiffs' attorney, Mr. Fattibene, a copy of which is attached at Tab 4.

15.  Among the areas in which Cosmedico notified plaintiffs that their discovery was deficient are:

a.  Light Sources' failure to produce for deposition a witness knowledgeable as to several of the topics of Cosmedico's Rule 30(b)(6) notice, including the plaintiffs' intent in adopting the accused marks in issue;

b.  Light Sources' refusal to search for and produce documents responsive to Cosmedico's production requests identified on the record at the Light Sources deposition;

c.  Light Sources' refusal to produce a second deponent, Mr. Joseph Schuster, as requested in a deposition notice served before the close of discovery on July 23, 2004;

6

    d.    Light Sources' refusal to produce and permit testimony regarding certain documents alleged by plaintiffs to be subject to work-product immunity but as to which any such immunity was waived as a result of the plaintiffs' use of the documents in the preparation of the Rule 30(b)(6) witness for deposition. *See* Tab 4.

Plaintiffs' attorney, Mr. Fattibene, admitted during the September 13, 2004, conferral that despite Cosmedico's written requests, he had not even discussed this matter with his client between the July 20, 2004 deposition and the September 13, 2004, conferral of counsel.

16.    As a result of plaintiffs' failure to provide full and timely discovery, as described above, Cosmedico has been unfairly and severely impaired in its ability to present a complete defense to the motion for partial summary judgment filed by plaintiffs on August 23, 2004.

Respectfully submitted,

Dated: September 24, 2004

*[signature]*

DALE A. MALONE
Federal Bar No.: ct25020
Banner & Witcoff, Ltd.
28 State Street
Boston, Massachusetts 02109
Tel:  (617) 720-9600
Fax:  (617) 720-9601

Attorney for Defendant, Cosmedico Light, Inc.