# Document No. 3

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LIGHT SOURCES, INC.,<br>and TAN SYSTEMS, INC.,<br>  Plaintiffs, | :<br>:<br>:<br>: CIVIL ACTION NO.:<br>: 3:03-CV-874 (MRK) |
| v. | : |
| COSMEDICO LIGHT, INC.,<br>  Defendant | :<br>: |
| COSMEDICO LIGHT, INC.,<br>  Counterclaimant | :<br>: |
| v. | : |
| TAN SYSTEMS, INC.,<br>and LIGHT SOURCES, INC.,<br>  Counterdefendants, | :<br>: SEPTEMBER 24, 2004<br>: |

**COSMEDICO'S MOTION TO COMPEL PRODUCTION OF
DOCUMENTS AND DEPOSITION OF PLAINTIFF TAN SYSTEMS,
PURSUANT TO FED. R. CIV. P. 30(b)(6)**

Defendant, Cosmedico Light, Inc. ("Cosmedico") hereby requests that the Court enter a discovery order compelling the plaintiff in this action, Tan Systems, Inc. (Tan Systems"), to produce documents previously requested in discovery, and to submit to deposition as previously ordered by this Court. This discovery is required in order for Cosmedico to fully present and respond to issues raised in the pending motions for partial summary judgment

Oral Argument Requested

filed by both sides in this litigation, as well as to prepare for trial. The grounds for this motion are as follows:

1. On February 25, 2004, Cosmedico served on plaintiff Tan Systems a request for Production of Documents and Things.

2. Unbeknownst to Cosmedico at the time, Tan Systems entered into an agreement in February, 2004, to sell essentially all of its business assets to a third party, Heartland Tanning.

3. In response to Cosmedico's document requests, and with reference to the asset transfer described above, Tan Systems' counsel repeatedly advised Cosmedico that Tan Systems no longer had possession, custody, or control of the documents responsive to Cosmedico's requests.

4. Through the courtesy of Heartland Tanning, the purchaser of the Tan Systems assets, Cosmedico's attorney was provided access to the former Tan Systems files in McDonough, Georgia, on August 31, 2004. Documents relevant to this action were designated for copying, but copies of the selected documents have not yet been provided to Cosmedico.

5. Contrary to its prior representations to Cosmedico and to this Court, Tan Systems now asserts that it has rights to inspect and control the dissemination of documents purportedly transferred as part of the asset sale. In fact, Tan Systems has apparently conducted a document review and production in another litigation matter, after the February, 2004, asset transfer. Based upon its purported rights under the Asset Purchase Agreement, Tan Systems has sought to disrupt the production of the documents requested by Cosmedico.

2

Tan Systems has refused to provide a copy of the Asset Purchase Agreement to Cosmedico, even though it is clearly responsive to Cosmedico's document requests and Tan Systems certainly possesses a copy of it.

6. Cosmedico has also been advised that Tan Systems' principal, Ms. Kristin (Tiffany) Crumpler, has removed files from the Heartland Tan Systems facility, sometime after the February, 2004, asset transfer, and that the removed files may amount to "a truckload" of documents. Tan Systems has refused to identify these files in detail sufficient to determine whether they contain information relevant to this action. Nor has Tan Systems produced any documents from these files in response to Cosmedico's discovery requests.

7. Cosmedico has long sought to depose plaintiff Tan Systems in this action, through Ms. Crumpler, plaintiff's designated Rule 30(b)(6) witness. On August 11, 2004, this Court ordered Ms. Crumpler to appear for deposition in this District but, to date, she has not been made available for deposition.

8. The documents requested in discovery, and the testimony of Tan Systems, are important to the briefing, argument and consideration of the pending motions for partial summary judgment filed by both sides in this action. Cosmedico's reply in support of its motion for partial summary judgment is due on October 1, 2004, as is plaintiffs' reply in support of their motion for partial summary judgment. Cosmedico has opposed that motion based, in part, upon the unavailability of relevant evidence withheld by Tan Systems (Fed. R. Civ. P. 56(f)).

9. The documents and testimony are also necessary for Cosmedico's trial preparation in this action.

For all of the reasons set forth above, in the accompanying memorandum of law, and in the expedited motion to suspend briefing and argument of pending summary judgment motions (filed herewith), Cosmedico respectfully requests entry of an Order compelling Tan Systems to produce the requested documents and appear for deposition, and resetting the briefing schedule for the pending summary judgment motions to permit Cosmedico to take and apply the withheld discovery.

Certification of Conferral of Counsel Pursuant to Local Rule 37

The undersigned attorney for Cosmedico hereby certifies that he conferred with counsel for Tan Systems on September 16 and September 24, 2004, in a good faith effort to resolve or reduce the scope of disagreement regarding the subject of this motion, but that no agreement was reached.

Respectfully submitted,
Cosmedico Light, Inc.,
by its Attorneys,

Dated: September 24, 2004

JAMES W. OLIVER
Federal Bar No.: ct02510
Berman and Sable
100 Pearl Street, 10th Floor
Hartford, CT 06103
Tel:   (860) 527-9699
Fax:   (860) 527-9077

DALE A. MALONE
Federal Bar No.: ct25020
Banner & Witcoff, Ltd.
28 State Street
Boston, Massachusetts 02109
Tel:   (617) 720-9600
Fax:   (617) 720-9601

## CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing document was served by mail, first class postage prepaid, on this 24th day of September, 2004 to all counsel of record as follows:

Arthur T. Fattibene, Esq.
Paul A. Fattibene, Esq.
2480 Post Road
Southport, CT 06490

Cynthia L. Counts, Esq.
Counts & Associates
1384 Lanier Place
Atlanta, GA 30306

_____
Dale A. Malone