**Tab 2**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| LIGHT SOURCES, INC.<br>and TAN SYSTEMS, INC.,<br><br>    Plaintiffs,<br><br>    v.<br><br>COSMEDICO LIGHT, INC.,<br><br>    Defendant | )<br>)<br>) Civil Act. No. 03-CV-874(MJK)<br>)<br>)<br>)<br>) Hon. Mark J. Kravitz<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF, TAN SYSTEMS, INC.'S RESPONSES TO
COSMEDICO'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS AND THINGS**

Pursuant to Fed.R.Civ.P. 34, Plaintiff, Tan Systems, Inc. ("Tan Systems"), hereby objects to and responds to Defendant's (Cosmedico's) Requests for Production of Documents and Things (First Set) as follows:

**General Objections**

1. Tan Systems objects to Cosmedico's Requests for Production of Documents and Things to the extent that Tan Systems is not in possession, custody and/or in control of the documents and things requested. As Cosmedico is aware, Tan Systems was recently the subject of a sale in which all of the assets of Tan Systems, including all of its business records and documents, have been sold to Heartland Tanning, Inc., a company well known to Cosmedico.

2. Tan Systems further objects to the requests to the extent that they are overly broad, unduly vague, and/or ambiguous.

1

3. Tan Systems further objects to the Requests to the extent that they are burdensome and oppressive.

4. Tan Systems further objects to the Requests to the extent that the Requests are not calculated to lead to the discovery of admissible evidence.

5. Tan Systems further objects to the Requests to the extent that the Requests are immaterial, irrelevant and/or are not readily understood.

5. Heartland Tanning has advised Tan Systems that Heartland Tanning, if requested, would produce documents responsive to the requests made herein as long as such production is not prejudicial and/or confidential to the business that Heartland Tanning purchased from Tan Systems.

## RESPONSES

Subject to and without waiver of the foregoing General Objections, Tan Systems responds to each of the document request as follows:

Document Request No.1:

All trademark registration certificates, trademark registration applications and other documents pertaining to each trademark associated with any Accused Product.

*Response:* *Objected to as noted in general objections 1, 2, 3, 4, 5 and 6. The request is further objected to in that the request is not limited in time and/or to the accused marks in suit. Tan Systems registration documents are no longer in the possession, control or custody of Tan Systems. Tan Systems trademark registration documents are publicly available; and are therefore as equally available to Cosmedico as they are to Tan Systems.*

2

Document Request No.2:

All documents pertaining to any indemnification agreement between you and Light Sources, Inc. ("LSI").

*Response:* *Will produce.*

Document Request No.3:

All communications between You and LSI pertaining to any Accused Product.

*Response:* *See objections 1, 2, 3, 4, 5 and 6. Documents responsive to this request, if any, have been transferred to Heartland as part of Tan Systems' sale of its assets to Heartland.*

Document Request No.4:

All documents pertaining to the terms under which LSI manufactures the Accused Products for You.

*Response:* *See response to Request No. 3.*

Document Request No.5:

All documents pertaining to Your costs, both direct and indirect, incurred with regard to the Accused Products.

*Response:* *See response to Request No. 3.*

Document Request No.6:

All documents pertaining to any valuation, performed by or for You, of any trademark rights owned and/or licensed by You.

3

*Response:* *Objected to. See general objections 1 to 6. The request is further objected to for the reason that the request is not limited to the accused marks. Further, the request is not readily understood as to "valuation" of any trademark rights "owned and/or licensed by You."*

Document Request No.7:

All documents which are, or which refer to, or which contain communications between You and any other person or entity, regarding this action.

*Response:* *See objections 1 to 6. Tan Systems further objects to this request, as the request is not readily understood.*

Document Request No.8:

All documents which are, or which refer to, or which contain, communications between You and any representative of Heartland Tanning regarding this action, the marks "THR" and/or "TLR," and/or the Accused Products.

*Response:* *See objections 1 to 6.*

Document Request No.9:

All documents which are, or which refer to, or which contain, any apportionment of the consideration paid to You by Heartland Tanning attributable to any trademark right and/or goodwill.

