**Document No. 5**

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LIGHT SOURCES, INC.,<br>and TAN SYSTEMS, INC.,<br>    Plaintiffs,<br><br>v.<br><br>COSMEDICO LIGHT, INC.,<br>    Defendant<br><br>COSMEDICO LIGHT, INC.,<br>    Counterclaimant<br><br>v.<br><br>TAN SYSTEMS, INC.,<br>and LIGHT SOURCES, INC.,<br>    Counterdefendants, | CIVIL ACTION NO.:<br>3:03-CV-874 (MRK)<br><br><br><br><br><br><br><br><br><br>SEPTEMBER 24, 2004 |

**COSMEDICO'S MOTION TO STRIKE DECLARATIONS OF ARTHUR T.
FATTIBENE AND KRISTIN (TIFFANY) CRUMPLER FILED IN SUPPORT OF
<u>PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT</u>**

Defendant, Cosmedico Light, Inc. ("Cosmedico") hereby requests that the Court enter an order striking the declarations submitted by plaintiffs' attorney, Arthur T. Fattibene, and plaintiff Tan Systems' principal, Ms. Kristin (Tiffany) Crumpler (who executed two separate declarations), in support of plaintiffs' motion for partial summary judgment filed on August 23, 2004. The declarations should not be considered by the Court in deciding the pending summary judgment motions because they are based upon and incorporate documents and evidence

Oral Argument Requested

improperly withheld from Cosmedico by the plaintiffs in discovery, because they contain hearsay evidence and because, in some instances, the declarant is incompetent to establish a foundation for the proffered evidence.

More particularly, the grounds for this motion are as follows:

1. On August 23, 2004, plaintiffs filed with the Court their motion for partial summary judgment as to certain counts of Cosmedico's counterclaim in this action. In support of their motion, plaintiffs submitted the declarations of their attorney, Arthur T. Fattibene, and of plaintiff Tan Systems' principal, Ms. Kristin (Tiffany) Crumpler.

2. Mr. Fattibene's declaration comprises ten pages within the appendix submitted by plaintiffs in support of their motion for partial summary judgment, and refers to attachments comprising 45 exhibits totaling 208 pages. While the bulk of those 45 exhibits and 208 pages is made up of copies of the Trademark Office files for the Cosmedico trademarks in suit, many of the exhibits spanning fully 40 pages of the materials are documents never before produced to Cosmedico in this action, but now asserted by plaintiffs as evidence supporting summary judgment.

3. Mr. Fattibene's declaration also makes characterizations of many of the attached exhibits, and purports to lay a foundation for the authentication of the attached documents, but fails to do so.

4. The Declaration of Kristin Tiffany, also filed by plaintiffs in support of their partial summary judgment motion, comprises eight pages and refers to 18 exhibits, of which 12 are documents never produced to Cosmedico during discovery. Although the Court ordered Tan

Systems, on August 11, 2004, to produce Ms. Tiffany for deposition, she has not yet appeared to testify with respect to the matters set forth in her declaration.

5.   Plaintiffs have also obtained and filed a Supplemental Declaration of Kristin Tiffany Crumpler, apparently executed in August, 2004. Once again, despite this Court's August 11, 2004 Order, Tan Systems has not yet produced Ms. (Tiffany) Crumpler for deposition.

6.   Many of the withheld documents filed as exhibits to the three declarations in question are alleged to be copies of advertisements and publications. Many have handwritten notations on them. For none of the proffered exhibits has the declarant provided an indication that the document is (a) a true copy; or (b) that the declarant has personal knowledge of the claimed status (*e.g.*, "published in 1997") of the document.

7.   By withholding this purported evidence throughout discovery, and in seeking summary judgment without permitting Cosmedico to take any deposition of the plaintiff (even though Ordered by this Court to do so), plaintiffs have unfairly prejudiced Cosmedico in the preparation of its case and in its defense against plaintiffs' baseless allegations. As a result, Cosmedico has been forced to undertake its own investigation of the materials filed by plaintiffs with their motion papers.

8.   Plaintiffs' late disclosure of alleged evidence and refusal to permit discovery as to it are part of a larger effort to deceive the Court as to the merits of plaintiffs' positions. As but one example of plaintiffs' tactic of suggesting a mere half-truth as proof of its argument, Cosmedico has undertaken to obtain a complete copy of the "brochure" referred to by Ms. Tiffany at paragraph 11 of her declaration. Ms. Tiffany had attached the cover page and one additional page from this "brochure" as Exhibit C to her declaration. As shown at page 24 in the

complete, twenty six page document (obtained by Cosmedico's counsel on September 20, 2004) from which Ms. Tiffany's Exhibit C was derived, the reference to the mark "VHR" urged by plaintiffs as evidence of the genericness of the mark, was actually intended as a reference specifically to Cosmedico, the owner of the mark. This true explanation of the meaning of the document is confirmed by the <u>competent</u> declaration of Mr. Andrew Michael Bartak, attached to Cosmedico's memorandum in support of this motion.

9. At this time, Cosmedico does not know whether Ms. (Tiffany) Crumpler's misstatement to the Court regarding the subject matter of paragraph 11 of her declaration was made intentionally, with knowledge of the entire unproduced document, or was merely the result of her lack of personal knowledge regarding the document. Tan Systems has not yet produced her for deposition, as ordered by the Court on August 11, 2004. In either case, however, her testimony should not be relied upon in support of an argument for judgment against Cosmedico as a matter of law.

10. Similarly, Mr. Fattibene has not established that he has personal knowledge of any of the facts necessary to establish the proffered documents as competent evidence. He does not identify the sources from which he obtained the materials, does not aver that they are true or complete copies, and establishes no foundation for the characterizations he makes with regard to many of the exhibits.

Accordingly, for the reasons set forth above and in the accompanying memorandum of points and authorities, Cosmedico respectfully requests that the Court strike the declarations of

Kristin (Tiffany) Crumpler and Arthur T. Fattibene submitted in support of plaintiffs' motion for partial summary judgment.

                                      Respectfully submitted,
                                      Cosmedico Light, Inc.,
                                      by its Attorneys,

Dated: September 24, 2004

                                      JAMES W. OLIVER
                                      Federal Bar No.: ct02510
                                      Berman and Sable
                                      100 Pearl Street, 10th Floor
                                      Hartford, CT 06103
                                      Tel:   (860) 527-9699
                                      Fax:  (860) 527-9077

                                      DALE A. MALONE
                                      Federal Bar No.: ct25020
                                      Banner & Witcoff, Ltd.
                                      28 State Street
                                      Boston, Massachusetts 02109
                                      Tel:   (617) 720-9600
                                      Fax:  (617) 720-9601

## CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing document was served by fax and by mail, first class postage prepaid, on this 24th day of September, 2004 to all counsel of record as follows:

Arthur T. Fattibene, Esq.                         Cynthia L. Counts, Esq.
Paul A. Fattibene, Esq.                            Counts & Associates
2480 Post Road                                      1384 Lanier Place
Southport, CT 06490                            Atlanta, GA 30306

                                      Dale A. Malone

5