**Document No. 6**

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LIGHT SOURCES, INC.,<br>and TAN SYSTEMS, INC.,<br>　　　　Plaintiffs, | :<br>:<br>: | |
| | : | CIVIL ACTION NO.: |
| | : | 3:03-CV-874 (MRK) |
| v. | : | |
| | : | |
| COSMEDICO LIGHT, INC.,<br>　　　　Defendant | :<br>: | |
| | : | |
| | : | |
| COSMEDICO LIGHT, INC.,<br>　　　　Counterclaimant | :<br>: | |
| | : | |
| v. | : | |
| | : | |
| TAN SYSTEMS, INC.,<br>and LIGHT SOURCES, INC.,<br>　　　　Counterdefendants, | :<br>:<br>: | SEPTEMBER 24, 2004 |

## COSMEDICO'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE DECLARATIONS OF ARTHUR T. FATTIBENE AND KRISTIN (TIFFANY) CRUMPLER FILED IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

The declarations submitted by plaintiffs' attorney, Arthur T. Fattibene, and plaintiff Tan

Systems' principal, Ms. Kristin (Tiffany) Crumpler (who executed two separate declarations), in

support of plaintiffs' motion for partial summary judgment filed on August 23, 2004 should not

be considered by the Court in deciding the pending summary judgment motions because they are

based upon and incorporate documents and evidence improperly withheld from Cosmedico by

Oral Argument Requested

the plaintiffs in discovery, because they contain hearsay evidence and because, in some instances, the declarant is incompetent to establish a foundation for the proffered evidence.

More particularly:

1.     On August 23, 2004, plaintiffs filed with the Court their motion for partial summary judgment as to certain counts of Cosmedico's counterclaim in this action. In support of their motion, plaintiffs submitted the declarations of their attorney, Arthur T. Fattibene, and of plaintiff Tan Systems' principal, Ms. Kristin (Tiffany) Crumpler.

2.     Mr. Fattibene's declaration comprises ten pages within the appendix submitted by plaintiffs in support of their motion for partial summary judgment, and refers to attachments comprising 45 exhibits totaling 208 pages. While the bulk of those 45 exhibits and 208 pages is made up of copies of the Trademark Office files for the Cosmedico trademarks in suit, many of the exhibits spanning fully 40 pages of the materials are documents never before produced to Cosmedico in this action, but now asserted by plaintiffs as evidence supporting summary judgment. Specifically, plaintiffs have withheld from discovery the documents making up Mr. Fattibene's Exhibits 1-7, 9-12, 14-21, 32, 34, 39, and 41-43, and appearing at pages A93 – A 105, A111 – A115, A117 – A119, A122 – A126, A135 – A143 and A285 – A289 of plaintiffs' appendix.

3.     Mr. Fattibene's declaration also makes characterizations of many of the attached exhibits, and purports to lay a foundation for the authentication of the attached documents, but fails to do so. Mr. Fattibene is plaintiffs' attorney, and he makes no representation that he has prior personal experience in the tanning industry. He does not identify the sources from which

he obtained the "evidence" he now seeks to vouch for. Nor does he even suggest to the Court that the documents he submits are true or complete copies.

4.      The Declaration of Kristin Tiffany, also filed by plaintiffs in support of their partial summary judgment motion, comprises eight pages and refers to 18 exhibits, of which 12 (Exhibits B-M) are documents never produced to Cosmedico during discovery. Although the Court ordered Tan Systems, on August 11, 2004, to produce Ms. Tiffany for deposition, she has not yet appeared to testify with respect to the matters set forth in her declaration.

5.      Plaintiffs have also obtained and filed a Supplemental Declaration of Kristin Tiffany Crumpler, apparently executed in August, 2004. Once again, despite this Court's August 11, 2004 Order, Tan Systems has not yet produced Ms. (Tiffany) Crumpler for deposition.

6.      Many of the withheld documents filed as exhibits to the three declarations in question are alleged to be copies of advertisements and publications. Many have handwritten notations on them. For none of the proffered exhibits has the declarant provided an indication that the document is (a) a true copy; or (b) that the declarant has personal knowledge of the claimed status (*e.g.*, "published in 1997") of the document.

7.      By withholding this purported evidence throughout discovery, and in seeking summary judgment without permitting Cosmedico to take any deposition of the plaintiff (even though Ordered by this Court to do so), plaintiffs have unfairly prejudiced Cosmedico in the preparation of its case and in its defense against plaintiffs' baseless allegations. As a result, Cosmedico has been forced to undertake its own investigation of the materials filed by plaintiffs with their motion papers.

