UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LIGHT SOURCES, INC., and
TAN SYSTEMS, INC.,
                    Plaintiffs

          v.

                                   Civil Action
                                   No. 303 CV 874 (MRK)

                                   At New Haven

COSMEDICO LIGHT, INC.,
                    Defendant      October 14, 2004


**PLAINTIFFS, LIGHT SOURCES, INC.'S AND
TAN SYSTEMS, INC.'S JOINT MEMORANDUM IN OPPOSITION
TO DEFENDANT, COSMEDICO LIGHT, INC.'S
MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND
DEPOSITION OF TAN SYSTEMS PURSUANT TO FED.R.CIV.P. 30(b)(6)**


                         Arthur T. Fattibene
                         Paul A. Fattibene
                         Fattibene & Fattibene
                         2480 Post Road
                         Southport, CT 06890-1218


ORAL HEARING REQUESTED

**I.  NATURE OF THE PROCEEDINGS:**

On September 27, 2004, Defendant served on Plaintiffs three (3) dilatory and frivolous motions that are self-serving, replete with misstatements of facts and unsupported argument of counsel, viz:

1.  [Defendant] Cosmedico's Expedited Motion To Suspend Briefing and Argument of Pending Motions for Partial Summary Judgment;

2.  Cosmedico's Motion To Compel Production of Documents and Depositions of Plaintiff Tan Systems Pursuant To Fed.R..Civ.P. 30(b)(6); and

3.  Cosmedico's Motion To Strike Declarations of Arthur T. Fattibene and Kristen (Tiffany) Crumpler Filed In Support of Plaintiffs' Motion For Partial Summary Judgment.

This Memorandum is being submitted in opposition to the above Cosmedico's Motion No. 2.  Separate Memorandums have been filed and served on September 12, 2004, with respect to Cosmedico's above Motions 1 and 3.


**II.  STATEMENT OF FACTS:**

On February 25, 2004, Defendant, Cosmedico, served on Tan Systems a Request For Production of Documents and Things, containing thirty-two (32) requests, attached at Tab 1 to Cosmedico's Motion to Compel and attached hereto

as Exhibit 1 (hereinafter referred to as "Cosmedico's Requests").

Prior to receipt of Cosmedico's Request for Production, Tan Systems, on February 16, 2004, consummated a sale of its business assets including all documents relating to said sale to Heartland Tanning, a loyal and longtime customer of Cosmedico.  Possession, custody and control of all Tan Systems former documents relating to the sale of Tan Systems business were transferred to the buyer, Heartland, on February 16, 2004.

On March 25, 2004, Tan Systems served on Cosmedico its objections and responses to Cosmedico's Request for Production, attached hereto as Exhibit 2 (hereinafter referred to as "Tan Systems Responses").

On June 2, 2004, the Court issued a revised Scheduling Order [Doc #47] in which the Court extended discovery to July 23, 2004, and further ordered that any dispository motions be filed by August 23, 2004.

The Court also ordered that "No further extension will be permitted."

Pursuant to the Court's Scheduling Order of June 2, 2004 [Doc #47], both Plaintiffs and Defendant filed respective Motions for Partial Summary Judgment which are now fully briefed and pending before the Court.  (See

Plaintiffs' Memorandum and supporting papers filed in Opposition to Defendant's Expedited Motion to Suspend Briefing filed on or about September 13, 2004).

At no time prior to the close of discovery, June 23, 2004, and/or prior to the filing of Defendant's Motion for Partial Summary Judgment and the filing of Defendant's Opposing Papers on September 13, 2004 in opposition to Plaintiffs' Motion for Partial Summary Judgment did the <u>Defendant bring to the attention of the Court that it was having any discovery issues with respect to Tan Systems' Responses</u> attached hereto as Exhibit 2. <u>and/or with respect to the deposition of Tan Systems</u>.

The fact is Ms. Kristen Tiffany Crumpler, the designated deponent for Tan Systems, offered to be deposed but Defendant never served on Tan Systems any Renewed Notice of Deposition and failed to agree with any date proposed by Tan Systems for said deposition.

