UNITED STATES DISTRICT COURT FILED
DISTRICT OF CONNECTICUT

Oct 13 ... '04

U.S. ... COURT
NEW HAVEN, CONN.

LIGHT SOURCES, INC., and
TAN SYSTEMS, INC.,
        Plaintiffs

v.

        Civil Action
        No. 303 CV 874 (MRK)

        At New Haven

COSMEDICO LIGHT, INC.,
        Defendant      October 11, 2004


**PLAINTIFFS, LIGHT SOURCES, INC.'S AND
TAN SYSTEMS, INC.'S JOINT MEMORANDUM IN OPPOSITION
TO DEFENDANT, COSMEDICO LIGHT, INC.'S
EXPEDITED MOTION TO SUSPEND BRIEFING AND ARGUMENT
OF THE PARTIES RESPECTIVE PENDING
MOTIONS FOR PARTIAL SUMMARY JUDGMENT**

Arthur T. Fattibene
Paul A. Fattibene
Fattibene & Fattibene
2480 Post Road
Southport, CT 06890-1218

ORAL HEARING REQUESTED

## TABLE OF CONTENTS

Page No.

I.   NATURE OF THE PROCEEDINGS                                    1

II.  STATEMENT OF FACTS                                          1

     (a)  Plaintiffs' and Defendant's Respective
     Pending Motion For Partial Summary Judgment
     Are Fully Briefed And Are Ripe For Decision.                2

     (b)  Defendant Had Ample Time To Conduct
     All Necessary  Discovery                                    4

A R G U M E N T                                                 15

A.   STATEMENT OF APPLICABLE LAW                                15

B.   DEFENDANT'S RULE 56(f) AFFIDAVIT OR
     DECLARATION IS TOTALLY DEFICIENT FOR STAYING
     ANY RULING ON THE   PENDING PARTIAL SUMMARY
     JUDGMENT MOTIONS.                                          16

C.   DEFENDANT'S EXPEDITED MOTION TO SUSPEND
     BRIEFING AND ARGUMENT OF THE RESPECTIVE PARTIES'
     MOTIONS FOR PARTIAL SUMMARY JUDGMENT ARE REPLETE
     WITH INNUENDOES, INFERENCES AND ARGUMENT OF
     COUNSEL THAT ARE UNSUPPORTABLE IN FACT.                    22

D.   DEFENDANT'S RULE 56(f) DECLARATION FAILS TO
     STATE ANY GROUNDS FOR STAYING BRIEFING AND/OR
     ARGUMENT WITH RESPECT TO DEFENDANT'S MOTION FOR
     PARTIAL SUMMARY JUDGMENT AS TO COUNTS I, II
     AND V OF PLAINTIFFS' SECOND AMENDED COMPLAINT.             24

C O N C L U S I O N                                             26

## I.  NATURE OF THE PROCEEDINGS:

On September 27, 2004, Defendant served on Plaintiffs three (3) dilatory and frivolous motions that are self-serving, replete with misstatements of facts and unsupported argument of counsel, viz:

1.  Defendant, Cosmedico's, Expedited Motion To Suspend Briefing and Argument of Pending Motions for Partial Summary Judgment;

2.  Cosmedico's Motion To Compel Production of Documents and Depositions of Plaintiff Tan Systems Pursuant To Fed.R..Civ.P. 30(b)(6); and

3.  Cosmedico's Motion To Strike Declarations of Arthur T. Fattibene and Kristen (Tiffany) Crumpler Filed In Support of Plaintiffs' Motion For Partial Summary Judgment.

This Memorandum is being submitted in opposition to the above Cosmedico's Motion No. 1.  Separate Memorandums will be timely filed with respect to Cosmedico's above Motions 2 and 3.

## II.  STATEMENT OF FACTS:

This Court can judicially notice that this action was filed on May 16, 2003, and that the Court extended the Parties time to complete discovery.  On June 2, 2004, the

1

Court issued a final scheduling order [Doc #47] in which

the Court ordered:

> "All discovery will be completed by July 23, 2004."
>
> "Dispositive Motions will be filed by Aug. 23, 2004."
>
> "No further extensions will be permitted."

**(a)  Plaintiffs' and Defendant's Respective Pending Motion For Partial Summary Judgment Are Fully Briefed And Are Ripe For Decision.**

Pursuant to this Court Order [Doc #47], the

Plaintiffs, on August 23, 2004, filed their Motion [Doc.

