Plaintiffs or why the rulings on the Parties' respective Motions should be suspended.

As to Mr. Malone's attempted criticism of Plaintiffs' declarations in support of Plaintiffs' Motion for Partial Summary Judgment, reference is made to Plaintiffs' Opposing Papers filed in opposition to Cosmedico's dilatory Motion to Strike said Declaration that was filed on or about September 25, 2004, which is incorporated herein by reference and need not be repeated.

Mr. Malone's Rule 56(f) declaration is completely silent as to why Cosmedico did nothing to inspect Tan Systems' former documents and/or depose Tan Systems between March 25, 2004 and July 23, 2004. Tan Systems at all times advised Cosmedico that Heartland Tan purchased Tan Systems business, including the documents relating thereto, and that Heartland Tanning would make them available, which Heartland Tanning did whenever Cosmedico wished to inspect them.

Mr. Malone's Rule 56(f) declaration also fails to state any good reason why he was unsuccessful in making a timely investigation of Tan Systems former documents. Indeed, Mr. Malone did inspect all of Tan Systems' former business records, <u>so he cannot state that he was unsuccessful</u>. He also had the ample opportunity to make

20

any copies of any relevant documents as he inspected them. Mr. Malone has presented no reason why copies of any alleged relevant documents were not made as they were being inspected. Tan Systems was not in a position to prevent Mr. Malone from making any copies he desired, since neither Tan Systems nor any representative or counsel of Tan Systems was present at the inspection.

Heartland Tanning gave Mr. Malone a "carte blanche" right to inspect and copy any and all of Tan Systems' former records. It is obvious that Mr. Malone found nothing relevant that he could use in opposing Plaintiffs' Motion for Partial Summary Judgment, and then proceeded to file Cosmedico's Opposing Papers [Doc #69, 70] to Plaintiffs' Motion for Partial Summary Judgment without any request for additional discovery.

It was only after all briefing was completed on the pending Motions for Partial Summary Judgment that Cosmedico moved to suspend briefing and arguments with respect thereto, which Plaintiffs submit is purely a deliberate dilatory effort to further delay.

Clearly, Defendant's motion to suspend briefing and argument on the respective parties separate motions for partial summary judgment is dilatory at best, as all briefing has been completed.

21

C.  **DEFENDANT'S EXPEDITED MOTION TO SUSPEND BRIEFING AND ARGUMENT OF THE RESPECTIVE PARTIES' MOTIONS FOR PARTIAL SUMMARY JUDGMENT ARE REPLETE WITH INNUENDOES, INFERENCES AND ARGUMENT OF COUNSEL THAT ARE UNSUPPORTABLE IN FACT.**

Contrary to Defendant's innuendoes and inferences predicated solely upon unsupported argument of counsel, Tan Systems did provide full and complete discovery to Cosmedico's discovery efforts, subject to the objections noted as evidenced by the attached Tan Systems' responses to Cosmedico's written discovery requests (Exhibit C).

Tan Systems did not stymie Cosmedico's attempts to obtain copies of any responsive documents from Tan Systems' former files that are in the custody, possession and control of Heartland Tanning, who purchased the assets of Tan Systems, including Tan Systems documents relating thereto, on February 16, 2004.

Defendant, in its Expedited Motion and supporting Memorandum, asserts that Plaintiffs have failed to provide discovery and improperly withheld evidence and documents from discovery. Yet, Defendant does not identify any documents or evidence presented in Plaintiffs' moving papers for Partial Summary Judgment <u>which Cosmedico specifically requested and which was withheld by Plaintiffs</u>. If Defendant had any objections to Plaintiffs' responses to Defendant's Requests for Production, Defendant

22

should have resorted to the remedies provided by the discovery rules, viz. Rule 37, Fed.R.Civ.P. during the discovery period. Defendant did not do so. Nor has Cosmedico designated any specific Cosmedico request for production to which Cosmedico asserts that Plaintiffs prevented discovery and/or withheld any document responsive thereto.

Cosmedico's unsupported argument of counsel that Plaintiffs during the discovery period withheld any documents is not evidence of any fact, and is deemed to be frivolous at best.

