UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

Oct 13   11 00 AM '04

U.S. DISTRICT COURT
NEW HAVEN. CONN.

LIGHT SOURCES, INC., and
TAN SYSTEMS, INC.,
                    Plaintiffs

                v.

                                Civil Action
                                No. 303 CV 874 (MRK)

                                At New Haven

COSMEDICO LIGHT, INC.,
                    Defendant       October 11, 2004


PLAINTIFFS, LIGHT SOURCES, INC.'S AND
TAN SYSTEMS, INC.'S JOINT MEMORANDUM IN OPPOSITION
TO DEFENDANT, COSMEDICO LIGHT, INC.'S
MOTION TO STRIKE DECLARATIONS OF
ARTHUR T. FATTIBENE AND KRISTEN (TIFFANY) CRUMPLER
FILED IN SUPPORT OF PLAINTIFFS' MOTION FOR
PARTIAL SUMMARY JUDGMENT


                        Arthur T. Fattibene
                        Paul A. Fattibene
                        Fattibene & Fattibene
                        2480 Post Road
                        Southport, CT 06890-1218


ORAL HEARING REQUESTED

## TABLE OF CONTENTS

**Page No.**

I.    NATURE OF THE PROCEEDING    1

II.   STATEMENT OF FACTS    1

A R G U M E N T    8

I.    Defendant's Motion and Supporting Memorandum
      Are Replete With Unsupportable Argument of
      Counsel and Misrepresentations of Facts.    8

II.   Cosmedico's Objections to the Declarations of
      Arthur T. Fattibene and Kristen Tiffany Are
      Dilatory, Frivolous and Lacking in Merit    9

      (a)   The Fattibene Declaration    9

      (b)   The Kristen Tiffany Declaration    12

III.  Supplemental Declaration of Kristen
      (Tiffany) Crumpler    13

IV.   Fattibene Declaration Merely Identified
      The Attached Exhibits Which Are
      Self Authenticating    14

V.    Cosmedico Has Not Re-Noticed Ms. Kristen
      Tiffany Crumpler for Deposition    15

VI.   Declaration of Andrew Michael Bartak Is Not
      Factual, Is Purely Subjective and Is Not
      Competent    18

C O N C L U S I O N    22

-i-

## I.  NATURE OF THE PROCEEDINGS:

On September 27, 2004, Defendant served on Plaintiffs three (3) dilatory and frivolous motions that are self-serving, replete with misstatements of facts and unsupported argument of counsel, viz:

1.  [Defendant] Cosmedico's Expedited Motion To Suspend Briefing and Argument of Pending Motions for Partial Summary Judgment;

2.  Cosmedico's Motion To Compel Production of Documents and Depositions of Plaintiff Tan Systems Pursuant To Fed.R..Civ.P. 30(b)(6); and

3.  Cosmedico's Motion To Strike Declarations of Arthur T. Fattibene and Kristen (Tiffany) Crumpler Filed In Support of Plaintiffs' Motion For Partial Summary Judgment.

This Memorandum is being submitted in opposition to the above Cosmedico's Motion No. 3.  Separate Memorandums will be timely filed with respect to Cosmedico's above Motions 1 and 2.

## II.  STATEMENT OF FACTS:

This Court can judicially notice that this action was filed on May 16, 2003, and that the Court extended the Parties time to complete discovery.  On June 2, 2004, the

Court issued a final scheduling order in which the Court ordered:

"All discovery will be completed by July 23, 2004."

"Dispositive Motions will be filed by Aug. 23, 2004."

"No further extensions will be permitted."

Pursuant to this Court Order, the Plaintiffs, on August 23, 2004, filed their Motion [Doc. 58] for Partial Summary Judgment directed to Defendant's Counterclaims I, II, IV and V and to Count I of Plaintiff's Second Amended Complaint, together with a Memorandum [Doc. 59], Rule 56(a)(1) Statement [Doc. 60], and a Supporting Appendix [Doc. 61].

The Plaintiffs' Supporting Appendix [Doc. 61] included the Declaration of Christian J. Sauska with twelve (12) attached exhibits; Declaration of Kristen Tiffany with attached Exhibits A to R; Supplemental Declaration of Kristen (Tiffany) Crumpler with no attachments; and Declaration of Arthur T. Fattibene with forty-five (45) attached Exhibits 1 to 45.

