UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT


LIGHT SOURCES, INC., and
TAN SYSTEMS, INC.,
                    Plaintiffs


          v.
                                   Civil Action
                                   No. 303 CV 874 (MRK)


                                   At New Haven

COSMEDICO LIGHT, INC.,
                    Defendant      October 18, 2004




**PLAINTIFFS, LIGHT SOURCES, INC.'S AND
TAN SYSTEMS, INC.'S JOINT MEMORANDUM IN OPPOSITION
TO DEFENDANT, COSMEDICO LIGHT, INC.'S
MOTION FOR LEAVE TO FILE DOCUMENTS
UNDER SEAL [DOC 81]**




                              Arthur T. Fattibene
                              Paul A. Fattibene
                              Fattibene & Fattibene
                              2480 Post Road
                              Southport, CT 06890-1218




ORAL HEARING REQUESTED

**NATURE OF THE PROCEEDING:**

On or about September 13, 2004, Defendant, Cosmedico Light, Inc. (Cosmedico) filed its Memorandum [Doc 69] In Opposition to Plaintiffs' Motion For Partial Summary Judgment [Doc 58], together with Cosmedico's Rule 56(a)(2) Statement [Doc 70] with Attachments or Exhibits 1 to 12 under seal, allegedly pursuant to an outstanding Protective Order, as modified by the Court [Doc 31].

On September 21, 2004, the Court issued to the Parties an Order to Show Cause why Cosmedico's documents [Docs 69 and 70] were filed under seal.[1]  The Order further requested the Parties to file redacted public versions as to Documents #69, 70, 71, 72 and 73.

On or about September 29, 2004, Cosmedico filed a redacted public version document [Doc #80] in which only two exhibits, viz. Exhibits 4 and 12 of the unredacted version [Doc 70] were partially redacted.[2]  Simultaneously with Cosmedico's filing of the redacted public version document [Doc 80], Cosmedico filed and served a Motion [Doc 81] For Leave to file Exhibits 4 and 12 under seal.[3]

---

[1] The Court's Show Cause Order also requested Plaintiffs to show cause why Plaintiffs' documents 71, 73 and 73 were filed under seal.

[2] Significantly, Cosmedico did not redact or claim any documents in Plaintiffs' documents 71, 72 and 73 as confidential.  Plaintiffs, in response to the Court's Show Cause Order [Doc 82, 83] asserted that nothing submitted by documents 69, 70, 71, 72 and 73 are confidential.

[3] On or about August 23, 2004, Plaintiffs, concurrently with the filing of Plaintiffs' Motion For Partial Summary Judgment [Doc 58], also filed a Motion [Doc 57] To Unseal Cosmedico's alleged confidential

1

This is Plaintiffs' Memorandum In Opposition to Defendant's Motion [Doc 81], as understood, to file the non-redacted Exhibits 4 and 12 under seal, attached to the non-redacted version of Cosmedico's Document [Doc 70].

**STATEMENT OF FACTS**

On or about December 11, 2003, the parties filed a Stipulated Protective Order [Doc 29].

On December 18, 2003, the Court granted the Stipulated Protective Order except for paragraph 14 and as modified by the Court [Doc 31].

During the discovery phase, Cosmedico designated a substantial number of documents and a large portion of the deposition transcript of its president, Mr. Jerry Frank, as "confidential" or "highly confidential", allegedly pursuant to the Stipulated Protective Order as modified by the Court [Doc 31].

Pursuant to the Court's Scheduling Order of June 2, 2004 [Doc 47], it was ordered that all discovery be completed by July 23, 2004, and that any dispository motions be filed by August 23, 2004, and that no further extension will be permitted.

---

documents and/or To Vacate the Protective order pursuant to the Court's Modification Order of December 18, 2003 [Doc 31], which is still pending.

2

Pursuant to the Court's Scheduling Order, both Plaintiffs and Defendant have filed separate respective Motions for Partial Summary Judgment, in which both Plaintiffs and Defendant, in support of their respective Motions for Partial Summary Judgment, are relying on certain documents which only Cosmedico has designated to be "confidential" or "highly confidential".  Plaintiffs have not designated as "confidential" or "highly confidential" any Plaintiffs' documents upon which either Plaintiffs and/or Defendant are relying in either of their respective Motions for Partial Summary Judgment and/or in their respective opposing papers in opposition to the other party's Motion for Partial Summary Judgment.

