UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LIGHT SOURCES, INC., | : | |
| and TAN SYSTEMS, INC. | : | |
| | : | |
| Plaintiffs, | : | NO. 3:03CV874(MRK) |
| v. | : | |
| | : | |
| COSMEDICO LIGHT, INC., | : | |
| | : | |
| Defendant. | : | |

## RULING AND ORDER

Currently pending before the Court are Plaintiffs' Motion to Unseal Documents and/or Vacate Protective Order [doc. #57], Plaintiffs' Motion for Partial Summary Judgment [doc. #58], Defendant's Renewed Motion for Partial Summary Judgment [doc. #64], Defendant's Cross-Motion for Approval of Confidentiality Designation and to Strike Plaintiff's Motion to Vacate [doc. #68], Defendant's Motion for Leave to File a Document Under Seal [doc. #81], Defendant's Motion to Suspend Briefing and Argument of Pending Motions for Partial Summary Judgment [doc. #84], Defendant's Motion to Compel Production of Documents and Deposition [doc. #86], Defendant's Motion to Strike Declarations in Support of Plaintiffs' Motion for Partial Summary Judgment [doc. #88], and Plaintiffs' Motion to Unseal Documents Attached to Plaintiffs' Opposition to Defendant's Motion to Seal [doc. #95]. The Court addresses these motions as follows.

1.  **Motions regarding the sealing or unsealing of documents.**

    With regards to the parties' motions concerning the sealing or unsealing of certain

documents submitted to the Court, the Court has reviewed the briefs of both parties, and has determined that both parties agree that nearly all the documents filed in this case should be unsealed. Furthermore, the parties' Stipulated Protective Order [doc. # 29] should remain in effect because the parties are now complying with the Court's clearly enunciated procedures for filing anything under seal with the Court, as outlined in both the Court's Order of December 18, 2003 [doc. #31] and the Court's Order to Show Cause of September 21, 2004 [doc. #74].[1] The only remaining dispute regarding the sealing and unsealing of documents is whether Exhibits 4 and 12 of Defendant's Local Rule 56(a)(2) Statement [doc. #70] should be sealed. The Court will reserve ruling on this narrow issue until after Oral Argument, as discussed in Part 2, *infra*.

Accordingly, the Court hereby GRANTS IN PART AND DENIES IN PART Plaintiffs' Motion to Unseal Documents and/or Vacate Protective Order [doc. #57] and Defendant's Cross-Motion for Approval of Confidentiality Designation and to Strike Plaintiff's Motion to Vacate [doc. #68], insofar as the Court hereby (1) unseals the entire file except for Defendant's Exhibits 4 and 12 of its Local Rule 56(a)(2) Statement, and (2) does not vacate the parties' Stipulated Protective Order [doc. #29]. The Clerk of the Court should unseal Plaintiffs' submissions at Document Numbers 59, 60, 61, 72, 73, 76, 77, 78, and 79. The Clerk of the Court should unseal Defendant's submission at Document Number 69. The Clerk of the Court has already docketed an unsealed version of Defendant's Memorandum in Opposition to Plaintiffs' Motion for Partial

---

[1] To reiterate the Court's procedure yet again, if a party wants to designate anything filed with the Court as confidential and place it under seal, that party will have to make a separate motion specifying precisely what is to be kept under seal and demonstrating good cause as to why the Court should depart from the strong presumption against sealing any court records to public inspection. *See Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 597-99 (1978); *Video Software Dealers Assoc. v. Orion Pictures, Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 26 (2d Cir. 1994).

Summary Judgment, and a redacted version of Defendant's Local Rule 56(a)(2) Statement (with exhibits) at Document Number 80.  The Court reserves ruling on Defendant's Motion for Leave to File a Document Under Seal [doc. #81] and Plaintiffs' Motion to Unseal Documents Attached to Plaintiffs' Opposition to Defendant's Motion to Seal [doc. #95] until after Oral Argument. Accordingly, Document Numbers 70 and 94 shall remain sealed until after the Court resolves the narrow issue presented by Exhibits 4 and 12 of Defendant's Local Rule 56(a)(2) Statement.

**2.     All other pending motions**.

In the interest of resolving all other pending motions in this case, Defendant's Motion to Suspend Briefing and Argument of Pending Motions for Partial Summary Judgment [doc. #84] is DENIED.  **Oral Argument will be held on January 27, 2005 from 1:30 PM until 5:00 PM, in Courtroom Four of the United States District Court at New Haven, Connecticut.**  At Oral Argument, the Court will address any and all remaining motions and issues, including:

- A.    The sealing or unsealing of Exhibits 4 and 12 of Defendant's Local Rule 56(a)(2) Statement as outlined in Defendant's Motion for Leave to File a Document Under Seal [doc. #81] and Plaintiffs' Motion to Unseal Documents Attached to Plaintiffs' Opposition to Defendant's Motion to Seal [doc. #95];
- B.    The discovery disputes between the parties as outlined in Defendant's Motion to Compel Production of Documents and Deposition [doc. #86] and Defendant's Motion to Strike Declarations in Support of Plaintiffs' Motion for Partial Summary Judgment [doc. #88]; and
- C.    The parties' cross motions for partial summary judgment [docs. ##58, 64].

If there are any outstanding briefs regarding the cross motions for partial summary judgment or the discovery dispute that either party would have been entitled to file according to the Federal Rules of Civil Procedure or the Local Rules of the District of Connecticut, they must be filed **by January 14, 2005.**

IT IS SO ORDERED.

/s/    Mark R. Kravitz
    United States District Judge

**Dated at New Haven, Connecticut: December 17, 2004.**