```
              UNITED STATES DISTRICT COURT
                DISTRICT OF CONNECTICUT


LIGHT SOURCES, INC., and
TAN SYSTEMS, INC.,
              Plaintiffs

              v.
                                    Civil Action
                                    No. 303 CV 874 (MRK)

                                    At New Haven
COSMEDICO LIGHT, INC.,
              Defendant              January 12, 2005
```

**PLAINTIFFS', LIGHT SOURCES, INC. AND
TAN SYSTEMS, INC., MOTION TO COMPEL AND
COMPLETE DISCOVERY**

Pursuant to the Court's Ruling and Order dated December 17, 2004, Plaintiffs, Light Sources, Inc. and Tan Systems, Inc., hereby move to compel Defendant, Cosmedico Light, Inc., to produce requested documents, to respond properly and fully to Interrogatories propounded, to produce a privilege log relating to requests for production and/or questions propounded to which Cosmedico has objected on the grounds of privilege or work product immunity, to permit Plaintiffs to continue the deposition of Cosmedico by its president, Jerry Frank, which was adjourned on June 19, 2004, and to permit Plaintiffs to take the deposition

Oral Hearing Requested

1

of Osram Sylvania, who was duly subpoenaed for deposition prior to the close of discovery, and which deposition was adjourned by Osram Sylvania's representation that it needed more time to gather the requested subpoenaed documents, and repeatedly made other excuses that precluded the deposition from going forward before Plaintiffs were obligated to file their dispository Summary Judgment Motion on August 23, 2004, pursuant to the Court's Scheduling Order of June 2, 2004.  The filing of Plaintiffs' Summary Judgment Motion thus temporarily mooted the immediate need for Osram Sylvania's deposition.

This Motion is not being urged for the purpose of seeking or re-opening discovery to supplement Plaintiffs' pending Motion for Summary Judgment.  This Motion is being filed solely to preserve Plaintiffs' right to the discovery requested in the event this matter is scheduled for trial.

The grounds on which the Motion is predicated are:

1.  The Court's Order of December 17, 2004 granting either party to file briefs relating to any outstanding discovery disputes.

2.  The discovery disputes relate to critical information and admissible evidence for use at trial to support Plaintiffs' claims and defenses.

3.  Defendant has not designated which produced document is responsive to any given propounded request, and that certain documents produced do not appear to be responsive to any requests.

4.  Defendant has not responded to Requests for Production Nos. 8 and 9 on the grounds of privilege and/or work product, and Defendant has not provided a privilege log as required by Rule 26(b)(5), Fed.R.Civ.P.

5.  The Plaintiffs request a continuation of the deposition of Cosmedico by its designated representative, Jerry Frank, for the reason that Mr. Frank, upon instruction of counsel, refused to answer a number of properly propounded questions, and/or failed to answer on the pretext that a response to a given question would be taken under consideration.

6.  Plaintiffs request they be allowed to pursue the deposition of Osram Sylvania, whom Plaintiffs subpoenaed

for deposition on July 15, 2004, but were precluded from taking said deposition by Sylvania's procrastinating tactics which temporarily mooted said depositon because of the filing of Plaintiffs' Motion for Summary Judgment on August 23, 2004, as mandated by the Court's Scheduling Order of June 2, 2004.  Osram Sylvania is Defendant's sole supplier of the sun tanning lamps in dispute bearing the asserted marks applied to said lamps marketed and sold by Cosmedico.  The marks applied to the lamps Osram Sylvania supplied to Cosmedico by Osram Sylvania always utilized the letter marks VHR or VLR in conjunction with the prefix COSMOLUX, ROYAL SUN or other prefix and/or design mark.

7.  Osram Sylvania is in possession of critical information that the asserted marks VHR and VLR _per se_ were never applied to any lamp Osram Sylvania supplied to Cosmedico.

## CERTIFICATION

The undersigned counsel hereby asserts that during the discovery period, counsel for the respective parties exchanged a number of letters and had several telephone conversations concerning the discovery matters presented

4

herein, and no agreement could be definitely reached.

                                        Respectfully submitted,

                                        _____
                                        Arthur T. Fattibene, CT06916
                                        Counsel for Plaintiff
                                        Fattibene and Fattibene
                                        2480 Post Road
                                        Southport, CT 06890
                                        Tel:  203-255-4400
                                        Fax:  203-259-0033