UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT


LIGHT SOURCES, INC., and
TAN SYSTEMS, INC.,
                    Plaintiffs

          v.

                              Civil Action
                              No. 303 CV 874 (MRK)

                              At New Haven
COSMEDICO LIGHT, INC.,
                    Defendant    January 12, 2005


**PLAINTIFFS', LIGHT SOURCES, INC. AND
TAN SYSTEMS, INC., MEMORANDUM IN SUPPORT OF
ITS MOTION TO COMPEL AND
COMPLETE DISCOVERY**


                              Arthur T. Fattibene
                              Paul A. Fattibene
                              Fattibene & Fattibene
                              2480 Post Road
                              Southport, CT 06890-1218


ORAL HEARING REQUESTED

**NATURE OF PROCEEDING**

The Court's Ruling and Order dated December 17, 2004, as understood, noted that any brief relating to a discovery dispute which either party would have been entitled to file according to the Federal Rules of Civil Procedure or the Local Rules of the District of Connecticut, must file them by January 14, 2005. This is Plaintiffs' brief which is being submitted pursuant to said December 17, 2004 Ruling and Order.

**STATEMENT OF FACTS**

Discovery in this action was commenced on September 17, 2003, and was to be completed by May 30, 2004. (Court's Scheduling Order of September 2, 2003). By a Court Order dated June 2, 2004, the discovery period was extended to July 23, 2004 and dispositive motions, if any, to be filed by August 23, 2004. The Court's Order of June 2, 2004, further provided that "No further extensions will be granted."

During the established discovery period, Plaintiffs propounded seventeen (17) interrogatories to Cosmedico that included a first set containing Interrogatories 1 to 13 and a second set containing Interrogatories 14 to 17. Plaintiffs also served on Cosmedico a first set of requests

for production of documents containing Requests 1 to 14 and
a second set containing Requests 15 to 27.

A copy of Cosmedico's responses to Plaintiffs'
Interrogatories 1 to 13 and 14 to 17 are presented in an
accompanying Appendix at pages A-1 to A-14.  Cosmedico's
responses to Plaintiffs' requests nos. 1 to 27 for
production of documents are attached in the supporting
Appendix at A-15 to A-29.

Cosmedico's responses to Plaintiffs' Interrogatories
1, 3 and 5 were only partially answered.

In response to Plaintiffs' Interrogatories 2, 4, 6, 8,
10, 11, 14 and 16, Cosmedico asserted Rule 33(d), Federal
Rule of Civil Procedure, and agreed to produce documents
from which the information requested could be derived
allegedly with the same ease as Cosmedico could.  Cosmedico
has not produced documents in compliance with Rule 33(d),
Fed.R.Civ.P.

Rule 33(d), Fed.R.Civ.P. provides that a party may
produce business records in lieu of answering an
interrogatory when the burden of extracting the requested
information would be substantially equal for either party.
Rule 33(d), Fed.R.Civ.P. further requires that a party
relying on Rule 33(d), Fed.R.Civ.P., in responding to an
interrogatory, must "specify the records from which the

2

answer may be derived or ascertained and afford the party serving the interrogatory reasonable opportunity to examine, audit or inspect such records and to make copies, compilations, abstracts or summaries."

Cosmedico did not specify any business record or file from which an answer to a given interrogatory could be derived or ascertained, nor were Plaintiffs given any opportunity to examine Cosmedico's business records. Instead, Cosmedico initially selected only a limited number of documents which Cosmedico allegedly considered as responsive, bearing identification Nos. COS-000001 to COS-000469.

On March 18, 2004, Cosmedico produced an additional selected group of documents identified by Cosmedico's identification numbers COS-000470 to COS-000677.

On April 9, 2004, Cosmedico produced additional self serving documents identified by Bates Nos. COS-000678 to COS-000771.

On April 12, 2004, Cosmedico produced another group of selected documents identified by Cosmedico's Bates Nos. COS-000772 to COS-000816.

On or about July 19, 2004, Cosmedico produced a further group of documents having identification numbers COS-000817 to COS-000827.

At no time did Cosmedico indicate or designate whether the selected documents COS 000001 through COS 000827 were responsive to any particular interrogatory or production request.

A vast majority of the produced documents included commercially published public documents not generated by Cosmedico, and/or copies of documents initially produced by Plaintiffs, e.g. the file histories of the asserted trademarks in suit. Cosmedico's production also included many duplicates of the same documents. Further, Cosmedico selected only one or two documents of a given file, and not the entire file responsive to a request or interrogatory.

