# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| LIGHT SOURCES, INC., and TAN SYSTEMS, INC.,     Plaintiffs, | CIVIL ACTION NO.: 3:03-CV-874 (MRK) |
| v. | |
| COSMEDICO LIGHT, INC.,     Defendant | |
| COSMEDICO LIGHT, INC.,     Counterclaimant | |
| v. | |
| TAN SYSTEMS, INC., and LIGHT SOURCES, INC.,     Counterdefendants, | FEBRUARY 3, 2005 |

### COSMEDICO'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL AND COMPLETE DISCOVERY

The parties to this action appeared before the Court on January 27, 2005, for the purpose of conducting a hearing on the motions then pending, including motions for partial summary judgment filed by both sides to the litigation. At the well-taken suggestion of the Court, the parties that day engaged instead in discussions intended to explore the possibility of settlement in view of the plain fact that a real and present dispute no longer exists between the parties. Against this contextual backdrop, the present motion to compel filed by the plaintiffs, Light Sources, Inc. ("LSI") and Tan Systems, Inc. ("Tan Systems"), is readily seen for what it

truly is: yet another heaping helping of hyperbole and illusion intended solely to harass the defendant, Cosmedico Light, Inc ("Cosmedico"), at the expense of the Court and the already overburdened record in this action.

Plaintiffs' motion purports to seek the following relief:

1. Responses by Cosmedico to imagined document requests and interrogatories different from those actually propounded by the plaintiffs;

2. A hand-holding exercise in which Cosmedico would go page-by-page through the document production (on the order of about 1,000 pages) in this case to help the plaintiffs to more fully appreciate the responsiveness of each document to plaintiffs' various discovery requests;

3. A wholly unjustified waiver of Cosmedico's attorney-client privilege and work product immunity;

4. The continued and unbounded further deposition of Cosmedico's principal, who has already testified in excess of the full, seven hour day to which plaintiffs were entitled; and,

5. The compelled production of documents and appearance for deposition by a third party whom plaintiffs did not even bother to serve with their motion papers.

To add insult to injury, the "Certification" appended to plaintiffs' motion discloses merely that the parties had several communications regarding discovery issues "during the discovery period," language couched to obscure from the Court the fact that all of those communications occurred *many months ago*. The specific issues presented in the present motion were not identified by plaintiffs in those prior communications, and plaintiffs made no effort

whatsoever to discuss any of these issues with defendant's counsel at any time within the 90 days preceding their filing of the motion.

The Court has indicated to the parties that, if they are unable to reach a compromise within the next few weeks, discovery will be re-opened so that the parties may prepare for a proper trial of this action. Cosmedico agrees that necessary discovery events remain for all parties; however, the present motion is not a sincere effort to define those events and, for that reason, too, should be denied.

### I.  Plaintiffs Have Failed to Demonstrate Any Deficiency in Cosmedico's Document Production and Interrogatory Responses

The alleged failures and deficiencies in Cosmedico's discovery responses in this action amount to no more than plaintiffs' intentional blindness to the substance of Cosmedico's disclosures and the limitations of plaintiffs' own requests.

#### A.  Cosmedico Has Responded Fully and Properly to Plaintiffs' Interrogatories

Plaintiffs' first complaint concerns its Interrogatory No. 2:

> Identify all Cosmedico's tanning lamp models sold or marketed under the trademarks VHR, VLR and/or COSMOLUX VLR from the date of first use of said trademarks to the present.

Cosmedico responded to this interrogatory with both an objection and a commitment to produce responsive documents pursuant to Fed. R. Civ. P. 33(d). The objection was based on the fact that Cosmedico is the trademark owner in this case, and has procured two federal trademark registrations granted by the United States Patent and Trademark Office based upon Cosmedico's establishment that it has used the two trademarks in interstate commerce and otherwise satisfied the requirements of the trademark statute. It is not necessary for Cosmedico to identify every different lamp model it has ever sold or marketed in order to

defend its trademark registrations. Thus, the request goes far beyond the bounds of information "likely to lead to the discovery of evidence admissible at trial."

