UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LIGHT SOURCES, INC., and
TAN SYSTEMS, INC.,
                    Plaintiffs

            v.

                              Civil Action
                              No. 303 CV 874 (MRK)

                              At New Haven

COSMEDICO LIGHT, INC.,
                    Defendant     February 9, 2005


REPLY MEMORANDUM
OF
PLAINTIFFS, LIGHT SOURCES, INC.'S AND
TAN SYSTEMS, INC.'S TO DEFENDANT, COSMEDICO LIGHT, INC.'S
MEMORANDUM IN OPPOSITION TO PLAINTIFFS'
MOTION TO COMPEL AND COMPLETE DISCOVERY


                              Arthur T. Fattibene
                              Paul A. Fattibene
                              Fattibene & Fattibene
                              2480 Post Road
                              Southport, CT 06890-1218



ORAL HEARING REQUESTED

**NATURE OF PROCEEDINGS:**

On or about January 12, 2005, Plaintiffs filed and served on Defendant, Plaintiffs' Motion to Compel and Complete Discovery pursuant to the Court's Ruling and Order dated December 17, 2004 (Doc #97).  On February 7, 2005, Plaintiffs received by mail Defendant's, Cosmedico Light, Inc. (herein Cosmedico or Defendant) Memorandum In Opposition to Plaintiffs' Motion to Compel and Complete Discovery.  This is Plaintiffs' Reply to Defendant's Memorandum in Opposition to Plaintiffs' Motion.

## A R G U M E N T

**I.   Defendants' Memorandum Is Replete With Self-Serving Rhetoric, Conclusionary Statements and Irrelevant Argument of Counsel.**

Defendant's remarks at page 1 to the top of page 3 of Defendant's Opposing Memorandum comprise nothing more than mere rhetoric of counsel which does not address the substance of Plaintiffs' Motion to Compel and Complete Discovery.  Contrary to Defendant's rhetorical argument at page 1, until a settlement can be reached "a real and present dispute" does exist.  Light Sources' present and future marketing plans are in limbo until this suit is settled or resolved.  Defendant neglects to advise the Court that Defendant has unequivocally rejected all

1

Plaintiffs' initial proposals of settlement, nor has Defendant submitted any counter proposals. Defendant has not responded to Plaintiffs' second round of proposals which Defendant requested. Plaintiffs' second round of proposals merely seek to establish some understanding as to what marks Plaintiffs may legally use and/or adopt now or in the future, to which Defendant will agree are not likely to be confused with Defendant's alleged registered marks in suit.

Plaintiffs, and principally Light Sources, does not wish to enter into any settlement whereby it will be held hostage with respect to what marks Light Sources may or may not use now or in the future. Plaintiffs cannot afford to rely upon Defendant's whim, fancy or bullying tactics against Light Sources' customers as to what marks Defendant considers would be confusingly similar to its alleged or asserted registered trademarks.

The Plaintiffs have expended substantial monies, time and effort in this matter and Plaintiffs have no desire to "simply walk away" from this litigation, only to revisit the same frivolous infringement claims at some future time and/or place.

Defendant's continued "hardball" tactics, silence in responding to Plaintiffs' second round of proposals, and

2

Defendant's apparent refusal to agree as to what marks
Plaintiffs may or may not lawfully use now or in the
future, renders any settlement most difficult, if not
impossible.

## II.    Defendant's Arguments Do Not Address The Issues
##        Raised In Plaintiffs' Motion To Compel.

Defendant's argument at pages 3, 4 and the top of page
5 of its Opposing Memorandum comprise nothing more than
self-serving rhetoric of counsel that lacks any factual
foundation.  Significantly, Cosmedico fails to identify any
evidence in its arguments, which Cosmedico alleges was
produced, that will establish Cosmedico's "use in commerce"
of any goods bearing the asserted registered VHR mark as
depicted in its asserted Federal Trademark Registration No.
2,124,659 (attached hereto as Addendum 1) to indicate
origin of source.  The Cosmedico documents bearing
production numbers COS 000785-COS 000789[1] (attached hereto
as Addendum 2), depicts that the asserted VHR mark is
always used on the goods as "used in commerce" in
conjunction with Cosmedico's brand name COSMOLUX with an
associated outline of a cat design wherein the letters VHR
are used as a descriptive suffix for describing the
physical characteristics of the lamp or as a "grade"

---

[1] Document 000789 is the omitted last page of Cosmedico's brochure referred to at page 4 of Defendant's
Opposing Memorandum, identified by Cosmedico's production numbers COS 000785-000788. (Attached
Addendum 2).

designation associated with or without other letters and/or numbers, to designate one model of a COSMOLUX brand lamp from another COSMOLUX brand lamp, e.g.

