UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LIGHT SOURCES, INC., <br> and TAN SYSTEMS, INC., <br>   <br>     Plaintiffs, <br>   <br> v. <br>   <br> COSMEDICO LIGHT, INC., <br>   <br>     Defendant. | : <br> : <br> : <br> :     NO. 3:03CV874(MRK) <br> : <br> : <br> : <br> : <br> : <br> : |

**RULING AND ORDER**

This case arises out of Plaintiff Light Sources, Inc.'s ("Light Sources") and Plaintiff Tan Systems, Inc.'s ("Tan Systems") alleged infringement of trademarks held by the Defendant, Cosmedico Light, Inc. ("Cosmedico"). Currently pending before the Court are seven motions that fall into four general categories: (1) cross-motions for partial summary judgment; (2) motions related to the sealing and unsealing of certain documents filed in this case; (3) motions related to discovery; and (4) a motion to strike certain documents in support of partial summary judgment.

**I.**

Turning first to the cross-motions for summary judgment, the standard for assessing such motions is familiar. Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(b). A genuine issue of fact exists when "a reasonable jury

could return a verdict for the nonmoving party," and facts are material to the outcome if the substantive law renders them so. *Andersen v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). The moving party bears the burden of demonstrating that no genuine issue exists as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986). If the moving party carries its burden, the party opposing summary judgment "may not rest upon mere allegations or denials," rather the opposing party must "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The Court must draw all ambiguities and inferences in favor of the plaintiffs. *See Andersen*, 477 U.S. at 255. However, to defeat a motion for summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Andersen*, 477 U.S. at 249-50.

The basic facts of this case are not in dispute. All parties to this lawsuit are in the business of making, marketing, and/or selling, *inter alia*, ultraviolet light bulbs for tanning beds. *See* Pls.' Local Rule 56(a)(1) Statement [doc. #60], at ¶¶ 4, 9-11; Def.'s Local Rule 56(a)(1) Statement [doc. #66], at ¶¶ 1-3. Cosmedico has federally registered trademarks for "VHR" (Reg. No. 2,124,659) and "Cosmolux VLR" (Reg. No. 2,788,198). Pls.' Local Rule 56(a)(1) Statement [doc. #60], at ¶¶ 32, 52; Def.'s Local Rule 56(a)(1) Statement [doc. #66], at ¶ 10. For the time period relevant to the pending litigation, Light Sources sold OEM (*i.e.*, "original equipment manufacturer") ultraviolet light bulbs for tanning beds to Tan Systems imprinted with the Tan Systems house brand "TURB0POWER" and the allegedly infringing terms "THR" and "TLR" as a part of a model number (*e.g.*, "FR71T12 – THR 160" or "FR71T12 – TLR 100"). Pls.' Local

Rule 56(a)(1) Statement [doc. #60], at ¶¶ 15-16; Def.'s Local Rule 56(a)(1) Statement [doc. #66], at ¶ 4.  A "house brand" or "house mark" is a "trademark that identifies the business that produces the product." *Arrow Fastener Co. v. Stanley Works*, 59 F.3d 384, 388 n.1 (2d Cir. 1995).

There are six claims and five counterclaims in this case, brought pursuant to various provisions of the Lanham Act (*i.e.*, 15 U.S.C. §§ 1114, 1119, 1120, 1125), the common law of trademarks, and Connecticut's Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110(b).  The Court will assume familiarity with the numbering system for the Claims and Counterclaims as outlined in the Plaintiffs' Second Amended Complaint [doc. #27] and the Defendant's Answer to Second Amended Complaint and Counterclaims [doc. #34].

In Plaintiffs' Motion for Partial Summary Judgment [doc. #58], Light Sources and Tan Systems seek summary judgment on their Claim 1 and Cosmedico's Counterclaims 1, 2, 4, and 5.  In Defendant's Motion for Partial Summary Judgment [doc. #64], Cosmedico seeks summary judgment on Light Sources' and Tan Systems' Claims 1, 2, and 5.  Neither party moved for summary judgment on Light Sources' and Tan Systems' Claims 3, 4, and 6, and Cosmedico's Counterclaim 3.  Therefore, regardless of the Court's disposition of the cross-motions for partial summary judgment, it will be necessary to hold a trial of those four claims.  For the reasons stated below, the Court GRANTS IN PART and DENIES IN PART Plaintiffs' Motion for Partial Summary Judgment [doc. #58], and GRANTS IN PART and DENIES IN PART Defendant's Motion for Partial Summary Judgment [doc. #64].

