UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LIGHT SOURCES, INC., and TAN SYSTEMS, INC., Plaintiffs, | |
| | CIVIL ACTION NO.: 3:03-CV-874 (MRK) |
| v. | |
| COSMEDICO LIGHT, INC., Defendant | |
| COSMEDICO LIGHT, INC., Counterclaimant | |
| v. | |
| TAN SYSTEMS, INC., and LIGHT SOURCES, INC., Counterdefendants, | APRIL 7, 2005 |

**COSMEDICO'S MOTION FOR PROTECTIVE ORDER
REGARDING THIRD PARTY DISCOVERY**

Defendant, Cosmedico Light, Inc. ("Cosmedico") hereby requests that the Court enter a protective order pursuant to Fed. R. Civ. P. 26(c) commanding the plaintiffs, Light Sources, Inc. and Tan Systems, Inc., to provide prior notice of third party discovery, as required by Fed. R. Civ. P. 5, 30 and 45. The protective order is necessary to protect Cosmedico from undue burden, expense and surprise in this action. A proposed order is attached as Exhibit A.

The grounds for this motion are as follows:

On or about July 13, 2004, counsel for the plaintiffs caused a subpoena duces tecum to be served upon a third party, Osram Sylvania ("Osram") of Danvers, Massachusetts. Osram is the manufacturer of the suntanning lamps sold by Cosmedico that are involved in this litigation. The subpoena sought production of documents and things, and commanded Osram to appear for deposition on July 22, 2004. A copy of the subpoena is attached to Cosmedico's memorandum in support of this motion.

In response to the subpoena, representatives of Osram and plaintiffs' counsel exchanged several communications regarding difficulties encountered in obtaining the requested documents. The noticed deposition did not take place on July 22, 2004.

Osram produced documents to plaintiffs in August, 2004, in response to the subpoena. Plaintiffs never disclosed this production to Cosmedico or its attorneys until January 31, 2005, when plaintiffs' counsel made reference in a letter to Osram being "on record" as having made representations regarding issues involved in this suit. Cosmedico sought to obtain from plaintiffs the documents or testimony referred to by plaintiffs' counsel, but was rebuffed. Indeed, plaintiffs' attorney subsequently claimed that the fruits of the July 22, 2004, subpoena constitute protected work product, although no privilege log has been produced to support such a claim.

Cosmedico finally obtained, directly from Osram, copies of the documents previously produced to plaintiffs in response to the subpoena. The deposition of Osram, originally noticed for July 22, 2004, has never been held; however, Cosmedico has been advised that plaintiffs now intend to take that deposition, possibly within a matter of weeks. Plaintiffs have provided absolutely no notice to Cosmedico of its intention to proceed on its now-stale deposition subpoena.

Cosmedico does not object to the taking of a deposition of Osram, provided that prior notice is given as required by Rules 5, 30 and 45 of the Federal Rules of Civil Procedure.[1] Plaintiffs have already violated those rules with respect to Osram's production of documents in response to the subpoena. Plaintiffs should not be permitted to convene a private deposition of that third party, as they now seem poised to do.

Accordingly, pursuant to Fed. R. Civ. P. 26(c), Cosmedico respectfully requests that the Court enter a protective order compelling plaintiffs to provide adequate prior notice of the taking of the Osram deposition, as well as adequate prior notice of any other discovery taken in this action pursuant to subpoena, as more fully explained in the accompanying memorandum of points and authorities.

<u>Certification of Conferral of Counsel Pursuant to Local Rule 37</u>

The undersigned attorney for Cosmedico hereby certifies that he conferred with counsel for plaintiffs on March 30, 2005, in a good faith effort to resolve or reduce the scope of disagreement regarding the subject of this motion, but that no agreement was reached.

Respectfully submitted,
Cosmedico Light, Inc.,
by its Attorneys,

Dated: April 7, 2005

JAMES W. OLIVER
Federal Bar No.: ct02510
Berman and Sable
100 Pearl Street, 10th Floor
Hartford, CT 06103

---

[1] For this reason, Cosmedico has not filed a motion to quash the subpoena in the District of Massachusetts, the Court from which plaintiffs issued the subpoena.

3

Tel: (860) 527-9699
Fax: (860) 527-9077

DALE A. MALONE
Federal Bar No.: ct25020
Banner & Witcoff, Ltd.
28 State Street
Boston, Massachusetts 02109
Tel: (617) 720-9600
Fax: (617) 720-9601

### CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing document was served by fax and by mail, first class postage prepaid, on this 7th day of April, 2005, to all counsel of record as follows:

Arthur T. Fattibene, Esq.
Paul A. Fattibene, Esq.
2480 Post Road
Southport, CT  06490

Cynthia L. Counts, Esq.
Counts & Associates
1384 Lanier Place
Atlanta, GA 30306

_____
Dale A. Malone

# Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LIGHT SOURCES, INC.,<br>and TAN SYSTEMS, INC.,<br>    Plaintiffs,<br><br>v.<br><br>COSMEDICO LIGHT, INC.,<br>    Defendant<br><br>COSMEDICO LIGHT, INC.,<br>    Counterclaimant<br><br>v.<br><br>TAN SYSTEMS, INC.,<br>and LIGHT SOURCES, INC.,<br>    Counterdefendants, | CIVIL ACTION NO.:<br>3:03-CV-874 (MRK) |

## [PROPOSED] PROTECTIVE ORDER
## REGARDING THIRD PARTY DISCOVERY

The defendant, Cosmedico Light, Inc., having moved for a protective order to govern the conduct of third party discovery in this action, and the submissions and arguments of the parties having been heard and considered, the Court hereby Orders as follows:

1.  Any party to this action seeking to take discovery of any third party pursuant to subpoena shall provide notice to all other parties to this action at or about the

time of issuance of the subpoena. Third party depositions to be taken pursuant to subpoena shall be preceded by service of a notice of deposition in accordance with Fed. R. Civ. P. 30(b)(1), also to be served at or about the time of issuance of the subpoena.

2. In the event that a third party deposition scheduled pursuant to a subpoena is postponed and subsequently rescheduled, the party seeking the third party discovery shall promptly prepare and serve an amended notice of deposition identifying the rescheduled time and place of the deposition. The parties are encouraged to cooperate in the negotiation of third party depositions and other discovery events in order to minimize any burden and inconvenience to the third party.

3. With regard to subpoenaes *duces tecum* seeking production of documents from a third party, the party requesting the discovery shall promptly notify the other parties of the date and place at which the requested documents will be produced for inspection, regardless of whether the date is the date specified in the subpoena or a different date agreed between the requesting party and the third party. In the event that a third party agrees to provide copies of requested documents in lieu of an inspection, the requesting party shall either arrange for copies to be provided to all parties concurrently, or shall make such received materials available for copying by other parties to this action in a prompt manner.

4. Plaintiffs shall not proceed with the deposition of third party Osram Sylvania pursuant to the subpoena dated July 13, 2004, unless and until such time as they provide reasonable prior notice, by an amended notice of deposition, to Cosmedico of the

2

time and place of the planned deposition.

SO ORDERED, this ___th day of _____, 2005.

_____

United States District Judge

3