UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LIGHT SOURCES, INC.,<br>and TAN SYSTEMS, INC.,<br>    Plaintiffs, | : <br> : <br> : <br> : | |
| | : | CIVIL ACTION NO.: |
| | : | 3:03-CV-874 (MRK) |
| v. | : | |
| | : | |
| COSMEDICO LIGHT, INC.,<br>    Defendant | : <br> : | |
| | : | |
| COSMEDICO LIGHT, INC.,<br>    Counterclaimant | : <br> : <br> : | |
| | : | |
| v. | : | |
| | : | |
| TAN SYSTEMS, INC.,<br>and LIGHT SOURCES, INC.,<br>    Counterdefendants, | : <br> : <br> : <br> : | APRIL 7, 2005 |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
COSMEDICO'S MOTION FOR PROTECTIVE ORDER
REGARDING THIRD PARTY DISCOVERY**

Although the underlying dispute among the parties has now long been moot, plaintiffs, Light Sources, Inc. ("Light Sources") and Tan Systems, Inc. ("Tan Systems") persist in prosecuting their attack, through this action, upon the defendant, Cosmedico Light, Inc. ("Cosmedico"), and its valuable trademarks. Regardless of the merits of their claims, however, plaintiffs should be required to proceed in this litigation in accordance with the Federal Rules of Civil Procedure.

## I.    Introduction

Plaintiffs are presently embarked on a campaign of "private discovery" intended to cause undue burden and surprise to Cosmedico. Specifically, plaintiffs have subpoenaed documents from a third party in this action and not only have plaintiffs steadfastly refused to provide copies of those documents to Cosmedico, but they even withheld the fact of their production from Cosmedico for nearly six months. Now, plaintiffs are planning to take the deposition of the same third party, pursuant to the same (now stale) subpoena, but again have provided no notice to Cosmedico of their plans.

The Federal Rules of Civil Procedure do not permit such conduct. Accordingly, Cosmedico requests that the Court enter a protective order pursuant to Fed. R. Civ. P. 26(c) commanding the plaintiffs, Light Sources, Inc. and Tan Systems, Inc., to provide adequate prior notice of third party discovery, as required by Fed. R. Civ. P. 5, 30 and 45. The protective order is necessary to protect Cosmedico from undue burden, expense and surprise in this action. A proposed Order is attached to Cosmedico's motion.

## II.    Facts

The grounds for this motion are as follows:

1.    On or about July 13, 2004, counsel for the plaintiffs caused a subpoena *duces tecum* to be served upon a third party, Osram Sylvania ("Osram") of Danvers, Massachusetts. Osram is the manufacturer of the suntanning lamps sold by Cosmedico that are involved in this litigation. The subpoena sought production of documents and

commanded Osram to appear for deposition on July 22, 2004. A copy of the subpoena is attached hereto at Tab 1.

2. In response to the subpoena, representatives of Osram and plaintiffs' counsel exchanged several communications regarding difficulties encountered in obtaining requested documents and product samples. The factual circumstances surrounding Osram's efforts to comply with the subpoena were set forth in a letter dated August 2, 2004, from Osram to plaintiffs' attorney, Mr. Fattibene. A copy of this letter is attached at Tab 2. The noticed deposition did not take place on July 22, 2004.

3. Also on August 2, 2004, Osram produced to plaintiffs' counsel those documents it was able to collect in response to the subpoena. A copy of Osram's cover letter transmitting the documents to Mr. Fattibene is attached at Tab 3. Plaintiffs never disclosed this production to Cosmedico or its attorneys until January 31, 2005, when plaintiffs' counsel made reference in a letter to Osram being "on record" as having made representations regarding issues involved in this suit. Mr. Fattibene's January 31, 2005, letter is attached at Tab 4. Accordingly, Cosmedico was never afforded an opportunity to review the documents, which involve proprietary Cosmedico business information, and make appropriate designations of confidentiality in accordance with the protective order previously entered by this Court.

4. After finally learning of the production of the Osram documents nearly six months after the fact, Cosmedico sought to obtain from plaintiffs copies of those documents. Even then, Cosmedico had not been informed as to whether or not plaintiffs had taken an *ex parte* deposition of Osram without notice to Cosmedico. On February

3

14, 2005, Cosmedico's counsel wrote to plaintiffs' attorney regarding plaintiffs' recent disclosure of the third party discovery:

> Moreover, to the extent that "Osram Sylvania is on record" as to any alleged fact, we have not been provided with any such record statement, and request that you immediately produce to us all responses, documents and any other purported evidence provided to you by that third party.

A copy of this letter is attached at Tab 5. No response to this letter has been received.

     5.     On March 8, 2005, Cosmedico's counsel again wrote to plaintiffs' attorney, asking for a response to the issues raised in the February 14, 2005, letter, including the matter of the Osram subpoena. A copy of this follow-up letter is attached at Tab 6. The letter requested a meet-and-confer in accordance with the Local Rules of this Court. No response was received from plaintiffs to this request.

     6.     On March 30, 2005, in response to numerous telephone messages and written requests, plaintiffs' counsel finally agreed to participate in a telephonic meet-and-confer regarding the Osram production and other outstanding discovery disputes. In that teleconference, Cosmedico's counsel once again requested production of the Osram documents and (if any) deposition testimony. In response to this request, plaintiffs' attorney first falsely asserted that the documents had been produced to Cosmedico, then later claimed that they were protected from discovery in this action by work-product immunity. The substance of the March 30, 2005, teleconference was set forth in a confirming letter from Cosmedico's counsel to Mr. Fattibene that same day including, with regard to the present issue:

> *Discovery Materials Received from Osram Sylvania Pursuant to Subpoena.* In our conversation today, you admitted that you have received information and/or documents from Osram Sylvania in response to the subpoena you previously

served on that third party. We have never been provided with any of these materials. You now refuse to provide us with copies of the materials based upon an alleged work product immunity. We disagree that any such immunity exists and suggest that the rules require production of subpoenaed information to all parties involved in the litigation. You wouldn't deny opposing counsel access to a third party deposition convened pursuant to a subpoena, would you? If you will not reconsider and change your position on this issue, we will seek relief from the Court.

A copy of the March 30, 2005, confirmation letter is attached at Tab 7. No response from plaintiffs as to this issue has been received.

7.    Plaintiffs have produced no privilege log to support the baseless claim that the materials received from Osram Sylvania pursuant to subpoena are work product immune from discovery in this action.

8.    As a result of plaintiffs' stonewalling tactics, Cosmedico has been forced to obtain directly from Osram the discovery materials produced to plaintiffs *eight months* earlier.

9.    Cosmedico has been advised by Osram that plaintiffs are seeking to proceed with the deposition of Osram originally scheduled for July 22, 2004, and have conferred with Osram's legal staff to discuss dates for such a deposition. To Cosmedico's knowledge, no new subpoena has been served on Osram, and no new notice of deposition has been received by either Osram or Cosmedico. Indeed, plaintiffs' had kept their intended deposition of Osram a secret from Cosmedico until the issue came up recently in the course of other business discussions between Cosmedico and Osram.

### III. The Federal Rules of Civil Procedure Require Prior Notice of Third Party Discovery

Cosmedico does not object to plaintiffs' taking of a deposition of Osram, provided that prior notice is given as required by Rules 5, 30 and 45 of the Federal Rules of Civil Procedure.[1]   Plaintiffs have already violated those rules with respect to the compelled production of documents from Osram in response to the subpoena.  Plaintiffs should not be permitted to convene a private deposition of that third party, as they now seem poised to do.  Moreover, any future third party discovery should be conducted in accordance with the rules.

