UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT


LIGHT SOURCES, INC., and
TAN SYSTEMS, INC.,
                    Plaintiffs


        v.
                                Civil Action
                                No. 303 CV 874 (MRK)


                                At New Haven

COSMEDICO LIGHT, INC.,
                    Defendant    April 18, 2005



**PLAINTIFFS', LIGHT SOURCES, INC. AND
TAN SYSTEMS, INC., MEMORANDUM IN OPPOSITION
TO DEFENDANT, COSMEDICO LIGHT, INC.'S
MOTION FOR PROTECTIVE ORDER REGARDING
THIRD PARTY DISCOVERY**



                        Arthur T. Fattibene
                        Paul A. Fattibene
                        Fattibene & Fattibene
                        2480 Post Road
                        Southport, CT 06890-1218



ORAL HEARING REQUESTED

**NATURE OF PROCEEDING**

On or about April 7, 2005, Plaintiffs received by fax a copy of Defendant's Motion For Protective Order Regarding Third Party Discovery.  On April 11, 2005, Plaintiffs received a confirmation copy of said Motion by first class mail.  This is Plaintiffs' Memorandum In Opposition To Defendant's Motion For Protective Order.

Defendant's Motion is summarily dismissible as moot, premature and frivolous, as the Motion is predicted upon a series of false conclusions and suppositions replete with erroneous factual statements, and is totally unsupportable in either fact or law.

**STATEMENT OF FACTS:**

1.  On June 2, 2004, the Court issued an Order extending discovery in the above matter to July 23, 2004, and setting August 23, 2004, as the deadline for filing dispository motions, if any.  Also, the Court indicated that no further extension will be granted.  (Doc. #47)

2.  Pursuant to the Court's Order of June 2, 2004, Plaintiffs timely served on Osram Sylvania, a non party, <u>a subpoena duces tecum together with a notice of deposition</u>. This subpoena and notice of deposition <u>were duly served on</u>

1

all Defendant's counsels of record.   (See Tab 1 attached to Defendant's Memorandum).

3.   Osram Sylvania is the exclusive manufacturer of the sun tanning lamps it supplies to the Defendant (Cosmedico), and which Cosmedico sells and markets allegedly under the supposed trademarks in suit, which are asserted to be COSMOLUX VHR, COSMOLUX VLR and VHR and VLR.

4.   Osram Sylvania, as exclusive manufacturer of the lamps it supplies to Cosmedico, is responsible for applying the alleged asserted trademarks on the lamps marketed by Cosmedico and for complying with FDA regulations pertaining to said sun tanning lamps.   Osram Sylvania is privy to relevant information that will support Plaintiffs' claims and defenses, and which information is not forthcoming from Cosmedico.

5.   Subsequent to accepting service of the subpoena (Defendant's Memorandum, Tab 1), of which Defendant had proper notice, Osram Sylvania, for one reason or another, kept procrastinating and offering various excuses for putting off the deposition until such time that the discovery period was closed, by the Court's Order of June 2, 2004.   See attached correspondence Osram Sylvania conducted with Plaintiffs' counsel at (Tab 2 attached to Defendant's Memorandum).

6.   Pursuant to the Court Order of June 2, 2004,
Plaintiffs filed a Joint Motion for Partial Summary
Judgment on August 23, 2004, thereby effectively adjourning
the taking of Osram Sylvania's deposition and production
required by the Subpoena duces tecum.  All briefings with
respect to the various pending motions were subsequently
completed by the respective parties, as the discovery
period was effectively closed as of July 23, 2004, per the
Court's Scheduling Order.  (Doc #47).

