```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


LIGHT SOURCES, INC., and
TAN SYSTEMS, INC.,
                Plaintiffs


          v.
                                    Civil Action
                                    No. 303 CV 874 (MRK)

                                    At New Haven
COSMEDICO LIGHT, INC.,
                Defendant           April 25, 2005
```


**PLAINTIFFS', LIGHT SOURCES, INC. AND
TAN SYSTEMS, INC., JOINT SUR-REPLY MEMORANDUM
TO DEFENDANT, COSMEDICO LIGHT, INC.'S
REPLY TO PLAINTIFFS' MEMORANDUM IN OPPOSITION
TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER REGARDING
THIRD PARTY DISCOVERY**

```
                                    Arthur T. Fattibene
                                    Paul A. Fattibene
                                    Fattibene & Fattibene
                                    2480 Post Road
                                    Southport, CT 06890-1218
```

ORAL HEARING REQUESTED

**NATURE OF PROCEEDING**

On or about April 22, 2005, Defendant served on Plaintiffs, by fax, a copy of Defendant's Reply Memorandum to Plaintiffs' Memorandum in Opposition to Defendant's Motion for Protective Order. Due to Defendant's deliberate obfuscation and/or intentional misrepresentation of facts, this Sur-Reply is compelled in order to correct the record in the interest of justice.

**A R G U M E N T**

1. **Defendant's Representation To The Court That Plaintiffs' Counsel Canceled The April 25th Date Is False.**

At page 4, Defendant is stating to the Court that "Mr. Fattibene had cancelled the April 25 date." However, Defendant neglects to advise the Court that the real reason the deposition did not go forward on April 25, 2005, a date initially suggested by Osram Sylvania to be agreeable, <u>was because Cosmedico's attorney advised that he had other matters to attend to on April 25, 2005</u>, when Osram Sylvania attempted to <u>reschedule</u> the deposition for April 25, 2006. Ms. Wright's efforts to reschedule the deposition for April 25, 2005, occurred after Mr. Fattibene had advised Ms. Wright, prior to April 7, 2005, that he had rearranged his schedule to go forward with Osram Sylvania's suggested

1

deposition date of April 25, 2005.  See Mr. Fattibene's letter dated April 8, 2005 (A-9, A-10 of Plaintiffs' Appendix to Plaintiff's Opposing Memorandum) that refers to the April 7, 2005 conversation with Osram Sylvania's house counsel; and Osram Sylvania's house counsel's response letter, also dated April 8, 2005, attached hereto as Sur-Reply Exhibit 1, wherein Osram Sylvania's house counsel expressly stated:

> "However, when I tried to reschedule for that date [April 25, 2005], it had already been blocked out by Cosmedico's attorney because I had previously told them you were not available."  (Emphasis added)

As evident on the record herein, Defendant's statement to the effect that Mr. Fattibene canceled the April 25, 2005 deposition date is totally false.

2. **Contrary To Defendant's Argument, The Service Of Plaintiffs' Subpoena Dated April 13, 2005 and Attached Notice Of Deposition on Osram Sylvania Was Not Motivated By The Filing of Defendant's Motion To Compel Dated April 7, 2005.**

At page 2 of Defendant's Reply Memorandum, Defendant states "that, but for the intervention of this court, plaintiffs will not provide fair notice of its third party discovery activities in accordance with the Federal Rules of Civil Procedure."  At page 4 of Defendant's Reply Memorandum, Defendant seeks to argue that only "after

2

Cosmedico filed this motion [for protective order] did Cosmedico receive any information whatsoever regarding the planned deposition" and "Only then did plaintiffs finally prepare and serve, on April 13, 2005, a formal notice of deposition [and subpoena duces tecum] setting the date of the Osram Sylvania deposition for May 9, 2005."

The fact is that Plaintiffs' counsel was discussing the renewal notice for deposition with Osram Sylvania as early as March 2005, shortly after the Court granted Plaintiffs' Motion to Compel and Continue Discovery. Reference is made to Plaintiffs' counsel's letter to Osram Sylvania dated April 4, 2005, attached hereto as Sur-Reply Exhibit 2, to evidence Plaintiffs' renewal efforts to crystallize agreeable dates and related matters required for the preparation of a new notice of deposition and related subpoena pursuant to Rules 30 and 45 of the Fed.R.Civ.P.  Plaintiffs' efforts to re-notice Osram Sylvania for deposition commenced long before Defendant served its frivolous Motion to Compel on April 7, 2005. See Plaintiff's main Appendix A-9, A-10, and Sur-Reply Exhibits 1 and 2.  Defendant was, at all times, aware of Plaintiffs' efforts to re-notice Osram Sylvania, as Osram Sylvania cleared the proposed date for deposition with

3

Defendant before Osram Sylvania advised Plaintiffs of the suggested dates.

Defendant's filing of its Motion to Compel dated April 7, 2005, was not the motivation for Plaintiffs' issuing the renewed notice of deposition of Osram Sylvania and subpoena duces tecum (Appendix A-16 – A-26), on April 13, 2005. The reason the renewed notice of deposition and subpoena was not served on Osram Sylvania earlier was for the reason that Plaintiffs did not want the new subpoena duces tecum to <u>become stale before the deposition on the agreed date, May 9, 2005, took place</u>.

Contrary to Defendant's strained suppositions, faulty factual statements, and frivolous arguments, Plaintiffs have not "embarked on a campaign of private discovery", nor has Defendant cited any law or rule that precludes "private discovery," whatever that term may imply.

