Susan C. Wright
Trademark Specialist
Osram Sylvania, Inc.
Tel. 978-750-2310
Fax 978-646-2983
E-Mail susan.wright@sylvania.com
100 Endicott Street, Danvers, MA 01923



April 8, 2005

**RECEIVED**

APR 1 4 2005

FATTIBENE and FATTIBENE

Arthur Fattibene, Esq.
2480 Post Road
Southport, CT 06890

Dear Arthur:

I am in receipt of your letter dated April 8, 2005 and I would like to say I am amazed at your recollection of the facts and why you felt it was necessary to fabricate this chain of events. Since you felt the need to put all this in writing, I will reciprocate with my recollection of the events as they actually occurred.

When you initially called to tell me that your motion to extend discovery had been granted and that you wanted to take a deposition, I asked you when. You indicated that you would like to get it done in April. You did not provide any dates so I assumed any day in April was good for you because if you had knowledge of a prior commitment, you would have told me, which you did not at this time.

When I called you back I indicated that April 25th was the only day in April that was available. At that time, you indicated that you were busy and really did not want do it that day. I stated that we would have to out into May, which you agreed, but you wanted it to be early May. I stated that I would try for the 2nd or the 9th and you were in agreement. You never indicated that you would give the 25th further consideration and get back to me. I had the action item of going to my people to find another day and I was to get back to you. The only issue you were going to further consider and get back to me on was the location of the deposition. I indicated that I wanted it at Banner & Witcoff's office and you did not. However, by the end of the conversation, you stated you would give it further consideration and get back to me.

In the meantime, I went ahead to see if I could arrange for the deposition to be taken on May 2nd or 9th. When I called you again to confirm May 2nd or May 9th was available, you indicated at that time that you would change your plans and do it on April 25th. However, when I tried to reschedule for that day, it had already been blocked out by Cosdmedico's attorney because I had previously told them you were not available.

In closing, there was no need for you to waste you time or your client's money writing this diatribe since the bottom line is that we reached agreement rather quickly. One paragraph or less would have sufficed. As we agreed, May 9th is confirmed.

Sincerely,

Susan Wright

SUR - REPLY
EXHIBIT
1

# FATTIBENE AND FATTIBENE
ATTORNEYS AT LAW
PATENT, TRADEMARK, COPYRIGHT AND RELATED MATTERS
2480 POST ROAD
SOUTHPORT, CONNECTICUT 06890

ARTHUR T. FATTIBENE
PAUL A. FATTIBENE

TELEPHONE (203)255-4400
FACSIMILE (203)259-0033

April 4, 2005

Susan Wright
Osram Sylvania
100 Endicott Street
Danvers, MA 01723

Re: **Light Sources, Inc. et al v. Cosmedico Light, Inc., Civil Action 3:03 CV 874 (MRK); District of Connecticut**

Dear Susan:

Pursuant to our recent telephone conversation, I am enclosing herein a copy of Plaintiffs' Motion to Compel and Complete Discovery and the Court's Ruling and Order with respect to said motion.

You will note on page 14 of the Court's Ruling and Order that it granted Plaintiffs' Motion to Compel and Complete Discovery in its entirety.

As we agreed in our last telephone conversation, you indicated you would advise me of the officer or duly knowledgeable representative of Osram Sylvania to be examined with respect to the issues involved in the above litigation.

You also indicated you will supply me with dates on which the designated representative would be available for deposition. You also advised that Osram Sylvania would accept service of the Notice of Deposition and Subpoena by mail.

I look forward to your further cooperation with respect to this matter.

Very truly yours,
**Fattibene and Fattibene**

Arthur T. Fattibene

ATF/esf
cc: Light Sources, Inc.

SUR-REPLY
EXHIBIT
2