UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LIGHT SOURCES, INC.,<br>and TAN SYSTEMS, INC.,<br>  Plaintiffs, | |
| | CIVIL ACTION NO.:<br>3:03-CV-874 (MRK) |
| v. | |
| COSMEDICO LIGHT, INC.,<br>  Defendant | |
| COSMEDICO LIGHT, INC.,<br>  Counterclaimant | |
| v. | |
| TAN SYSTEMS, INC.,<br>and LIGHT SOURCES, INC.,<br>  Counterdefendants, | MAY 3, 2005 |

**RESPONSE OF DEFENDANT COSMEDICO, INC.
TO MOTION FOR PROTECTIVE ORDER
FILED BY HUGH F. KEEFE, ESQ.**

  The defendant, Cosmedico Light, Inc. ("Cosmedico"), hereby responds to the motion for a protective order filed by attorney Hugh F. Keefe, Esq. seeking to postpone a third party deposition noticed in this action pursuant to a subpoena issued from the Northern District of Ohio. Cosmedico has prepared and filed this response on short notice in order to inform the Court of the particulars of this issue prior to the scheduled

conference call among counsel and the Court apparently set for Wednesday, May 4, at 1:30 p.m. Although Cosmedico does not agree to the full scope of relief demanded in Attorney Keefe's motion, Cosmedico is willing to compromise on the timing of the subject deposition, provided that Cosmedico is not further prejudiced in the conduct of discovery in this action. The basis for Cosmedico's response is as follows:

1. At the outset, there is some question regarding the Court's jurisdiction over this issue. The subpoena to this third party witness issued from the United States District Court for the Northern District of Ohio. Unlike the recent protective order issue determined by this Court pertaining to plaintiffs' general compliance with the notice requirements in connection with third party discovery in this action, the present motion is directed solely to the particulars of a specific deposition under a subpoena pending in a different judicial district.

2. Moreover, the standing of Attorney Keefe to seek judicial relief in this manner is unclear, as the present motion appears to be based solely upon his entry of an appearance in this action on behalf of plaintiff Light Sources, Inc. ("LSI"), without any assertion of additional facts sufficient to justify judicial intervention. In particular, the motion was not made in the name of LSI, but rather by "The Movant", Attorney Keefe, himself. Fed. R. Civ. P. 26(c) makes a protective order available to "a party or . . . the person from whom discovery is sought . . .". Attorney Keefe is neither of these. Attorney Keefe does not suggest to the Court that he represents the third party deponent in this matter (his firm colleague has confirmed that he does not). Nor does Attorney Keefe indicate that any of LSI's other counsel of record in this action, Mr. Arthur

2

Fattibene, Mr. Paul Fattibene, or Ms. Counts, is unavailable to represent LSI at the noticed deposition.

3. The parties and their counsel have been on notice of the pending Ohio deposition for nearly a month. Cosmedico originally attempted to serve the third party, David N. Myers, with a deposition subpoena and document request in this action, in early April, 2005. Mr. Myers was formerly an officer of plaintiff Light Sources, Inc. ("LSI"). Notice of the deposition and the document production request were promptly served upon all counsel of record. Mr. Myers was also served (informally) with the notice of deposition and document production request.

4. Due to a typographical error in the subpoena, formal service was not immediately effected upon Mr. Myers, and a new subpoena was prepared and served successfully on or about April 21, 2005. Once again, copies of the subpoena, the amended notice of deposition, and the document request were served promptly by fax and mail upon all counsel of record.

5. Over the past four weeks, neither the deponent, Mr. Myers, nor any attorney of record for plaintiffs, has contacted Cosmedico to advise of any conflict in the scheduling of the deposition. Late last week, Attorney Keefe's colleague, Mr. Lynch, contacted the undersigned by telephone to request a *six week* postponement of the Myers deposition due to Attorney Keefe's trial schedule. Because this Court has granted a limited discovery extension with a deadline of June 28, 2005, for completion of all discovery events, Cosmedico was unable to agree to such a long postponement. It was

unclear from this conversation whether Attorney Keefe intended to represent Mr. Myers, LSI, or both in this matter.

6. LSI remains represented in this action by multiple counsel. LSI is also aggressively pursuing its own discovery in this case, having served over sixty requests for admissions and a third set of interrogatories in the past three weeks, and having scheduled the deposition of third party Osram Sylvania for May 9, 2005, pursuant to its own subpoena. Permitting plaintiffs to proceed unfettered with their own discovery efforts while precluding Cosmedico from taking discovery for a substantial portion of the remaining discovery period because of the professed "unavailability of counsel" would be fundamentally unfair.

5. Attorney Keefe and his firm have represented LSI as trial counsel in other matters. *See, e.g., Rocque. v. Light Sources, Inc.*, 2003 WL 21185683 (Conn. Super.). His retention and appearance in this action at this time, when LSI has been on notice of the pending third party deposition of its former officer for nearly a month, has the appearance of more than coincidence.

While the foregoing facts more than justify a complete denial of the relief demanded by Attorney Keefe, Cosmedico is willing to postpone the third party deposition voluntarily for up to three weeks in order to permit all of the parties to review the documents to be produced in response to the subpoena (Cosmedico has received no actual indication that the documents to be produced are "voluminous" as suggested by

Attorney Keefe). Such a postponement should allow ample time for one of plaintiff's many counsel of record to adequately prepare for the deposition.

Dated: May 3, 2005

Respectfully submitted,
Cosmedico Light, Inc.,
by its Attorneys,

JAMES W. OLIVER
Federal Bar No.: ct02510
Berman and Sable
One Financial Plaza
Hartford, CT 06103
Tel:    (860) 527-9699
Fax:    (860) 527-9077

DALE A. MALONE
Federal Bar No.: ct25020
Banner & Witcoff, Ltd.
28 State Street
Boston, Massachusetts 02109
Tel:    (617) 720-9600
Fax:    (617) 720-9601

## CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing document was served by overnight courier on this 3rd day of May, 2005, to all counsel of record as follows:

Arthur T. Fattibene, Esq.
Paul A. Fattibene, Esq.
2480 Post Road
Southport, CT  06490

Hugh F. Keefe
Robert Lynch
Lynch, Traub, Keefe & Errante
52 Trumbull Street
P.O. Box 1612
New Haven, CT 06506-1612

Cynthia L. Counts, Esq.
Counts & Associates
1384 Lanier Place
Atlanta, GA 30306

_____
Dale A. Malone