```
             UNITED STATES DISTRICT COURT
               DISTRICT OF CONNECTICUT


LIGHT SOURCES, INC., and
TAN SYSTEMS, INC.,
              Plaintiffs

         v.
                                 Civil Action
                                 No. 303 CV 874 (MRK)

                                 At New Haven
COSMEDICO LIGHT, INC.,
              Defendant          June 29, 2005
```

**PLAINTIFFS', LIGHT SOURCES, INC. AND
TAN SYSTEMS, INC., MEMORANDUM IN SUPPORT OF
ITS MOTION TO COMPEL**

```
                           Arthur T. Fattibene
                           Paul A. Fattibene
                           Fattibene & Fattibene
                           2480 Post Road
                           Southport, CT 06890-1218
```

ORAL HEARING REQUESTED

**NATURE OF PROCEEDING**

Pursuant to the Court's Ruling and Order dated March 4, 2005, granting Plaintiffs' Motion to Compel and Complete Discovery, Plaintiffs did serve on Defendant, Cosmedico Light, Inc. (Cosmedico), a Rule 30(b)(6) Fed.R.Civ.P. Amended Renewed Notice of Deposition on June 13, 2005, setting forth the topics of inquiry and requesting that the designated deponent bring to the deposition certain documents and things designated in paragraphs (a) to (g) in said Amended Renewed Notice.  Cosmedico objected to the topics and production of the requested documents and things in a letter dated June 14, 2005.  This is Plaintiffs' Memorandum in support of its Motion to Compel.

**STATEMENT OF FACTS**

In compliance with the Court's Ruling and Order dated March 4, 2005, Plaintiffs initially served Cosmedico with a Rule 30(b)(6) Notice of Deposition on May 23, 2005, a copy of which is attached hereto as Addendum (A-1 to 8).[1]

Cosmedico's counsel, in a letter dated May 24, 2005, attached as Addendum (A-9-11), objected to the Topic Nos. 1, 2, 4, 5, 6, 7, 8, 9, 10 and 11 as set forth in the initial Rule 30(b)(6) Notice of Deposition (A-1 to 8).  Cosmedico also objected to the requests for producing the designated documents

---

[1] (A- ) refers to Plaintiffs' attached Addendum followed by addendum page number.

1

and things specified in requests to produce (a) to (f) of said notice of deposition (A-1 to 8) for the reason that "Plaintiffs requests ignore and violate the requirements of Fed.R.Civ.P. 34." (A-10).  The deposition was scheduled for June 6, 2005.  However, the deposition had to be rescheduled because of illness.

On June 10, 2005, Plaintiffs re-served Cosmedico with a Renewed Rule 30(b)(6) Notice of Deposition (A-12-20) to reschedule the deposition for June 20, 2005.  The Renewed Rule 30(b)(6) Notice of Deposition (A-12-20) listed the same topics and requests for production as stated in the original notice of deposition. (A-1 to 8).

On June 13, 2005, Plaintiffs served on Defendant, Cosmedico, an Amended Renewed Rule 30(b)(6) Notice of Deposition (A-21-30), to include additional topics relating to matters pertaining to Cosmedico's sales and profits of the Cosmedico's products marketed in association with the asserted trademarks in suit, and Cosmedico's computation of any alleged damages Cosmedico is claiming.  The Amended Renewed Notice (A-21-30) also requested Cosmedico to produce a summary of sales and computer printouts pertaining to all sales of Cosmedico's tanning lamps marketed with or associated with the asserted trademarks in suit.

Cosmedico, in a letter dated June 14, 2005 (A-31, 32), objected to Plaintiffs' Amended Renewed Notice (A-21-30).

The designated deponent for Cosmedico was its president, Jerry Frank. At the deposition, Mr. Frank did not bring with him any of the documents and things specifically requested in paragraphs (a) to (g) (A-60) as required by the Amended Renewed Notice. (A-21-30)[2]

At the deposition, it was apparent that Mr. Frank was unable and/or unwilling to discuss Cosmedico's sales information relating to the Cosmedico lamps marketed under the accused trademarks in suit, which was the subject of Topic 11 (a) to (f), nor did Cosmedico produce any documents requested by the Amended Renewed Notice. (A-21-30)

Mr. Frank, however, did testify that Cosmedico's computer sales records pertaining to Cosmedico's lamps marketed under the asserted trademarks in suit are readily accessible, and that such reports and/or summaries can be easily ascertained by Cosmedico's financial personnel responsible for maintaining such computerized records. Mr. Frank further indicated that all that was necessary for Mr. Frank to secure the requested information was to make a request to his financial person, and the financial

---

[2] After the deposition was adjourned, Cosmedico did permit Plaintiffs' counsel to inspect the lamps requested by paragraph (a) of the Amended Renewed Notice at Cosmedico's warehouse in Weymouth, Massachusetts. Accordingly, the issue as to paragraph (a) is moot. With respect to paragraphs (e) and (f), Mr. Frank testified to the effect that Cosmedico did not grant any licenses under the asserted trademarks in suit, and that Cosmedico is not licensed under the trademarks in suit. Thus, the issues relating to paragraphs (e) and (f) are rendered moot.

