UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LIGHT SOURCES, INC., and TAN SYSTEMS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> COSMEDICO LIGHT, INC., <br><br> Defendant. <br><br><br> OSRAM SYLVANIA, INC., <br><br> Non-Party Movant. | CIVIL ACTION NO. 3:03-CV-874 (MRK) <br><br><br><br><br> JULY 20, 2005 |

## NON-PARTY MOVANT OSRAM SYLVANIA, INC.'S
## MOTION FOR PROTECTIVE ORDER AND SANCTIONS

Non-party movant Osram Sylvania, Inc. ("OSI"), hereby moves this Court for a protective order precluding plaintiffs Light Sources, Inc. and Tan Systems, Inc. (collectively, "Plaintiffs"), from de-designating certain documents produced by OSI in response to Plaintiffs' subpoena, which OSI has designated "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" ("Confidential – AEO"). As grounds for this motion, OSI states as follows:

1. OSI is a corporation with a principal place of business in the Commonwealth of Massachusetts.

2. OSI is not a party in this action.[1]

---

[1] OSI is aware of the rules of procedure of this Court, which require admission of counsel *pro hac vice* where counsel is not admitted to practice before this Court. OSI requests, however, that this Court waive the *pro hac vice* requirement, and permit counsel for OSI to appear for the sole and discreet purpose of arguing this Motion. If the Court determines that OSI's counsel must be admitted *pro hac vice* for this Motion, OSI requests leave of Court for time within which to do so.

**ORAL ARGUMENT REQUESTED**

3.  OSI understands that, in this action, Plaintiffs are seeking a declaration that certain federal trademarks registered to defendant Cosmedico Light, Inc. ("Cosmedico"), are invalid. OSI further understands that the trademarks at issue in this case are utilized in certain sun tanning lamps sold by Cosmedico.

4.  OSI manufactures certain sun tanning lamps sold by Cosmedico, and the trademarks associated with the lamps manufactured by OSI are the subject of this action. OSI has no involvement in the parties' dispute, other than as the manufacturer of the lamps bearing Cosmedico's trademarks. OSI had no involvement in Cosmedico's trademark registration.

5.  Pursuant to a deposition subpoena *duces tecum* served on OSI in July 2004, OSI produced two sets of documents to Plaintiffs, in the summer and fall of 2004. *See* Affidavit of Susan Wright ("Wright Aff."), ¶¶ 4–5, submitted herewith. Those documents comprised all relevant material in OSI's possession, custody or control that were responsive to Plaintiffs' subpoena. *See* Wright Aff., ¶ 6.

6.  Plaintiffs subsequently scheduled a deposition of OSI for May 2005. *See id.*, ¶ 7. Shortly before the deposition of OSI's designee on May 9, 2005, OSI produced to Plaintiffs' counsel additional documentation which OSI's designee had reviewed in preparation for his deposition. *See id.*, ¶ 8. These particular documents were produced by OSI in an abundance of caution and with scant time for review. *See id.* Many of the documents were marked "Confidential – AEO," because they contained sensitive pricing, marketing, financial, and customer information of OSI. *See id.*, ¶ 9. These particular documents were not in any way relevant to this action, but were produced only because they were reviewed by OSI's designee prior to his deposition.

7.  OSI designated these documents pursuant to the Stipulated Protective Order in this action (Docket #29), which permits non-parties to designate documents produced in discovery as confidential. *See* Docket #29, ¶ 2.

8.  Plaintiffs have insisted that OSI de-designate all of the documents it designated "Confidential – AEO," without limitation, explanation, or negotiation, despite express language in the Stipulated Protective Order that requires Plaintiffs to act in good faith to resolve discovery disputes informally and without the need for Court intervention. *See id.*, ¶ 11.

9.  Plaintiffs' insistence on de-designating these documents, without any explanation, seems calculated to harass OSI, a non-party, and a supplier to Cosmedico, Plaintiffs' adversary in this action. Requiring OSI to make the present motion without attempting to settle this matter on an informal basis, and forcing OSI to appear before this Court as a non-resident and a non-party, has subjected OSI to undue burden, expense, and hardship.

10. As further grounds, OSI respectfully refers this Court to its Memorandum of Law in Support of Non-Party Movant Osram Sylvania, Inc.'s Motion For Protective Order, filed herewith.

WHEREFORE, for all of the foregoing reasons, OSI requests that this Court issue a Protective Order preventing Plaintiffs from de-designating OSI's highly confidential material, and award OSI its costs and attorneys' fees pursuant to Rules 26(c) and 37(a)(4) of the Federal Rules of Civil Procedure.

Certification of Conferral of Counsel Pursuant to Local Rule 37

The undersigned attorneys for Osram Sylvania, Inc. hereby certify that they have conferred with counsel for Plaintiffs in several written communications, as well as orally on July 5, 2005, in a good faith effort to resolve or reduce the scope of disagreement regarding the subject of this motion, but that no agreement was reached.

Respectfully submitted,

**Non-Party Movant,**

**OSRAM SYLVANIA, INC.,**

By its attorneys,

*/s/ Diane A.D. Noël*

Laura L. Carroll (Mass. BBO No. 076180)
Diane A.D. Noël (Mass. BBO No. 656430)
Burns & Levinson LLP
125 Summer Street
Boston, Massachusetts 02110
Telephone: 617-345-3000
Facsimile: 617-345-3299

Dated: July 20, 2005

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the Attorney of record of each other party by mail/hand on July 20, 2005.

*/s/ Diane A.D. Noël*
Diane A.D. Noël, Esq.
Burns & Levinson LLP
125 Summer Street
Boston, MA 02110-1624
(617) 345-3000