*Response:* *See objections 1 to 6. The Defendant objects on the grounds that it seeks confidential or proprietary business information. The request is also objected to as overly broad and oppressive, as the request is not limited to the accused marks TLR and THR. As understood, there are no responsive documents.*

4

Document Request No. 10:

All documents pertaining to any alleged compatibility between any Accused Product and any product of Cosmedico.

*Response:* *Objected to as noted in general objections 1 to 6. All documents pertaining to the FDA were turned over to Heartland upon the sale of Tan Systems' assets.*

Document Request No. 11:

All documents submitted by You to the United States Food and Drug Administration concerning any Accused Product.

*Response:* *Objected to as noted in general objections 1 to 6. All documents of Tan Systems, if any, pertaining to compatibility, were transferred to Heartland Tanning as part of Tan Systems sale of assets.*

Document Request No. 12:

All documents that relate, refer or pertain to any testing of any Accused Product done by or for You for the purpose of generating data for submission to the United States Food and Drug Administration (regardless of whether or not the data generated were actually submitted to that agency).

*Response:* *See response to Request No. 10.*

Document Request No. 13:

All documents that relate, refer or pertain to any testing of any Cosmedico product done

5

by or for You for the purpose of generating data for submission to the United States Food and Drug Administration (regardless of whether or not the data generated were actually submitted to that agency).

*Response:* *See response to Request No. 10.*

Document Request No. 14:

All communications between You and any other person or entity concerning the use of the marks "THR" or "TLR" in conjunction with any of Your products.

*Response:* *Objected to. See general objections 1 to 6. All of Tan Systems records and documents have been made a part of the sale of assets to Heartland Tanning.*

Document Request No. 15:

Documents sufficient to identify all sales, by number of units and by dollar volume by You of each Accused Product from 1997 to date.

*Response:* *All documents responsive to this request have been turned over to Heartland Tanning.*

Document Request No. 16:

All documents relating to the decision to mark the Accused Products with the mark "THR" or "TLR."

*Response:* *See response to Request No. 15.*

Document Request No. 17:

6

All documents concerning Cosmedico.

*Response: Objected to for the reasons noted in general objections 1 to 6. The request is objected to as overly broad as it is not limited to the issues raised by the pleadings or to the accused marks. All of Tan Systems relevant documents were included in the sale of Tan Systems' business to Heartland Tanning.*

Document Request No. 18:

All documents concerning any Cosmedico trademark.

*Response: See response to Request No. 17.*

Document Request No. 19:

All documents concerning any Cosmedico product bearing the mark "VHR" or "VLR".

*Response: Other than the documents included in Tan Systems' sale of the asserts to Heartland Tanning, Tan Systems will produce whatever documents relating to this request that are currently in the possession, custody and control of Tan Systems.*

Document Request No. 20:

All advertisements, marketing materials and other promotional materials that depict or refer to the marks "THR" or "TLR," and all other documents that illustrate how the marks "THR" and "TLR" are used in commerce.

*Response: Objected to as noted in general objections 1, 2 and 3. Documents relating to the etching as actually placed on the lamps sold by Tan Systems bearing the accused THR and TLR marks are illustrative of how the accused marks are used in commerce have been produced.*

7

Document Request No. 21:

Documents sufficient to identify Your total expenditures on advertising for each calendar year from 1997 to date.

*Response: Objected to. See general objections 1 and 3. The request is objected to for the further reasons that the request is not limited to the accused marks and/or to the time period that Tan Systems was marketing lamps bearing the accused marking TLR and THR. Further, all records pertaining to this request were included in Tan Systems sale of assets to Heartland Tanning.*

Document Request No. 22:

Documents sufficient to identify Your advertising expenditures for each Accused Product for each calendar year from 1997 to date.

*Response: Objected to as noted in general objections 1 and 3. Objection is also made to the time period stated in the request. All documents from which the requested information can be ascertained have been transferred to Heartland Tanning as part of the sale of assets hereinbefore noted.*

Document Request No.23:

All documents that relate, refer or pertain to any reported confusion between any Accused Product and any other product of any other entity.