8.     Plaintiffs' late disclosure of alleged evidence and refusal to permit discovery as to it are part of a larger effort to deceive the Court as to the merits of plaintiffs' positions. As but one example of plaintiffs' tactic of suggesting a mere half-truth as proof of its argument, Cosmedico has undertaken to obtain a complete copy of the "brochure" referred to by Ms. Tiffany at paragraph 11 of her declaration. Ms. Tiffany had attached the cover page and one additional page from this "brochure" as Exhibit C to her declaration. As shown at page 24 in the complete, twenty six page document (obtained by Cosmedico's counsel on September 20, 2004) from which Ms. Tiffany's Exhibit C was derived, the reference to the mark "VHR" urged by plaintiffs as evidence of the genericness of the mark, was actually intended as a reference specifically to Cosmedico, the owner of the mark. This true explanation of the meaning of the document is confirmed by the competent declaration of Mr. Andrew Michael Bartak, attached hereto at Tab 1. Cosmedico has obtained, or is in the process of obtaining, similar declarations that rebut the inferences suggested by plaintiffs' declarants with regard to each and every one of the proffered exhibits.[1]

9.     At this time, Cosmedico does not know whether Ms. (Tiffany) Crumpler's misstatement to the Court regarding the subject matter of paragraph 11 of her declaration was made intentionally, with knowledge of the entire unproduced document, or was merely the result of her lack of personal knowledge regarding the document. Tan Systems has not yet produced her for deposition, as ordered by the Court on August 11, 2004. In either case, however, her

---

[1] Plaintiffs' improper withholding of the exhibit documents until long after the close of discovery has unfairly prejudiced Cosmedico in preparing its opposition to plaintiffs' summary judgment motion. Cosmedico has separately moved the Court to stay the briefing and argument of that motion, in part to permit Cosmedico to make a fair presentation of the evidence that defeats plaintiffs' motion.

testimony should not be relied upon in support of an argument for judgment against Cosmedico as a matter of law.

10.     Similarly, Mr. Fattibene has not established that he has personal knowledge of any of the facts necessary to establish the proffered documents as competent evidence. He does not identify the sources from which he obtained the materials, does not aver that they are true or complete copies, and establishes no foundation for the characterizations he makes with regard to many of the exhibits.

Rule 56 "by no means authorizes trial by affidavits." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505 (1986). "Credibility determinations, the weighing of evidence and the drawing of legitimate inferences from the facts are jury functions and not those of a judge." *Id.* The Supreme Court's admonition is even more compelling when applied to the present attempt by plaintiffs' counsel to appoint himself the arbiter of the facts in this case.

An affidavit submitted in support of a summary judgment motion must be based on personal knowledge. *See, e.g., Randell v. United States*, 64 F.3d 101, 109 (2d Cir. 1995) (affidavit submitted by party's attorney, not asserted to be based on personal knowledge, contained simply "unsupported allegations" inadequate to meet burden under Rule 56). In particular, an attorney must be a competent witness in order to be a proper affiant or declarant and, like any other witness, his testimony must be based on personal knowledge. *See, e.g., Carnrite v. Granada Hosp. Group, Inc.*, 175 F.R.D. 439, 448-449 (W.D.N.Y. 1997)(court struck affidavit of plaintiff's counsel because affidavit discussed facts not within counsel's personal knowledge); *Nobel Ins. Co. v. Hudson Iron Works, Inc.*, 111 F. Supp. 2d 373, 375 n.2 (S.D.N.Y. 2000)(counsel's affidavit containing extensive legal argument and factual assertions about which

counsel could have no personal knowledge did not meet requirement that affidavits submitted on summary judgment motion be limited to facts of which affiant has personal knowledge).

An attorney making affidavit testimony, as Mr. Fattibene has done here, may be subject to deposition, or the attorney testimony could be construed to waive the attorney-client privilege or work product immunity. *See, e.g., Purgess v. Sharrock*, 33 F.3d 80, 84-85 (2d Cir. 1990)(counsel's statement of fact in legal papers can constitute admission and raise issue of disqualification).

In order to be properly considered in a summary judgment context, the evidence presented trough an affidavit or declaration must be evidence that would be admissible if presented at trial through the testimony of the affiant as a sworn witness. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553 (1986). In particular, the affidavit or declaration must "show affirmatively that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56(e). Thus, statements in a declaration that constitute mere hearsay, or as to which the declarant lacks personal knowledge, are properly disregarded by the Court. *See, e.g., Flair Broad. Corp. v. Powers*, 733 F. Supp. 179, 182 (S.D.N.Y. 1990).

Unauthenticated documents, once challenged, may not be considered by a Court in a summary judgment context. *See, e.g., MTV Networks v. Lane*, 998 F. Supp. 390, 393 (S.D.N.Y. 1998); *Hal Roach Studios v. Richard Feiner and Co.*, 883 F.2d 1429, 1437 (9th Cir. 1989). This is so even if the documents would be highly probative of a central and essential issue in the case. *See, e.g., Canada v. Bain's Helicopters, Inc.*, 831 F.2d 920, 925 (9th Cir. 1987).

If documents proferred in a declaration are incomplete, regardless of the cause, it is the duty of the party who has the legal and contractual duty to provide the records, and who is in the

better position than the opposing party to keep and vouch for the accuracy of such records, to explain the unavailability of the complete record. *See, e.g., Tamarin v. Adam Caterers*, 13 F.3d 51, 52 (2d Cir. 1993).