On August 31, 2004, Mr. Malone admits that he inspected at Heartland, all of Tan Systems former records. Mr. Malone, in his declaration dated September 24, 2004, attached hereto as Exhibit 3 to (hereinafter referred to as ("D.M. Decl."):

> "I arranged to travel to McDonough, Georgia,
> to inspect the former Tan Systems files on
> August 31, 2004.  At that time, <u>I selected and</u>

3

<u>designated for copying many documents</u>
<u>responsive to Cosmedico's discovery requests</u>
<u>in this action</u>."[1]  (Emphasis added)

On September 27, 2004, Tan Systems was served with
Cosmedico's Motion to Compel production of documents which
Mr. Malone admits he inspected and designated for copying,
and which Mr. Malone <u>avers are responsive to Cosmedico's</u>
<u>discovery requests</u>.

## III. COSMEDICO'S MOTION TO COMPEL IS FATALLY DEFECTIVE FOR FAILING TO COMPLY WITH CONN.L.CIV. RULE 9(d)(2)

Mr. Malone's alleged certification required by L.Rule
9(d)(2) is fatally defective in that the alleged conference
with Ms. Cynthia Counts, Tan Systems' local counsel, on
September 16 and September 24, 2004, was not directed <u>to</u>
<u>any specific request set forth in Cosmedico's Request for</u>
<u>Production</u>.  Rather, the brief telephone conference related
to securing copies of the documents Mr. Malone designated
for copying and requesting other documents that are not
within the scope of the Cosmedico Document Request in
issue.  Mr. Malone did not attempt to resolve with Ms.
Counts any dispute relating to <u>any specific request set</u>
<u>forth in Cosmedico's Request for Documents</u> in issue and/or

---

[1] Mr. Malone inspected and designated over thirty thousand (30,000) Tan Systems documents which Mr. Malone <u>admits that many were responsive to the Requests for Documents served on Tan Systems</u> and <u>relevant to the issues "a-d" set forth in ¶5 of the Malone Declaration</u>, (Exhibit 3).  This admission should render Cosmedico's Motion to Compel moot, as Cosmedico has indeed inspected all the documents to which Cosmedico's Motion to Compel is directed.

to Tan Systems' objections and/or responses thereto.  <u>See</u> Declaration of Cynthia Counts, dated October 13, 2004 and attached hereto as Exhibit 4.  (Hereinafter referred to as "C.C. Decl.")

Mr. Malone <u>conducted no pre-motion conference with Mr. Fattibene</u> as required by Conn.L.Civ. 9(d)(2) concerning Tan Systems objections and/or responses to Cosmedico's Request for Documents set forth in attached Exhibits 2 and 3.

Further, Mr. Malone admitted to inspecting of all Tan Systems former business records, <u>which Mr. Malone admits were responsive to Cosmedico's requests in issue</u>.  (D.M. Decl. ¶5).  Such admission should render Cosmedico's Motion to Compel moot.  The documents Mr. Malone inspected at Heartland <u>are the same documents that Cosmedico is now requesting the Court to compel Tan Systems to produce and over which Tan Systems does not have any control, custody or possession thereof.</u>  See Declaration of Kristin Crumpler, dated October 14, 2004, attached hereto as Exhibit 5. (Hereinafter referred to as "K.C. Decl.") <u>The responsive documents</u> which Cosmedico seeks to compel Tan Systems to produce <u>have already been inspected by Mr. Malone, as he has asserted in his Declaration ¶5</u> (Exhibit 3).

**IV.  COSMEDICO'S MOTION TO COMPEL IS ALSO FATALLY DEFECTIVE FOR FAILING TO COMPLY WITH CONN.L.CIV.RULE 9(d)(3).**

Conn. L.Civ.R. 9(d)(3) expressly states:

"Each memorandum shall contain a concise statement of the nature of the case and a <u>specific verbatim listing of each of the items of discovery sought or opposed</u>, and <u>immediately following each specification shall set forth the reason why the items should be allowed or disallowed</u>."  (Emphasis added)

Cosmedico lists some nine (9) grounds for the alleged motion.  Cosmedico's Memorandum comprises a <u>virtual verbatim recitation of the same alleged nine (9) grounds</u>.

Cosmedico's Memorandum does not contain a concise statement as to the nature of the case or a <u>specific verbatim listing of each item of discovery sought by Cosmedico</u> and/or the reasons why the items should be allowed.