58] for Partial Summary Judgment directed to Defendant's

Counterclaims I, II, IV and V and to Count I of Plaintiff's

Second Amended Complaint, together with a Supporting

Memorandum [Doc. 59], Rule 56(a)(1) Statement [Doc. 60],

and a Supporting Appendix [Doc. 61].

On or about August 27, 2004, Defendant filed its own

Renewed Motion [Doc #64] for Partial Summary Judgment

directed to Counts I, II and V of the Second Amended

Complaint together with its Memorandum of Points and

Authorities [Doc #65] and its Rule 56(a)(1) Statement [Doc

#66].

Defendant's Renewed Motion [Doc 64] is virtually

identical to Defendant's previous Motion For Partial

Summary Judgment [Doc #36] filed February 26, 2004.  The

supporting Memorandum [Doc #37] and associated papers are

2

virtually identical to the supporting Memorandum [Doc #65]

and Statement of Facts [Doc #66] filed in support of

Defendant's current Renewed Motion [Doc #64].  Defendant's

initial Motion For Partial Summary Judgment [Doc #36] was

dismissed without prejudice on June 2, 2004 [Doc #47] after

said Motion For Partial Summary Judgment [Doc #36] was

fully briefed by the parties.

On or about September 13, 2004, Defendant filed its

Memorandum in Opposition and supporting papers [Doc #69,

70] to Plaintiffs' Motion for Partial Summary Judgment [Doc

#58].  Significantly, Defendant filed its Opposing

Memorandum [Doc #69] and Rule 56(a)(2) Statement <u>after</u>

<u>Defendant's counsel had completed all discovery, inspected</u>

<u>all of Tan Systems' files, and after Defendant had ample</u>

<u>opportunity to depose Tan Systems</u>.  It is evident that on

September 13, 2004, when Defendant filed its Opposing

Papers [Doc #69, 70], Defendant did not need, require or

request any additional discovery in order to oppose

Plaintiffs' Motion for Partial Summary Judgment [Doc #58].

On September 23, 2004, Plaintiffs filed their Reply

together with a Reply Appendix [Doc #77, 78] in response to

Defendant's opposing papers [Doc #69, 70] to Plaintiffs'

Motion for Partial Summary Judgment [Doc #58].

3

Thus, Plaintiffs' Motion For Partial Summary Judgment [Doc #58] has been fully briefed by all the parties and is ready for decision. At no time prior to completing the summary judgment briefing schedule did Defendant indicate to the Court that additional discovery was necessary.

On September 14, 2004, Plaintiffs filed their Joint Memorandum [Doc #71], their Rule 56(a)(2) Statement [Doc #72] and Supporting Appendix [Doc #73] in Opposition to Defendant's Renewed partial Summary Judgment Motion [Doc #64].

Defendant did not file any Reply papers in response to Plaintiffs' opposing papers [Doc #71, 72 and 73], and the time for Defendant to file any reply to Plaintiffs' Opposing Papers has now expired.

Thus, Defendant's Renewed Motion for Partial Summary Judgment is also fully briefed by all the parties hereto, and is fully ripe for decision.

**(b)  Defendant Had Ample Time To Conduct All Necessary Discovery**

From the filing of the Parties Joint Planning Report on August 21, 2003 [Doc# 19] to July 16, 2004 (one week before the close of an extended discovery period), Cosmedico did nothing to secure the Rule 30(b)(6) deposition of Tan Systems, except to serve an Amended

4

Notice of Deposition, Exhibit A, to schedule a deposition
of Tan Systems for June 16, 2004 in New Haven, Connecticut.

Because Tan Systems is not a resident or citizen of
Connecticut, a dispute arose as to the location at which
Tan Systems was to be deposed.  Accordingly, Tan Systems
sought a protective order so as to have the deposition
occur in Georgia, Tan Systems' place of business and where
its principal and designated deponent, Ms. Tiffany, is a
resident.  Tan Systems' Motion for a Protective Order was
filed on or about July 15, 2004 [Doc. 52].

On August 11, 2004, the Court denied Tan Systems'
Motion for a Protective Order [Doc. 56].