Cosmedico's counsel neglects to advise the Court that Heartland Tan is a prominent customer of Cosmedico and well known to Cosmedico, and that at no time to this writer's knowledge did Heartland Tanning refuse to permit Cosmedico from inspecting any or all of Tan Systems' documents that were transferred to Heartland Tan upon the sale of Tan Systems' assets. Nor was Tan Systems' sale of its business to Heartland Tan a kept secret. Cosmedico all at times was aware of Tan Systems' sale to Heartland Tanning from the date of said sale to present. Cosmedico was always aware that Heartland Tan would permit Cosmedico to inspect Tan Systems' former files. See Tan Systems' General Objection 6 and Tan Systems' Response to Cosmedico's Document Request

No. 32.  Attached Exhibit C.  Yet despite all the opportunities Cosmedico had to freely inspect all of Tan Systems former files during the discovery period, Cosmedico refused to do so.

Cosmedico does not explain why Cosmedico delayed <u>until August 31, 2004, long after the close of discovery</u> (July 23, 2004) <u>and after the respective parties' time to file dispository motions</u> (August 23, 2004) <u>to make the inspection of Tan Systems' former files</u>.

During the entire period of discovery and the Court's extension of said discovery period, Cosmedico never indicated to the Court that it was having problems with any requested discovery from either Tan Systems and/or Light Sources.  Cosmedico's alleged need of further discovery, that arises only <u>after all briefings on the Parties respective and separate Summary Judgment Motions have been completed</u>, must be considered as frivolous, and imposed solely for purposes of delay only.

D.  **DEFENDANT'S RULE 56(f) DECLARATION FAILS TO STATE ANY GROUNDS FOR STAYING BRIEFING AND/OR ARGUMENT WITH RESPECT TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO COUNTS I, II AND V OF PLAINTIFFS' SECOND AMENDED COMPLAINT.**

Cosmedico's currently filed Renewed Motion For Partial Summary Judgment [Doc #69, 70] directed to Counts I, II and V of Plaintifs' Second Amended Complaint, which is fully

24

briefed by all the parties, is virtually identical to Cosmedico's previous Motion for Partial Summary Judgment [Doc #36, 37] filed February 26, 2004, which at the time was also fully briefed by the Parties. <u>Cosmedico's sole ground for urging its original Motion for Partial Summary Judgment [Doc #36] and its current Renewed Motion for Partial Summary Judgment [Doc #64] is that Plaintiffs' Counts I, II and V are barred under the doctrine of res judicata</u> as a result of Plaintiff, Light Sources, Inc.'s Opposition to the registration of the VHR mark, filed in the U.S. Patent & Trademark Office in November 1997, which was amicably settled before any discovery and/or decision on the merits was made. Tan Systems was not a party or in privity to the opposition proceeding, nor was Tan Systems functioning as Light Sources' exclusive distributor in 1997. Tan Systems did not begin functioning as Light Sources' exclusive distributor of the accused infringing lamp until 2002.

Mr. Malone's Rule 56(f) declaration is completely silent as to why there should be any suspension of <u>Defendant's Motion for Summary Judgment</u> [Doc #64] wherein Defendant is seeking summary judgment as to Counts I, II and V of Plaintiffs' Second Amended Complaint solely on the ground of res judicata, which it is submitted involves a

25

pure question of law. Defendant has not indicated in its moving papers any good cause for suspending the briefing or arguments directed to Defendant's Motion for Partial Summary Judgment. Further, all briefing on Defendant's Motion for Partial Summary Judgment [Doc #64] has been completed and is ripe for decision.

## CONCLUSION

For the reasons stated herein and in view of the cited applicable case law, and in the further view that Defendant's Motion is purely a dilatory tactic for delay, it is requested that the Court deny Defendant's Expedited Motion To Suspend Briefing (which is mooted as all briefing has been completed) and/or Argument in its entirety.

Respectfully submitted,

_____
Arthur T. Fattibene, CT06916
Counsel for Plaintiff
Fattibene and Fattibene
2480 Post Road
Southport, CT 06890
Tel: 203-255-4400
Fax: 203-259-0033

26