From the filing of the Parties Joint Planning Report on August 21, 2003 [Doc. 19] to July 16, 2004 (one week before the close of discovery), Cosmedico did little to secure the Rule 30(b)(6) deposition of Tan Systems. See attached Amended Notice of Deposition, Exhibit A.

2

Because Tan Systems is not a resident or citizen of Connecticut, a dispute arose as to the location at which Tan Systems was to be deposed. Accordingly, Tan Systems sought a protective order so as to have the deposition occur in Georgia, Tan Systems' place of business and where its principal, Ms. Tiffany, is a resident. Tan Systems' Motion for a Protective Order was filed on or about July 15, 2004 [Doc. 52].

On August 11, 2004, the Court denied Tan Systems' Motion for a Protective Order [Doc. 56].

On August 31, 2004, after the close of discovery (July 23, 2004) and after the time for filing of dispository motions, and without notice to Plaintiffs, and/or the issuance of any notice of deposition and/or subpoena, Mr. Malone, Defendant's counsel, personally inspected all of Tan Systems' documents at Heartland Tanning, the purchaser of Tan Systems' business, and without the presence of any of Plaintiffs' counsels. Mr. Malone, in his declaration paragraph 5 attached hereto as Exhibit B, avers:

> "At that time (Aug. 31, 2004), I selected and designated for copying many documents responsive to Cosmedico's discovery requests in this action"

and

> "that as a prerequisite to taking the deposition (of Tan Systems), Cosmedico

3

needed to inspect, designate and copy
documents from Tan Systems filed located in
McDonough, Georgia. These documents had
been requested in Cosmedico's document
requests served on February 25, 2004."
(Malone Declaration, ¶3).

On information, Plaintiffs' counsel has been informed
that Mr. Malone selected and designated over thirty-
thousand (30,000) Tan Systems' documents that are in the
custody, possession and control of Heartland Tan, for
copying which included a great many invoices and other
documents generated by Tan Systems over the last fifteen or
more years.

Mr. Malone has not identified a single document out of
the tens of thousands of documents which he alleges he
reviewed and designated for copying that is relevant to the
issues a-d as asserted in his declaration, ¶5.

Mr. Malone's letter dated September 14, 2004, Exhibit
C, clearly establishes that Mr. Malone's wholesale review
of all Tan Systems' records, included documents that
greatly exceeded Cosmedico's document request of February
24, 2004, attached as Exhibit D hereto; and/or that are
even remotely relevant to the issues raised in this
litigation or relevant to the pending Summary Judgment
Motion when it is noted that Mr. Malone states in his
letter (Exhibit C):

4

> "In particular, the only tax documents we
> found in Heartland's Tan Systems' files
> dated from the early – to mid 1990's;
> similar tax documents from 2001- 2004 were
> not found."[1]

Tan Systems' 2003 catalog of products, which Cosmedico has, features literally hundreds of products.  The products in suit comprise only 2 lamp types.  Yet despite Mr. Malone designating for copying, many invoices for many of the products sold by Tan Systems over the years, including records generated long before the issues raised in the present lawsuit occurred, the fact is that the products in suit comprise only two lamp types that were only first sold in 2002 and last sold in 2004.

To date, Cosmedico has not yet re-noticed the deposition of Tan Systems since Tan Systems previous notice, attached as Exhibit A.

Tan Systems has never refused being deposed.

Cosmedico did take a Rule 30(b)(6) deposition of Light Sources by its President, Mr. Christian L. Sauska, on July 20, 2004, just three (3) days before the Court's ordered discovery cut-off date of July 23, 2004.

---

[1] Tan Systems' tax records are totally irrelevant to the issues presented by the pleadings, and are even less relevant when it is noted that Tan Systems is being indemnified by Light Sources.  Certainly, tax records going back to early to mid 1990 are not relevant to issues that arose in 2002.

Although Cosmedico had the opportunity to depose Plaintiffs' designated expert, Cosmedico made no effort to depose the Plaintiffs' expert.