Because both Plaintiffs and Defendant are relying on documents which only Cosmedico has designated as Confidential or Highly Confidential, the respective parties were obligated to file their respective motion papers and opposing papers under seal pursuant to the outstanding Protective Order.

On August 23, 2004, Plaintiffs filed a Motion to Unseal any alleged confidential documents filed with the Court and/or To Vacate Said Protective Order [Doc 57] which is before the Court.

On September 21, 2004, the Court issued a Show Cause Order directing the respective parties to show cause (1) why documents #69, 70, 71, 72 and 73 were filed under seal in their entirety without explanation or justification in violation of the Court's Order of December 18, 2003 [Doc 30]; (2) that either party who wants to file anything confidential with the Court and place it under seal must make a separate motion specifying precisely what is to be kept under seal and demonstrating good cause therefor; and (3) to file a redacted version of documents #69, 70, 71, 72 and 73 in which "only the specific, narrowing, drawn material that the party is claiming is confidential is redacted from the document."

In response to the Court's Show Cause Order, Defendant, on or about September 28, 2004, filed a redacted public version document [Doc 80] of the original document [Doc 70]. In the redacted public version document [Doc 80], Cosmedico redacted only portions of the original Exhibits 4 and 12 attached to document [Doc 70], as Cosmedico asserts the redacted portions are confidential.

Original Exhibit 4 attached to document [Doc 70] comprises the Frank (Cosmedico President) deposition transcript pages 145, 146, 192, 193, 194, 195, 196, 197, 198.

In the redacted public version [Doc 80], Cosmedico redacted portions of pages 195, 196, 197 and 198.[4]

Original Exhibit 12 attached to document [Doc 70] comprises a series of correspondence "from Cosmedico and its counsel" which Cosmedico asserts "includes formal cease-and-desist letters[5] to competitors" "as well as correspondence between Cosmedico and some of its customers whose ads failed to include indications of Cosmedico [alleged] ownership of the term" VHR.

Cosmedico's redaction of pages 195, 196, 197 and 198 of Mr. Frank's deposition does not concern a [trademark] <u>license agreement</u> between Cosmedico and a third party, Royal Sun, as stated by Cosmedico in paragraph 2 of Cosmedico's Motion [Doc 81] To Seal Exhibits 4 and 12.  The redacted portion of Mr. Frank's deposition transcript relates to a <u>supply or purchase agreement</u> between Cosmedico and ASM (an association of distributors, of which Sun Industries[6] was a member using Royal Sun as its trademark, a fact well known within the tanning industry).  A copy of the Cosmedico-Royal Sun agreement in question is attached

---

[4] The redacted portion of the Frank deposition transcript includes both the questions asked and the responses thereto.

[5] Cosmedico's characterizes Exhibit 12 as "letters" and "correspondence" from Cosmedico and its counsel. Exhibit 12 also includes publicly circulated documents not generated by Cosmedico such as pages of a well-known customer's or distributor's sales catalog and/or the trade publication "Looking Fit", both of which are widely distributed and publicly available to the tanning industry.

[6] Sun Industries, now owned by Ergoline, Inc., had adopted the mark "Royal Sun" as a brand name.  At the time, Sun Industries, Inc. was a member of ASM.

to Plaintiffs' Reply Appendix at RA-15, 16 [Doc 77 or 78]

to Plaintiffs' Reply To Defendant's Opposing Memorandum

[Doc 69] to Plaintiffs' Motion For Partial Summary

Judgment.  For convenience of the Court, a copy of the

Cosmedico-Royal Sun agreement is attached hereto as Exhibit

1 (also marked as Frank Deposition Exhibit 30).

At page 50 of Mr. Frank's deposition transcript, Mr.

Frank testified that Cosmedico did not grant a license to

anybody selling lamps bearing the trademarks asserted in

this litigation.  At the deposition (page 55), Mr. Frank

characterized the ASM agreement as a "purchase agreement".