Cosmedico's failure to designate which produced document is responsive to a given interrogatory or request for production renders Cosmedico's responses totally deficient and non-responsive.

Cosmedico further objected to Requests for Production 8 and 9 on the grounds of privilege and/or work product, and refuses to provide Plaintiffs with a privilege log as required by Rule 26(b)(5), Fed.R.Civ.P. In addition, Cosmedico did not respond to or supplement its non-responses to Requests 17 and 25.

Pursuant to the Court's Scheduling Order of June 2, 2004, Plaintiffs also took the depositon of Defendant,

Cosmedico, by its designated officer, Jerry Frank.
Although Cosmedico was served with notice of deposition (A-67-74) requesting the deponent to bring certain specified
documents to the deposition, Cosmedico's deponent, Jerry
Frank, <u>did not bring with him any document or thing
specifically requested in the notice of deposition</u>. (A-67-74).

Further, during the deposition, Mr. Frank refused to
answer a number of propounded questions.

Plaintiffs, prior to the close of discovery on June
23, 2004, also subpoenaed Osram Sylvania, Cosmedico's sole
supplier of the sun lamps which are the subject of the
trademark in suit.  Plaintiffs' subpoena on Osram Sylvania
requested that the designated deponent for Osram Sylvania
bring with him or her certain designated documents and
things as indicated in the subpoena and attached notice of
deposition.  See attached Appendix pages (A-75-83).  The
return of service (Appendix page A-83) indicates that the
subpoena was served on Osram Sylvania on July 15, 2004.

Upon receipt of service of the subpoena, Osram
Sylvania telephoned Plaintiffs' counsel to advise that
Sylvania had difficulty with complying with the subpoena
and needed additional time to prepare for deposition.  On
August 2, 2004, Plaintiffs' counsel was advised in writing

of Osram Sylvania's alleged difficulties in complying with
the subpoena.  (See Appendix A-84, 85).

On August 2, 2004, Plaintiffs immediately responded to
Osram Sylvania's letter of August 2, 2004, indicating
Plaintiffs' concerns as to Osram Sylvania's delay. (See A-
86).  Other correspondence and telephone conversations were
exchanged between Osram Sylvania's corporate counsels, Mr.
Stringer and his assistant, Susan Wright, and Plaintiffs'
counsel relating to securing Osram Sylvania's compliance
with the subpoena.  To date, Osram Sylvania has supplied
Plaintiffs with only a sample of a Cosmedico lamp bearing
the composite trademarks COSMOLUX VHR and COSMOLUX VLR with
cat design, and a few invoices and labels relating to said
COSMOLUX VHR and COSMOLUX VLR with cat design trademark.
As of October 8, 2004, Osram Sylvania had advised
Plaintiffs' counsel (A-91) that the only sun lamps Osram
Sylvania supplied to Cosmedico are those identified in the
attachment to its letter of October 8, 2004.  (See Appendix
A-91, 92).  Osram Sylvania's list of lamps (A-92) indicates
that Osram Sylvania did not ever supply Cosmedico with any
lamp bearing the VHR® and VLR marks per se.  Without a
bona fide trademark use of the alleged marks VHR or VLR per
se, Cosmedico cannot acquire any trademark rights in the
letter marks VHR and/or VLR, per se.

Since discovery closed on July 23, 2004 and dispository Motions for Summary Judgment were filed by both parties in accordance with the Court's Order of June 2, 2004, Osram Sylvania's deposition was thus temporarily mooted and was adjourned, as both parties have filed motions for summary judgment that appear to be fully briefed.

However, Plaintiffs request the opportunity to secure the deposition of Osram Sylvania in the event this matter may be scheduled for trial.

# A R G U M E N T

**I.  DEFENDANT'S RESPONSES TO PLAINTIFFS' PROPOUNDED INTERROGATORIES AND REQUESTS FOR PRODUCTION ARE NON-RESPONSIVE.**

**A.  Cosmedico's Responses to Plaintiffs' Propounded Interrogatories Are Insufficient and Non-Responsive.**

**Plaintiffs' Interrogatory No. 2:**

Identify all Cosmedico's tanning lamp models sold or marketed under the trademarks VHR, VLR and/or COSMOLUX VLR from the date of first use of said trademarks to present.