Nonetheless, Cosmedico indeed produced documents from which the requested information can readily be ascertained, including catalogs and other promotional materials that identify Cosmedico's products by model. Plaintiffs are dissatisfied with the response and the production because they have chosen to add a spin to the interrogatory that simply does not appear in the request. That is, they now interpret their own interrogatory to require disclosure of uses of the marks VHR, VLR and COSMOLUX VLR separate and apart from other marks, including the Cosmedico name. The truth of the matter, however, is that Cosmedico has fulfilled even this heightened expectation.

At the deposition of Cosmedico's principal, Mr. Jerry Frank, plaintiffs' counsel made several requests on the record for the production of additional documents referenced in the witness' testimony. On August 16, 2004, Cosmedico's attorney responded to each of those requests, providing still more documents. Specifically, Cosmedico produced documents showing use of the trademarks in suit in 1991 and 1992. Cosmedico also produced documents showing its own use of the mark VHR separate and apart from other Cosmedico marks – the very thing plaintiffs now claim they can't find within the document production. Yet, those documents were very clearly described to plaintiffs in the August 16, 2004 letter:

> Page 45    Cosmedico has previously produced pages from its current catalog, bearing production numbers COS 00785 – COS 000788, showing the use of the mark VHR apart from other Cosmedico trademarks. As a courtesy, Cosmedico encloses with the original of this letter a full color copy of this catalog bearing production numbers COS 00828 – COS 00839.

4

Plaintiffs' allegation, at page 9 of their memorandum, that "Cosmedico has not designated which of the pre-selected documents provides a response to Interrogatory No. 2" (emphasis deleted) is simply untrue.

Plaintiffs attempt to disparage Cosmedico's responses to Interrogatory Nos. 3, 4, 6, 8, 10, 11, 14 and 16 with a mere wave of the hand. Plaintiffs have made no showing as to why the responses are allegedly deficient, and are not entitled to any of the relief they now demand.

> B. Cosmedico Has Responded Properly to Plaintiffs' Document Production Requests

Plaintiffs' denigration of Cosmedico's document production ignores the substance of the materials produced in this case in favor of reckless and inflammatory allegations utterly unsupported by fact. According to plaintiffs, the 827 pages of documents produced by Cosmedico are "selective, self-serving pages," "randomly compiled," and "randomly produced." (plaintiffs' memorandum at 12) In fact, the documents were produced in the manner in which they are kept in the ordinary course of its business. Plaintiffs apparently would prefer that Cosmedico do plaintiffs' work for them and identify, page by page, which documents are responsive to each of plaintiffs' document requests. Plaintiffs are not entitled to this relief.

As with the interrogatory responses, plaintiffs have chosen to turn a blind eye to the plain facts before them. Plaintiffs claim, as to their document production request no. 1, that they "have not been able to identify a single document produced by Cosmedico that is responsive . . . viz. how Cosmedico is using the mark VHR per se as a trademark." (plaintiffs' memorandum at 13). At the outset, plaintiffs Request No. 1 simply does not call for the

5

identification and production of documents showing this so-called "per se" usage of Cosmedico's trademark apart from other marks. Yet, as explained above, the August 16, 2004 letter provided to plaintiffs' counsel, and the documents transmitted with that letter, clearly provide precisely the information plaintiffs now say they meant to request.

### II.  Plaintiffs Have Shown No Justification to Abrogate Cosmedico's Attorney-Client Privilege and Work Product Immunity

Plaintiffs' document production Request Nos. 8 and 9 demand disclosure and production of any and all opinions of counsel rendered by or for Cosmedico as to the validity and infringement of the trademarks in suit. Cosmedico properly objected to these requests on the basis of privilege, and maintained its objection, and its privilege, when plaintiffs' counsel attempted to elicit the same information from Mr. Frank at his deposition.

Plaintiffs do not suggest that Cosmedico has in any way waived its privilege or immunity in the work product and advice of its counsel. Rather, plaintiffs appear to argue merely that such opinions of counsel would be relevant to plaintiffs' specious contentions regarding the merits of the counts of Cosmedico's counterclaim in this action. Yet, mere relevance alone has never been held to trump a valid claim of privilege.