COSMOLUX (cat design) VHR

COSMOLUX (cat design) VHR TT

COSMOLUX (cat design) VHR 9K90.

Thus, Cosmedico's use of the letters VHR, as used in commerce and on the goods, is always that of a <u>composite word and design mark wherein the suffix letters VHR comprise a descriptive or grade designation</u> for a particular COSMOLUX brand lamp, and not as a <u>trademark use for indicating origin of source</u>.

The Cosmedico produced documents bearing identification nos. COS 000828 to COS 000839 referred to at page 4 of Defendant's Opposing Memorandum (attached hereto as Addendum 3), do not evidence <u>a use in commerce</u> of the federally asserted registered VHR mark as depicted in U.S. Registration 2,124,659, for the reasons above stated. Cosmedico's brochure COS 000828-000839, (Addendum 3), referred to on page 4 is not evidence of any <u>independent trademark use of the asserted registered VHR mark</u>.

The term "use in commerce" as defined in Title 15 USC 1127 means:

"the bona fide use of a mark in the ordinary course
of trade, and not made merely to reserve a right in
a mark.  For purposes of this chapter, a mark shall
be deemed to be in use in commerce-
    (1)  on goods when-
        (A) it is placed in any manner on the
        goods or their containers or the displays
        associated therewith or on the tags or
        labels affixed thereto, or if the nature
        of the goods makes such placement
        impracticable, then on documents
        associated with the goods or their sale,
        and
        (B)  the goods are sold or transported in
        commerce, …"

The only evidence of "use in commerce" noted in Cosmedico's identified brochure COS 000785-788 and COS 000828 to 000839 is limited to only the photos of the lamps disclosed therein that show how the asserted marks are actually used on the goods as the goods are sold or transported in commerce.  The text of said brochure uses the VHR acronym as an adjective, i.e. in its descriptive sense, e.g. "new VHR lamp" COS-000788 (col. 1); "VHR specification"; "VHR designs" (COS 000789, col. 1); "old VHR lamps"; "VHR regular blend", etc.  Such descriptive use of the term VHR cannot be considered a "use in commerce" to indicate origin of source and/or as a trademark use separate and apart from the term COSMOLUX with a cat design.  Sales brochures, advertisements and the like are not evidence of any trademark use "in commerce".  15 USC 1127.

5

Defendant's documents COS 000785-000788 (Addendum 2) and COS 000828-000839 (Addendum 3), referred to at the bottom of page 4, supports Plaintiffs' contention that Defendant has never marketed a VHR product independent of the associated brand mark COSMOLUX, and that Defendant's use of the letters VHR is being used as a "descriptive acronym" or a "grade" mark, and not as a trademark for indicating "origin of source". Defendant's use of the VHR acronym as a descriptive acronym or "grade" suffix to Defendant's brand name COSMOLUX lamp coupled with a cat design, is merely to distinguish one COSMOLUX brand lamp from another COSMOLUX brand lamp by its physical characteristic or grade. Defendant's cited documents do not evidence that any separate VHR product exists and/or that was marketed by Cosmedico. Thus, there can be no evidence of any advertising or sales success for VHR mark independent of its use with Defendant's brand name COSMOLUX. For a case in point, reference is made to Pfizer, Inc. v. Astra Pharmaceutical Products, Inc. cited at 33 USPQ 2d 1545 (SDNY 1994) citing Second Circuit law. To the same effect, reference is made to Manufacturing Co. v. Trainer, 101 US 51 (1879), attached hereto as Addendum 4 for convenience.