## A.

The Court DENIES Plaintiffs' Motion for Partial Summary Judgment [doc. #58], insofar

as it seeks judgment for Light Sources and Tan Systems on Cosmedico's Counterclaims 1, 2, and 4, and Light Sources' and Tan Systems' Claim 1, because there are numerous material issues of fact that preclude summary judgment.

Cosmedico's Counterclaim 1 alleges infringement of Cosmedico's federally registered trademarks "VHR" and "Cosmolux VLR" under the Lanham Act, 15 U.S.C. § 1114(1). A claim of trademark infringement is analyzed under a familiar two-prong test: (1) whether Cosmedico's marks are "entitled to protection"; and (2) whether Light Sources' and/or Tan Systems' use of their marks is "likely to cause consumers confusion as to the origin or sponsorship of the defendant's goods." *Savin Corp. v. Savin Group*, 391 F.3d 439, 456 (2d Cir. 2004) (internal quotations and brackets omitted). The crucial issue in an action for trademark infringement is "whether there is any likelihood that an appreciable number of ordinarily prudent purchasers are likely to be misled, or indeed simply confused, as to the source of the goods in question." *Id.* To make this determination, the court must look at a host of factors, including the eight factors – commonly known as the *Poloroid* factors – first articulated by Judge Friendly in his seminal decision in *Polaroid Corp. v. Polarad Electronics Corp.*, 287 F.2d 492, 495 (1961). The all-too familiar *Poloroid* factors require consideration of the following:

> (1) the strength of the senior mark; (2) the degree of similarity between the two marks; (3) the proximity of the products; (4) the likelihood that the prior owner will "bridge the gap"; (5) actual confusion; (6) the defendant's good faith (or bad faith) in adopting its own mark; (7) the quality of defendant's product; and (8) the sophistication of the buyers.

*Savin Corp.*, 391 F.3d at 456.

Here, it is apparent from the parties' submissions that there are numerous disputed issues of fact both on whether Cosmedico's marks "VHR" and "Cosmolux VLR" are entitled to

protection and on the application of the *Polaroid* factors to determine the likelihood of confusion. These disputed issues of fact preclude summary judgment on both Cosmedico's Counterclaim 1 as well as the portion of Light Sources' and Tan Systems' Claim 1 that seeks a declaratory judgment that they are not infringing Cosmedico's federally registered mark "VHR".

Cosmedico's Counterclaim 2 alleges false designation of origin under the Lanham Act, 15 U.S.C. § 1125(a). Section 1125(a) "is a broad federal unfair competition provision which protects unregistered trademarks similar to the way that section [1114(1)] of the Lanham Act . . . protects registered marks." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 155 (2d Cir. 2002). Cosmedico's Counterclaim 4 alleges trademark infringement under the common law. To prevail on a common law claim of trademark infringement, a party must "establish that the symbols for which it seeks trademark protection are valid, legally protectable marks and that another's subsequent use of a similar mark is likely to create confusion as to the origin of the product." *Tri-Star Pictures, Inc. v. Leisure Time Productions, B.V.*, 17 F.3d 38, 43 (2d Cir. 1994).

As is true of Cosmedico's Counterclaim 1, the key issue on Cosmedico's Counterclaims 2 and 4 is whether Light Sources' and Tan Systems' conduct gives rise to a "likelihood of confusion," defined as, *inter alia*, "a likelihood that an appreciable number of ordinarily prudent purchasers are likely to be misled, or indeed simply confused, as to the source of the goods in question." *Register.Com, Inc. v. Verio, Inc.*, 356 F.3d 393, 441-42 (2d Cir. 2004). Again, there are numerous disputed issues of fact as to the likelihood of confusion between Light Sources' and Tan Systems' use of "THR" and "TLR" and Cosmedico's "VHR," "VLR" and "Cosmolux VLR" marks, and those disputes preclude summary judgment.

It bears noting that the Court has some considerable doubt as to Cosmedico's eventual

success on its Counterclaims 1, 2, and 4, especially in light of the Second Circuit's decision in *Arrow Fastener Co. v. Stanley Works*, *supra*, which concluded that a plaintiff failed to establish likelihood of confusion "where the allegedly infringing use concerns inclusion of the [trademark] in a multi-digit model number used to identify a product." *Arrow Fastener*, 59 F.3d at 399. At this point, however, Light Sources and Tan Systems have failed to meet their burden of demonstrating that no genuine issue exists as to any material fact related to these Counterclaims and that as a matter of law, no reasonable jury could find for Cosmedico on any of these claims or that Light Sources and Tan Systems are entitled to summary judgment on their declaratory judgment count.