Rule 45(b)(1) provides that prior notice of any demand for production of documents pursuant to a subpoena *duces tecum* must be served on each party in accordance with Rule 5(b).  The notice requirement was added to Rule 45 in a 1991 amendment to give other parties "an opportunity to object to the production or inspection, or to serve a demand for additional documents or things." *See* Committee Note of 1991 Amendment of Rule 45.  While there could be some grounds for dispute as to whether such "prior notice" must be given before the subpoena is served, or merely before the date set for compliance, *see, e.g., Murphy v. Board of Educ. Of Rochester School Dist.*, 196 F.R.D. 220, 222-223 (W.D.N.Y. 2000), there can be no doubt that disclosure of the production *six months after the fact* is not sufficient prior notice.

Although the July 13, 2004, subpoena served on Osram by the plaintiffs was mailed to Cosmedico's counsel, both the production of documents and the deposition

---

[1]  For this reason, Cosmedico has not filed a motion to quash the subpoena in the District of Massachusetts, the Court from which plaintiffs issued the subpoena.

commanded by the subpoena were continued as a result of private negotiations between plaintiffs and Osram. The "prior notice" of the subpoena was superceded by the fact that neither the production nor the deposition took place when originally scheduled. Plaintiffs effective rescheduled the document production through their *ex parte* negotiations with Osram and by their acceptance of copies of documents in lieu of an on-site inspection as commanded in the subpoena. Yet no "prior notice" of the rescheduled production was ever provided to Cosmedico.

With respect to a deposition pursuant to subpoena, the notice requirement of Fed. R. Civ. P. 30(b)(1) applies:

> (1) A party desiring to take the deposition of any person upon oral examination shall give reasonable notice in writing to every other party to the action.

Cosmedico recently has been advised by Osram that plaintiffs have contacted Osram to negotiate a deposition date for Osram. Plaintiffs have neither notified Cosmedico of these negotiations nor invited Cosmedico to participate in them. To Cosmedico's knowledge, no subpoena has been issued to supercede the now-stale July 13, 2004, subpoena, and no notice of deposition has been provided to Osram or to Cosmedico. Clearly, plaintiffs intend to deprive Cosmedico once again of the "prior notice" required by the rules. Because plaintiffs have refused to discuss this issue with Cosmedico, it is unknown whether plaintiffs will claim work product immunity in any *ex parte* Osram deposition testimony (as they still claim in the Osram documents), should the deposition proceed without notice to Cosmedico.

**III.    Conclusion:  A Protective order is Required to Avoid
Undue Prejudice and Surprise**

Accordingly, pursuant to Fed. R. Civ. P. 26(c), Cosmedico respectfully requests

that the Court enter a protective order compelling plaintiffs to provide adequate prior

notice of the taking of the Osram deposition, as well as adequate prior notice of any

future third party discovery taken in this action.

Respectfully submitted,
Cosmedico Light, Inc.,
by its Attorneys,

Dated: April 7, 2005

JAMES W. OLIVER
Federal Bar No.: ct02510
Berman and Sable
100 Pearl Street, 10th Floor
Hartford, CT 06103
Tel:    (860) 527-9699
Fax:    (860) 527-9077

DALE A. MALONE
Federal Bar No.: ct25020
Banner & Witcoff, Ltd.
28 State Street
Boston, Massachusetts 02109
Tel:    (617) 720-9600
Fax:    (617) 720-9601

## CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing document was served by fax and by

mail, first class postage prepaid, on this 7th day of April, 2005, to all counsel of record as

follows:

Arthur T. Fattibene, Esq.
Paul A. Fattibene, Esq.
2480 Post Road
Southport, CT  06490

Cynthia L. Counts, Esq.
Counts & Associates
1384 Lanier Place
Atlanta, GA 30306

_____
Dale A. Malone

# Tab 1

.8 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

DISTRICT OF ___Massachusetts___

Light Systems, Inc.
Tan Systems, Inc.
     **V.**Plaintiffs

Cosmedico Light, Inc.,
       Defendant

### SUBPOENA IN A CIVIL CASE

CASE NUMBER:[1]  3:03 cv874 (MRK)
District Court of Connecticut
at New Haven

TO:
  OSRAM SYLVANIA
  100 Endicott Street
  Danvers, MA  01923

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION  Wong Associates 50 Franklin Street, Boston, MA 02110 Telephone: 617-426-2432 | DATE AND TIME July 22, 2004 9:30am |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

  As indicated on attached Schedule A

| PLACE  Same as Place of Deposition | DATE AND TIME July 22, 2004 9:30am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _[signature]_   Attorney for Plaintiff | July 13, 2004 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Arthur T. Fattibene     2480 Post Road
                      Southport, CT 06890     Tel. 203-255-4400

A-75

## SCHEDULE A

1.   The earliest dated documents in the possession, custody
and control of Orsam Sylvania relating to the manufacture
and/or sale of fluorescent sun tanning lamps made for
and/or sold to Cosmedico Light, Inc. and/or Wolff Systems
that were etched with any of the following trademarks:

> COSMOLUX VHR
>
> COSMOLUX VLR
>
> VHR
>
> VLR

including but not limited to purchase orders, invoices,
contracts, memos, letters, correspondence, e-mails.


2.   A sample of each type of sun tanning lamps Orsam
Sylvania made and/or sold to Cosmedico Light and/or Wolff
Systems that bear any of the trademarks identified in
paragraph 1 above.


3.   All documents relating and/or referring to any of
the alleged trademarks identified in paragraph 1.


4.   All printed publications, sales literature,
brochures, catalogs, advertising material and the like in
the possession, custody and/or control of Orsam Sylvania

A-76

relating to and/or referring to the trademarks identified

in paragraph 1 herein.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT


LIGHT SOURCES, INC., and
TAN SYSTEMS, INC.,
                    Plaintiffs


            v.
                              Civil Action
                              No. 303 CV 874 (MRK)

                              At New Haven

COSMEDICO LIGHT, INC.,
                    Defendant        July 13, 2004


### NOTICE OF DEPOSITION

To:  **OSRAM SYLVANIA**
     **100 Endicott Street**
     **Danvers, Massachusetts  01923**

     PLEASE TAKE NOTICE that, pursuant to Rule 30 of the

Federal Rules of Civil Procedure, the Plaintiffs, above

named, will take the deposition of Osram Sylvania, a

corporation having its principal place of business located

at 100 Endicott Street, Danvers, Massachusetts 01923,

Telephone 978-777-1900 (North American Headquarters),

through its officer, director, managing agent,

representative, agent or authorized employee most

knowledgeable of Osram Sylvania's manufacture and sales of

fluorescent sun tanning lamps to Cosmedico Light, Inc.

during the period from January 1994 to present, with

particular emphasis as to those sun tanning lamps bearing

A-78

the Cosmedico Light, Inc.'s alleged trademarks COSMOLUX

VHR; COSMOLUX VLR; and the marks VHR and VLR, per se.

The deposition will take place at the offices of **Wong**

**Associates** located at 50 **Franklin Street, Boston,**

**Massachusetts 02110,** having a telephone number of 617-426-

2432, and will commence at **9:30 a.m.** on **July 22, 2004,** and

shall continue from day to day, excluding Saturdays,

Sundays, and holidays, until completed.

The deposition will be recorded stenographically, and

will be by oral examination before a Notary Public or other

officer authorized by law to administer oaths.