7.   Notwithstanding the close of the discovery period
by Court Order as of July 23, 2004 (Doc #47), Defendant
nevertheless sought and secured the discovery of all Tan
Systems documents from Heartland Tanning, Inc., that were
included in the February 2004 sale of Tan Systems' assets
to Heartland Tanning (an independent distributor).  On
August 31, 2004, Cosmedico, by its counsel Mr. Malone, and
without notice, subpoena, or court order, inspected all of
Tan Systems' former records that were in the possession,
custody and control of Heartland Tanning that covered the
period from when Tan Systems first commenced business in
1988 to the date of the sale, February 2004.  Cosmedico
tagged some 30,000 to 50,000 documents for copying.[1]

---

[1] Cosmedico has a habit of intimidating independent distributors by cutting off the supply of tanning lamps
to such independent distributors in the event the distributor does not react with Cosmedico's desires.  See
(A-3 to A-8), which referrers to the attached Appendix followed by the page number.

8.   Subsequent to Cosmedico's initial inspection of the former Tan Systems documents on August 31, 2004, Cosmedico's counsel conducted a second inspection to effect the copying of the former Tan Systems' documents comprising some 30,000 to 50,000 pages, most of which are totally irrelevant and immaterial when it is noted that the acts of which Cosmedico complains occurred only between January 2002 and February 2004, and limited to only two accused lamps that utilized the letters THR and TLR as part of a thirteen digit model number, which do not form any component part of Cosmedico's asserted trademarks.

9.   On March 4, 2005, the Court rendered a Ruling and Order with respect to all of the parties pending motions in which the Court granted Plaintiffs' Motion to Compel and Complete Discovery [Doc #100] in all respects.   In addition, the Court ruled that "The parties shall have from March 1, 2005 until July 1, 2005 to complete (not propound) any and all depositions or the discovery they believe is needed in preparation for trial."

10.   Pursuant to the Court's Ruling and Order of March 4, 2005, Plaintiffs advised Osram Sylvania of the Court's Ruling and the reopening of the discovery period.   There followed a series of discussions in an attempt to reach

4

agreement on a date for Osram Sylvania's deposition that was agreeable to all parties.

11.   In a telephone communication conducted on or about April 7, 2005, it was finally agreed that May 9, 2005, was a suitable date for all parties for scheduling the deposition of Osram Sylvania.  It was also agreed by all parties that May 9, 2005, was firm. (A-9, A-10)

12.   Agreement having been reached by all parties concerned, a renewed notice of deposition and fresh subpoena was served on Osram Sylvania and on all opposing counsels of record on April 13, 2005.  (A-16 to A-26)

13.   On March 28, 2005, Plaintiffs' counsel received by mail a courtesy copy of a new complaint Cosmedico filed in the U.S. District Court for the District of Massachusetts entitled Cosmedico Light, Inc. v. Light Sources, assigned Civil Action No. 05-10589 (NMG), in which Cosmedico is charging Light Sources with infringement of the same trademark registrations and related unfair competition claims similar to the issues in the present Connecticut action.  (A-27 to A-47).

# A R G U M E N T

### I.    DEFENDANT'S MOTION IS ADMITTEDLY MOOT AND SHOULD BE SUMMARILY DISMISSED.

As is clearly evident to the Court on the record before it, Plaintiffs have not violated any Federal Rule of Civil Procedure, nor have Plaintiffs violated any Court Order, nor has Cosmedico cited any such violations.

Plaintiffs did timely and properly serve Osram Sylvania with the original Subpoena duces tecum (Defendant Memorandum, Tab 1), together with a notice of deposition, and proper notice thereof was given to Cosmedico, within the discovery period permitted by the Court Order of June 2, 2004.  Due to Osram Sylvania's procrastinations and successive delaying excuses, the deposition was not able to be conducted within the discovery period that closed on July 23, 2004.  Thus, compliance with the original Subpoena and the associated notice of deposition was temporarily stalled and rendered lukewarm pending a ruling on Plaintiffs' timely Motion to Compel and Complete Discovery (Doc #100).