**3. Contrary To Defendant's Argument, Defendant Did Not Secure The Inspection and Copying of Tan Systems' Former Documents In Accordance With Heartland Tanning's Conditional Authorization.**

At page 5 of Defendant's Reply Memorandum, Defendant states:

> "Cosmedico's inspection and selection for copying of documents from the Tan Systems files was undertaken pursuant to authorization, granted freely and equally to

4

> all parties to this litigation, provided by Mr. Greg Henson, the principle of Heartland Tanning, the purchaser of the business assets of Plaintiff, Tan Systems."

Defendant then makes reference to Mr. Henson's letter dated July 7, 2004, attached to Defendant's Reply Memorandum at Tab 1.

Contrary to Defendant's argument, the authorization given by Heartland Tannings' principal, Mr. Greg Henson, was not followed by Defendant's counsel.  Mr. Greg Henson's authorization letter (Defendant's Reply Memorandum at Tab 1) clearly states:

> "I hereby confirm my previous agreement to make those corporate files available for inspection and copying, <u>in accordance with the rules of procedure applicable in federal district courts, for any and all purposes related to the above-referenced litigation.  Specifically, the files will be made available upon reasonable notice, to counsel of record in this action</u>."  (Emphasis added).

Clearly, Defendant's counsel did not gain access to Tan Systems' former records, in accordance with any rules of procedure applicable in federal district courts, <u>as required by the expressed authorization given by Heartland Tanning</u>.  Defendant at no time provided Plaintiffs with any kind of notice as required by any rule of procedure applicable in any federal district court to inspect and copy Tan Systems' former documents.  To Plaintiffs'

5

knowledge, Defendant never served any notice or subpoena, as required by the federal rules of procedure in the federal courts, on Heartland Tanning.

    Rather than proceeding <u>in accordance with the conditions stated in the authorization given by Heartland Tanning as quoted above</u>, it is submitted that Defendant bullied Heartland Tanning with economic hardship in the same manner Defendant practiced on Tan Systems and Ultraviolet Resources, Incorporated, (Appendix to Plaintiffs' Opposing Memorandum at A-3 to A-6), <u>to secure the wholesale inspection and copying of all Tan Systems' former documents</u>, which it could not have accomplished under the federal rules of practice applicable in the federal courts.

    Heartland Tanning's authorization (Defendant Reply Tab 1) also expressly stated that "Documents produced in discovery from these files <u>shall be used for no purposes outside this litigation.</u>" (Emphasis added). Defendant's wholesale inspection and copying of Tan Systems' former documents covering the period from the very initiation of Tan Systems' business in 1988 to the sale date of February 2004 is of much concern to Tan Systems, when the acts of which Defendant complains occurred only in a period of two years, viz. February 2002 to February 2004. Tan Systems

believes that Defendant intended use of the 30,000 to 50,000 documents Defendant copied are for use and purposes outside of this litigation. As the acts of which Defendant complains did not commenced until January or February 2002, Defendant ought to be compelled to return those copied former Tan Systems documents dated prior to January 2002, and/or which are totally irrelevant to any issue raised in this litigation.[1]

**4.   Defendant's Request For Leave To Apply For An Award Of Costs Should Be Denied.**

Defendant's request for leave to apply for an award of its costs incurred in preparing its reply memorandum and for attending any hearing should be summarily dismissed, as Defendant offers absolutely no justification for the same. If any costs, attorney fees or any other sanctions are justified, they should be awarded to Plaintiffs for all of the reasons stated in Plaintiffs' opposing memorandum and supporting appendix and this Sur-Reply.

---

[1] Plaintiffs retain its right to file an appropriate Motion to Compel Defendant to return of all Tan Systems' former documents that predate any of the acts of which Defendant complains in this action, and/or are not relevant to any issue raised by the pleadings in this matter.

7

## C O N C L U S I O N

For the reasons stated in Plaintiffs' papers and appendix filed in opposition to Defendant's frivolous Motion to Compel, it is requested that the Court deny Defendant's Motion in all respects, and that Plaintiffs be reimbursed its costs and reasonable attorney's fees in defending against Defendant's time consuming and frivolous motion and for Defendant's unconscionable tactics, as noted in Plaintiffs' opposing papers.

Respectfully submitted,

_____
Arthur T. Fattibene, CT06916
Counsel for Plaintiff
Fattibene and Fattibene
2480 Post Road
Southport, CT 06890
Tel:  203-255-4400
Fax:  203-259-0033

## Certificate of Service

I hereby certify that a copy of

**PLAINTIFFS', LIGHT SOURCES, INC. AND
TAN SYSTEMS, INC., MOTION TO FILE SUR-REPLY
MEMORANDUM TO DEFENDANT, COSMEDICO LIGHT, INC.'S
REPLY MEMORANDUM IN SUPPORT OF COSMEDICO'S
MOTION FOR PROTECTIVE ORDER**

together with

**PLAINTIFFS', LIGHT SOURCES, INC. AND
TAN SYSTEMS, INC., JOINT SUR-REPLY MEMORANDUM
TO DEFENDANT, COSMEDICO LIGHT, INC.'S
REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION
TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER REGARDING
THIRD PARTY DISCOVERY**

has been served by first class U.S. mail, postage prepaid, this          day of April 2005, on Defendant's counsel of record as follows:

James Oliver
Jose A. Aquiar
Berman and Sable
One Financial Plaza
20th Floor
Hartford, CT 06103

Dale A. Malone
Banner & Witcoff
28 State Street, 28th Floor
Boston, MA 02109-1775

                                          _____
                                          Arthur T. Fattibene, CT 06916
                                          Attorney for Plaintiff