3

person could readily cull out the requested information from Cosmedico's computerized records. (A-61-63) Mr. Frank indicated he did not make any such request for the requested information, and therefore asserted he was not prepared to testify as to said sales information. This information is critical and essential to rebut Cosmedico's claim for any alleged damages in this matter, and which evidence is wholly within the sole control and possession of Cosmedico.

**A R G U M E N T**

**APPLICABLE LAW**

Rule 30(b)(5), Fed.R.Civ.P., expressly states that:

> "The notice to a party deponent may be accompanied by a request made in compliance with Rule 34 for the production of documents and tangible things at the taking of the deposition. The procedure of Rule 34 shall apply to the request."

It is clear that a party may secure documents from a party deponent either under Rule 34 or Rule 30(b)(6). It is submitted that the documents and things requested by the Amended Renewed Notice (A-21-30) are closely related to the topics to which oral examination was directed. Thus, the ability to proceed under Rule 30(b)(5) facilitates discovery, and does not hamper discovery. Also, the requests for documents in said Amended Renewed Notice of Deposition (A-21-30) are similar to the

4

requests and/or interrogatories previously propounded under Rules 33 and 34, to which Cosmedico has not yet fully responded.

**PLAINTIFFS' REQUESTS SET FORTH IN THE AMENDED RENEWED NOTICE ARE SIMILAR OR RELATED TO INFORMATION PREVIOUSLY PROPOUNDED IN AN INTERROGATORY UNDER RULE 33 OR A REQUEST FOR PRODUCTION UNDER RULE 34, AND TO WHICH COSMEDICO DID NOT PROPERLY RESPOND.**

For example, Plaintiffs propounded on September 17, 2003, Interrogatory No. 8:

> 8. "Identify all instances of actual confusion of which Cosmedico has knowledge that occurred between Cosmedico's alleged marks VHR, VLR and COSMOLUX VLR and Light Sources' use of the THR and TLR accused marks."

Cosmedico's response was:

> 8. "Cosmedico objects to the interrogatory as overly broad; unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing general and specific objections, and pursuant to Fed.R.Civ.P. 33(d), <u>Cosmedico will produce documents from which the requested information may be derived</u>." (Emphasis added)

The requests for documents (b) and (c) of the Amended Renewed Notice are merely related to the same matters which were the subject of previous requested discovery information, which Cosmedico has not yet responded to, even though Cosmedico is under a Court Order to produce any evidence of such confusion.[3]

---

[3] Plaintiffs' Interrogatory No. 8 was the subject of Plaintiffs' Motion to Compel and Complete Discovery which the Court granted. Cosmedico has not yet complied with the Court Order of March 4, 2005, as Cosmedico's response to Interrogatory No. 8 has not been supplemented.

5

Request for Production (d) of the Amended Renewed Notice (A-21-30) requested the production of any investigation, trademark search and/or other information acquired or conducted by or for Cosmedico prior to the initiation of Cosmedico's infringement threats directed to one or both of the Plaintiffs upon which Cosmedico relied to assert its claims against Plaintiffs.

At the deposition, no documents relating to this request were produced, notwithstanding that Mr. Frank admitted he <u>personally made a trademark search on which Cosmedico relied, which would not be subject to any claim of privilege</u>.  (A-59)

Mr. Frank further testified that he secured an opinion of counsel from Mr. Dale Malone.  Yet, the privilege log (A-33-47) produced by Cosmedico identifying the documents being withheld on the grounds of privilege and/or attorney work product does not disclose any claimed privilege document authored by Mr. Dale Malone, much less an opinion and/or Mr. Frank's notes with respect to any opinion rendered by Mr. Malone.  (A-55)

Mr. Frank testified that he also relied upon the opinion of Mr. David Belfort, another attorney, presumably prior to asserting any infringement claims against the Plaintiffs.  Yet, the privilege log supplied by Cosmedico does not identify any infringement opinion or notes relating to any such opinion that was rendered by Mr. Belfort relating to the accused THR and TLR

6

marks. The alleged privilege documents identified in Cosmedico's privilege log (A-33-47) relate essentially to the trademark registration proceedings, alleged policing of trademarks and the opposition proceeding that predates the commencement of the present action.

It is submitted that the results of the alleged search conducted by Mr. Frank (A-59) should be subject to discovery and should be produced as said results are not privileged in any way.

Also, any opinion of counsel upon which Cosmedico intends to rely at trial to evidence good faith and reliance upon advice of counsel in asserting its claims, should also be produced.