*Response: Objected to as overly broad, vague, ambiguous and not limited to the issues raised by the pleadings. Tan Systems is not aware of any reported confusion between any accused*

8

*product marketed and/or sold by Tan Systems, and any Cosmedico product bearing or associated with any of the asserted Cosmedico's trademarks in suit; nor is Tan Systems aware of any document reporting any such alleged confusion with any Cosmedico products.*

Document Request No.24:

All opinions of counsel rendered to You and/or on Your behalf relating to the validity, invalidity, infringement or non-infringement of any Cosmedico trademark.

*Response: Objected to as overly broad and not limited to the asserted Cosmedico' marks in suit. As limited to the Cosmedico's asserted marks in suit, Tan Systems does not have any written opinion of counsel responsive to this request.*

Document Request No.25:

A sample of each Accused Product and all packaging associated with each Accused Product.

*Response: Objected to for the reasons stated in general objection 1. All material responsive to this request was included in Tan Systems' sale of its assets to Heartland Tanning.*

Document Request No.26:

All documents that relate, refer or pertain to any survey conducted by or for You involving any Cosmedico trademark.

*Response: Tan Systems does not have any documents responsive to this request.*

Document Request No.27:

9

All documents that relate, refer or pertain to any survey conducted by or for You involving any trademark associated with any Accused Product.

*Response: See response to Request No. 26.*

Document Request No.28:

All documents that relate, refer or pertain to any survey conducted by or for You involving the mark "THR" and/or "TLR."

*Response: See response to Request No. 26.*

Document Request No.29:

Documents sufficient to identify each customer for each Accused Product.

*Response: Objected to for the reasons stated in general objections 1, 3, 4, 5 and 6. All documents responsive to this request have been turned over to Heartland Tanning and constitute the confidential information of Heartland Tanning. Tan Systems is not in possession of any documents responsive to this request.*

Document Request No.30:

Each document retention policy or document destruction policy in effect at Tan Systems at anytime from 1997 to date.

*Response: Tan Systems had no definite retention policy or document destruction policy other than that which was reasonable with respect to any given document. All Tan Systems current records and documents were included in Tan Systems' sale of its assets to Heartland Tanning.*

10

Document Request No.31:

Documents sufficient to identify each person involved in the conception, design, and development of each Accused Product.

*Response: Objected to as vague and ambiguous. The accused product, as understood, is a sun tanning fluorescent lamp bearing the accused letter marks TLR and THR, which Tan Systems purchased from Light Sources, Inc. Tan Systems is not privy to who conceived, designed or developed the lamp Tan systems purchased from Light Sources, Inc. Tan Systems is not aware of any document responsive to this request.*

Document Request No. 32:

Documents sufficient to identify each person responsible for advertising and marketing each accused product.

*Response: The relevant documents, subject to the objection noted, responsive to these requests are currently within the possession, custody and/or control of Heartland Tanning. Heartland Tanning has advised Tan Systems that Heartland Tanning, if requested, would produce documents responsive to the requests made herein as long as such production is not prejudicial and/or confidential to the business that Heartland Tanning purchased from Tan Systems.*

11

Respectfully submitted this 25th day of March, 2004.

_____
Arthur T. Fattibene, CT 06916

Fattibene & Fattibene
2480 Post Road
Southport, CT 06890

and _____
Cynthia L. Counts
Georgia State Bar No. 190280
Attorneys for Plaintiff Tan Systems, Inc.

Counts & Associates
1384 Lanier Place, NE
Atlanta, Georgia 30306
229-924-1298
229-924-2327 facsimile

## VERIFICATION

Personally appeared, Kristin Tiffany, President for Tan Systems, Inc., who, after being duly sworn, states that the facts set forth in the PLAINTIFF, TAN SYSTEMS, INC.'S RESPONSES TO COSMEDICO'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS are true and correct to the best of her knowledge and belief.

_____
KRISTIN TIFFANY

Sworn to and subscribed before
me this 25 day of March, 2004.