The documents submitted by plaintiffs' declarants in this case do not satisfy these requirements. Neither Ms. (Tiffany) Crumpler nor Mr. Fattibene properly asserts that she or he possesses the requisite personal knowledge needed to support the admission of the proffered exhibits. They do not identify the sources of the documents (beyond, in some instances, the mere identification of the publications they purportedly appeared in) and they do not vouch for the completeness or accuracy of the copies they submit. In short, the declarations fail to establish the foundation necessary to qualify the documents under any exception to the hearsay rule.

It is within the Court's discretion to strike any affidavit or declaration that fails to meet the requirements under Fed. R. Civ. P. 56(e) that the declaration be based on personal knowledge, set forth facts admissible in evidence at trial, and demonstrate that the declarant is competent to testify to the matters set forth. *See, e.g., Flair Broad. Corp.*, 773 F. Supp. at 182-183. The declarations submitted by plaintiffs in support of their present motion for partial summary judgment are fatally defective and should be struck.

Accordingly, for the reasons set forth above, Cosmedico respectfully requests that the Court strike the declarations of Kristin (Tiffany) Crumpler and Arthur T. Fattibene submitted in

support of plaintiffs' motion for partial summary judgment.

Respectfully submitted,
Cosmedico Light, Inc.,
by its Attorneys,

Dated: September 24, 2004

JAMES W. OLIVER
Federal Bar No.: ct02510
Berman and Sable
100 Pearl Street, 10th Floor
Hartford, CT 06103
Tel:    (860) 527-9699
Fax:    (860) 527-9077

DALE A. MALONE
Federal Bar No.: ct25020
Banner & Witcoff, Ltd.
28 State Street
Boston, Massachusetts 02109
Tel:    (617) 720-9600
Fax:    (617) 720-9601

## CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing document was served by fax and by mail,

first class postage prepaid, on this 24th day of September, 2004 to all counsel of record as

follows:

Arthur T. Fattibene, Esq.            Cynthia L. Counts, Esq.
Paul A. Fattibene, Esq.              Counts & Associates
2480 Post Road                       1384 Lanier Place
Southport, CT  06490                 Atlanta, GA 30306

Dale A. Malone

8

**Tab 1**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| **Light Sources, Inc., and**<br>**Tan Systems, Inc.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.  303-CV-874 (MRK)** |
| | ) | |
| **Cosmedico Light, Inc.,** | ) | |
| | ) | **April 29, 2004** |
| **Defendant.** | ) | |

### Declaration of Andrew Michael Bartak

I, Andrew Michael Bartak, hereby declare under penalty of perjury that I am personally knowledgeable of the facts set forth herein and, if called to testify at the trial of this matter, could and would so testify.

1.    I was a working partner, and officer,  of QDM Co., Inc. located in San Francisco, California from 1993 until 1999.

2.    Copies of two documents entitled "Declaration of Kristin Tiffany" dated April 12, 2004, and "Declaration of Christian J. Sauska" dated April 13, 2004, and headed with the

1

captions of the above-referenced action, have been provided to me, and I have been asked to examine and review Exhibits 12, B and C attached to those two documents.

3.    Exhibits 12, B and C are advertisements and promotional materials created by QDM Co., Inc for a line of suntanning beds made by Quarzlampenfabrik Dr. Müller GmbH & Co KG in Germany. At the time these exhibits were created, QDM Co., Inc was the exclusive North American importer and marketer of Dr. Müller equipment, which was introduced to North America at an industry trade show in Las Vegas in June of 1994.

4.    Even prior to this U.S. introduction, Dr. Müller Germany was a customer of Cosmedico Licht, GmbH. Among the products that Dr. Müller purchased from Cosmedico Licht at that time were Cosmedico's "CosmoLux VHR®" lamps. These lamps were installed in the tanning beds depicted in the advertisement and promotional materials, and were sold to our customers as part of that product. It was my understanding at that time that customers, potential customers, and others involved in the tanning industry associated the terms "VHR" with Cosmedico.

5.    Cosmedico's "CosmoLux VHR" 140 and 160W lamps were used exclusively whenever there was an application for reflector versions of a VHO style lamp in the Dr. Müller beds that were imported to the QDM, Co.

6.    Exhibit 12, B and C make reference to "VHR lamps." The reference in the

advertisement to "VHR lamps" was intended to attract customers familiar with Cosmedico's lamp products and was meant to indicate that the tanning bed offered for sale included Cosmedico's VHR technology.

7.    In my experience in the tanning industry, I have seen other advertisements placed by other companies offering "VHR" products for sale. In each instance, I interpreted the reference to "VHR" to mean that the product included Cosmedico's "CosmoLux VHR®" lamps.

8.    I have often seen advertisements and other promotional materials of Cosmedico featuring the "CosmoLux VHR®" and "CosmoLux VLR®" products. As a result of Cosmedico's significant usage and promotion of the terms "VHR" and "VLR" in reference to its tanning lamp products, it is my belief that the tanning industry recognizes those marks as trademarks of Cosmedico Light, Inc.

Respectfully submitted,

Dated: ~~August~~ Sept. 14th , 2004

3