Cosmedico merely attaches to its motion as exhibits Cosmedico's Request for Production which contains all thirty-two (32) requests and all Tan Systems responses and objections to said thirty-two requests.

Cosmedico's Memorandum is totally silent as to what <u>specific response or request Cosmedico is disputing</u> and/or which objection of Tan Systems is not well taken.  <u>Nothing in Cosmedico's Motion and/or Memorandum informs the Court</u>

<u>or the Plaintiffs which request and/or response thereto is being disputed by Cosmedico</u>.

Rule 34, Fed.R.Civ.P., expressly states that "Any party may serve on any other party a request (1) to produce … to inspect and copy any designated documents … which constitute or contain matter within the scope of Rule 26(b) and which are in the possession, custody and control of the party upon whom the request is served."

Cosmedico's Motion and alleged Memorandum are devoid of any facts from which the Court may conclude that the requested documents constitute or contain evidence material to any matter involved in the action, much less which request is being disputed.

Nor does Cosmedico's Motion and/or Memorandum make any rational showing that any of the requested documents are within the possession, custody and control of Tan Systems. It is not disputed that Tan Systems sold the assets of its business to a third party in an arms length dealing that included all of Tan Systems related documents, which are the subject of Cosmedico's Request for Production. Reference is made to <u>Stewart-Warner Corp. v. Staley</u>, 4 FRD 333; 64 USPQ 387 (SDNY 1945).  Cosmedico's mere unsupported argument of counsel, as argued in paragraph 5 of Cosmedico's Motion and Memorandum, belies the undisputable

fact that Heartland acquired by purchase all right, title
and interest in and to Tan Systems business, including the
custody, control and possession of all Tan Systems'
business related documents.

As noted in <u>Steward-Warner Corp.</u>, supra, this rule
[34] "may not be used as a fishing excursion into the
affairs of an adversary."

Nor does Cosmedico's Motion and/or supporting
Memorandum set forth any reasons why the requested document
of any given request should be allowed or disallowed as
required by Conn. L.Civ. Rule 9(b)(3).

Cosmedico cited reasons for compelling discovery that
the requested documents and testimony of Tan Systems "are
important to the briefing, argument and considerations of
the pending motions for partial summary judgment" is wholly
conclusionary.  Further, Cosmedico has set forth no basis
for its conclusionary statement as all briefings on the
respective Motions for Partial Summary Judgment have been
concluded.

Had Cosmedico considered the requested documents and
testimony of Tan Systems to be critical, it could have
urged its Motion to Compel much earlier and before
Cosmedico filed its Motion for Partial Summary Judgment and

before Cosmedico filed its Opposing Memorandum to
Plaintiffs' Motion for Partial Summary Judgment.

Nowhere in Cosmedico's Motion or supporting
Memorandum, which are virtually one and the same, does
Cosmedico cite any specific request that is disputed, much
less making any kind of a showing or reason why the item
should be allowed as required in Conn. L.Civ.R. 9(b)(3).


**V.    COSMEDICO'S MOTION TO COMPEL IS RENDERED MOOT**

Cosmedico admits that it inspected and designated for
copying documents responsive to Cosmedico's discovery
requests (D.M. Decl., ¶5).  As generally argued by counsel,
Cosmedico is asking the Court to compel Tan Systems to
produce the same documents that Cosmedico admits it already
inspected and designated for copying.  This fact renders
Cosmedico's Motion moot.


**VI.  TAN SYSTEMS DOES NOT HAVE POSSESSION, CUSTODY OR
       CONTROL OVER THE REQUESTED DOCUMENTS AND TAN SYSTEMS'
       DEPONENT WAS MADE AVAILABLE FOR DEPOSITIONS**

Cosmedico asserts unsubstantiated hearsay and innuendo
to argue Tan Systems, Inc., (hereinafter referred to as
"Tan Systems") is exercising control over a business that
it sold to an unrelated non-party over eight months ago.

Cosmedico also asserts that Tan Systems has refused to make Kristin (Tiffany) Crumpler (hereinafter referred to as "Ms. Crumpler"), a former employee and operating officer of Tan Systems available for deposition.  All such assertions are untrue.