On August 31, 2004, after the close of discovery (July
23, 2004) and after the time for the filing of dispository
motions, and without notice to Plaintiffs, and/or the
issuance of any notice of deposition and/or subpoena, Mr.
Malone, Defendant's counsel, personally inspected all of
Tan Systems' documents that were transferred to Heartland
Tan upon the purchase of Tan Systems' assets on February
16, 2004.  Mr. Malone's inspection of all Tan Systems'
documents, whether relevant or irrelevant to the issues in
suit or the pending Summary Judgment Motion, was permitted
by Heartland Tanning, the purchaser of Tan Systems'
business.  Mr. Malone's inspection was made without the

5

presence of any of Plaintiffs' counsel or the

representative of Tan Systems.  Mr. Malone, in his

declaration paragraph 5 attached hereto as Exhibit B,

avers:

> "At that time (Aug. 31, 2004), I selected
> and designated for copying many documents
> responsive to Cosmedico's discovery requests
> in this action"

> and

> "that as a prerequisite to taking the
> deposition (of Tan Systems), Cosmedico
> needed to inspect, designate and copy
> documents from Tan Systems filed located in
> McDonough, Georgia.  These documents had
> been requested in Cosmedico's document
> requests served on February 25, 2004."[1]
> (Malone Declaration, ¶3).

On information, Plaintiffs' counsel has been informed

that Mr. Malone selected and designated for copying over

thirty-thousand (30,000) Tan Systems' former documents in

the custody, possession and control of Heartland Tanning.

The some thirty thousand (30,000) documents included many

invoices and an excessive number of other documents

generated by Tan Systems over the last fifteen or more

years that related to Tan Systems <u>entire overall business</u>,

and not limited to the two (2) accused lamps or to

---

[1] Mr. Malone's inspection of Tan Systems' documents was not limited to merely Cosmedico's Requests served on February 25, 2004. Mr. Malone's inspection extended to virtually all of Tan Systems' former files going back to 1990, if not earlier.

Cosmedico's document requests of February 25, 2004, attached as Exhibit C.

Mr. Malone has not identified a single document out of the tens of thousands of documents which he alleges he reviewed and designated for copying that is relevant to any issues asserted in his declaration and/or relevant to any issue raised in the pending Summary Judgment Motions of the respective parties which Defendant requests be suspended.

Mr. Malone's letter dated September 14, 2004, attached Exhibit D, establishes that Mr. Malone's wholesale review of virtually <u>all Tan Systems' former records</u>, included documents that greatly exceeded Cosmedico's document request of February 24, 2004 (Exhibit C), and which are not even remotely relevant to the issues raised in this litigation, much less to the limited issues raised in the respective pending Motions for Summary Judgment.[2]    For example, Mr. Malone states in his letter (Exhibit D):

> "In particular, the only tax documents we found in Heartland's Tan Systems' files dated from the early – to mid 1990's; similar tax documents from 2001- 2004 were not found."[3]

---

[2] Defendant's Motion for Summary Judgment as to Plaintiffs' Counts I, II and V, is predicated solely on the grounds of res judicata based on an Opposition Proceeding that occurred in 1997, in which Tan Systems was not a party and which occurred some five (5) years before the infringement issues in suit arose.

[3] Tan Systems' tax records are totally irrelevant to the issues presented by the pleadings, and are even less relevant when it is noted that Tan Systems is being indemnified by Light Sources. Certainly, tax records going back to early to mid 1990 are not relevant to issues that arose in 2002 or to any issue relevant to the pending Motions for Summary Judgment and/or essential for responding to Plaintiffs' Motion for Summary Judgment. <u>Cache, Inc. v. M.Z. Berger</u>, 2000 US Dist Lexis 12423 (SDNY 2000).

7

Tan Systems' 2003 catalog of products, which Cosmedico has, features literally hundreds of products. The products in suit comprise only <u>2 tanning lamp types</u>. Yet despite this fact, Mr. Malone has designated for copying, numerous invoices and documents for various products sold by Tan Systems over the years which are obviously not relevant in this suit, and including records generated long before any <u>alleged acts of trademark infringement occurred that are in issue in the present lawsuit. The products in suit are limited to only two lamp types that were first sold in 2002 and last sold in 2004</u>.

To date, Cosmedico has not yet re-noticed the <u>deposition of Tan Systems</u>. See Mr. Malone's letter dated September 14, 2004. Attached Exhibit D.

Tan Systems has never refused being deposed.

Cosmedico did take a Rule 30(b)(6) deposition of Light Sources by its President, Mr. Christian L. Sauska, on July 20, 2004, just three (3) days before the Court's ordered discovery cut-off date of July 23, 2004. Mr. Sauska answered fully and completely all questions posed.