On or about July 9, 2004, Cosmedico issued a Notice of Deposition to depose Mr. Joe Schuster, an employee of Light Sources, whose permanent residence is in Georgia, that was scheduled for July 21, 2004, only two days before the close of discovery. By agreement of counsels, the deposition of Mr. Schuster was adjourned to a mutually convenient date because Mr. Schuster was unavailable for July 21, 2004 deposition because of a previously scheduled, family planned, vacation. To date, Cosmedico has not re-noticed Mr. Schuster for deposition.

Cosmedico has not noticed any other witness or party for deposition, nor has Cosmedico designated any Expert whom Plaintiffs could depose. Cosmedico's written discovery efforts have been just as lax.

During the discovery period, Cosmedico, on February 25, 2004, served on Tan Systems a single set of a Request for Production of Documents and Things consisting of thirty-two requests.

Tan Systems consummated the sale of its business and transferred all of Tan Systems files and documents to

Heartland Tanning prior to receipt of Defendant's Request

for Production.

Tan Systems properly responded to said requests

accordingly, as indicated in the attached Exhibit D.

Significantly, Defendant's Requests for Production of

Documents to Tan Systems was limited to only Tan Systems'

use of the THR and TLR letters and information relating to

the use of THR and TLR letters by Tan Systems, to documents

relating to any Cosmedico products bearing the alleged VHR

registered mark and the alleged VLR mark, and other

miscellaneous matters not relevant to the issues raised in

the pending Partial Summary Judgment Motions of the

respective parties.

Defendant also served a single Request for Production

of Documents on Plaintiff, Light Sources, containing 26

Requests for Production. Light Sources responded to these

Requests on January 9, 2004, and which Responses were

supplemented on January 26, 2004, copies of which are

attached as Exhibits E and F.

Significantly, Cosmedico never brought to the Court's

attention any difficulty it was having with Plaintiffs'

responses and/or objections to Cosmedico's discovery

requests and/or depositions.

7

The foregoing comprises Cosmedico's essential efforts
relating to discovery, other than Cosmedico's current
filings of numerous motions, which Plaintiffs characterize
as frivolous and lacking in merit.

## A R G U M E N T

I. **Defendant's Motion and Supporting Memorandum Are
Replete With Unsupportable Argument of Counsel and
Misrepresentations of Facts.**

Defendant, in its Motion To Strike and supporting
Memorandum, asserts that Plaintiffs have improperly
withheld evidence and documents from discovery.  Yet,
Defendant does not identify any documents or evidence
presented in Plaintiffs' moving papers for Partial Summary
Judgment which Cosmedico specifically requested and which
was withheld by Plaintiffs.  If Defendant had any
objections to Plaintiffs' responses to Defendant's Requests
for Production, Defendant should have resorted to the
remedies provided by the discovery rules, viz. Rule 37,
Fed.R.Civ.P.  Defendant did not do so.  Nor has Cosmedico
designated any specific Cosmedico request for production to
which Cosmedico asserts that Plaintiffs withheld any
document responsive thereto.

8

Cosmedico's unsupported argument of counsel that Plaintiffs withheld any documents is not evidence of any fact, and is deemed to be frivolous at best.

In paragraph 6 of Defendant's Motion, it is stated: "Many of the withheld documents filed as exhibits to the three declarations in question (Kristen Tiffany, Kristen Tiffany Crumpler and Arthur T. Fattibene) are alleged to be copies of advertisements and publications (emphasis added). There are no exhibits attached to the Supplemental Declaration of Kristen Tiffany Crumpler. (A-79-82, Appendix Doc. 73).

Further, as will be herein explained, most of the exhibits attached to the declarations in question were produced by Cosmedico and comprise Cosmedico's own documents, many of which Cosmedico has designated as confidential, subject to the outstanding protective order.[2]

**II.    Cosmedico's Objections to the Declarations of Arthur T. Fattibene and Kristen Tiffany Are Dilatory, Frivolous and Lacking in Merit**

    **(a)    The Fattibene Declaration.**

---

[2] It appears that Cosmedico, in response to the Court's Show Cause Order [Doc 74], has withdrawn its alleged confidential designation to all but two types of documents, viz. the Royal Sun Supply Agreement and Cosmedico's notices of infringement to alleged third party infringers. (Exhibits 4 and 12, Cosmedico attached to Cosmedico's Memorandum [Doc 69 or 70] In Opposition to Plaintiffs' Partial Summary Judgment [Doc 58].