Mr. Frank also testified at deposition (page 55) that

Cosmedico has not received any remuneration in the form of

royalties or payments for use by others of the trademarks

Cosmedico is asserting in this litigation.  See relevant

Frank Deposition Transcript Pages 50-57 attached hereto as

Exhibit 2, as it relates to the Cosmedico-Royal Sun (ASM)

agreement (attached Exhibit 1).

**As To Cosmedico's Redacted Portions Of Exhibit 12**

As to those letters Cosmedico and/or its attorneys

directed to competitors, Cosmedico has apparently withdrawn

is "confidential" designation, and has now included those

letters, unredacted, in the public version document [Doc 80].

As to those documents or letters directed to Cosmedico's alleged customers, Cosmedico redacted <u>only the identification of the customer</u> in the public version document [Doc 80].  Included in the alleged customer documents are pages of a customer's catalog and a trade publication "Looking Fit", both of which have been widely circulated throughout the tanning industry in an unredacted form and well known to the tanning industry and to Plaintiffs.

The alleged identification of customers, which Defendant seeks to redact, are well known to Plaintiff, Light Sources.  The customers, whose identities have been redacted, either were or are customers of Plaintiff, Light Sources.

For example, <u>Ryco's catalog pages</u>, whose identity Cosmedico seeks to hold confidential, also features Light Sources "Dual Sun" and "Signature Series" tanning lamps as highlighted in yellow on a copy of Cosmedico's redacted public version of Cosmedico's redacted Exhibit 12, attached hereto as Plaintiffs' Exhibit 3.

The Plaintiffs attached Exhibit 4 is a copy of the cover page and a redacted page of Cosmedico's redacted

Exhibit 12 "Looking Fit" 2002/2003 Fact Book, a trade

publication that has been widely circulated within the

tanning industry with a web site

www.LookingFit.com/article/25feat/1htlm.   Such trade

publication can hardly be considered to be confidential for

any purpose.   The only information redacted in Cosmedico's

public version attached hereto as Exhibit 4 is the identity

of the distributor selling the Radiance EHR lamp described

in the first paragraph of the redacted page, against whom

Cosmedico asserted that the use of the letters EHR with the

prefix word "Radiance" somehow infringes Cosmedico's

trademarks which are being asserted in this action.   The

identity of the seller of the "Radiance EHR" lamp is no

secret to any manufacturer or distributor of tanning lamps

within the tanning industry.


**A R G U M E N T**

   With respect to Exhibit 4, Cosmedico admits at page 2

of its Motion [Doc 81] For Leave To File Under Seal that

the "agreement" between Cosmedico and Royal Sun is publicly

known.   Cosmedico chooses to characterize the Cosmedico-

Royal Sun Agreement as a "license agreement" which is taken

to mean a trademark license agreement.   Cosmedico, at page

2, paragraph 2 of its Motion [Doc 81] assets that while the

8

"agreement" with Royal Sun is public known, "the terms of the "license agreement" itself are confidential as between Cosmedico and its licensee", a totally conclusionary statement.

For convenience of the Court, Plaintiffs are submitting herewith a copy of Cosmedico's Exhibit 4 of Mr. Frank's deposition transcript referred to in document [Doc 70], in which the redacted portion of the Redacted Public Version document [Doc 80] are highlighted in yellow, as attached Plaintiffs' Exhibit 5.

The redacted portion of Cosmedico's Exhibit 4 is not directed to any specific "terms of an alleged license agreement" as argued by Cosmedico.  The redacted portions are directed to information that establishes Cosmedico's Exhibit 4 agreement to be "a purchase or supply agreement", and not a trademark license.  See also attached Exhibit 2, which are other relevant pages of Mr. Frank's deposition transcript directed to the same agreement.

Cosmedico's "supply agreement" with AMS (Exhibit 1) lacks the traditional requirements of a trademark license agreement.  See Dawn Donut Co. v. Hart Food Stores, Inc., 267 F.2d 358; 121 USPQ 430 (2 Cir 1959).  The relevant portion of Mr. Franks' transcript, Plaintiffs' attached Exhibit 2, is critical to establishing invalidity of

9

Cosmedico's alleged VHR and VLR marks, as the Cosmedico-**ASM**

agreement is nothing more than a purchase agreement,

lacking any semblance of a trademark license agreement.