**Response to Interrogatory No. 2:**

*Cosmedico objects to the interrogatory as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to the*

7

*foregoing general and specific objections, and pursuant to Fed.R.Civ.P. 33(d), Cosmedico will produce documents from which the requested information may be derived.*

While Cosmedico's response to Interrogatory No. 2 indicates that Cosmedico agreed to produce its documents or records from which the requested information may be derived pursuant to Rule 33(d), Fed.R.Civ.P., in lieu of an answer, Cosmedico has not complied with the requirements of Rule 33(d) of Fed.R.Civ.P.  Rule 33(d) expressly states that upon exercising the option to produce business records in lieu of an answer to an interrogatory

> "It is a sufficient answer to such interrogatory to <u>specify the records from which the answer may be derived or ascertained</u>, and to afford the party serving the interrogatory <u>reasonable opportunity to examine, audit or inspect such records</u> and <u>to make copies</u>, compilations, abstracts or summaries."
> (Emphasis added).

Cosmedico's response to Interrogatory No. 2 does not identify or specify any business record from which the answer may be derived, nor were Plaintiffs given the opportunity to examine any Cosmedico business records and/or make any copy thereof, from which the requested information could be ascertained.

Cosmedico's alleged production of what appears to be a random collection of pre-selected documents identified by Bates Nos. COS 000001 to 000827 is not a proper respone to Interrogatory No. 2, since Cosmedico has not designated which of the pre-selected documents provides a response to Interrogatory No. 2.

Interrogatory No. 2 requested Cosmedico to identify all lamp models sold or marketed by Cosmedico under the trademarks VHR; VLR; and/or COSMOLUX VLR.  A review of Cosmedico's selected produced documents does not appear to include any document that will establish Cosmedico marketed any lamp under a trademark consisting simply of VHR or VLR letters per se.  All of the Cosmedico noted documents relating to the information sought, show that the use of the letters VHR and/or VLR are always used in conjunction with the word or term COSMOLUX, e.g. COSMOLUX VHR or COSMOLUX VLR together with an outline of a cat as a composite word and design mark or as a composite word mark. The Patent and Trademark Office records further show that the Cosmedico intent to use trademark application for the composite mark COSMOLUX VLR had to be abandoned by Cosmedico because it could not supply a satisfactory statement of use or specimen that the composite word mark COSMOLUX VLR had acquired a trademark use necessary for

9

<u>securing the registration of said COSMOLUX VLR mark</u>.  See COS-000519, 000520 (A-93, 94).

The record shows that the letter mark VLR per se has also been registered to an unrelated third party in International Class 011, the same class in which Cosmedico registered marks are classified, which precludes Cosmedico from any exclusive use to the VLR mark for goods in Class 011.

For the reasons stated herein, it must be deemed that Cosmedico's alleged response to Interrogatory No. 2 is grossly non-responsive and not in compliance with the requirements of Rule 33(d), Fed.R.Civ.P.  Therefore, Cosmedico should be compelled to properly and fully response to Interrogatory No. 2.

Cosmedico has similarly opted to rely on Rule 33(d) in responding to Plaintiffs' Interrogatories 3, 4, 6, 8, 10, 11, 14 and 16.  (A-1 to 14).  It is submitted that Cosmedico's responses to Interrogatories 3, 4, 6, 8, 10, 11, 14 and 16 under Rule 33(d) are grossly insufficient for all of the same reasons stated above with respect to Interrogatory No. 2, and the reasons need not be repeated.

**B.  Cosmedico's Responses To Plaintiffs' Requests For Production of Documents and Things Are Insufficient.**

Rule 34 of Fed.R.Civ.P. expressly states that a response to a request for production of documents and things shall state:

> "…with respect to each item or category, that the inspection and related activity will be permitted as requested, unless the request is objected to, in which event the reason for the objection shall be stated.  If the objection is made to part of an item or category, the part shall be specified and inspection permitted of the remaining parts."
>
> …
>
> "The party who produces documents for inspection shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the category requested."

Cosmedico did not comply with the requirements of Rule 34, nor did Cosmedico produce any documents as they are kept in the usual course of business nor has Cosmedico organized and labeled the produced documents to correspond to the categories requested.

For example:

**Plaintiffs' Request No. 1 was directed to:**

All documents that illustrate how Cosmedico is using the mark VHR as a trademark in commerce.