From the outset of this action, Cosmedico has offered to exchange privilege logs with the plaintiff at an appropriate time. Plaintiffs have steadfastly refused these offers, demanding instead that Cosmedico produce a log unilaterally, despite plaintiffs' own failure to meet the very requirement they would impose on Cosmedico. Cosmedico remains hopeful that the present efforts to reach a compromise in this action will be successful. If not, Cosmedico will prepare and provide to plaintiffs a log of privileged documents within 10 days of the lifting of the present "stay," even without any assurance that plaintiffs will do likewise.

### III. Plaintiffs Have Already Had a Full and Fair Opportunity to Depose Cosmedico's Rule 30(b)(6) Witness

For the reasons just stated, Mr. Frank's reliance upon attorney-client privilege during his deposition was clearly justified. Moreover, because the Federal Rules of Civil Procedure limit the deposition of a witness to one seven hour day, unless otherwise ordered by the Court, plaintiffs have fully exhausted their right to further interrogate this witness. If the Court concludes that the bare initial inquiries as to whether or not advice of counsel was sought, or opinions rendered, those yes-or-no questions can be answered in writing. There is no justification for Mr. Frank to submit to the burden of continued harassing interrogation.

### IV. Plaintiffs' Complaint Regarding Osram Sylvania Should Be Directed To That Third Party

Plaintiffs' vague complaints regarding the responsiveness of a third party, Osram Sylvania, to plaintiffs' subpoena, are troubling for several reasons. First, plaintiffs admit that they have made no efforts to contact Osram Sylvania, or otherwise seek fulfillment of the subpoena, since at least October 6, 2004, nearly four months ago.

Second, plaintiffs' motion papers disclose that plaintiffs engaged in an extensive course of correspondence and other communications with Osram Sylvania, none of which were previously disclosed to Cosmedico. Moreover, according to plaintiffs' own admission, Osram Sylvania in fact provided plaintiffs with documents and information responsive to the subpoena. Again, Cosmedico was never notified of this production and never provided with copies of the produced materials.

Finally, it is unclear what relief plaintiffs expect the Court to award against Cosmedico with respect to this third party. Osram Sylvania may well feel that it has fulfilled its

obligations under the subpoena through its communications with plaintiffs counsel (which amount essentially to an *ex parte* deposition from which Cosmedico was intentionally excluded) and its production of documents to plaintiffs. The Court cannot assess this issue on an informed basis, however, because plaintiffs apparently never bothered even to serve a copy of the present motion papers on Osram Sylvania, so that third party has not been heard on the issue.

### V.     Conclusion

Plaintiffs have failed to show that Cosmedico's conduct in discovery has been anything less than full and complete. Plaintiffs' outrageous allegations, contrary to the plain facts and cast in inflammatory terms (e.g., "[d]efendant's acts are immoral, oppressive, malicious and willful" [plaintiffs' memorandum at 21]) represent the antithesis of "civil" litigation and should not be condoned by the Court. Plaintiffs' motion should be denied in its entirety.

                                      Respectfully submitted,
                                      Cosmedico Light, Inc.,
                                      by its Attorneys,

Dated: February 3, 2005                      /s/ Dale A. Malone
                                      JAMES W. OLIVER
                                      Federal Bar No.:  ct02510
                                      Berman and Sable
                                      100 Pearl Street, 10th Floor
                                      Hartford, CT 06103
                                      Tel:   (860) 527-9699
                                      Fax:   (860) 527-9077

                                      DALE A. MALONE
                                      Federal Bar No.:  ct25020
                                      Banner & Witcoff, Ltd.

28 State Street  
Boston, Massachusetts 02109  
Tel:   (617) 720-9600  
Fax:   (617) 720-9601

**CERTIFICATION OF SERVICE**

      This is to certify that a copy of the foregoing document was served by mail, first class postage prepaid, on this _3__rd day of February, 2005 to all counsel of record as follows:

Arthur T. Fattibene, Esq.
Paul A. Fattibene, Esq.
2480 Post Road
Southport, CT  06490

Cynthia L. Counts, Esq.
Counts & Associates
1384 Lanier Place
Atlanta, Georgia 30306

                                      _____/s/ Dale A. Malone_____
                                      Dale A. Malone