6

**III. Cosmedico Has Not Properly Responded To Plaintiffs'
Document Production Requests.**

Defendant's argument at pages 5 and 6 of its Opposing

Memorandum is totally silent as to how Defendant's

responses and/or production are in compliance with Rule 34,

Fed.R.Civ.P.

Further, Defendant's reliance on an August 16, 2004

letter noted on page 6 of Defendant's memorandum is totally

misplaced. The subject matter of Defendant's August 16,

2004 letter related to matters which were raised at the

deposition of Mr. Frank on July 19, 2004, and not to

Plaintiffs' request for production of documents which is

rendered the subject of Plaintiffs' Motion to Compel.

Defendant's August 16, 2004 letter makes reference to

Defendant's documents nos. COS 000822 - COS 000827

(attached as Addendum 5), which Defendant alleged were

"distributed in North America in 1991 and 1992[2]

respectively." However, the documents COS 000822 to COS

000827 (Addendum 5), bear no publication dates to indicate

they were distributed in 1991 and 1992. At best, documents

COS 000822 - COS 000827 are merely cumulative of the sales

brochure Cosmedico previously produced. Defendant's

---

[2] Defendant's trademark registration bears a date of first use in commerce of December 1994. Mr. Frank testified on deposition that Defendant was first organized as a corporation in 1992. Defendant does not explain how Defendant could have distributed documents COS 000822 – COS 000827 before Cosmedico came into being and before Defendant's stated date of first use in commerce of December 1994 as recited in its trademark registration 2,124,659.

documents COS 000822 - COS 000827 always use VHR in association with the Cosmedico brand name COSMOLUX, where the letters VHR, like VHO, are used to describe the "physical characteristics" of the lamp associated therewith; and not as a trademark to indicate origin of source.

**IV.   As To Cosmedico's Privilege And Work Product Indemnity Argument**

At page 6, Cosmedico argues that Plaintiffs have steadfastly refused to exchange privilege logs.  The fact is that Plaintiffs have not asserted a claim of privilege to any of Defendant's discovery requests which it directed to Plaintiffs.  Therefore, Plaintiffs have no reason or requirement for making or exchanging any privilege log with Defendant.  As long as Defendant is asserting privilege and/or work product immunity, it is obligated to provide a privilege log.  Rule 26(b)(5), Fed.R.Civ.P.

**V.   Defendant's Miscellaneous Comments**

Defendant's miscellaneous comments noted at pages 7 and 8 of its Opposing Memorandum have been noted, and it is concluded that Defendant's comments are lacking in merit and therefore insufficient for overcoming the reasons set forth in Parts II and III of Plaintiffs' main brief with

8

respect to the continued deposition of Mr. Frank and in seeking Osram Sylvania's full compliance with the subpoena served on it.

## C O N C L U S I O N

In view of the applicable rules and authorities cited herein, and for the reasons set forth in Plaintiffs' moving papers, it is respectfully requested that Plaintiffs' Motion to Compel and Complete Discovery be granted.

Respectfully submitted,
**Fattibene and Fattibene**

By _____
Arthur T. Fattibene, CT 06916
Paul A. Fattibene, CT 12760
2480 Post Road
Southport, CT 06890
Tel: 203-255-4400
Fax: 203-259-0033

9

**Certificate of Service**

I hereby certify that a copy of

**REPLY MEMORANDUM with attached Addendum**
OF
**PLAINTIFFS, LIGHT SOURCES, INC.'S AND
TAN SYSTEMS, INC.'S TO DEFENDANT, COSMEDICO LIGHT, INC.'S
MEMORANDUM IN OPPOSITION TO PLAINTIFFS'
MOTION TO COMPEL AND COMPLETE DISCOVERY**

has been served by first class U.S. mail, postage prepaid, this    9th    day of February 2005, on counsel of record as follows:


Dale A. Malone
Banner & Witcoff
28 State Street, 28th Floor
Boston, MA 02109-1775

James Oliver
One Financial Plaza,
20th Floor
Hartford, CT 06103


_____
Arthur T. Fattibene, CT 06916
Attorney for Plaintiff