The Court GRANTS Plaintiffs' Motion for Partial Summary Judgment [doc. #58], insofar as it seeks judgment for Light Sources and Tan Systems on Cosmedico's Counterclaim 5. Counterclaim 5 asserts a CUTPA claim based on Light Sources' and Tan Systems' decision to file Claims 1, 2 and 5 against Cosmedico. As will be explored in greater detail in Part I.B *infra*, Cosmedico alleges that Light Sources and Tan Systems should have known that these claims would be barred by the doctrine of *res judicata* because Cosmedico's "VHR" mark was the subject of proceedings at the United States Patent and Trademark Office ("USPTO") in which Light Sources filed an official opposition that was later dismissed with prejudice. *See* Answer to Second Amended Complaint and Counterclaims [doc. #34], at ¶¶ 115-125; *see also* Def.'s Local Rule 56(a)(1) Statement [doc. #66], at ¶¶ 8-10.

The law is clear, however, that "the filing of a single non-sham lawsuit [] cannot form the basis of a claim under CUTPA." *Suburban Restoration Co. v. Acmat Corp.*, 700 F.2d 98 (2d Cir. 1983); *see also Nationwide Mut. Ins. Co. v. Bland*, No. 399CV2005(RNC), 399CV2006(RNC),

399CV2007(RNC), 2003 WL 23354137, at *5 (D. Conn. Mar. 30, 2003) ("Filing a single lawsuit can violate CUTPA only if it is a 'sham.' ").  The Connecticut Appellate Court has stated that "sham" litigation in the CUTPA context consists of "actions rife with abusive intent and absent any indicia of success," and that "[f]actors present in sham litigation include, but are not limited to . . . deliberate fraud, supplying false information, and whether lower courts have stated or implied that the action is frivolous or objectively baseless and whether they have dismissed it out of hand."  *Zeller v. Consolini*, 59 Conn. App. 545, 555 (2000).

Putting aside the Court's serious doubts as to whether a CUTPA violation even could be based on a mere subset of allegedly "sham" claims within an otherwise legitimate "non-sham" lawsuit as a whole, Light Sources' and Tan Systems' claims in this action with respect to the "VHR" mark are in no way objectively meritless or baseless, and contain none of the aforementioned indicia of "sham" litigation.  Light Sources and Tan Systems present a legitimate argument as to why an administrative proceeding at the USPTO between the parties related to Cosmedico's "VHR" mark should not bar their claims in this lawsuit due to the doctrine of *res judicata*.  In fact, as will be apparent below, the Court ultimately agrees with many of Light Sources' and Tan Systems' arguments.  Light Sources and Tan Systems are, therefore, entitled to summary judgment on Cosmedico's CUTPA claim in Counterclaim 5.

**B.**

From November 7, 1996 until November 17, 1997, Cosmedico's "VHR" mark was the subject of an opposition proceeding before the USPTO Trademark Trial and Appeals Board ("TTAB") between Cosmedico and Light Sources.  Light Sources' basis for opposing registration of the "VHR" mark was that, *inter alia*,

> [t]he fluorescent tube industry is using the acronym "VHR" on ultraviolet fluorescent tubes as a designation of such tubes which include a reflective coating over a portion of the surface to reflect light rays impinging thereon and thereby increase the intensity of light rays emanating in the uncoated portion. Accordingly, Opposer [Light Sources] believes that this acronym is a generic designation not subject to appropriation by Applicant [Cosmedico] or any other.

Def.'s Local Rule 56(a)(1) Statement [doc. #66], at ¶ 8. Subsequently, on October 27, 1997, the parties filed a joint Stipulation of Dismissal that expressly terminated the opposition with prejudice. *Id.* at ¶ 10 ("The parties, by and through their attorneys, hereby stipulate that the above-identified opposition proceeding be dismissed with prejudice."). The USPTO later dismissed the opposition with prejudice on November 17, 1997, and granted Cosmedico registration number 2,124,659 for the mark "VHR" on December 31, 1997. *Id.*