The deponent or deponents most knowledgeable and

designated to testify with respect to the manufacture

and/or sales of those sun tanning lamps bearing the noted

Cosmedico Light, Inc. alleged trademark hereinbefore

identified shall bring to the deposition the following

requested documents and things:

1.  The earliest dated documents in the possession,

custody and control of Orsam Sylvania relating to the

manufacture and/or sale of fluorescent sun tanning lamps

made for and/or sold to Cosmedico Light, Inc. and/or Wolff

Systems that were etched with any of the following

trademarks:

COSMOLUX VHR

*A-79*

2

COSMOLUX VLR

VHR

VLR

including but not limited to purchase orders, invoices, contracts, memos, letters, correspondence, e-mails.

2.   A sample of each type of sun tanning lamps Orsam Sylvania made and/or sold to Cosmedico Light and/or Wolff Systems that bear any of the trademarks identified in paragraph 1 above.

3.   All documents relating and/or referring to any of the alleged trademarks identified in paragraph 1.

4.   All printed publications, sales literature, brochures, catalogs, advertising material and the like in the possession, custody and/or control of Orsam Sylvania relating to and/or referring to the trademarks identified in paragraph 1 herein

A-80

3

You are invited to attend and examine the witness.

**LIGHT SOURCES, INC.**

By _____

Arthur T. Fattibene, CT06916
Counsel for Plaintiff
Fattibene and Fattibene
2480 Post Road
Southport, CT 06890
Tel:  203-255-4400
Fax:  203-259-0033

A-81

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
at New Haven

LIGHT SOURCES, INC.
TAN SYSTEMS, INC.

                Plaintiffs

        v.                      CASE NO.   3:03 CV 874(MRK)

                                      Date: July 13, 2004

Cosmedico Light, Inc.

                Defendant

_____/

# CERTIFICATE OF SERVICE

     The undersigned hereby certifies that on **July 13, 2004** a copy of the following:

### Notice of Deposition and Subpoena for Osram Sylvania

was caused to be sent by facsimile and mailed by first class mail, postage pre-paid, to Defendant's counsel at:

Dale A. Malone, Esq. (Fax number 617-720-9601)
Banner & Witcoff
28 State Street, 28th Floor
Boston, MA  02109-1775

James W. Oliver, Esq.  (Fax number 860-527-9077)
Jose A. Aguiar, Esq.
Berman and Sable
100 Pearl Street, 10th Floor
Hartford, CT 06103

_____
Arthur T. Fattibene

A-82

**IN HAND**  MS. ROSEM___ DEJOY, PARALEGAL
AND DUL__ AUTHORIZED AGENT    **RETURN OF SERVICE** (3)

| RECEIVED BY SERVER | DATE | | PLACE | |
|---|---|---|---|---|
| | July 14, 2004 | | Boston, Massachusetts | |
| **SERVED** | **DATE** | | **PLACE** | |
| | July 15, 2004 | | 100 ENDICOTT STREET, DANVERS , Massachusetts | |

SERVED ON (NAME)

OSRAM SYLVANIA

FEES TENDERED
☒ YES  ☐ NO AMOUNT $ ___52.00

☒ Advanced By Attorney

SERVED BY

JOHN MILANO

TITLE

Process Server and a Disinterested Person

## STATEMENT OF SERVICE FEES

| | SERVICE FEE | | TOTAL |
|---|---|---|---|
| | $ ___65.00___ _____ Trips | | $ ___65.00 (Pd. in full) |

## DECLARATION OF SERVER (4)

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____July 15, 2004_____          _____
            **Date**                          **Signature of Server**

One Devonshire Place, Boston, Massachusetts
**Address of Server**

**ADDITIONAL INFORMATION**
    PLEASE NOTE THAT IT WAS NECESSARY TO MAKE_____ATTEMPTS BEFORE MAKING PROPER SERVICE.

| Date | Time | Remarks | FEE |
|---|---|---|---|
| | | Said service was made at 1:35p.m. | $ _____ |
| | | Please note Ms. Dejoy is a white female, about 45 yrs. old, dark brown hair, about 5'9", about 150 lbs. | $ _____ |
| | | | $ _____ |
| | | Subscribed and sworn to before me, a Notary Public, this 15th Day of July, 2004 | $ _____ |
| | | | $ _____ |
| | | My Commission Expires: 12/24/04 | $ _____ |
| | | TOTAL | $ _____ |

A-83

(3) As to who may serve a subpoena and the manner of its service see Rule 17(d), Federal Rules of Criminal Procedure, of Rule 45(c), Federal Rules of Civil Procedure.
(4) Fees and mileage need not be tendered to the deponent upon service of a subpoena issued on behalf of the United States or an officer or agency thereof (Rule 45(c), Federal Rules of Civil Procedure; Rule 17(d), Federal Rules of Criminal Procedure) or on behalf of certain indigent parties and criminal defendants who are unable to pay such costs (28 USC 1825, Rule 17(b) Federal Rules of Criminal Procedure)"

**Suvalle, Jodrey & Associates**          **One Devonshire Place**       Telephone # (617) 720-5733
Massachusetts Constables since 1925        Boston, MA 02109              Fax #       (617) 720-5737

**Tab 2**

**OSRAM**
*SYLVANIA*

Susan Wright
Trademark Specialist
Tel: (978) 750-2310
Fax: (978) 750-2045
E-mail: susan.wright@sylvania.com

August 2, 2004

Arthur T. Fattibene, Esq.
2480 Post Road
Southport, CT  06890

Re:    *Light Systems, Inc. vs. Cosmedico Light, Inc.*

Dear Attorney Fattibene:

Per our conversation on Friday, July 30, 2004, I am having some difficulty obtaining certain documents identified in the Subpoena OSRAM SYLVANIA was served on or about July 16, 2004.

Certain personnel who may be in possession of such documents have been on vacation since July 16th, and will not be returning to the office until Tuesday, August 3rd. In addition, SYLVANIA has sold the building we are in and we have become tenants. The new owners of the building are gutting the entire facility section by section so we have all been moved around to temporary work stations to accommodate the construction crew. The space we now occupy was reduced by half, so we had to archive and discard many files to fit into our reduced workspace. We have been in somewhat of a chaotic state for the last few months.

Further, while these individuals where on vacation, their old office was packed and moved to their new area, so when they come back to work on Tuesday, whatever was not sent off site to storage will be in crates which they will have to unpack and sort through. If the documents we need are off site, a work order will have to be submitted for their retrieval.

In my attempt to circumvent these people on vacation, I went to our billing department to try and collect copies of invoices. However, documents prior to 1998 are on microfiche and stored offsite along with the microfiche machine. In order to get these documents we need to get the microfiche and the machine back here and set up via work order request which I have already done.

To further complicate matters, we have a new facilities manager and his crew is out straight trying to get computers, printers, copiers, fax machines, furniture, etc. set up in our new work stations so we can conduct everyday business. I do not know how long I will have to wait for the microfiche machine to be set up. It could be a couple of weeks, depending on other priorities.

After our conversation on Friday, I attempted to get samples of lamps sent to your office. However, this is not a product we stock since it is made special to order. Since we have consolidated our distribution centers, we will not stock a product such as this when it is not in season or if it is a special order type. Therefore, it is doubtful we will be able to send you any samples at this time.

With this said, I am requesting a two week extension from Friday, August 6th, 2004. I do apologize for the inconvenience.

Sincerely,

Susan Wright

**Tab 3**

**OSRAM**
**SYLVANIA**

Susan Wright
Trademark Specialist
Tel: (978) 750-2310
Fax: (978) 750-2045
E-mail: susan.wright@sylvania.com

August 2, 2004

Arthur T. Fattibene, Esq.
2480 Post Road
Southport, CT  06890

Re:    *Light Systems, Inc. vs. Cosmedico Light, Inc.*

Dear Attorney Fattibene:

Enclosed are documents identified in the subpoena that we had in our possession.