On March 4, 2005, the Court did grant Plaintiffs' Motion to Compel and Complete Discovery in all respects, and reopened the discovery period that was to be completed by July 1, 2005.  Plaintiffs' counsel thus advised Osram

6

Sylvania's general house counsel of the Court Ruling and
Order of March 4, 2005, and attempted to reach an agreement
as to a date to depose Osram Sylvania.  Also, at the
request of Osram Sylvania's house counsel, a copy of
Plaintiffs' Motion to Compel and Complete Discovery and the
Court's Ruling and Order was submitted to Osram Sylvania.

On or about April 7, 2005, Osram Sylvania advised that
Osram Sylvania would be available for deposition on May 9,
2005, a date agreeable by all, including Cosmedico, as
Osram Sylvania indicated May 9, 2005 was agreeable with
Cosmedico. (A-9, A-10)

Pursuant to this understanding, Plaintiffs issued a
fresh subpoena together with a new notice of deposition
which was served, per the agreement reached with Osram
Sylvania's house counsel, and notice of which was also
served on all Cosmedico's counsel of record.  (A-19 to A-
26)

On page 3 of Cosmedico's Motion, it is to be noted
that "Cosmedico does not object to the taking of a
deposition of Osram, provided that prior notice is given as
required by Rules 5, 30 and 45 of Fed.R.Civ.P."  Cosmedico
was at all times aware of Plaintiffs' efforts to depose
Osram Sylvania, as all the dates which were suggested by
Osram Sylvania were pre-approved by Cosmedico.  It would

7

appear that Cosmedico's motion is moot, as it is obvious

that Plaintiffs' are not engaging in any "private

discovery."

## II.   COSMEDICO'S MOTION IS FURTHER MOOTED AS COSMEDICO ADMITS THAT OSRAM SYLVANIA HAS SUBMITTED TO COSMEDICO COPIES OF ALL DOCUMENTS SYLVANIA PRODUCED.

On page 2 of Cosmedico's Motion, Cosmedico admits

"Cosmedico finally obtained, directly from Osram, copies of

the documents which Osram produced to Plaintiffs allegedly

in response to the original subpoena."  Significantly,

Cosmedico does not state when Osram produced to Cosmedico

copies of the documents which Sylvania produced to

Plaintiffs.  Due to the very close relationship between

Osram Sylvania and Cosmedico, it is highly doubtful that

Osram Sylvania produced any documents before Cosmedico had

an opportunity to inspect the same.  As a matter of fact,

the documents and things Osram Sylvania did produce,

allegedly in response to the Subpoena of July 13, 2004, are

not fully responsive to the specific subpoena requests.

The original Subpoena Request No. 1 requested Osram

Sylvania to produce the earliest dated documents relating

to the manufacture and sale of sun tanning lamps bearing

the asserted trademarks, viz.

    COSMOLUX VHR

    COSMOLUX VLR

VHR

VLR

Osram Sylvania produced a miscellaneous collection of obviously pre-selected invoices that were dated between October 10, 1997 and July 1, 2004, which are not the earliest dated document to evidence the first use date of the VHR mark, which was alleged to be December 1994 in Cosmedico's Trademark Registration in suit.

Osram Sylvania did produce two invoices that were dated January 11, 1994 and July 18, 1994, but these invoices did not relate to lamps bearing any of the trademarks in suit, and are thus totally irrelevant.

As to Subpoena Request No. 2, Osram Sylvania produced only two types of lamps that bore the asserted trademark, viz the COSMOLUX VHR mark combined with a cat design and the COSMOLUX VLR mark combined with a cat design (A-11, A-12), although it has been admitted that the VHR and VLR has been used in combination with other marks not owned by Cosmedico, e.g. Royal Sun VHR. (A-2 and A-14).