Paragraph (g) in the Amended Renewed Notice requested:

> "Summary of sales and/or a computer printout of all sales of tanning lamps sold under or in association with each of the asserted trademarks in suit for each year said respective trademarked tanning lamps were sold."

On June 14, 2005, Cosmedico objected to the production of the sales documents requested by paragraph (g) of the Amended Renewed Notice of Deposition, essentially on the grounds that the request was not timely and that a "deposition notice for production of sales documents is also improper." Cosmedico's objection letter (A-31, 32).

Contrary to Cosmedico's objections, Plaintiffs' efforts to discover into Cosmedico's asserted claim for damages pursuant to

7

interrogatories under Rule 33 or requests for production pursuant to Rule 34 was unavailing and was continuously frustrated by Cosmedico.

On January 26, 2004, Plaintiffs propounded, pursuant to a Rule 34 request for production, No. 25, to wit:

> Request 25: "All documents relating to Cosmedico's claims of damages resulting from its alleged claims set forth in its Answer and Counterclaims with respect to each of the asserted trademarks in suit."

Cosmedico's Response to Request 25 is:

> "Cosmedico objects to the request as overbroad and unduly burdensome. Cosmedico further objects to the request as premature. Discovery in this action is ongoing, and important evidence pertaining to Cosmedico's damages claims remain, unproduced, in the possession of Plaintiffs. Subject to the foregoing general and specific objections, and without waiving them, Cosmedico will supplement this response as appropriate after Cosmedico's requested discovery has been provided by Plaintiffs."

Cosmedico has not supplemented its response to Request No. 25, notwithstanding that Plaintiffs' Request No. 25 was also the subject of Plaintiffs' Motion to Compel which the Court granted on March 4, 2005.

Plaintiffs' Request for Production (g) in the Amended Renewed Notice (A-21-30) obviously relates to information which Plaintiffs previously requested, but which Cosmedico has not yet responded to, notwithstanding the Court has ordered that Cosmedico produce the same. The requested information is

relevant and material to rebut Defendant's alleged claims of damages.

The documents requested by paragraph (g) are considered to be within the scope of Plaintiffs' previous Rule 34 Document Request No. 25. It is submitted that Cosmedico's full compliance with the Court's Order granting Plaintiffs' prior Motion to Compel would encompass the documents of paragraph (g) of Plaintiffs' Amended Renewed Notice (A-21-30).

Mr. Frank testified on deposition that a summary of sales and a computer printout limited to those Cosmedico lamp marketed in association with the asserted Cosmedico trademarks in suit was not a big chore, and that Cosmedico's financial person could readily access such information if Mr. Frank made a request for such information. (A-62-63) Mr. Frank testified he did not request his financial person to develop any such report as requested in paragraph (g) of the Amended Renewed Notice. Clearly, Cosmedico should be compelled to produce the documents requested by paragraph (g) of the Amended Renewed Notice (A-21-30).

**REQUEST TO CONTINUE THE DEPOSITION OF COSMEDICO BY ITS KNOWLEDGEABLE REPRESENTATIVE RELATING TO THE TOPICS AND REQUESTS WHICH ARE NOW THE SUBJECT OF PLAINTIFFS' MOTION TO COMPEL**

In the event the Court grants Plaintiffs' Motion, Plaintiffs, as a branch of this Motion To Compel, Plaintiffs

request that the Court permit Cosmedico's deposition to be continued as to those topics and related documents which Cosmedico refused to respond to, notwithstanding the granting of Plaintiffs' previous Motion To Compel directed to essentially the same requests.

Further, the Court should impose those sanctions which the Court may deem just and proper for Cosmedico's deliberate failure to comply fully with the Court Ruling and Order in which the Court granted Plaintiffs' previous Motion To Compel, which required Cosmedico to supplement its responses to Interrogatory No. 8 and Request for Production No. 25, as indicated herein. Plaintiffs are being severely prejudiced by Cosmedico's tactics in avoiding proper discovery.

## C O N C L U S I O N

For the reasons stated herein, it is respectfully requested that Plaintiffs' Motion To Compel be granted, and that Cosmedico be compelled to produce the documents designated in paragraphs (b), (c), (d) and (g) of the Amended Renewed Notice of Deposition duces tecum, and upon the granting of this Motion to permit Plaintiffs to continue the deposition of Cosmedico relating to the topics and documents Cosmedico failed to properly respond to, and for the Court to award such sanctions

as the Court deems just and proper.

                          Respectfully submitted,

                          _____
                          Arthur T. Fattibene, CT06916
                          Counsel for Plaintiff
                          Fattibene and Fattibene
                          2480 Post Road
                          Southport, CT 06890
                          Tel:  203-255-4400
                          Fax:  203-259-0033