_____
NOTARY PUBLIC, State of Georgia
My Commission Expires: MY COMMISSION EXPIRES
OCTOBER 1, 2007

## Certificate of Service

I hereby certify that a copy of

**PLAINTIFF, TAN SYSTEMS, INC.'S RESPONSES TO
COSMEDICO'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS AND THINGS**

has been served by FAX and first class U.S. mail, postage prepaid, this 25th day of March 2004, on Defendant's counsel of record as follows:

Dale A. Malone
Banner & Witcoff
28 State Street, 28th Floor
Boston, MA 02109-1775

    and

James Oliver
Jose A. Aquiar
Berman and Sable
100 Pearl Street
Hartford, CT 06103

_____
Arthur T. Fattibene, CT 06916
Attorney for Plaintiff

**Tab 3**



1251 NE Port Dr. • Lee's Summit, Missouri 64063 • 600-554-8268 • 816-795-1171 • 816-795-2981 FAX • www.heartlandtan.com

July 7, 2004

By Fax and Mail

Arthur T. Fattibene, Esq.
Fattibene and Fattibene
2480 Post Road
Southport, Connecticut 06890

Cynthia L. Counts, Esq.
Counts & Associates
1384 Lanier Place
Atlanta, Georgia 30306

Re: **Light Sources, Inc. v. Cosmedico Light, Inc., 3:03 CV 874 (MJK) (D.Conn.)**

Dear Counsel:

On behalf of Heartland Tanning, the purchaser of certain business assets from Tan Systems, Inc., including the corporate files of Tan Systems, I hereby confirm my previous agreement to make those corporate files available for inspection and copying, in accordance with the rules of procedure applicable in federal district courts, for any and all purposes related to the above-referenced litigation. Specifically, the files will be made available, upon reasonable notice, to counsel of record in this action, as well as to Ms. Kristin Tiffany and her attorney, Ms. Counts. Documents produced in discovery from these files shall be used for no purposes outside of the litigation.

Very truly yours,

Gregory Henson

EQUIPMENT • LAMPS • PARTS • LOTIONS • APPAREL • SALON ACCESSORIES

**Tab 4**

# COUNTS & ASSOCIATES
ATTORNEY AT LAW
E-MAIL: CCOUNTS@LAWCOUNTS.COM

1384 LANIER PLACE, NE
ATLANTA, GEORGIA 30306
TELEPHONE: (404)876-1785
FAX: (404)249-9897

1528 SOUTH LEE STREET
AMERICUS, GEORGIA 31709
TELEPHONE: (229)924-1298
FAX: (229)924-2327

September 17, 2004

**VIA FAX: 770 424-8135**

Mr. Jeremy Lantz
THE LANTZ LAW FIRM, LLC
1281 Kennestone Circle
Suite 300
Marietta, Georgia 30066

Re: *Tan System Inc. Documents*

Dear Jeremy:

I have enjoyed talking with you and Greg over the past few days. As I promised Greg, I reviewed the Asset Purchase Agreement regarding the documents. Pursuant to Article I of the Asset Purchase Agreement, the agreement did not include any non-listed or personal documents. Moreover, Heartland is required to maintain for her inspection all listed documents for a period of two years. Thus, we demand a right to an immediate inspection of all documents maintained by Tan Systems, Inc. prior to the sale on February 16, 2004. Please contact my office to arrange a convenient time for me to review the documents.

Please remember as well the clause in Article I of the Asset Purchase Agreement in which the buyer agreed it would use reasonable efforts to work with the parties involved to have seller and shareholder released from this litigation. Sending all documents regardless of relevance or responsiveness to matters directly related to the litigation is contrary to the spirit of the agreement and good faith obligations of Heartland to Tan Systems, Inc. Thus, we explicitly and strenuously object to Cosmedico's demand that Heartland ship the originals or copies of any documents not involved the Asset Purchase Agreement. Heartland has no right to provide corporate tax returns or other non-responsive confidential information to Cosmedico.

It is my understanding that Mr. Malone has identified documents to be copied for him which are irrelevant and immaterial to any matter in the lawsuit. Pursuant to the Asset Purchase Agreement, we should be able to efficiently review the pertinent documents prior to copying so as to avoid any objections.

Thank you for your assistance.

Sincerely,

Cynthia L. Counts

CLC/fr
cc: Kristin Crumpler
    Art Pattibene
    Dale Malone
    Greg Heil