The non-party who has possession, custody and control of Tan Systems' former documents is a well-established customer of Cosmedico.  Cosmedico concedes that it has already inspected these documents with full cooperation from the non-party that took control of Tan Systems' former offices and warehouses and all of the assets and business files that were stored there.  Despite having a full eight to nine months to do so, Cosmedico filed **no** document requests upon Tan Systems *prior* to the sale.  Although Tan Systems promptly filed its responses notifying Cosmedico that the non-party had agree to make Tan Systems' prior business documents available, Cosmedico waited until ***well after the close of discovery*** before actually inspecting Tan Systems' former documents.  Cosmedico also refused to schedule the deposition of Tan Systems, and to date has never attempted to do so.  Because Cosmedico 1) ***actually did*** inspect the documents at the non-party's facility, 2) was given full opportunity to copy them and 3) was given a full opportunity to take Tan Systems' 30(b)(6) deposition,

10

the Motion to Compel should be denied.

## VII.  STATEMENT OF LAW

According to the local rules, no motion to compel should be filed unless counsel making the motion has conferred with the opposing counsel in good faith and discussed the discovery issues in detail in a good faith effort to eliminate or reduce the area of controversy.  <u>See</u> Conn. L. Civ. R. 9. (d) (2). Additionally, the Federal Rules of Civil Procedure also provides that a request for inspection of documents must designate the items to be inspected "either by item or category, describing each with reasonable particularity."  F.R.C.P. 34 (b).  Conn. L. Civ. R. 9 also requires "a specific verbatim listing of the discovery sought or opposed."  Conn. L. R. 9(d)(3).  Because Cosmedico has not complied with the rules, Cosmedico's Motion to Compel should be denied.

Not only must Cosmedico comply with the local and federal rules of procedure, but it also has to show that the documents are in fact in the possession, custody or control of Tan Systems.  <u>Glaxo, Inc., et al v. Boehringer Ingelheim Corp.,</u> 1996 U.S. Dist. LEXIS 17828 (1996).  As Cosmedico cannot make such a

showing, the Motion should be denied.

The untimeliness of Cosmedico's request for discovery also merits the denial of Cosmedico's motion. *Cf.* Burlington Coat Factory Warehouse v. Esprit De Corp., 769 F.2d 919, 926-28 (2d Cir. 1985) (A party who both fails to use the time available and takes no steps to seek more time until after a summary judgment motion has been filed need not be allowed more time for discovery absent a strong showing of need."); Williams v. Bank Leumi Trust Co. of New York, 2000 U.S. Dist. LEXIS 4102, No. 96 Civ. 6695 (LMM), 2000 WL 343897, (S.D.N.Y. Mar. 31, 2000) (denying plaintiff's motion for a continuance in responding to motion for summary judgment, in order to obtain further discovery, where plaintiff did not seek court intervention with respect to discovery problems until after the discovery or to bring discovery problems to Court's attention during time allowed).

**VIII. STATEMENT OF BACKGROUND FACTS**

This Court can take judicial notice that this case was initially filed on May 16, 2003.  See Complaint. Cosmedico's Requests were served only on February 25, 2004. (Exhibit 1).  Tan Systems' Responses to Cosmedico's Requests were filed on March 25, 2004.  (Exhibit 2).

Discovery expired over four months later on July 23, 2004. See Order of the Court dated June 2, 2004.  Cosmedico did not seek to inspect the documents until August 31, 2004 and did not file this motion to compel until September 24, 2004.  See Cosmedico's Memorandum in Support of it Motion to Compel Production of Documents and Things and Deposition of Plaintiff Tan Systems, (hereinafter "Memorandum") ¶  4, pp. 1-2.

### A.   **The Sale of Tan Systems to an Unrelated Non-Party, Heartland Tanning**

Tan Systems was a national catalogue business that sold tanning beds, lamps, parts and accessories that operated its principal place of business in McDonough Georgia since 1988.  (K. C. Decl., ¶ 2).   After 14 years of operating the business together, the principal owners separated and divorced.  (K. C. Decl., ¶ 4).  On April 22, 2003, Kristin Crumpler became the sole owner of Tan Systems. (K. C. Decl., ¶ 5).  Thereafter, on May 16, 2003, the Complaint in this case for the trademark infringement was filed.  See Complaint.