Contrary to Mr. Malone's Declaration ¶15, Light Sources did not fail to produce any witness for deposition.

8

The topics[4] to which Mr. Malone refers in part (a) of
paragraph 15 (Exhibit B) related to Light Sources'
"advertising" of the "accused lamps" and FDA compatibility
testing information.  Discovery into Light Sources
"advertising" and/or Light Sources "compatibility testing"
"FDA notification" is not relevant or necessary for
responding to Plaintiffs' Motion for Partial Summary
Judgment, which is evident by the fact that Defendant did
fully respond to Plaintiffs' Motion for Partial Summary
Judgment without requesting additional discovery.  (See
Doc. #69 and 70).

Cache, Inc. v. M.Z. Berger, 2000 US Dist Lexis 12423
(SDNY 2000), states that areas of discovery not relevant to
a summary judgment motion, is sufficient reason to deny
further discovery.

At Mr. Sauska's deposition, Mr. Sauska properly
answered all questions propounded and identified Mr. Gene
Czako as Light Sources' engineer who did the compatibility
testing and the FDA notification.  Mr. Sauska also
identified Dave Myers, Gino Ciancarelli, and Carl Platzer
as being knowledgeable of Light Sources' advertising the
products in suit.  Actually, Light Sources did not

---

[4] Significantly, Mr. Malone does not specifically identify the "topics" for which he alleges Light Sources refused to provide a witness.

9

advertise the accused lamps as Tan Systems was an OEM
customer who did the advertising, a fact known to
Cosmedico, as Cosmedico also has exclusive OEM customers
such as Sun Industries marketing Royal Sun lamps supplied
by Cosmedico.

As to the "topics" Mr. Malone has not identified,
referring to his declaration paragraph 15, Mr. Sauska did
identify the Light Sources' employees having additional
knowledge thereof.  See attached pages of Mr. Sauska's
transcript as Exhibit E.

The fact is that Cosmedico never pursued and/or
noticed any other Light Sources' deponent for deposition.
Mr. Malone does not cite any specific instance wherein
Light Sources refused to produce any deponent for
deposition, nor has Cosmedico brought any such incident to
the attention of this Court.

As to item (b), ¶15 of Mr. Malone's supporting Rule
56(f) declaration, Mr. Malone does not identify any
specific document or the specific request for production
that Light Sources refused to produce, and/or how the
production of any such alleged withheld document would
raise a genuine issue of fact that precludes the granting
of Plaintiffs' Motion for Partial Summary Judgment, now
pending.

10

As to item (c) of ¶15 of Mr. Malone's declaration, the fact is that Cosmedico never renoticed Mr. Schuster's deposition after Cosmedico agreed to adjourn Mr. Schuster's deposition, even though Plaintiffs agreed that Cosmedico could depose Mr. Schuster after the discovery cut-off date of July 23, 2004.  Cosmedico did not do so.

As to item (d) of ¶15 of Mr. Malone's declaration, the documents to which Mr. Malone makes reference are Mr. Fattibene's marked-up work copies of the original exhibits that were marked in evidence on Mr. Frank's deposition conducted on July 19, 2004.  Mr. Malone retained physical possession of the original exhibits marked in evidence in the Frank deposition for use the following day in the deposition of Mr. Sauska.  Instead of using the original marked deposition exhibits of the Frank deposition, Mr. Malone insisted on marking into evidence Mr. Fattibene's work product copies containing Mr. Fattibene's notes thereon of the Frank deposition exhibits instead of the original deposition exhibits marked in evidence in the Frank deposition, which Mr. Malone had in his briefcase and possession at all times during the deposition of Mr. Sauska.  Accordingly, Light Sources objected to Mr. Malone's attempt to mark in evidence Mr. Fattibene's work

11

<u>copies with notes thereon</u> in lieu of the original exhibits that were marked into evidence during the Frank deposition.

Cosmedico does not show how the alleged refusal to produce Mr. Fattibene's work copies of the original Frank deposition exhibits, <u>which were produced, identified and rendered the subject of the Frank deposition</u>, would be relevant in raising a genuine issue of fact that would preclude the granting of Plaintiffs' Motion for Partial Summary Judgment. <u>Cache, Inc.</u>, supra. All this information was available to Defendant for use in opposing Plaintiffs' Motion for Partial Summary Judgment and for use in Defendant's own Renewed Motion for Partial Summary Judgment <u>prior to the deadline for filing dispository motions</u>, and/or oppositions thereto. If Defendant considered the Frank deposition's marked exhibits were relevant to any issue or fact relevant in the respective pending Partial Summary Judgment Motions, Defendant certainly was aware of such information.