9

At page 2, paragraph 2 of Cosmedico's Motion, Defendant is asserting that Plaintiffs withheld from discovery the Fattibene Exhibits 1 to 7, 9-12, 14-21, 32, 34, 39 and 41-43 appearing at Appendix pages A93-A105; A111-A115; A-119; A122-126; A134-A143 and A285-A289 [Doc 73].

Fattibene Declaration Appendix Exhibit 1 (A93-105) [Doc 73] is a copy of the relevant pages of a tanning industry textbook or treatise which Cosmedico never requested; and which Plaintiffs' counsel only discovery during the preparation of their Motion for Partial Summary Judgment [Doc 58].

Fattibene Declarations Exhibits 2 and 3 (A106-110) are documents produced by Cosmedico in response to Plaintiffs' request for production bearing Cosmedico document Nos. COS 00001-00004; COS 000086.

Fattibene Exhibit 4 (A111-113) is a copy of the relevant pages of a tanning industry trade publication "Looking Fit" relating to the general subject of compatibility, the relevant FDA Standard 21 CFR 1040.20, and the use by others in the tanning industry of the VHR acronym which Cosmedico asserts is its trademark, a document Cosmedico never requested.

10

Fattibene Exhibit 5 (A-114, 115) is an article published in "Today's Image", a trade publication, to evidence use of the letters VHR as a descriptive acronym by others, which Cosmedico did not request in any of its Requests for Production.

Fattibene Exhibit 6 (A-116) is a Hapro ad produced by Cosmedico in response to a Plaintiffs' Request for Production bearing Cosmedico Production No. 000082.

Fattibene Exhibit 7 (A-117-120) is a copy of the relevant pages of the "Looking Fit" trade publication showing the use by others of the VHR acronym; which was not ever requested by Cosmedico.

Fattibene Exhibit 9 (A-122-126) is a copy of the relevant pages of the trade publication "Looking Fit" 1997 Reference Guide illustrating the use by others of the descriptive VHR acronym and which was not requested to be produced to any alleged Cosmedico Request for Production.

Fattibene Exhibits 17-20 (A-135-140) are documents produced by Cosmedico in response to Plaintiffs' Requests for Production bearing Cosmedico's Document Nos. COS 000289, 000290, 000291, 000292, 000296, 000300.

Fattibene Exhibit 21 (A-141, 142, 143) is a copy of an article published in the trade magazine Tanning Trends, March 2000 Issue, to evidence the use of VHR as a

11

descriptive acronym for a very high reflector output lamp.

Plaintiffs did not withhold this document as Cosmedico did

not make any specific request for such documents.

Fattibene Exhibit 39 (A-285-289) is a copy of a Tan

Systems TURBOPOWER THR ad or brochure produced by Cosmedico

as an attachment to Cosmedico Light, Inc. v. Tan Systems,

Inc. Complaint filed in the U.S. District Court for the

District of Massachusetts, Civ. Act. 03CV10962 (WGY) on or

about May 22, 2003, which has been administratively closed.

Significantly, Cosmedico has not indicated under what

Request for Production Plaintiffs have withheld any

requested documents.  It is submitted that Cosmedico's

unsupported argument of counsel that Plaintiffs withheld

documents is grossly false, frivolous and is being urged

solely for dilatory reasons.

### (b)   The Kristen Tiffany Declaration

As indicated in Ms. Tiffany's Declaration, she is the

principal owner of Tan Systems and functioned as Tan

Systems' President from April 1, 1988 to February 2004,

when she sold the business, and that she is more than

competent to testify as to matters stated in her

Declarations.  Attached to Ms. Tiffany's Declaration are

twelve (12) exhibits most of which (Exhibits B-M) are

directed to printed publications or ads illustrating how

12

the tanning industry as a whole is using the descriptive

acronym VHR in referring to very high reflector output

lamps.  In each of these exhibits, B to M, the term VHR is

being used as a descriptive acronym and not as a trademark

for indicating origin of source and/or to any specific

Cosmedico lamp.  Further, Exhibits B and C (A-49-54)

predate Cosmedico's date of first use of the alleged VHR

mark which was stated to be December 1994 in Cosmedico's

VHR trademark registration (Tiffany Declaration, Exhibit 1,

A-48) [Doc 73].