See Plaintiffs' Appendix [Doc 73] at A-156, 157.  A copy of

the Cosmedico-ASM agreement (Frank Deposition Ex. 30) is

attached hereto for convenience of the Court as Plaintiffs'

attached Exhibit 1.  The agreement (Exhibit 1) specifies

that Cosmedico will supply ASM with lamps bearing the marks

ROYAL SUN VHR and ROYAL SUN VLR.  ROYAL SUN is not a

Cosmedico trademark.  See Mr. Frank's depositon testimony,

page 196, attached as Plaintiffs' Exhibit 5 hereto.[7]  By

combining the mark of another, viz. ROYAL SUN, with the

alleged Cosmedico's VHR or VLR mark causes the alleged VHR

and/or VLR mark to lose its significance for indicating

Cosmedico as the origin of source. 15 USC 1127,

(abandonment, ¶2).

        In Bancamerica Trust v. Tyfield Importers, Inc., 289

F.3d 589; 62 USPQ 2d 1679 (9 Cir 2002), it was noted:

> "naked licensing may result in the
> trademark ceasing to function as a symbol
> of quality and controlled source"

        Cosmedico deliberately seeks to mischaracterize the

supply agreement as a trademark license agreement.  Even if

---

[7] Cosmedico has designated page 196 as confidential and redacted this testimony from the public version [Doc 80].  Plaintiffs have objected to any such designation of confidentiality.

one chooses to construe the supply agreement (attached as
Plaintiffs' Exhibit 1) as a license agreement, it is at
best only a naked license in that it lacks the necessary
controls (<u>Dawn Donuts v. Hart Food Stores</u>, supra).  The
consuming public would not recognize Royal Sun VHR or Royal
Sun VLR[8] to be a Cosmedico trademark for indicating origin
of source, as "Royal Sun" is the recognized mark of Sun
Industries.

     Cosmedico's lamp business includes that of supplying
OEM customers or private label customers with <u>private label</u>
<u>brands embodying the lamp specifications desired by such</u>
<u>customer</u> and not those of Cosmedico.  The OEM customer or
private brand customer in turn sells such lamps supplied by
Cosmedico <u>under the OEM customer's own trademark for</u>
<u>indicating origin of source</u>.

     Cosmedico, in addition to supplying the Royal Sun VHR
and Royal Sun VLR brand to Sun Industries, Inc., Cosmedico
has also supplied other OEM customers with lamps that
embody the respective OEM customers own specifications as
follows:

| Customer | Lamp Brand |
|---|---|
| American Quality Mfg. | Perfect Tan Widebody VHR |

---

[8] VHR and VLR are established acronyms that describe the <u>physical characteristics of the respective Roy
Sun brand lamps</u> to distinguish the Royal Sun Very High Reflector Output lamp from the Royal Sun Low
Reflector Output lamp.

| | |
|---|---|
| Creative Marketing Concepts | Suncapsule VHR |
| Heartland Tanning | Sundazzler VHR |
| Prosun Tanning Industries | Prosun VHR |
| | Prosun VLR |
| QDM/Dr. Muller | Solar Shuttle VHR |
| SolAmerica | Zenith VHR |
| | Supra VHR |
| Sontegra | Generation X   VHR/VLR |
| Ultrabronz America | Gemini VHR, |

which were sold under the respective customer's own brand name or trademark as indicated hereinabove for indicating origin of source.

The foregoing list of Cosmedico's OEM customers and the specific lamp models bearing the above OEM customers' own lamp specifications and trademarks comprise the known Cosmedico OEM shippings made in its North American market as of September 1, 1998.  See attached Exhibit 6.

Mr. Frank's Deposition Transcript pages, Cosmedico's Exhibit 4 attached to document [Doc 70] or any other portion of Mr. Frank's deposition transcript should not be sealed.  A summary judgment proceeding is not considered to be much different from a courtroom trial, so long as the testimony and evidence presented on summary judgment are relevant to the issues pleaded.  Since a summary judgment

motion is to be determined on <u>all evidence of record before</u>
<u>the Court in a Summary Judgment proceeding</u>, there is no
reason for sealing any portion of the evidence, and
particularly not for the weak and frivolous reasons stated
in Cosmedico's motion, if one can be found.