Cosmedico's response was:

*Cosmedico objects to the request as overbroad and unduly burdensome.  Subject to the foregoing general and*

*specific objections, and without waiving them, Cosmedico*
*will produce documents responsive to this request.*

While Cosmedico noted in its response it will produce the documents requested, it is not known which of the more than eight hundred documents, i.e. pages, Cosmedico produced, are intended to be responsive to Request No. 1. As indicated in the above Statement of Facts, Cosmedico at various times produced what appear to be a number of selective, self serving pages, as distinguished from documents, that were apparently randomly compiled and numbered from COS 000001 to COS 000827 in no particular order and without any designation of what document or page was produced in response to any particular request. The documents produced do not appear to have been produced in the manner they were kept in the usual course of business. It also appears from Cosmedico's alleged production that some of the alleged documents are not responsive to any specific request.

Cosmedico has not organized the documents and label the documents produced to correspond with the category requested. As a result, Plaintiffs are at a loss to ascertain which of Cosmedico's randomly produced pages of

alleged documents 000001 to 000827 are considered to be responsive to any given interrogatory or request.

As to Plaintiffs' Request No. 1, Plaintiffs have not been able to identify a single document produced by Cosmedico that is responsive to Request No. 1, viz. how Cosmedico is using the mark VHR per se as a trademark. Yet, Cosmedico agreed to produce such document.

Plaintiffs are not aware of any use by Cosmedico of the alleged letter marks VHR and/or VLR, per se, as a trademark apart from the use thereof with the prefix COSMOLUX, e.g. COSMOLUX VHR or COSMOLUX VLR or ROYAL SUN VHR, etc. Osram Sylvania, Cosmedico's sole supplier of the sun lamps in suit, has acknowledged that the lamps bearing the letters VHR and VLR have all at times been used in conjunction with the prefix COSMOLUX, e.g. COSMOLUX VHR or COSMOLUX VLR with a cat design. (A-91, 92). Mr. Frank, as President of Cosmedico, so testified on deposition. Unless Cosmedico can establish a trademark use for the VHR and VLR marks per se, Cosmedico has no standing or right to assert said VHR or VLR as a Cosmedico trademark. Therefore, a proper response to Request No. 1 is not only relevant, but critical in determining whether Cosmedico has any rights in and to the asserted trademarks VHR and/or VLR per se.

Cosmedico should be compelled to fully and properly respond to Plaintiffs' Request No. 1.

Cosmedico's responses to Requests for Production Nos. 2, 3, 4, 6, 7, 10, 11, 12, 13, 14, 15, 16, 18, 19, 20, 21, 22, 23, 24, 25, 26 (A-15-29) are also deemed to be non-responsive for the same reasons and rationale applied to Request No. 1 above and need not be repeated.  Although Cosmedico stated that it will produce documents responsive to Requests for Production Nos. 2, 3, 4, 6, 7, and 10 to 26, Cosmedico has not identified or designated which documents of its alleged production (COS-000001 – 000827) are responsive to any of the foregoing noted requests. Plaintiffs ought not have to speculate or function as a mind reader to ascertain which document Cosmedico has considered as being responsive to any particular request.

Defendant should be compelled to properly respond and specifically designate or produce the specific documents Defendant asserts is responsive to a specific request.

**Request No. 8.**  All opinions of counsel rendered to and/or on behalf of Cosmedico relating to infringement or non-infringement of Cosmedico's trademarks VHR, VLR and COSMOLUX VLR by Plaintiff's use of the THR and TLR marks.

14

**Response:** *Cosmedico objects to the request as directed to information protected from disclosure by the attorney-client privilege and/or work-product immunity.*

**Request No. 9.** All opinions of counsel rendered to and/or on behalf of Cosmedico relating to validity and/or invalidity of Cosmedico's trademarks VHR, VLR and COSMOLUX VLR.

**Response:** *Cosmedico objects to the request as directed to information protected from disclosure by the attorney-client privilege and/or work-product immunity.*

Plaintiffs' Requests for Production 8 and 9 are directed to opinions of counsels rendered to Cosmedico relating to infringement of Cosmedico's asserted trademarks by Plaintiffs' use of the THR and TLR letters, and the validity of Cosmedico's asserted trademarks in suit. Cosmedico refused to answer on the grounds of attorney-client privilege or attorney-work product privilege. Notwithstanding Cosmedico's claim of privilege, Cosmedico nevertheless is required to provide Plaintiffs with a privilege log, as required by Rule 26(b)(5), Fed.R.Civ.P. Cosmedico has refused to provide a privilege log.