Cosmedico argues that the doctrine of *res judicata* bars Light Sources' and Tan Systems' Claims 1, 2 and 5 because they could have been litigated in the opposition proceeding before the TTAB.[1] In the trademark context (like any other), *res judicata*, or claim preclusion, "prevents the subsequent litigation by either party of any ground of recovery that was available in the prior action, whether or not it was actually litigated or determined." *Jim Beam Brands Co. v. Beamish & Crawford Ltd.*, 937 F.2d 729, 736 (2d Cir. 1991); *see also Storey v. Cello Holdings, L.L.C.*, 347 F.3d 370, 380 (2d Cir. 2003) ("Under the doctrine of *res judicata*, or claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.") (internal quotations and brackets

---

[1] According to Defendant's Memorandum in Support of its Motion for Partial Summary Judgment [doc. #65], "Cosmedico does not seek summary judgment of noninfringement in this motion, as the issue of infringement was not determined in the opposition proceeding" before the USPTO. *Id.* at 14 n.1. Thus, the portion of Plaintiffs' Claim 1 that seeks a declaratory judgment that Plaintiffs have not infringed Cosmedico's "VHR" mark survives Cosmedico's motion for summary judgment.

omitted). A dismissal with prejudice is a final adjudication on the merits that can give rise to *res judicata*. *See Storey*, 347 F.3d at 385 n.12 (rejecting argument that "*res judicata* cannot apply because the dismissal with prejudice . . . does not constitute a judgment on the merits.").

Generally, administrative proceedings may have *res judicata* effect if they are adjudicative in nature. *See, e.g., United States v. Utah Constr. Co.*, 384 U.S. 394, 421-22 (1966) ("When an administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, the courts have not hesitated to apply *res judicata* to enforce repose.") (quoted in *Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104, 107 (1991); *Union Mfg. Co., Inc. v. Han Baek Trading Co., Ltd.*, 763 F.2d 42, 44-45 (2d Cir. 1985)); *see also Delamater v. Schweiker*, 721 F.2d 50, 53-54 (2d Cir. 1983) (*res judicata* effect granted to administrative adjudications but not to administrative decisions). Administrative proceedings before the TTAB are generally considered adjudicative in nature. *See, e.g., Kohler Co. v. Moen Inc.*, 12 F.3d 632, 636 (7th Cir. 1993) (TTAB is "the adjudicative body of the Patent and Trademark Office"); *EZ loader Boat Trailers, Inc. v. Cox Trailer, Inc.*, 746 F.2d 375, 378 (7th Cir. 1984) (TTAB acts in a judicial capacity because it is an adversarial proceeding where the parties are represented by attorneys, present evidence, and submit briefs). *See also* 37 C.F.R. § 2.105 (party opposing registration may be represented by an attorney); § 2.106 (applying certain rules of the *Federal Rules of Civil Procedure* to pleadings in an opposition proceeding); § 2.116 ("*inter partes* proceedings shall be governed by the *Federal Rules of Civil Procedure*"); §§ 2.120–2.125, 2.127–2.129 (regulations governing discovery, testimony, evidence, motions, depositions, briefs, and oral argument both before and during trial of opposition proceedings).

The Court of Appeals for the Federal Circuit has held that trademark opposition proceedings before the TTAB can have a *res judicata* effect, even if the final judgment in the opposition proceeding was a default judgment due to the fact that the party's original opposition was "abandoned and dismissed for failure to prosecute." *Int'l Nutrition Co. v. Horphag Research, Ltd.*, 220 F.3d 1325, 1329 (Fed. Cir. 2000); *see also Tonka Corp. v. Rose Art Indus., Inc.*, 836 F. Supp. 200, 212-14 (D.N.J. 1993) (under certain circumstances, *res judicata* may apply to opposition proceedings). *Cf. Han Baek Trading*, 763 F.2d at 45 (In a trademark dispute, "when the issues raised and the procedures available in the [International Trade Commission ("ITC")] proceeding are in all important respects the same as those in the District Court, *res judicata* should bar the relitigation of the claim in federal court. To hold otherwise would undermine the legitimacy of the ITC proceeding; the party losing the administrative adjudication could simply file an identical action in a federal district court and thereby avoid the strict standard of review governing appeal of ITC determinations in the Federal Circuit.") (citing *Delamater*, 721 F.2d at 53-54). Therefore, the opposition proceeding at the TTAB central to this case could, in theory, serve as a bar to some or all of Light Sources' and Tan Systems' claims due to the doctrine of *res judicata*, if all of the essential elements of *res judicata* are met.