- Copies of etches
- Invoices from 1998 to present (proprietary information redacted)
- List of products ordered by Cosmedico in 1992

As previously stated, I have requested that samples be sent to your office.

Sincerely,

Susan Wright

Enclosures

**Tab 4**

RECEIVED

**FATTIBENE AND FATTIBENE**
ATTORNEYS AT LAW
PATENT, TRADEMARK, COPYRIGHT AND RELATED MATTERS
2480 POST ROAD
SOUTHPORT, CONNECTICUT 06890

FEB 05 2005

BANNER & WITCOFF

ARTHUR T. FATTIBENE
PAUL A. FATTIBENE

TELEPHONE (203)255-4400
FACSIMILE (203)259-0033

January 31, 2005

**Via Fax and U.S. Mail**
**617-720-9601**

Attorney Dale A. Malone
Banner & Witcoff
28 State Street, 28th Floor
Boston, MA 02109-1775

        Re:  **Light Sources, Inc. v. Cosmedico Light, Inc.**
             **Civil Action 3:03 CV 874 (MJK)**

Dear Dale:

      This will acknowledge receipt of your letter dated January 28,
2005, regarding Cosmedico's alleged settlement thoughts.  As you
know, Christian is in Hungary and, therefore, I have not had an
opportunity to personally discuss the substance of our meeting with
the Court and the respective conversations and thoughts we exchanged
regarding settlement.

      I did convey in general what had occurred at the conference of
January 28, 2005 and our settlement discussions to my liaison person
at Light Sources.  I am sure that my liaison contact at Light
Sources will communicate that information directly to Christian.

      However, in analyzing your letter of January 28, 2005, it
appears to me that Cosmedico is flatly rejecting all of the
suggestions we propounded on behalf of the Plaintiffs.  By flatly
rejecting all of Plaintiffs' proposals, it appears that Cosmedico is
totally disregarding the merits of its alleged claims, and the
strength of Plaintiffs' evidence, and/or that Cosmedico has not been
fully advised as to the weakness and total lack of merit in
Cosmedico's asserted counterclaims and defenses, which are now the
subject of Plaintiffs' pending Motion for Summary Judgment.

      The reasonableness of any settlement, in my opinion, should be
determined by the strength or weakness of one's claims; and not by
arbitrary will or dogmatic conditions.  A settlement should finally
resolve the dispute and not merely postpone the "fight" to another
time and place.

FATTIBENE AND FATTIBENE
Attorneys at Law

Dale A. Malone                Page 2                January 31, 2005

To Illustrate:

    Cosmedico's First Counterclaim is asserting that Plaintiffs
have infringed Cosmedico's VHR registered mark No. 2,124,659 and
Cosmedico's composite word and design COSMOLUX VLR registered mark
with the cat design No. 2,788,198.  As you are no doubt aware, the
parties have stipulated in their Joint Planning Report that
Plaintiffs have never applied the mark COSMOLUX VLR (with our
without the cat design) to any product.  Also, Mr. Frank has
testified on deposition that Cosmedico has always utilized the "VHR"
mark in commerce in combination with the word "COSMOLUX" as a
compound two word mark.  Osram Sylvania is also on record as to this
fact.  Cosmedico's undisputable admission and stipulation renders
Cosmedico's First Counterclaim frivolous on its face, and Cosmedico
must be well aware of its total lack of merit as to its First
Counterclaim.  As a result, Plaintiffs have been put to great
expense and time in defending a frivolous claim of infringement that
never occurred, and to which Cosmedico has clearly so admitted in
view of an undisputed record.

    Cosmedico's Second Counterclaim of False Designation of Origin
under Federal law is equally frivolous.  Cosmedico has no trademark
rights to the letters THR and TLR.  Further, the letters THR and TLR
are utilized as part of a model number and not as a trademark.
Also, there can be no deception or likelihood of confusion in the
use of the accused marks, as Light Sources and Tan Systems names are
predominantly displayed on or associated with goods bearing the THR
and TLR letters as used in commerce.

    Cosmedico's Fourth Counterclaim is asserting that Cosmedico's
registered VHR mark, its common law VLR mark, and its registered
composite word and design COSMOLUX VLR mark have been infringed by
Plaintiffs' use of the letters THR and TLR are likewise frivolous
allegations in view of Cosmedico's admissions and stipulation as
noted above.  Mr. Frank testified on deposition that Cosmedico never
used the letters VHR and VLR in commerce without combining said
letters with the word COSMOLUX.  Osram Sylvania, Cosmedico's sole
supplier of the lamps bearing the asserted trademarks, has also so
confirmed the same.

    Cosmedico's Fifth Counterclaim for unfair competition based on
Cosmedico's allegation that Plaintiffs' claims are barred on the
grounds of res judicata because of a prior dismissed opposition
proceeding before the U.S. Patent & Trademark Office with respect to
the asserted registered VHR mark, is considered to be frivolous and
is fatally defective for failing to state a cause of action for
which relief may be granted.  Plaintiffs' claims are not barred
under res judicata or claim preclusion as a matter of law.  See Jim

Dale A. Malone          Page 3          January 31, 2005


Beam Brands Co. v. Beamish and Crawford, Ltd., 19 USPQ 2d 1352 (2 Cr 1991).

    Cosmedico's use of the letters VHR and VLR are descriptive acronyms that merely describe the physical characteristic distinctions between the various COSMOLUX® brand lamps.  I suggest you read Pfizer, Inc. v. Astra Pharmaceutical Products cited at 33 USPQ 2d 1545 (SDNY 1994), citing Second Circuit law, and that you advise your client accordingly.  See also Levy v. Kosher Overseers Association of America cited at 41 USPQ 2d 1456 (2 Cir 1997).

    I make the above comments with the hope that Cosmedico can make a rational business judgment that is based on the realities of the marketplace.  Pure arbitrary conditions are not conducive to settlement.  You will recall that Paul and I stressed that Plaintiffs, and particularly Light Sources, required something more definite and final other than merely a dismissal without prejudice with the right to fight at another time.  Until this dispute is resolved with some form of finality, Light Sources' future marketing plans are in limbo.

    Plaintiffs have expended well over One Hundred Thousand Dollars in legal fees and costs, in addition to unnecessary loss of time, efforts and aggravation in pursuing and defending against Cosmedico's illusory and totally imaginary claims.  Prudent business judgment precludes any thought of "walking away" without some finality.  A resolution with only with the right to rehash the same issues at some future time may prove more expensive to Light Sources from a marketing viewpoint, than pursuing this action all the way.  Plaintiffs have no intention of remaining hostage as to any such uncertainty as to what Light Sources may wish to do or not do in the future with respect to the marketing of its products, which is largely driven by marks that can be associated or not associated with Plaintiffs' products.  Nor does Light Sources wish to forfeit any legal right they may have as to the use of any words, letters, designs and/or combination thereof as a trademark or be precluded from using any established acronym that is well known and used by those in the indoor sun tanning industry that does not infringe any Cosmedico valid trademark.

    With respect to settlement, you requested that we begin with a clear understanding of what is and what is not negotiable.  Such a beginning, in my opinion, is not conducive to reaching a settlement in good faith, considering the realities of the marketplace.  However, as you like, the following proposals will be considered as non-negotiable.

    (1)  Light Sources requires that Cosmedico agree to a covenant not to sue Light Sources, its subsidiaries, affiliates and/or

FATTIBENE AND FATTIBENE
Attorneys at Law

Dale A. Malone                  Page 4                  January 31, 2005

customers with respect to any Light Sources trademark that includes
the letters or acronym THR or TLR, either singularly and/or in
combination with any other term, design, suffix or prefix which is
not confusingly similar with either "COSMEDICO" or "COSMOLUX".