Osram Sylvania has admitted that Osram Sylvania has not made any lamp bearing the VHR and VLR mark standing alone; and that both the VHR and VLR are always used in conjunction with another trademark.  (A-13, A-14).  Osram Sylvania did produce box labels that are required to be

9

placed on the goods by FDA regulations, to evidence this
admission.[2]  (A-13, A-14).  However, samples of such ROYAL
SUN VHR and ROYAL SUN VLR lamps were not produced.

As to the original subpoena requests 3 and 4,
(Defendant's Memorandum Tab 1) Osram Sylvania indicated
that it has no printed publications or sales literature for
the lamps bearing the asserted trademarks in suit.  Osram
Sylvania's response is not entirely accurate.  Sylvania, by
FDA regulations, is required to provide an instruction
sheet and a compatibility chart in each package of the
lamps that it supplies to Cosmedico.  Osram Sylvania has
not yet produced any such instruction sheet and/or
compatibility chart.  It should be evident that Cosmedico
is no doubt controlling Osram Sylvania's compliance that
precludes any effort by Plaintiffs of conducting any
"private discovery" with Osram Sylvana, as is being
asserted by Cosmedico.

**III. COSMEDICO'S MOTION SHOULD BE DISMISSED AS IT IS
PREDICATED UPON UNSUPPORTED CONCLUSIONS AND
SUPPOSITIONS THAT HAVE NO BASIS IN FACT OR LAW.**

Contrary to Cosmedico's erroneous conclusions and
suppositions, there is no conspiracy between Osram Sylvania

---

[2] Mr. Frank, Cosmedico's president, also so testified on deposition that the asserted trademarks VHR and
VLR were always used in conjunction with the word COSMOLUX, e.g. COSMOLUX VHR or
COSMOLUX VLR.  (A-2).

and Plaintiffs to conduct a "private deposition".  The
original subpoena, together with the associated notice of
deposition, were duly served on Osram Sylvania and on all
Cosmedico's counsels of record on July 13, 2004.
(Cosmedico Memorandum Tab 1).  Cosmedico readily admits on
page 6 of its memorandum that the Subpoena of July 13, 2004
and the attached notice of deposition was duly served on
Cosmedico.  Neither Osram Sylvania nor Cosmedico made any
objection to the Subpoena served on Osram Sylvania on July
13, 2004.  Cosmedico was advised on July 21, 2004, that the
scheduled deposition of Osram Sylvania for July 22, 2004,
was adjourned because of the alleged reasons asserted by
Osram Sylvania (A-15).  The reasons for the adjournment of
Osram Sylvania's deposition are stated in a letter from
Sylvania's legal department attached to Cosmedico's
Memorandum at Tab 3.

Plaintiffs are not aware of any rule or law that
precludes a subpoenaed corporation from seeking to comply
with the subpoena duces tecum, even though the designated
deponent is made unavailable to be deposed at the scheduled
time by the subpoenaed party, and Cosmedico has cited none.

11

**IV.   COSMEDICO'S MOTION IS NOT BEING URGED IN GOOD FAITH.**

At page 1 of Cosmedico's Memorandum, Cosmedico

asserts:

> "Although the underlying dispute among the
> parties has now long been moot, Plaintiffs
> Light Sources, Inc. (Light Sources) and Tan
> Systems, Inc. (Tan Systems) persist in
> prosecuting their attack, through this
> action, upon defendant, Cosmedico Light,
> Inc. (Cosmedico) and its valuable
> trademarks."

Contrary to Cosmedico's alleged statement, the dispute

has not "long been mooted." Cosmedico neglects to advise

the Court that on March 25, 2005, Cosmedico filed another

action in the U.S. District Court for the District of

Massachusetts (A-27 to A-47), asserting trademark

infringement and alleged related claims of unfair

competition of the same trademarks which are the subject of

Cosmedico's trademark infringement and unfair competition

claims currently before this Court.  This Court can

judicially note that the Massachusetts District Court has

already previously administratively closed a related action

filed by Cosmedico in which Cosmedico asserted infringement

of the same trademarks that are in issue in this

Connecticut action, pending resolution of the issues raised

in this Connecticut action.  The recent filing of the

Cosmedico's complaint (A-27 to A-47) in Massachusetts U.S.