    On February 16, 2004, after extensive negotiations and full notice to Cosmedico, Ms. Crumpler elected to get out of the tanning business and sold essentially all of Tan Systems' assets to an unrelated non-party, Heartland

Tanning, Inc. (hereinafter "Heartland"). (K. C. Decl., ¶ 6). Heartland purchased the business assets of Tan Systems and took control of Tan Systems' offices, warehouse and all of the documents housed there, including business and customer records that same day. (K. C. Decl., ¶ 7). The business records that Tan Systems sold to Heartland are subject to strict confidentiality provisions. (K. C. Decl., ¶ 9).

**B.  Cosmedico's Document Requests.**

On February 25, 2004, *after* the sale to Heartland and eight months *after* the lawsuit was filed, Cosmedico served its only Document Requests on Tan Systems. (Exhibit 1). Tan Systems timely served its responses on March 25, 2004. (Exhibit 2). In its responses, Tan Systems accurately stated: "Tan Systems is not in possession, custody and/or in control of the documents and things requested." (Exhibit 2). (K. C. Decl., ¶ 11). Ms. Crumpler did not remove any documents responsive to Cosmedico's Document Requests from the business before or after the sale on February 16, 2004. (K. C. Decl., ¶ 12).

In its Document Responses, Tan Systems also notified Cosmedico that it understood "Heartland, if requested, would produce documents responsive to the request made

14

herein as long as such production is not prejudicial and/or confidential to the business that Heartland Tanning purchased from Tan Systems." (Exhibit 2). That statement of promised cooperation by Heartland was obviously true. Indeed, Dale Malone, counsel for Cosmedico (hereinafter "Mr. Malone"), concedes he inspected Tan Systems' original files at the original business facilities (now owned and operated by Heartland) in McDonough, Georgia on August 31, 2004. (D.M. Decl. ¶ 5, pp. 2-3).

Mr. Malone provides no explanation as to why he never conducted an inspection of Tan Systems' original documents sooner, nor does he provide any explanation as to why he never subpoenaed the documents or made a simple non-party request to Heartland. This is likely because Heartland Tanning was a long-standing and loyal customer of Cosmedico that apparently provided full cooperation with Cosmedico. (K. C. Decl., ¶ 8, p. 2; D. M. Decl., ¶ 5, pp. 2-3)[2]

C. **Kristin Crumpler's Personal Documents Removed After the Sale**

After the sale, Ms. Crumpler realized she had left a substantial number of personal documents in the building. (K. C. Decl., ¶ 14). Heartland requested that Ms. Crumpler

---

[2]     As Mr. Malone concedes, Heartland granted him full right to inspect Tan Systems former documents and files as a "courtesy." (D. M. Decl., ¶ 5.)

locate and remove them.  Id.  These documents, dating back
as far as 1984, included:  1) School records for her
children; 2) medical receipts and filings; 3) personal
property deeds and documents; 4) divorce proceedings; 5)
personal receipts; 6) tax returns; 7) cancelled checks; 8)
personal letters; 9) vehicle titles; 10) pictures; 11)
personal 401k and retirement accounts; 12) personal
diaries; 13) custodial accounts; 14) personal credit card
information.  Id.  Due to her hectic schedule,[3] Ms. Crumpler
removed these items over a period of time after the sale.
(K. C. Decl., ¶ 14, 15 & 16).  Also, Ms. Crumpler was not
able to find and thus never removed many *other* personal
documents likely noted by Mr. Malone during his inspection–
***including sensitive personal documents regarding her
divorce***.  (K. C. Decl., ¶ 13 & 14).  Counsel for Tan
Systems called Mr. Malone to request that he not pursue
personal documents, but he insisted Cosmedico wanted
Heartland to send all of the original documents to him.
(C. C. Decl. ¶ 19, 20 & 21).

---

[3]     After the sale, Ms. Crumpler was busy assisting Heartland's transition into management of the
business, getting married, serving as a mother of two teenagers, becoming a step-mother to two elementary
aged children and building her family a new home.  (K. C. Decl., ¶ 13, p. 2).

**D.   Cosmedico's Delay in Obtaining Documents and Scheduling the Deposition Prior to the Expiration of Discovery**

### 1. Cosmedico's Refusal to Schedule the 30(b)(6) Deposition of Tan Systems.

Cosmedico misrepresented to the Court that Ms. Crumpler has not been made available for deposition by Tan Systems.  See Cosmedico's Memorandum ¶ 7, pp. 3-4.  Indeed, Cosmedico conveniently neglected to inform the Court of several repeated offers by counsel for Tan Systems to make Ms. Crumpler available for deposition.  (C. C. Decl., ¶ 5-18).