It is submitted that Defendant's Rule 56(f) Declaration is nothing more than a frivolous and time consuming attempt to delay any ruling on the respective Partial Summary Judgment Motions that are now fully briefed.

12

Although Cosmedico had the opportunity to depose Plaintiffs' designated expert, Cosmedico made no effort to depose the Plaintiffs' expert.

On or about July 9, 2004, Cosmedico issued a Notice of Deposition to depose Mr. Joe Schuster, an employee of Light Sources, whose permanent residence is in Georgia, which was scheduled for July 21, 2004, only two days before the close of discovery. By agreement of counsels, the deposition of Mr. Schuster was adjourned to a mutually convenient date because Mr. Schuster was unavailable for July 21, 2004 deposition because of a long planned family vacation. To date, Cosmedico has not re-noticed Mr. Schuster for deposition.

Cosmedico has not noticed any other witness or party for deposition, nor has Cosmedico designated any Expert whom Plaintiffs could depose.

Cosmedico's written discovery efforts have been just as lax.

During the discovery period, Cosmedico, on February 25, 2004, served on Tan Systems a Request for Production of Documents and Things consisting of thirty-two requests.

Tan Systems consummated the sale of its business to Heartland Tan prior to receipt of Defendant's Request for Production.

13

Tan Systems properly responded to said requests for production accordingly, as indicated in the attached Exhibit C.

Significantly, Defendant's Requests for Production of Documents to Tan Systems were limited primarily to Tan Systems' use of the accused THR and TLR letters and information relating to the use of THR and TLR letters by Tan Systems, documents relating to any Cosmedico products bearing the alleged VHR registered mark and the alleged VLR mark, and documents exchanged between Tan Systems and the FDA and other like matters. Yet, because it could, Cosmedico inspected and designated for copying virtually all of Tan Systems' files going as far back as 1990, without any rational limitation to only those documents relative to the Cosmedico Requests for Production.

Defendant also served a set of Requests for Production of Documents on Plaintiff, Light Sources, containing 26 Requests for Production. Light Sources responded to this Request on January 9, 2004, and which Responses were supplemented on January 26, 2004, copies of which are attached as Exhibits F and G.

Cosmedico had ample opportunity to make whatever discovery it believed necessary before the close of discovery. Nor did Cosmedico ever indicate to the Court

14

that it was having any problems with discovery as to either Tan Systems and/or Light Sources.

A R G U M E N T

**A.  STATEMENT OF APPLICABLE LAW**

Rule 56(f), Fed.R.Civ.P., expressly states that should it appear from the affidavit of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the parties opposition, the court may refuse the application for judgment or continue discovery to permit affidavits or depositions to be obtained.  (Emphasis added).

Relief under Rule 56(f) is not automatic.  Allen v. CSX Transport, Inc., 325 F.3d 768, 775 (6th Cir 2003). Before a Court will postpone a summary judgment ruling pending further discovery, the law of the Second Circuit requires a Rule 56(f) movant to show:

1.  the nature of the uncompleted discovery, i.e. what specific facts are sought and how they can be obtained;

2.  how those facts are reasonably expected to create a genuine issue of a material fact;

3.  what efforts the affiant made to obtain those facts; and

4.  why those efforts were not successful in securing said facts.

15

Chimarev v. TD Waterhouse Investor's Services, Inc., 280

F.Supp. 2d 208 (SDNY 2003) citing Guary v. Winehouse, 190

F.3d 37, 43 (2 Cir 1999); Cache, Inc. v. M.Z. Berger, 2000

U.S. DIST. LEXIS (SDNY 2000).

**B.    DEFENDANT'S RULE 56(f) AFFIDAVIT OR DECLARATION IS
TOTALLY DEFICIENT FOR STAYING ANY RULING ON THE
PENDING PARTIAL SUMMARY JUDGMENT MOTIONS.**

Defendant's Rule 56(f) Declaration is totally

deficient in that the declarant does not:

(1) identify or describe the particular facts

Cosmedico seeks to oppose in Plaintiffs' Motion for Partial

Summary Judgment[5], or

(2) make any explanation showing how those facts would

preclude the entry of summary judgment, or

(3) explain what efforts declarant made to get those

facts in a timely manner, or

(4) why declarant was unable or unsuccessful in

securing said facts before the close of discovery on July

23, 2004.