Many of Ms. Tiffany's Declaration Exhibits are

documents which Defendant produced.  Significantly,

Defendant does not identify what Requests for Production

directed to Tan Systems that Plaintiffs withheld any

document.


III. **Supplemental Declaration of Kristen (Tiffany)**
     **Crumpler**

Contrary to Defendant's counsel's arguments at

paragraph 6 of Cosmedico's Motion, the Crumpler

Supplemental Declaration has no attached exhibits.  The

Crumpler Supplemental Declaration is entirely factual, and

other than Cosmedico's misstatement of fact, as to attached

exhibits, Cosmedico does not dispute any of the statements

13

made in Crumpler's Supplemental Declaration A-79-82 [Doc

73].


## IV.  Fattibene Declaration Merely Identified the Attached Exhibits Which Are Self Authenticating

The exhibits attached to the Fattibene and Tiffany

Declarations are made upon the personal knowledge of the

respective declarants and in conformance with Rule 56(e),

Fed.R.Civ.P.  Further, many of the attached exhibits are

exhibits which the defendant produced as indicated herein.

Virtually all of the attached exhibits are self

authenticating and are readily admissible under one or more

of the Federal Rules of Evidence.  The exhibits attached to

the Declarations of Fattibene and/or Tiffany are directed

to general business records, commercial publications,

treatises, and the like which are self authenticating.  The

Exhibits of which Cosmedico complains are admissible under

one or more of the Rules of Federal Evidence, e.g. Rule

803(6)(17); Rule 902(6)(7); Rule 1003 and Rule 1007.

Significantly, Cosmedico does not request striking the

Declaration of Mr. Christian J. Sauska which includes

attached exhibits, some of which are identical to the

exhibits attached to the Declarations of Mr. Fattibene and

Ms. Crumpler which Cosmedico asserts were withheld and/or


14

contain hearsay evidence.  For example, Exhibit 12 (A-37) [Doc 73] attached to Mr. Sauska's Declaration is a copy of Ms. Tiffany's Declaration Exhibit B.  Many of the exhibits attached to the Declaration of Mr. Sauska are directed to ads and/or publications showing how the tanning industry has adopted the letters VHR to describe a tanning lamp having a very high reflector output and which are not associated with any COSMOLUX VHR tanning lamps for indicating origin of source.

Contrary to Cosmedico's conclusory argument made at paragraph 3 on page 2 of its Memorandum, Mr. Fattibene is not characterizing any of the attached exhibits.  The attached exhibits speak for themselves and are self authenticating, and are admissible under the Rules of Federal Evidence as hereinbefore noted, and do not constitute any inadmissible hearsay evidence.  Further, many of the attached exhibits were produced by Cosmedico in response to Plaintiffs written discovery requests.  Other exhibits comprise Cosmedico's own generated exhibits.

**V.    Cosmedico Has Not Re-Noticed Ms. Kristen Tiffany Crumpler For Deposition.**

Since the Court rendered its Order of August 11, 2004, that Ms. Crumpler "will be required to come to Connecticut

for the deposition at a time convenient to her and the
other parties", Cosmedico has yet to pursue said
deposition.  Counsel for Cosmedico has indicated that an
essential prerequisite for conducting the deposition of Ms.
Crumpler is the receipt of Tan Systems' documents (some
30,000 documents) which Mr. Malone alleges he inspected and
designated for copying at Heartland Tanning, the current
owner of Tan Systems' records and who has the custody,
possession and control of said documents, as Heartland
Tanning purchased all the assets of Tan Systems, including
the documents relating thereto.  As of this writing, it is
not known whether Cosmedico has received any of the
designated former Tan Systems documents from Heartland,
and/or when Cosmedico desires to go forward with said
Crumpler deposition, nor has Cosmedico issued any notice of
deposition to that effect.