Reference is made to <u>Phillips v. General Motors</u>, 307
F.3d 1206 (9 Cir 2003) wherein the Court noted:

> "Once the [sealed discovery] documents are
> made part of a dispositive motion … they
> lose their status of being raw fruits of
> discovery."

As all the alleged designated "confidential" or "high
confidential" documents which Cosmedico is asserting that
are before the Court for a determination of dispository
summary judgment motion filed by the respective parties, it
would appear that the rationale of <u>Phillips</u>, supra,
applies.

The testimony of Mr. Frank on deposition, which
Cosmedico seeks to seal or redact from the public document
[Doc 80] is critical in ascertaining validity of
Cosmedico's alleged VHR trademark.  Therefore, evidence
relating thereto ought not be sealed or redacted, as the
consuming public has a right to know whether the VHR mark
is valid or not and why.

13

Further, the identity of the alleged customer recipients of the redacted letters of Defendant's Exhibit 12 of its public version document [Doc 80] likewise cannot be considered to relate to any confidential matter within the meaning or scope of Rule 26(c), Fed.R.Civ.P. or within the definitions of "confidential" and/or "highly confidential" as set forth in the Protective Order. Clearly, the identity of the recipients of the redacted customers' letters included in Defendant's Exhibit 12 of the public document [Doc 80] are not under any obligation of non-disclosure nor confidentiality.

Contrary to Cosmedico's reason for sealing such customers' letters, as alleged in paragraph 3 of its Motion for Leave to File Documents Under Seal [Doc 81], the letters of Defendant's Exhibit 12 are completely devoid of any proprietary information and are certainly not secret or generally not known.  Similar letters were sent to both Tan Systems and Light Sources.  See attached Plaintiffs' Exhibits 7 and 8.  Actually, Cosmedico proliferated the entire industry with such letters, as the letters VHR were being widely used throughout the industry to describe in particular very high reflector output lamps.  There was nothing secret or proprietary with respect to the unredacted customer letters of Defendant's Exhibit 12 in

14

document [Doc 70], which Cosmedico seeks to file under
seal.

Defendant's Motion is totally devoid of "good cause"
as to why the Court should depart from the strong
presumption against sealing any court record to public
inspection.  Nor has Cosmedico demonstrated any "good
cause" for the redaction of any information in the public
version document [Doc 80] as relates to Cosmedico's
Exhibits 4 and 12, which it seeks the Court to seal.


### C O N C L U S I O N

For the reasons stated herein, and the applicable
authorities cited, it is requested that Defendant's Motion
For Leave to File Documents Under Seal (Cosmedico Exhibits
4 and 12) be denied and that the Court find that
Defendant's Motion is so frivolous and lacking in good
faith and/or merit that Plaintiffs should also be awarded
reasonable attorneys fees for opposing Defendant's Motion.

Respectfully submitted,


_____
Arthur T. Fattibene, CT06916
Counsel for Plaintiff
Fattibene and Fattibene
2480 Post Road
Southport, CT 06890
Tel:  203-255-4400
Fax:  203-259-0033


15

**TABLE OF CONTENTS OF ATTACHED PLAINTIFFS' EXHIBITS
TO PLAINTIFFS' JOINT MEMORANDUM IN OPPOSITION
TO DEFENDANT'S MOTION FOR LEAVE TO FILE DOCUMENTS
UNDER SEAL [DOC 81]**

**Exhibit
  No.**

1    Cosmedico-ASM Supply Agreement dated March 3, 2003

2    Frank Deposition Transcript Pages 50-57

3    Redacted Ryco's Catalog Page

4    Looking Fit Fact Book 2002/2003

5    Frank Deposition Transcript Pages (Defendant Ex. 4)

6    Cosmedico's Known OEM Customers Public Sales
     Information

7    Cosmedico's Letter to Tan Systems dated January 5,
     1996, asserting infringement of the alleged VHR mark

8    Cosmedico's Letter to Light Sources, Inc. dated
     October 4, 1996, asserting infringement of the alleged
     VHR mark