Rule 26(b)(5) requires that a party who withholds information based on a claim of privilege or attorney work product protection must state the claim expressly and describe the nature of the documents or information so withheld in a manner that will enable the other party to assess the claim of privilege or protection.  The language of Rule 26(b)(5) is unambiguous.  Cosmedico is required to provide a privilege log if it intends to withhold any information on the grounds of privilege.  Failure of providing a timely privilege log may result in waiving the privilege.  As noted in Anderson v. Marion County Sheriff's Dept., 220 FRD 555, 563 (SD Ind 2004), the time to make a showing that information is privileged is at the time the privilege is asserted, not months later when the matter is before the Court.

Plaintiffs are claiming that Defendant is asserting frivolous and baseless claims of trademark infringement, causing Plaintiffs to expend considerable time, money and energy to defend.  (Plaintiffs' Second Amended Complaint, Count V).  It is submitted that it is incumbent upon Defendant to have secured a competent opinion of counsel before asserting any claim of infringement.

The information requested by Plaintiffs' Requests 8 and 9 is relevant in supporting Plaintiffs' claims that

Defendant's assertions of infringement have no basis in
fact or law; thus rendering Defendant's claims frivolous
and malicious.  Cosmedico has not and cannot show any use
of the letters VHR and/or VLR per se as a trademark.  Such
lack of trademark use demonstrates that Cosmedico's claims
are baseless, willful and malicious, and are being pursued
solely to subject Plaintiffs to a large legal expenditure,
for which Plaintiffs should be entitled to recoup their
costs and attorneys fees.

    Plaintiffs should be entitled to the discovery of the
information to which Plaintiffs' Motion to Compel is
directed in the event this matter is required to go to
trial.


**II.  PLAINTIFFS SHOULD BE ENTITLED TO CONTINUE THE
    ADJOURNED DEPOSITION OF COSMEDICO BY ITS DESIGNATED
    DEPONENT, MR. JERRY FRANK.**

    During the deposition of Cosmedico on June 19, 2004,
Cosmedico's designated representative, Mr. Jerry Frank,
refused to answer a number of questions on the grounds of
privilege and other grounds.

    With respect to the opinions that are the subject of
Plaintiffs' Request for Production Nos. 8 and 9, the notice
of deposition (A-67-74) directed the designated deponent
(Mr. Frank) to bring to the deposition all such opinions

(A-71).   Mr. Frank did not bring with him any requested item set forth in the notice of deposition.  (A-67-74).  At the deposition, Mr. Frank was asked:

**Q.**  Have you brought any of those opinions with you today?

**Mr. Malone:**  I object to the question as being beyond the scope of the deposition notice, and I instruct the witness not to answer.

**Q.**  Can you answer the question?

**A.**  I've been instructed not to.

**Q.**  You are abiding by his instruction?

**A.**  I am.  (See A-32-33)

Mr. Frank was also asked on deposition on page 47 (A-33, 34):

**Q.**  Has Cosmedico Light secured any opinion of counsel relating to the alleged infringement of the TLR and THR with respect to the marks Cosmedico Light is asserting in this litigation?

**Mr. Malone:**  I object to the question.  It calls for the production of privileged information.  I instruct the witness not to answer.

**Mr. Fattibene:**  That's a yes or no answer.  It is not privileged.

At page 80 (A-35) of Mr. Frank's deposition transcript, Mr. Frank was asked:

**Q.**  Did Cosmedico conduct any type of trademark search prior to notifying Tan Systems or Light Sources of infringement of the alleged VLR mark?

**Mr. Malone:**  Objection as to the form of question.  I also object to the extent that the answer to the question would involve divulging activities taken in anticipation of litigation, then those activities would be subject to the work product immunity, and you should not answer with respect to that.

**A.**  I'm going to abide by my attorney's suggestion.

**Q.**  Are you refusing to answer?

**A.**  Yes.


With respect to Frank's deposition Exhibit 11 identified as Mr. Fattibene's letter, in response to a letter by Cosmedico's attorney, David Belfort, Mr. Frank was asked:

**Q.**  Did you discuss the contents of this letter (Exhibit 11) with Mr. Belfort?

**Mr. Malone:**  Objection, privileged conversation.  I instruct you not to answer that question.

**Mr. Fattibene:** It's not privilege. It's a yes or no answer. There's no privilege found in that answer.

…

**A.** I'm going to take my attorney's advice, yes.

(A-38, 39)

Clearly, the questions which Mr. Frank refused to answer did not require the disclosure of any privileged matter. Even if the answers to the above questions were privileged, Cosmedico is still obligated to provide a privilege log which, to date, Cosmedico has refused to provide. The inquiries were purely factual in nature. The questions Mr. Frank refused to answer were not directed to any mental impression or legal evaluation of an attorney to which a privilege would apply.