However, under the facts as they have been presented to date, the Court concludes, at least at this stage of the lawsuit, that the opposition proceeding does not bar the majority of Light Sources' and Tan Systems' claims. To begin with, the Court DENIES Defendant's Motion for Partial Summary Judgment [doc. #64] as it pertains to Tan Systems because Tan Systems was not a party to, or in privity with a party to, the opposition proceedings before the TTAB. Cosmedico makes a passing reference to the possibility of privity because of the existence of an

indemnification agreement between Light Sources and Tan Systems. *See* Mem. in Supp. of Def.'s Mot. for Partial Summ. J. [doc. #65], at 9-10 (citing *Meeropol v. Nizer*, 505 F.2d 232, 235-36 (2d Cir. 1974) (concerning whether a federal court has jurisdiction to enjoin prosecution of second action embracing the same issue in another federal court even where parties in two actions are not identical, because of an indemnification agreement)). This argument has no support in the case law and no merit on the facts, especially in light of the fact that this indemnification agreement was entered into in February 2003 (over five years *after* the opposition proceedings before the TTAB) and that agreement concerned the present trademark infringement claims by Cosmedico. Therefore, all of Tan Systems' claims survive Cosmedico's *res judicata* argument.

   Light Sources was a party to the opposition proceeding, and the Court must decide (if possible on the record before it) which of Light Sources' specific claims are barred by *res judicata* because they were raised, or could have been raised, in the opposition proceeding. Generally speaking, "[r]egistration proceedings present the question of whether the application is entitled to *register* its trademark." *Tonka Corp.*, 836 F. Supp. at 213 (emphasis added); *see also* 15 U.S.C. § 1063(a) ("Any person who believes that he would be damaged by the *registration* of a mark upon the principal register . . . may, upon payment of the prescribed fee, file an opposition in the Patent and Trademark Office, stating the grounds therefor.") (emphasis added). Litigation before the TTAB in opposition proceedings is, therefore, limited to whether one has the right to register a mark, and not whether one has the right to exclusive use of the mark in practice. *See, e.g.*, *Application of Marriott Corp.*, 517 F.2d 1364, 1367 (Cust. & Pat. App. 1975) ("[T]he issue in an opposition is the applicant's right to register and not opposer's right to exclusive use.").

Therefore, while Light Sources' claims that directly concern Cosmedico's right to *register* the "VHR" mark are barred by *res judicata*, Light Sources' claims that directly concern or are derived from Cosmedico's *use* of the "VHR" mark *in the marketplace* might not be barred by *res judicata*. *Cf. Levy v. Kosher Overseers Ass'n of America, Inc.*, 104 F.3d 38, 42 (2d Cir. 1997) ("For a TTAB or Federal Circuit determination of 'likelihood of confusion' to have collateral estoppel effect in a trademark infringement action, the TTAB or the Federal Circuit must have taken into account, in a meaningful way, the *context* of the marketplace.") (emphasis in original).

Accordingly, the Court GRANTS Defendant's Motion for Partial Summary Judgment [doc. #64] as it pertains to Light Sources' Claim 5. Light Sources' Claim 5 alleges that Cosmedico engaged in fraudulent registration of Cosmedico's federally registered "VHR" mark under the Lanham Act, 15 U.S.C. § 1120. *See* Second Amended Complaint [doc. #27], at ¶¶ 59-66. Because Light Sources' Claim 5 contains allegations of fraud during the registration process itself, this claim could have been brought in the opposition proceedings before the USPTO. As such, this claim is barred by *res judicata* and summary judgment should enter for Cosmedico on Light Sources' Claim 5. As for Light Sources' Claims 1 and 2, the Court DENIES Defendant's Motion for Partial Summary Judgment [doc. #64], without prejudice to possible renewal at trial, because on the record before the Court, the Court cannot say as a matter of law whether Light Sources' Claims 1 and 2 relate solely to the *use* of the "VHR" mark in commerce and as such are not barred by the doctrine of *res judicata*.

In summary, the Court DENIES summary judgment to all parties on the claims for which they sought partial summary judgment, with the exception of Light Sources' Claim 5 and Cosmedico's Counterclaim 5, for which the Court will enter summary judgment.