    (2)   Light Sources also requires that Cosmedico agree to a
covenant not to sue Light Sources, its subsidiaries, affiliates
and/or customers with respect to the use of the letters and/or
acronyms VHR and VLR <u>when used in their descriptive connotation
and/or meaning</u> and/or <u>when used in combination with other terms,
words, designs, letters or numbers as a mark that is not confusingly
similar to the terms "COSMEDICO" or "COSMOLUX" and/or Cosmedico's
cat design as depicted in trademark registration No. 2,788,198
and/or trademark registration No. 2,124,659</u>.  See <u>B&L Sales
Associates v. H. Daroff</u>, 165 USPQ 353 (2 Cir 1970).

    Tan Systems has indicated it is agreeable to any settlement
that is mutually agreed to between Light Sources and Cosmedico.

    Tan Systems is also agreeable to entering into a separate
agreement with Cosmedico whereby Tan Systems and Cosmedico would
agree to execute and file a stipulation of dismissal without
prejudice as to their respective claims and defenses so long as such
stipulation does not prejudice any rights Light Sources may have.

    Finally, any dismissal of this action upon any settlement
agreement reached between the parties hereto <u>shall be without
prejudice as to any claims or defenses of the respective parties</u>.

    It is therefore requested that Cosmedico seriously take a more
serious, pragmatic approach to settlement if Cosmedico truly wishes
to negotiate in good faith.

    As I advised, if Cosmedico desires to accept the above terms, I
would strongly urge Plaintiffs to accept such settlement.

    However, to render settlement more palatable to Plaintiffs, I
would suggest that Cosmedico reconsider its refusal to deal with
URI.

    Should settlement fail and Plaintiffs prevail, Plaintiffs will
certainly request the Court to reimburse Plaintiffs their attorney
fees and costs, which I can assure will be quite substantial before
this case is finalized.

    Cosmedico would be well advised to resolve this matter as
suggested herein as quickly as possible.  Note that the covenants
not to sue impose no hardship on Cosmedico as said covenants are

FATTIBENE AND FATTIBENE
Attorneys at Law

Dale A. Malone                Page 5              January 31, 2005

solely limited to those acts which Plaintiffs are lawfully entitled
or permitted to do under the established law.

    Please understand that the suggestions made herein are intended
solely for the purposes of seeking any final resolution, and are not
to be used for any other purpose.

    Light Sources will not agree to any settlement where the only
consideration is a dismissal without prejudice.

    However, if Cosmedico is agreeable to reimbursing Light Sources
its attorney fees and expenditures incurred to date, Light Sources
may be agreeable to effecting settlement under the "walk away"
concept as proposed by Cosmedico.

    Please be advised that the proposals suggested herein as worded
are merely for communicating Plaintiffs' intentions and thoughts.
The "intent" expressed therein are non-negotiable.

    I understand that Christian may be returning soon so that I can
discuss settlement in person with him.  For the time being, my
authority herein is limited to the proposals and suggestions stated
herein.

    I believe it is in the parties' best interest to resolve this
matter as promptly as possible so as to avoid any further
unnecessary expense.  As you know, Cosmedico's trademarks in suit
are at best very limited and specific, and are incapable of
precluding any of those acts and intentions expressed in Light
Sources' proposed covenants not to sue.

    Plaintiffs will not consider any Settlement Agreement that will
not result in some finality of the issues raised by Cosmedico's
asserted claims.

    If Cosmedico has any other suggestions as to any final
resolution of the issues and claims asserted, please advise.  If
not, and the parties cannot agree to any such settlement, I suggest
we so advise the Court and forge ahead if we have to.

                          Very truly yours,
                          Fattibene and Fattibene

                          Arthur T. Fattibene

ATF/esf
cc:  Light Sources, Inc. - 203-795-5267
     Tan Systems
     Cynthia Counts, Esq. - 404-249-9897

**Tab 5**



TATE STREET
25TH FLOOR
BOSTON, MASSACHUSETTS 02109-1775

TEL: 617.720.9600
FAX: 617.720.9601
www.bannerwitcoff.com

**Dale A. Malone**
dmalone@bannerwitcoff.com

<u>By Fax and Mail</u>                                                  February 14, 2005

Arthur T. Fattibene, Esq.
Fattibene and Fattibene
2480 Post Road
Southport, Connecticut 06890

**Re:**    *Light Sources, Inc. v. Cosmedico Light, Inc.,*  3:03 CV 874 (MJK) (D. Conn.)

Dear Mr. Fattibene:

We were very disappointed to receive your letter of January 31, 2005, in which you once again reneged on your proposal to recommend to your client a resolution of the present litigation based upon a dismissal of all claims and counterclaims without prejudice.  It is especially surprising that your letter indicates a complete reversal of the representations made to me and to the Court at the January 27, 2005, conference, even though you candidly admitted in your letter that as of the date of your letter you still had not yet even discussed the matter with your client.  You will recall that on that date, I was able to confirm to you and to the Court my client's willingness to accept a compromise on this basis, and to consider any additional terms the plaintiffs might wish to discuss.

In view of your clear indication that the plaintiffs are not interested in settling this matter short of a trial, it was not surprising that the Court reacted harshly to the news that its prudent guidance had been rejected.  Notably absent from the statements made in last Thursday's teleconference was any indication that you had made any communications with your client whatsoever to consider any settlement terms at all.  This conduct on the part of plaintiffs does not constitute good faith.

Your January 31 letter also appears to reflect a misconception that Cosmedico is not confident in the strength of its claims in this litigation.  If that is plaintiffs' belief, it is badly mistaken.  In particular, with regard to the comments made in your letter regarding Cosmedico's counterclaims, we note as follows:

Cosmedico's first counterclaim, for infringement of its VHR and CosmoLux VLR trademark registrations, does not hinge upon whether or not plaintiffs copied the registered marks *verbatim* and applied them to plaintiffs' own goods. Rather, as you well know, trademark infringement results from the deliberate confusion of the relevant public as to the source of the goods in question.  There is substantial evidence to show that the

Arthur T. Fattiber  Esq.
February 14, 2005
Page 2

terms "VHR", "VLR", "THR" and "TLR" have been used at various times by the parties in connection with their marketing of their goods, separate and apart from house marks such as Cosmedico, CosmoLux, Light Sources or Turb0Power.  Your characterization of Mr. Frank's deposition testimony as to the contrary is not accurate.  Moreover, to the extent that "Osram Sylvania is on record" as to any alleged fact, we have not been provided with any such record statement, and request that you immediately produce to us all responses, documents and any other purported evidence provided to you by that third party.  Your nearly identical comments regarding the fourth counterclaim are similarly inaccurate.

Your attack on Cosmedico's second counterclaim, for false designation of origin, is equally specious.  Cosmedico does not claim, and never has claimed, to have "trademark rights to the letters THR and TLR."  Cosmedico does claim, and has consistently claimed, the right to be free of imitations of its registered and common law trademarks that are intended to cause confusion among the relevant public as to the origin of the respective goods of the parties.  Your statement that "the letters THR and TLR are utilized as part of a model number and not as a trademark" is simply not true, as you know full well.  For example, you (and the Court) have been provided with copies of the Tan Systems catalog pages that not only demonstrate the plaintiff's use of the THR and TLR designations apart from other marks, but even claim trademark significance in the infringing marks!