12

District Court asserting infringement of the same

trademarks is an indication that Cosmedico was not acting

in good faith during the discussion related to the parties'

attempt to amicably resolve their differences, as was

suggested.  Had the Plaintiffs agreed to a dismissal of the

Connecticut action by "walking away" and **without** prejudice

as suggested, there was no doubt in Plaintiffs' mind that

Cosmedico would have reinstituted this action in the

Massachusetts venue, as is now evident by the recent

filing.  (A-27 to A-47).[3]

On page 2 of Cosmedico's Memorandum in support of its

motion, Cosmedico is asserting that "Plaintiffs are

presently embarked on a campaign of 'private discovery'

intended to cause undue burden and surprise to Cosmedico."

Actually, it is Cosmedico who is conducting a campaign of

"private discovery".  Cosmedico neglects to advise the

Court that without notice of any kind and after the close

of the discovery period on July 23, 2004, Cosmedico bullied

Heartland Tanning, an independent dealer of sun tanning

equipment who purchased all the assets of Tan Systems,

including all of Tan Systems' former documents, into

permitting Cosmedico to inspect all of the Tan Systems

---

[3] Light Sources has previously been burned by Cosmedico by agreeing to dismiss its opposition to the registration of Cosmedico's asserted VHR mark with prejudice on the promise of Cosmedico's doing business with Light Sources, that never materialized.

13

former documents, whether relevant or not.  On a second inspection of the Tan Systems former documents at Heartland Tanning's premises, Cosmedico had some 30,000 to 50,000 Tan Systems former documents copied.  It is understood that the Tan Systems former documents Cosmedico inspected covered the period from 1988, when Tan Systems first started business, to February 2004 when the business was sold to Heartland Tanning.

Light Sources, upon being informed of Cosmedico's "private discovery" actions, requested Cosmedico to produce the Tan Systems documents Cosmedico copied.  Initially, Cosmedico agreed to produce the copied Tan Systems former documents, but later reneged on a claim of "work product privilege."  However, Cosmedico has not provided any "privilege log" relating to the copied former Tan Systems documents, nor is it understood how the information in Tan Systems' former documents comprises an opposing counsel work product.

In view of the foregoing events, it is not understood how Cosmedico would be entitled to any protective order when it is noted that Cosmedico is engaging in the very acts of "private discovery" which Cosmedico is falsely asserting are being practiced by Plaintiffs.

14

# C O N C L U S I O N

For all the reasons stated herein, it is requested that the Court summarily deny Cosmedico's Motion as moot, totally lacking in merit, and as unsupportable in either fact or law.

Respectfully submitted,

_____
Arthur T. Fattibene, CT06916
Counsel for Plaintiff
Fattibene and Fattibene
2480 Post Road
Southport, CT 06890
Tel:  203-255-4400
Fax:  203-259-0033

15

**Certificate of Service**

I hereby certify that a copy of

**PLAINTIFFS', LIGHT SOURCES, INC. AND
TAN SYSTEMS, INC., MEMORANDUM AND
SUPPORTING APPENDIX IN OPPOSITION
TO DEFENDANT, COSMEDICO LIGHT, INC.'S
MOTION FOR PROTECTIVE ORDER REGARDING
THIRD PARTY DISCOVERY**

has been served by first class U.S. mail, postage prepaid, this **18**th day of **April 2005**, on Defendant's counsel of record as follows:

James Oliver
Jose A. Aquiar
Berman and Sable
100 Pearl Street
Hartford, CT 06103


Dale A. Malone
Banner & Witcoff
28 State Street, 28th Floor
Boston, MA 02109-1775

 

 

_____
Arthur T. Fattibene, CT 06916
Attorney for Plaintiff