Upon the Court's order on August 16, 2004, [4] counsel for Tan Systems immediately notified opposing counsel that Ms. Crumpler would comply with the Court's order and requested that Cosmedico simply provide a date for scheduling.  (C. C. Decl., ¶ 13).  Mr. Malone, however, indicated he did not wish to schedule anything, stating instead that he may be traveling to Georgia on "other

---

[4]      Discovery was initially set to expire on May 30, 2004, but it was extended by consent of the parties until July 23, 2004.  Although Cosmedico first filed a notice of deposition for Tan Systems on February 25, 2004, it waited until July 9, 2004 to serve a Second Amended deposition notice seeking to take a 30(b)(6) deposition of Tan Systems.  (K. C. Decl., ¶ 19).  On July 15, 2004, Tan Systems filed a motion for protective order as there was a dispute regarding the proper location for Ms. Crumpler's deposition.  Although, discovery expired on July 26, 2004, this court ordered on August 16, 2004 that Ms. Crumpler should be deposed in Connecticut.  See Court's Order dated, August 11, 2004.  As local rules require, that deposition should have taken place within 10 days following the Court's Order.  See Local Rule, 9(d)5. Cosmedico, to date, has refused to schedule this deposition.  (C. C. Decl., ¶ 19).

matters" and that he would see if he could take Ms. Crumpler's deposition then.  (C. C. Decl., ¶ 14).

    After Mr. Malone returned from Georgia and had reviewed the documents, counsel for Tan Systems again offered that Ms. Crumpler could be made available immediately for deposition.  (C. C. Decl., ¶ 19).  Mr. Malone refused again, stating that he wanted to wait to get copies of documents from Heartland.  (C. C. Decl., ¶ 23, 24).  Since the Court's Order on August 16, 2004, Mr. Malone has never sought to schedule Ms. Crumpler's deposition. (C. C. Decl., ¶ 25).

### 2.  Counsel's Delay in Obtaining Copies of Documents from a Cooperating  Non-Party.

    As this case was filed in May 2003, it cannot be disputed that Cosmedico had ample time to review and copy all the Tan Systems former documents.  It is undisputed that Cosmedico never attempted to inspect or obtain copies of the documents until August 31, 2004 – ***well after* the filing of the lawsuit, *well after* the sale of Tan Systems, *well after* Cosmedico's  notice of deposition to Tan Systems, *well after* the close of discovery and even *well after* motions for summary judgment had been filed.**  (D.M. Decl. ¶ 6-7, p. 3).  Although Cosmedico was permitted full access to see all of Tan Systems' corporate files at

Heartland, Mr. Malone has now asked Tan Systems to somehow produce copies for him as he apparently did not make any copies or notations regarding the documents.  Instead, Mr. Malone tagged what is estimated to be over 30,000 to 50,000 documents and asked Heartland to make the voluminous copies for him.  (K.C. Decl., ¶ 15; D. M. Decl., ¶ 5, pp 2-3).

Shortly after returning from inspecting the documents, Mr. Malone called counsel for Tan Systems and requested that Tan Systems should somehow get Heartland to agree to make expedited copies and/or to ship *all of Tan Systems' original documents* from the Heartland facility.  (C. C. Decl., ¶ 20).  Apparently, Mr. Malone also contacted Heartland's President and requested that Heartland send the originals of all Tan Systems prior files to him. (D.M. Decl. ¶ 7, p. 3)  Thereafter, in a September 17, 2004 letter to Heartland and copied to Mr. Malone, counsel for Tan Systems sought to protect Ms. Crumpler from potential harassment and did request that personal and non-Heartland documents not be sent to Cosmedico in Massachusetts.  (C. C. Decl., ¶ 29).  Heartland's corporate counsel informed Tan Systems that it had promised Cosmedico to assist in copying the documents previously tagged by Mr. Malone so long as Cosmedico agreed to pay for the copies and/or associated labor involved.  (C.C. Decl., ¶ 24).