Merely reciting the issues (a) - (d) raised by the

pleading, as recited in paragraph 5 of Mr. Malone's Rule

56(f) declaration, cannot be remotely considered as

---

[5] The Court can judicially note that Defendant did file Opposing Papers including affidavits, exhibits and arguments on September 13, 2004, after an unfettered inspection of all of Tan systems' former files, and the unhampered opportunity to copy any Tan Systems' document Cosmedico considered necessary in opposing Plaintiff's Motion prior to filing its Opposing papers. Cosmedico cannot now rationally argue that it has been stymied and/or precluded from making any discovery.

compliance with Rule 56(f), Fed.R.Civ.P.  Significantly,
Mr. Malone has not identified a single document noted by
him in his extensive inspection of Tan Systems' former
records that is relevant to any of the issues he identified
in his declaration (¶5).

In Tan Systems' response to Defendant's Request for
Documents dated March 25, 2004, attached Exhibit C,
Cosmedico was unequivocally advised that the business of
Tan Systems was sold to Heartland Tanning.[6]  Cosmedico was
also informed that:

> "Heartland Tanning had advised Tan Systems
> that Heartland Tanning, if requested, would
> produce documents responsive to
> [Cosmedico's] Requests made herein as long
> as such production is not prejudicial and/or
> confidential to the business of Heartland
> Tanning purchased from Tan Systems."

Cosmedico therefore had from March 25, 2004 to July
23, 2004, some four months, to inspect Tan Systems former
documents and/or to depose Tan Systems.  Cosmedico did
neither.

Further, Mr. Malone's Rule 56(f) declaration is
completely silent and fails to recite any good reason why
Cosmedico did not inspect Tan Systems' former files and/or
depose Tan Systems during the four months between March 25

---

[6] Heartland Tan is an entity well known to Cosmedico, as Heartland Tan has a long and friendly
relationship with Cosmedico.  Heartland has been a customer of Cosmedico for years and that the principal
of Heartland Tan and Mr. Frank, President of Cosmedico, are believed to be friends.

to July 23, 2004; when Cosmedico had every opportunity to do so, simply by advising Heartland Tanning when Cosmedico could inspect Tan Systems' former files.

When Cosmedico finally inspected Tan Systems former business records on August 31, 2004, Heartland Tanning fully cooperated with Mr. Malone in every way and did not limit Cosmedico's search of Tan Systems former files to only those documents responsive to Cosmedico's specific requests Nos. 1 to 32 (attached Exhibit C). Heartland Tanning permitted Mr. Malone to inspect any and all of Tan Systems former files that related to the hundreds of products Tan Systems sold over the years going back at least to 1990, if not earlier, including such private and confidential documents as Tan Systems' former tax records. Mr. Malone also had every opportunity to make copies of any of Tan Systems' former documents which he inspected on August 31, 2004. It is inconceivable that Mr. Malone would not make a copy of any document if any such document existed that would have been relevant in opposing Plaintiffs' Motion for Partial Summary Judgment, as Cosmedico had not yet filed its Opposing Papers to Plaintiffs' Motion for Partial Summary Judgment [Doc #53] that were due on or about September 13, 2004.

18

Mr. Malone's sole purpose, it is believed, for inspecting Tan Systems' files on August 31, 2004, was a vain attempt and hope in uncovering any document that could be used in opposing Plaintiffs' Motion For Partial Summary Judgment, as Cosmedico's opposing papers were due for filing on or about September 13, 2004.

Having found no such relevant document or information, Cosmedico had no option but to file its opposing papers to Plaintiffs' Motion for Partial Summary Judgment on September 13, 2004. A review of Cosmedico's Opposing Papers [Doc #69 and 70] to Plaintiffs' Partial Summary Judgment Motion does not include a single alleged relevant document which Mr. Malone stated he reviewed and noted as relevant on August 31, 2004, when he inspected all of Tan Systems' documents going back at least to 1990, some twelve (12) years before the acts complained of in the present suit arose.

Mr. Malone's Rule 56(f) Declaration further makes no showing how the specific discovery requested, but not particularized in Mr. Malone's Declaration, would preclude the entry of Summary Judgment in favor of Plaintiffs. Mere argument of counsel does not constitute any showing that would preclude the entry of summary judgment in favor of

19