For Cosmedico's counsel to imply that Ms. Kristen
Tiffany Crumpler refuses to be deposed and/or has failed to
be deposed is disingenuous on the part of Cosmedico.  Since
Cosmedico is procrastinating in noticing Ms. Crumpler for
deposition, and since the Parties respective Motions for
Partial Summary Judgment have been fully briefed and are
ripe for decision, it is apparent that Cosmedico has waived
taking the deposition of Ms. Crumpler.  Under the

16

circumstances, it appears that Cosmedico has mooted the

Court's Order to depose Ms. Crumpler in Connecticut since

Cosmedico proceeded to file its Renewed Motion for Partial

Summary Judgment pursuant to the Court's Scheduling Order

of June 2, 2004 [Doc 47] and has filed its Opposing

Memorandum [Doc 69, 70] to Plaintiffs' Motion For Partial

Summary Judgment on September 13, 2004.

Significantly, Cosmedico requested only a one-day

extension of time for filing its Renewed Motion for Partial

Summary Judgment, which the Court granted. After filing

its Renewed Motion for Partial Summary Judgment for a

second time,[3] Cosmedico ought not now complain that

additional discovery is required (Cache, Inc. v. M Z

Berger, 2000 US DIST. LEXIS 12423 (SDNY 2000) attached as

Exhibit G), and particularly not when it is noted that

Cosmedico's current Renewed Motion for Partial Summary

Judgment is virtually the same motion which was previously

dismissed. If Cosmedico considered its Motion for Partial

Summary Judgment [Doc 38] was ripe for decision in March

2004, Cosmedico cannot now complain that Cosmedico's

current Renewed Motion for Partial Summary Judgment is now

not ripe for decision, after the Court granted the parties

---

[3] Cosmedico's Renewed Motion for Partial Summary Judgment is virtually the same Motion for Partial Summary Judgment filed in March 2004, which was dismissed without prejudice.

additional discovery time (60 days) to complete discovery

before the filing of any dispository motion pursuant to the

Court's modified Scheduling Order of June 2, 2004 [Doc 47].


**VI.  Declaration of Andrew Michael Bartak Is Not Factual,
Is Purely Subjective and Is Not Competent.**

It is to be noted that Mr. Bartak does not state what

his current employment is and/or whether he is an employee

of Cosmedico and/or what his current association or

relationship with the tanning industry is, and/or what his

biases are.

In paragraph 3 of Mr. Bartak's Declaration, he avers

that Exhibit 12 of the Sauska Declaration (A-37) [Doc 73][4],

Plaintiffs' Appendix and Exhibits B and C of Kristen

Tiffany's Declaration (A-49-54) [Doc 73], are

advertisements and promotional material created by QDM Co.

that were prepared for QDM tanning beds (VHP) which were

introduced to North America at an industry trade show in

Las Vegas in June of 1994.

In paragraph 4 of Mr. Bartak's Declaration, Mr. Bartak

formulates a subjective and impossible conclusion to wit:

"it is my understanding at that time that customers,

potential customers, and others involved in the tanning

---

[4] Exhibit 12 of Sauska's Declaration and Exhibit B of Ms. Tiffany's Declaration are identical exhibits.
Exhibit C of Ms. Tiffany's affidavit comprises the relevant pages of a more elaborate QDM brochure which
is attached as attachment 1 to Cosmedico's Motion papers.

18

industry associated the terms "VHR" with "Cosmedico".
(Emphasis added).  Any such conclusion is impossible when
it is noted that Cosmedico's alleged date of first use in
commerce in the United States of the VHR trademark in suit,
as stated in its U.S. Trademark Registration No. 2,124,659,
is December 1994.  Such being the fact, it is not
understood how Mr. Bartak could have acquired an
understanding that those in the industry would have an
understanding that the term VHR, as used in Exhibit 12 and
Exhibits B and C, that predates Cosmedico's date of first
use, could be associated with any Cosmedico lamp for
indicating origin of source, i.e. a trademark.  Exhibit 12
and Exhibit B <u>have a FAX date of August 2, 1994, some five</u>
<u>(5) months prior to Cosmedico's alleged date of first use</u>
<u>of December 1994</u>.  Obviously, Exhibits 12 and B were being
circulated throughout the tanning industry prior to August
2, 1994, and were apparently published months before the
Las Vegas Show of June 1994 referred to in paragraph 3 of
Mr. Bartak's Declaration.