Further, it is to be noted that the work product immunity is not absolute. Such information is discoverable where there is no other reasonable source for such information, and that Plaintiffs have substantial need for such information.

In Count VI of the Second Amended Complaint, Plaintiffs have pleaded that Defendant is asserting that Defendant has exclusive trademark rights in and to the letter marks VHR and VLR per se, when in fact Defendant has

never acquired a trademark use for the letters VHR and/or VLR per se.  Plaintiffs further claim that as a result thereof, Defendant's acts are immoral, oppressive, malicious and willful.

To establish Plaintiffs' claims, it is necessary for Plaintiffs to discover what precautions Defendant took, if any, to ascertain the merit and validity of the asserted VHR and VLR marks, and what investigation, if any, Defendant undertook prior to making its infringement charges against Plaintiffs.  Thus, Plaintiffs have a substantial need to ascertain whether or not Defendant made the necessarily reasonable inquiries mandated by Rule 11(b), Fed.R.Civ.P.  Since Defendant is the only source from whom this information can be secured, and as the information is necessary to support Plaintiffs' claim, it would appear that Plaintiffs are entitled to discovery into what investigation or opinion Defendant secured prior to asserting its apparent baseless claims of trademark infringement.

For the reasons stated, Defendant should be compelled to respond to the deposition inquiries which Defendant has refused to answer, and that Plaintiffs be permitted to ask follow-up questions to the inquiries Defendant refused to answer.

### III. PLAINTIFFS SHOULD BE PERMITTED TO SECURE THE DEPOSITION OF OSRAM SYLVANIA.

As noted herein, Osram Sylvania was duly served with a Subpoena duces tecum to produce certain designated documents and things and to appear for deposition (A-75-82). A return of service is dated July 15, 2004. (A-83). Upon receipt of the subpoena served on Osram Sylvania, its general counsel, Mr. Jonathan Stringer, called to advise that Osram Sylvania's knowledgeable personnel were on vacation, and that Osram Sylvania required additional time to comply with the subpoena. Several telephone calls later, Plaintiffs' counsel received a letter dated August 2, 2004, authored by Susan Wright, Mr. Stringer's trademark specialist, in which Osram Sylvania set forth a host of reasons why Osram Sylvania could not comply with the subpoena, after Mr. Stringer indicated that Osram Sylvania would supply Plaintiffs' counsel with the requested documents by August 6, 2004. On August 2, 2004, Plaintiffs' counsel immediately replied to Ms. Wright's letter of August 2, 2004 (see A-86), and indicated Plaintiffs' concerns with respect to Osram Sylvania's apparent dilatory efforts. On September 27, 2004, Plaintiffs' counsel again inquired in writing as to when Osram Sylvania would produce the requested documents and

things. (See A-87, 88).  On October 6, 2004, Plaintiffs'
counsel again reminded Osram Sylvania of its need to send
the requested information.  (See A-89, 90).

By telephone, either Mr. Stringer or Ms. Wright
advised Plaintiffs' counsel that Osram Sylvania did not
supply Cosmedico Light, Inc., the defendant herein, with
any lamps that were simply marked with only the asserted
three letter trademark VLR and/or VHR per se.  To
substantiate this oral admission, Osram Sylvania, on
October 8, 2004, produced a document that shows those
trademarks Osram Sylvania applied to the lamps it supplied
to Cosmedico bearing Cosmedico's asserted trademarks.  (A-
91, 92).  Osram Sylvania's list (A-92) of the lamps which
it supplied to Cosmedico does not include any lamps that
bear only the asserted letter marks VHR or VLR trademark,
per se.  It must be noted that Royal Sun is not a Cosmedico
trademark which is also associated with the VHR or VLR
suffix.  (A-92).

In view of the foregoing facts, Osram Sylvania has
critical information which Plaintiffs should be permitted
to discover thereinto and to take Osram Sylvania's
deposition in the event this matter is set down for trial.
It should be apparent that but for Osram Sylvania's

dilatory tactics, Plaintiff could have timely secured the depositon of Osram Sylvania.

## C O N C L U S I O N

For the reasons set forth herein, it is requested that Plaintiffs' Motion to Compel and To Complete Discovery be granted.

Respectfully submitted,

_____
Arthur T. Fattibene, CT06916
Counsel for Plaintiff
Fattibene and Fattibene
2480 Post Road
Southport, CT 06890
Tel:  203-255-4400
Fax:  203-259-0033