**II.**

The Court will next turn to the parties' sealing and unsealing motions. In this Court's Ruling and Order dated December 20, 2004 [doc. #97] and Supplemental Order dated December 30, 2004 [doc. #98], the Court unsealed the majority of the documents originally filed under seal in this case. However, the Court must still resolve a very narrow issue regarding whether portions of Exhibits 4 and 12 of Defendant's Local Rule 56(a)(2) Statement [doc. #70], and Light Sources' and Tan Systems' reference to or use of these portions of Cosmedico's Exhibits 4 and 12 in their Reply Appendix [doc. #76] and their Sealed Exhibits [doc. #94], should remain sealed. Cosmedico claims that these portions of Exhibits 4 and 12 contain confidential material concerning third parties unrelated to this lawsuit. Commendably, Cosmedico has filed public versions of these documents, in which only the specific, narrowly drawn confidential material related to these third parties has been redacted. *See* Exhibits Attached to Def.'s Response to Order to Show Cause [doc. #80]. The Court believes that for the time being, maintaining under seal this extremely small quantity of confidential material related to third parties is appropriate. At the time of trial, the Court will reconsider whether these materials should remain under seal.

Thus, the Court GRANTS Defendant's Motion for Leave to File Documents Under Seal [doc. #81], and DENIES Plaintiffs' Motion to Unseal [doc. #95]. Document numbers 70, 76, and 94 shall remain under seal until further order of the Court.

**III.**

Turning now to the discovery motions pending in this case, the Court notes at the outset that this case is heading for trial on most of the claims and counterclaims asserted by both parties. To ensure that a complete evidentiary record is available for the upcoming trial, the

Court GRANTS Defendant's Motion to Compel Production of Documents and Deposition of Plaintiff Tan Systems [doc. #86] and GRANTS Plaintiffs' Motion to Compel and Complete Discovery [doc. #100]. Discovery shall be opened from March 1, 2005 until July 1, 2005 for the purpose of any party conducting any further discovery in support or defense of any claims or counterclaims asserted in this action. The parties are advised that no extensions of this supplemental discovery period will be granted, except for truly extraordinary unforseen circumstances. Parties must take all remaining depositions and produce all remaining documents within this extended discovery period.

## IV.

Finally, in Defendant's Motion to Strike Declarations of Arthur T. Fattibene and Kristin (Tiffany) Crumpler [doc. #88], Cosmedico has moved to strike certain of Light Sources' and Tan Systems' submissions to the Court in connection with the cross-motions for partial summary judgment on grounds, *inter alia*, that these declarations are based upon and incorporate documents and evidence allegedly withheld from Cosmedico, contain hearsay, and are made by declarants incompetent to establish a foundation for the proffered evidence. *Id.* at 1-2. In reaching its decision on the cross-motions for summary judgment, the Court did not rely on these declarations. Therefore, Defendant's Motion to Strike [doc. # 88] is DENIED AS MOOT.

## V.

In sum, the Court enters the following orders on the pending motions:

1. GRANTS IN PART and DENIES IN PART Plaintiffs' Motion for Partial Summary Judgment [doc. #58]. Judgment shall enter for Plaintiff on Cosmedico's Counterclaim 5. In all other respects, the Motion for Partial Summary Judgment

      is denied;

2.   GRANTS IN PART and DENIES IN PART Defendant's Motion Partial Summary Judgment [doc. #64]. Judgment shall enter for Defendant on Light Sources' Claim 5. In all other respects, the Motion for Partial Summary Judgment is denied;

3.   GRANTS Defendant's Motion for Leave to File a Document Under Seal [doc. #81] and DENIES Plaintiffs' Motion to Unseal Documents [doc. #95]. Document numbers 70, 76, and 94 shall remain under seal until further order of the Court;

4.   GRANTS Defendant's Motion to Compel Production of Documents and Deposition of Plaintiff Tan Systems [doc. #86] and GRANTS Plaintiffs' Motion to Compel and Complete Discovery [doc. #100]. The parties shall have from March 1, 2005 until July 1, 2005 to complete (not propound) any and all depositions or other discovery they believe is needed in preparation for trial;

5.   DENIES AS MOOT Defendant's Motion to Strike Declarations of Arthur T. Fattibene and Kristin (Tiffany) Crumpler [doc. #88].

As a result of the foregoing rulings, all of Light Sources' and Tan Systems' claims and Cosmedico's counterclaims remain in this case, except for Light Sources' Claim 5 and Cosmedico's Counterclaim 5. By separate order, the Court will establish the schedule for submission of a Joint Trial Memorandum, the final pretrial conference, and for trial.

IT IS SO ORDERED.

/s/     Mark R. Kravitz
United States District Judge

**Dated at New Haven, Connecticut: March 4, 2005.**