Cosmedico's fifth counterclaim seeks redress for plaintiffs' unfair competition resulting from their attempt to relitigate the issue of trademark registrability previously decided, with Light Sources' express blessing, in the United States Patent and Trademark Office.  Your characterization of the counterclaim as frivolous based upon your misreading of the *Jim Beam* opinion reveals either a misunderstanding or an outright refusal to accept the fundamental fact differences between the present case and the situation considered previously by the Second Circuit.  For example, in *Jim Beam*, unlike here, the prior trademark office adjudication concerned the likelihood of confusion between competing registered marks.  The later litigation also involved facts that had developed since the time of the trademark office proceeding and, accordingly, could not have been addressed there.  Here, in stark contrast, the trademark office considered Light Sources' opposition to the registration of Cosmedico's VHR trademark, and allowed the registration to issue after Light Sources consented to dismissal of the opposition with prejudice.  Most importantly, plaintiffs' present challenge is based upon exactly the same tired, tried and abandoned allegations it submitted to the trademark office and later withdrew with prejudice.  No changed facts or circumstances have been pleaded or proved in this case.  Indeed, all of the evidence suggests that the strength of Cosmedico's VHR trademark has grown as a result of Cosmedico's promotion of the mark, as readily admitted by your client at his deposition.  This acknowledged secondary meaning in the VHR and VLR marks readily distinguishes the facts of this case from the *Pfizer* opinion referenced in your letter.

Arthur T. Fattiben..., Esq.
February 14, 2005
Page 3

     The proposed "settlement" terms set forth in your January 31, 2005, letter are so far removed, both from reality and from the tenor of our discussion at the January 27, 2005, conference, as to be unworthy of either discussion or response. It appears clear that plaintiffs have never had any sincere interest in reaching a <u>compromise</u> of this dispute. The disturbing aspect of this posture, however, is that the plaintiffs' repeated "bait and switch" tactic of proposing settlement terms and then withdrawing them has consistently occurred at times (first, following the settlement conference before Magistrate Garfinkel and now after our conference with Judge Kravitz) when you admit you have not conferred with your client. I suggest to you that your ethical obligations to your clients and as an officer of the Court do not permit such conduct.

     Because plaintiffs clearly refuse to negotiate in good faith toward a compromise of this dispute and, instead, insist upon litigating to finality a moot case involving hypothetical future marketing plans, Cosmedico has no choice but to proceed accordingly. Our remaining discovery requirements have been made known to you many months ago. As we discussed at the conference, we will proceed with Mr. Henson and his attorney to obtain the requested Tan Systems documents. We will then take the deposition of Kristin Tiffany as previously ordered by the Court. We also require the deposition of Joseph Schuster, who you committed to produce for us many months ago, but for whom you have never provided a deposition date, as well as the completion of the Rule 30(b)(6) deposition of Light Sources, including the matters identified on the record at the initial deposition and confirmed in my subsequent letters. This includes, among other things, the deposition of Gene Czako as to compatibility issues. We will also proceed with the deposition of Doug Tiffany at a time and place to be arranged. Finally, we require resolution of the matter of waived privilege resulting from your use of alleged work product documents in the preparation of Mr. Sauska for trial. We remain willing to work with you to coordinate the orderly completion of these remaining discovery events.

                      Very truly yours,

                      Dale A. Malone

DAM/pc

    cc:    Cynthia L. Counts, Esq. (by fax)
           Jerry Frank (by mail)

**Tab 6**

28 STATE STREET
281    FLOOR
BOSTON, MASSACHUSETTS 02109-1775

TEL: 617.720.9600
FAX: 617.720.9601
www.bannerwitcoff.com

**BANNER & WITCOFF, LTD.**
INTELLECTUAL PROPERTY LAW

**Dale A. Malone**
dmalone@bannerwitcoff.com

By Fax and Mail                                            March 8, 2005

Arthur T. Fattibene, Esq.
Fattibene and Fattibene
2480 Post Road
Southport, Connecticut 06890

Re:    *Light Sources, Inc. v. Cosmedico Light, Inc.,*  3:03 CV 874 (MJK) (D. Conn.)

Dear Mr. Fattibene:

We have received no response to our letter of February 14, 2005, letter regarding outstanding discovery matters in this case.  As stated in the Court's Ruling and Order of March 4, 2005, discovery has been reopened for a limited period so that the parties may prepare for trial.  The discovery events described in my last letter are all necessary to Cosmedico's trial preparation.

Notices of deposition for the witnesses identified in my last letter will be sent to you in due course.  In order to avoid delays and disruptions in the depositions, we would like to resolve the various matters that arose during the Rule 30(b)(6) deposition of Light Sources last July, including the production of documents identified by the witness, Mr. Sauska, that were not previously produced in discovery in this action and, especially, the production of the privilege-waived documents used with Mr. Sauska in preparation for his deposition.  As you will recall, a description of the former documents was set forth in my letter of August 16, 2004, a copy of which is attached for your convenience.  A description of the privilege-waived documents is contained in the transcript of the deposition at pages 187 to 199.

You have now had ample time to review the law applicable to this issue, and there can be no legitimate dispute regarding the waiver of any work product claim that might have attached to the documents prior to their disclosure to Mr. Sauska.  Accordingly, the documents should be produced to us forthwith.

CHICAGO, IL
WASHINGTON, DC
BOSTON, MA
PORTLAND, OR

Arthur T. Fattibene, J.
March 8, 2005
Page 2


        If plaintiffs believe that any of these documents should not be produced, please contact me for a meet-and-confer regarding this issue. If no agreement is reached regarding this matter by March 14, 2005, we will bring the dispute to the Court for resolution.


                                        Very truly yours,


                                        Dale A. Malone


DAM/pc

        cc:    Cynthia L. Counts, Esq. (by fax)
               Jerry Frank (by mail)

28 __ __E STREET
28__ __LOOR
BOS.__N, MASSACHUSETTS 02109-1775

TEL: 617.720.9600
FAX: 617.720.9601
www.bannerwitcoff.com

**BANNER & WITCOFF, LTD.**
INTELLECTUAL PROPERTY LAW

**Dale A. Malone**
dmalone@bannerwitcoff.com

<u>By Fax and Mail</u>                                              August 16, 2004

Arthur T. Fattibene, Esq.                                        Third Letter
Fattibene and Fattibene
2480 Post Road
Southport, Connecticut 06890

**Re:**    *Light Sources, Inc. v. Cosmedico Light, Inc.,*  **3:03 CV 874 (MJK) (D. Conn.)**

Dear Art:

     We have now had an opportunity to review the transcript from the deposition of
Light Sources ("LSI") taken pursuant to Rule 30(b)(6) on July 20, 2004.  You will recall
that, at that deposition, LSI's designated witness, Mr. Sauska, testified as to the possible
or definite existence of documents relevant to the issues in suit in this case.  We hereby
request immediate production of the following documents:

| | |
|---|---|
| Page 38 | Documents pertaining to alleged use of "VHR" by Phillips |
| Page 85 | Documents indicating use of "VHR" or "VLR" by LSI in or before 1997 |
| Page 90 | Documents pertaining to the 1997 sale of dermatological bulbs by LSI to Cosmedico |
| Pages 90-92 | Any document retention or destruction policy in effect at LSI at any time relevant to the issues in suit |
| Pages 94-95 | Documents pertaining to the designation of each low pressure, very high output, reflectorized lamps made and/or sold by LSI in or before 1997, including year-end FDA filings for 1996 and 1997 |
| Page 99 | Documents indicating use of "VHR" by LSI prior to November, 1997 |

CHICAGO, IL
ASHINGTON, DC
BOSTON, MA
PORTLAND, OR

Arthur T. Fattibene,
August 16, 2004
Page 2


Page 104        All documents pertaining to or constituting advertisements placed
                by or for LSI that include "VHR"

Page 147        Documents pertaining to business dealings between LSI and
                Tan Systems

Page 198        Copies of the "privilege-waived" documents, in the form in which
                they were shown to the witness in preparation for his deposition


Please produce all of the foregoing documents immediately so that they will be
available for use during the remaining depositions to be taken in this action.