Although he certified to having complied with Rule 9, Mr. Malone only requested assistance in getting Heartland to provide copies of **all documents** he had tagged while in Georgia.  (C.C. Decl., ¶ 5).  Mr. Malone never identified specific documents that were the subject of a planned motion to compel or whether such documents were actually responsive to Cosmedico's actual discovery requests.  (C.C. Decl., ¶ 5).  Nor has Cosmedico provided any true specificity in its motion to this Court.

IX. <u>ARGUMENT AND CITATION OF AUTHORITY</u>

A.    <u>Defendant's Motion to Compel Is Untimely and Should Be Denied.</u>

Having not made copies when he was at Heartland's facilities in August, Mr. Malone now somehow wants the Court – at this late date – to compel Tan Systems to obtain and copy what must be hundreds of thousands of unspecified documents from a locked storage facility owned by Heartland.  There is no basis for such an order.

Several courts have considered whether to compel responses to discovery when the motion to compel could have been, but was not, filed before the discovery cutoff date. In <u>Worldcom Network Services, Inc. v. Metro Access, Inc.,</u> 205 F.R.D. 136, 144 (S.D.N.Y. 2002). the court construed

two documents as "an application to compel a response to
... two ... discovery requests," and denied such
application "as untimely because the discovery cutoff had
long since passed." Id. The court specifically noted in a
footnote that, "because no motion to compel was ever sought
prior to the conclusion of the discovery period on August
17, 2001, it is unnecessary for the Court to make any
findings as to when the documents were in fact served."
Id. at 144, n.4. See also Wells v. Sears Roebuck & Co.,
203 F.R.D. 240, 241 (S.D. Miss. 2001) (noting that, while
problems can obviously arise, "if the conduct of a
respondent to discovery necessitates a motion to compel,
the requester of the discovery must protect himself by
timely proceeding with the motion to compel, if he fails to
do so, he acts at his own peril"); Koerts v. MCI
Telecommunications Corp., 1996 U.S. Dist. LEXIS 7866, No.
95 C 1039, 1996 WL 312078, *1 (N.D. Ill. June 7, 1996)
(denying motion to compel because "the Federal Rules do not
require the court to reopen discovery and to overrule
objections to interrogatories that were made months before
and simply not acted upon until after the close of
discovery").

    In Wells, the court denied the motion to compel
because plaintiff propounded interrogatories on April 10,

2001, and did not file the motion to compel until September 17, 2001. 203 F.R.D. at 241. **The time period is even longer in this case**, **where the requests were responded to on *March 25, 2004*, and the motion to compel was not filed *until September 24, 2004*.** In Koerts, the court further noted that "the defendant had many months in which to file its motion to compel" and that "defendant failed to do this until well after the close of discovery, in spite of the fact that it was well aware of the discovery cutoff deadline." 1996 U.S. Dist. LEXIS 7866, 1996 WL 312078, *1

In the instant case, Cosmedico had a year and a half to pursue discovery; yet, it failed to send Tan Systems a single document request until February 25, 2004— approximately **9 months** after filing the lawsuit. Tan Systems filed timely responses on March 25, 2004 to these requests and clearly notified Cosmedico that it did not have the possession, custody or control of the documents. Cosmedico did nothing to object to Tan Systems' responses though Cosmedico had four months to file the motion to compel after receiving Tan Systems' responses to the Document Requests. Thus, Cosmedico ***could*** easily have filed the motion to compel prior to the discovery cutoff date. Moreover, counsel for Cosmedico essentially admitted that he ***should*** have filed the motion earlier because the

22

documents sought would have been helpful during a deposition of Tan Systems.  (C.C. Decl., ¶ 30; D. M., ¶ 10, p. 4).

Noticeably absent in the factual allegations made by Cosmedico is any demand, written request or subpoena to Heartland for *any* documents ever -- much less within the discovery period.  As stated above, this motion comes long after the original deadline for completion of discovery (July 23, 2004), see Order of Court dated June 2, 2004, and attempts without good cause to delay further action on Plaintiffs' motion for summary judgment.  Therefore, in light of defendant's lack of diligence, and consistent with this Court's order, which clearly contemplated the full completion of discovery by July 23, 2004, this Court should deny Cosmedico's motion to compel.