    The QMD, 26 page document (Attachment 1 to Cosmedico's
Motion To Strike) obtained by Cosmedico's counsel on
September 20, 2004, indicates on the back page thereof that
the document was copyrighted in 1994.  As suggested in Mr.
Bartak's Declaration in paragraph 3, Exhibits 12, B and C

19

(Attachment 1) were prepared in anticipation of the June 1994 Las Vegas Trade Show when the VHP bed was first introduced in North America by the QDM Company.  On the back page of the QDM 1994 copyright publication, attachment 1, to Defendant's Motion to Strike, QDM acknowledged all its competitor's trademarks referred to in said publication.  Significantly, QDM did not acknowledge VHR to be the trademark of anyone.  Throughout the 1994 QDM copyright brochure containing the Exhibit C pages, QDM was using the acronym VHO and VHR in a descriptive connotation and not in reference to anyone's trademark; and especially not as a Cosmedico mark for indicating origin of source. QDM's use of VHR was that of a descriptive acronym to mean a very high reflector output lamp and was so used and understood in the tanning industry long prior to Defendant's alleged date of first use of December 1994.

In paragraph 8 of the Bartak Declaration, Mr. Bartak avers that it is his *belief* the terms VHR and VLR in reference to tanning lamps are recognized to be the trademarks of Cosmedico Light, Inc., the Defendant herein. Obviously, Mr. Bartak is not aware that Cosmedico alleged a date of first use of the VLR acronym as a trademark was July 7, 1997 (A-232, Appendix Doc 73), and that the industry was using VLR as a descriptive acronym prior

20

thereto; (see A-55-58; A-135, Appendix Doc 73), or that Cosmedico's alleged date of first use of the VHR mark was December 1994; and that Exhibits B and C pre-date the Defendant's alleged first use date of December 1994.

Mr. Bartak, in his declaration, always refers to Cosmedico trademarks as COSMOLUX VHR® and COSMOLUX VLR®. Neither of these marks is registered as indicated. Cosmedico's only registered marks in suit are VHR, Registration No. 2,124,659 registered December 30, 1997, and the composite word and design mark COSMOLUX VLR with a cat design, Registration No. 2,788,198 registered December 2, 2003.

Mr. Bartak's misstatement of facts and subjective "beliefs", "understanding" and/or alleged "interpretation" of the mark "VHR" to mean COSMOLUX VHR (paragraph 7) or COSMOLUX VHR® and COSMOLUX VLR® (paragraph 8) to mean VHR and VLR are simply irrational, highly speculative, self serving, grossly improper, and certainly not factual. Nor has Mr. Bartak been qualified as an Expert such that he can opine as to what a consumer might know or believe when he sees or hears VHR or VLR per se. Mr. Bartak's declaration, predicated upon his "beliefs", "understandings" and/or "interpretations" does not comply with Rule 56(e) of

21

Fed.R.Civ.P.  <u>Automatic Radio Co. v. Hazeltine</u>, 339 US at
831 (1950).

Under the circumstances, the Declaration of Mr. Bartak
is obviously not credible, and should be disregarded.
Under such circumstances, Plaintiffs herein move the Court
to disregard and/or to strike said Bartak Declaration, for
all the reasons herein stated.

### C O N C L U S I O N

For the reasons stated herein, it is requested that
the Court deny Defendant's Motion to Strike the
Declarations of Arthur T. Fattibene, Kristen Tiffany and
Supplemental Declaration of Kristen Tiffany Crumpler.

Respectfully submitted,

_____
Arthur T. Fattibene, CT06916
Counsel for Plaintiff
Fattibene and Fattibene
2480 Post Road
Southport, CT 06890
Tel:  203-255-4400
Fax:  203-259-0033

22