                                        Very truly yours,


                                        Dale A. Malone


DAM/pc

cc:     Jerry Frank (by mail)



**BANNER & WITCOFF, LTD.**
INTELLECTUAL PROPERTY LAW

STATE STREET - 28TH FLOOR
BOSTON, MA 02109

TEL:  (617) 720-9600
FAX:  (617) 720-9601
www.bannerwitcoff.com

---

## FACSIMILE TRANSMITTAL SHEET

| TO: | FROM: |
|---|---|
| Cynthia L. Counts, Esq. | Dale A. Malone |

| COMPANY: | DATE: |
|---|---|
| **Counts & Associates** | March 8, 2005 |

| FAX NUMBER: | TOTAL NO. OF PAGES (INCLUDING COVER SHEET): |
|---|---|
| (404) 249-9897 | 5 |

| YOUR REFERENCE NO.: | OUR REFERENCE (C/M) NO.: |
|---|---|
| | 006351-00001 |

---

Re:   **Light Sources, Inc. v. Cosmedico Light, Inc.**
       **3:03 CV 874 (MJK) (D.Conn.)**

*If you do not receive all page(s) or have any problems receiving this transmission, please call:*

| NAME: | **Dale Malone** | PHONE: | **617-720-9600** |
|---|---|---|---|

COMMENTS:

**IMPORTANT/CONFIDENTIAL:  This message is intended only for the use of the individual or entity to whom it is addressed. This message contains information from the law firm of BANNER & WITCOFF, LTD. which may be privileged, confidential or exempt from disclosure under applicable law.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, retention, archiving, or copying of the communication is strictly prohibited.  If you have received this communication in error, please notify us immediately at our telephone number listed above.  We will be happy to arrange for the return of this message to our offices at no cost to you.**

| CHICAGO | WASHINGTON, D.C. | BOSTON | PORTLAND, OR |
|---|---|---|---|

```
                        *********************
                   ***    TX REPORT    ***
                        *********************


       TRANSMISSION OK

       TX/RX NO              1844
       RECIPIENT ADDRESS     0672#006351#00001#14042499897#
       DESTINATION ID
       ST. TIME              03/08 16:17
       TIME USE              01'10
       PAGES SENT               5
       RESULT                OK
```



**BANNER & WITCOFF, LTD.**
INTELLECTUAL PROPERTY LAW

28 STATE STREET - 28TH FLOOR
BOSTON, MA 02109

TEL: (617) 720-9600
FAX: (617) 720-9601
www.bannerwitcoff.com

---

## FACSIMILE TRANSMITTAL SHEET

| TO: | FROM: |
|---|---|
| Cynthia L. Counts, Esq. | Dale A. Malone |

| COMPANY: | DATE: |
|---|---|
| **Counts & Associates** | March 8, 2005 |

| FAX NUMBER: | TOTAL NO. OF PAGES (INCLUDING COVER SHEET): |
|---|---|
| (404) 249-9897 | 5 |

| YOUR REFERENCE NO.: | OUR REFERENCE (C/M) NO.: |
|---|---|
| | 006351-00001 |

**Re:**  Light Sources, Inc. v. Cosmedico Light, Inc.
3:03 CV 874 (MJK) (D.Conn.)

*If you do not receive all page(s) or have any problems receiving this transmission, please call:*

| NAME: | **Dale Malone** | PHONE: | **617-720-9600** |
|---|---|---|---|

COMMENTS:

```
*********************
***   TX REPORT   ***
*********************

TRANSMISSION OK

TX/RX NO              1479
RECIPIENT ADDRESS     0672#006351#00001#12032590033#
DESTINATION ID
ST. TIME              03/08 16:19
TIME USE              01'02
PAGES SENT            5
RESULT               OK
```



**BANNER & WITCOFF, LTD.**
INTELLECTUAL PROPERTY LAW

28 STATE STREET - 28TH FLOOR
BOSTON, MA 02109

TEL:  (617) 720-9600
FAX:  (617) 720-9601
www.bannerwitcoff.com

## FACSIMILE TRANSMITTAL SHEET

| TO: | FROM: |
|---|---|
| Arthur T. Fattibene, Esq. | Dale A. Malone |

| COMPANY: | DATE: |
|---|---|
| **Fattibene & Fattibene** | March 8, 2005 |

| FAX NUMBER: | TOTAL NO. OF PAGES (INCLUDING COVER SHEET): |
|---|---|
| 203-259-0033 | 5 |

| YOUR REFERENCE NO.: | OUR REFERENCE (C/M) NO.: |
|---|---|
| | 006351-00001 |

Re:   <u>Light Sources, Inc. v. Cosmedico Light, Inc.</u>
      3:03 CV 874 (MJK) (D. Conn.)

*If you do not receive all page(s) or have any problems receiving this transmission, please call:*

| NAME:   **Andrea Crowell** | PHONE:   **617-720-9600** |
|---|---|

COMMENTS:

Confirmation to follow by mail.

# B W

## BANNER & WITCOFF, LTD.
### INTELLECTUAL PROPERTY LAW

STATE STREET - 28TH FLOOR
BOSTON, MA 02109

TEL: (617) 720-9600
FAX: (617) 720-9601
www.bannerwitcoff.com

---

## FACSIMILE TRANSMITTAL SHEET

| TO: | FROM: |
|---|---|
| Arthur T. Fattibene, Esq. | Dale A. Malone |

| COMPANY: | DATE: |
|---|---|
| **Fattibene & Fattibene** | March 8, 2005 |

| FAX NUMBER: | TOTAL NO. OF PAGES (INCLUDING COVER SHEET): |
|---|---|
| 203-259-0033 | 5 |

| YOUR REFERENCE NO.: | OUR REFERENCE (C/M) NO.: |
|---|---|
| | 006351-00001 |

---

Re:    **Light Sources, Inc. v. Cosmedico Light, Inc.**
       **3:03 CV 874 (MJK) (D. Conn.)**

*If you do not receive all page(s) or have any problems receiving this transmission, please call:*

| NAME: | **Andrea Crowell** | PHONE: | **617-720-9600** |
|---|---|---|---|

COMMENTS:

Confirmation to follow by mail.

**IMPORTANT/CONFIDENTIAL:** This message is intended only for the use of the individual or entity to whom it is addressed. This message contains information from the law firm of BANNER & WITCOFF, LTD. which may be privileged, confidential or exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, retention, archiving, or copying of the communication is strictly prohibited. If you have received this communication in error, please notify us immediately at our telephone number listed above. We will be happy to arrange for the return of this message to our offices at no cost to you.

| CHICAGO | WASHINGTON, D.C. | BOSTON | PORTLAND, OR |
|---|---|---|---|

**Tab 7**

28.   ˉE STREET
28.   ˉLOOR
BOSTON, MASSACHUSETTS 02109-1775

**BANNER & WITCOFF, LTD.**
INTELLECTUAL PROPERTY LAW

TEL: 617.720.9600
FAX: 617.720.9601
www.bannerwitcoff.com

**Dale A. Malone**
dmalone@bannerwitcoff.com

By Fax and Mail                                              March 30, 2005

Arthur T. Fattibene, Esq.
Fattibene and Fattibene
2480 Post Road
Southport, Connecticut 06890

**Re:**   *Light Sources, Inc. et ano v. Cosmedico Light, Inc.,* Civ. A. No. 3:03 CV 874
         **(MJK) (D. Conn.)**

Dear Mr. Fattibene:

        This letter will confirm our telephone conversation today regarding the discovery
issues raised in my previous letters, and will provide additional information regarding
issues you raised today.