    **B.**   <u>**Even if Defendant's Motion to Compel was filed timely, it should be denied.**</u>

Even if it had been timely, the request to extend discovery should not be granted.  Federal Rule of Civil Procedure 34 requires that defendant shall set forth the items to be inspected either by item or category, describing each with reasonable particularity, and shall specify a reasonable time, place, and manner of making the inspection.  Under the Rule, F.R.C.P. 34(b) Cosmedico,

thus, must designate types of documents and follow-up with counsel in good faith prior to filing a motion to compel.

Cosmedico failed to designate any document in Tan Systems' possession, custody and control that was properly requested and not provided. Without noting which requests are at issue, it is impossible to discuss the legitimacy of any objection – including whether the request was vague or was requesting documents not reasonably calculated to lead to the discovery of admissible evidence.

As to all documents being sought, Cosmedico not only has to sufficiently designate such documents for Tan Systems and the Court, but it also has the burden of establishing that the documents are in the "control" of Tan Systems. Glaxo, Inc., et all v. Boehringer Ingelheim Corp., 1996 U.S. Dist. LEXIS 17828 (1996). Federal Rule of Civil Procedure 34(a) provides that a party may serve a request for the production of documents that are "in the possession, custody or control of the party upon whom the request is served." Id. A party may not object to a request to produce on the ground that it does not possess the documents if the documents remain in its "control" such that the party has the right authority or ability to obtain the documents upon demand. Scott v. Arex, 124 F.R.D. 39 (D. Conn.1989).

In this case, Tan Systems has absolutely no rightful authority or ability to obtain the documents for another party upon demand.  Pursuant to its Asset Purchase Agreement, Tan Systems retained the right to inspect certain documents – but it retained no rights to copy the documents for itself or to distribute documents to third parties.  (K.C. Decl., ¶ 20).  Cosmedico however, has already inspected all of Tan Systems' documents responsive to its request.  Indeed, Tan Systems understands that Heartland will still provide copies of all requested documents – not just those requested in Cosmedico's Discovery Request – so long as Cosmedico pays for the service.  (C.C. Decl., ¶ 29).  Thus, there is no basis to compel Tan Systems to produce any documents and the motion should be deemed without merit and/or as being moot.

## X.    COSMEDICO'S MOTION IS A FRIVOLOUS MOTION THAT IS TOTALLY LACKING IN MERIT AND SUBSTANCE

A reading of Cosmedico's Motion and Memorandum should evidence that they are virtually verbally identical and replete with unsupportable innuendoes, inferences predicated entirely upon pure rhetoric of counsel and conclusions unsupported by fact.  The only reason for urging Cosmedico's Motion to Compel is to embarrass, harass and intimidate Ms. Crumpler and to impose on her and Light

Sources needless expenditures of time, effort and money to oppose this and the other two Cosmedico's untimely and frivolous motions, viz. (1) to suspend the arguments on the pending Summary Judgment Motions and (2) to Strike the Declaration in Support of Plaintiffs' Motion for Partial Summary Judgment. Plaintiffs' responses to said two motions are incorporated herein by reference.

It is also submitted that Cosmedico's trio of motions is unduly imposing upon the Court's valuable time. Under the circumstances, Plaintiffs request that Plaintiffs be reimbursed their respective costs, expenses and attorneys fees as may be permitted by the applicable rules for opposition this motion.

## XI.   CONCLUSION

In the past year and a half since the lawsuit was initially filed, Defendant Cosmedico had ample time to conduct traditional discovery and file any motions to compel. Cosmedico, by this late date motion, attempts solely to confuse and mislead the Court to avoid the inevitable – a pending summary judgment motion against it. Cosmedico's motion to compel should be denied as it fails to comply with the Federal and Local Rules and otherwise lacks merit.

For all of the above stated reasons, Cosmedico's request to compel discovery responses from Tan Systems should be denied.

Respectfully submitted,

_____
Arthur T. Fattibene, CT06916
Counsel for Plaintiffs
Lightsources, Inc. and
Tan Systems, Inc.
Fattibene and Fattibene
2480 Post Road
Southport, CT 06890
Tel: 203-255-4400
Fax: 203-259-0033

And

_____
Cynthia L. Counts, CT26066
Counsel for Plaintiff,
Tan Systems, Inc.
Counts & Associates
1384 Lanier Place, NE
Atlanta, GA 30306
Tel: 404-876-1785
Fax: 404-249-9897