        *Deposition dates for Light Sources Witnesses.*     We have previously served
deposition notices directed to Joseph Schuster and to Light Sources (pursuant to Rule
30(b)(6)). In the Rule 30(b)(6) deposition, Christian Sauska identified Gene Czako as the
Light Sources person knowledgeable regarding lamp compatibility issues. I have
requested dates of availability for both Messrs. Schuster and Czako, and you indicated
that you would provide dates to me.

        *Waiver of Immunity Regarding Deposition Preparation Materials.* We discussed,
once again, your waiver of work product immunity in certain marked-up copies of
deposition exhibits in this action based on your review of those copies with Mr. Sauska in
preparation for his deposition. If these materials are produced forthwith, we will seek
relief from the Court. You indicated that you needed to review the documents "to see
what is in them" before you could respond to our long-standing request. Please do so.

CHICAGO, IL

ASHINGTON, DC

BOSTON, MA

PORTLAND, OR

Arthur T. Fattibene, Esq.
March 30, 2005
Page 2


*Discovery Materials Received from Osram Sylvania Pursuant to Subpoena.*  In our conversation today, you admitted that you have received information and/or documents from Osram Sylvania in response to the subpoena you previously served on that third party.  We have never been provided with any of these materials.  You now refuse to provide us with copies of the materials based upon an alleged work product immunity.  We disagree that any such immunity exists and suggest that the rules require production of subpoenaed information to all parties involved in the litigation.  You wouldn't deny opposing counsel access to a third party deposition convened pursuant to a subpoena, would you?  If you will not reconsider and change your position on this issue, we will seek relief from the Court.

*Document Production Issues.*  My letter of March 28, 2005, identifies a number of issues arising out of Light Sources' responses to Cosmedico's document production requests.  You indicated today that you have not read that letter, and were not prepared to respond to it.  Please respond to the issues raised in my March 28 letter promptly so that we may proceed as necessary.

Although you provided us no advance notice, we also discussed several discovery issues raised by you in our conversation today:

*Further deposition of Jerry Frank.*  You asked us to provide you with dates of availability for a further deposition of Jerry Frank.  As you know, you have already deposed this witness pursuant to Rule 30(b)(6) in excess of the seven hour limit permitted by the rules of procedure.  Nonetheless, we will consider making Mr. Frank available for further deposition in response to a new deposition notice (which you indicated you intended to serve), provided you identify the topics of your intended further interrogation.  This information is requested in order to permit Mr. Frank to properly prepare for the deposition and to protect our client from undue harassment resulting from this extended interrogation.  Mr. Frank can be made available on various dates during April, May, or June, subject to his other obligations, depending upon the amount of time plaintiffs believe will be reasonably necessary to complete the deposition.  We reserve the right to seek a protective order from the Court, either before or during any further deposition, to protect our client from undue burden and harassment.

*Access to Tan Systems Documents.*  You also demanded access to the documents I selected from the files of the former Tan Systems during my two trips to Georgia.  As you know, the purchaser of the Tan Systems assets, Heartland Tanning, has agreed to make the original documents available to all counsel in this action for use in this litigation.  Tan Systems' attorney, Ms. Counts, has taken advantage of this courtesy, as have I on behalf of Cosmedico.  To date, you have not chosen to do so.  Nonetheless, to my knowledge, the documents remain available for your inspection at the offices of Heartland's counsel in Atlanta.  The selection of particular documents for copying by me represents protected work product, and you are not entitled to production of my copies of the documents.

Arthur T. Fattibene,     q.
March 30, 2005
Page 3

*Inspection of Physical Samples.*   You indicated to me today that you still intend to inspect physical samples of lamps maintained at Cosmedico's facility in Weymouth. I have confirmed with our client that you are welcome to conduct your inspection at any time upon reasonable notice.   Please let me know when you would like to visit Cosmedico's facility, and I will make all necessary arrangements.

I look forward to your timely response to the unresolved issues described above.

Very truly yours,

Dale A. Malone

DAM/pc

cc:     Jerry Frank (by mail)



# BANNER & WITCOFF, LTD.
### INTELLECTUAL PROPERTY LAW

2   TATE STREET - 28TH FLOOR
BOSTON, MA 02109

TEL:  (617) 720-9600
FAX:  (617) 720-9601
www.bannerwitcoff.com

---

## FACSIMILE TRANSMITTAL SHEET

| TO: | FROM: |
|---|---|
| Arthur T. Fattibene, Esq. | Dale A. Malone |

| COMPANY: | DATE: |
|---|---|
| **Fattibene & Fattibene** | March 30, 2005 |

| FAX NUMBER: | TOTAL NO. OF PAGES (INCLUDING COVER SHEET): |
|---|---|
| 203-259-0033 | 4 |

| YOUR REFERENCE NO.: | OUR REFERENCE (C/M) NO.: |
|---|---|
| | 006351-00001 |

**Re:**  **Light Sources, Inc. v. Cosmedico Light, Inc.**
**3:03 CV 874 (MJK) (D. Conn.)**

*If you do not receive all page(s) or have any problems receiving this transmission, please call:*

| NAME: | **Andrea Crowell** | PHONE: | **617-720-9600** |
|---|---|---|---|

**COMMENTS:**

Confirmation to follow by mail.

**IMPORTANT/CONFIDENTIAL:**  This message is intended only for the use of the individual or entity to whom it is addressed. This message contains information from the law firm of BANNER & WITCOFF, LTD. which may be privileged, confidential or exempt from disclosure under applicable law.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, retention, archiving, or copying of the communication is strictly prohibited.  If you have received this communication in error, please notify us immediately at our telephone number listed above.  We will be happy to arrange for the return of this message to our offices at no cost to you.

CHICAGO          WASHINGTON, D.C.          BOSTON          PORTLAND, OR

```
                    *********************
                    ***   TX REPORT   ***
                    *********************

        TRANSMISSION OK

        TX/RX NO             1924
        RECIPIENT ADDRESS    0672#006351#00001#12032590033#
        DESTINATION ID
        ST. TIME             03/30 16:27
        TIME USE             01'00
        PAGES SENT           4
        RESULT               OK
```



**BANNER & WITCOFF, LTD.**
INTELLECTUAL PROPERTY LAW

**28 STATE STREET · 28TH FLOOR**
**BOSTON, MA 02109**

**TEL: (617) 720-9600**
**FAX: (617) 720-9601**
**www.bannerwitcoff.com**

---

## FACSIMILE TRANSMITTAL SHEET

| TO: | FROM: |
|---|---|
| Arthur T. Fattibene, Esq. | Dale A. Malone |

| COMPANY: | DATE: |
|---|---|
| **Fattibene & Fattibene** | March 30, 2005 |

| FAX NUMBER: | TOTAL NO. OF PAGES (INCLUDING COVER SHEET): |
|---|---|
| 203-259-0033 | 4 |

| YOUR REFERENCE NO.: | OUR REFERENCE (C/M) NO.: |
|---|---|
| | 006351-00001 |

Re:    <u>**Light Sources, Inc. v. Cosmedico Light, Inc.**</u>
       **3:03 CV 874 (MJK) (D. Conn.)**

---

*If you do not receive all page(s) or have any problems receiving this transmission, please call:*

| NAME: | Andrea Crowell | PHONE: | 617-720-9600 |
|---|---|---|---|

COMMENTS:

Confirmation to follow by mail.