UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LIGHT SOURCES, INC., and TAN SYSTEMS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> COSMEDICO LIGHT, INC., <br><br> Defendant. <br><br><br> OSRAM SYLVANIA, INC., <br><br> Non-Party Movant. | CIVIL ACTION NO. 3:03-CV-874 (MRK) <br><br><br><br><br><br><br> JULY 20, 2005 |

## NON-PARTY MOVANT OSRAM SYLVANIA, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER

### INTRODUCTION

Non-party movant Osram Sylvania, Inc. ("OSI"), hereby submits this Memorandum In Support of its Motion For Protective Order and Sanctions to prevent plaintiffs Light Sources, Inc. and Tan Systems, Inc. (collectively, "Plaintiffs"), from de-designating certain documents produced by OSI which OSI has designated "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" ("Confidential – AEO"). OSI has complied with Plaintiffs' two subpoenas by providing Plaintiffs with more than ample information concerning the underlying trademark dispute before the Court. Plaintiffs' recent attempt to de-designate certain highly confidential and proprietary information of a non-party, all of which is irrelevant to the subject matter at issue in this action,

**ORAL ARGUMENT REQUESTED**

is nothing more than an intent to harass, embarrass, and burden non-party OSI, in violation of the rule and spirit of Fed. R. Civ. P. 45.

Further, Plaintiffs have violated the Stipulated Protective Order in this action, which requires all parties to attempt to resolve discovery disputes in good faith, before turning to the Court for relief, by refusing to cooperate with OSI to resolve this matter. For all of the reasons set forth herein, OSI respectfully requests that this Court grant its Motion for Protective Order and award OSI its costs and attorneys' fees associated with this matter.

## BACKGROUND

The parties to this action entered into a Stipulated Protective Order and Confidentiality Agreement (the "Protective Order"), which provides certain confidential protection for discovery produced by the parties and any non-parties in this litigation. *See* Docket #29.[1] The Protective Order also provides that a party may challenge a confidentiality designation, and must first "attempt in good faith to resolve any challenge on an expedited and informal basis." Protective Order, ¶11. After such attempt, the non-challenging party may apply for an appropriate ruling from the Court, within twenty (20) days after failing to reach agreement. *See id.* According to the Protective Order, the party who designated the information has the burden of proof as to the validity of each such designation. *See id.* While OSI is not a party in this action and therefore did not negotiate the terms of the Protective Order, it may seek protection pursuant to the terms of the Protective Order. *See id.,* ¶ 2.

---

[1] The Protective Order states, in pertinent part, "Any party to this action, and any non-party from whom discovery is sought in connection with this action, may designate as 'HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY' or 'CONFIDENTIAL' Information and Materials that contain confidential information. The parties shall not designate material as 'HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY' unless it comprises or contains sensitive technical, marketing, financial, sales, pending domestic and foreign patent applications, or other information of such a sensitive nature that a party reasonably fears potential competitive injury resulting from the disclosure of the information to any other party." Protective Order, ¶2.

To date, OSI has produced a total of 441 pages of documents to Plaintiffs. OSI produced 118 pages of documents on August 2, 2004, in response to Plaintiffs' July 13, 2004 deposition subpoena, which also called upon OSI to produce certain documents. *See* Affidavit of Susan Wright ("Wright Aff."), filed herewith, ¶ 4. The documents produced by OSI pursuant to this subpoena included copies of etches of lamps manufactured by OSI for Cosmedico Light, Inc. ("Cosmedico"), invoices from 1998 through the present date from OSI to Cosmedico, and lists of products Cosmedico ordered from OSI in 1992. *See id.* Following this production, and after discussion with Plaintiffs' counsel, OSI agreed to produce an additional 50 pages of documents on October 25, 2004. *See id.*, ¶ 5. Those documents were copies of OSI invoices to Cosmedico, dating from 1993 through the present date. *See id.* None of the documents in either of those productions, a total of 168 pages, was designated "Confidential – AEO." *See id.*, ¶ 6.

In April 2005, Plaintiffs served a second deposition subpoena upon OSI; OSI's designee, Steven Schlitt, Manager, Special UV lamp development, was produced for deposition on May 9, 2004. *See id.*, ¶ 7. Shortly before Mr. Schlitt's deposition, OSI produced to Plaintiffs another 273 pages of documents. *See id.*, ¶ 8. These documents were the papers in files maintained by Mr. Schlitt, which he had reviewed in preparation for his deposition. OSI produced these particular documents in an abundance of caution and with scant time for review, solely because Mr. Schlitt had reviewed them prior to his deposition. *See id.* The documents produced from Mr. Schlitt's files contained highly sensitive, proprietary, and confidential information regarding OSI and its clients, including Cosmedico. *See id.*, ¶9. Only documents from this most recent production have been designated "Confidential – AEO." *See id.*

Each of the documents OSI designated "Confidential – AEO" contains either one or more of the following pieces of protected information: (1) sensitive issues of quality control;

(2) marketing plans; (3) pricing; (4) production forecasts; (5) identification and information concerning OSI customers; (6) legal issues unrelated to this action; and (7) other highly sensitive and proprietary information concerning OSI and/or its customers. *See id.*, ¶¶12-16.

On June 27, 2005, Plaintiffs' counsel sent OSI's counsel a letter, objecting to the confidentiality designation of each and every document that OSI designated as confidential, without limitation or explanation. Plaintiffs' June 22, 2005 letter is attached hereto as <u>Exhibit A.</u>

In response, OSI's counsel advised Plaintiffs' counsel that OSI would review the documents to determine if any of them could be de-designated. OSI also noted Plaintiffs' obligation under the Protective Order to act in good faith to resolve this dispute, and stated:

> It would certainly aid our review and expedite a possible resolution of our disagreement concerning confidentiality if you can identify and explain why any particular documents produced by OSI should not be designated confidential. Your letter's sweeping insistence, without any explanation, that none of them should be designated confidential is not conducive to resolving the matter.

OSI's response, dated June 30, 2005, is attached hereto at <u>Exhibit B.</u>

Notwithstanding Plaintiffs' inflexibility, but in accordance with OSI's non-party obligation to act in good faith as delineated in the Protective Order, OSI reviewed its document production to determine if any of the documents designated "Confidential – AEO" could be de-designated. *See* Wright Aff., ¶10. Upon further review, OSI de-designated thirteen documents it had designated "Confidential – AEO," and so informed Plaintiffs' counsel. *See id.*

Plaintiffs, however, have continued to refuse to work with OSI to resolve this matter informally. Plaintiffs have not modified their original position in any respect. Plaintiffs have not identified any specific documents they believe should be de-designated, or attempted to explain the basis for their sweepingly broad and intractable position.

On July 5, 2005, Plaintiffs' counsel telephoned counsel for OSI. In that call, he maintained his position that, because the burden rested on OSI, Plaintiffs did not have to provide

OSI with any explanation for Plaintiffs' position. In a letter sent to OSI on July 6, 2005, Plaintiffs again asserted that each and every document produced by OSI should be de-designated, without limitation or explanation. The July 6, 2005 letter from Plaintiffs' counsel is attached hereto as Exhibit C. OSI's counsel responded by letter dated July 8, 2005, a copy of which is attached hereto as Exhibit D.

On July 18, 2005, OSI forwarded the thirteen de-designated documents to Plaintiffs' counsel. A copy of the July 18, 2005 letter is attached hereto as Exhibit E.

## LEGAL ARGUMENT

### I. "Good Cause" Exists To Protect OSI's Discovery From Disclosure.

Federal Rules of Civil Procedure 26(c) permits the issuance of a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). The party seeking the protective order must show "good cause" as to why the order should issue. *See, e.g.*, Ahern v. Trans Union LLC Zale Corp., 2002 U.S. Dist. LEXIS 26355, *9-10 (D. Conn. Nov. 15, 2002); H. Lewis Packaging, LLC v. Spectrum Plastics, Inc., 2003 U.S. Dist. LEXIS 17931, *9 (D. Conn. Aug. 10, 2003). The burden then shifts to the party resisting the order to show why the court should allow the discovery to go forward. Ahern, 2002 U.S. Dist. LEXIS 26355, at *9. A party may justify "good cause" by showing how the discovery is not relevant or overly broad, by showing specific harm from disclosure, by showing that the information contains sensitive commercial material, or by showing injury, harassment or abuse of the court's process. *See id.*; H. Lewis Packaging, LLC, 2003 U.S. Dist. LEXIS 17931, at *9; Saye v. Old Hill Partners, Inc., 2004 U.S. Dist. LEXIS 24097, *5-6 (D. Conn. Dec. 1, 2004).

Courts will protect information from being disclosed, depending upon the extent to which the information is known outside the business; the extent to which information is known to those inside the business; the measures taken to guard the secrecy of the information; and the value of the information to the business and its competitors. *See* Uniroyal Chemical Co. Inc., v. Syngenta Crop Protection, 22 F.R.D. 53, 56-57 (D. Conn. 2004). Courts will routinely protect pricing and marketing information as confidential business information subject to a protective order. *See id.* at 57. Moreover, protection in the form of "Attorney Eyes Only" designation will be given where the discovery consists of technical, proprietary information. *See id.*

This Court has permitted use of the "umbrella approach" where many documents are claimed confidential. *See* Uniroyal, 22 F.R.D. at 57. This approach allows protection of all documents, with the opposing party designating specific documents it believes not to be confidential. The movant then has the burden of proof in justifying the protective order with respect to those documents only. *See id.*

In this case, OSI is seeking protection for documents containing sensitive issues of quality control; marketing plans; pricing; production forecasts; identification and information concerning OSI customers; legal issues unrelated to this action; and highly sensitive and proprietary information concerning OSI and/or its customers. The figures, projections, and internal procedures contained within the documents would, if revealed, put OSI in a disadvantageous commercial position. Moreover, these documents are irrelevant to the underlying litigation, and would serve no purpose other than exposing OSI's confidential and proprietary information to Plaintiffs, subjecting OSI and its customers to potential harm. In such circumstances, it is particularly appropriate to require Plaintiffs to explain why they contend the documents should be de-designated.

Plaintiffs' failure to act in good faith to resolve this matter is directly contrary to the terms of the Protective Order, which obligate the parties to act in good faith to resolve these issues informally. Plaintiffs are also acting contrary to the spirit and provisions of Fed. R. Civ. P. 45, which permits non-parties to assert objections to discovery, without the burden of seeking relief from the Court. Because Plaintiffs have failed to act in good faith, and have used extreme means to force non-party OSI to seek relief from the Court, at OSI's continued expense, time, and resources, OSI should be granted the costs and fees associated with this Motion, pursuant to Rules 26(c) and 37(a)(4) of the Federal Rules of Civil Procedure.

## CONCLUSION

For all of the foregoing reasons, OSI respectfully requests that this Court grant its Motion for Protective Order and Sanctions, allow OSI to maintain the designation "Confidential – AEO" as to the documents at issue, and award OSI all costs and attorneys fees associated with this matter.

Respectfully submitted,

**Non-Party Movant,**

**OSRAM SYLVANIA, INC.,**

By its attorneys,

_____
Laura L. Carroll (Mass. BBO No. 076180)
Diane A.D. Noël (Mass. BBO No. 656430)
Burns & Levinson LLP
125 Summer Street
Boston, Massachusetts 02110
Telephone: 617-345-3000
Facsimile: 617-345-3299

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the Attorney of record of each other party by mail/hand on July 20, 2005
_____
Diane A.D. Noël, Esq.
Burns & Levinson LLP
125 Summer Street
Boston, MA 02110-1624
(617) 345-3000

Dated: July 20, 2005

# FATTIBENE AND FATTIBENE
ATTORNEYS AT LAW
PATENT, TRADEMARK, COPYRIGHT AND RELATED MATTERS
2480 POST ROAD
SOUTHPORT, CONNECTICUT 06890

ARTHUR T. FATTIBENE
PAUL A. FATTIBENE

TELEPHONE (203)255-4400
FACSIMILE (203)259-0033

June 22, 2005

Diane A.D. Noel
Burns & Levinson, LLP
125 Summer Street
Boston, MA 02110

Re: Light Sources, Inc., et al v. Cosmedico Light, Inc.
U.S.D.C. (D. Conn) Civil Action 3:03 CV 874 (MRK)
Deposition Production of Osram Sylvania

Dear Diane:

It is noted that the documents which Osram Sylvania has produced, allegedly in response to the subpoena served on Osram Sylvania, have been designated as "Highly Confidential-For Attorney Eyes Only" pursuant to the Protective Order, which Osram Sylvania has not signed onto. Assuming that the Protective Order is applicable to Osram Sylvania, the Plaintiffs are objecting to those documents which have been designated as "Highly Confidential-For Attorney Eyes Only", since such designation precludes Plaintiffs from disclosing information contained therein to either Cosmedico and/or other parties which are precluded by the Protective Order.

Therefore, Plaintiffs hereby object to any document produced by Osram Sylvania which has been designated as "Confidential" or "Highly Confidential-For Attorney Eyes Only." Therefore, consider this letter as Plaintiffs' challenge, pursuant to Paragraph 11 of the Protective Order, that any document produced by Osram Sylvania which it considers to be "Confidential" or "Highly Confidential-For Attorney Eyes Only", have been improperly so designated.

Accordingly, pursuant to Paragraph 11, it is Plaintiffs' position that the Osram Sylvania documents are not considered to be either "Confidential" or "Highly Confidential-For Attorney Eyes Only" unless the Court orders otherwise in accordance with the procedure set forth in Paragraph 11 of the Protective Order.

Very truly yours,
Fattibene and Fattibene

Arthur T. Fattibene

ATF/esf
Enc.

# BURNS & LEVINSON LLP

125 SUMMER STREET BOSTON, MA 02110
T 617.345.3000  F 617.345.3299
WWW.BURNSLEV.COM

DIANE A.D. NOEL
617-345-3648
DNOEL@BURNSLEV.COM

June 30, 2005

Arthur T. Fattibene, Esquire
Fattibene and Fattibene
2480 Post Road
Southport, CT 06890

    **RE:** *Light Sources, Inc. et al v. Cosmedico Light, Inc.,*
        *U.S.D.C. (D. Conn.) Civil Action No. 303 CV 874 (MRK)*
        <u>*Deposition subpoena of Osram Sylvania*</u>

Dear Mr. Fattibene:

    This letter is in response to your correspondence of June 22, 2005, regarding the objection of your client, Light Sources, Inc. ("Light Sources"), to Osram Sylvania's ("OSI") designation of any of OSI's document production as "Highly Confidential – For Attorney Eyes Only."

    First, you incorrectly suggest that the Protective Order in the above-named action may not apply to OSI because it is not a signatory to the Protective Order, nor a party in this case. Paragraph 2 of the Protective Order states that protection is afforded to "any non-party from whom discovery is sought in connection with this action." Therefore, OSI is clearly entitled to designate its documents pursuant to that Order.

    Paragraph 11 of the Protective Order obligates Light Sources and OSI to endeavor in good faith to resolve any dispute concerning confidentiality designations, before seeking court assistance. To that end, OSI is undertaking a new review of the documents it has produced in this matter, in an effort to determine if any can be de-designated. We do anticipate that OSI will conclude that most of the documents it produced should remain confidential, because they contain sensitive and proprietary information concerning OSI's manufacturing process, pricing and cost information.

    It would certainly aid our review and expedite a possible resolution of our disagreement concerning confidentiality if you can identify and explain which certain specific documents you believe are necessary to disclose to your client, and not be designated as confidential. Your letter's sweeping insistence, without any explanation, that none of them should be designated confidential is not conducive to resolving the matter.

J:\Docs\27443\00001\00938828.DOC

MASSACHUSETTS :: RHODE ISLAND :: DISTRICT OF COLUMBIA

BURNS & LEVINSON LLP

Arthur T. Fattibene
June 30, 2005
page 2

I also want to note that most of the documents produced and the information contained therein appear to be irrelevant to the issues in this litigation. As a result, we suspect that your course of action is intended to harass a third party witness and/or to fish for information useful for your client's business, rather than serve a legitimate and necessary discovery purpose.

Until OSI and Light Sources can determine whether this dispute can be resolved, please remember that you are required, pursuant to paragraph 11 of the Protective Order, to continue to treat the documents produced by OSI in accordance with their designation as "Highly Confidential – For Attorney Eyes Only." Should we fail to reach agreement after a good faith effort to resolve the matter, please note that we then have twenty (20) days from that point to make an appropriate motion and, until the Court orders otherwise, the information must continue to remain designated as "Highly Confidential – Attorney Eyes Only."

Very truly yours,

Diane A.D. Noël

cc: Osram Sylvania, Inc.
James W. Oliver, Esquire
Dale A. Malone, Esquire
Laura L. Carroll, Esquire

# FATTIBENE AND FATTIBENE

ATTORNEYS AT LAW
PATENT, TRADEMARK, COPYRIGHT AND RELATED MATTERS
2480 POST ROAD
SOUTHPORT, CONNECTICUT 06890

ARTHUR T. FATTIBENE
PAUL A. FATTIBENE

TELEPHONE (203)255-4400
FACSIMILE (203)259-0033

July 6, 2005

**Via Fax and Mail**
617-345-3299

Diane A.D. Noel
Burns & Levinson, LLP
125 Summer Street
Boston, MA 02110

Re: **Light Sources, Inc., et al v. Cosmedico Light, Inc.**
U.S.D.C. (D. Conn) Civil Action 3:03 CV 874 (MRK)

Dear Ms. Noel:

This will confirm my telephone call to you on July 5, 2005, with respect to your letter dated June 30, 2005.

You will recall that we discussed Plaintiffs' objections to those documents Osram Sylvania produced which have been marked "Highly Confidential For Attorneys Eyes Only". You will also recall that in my conversations with you, I confirmed Plaintiffs' challenge to the documents so marked pursuant to Paragraph 11 of the Protective Order. You will also recall that I indicated that the intent of the Protective Order was to have those parties or persons subject to the Protective Order to sign on to the Protective Order. Clearly, Osram Sylvania has not signed on to the Protective Order and it is my contention that unless Osram Sylvania signs the Protective Order, the Order is not applicable. This is predicated on the fact that attached Exhibit A requires persons who are to be subject to the terms of the Protective Order are required to sign on to the Order. Otherwise, the Court has no jurisdiction if one is not agreeable to the terms of the Protective Order.

However, notwithstanding this dispute, Plaintiffs object to the documents marked as "Highly Confidential For Attorneys Eyes Only" for the reason that the classification is being utilized solely for the purposes of hampering discovery. A review of the documents so marked will indicate that the documents relate to documents which are usually generated in the usual course of

FATTIBENE AND FATTIBENE
Attorneys at Law

Diane A.D. Noel                    Page 2                    July 6, 2005

business and there is nothing confidential so as to require non-disclosure. Further, most of the documents apparently contain non-relevant information to the issues at hand. Otherwise, Osram Sylvania would not have produced them. I also advise that the parties are on a rigid schedule due to the pre-trial order rendered by the Court and the obligations on the part of the parties to then proceed with that pre-trial order which requires designating witnesses, documents, deposition transcripts, etc., in preparation for trial.

Therefore, Plaintiffs consider time to be of the essence in this matter.

Please consider this letter as reaffirming the challenge Plaintiffs made to Osram Sylvania's documents marked as "Highly Confidential For Attorneys Eyes Only" as indicated in Plaintiffs' letter of June 22, 2005. Absent any showing of "good cause", Osram Sylvania's designations "Highly Confidential" are inappropriate. See Phillips v. General Motors, 285 F.3d 1117 (9 Cir 2002) and Phillips v. General Motors, 307 F.3d 1206 (9 Cir 2003).

                                           Very truly yours,
                                           **Fattibene and Fattibene**

                                           *[signature]*

                                           Arthur T. Fattibene

ATF/esf
cc: Dale Malone, Esq.

Ex D 

# BURNS & LEVINSON LLP

125 SUMMER STREET BOSTON, MA 02110
T 617.345.3000  F 617.345.3299
WWW.BURNSLEV.COM

DIANE A.D. NOEL
617-345-3648
DNOEL@BURNSLEV.COM

July 8, 2005

Arthur T. Fattibene, Esquire
Fattibene and Fattibene
2480 Post Road
Southport, CT 06890

    RE: *Light Sources, Inc. et al v. Cosmedico Light, Inc.,*
         *U.S.D.C. (D. Conn.) Civil Action No. 303 CV 874 (MRK)*

Dear Mr. Fattibene:

    Based on our telephone conversation on Tuesday, July 5, 2005, it is my understanding that you are maintaining your objection, without limitation, to the designation by our client, Osram Sylvania, Inc. ("OSI"), of certain documents as "HIGHLY CONFIDENTIAL -- ATTORNEY EYES ONLY" ("Confidential -- AEO"), and that your objection extends to each and every document so designated, without specification or elaboration. As you know, in accordance with the Protective Order in this case, OSI attempted to resolve your challenge in good faith, on an informal basis. We are disappointed by your outright refusal to even consider a resolution of this matter, without court intervention. Unfortunately, you leave OSI no choice but to proceed with this matter before the Court.

    To date, OSI has produced a total of 441 pages of documents to you, in response to your subpoena. One hundred and eighteen (118) of these pages were produced to you on August 2, 2004, in response to your subpoena. These documents included copies of etches, invoices from 1998 through the present date, and lists of products ordered from OSI by defendant Cosmedico Light, Inc. in 1992. After some discussion between you and OSI, an additional 49 pages of documents were produced to you on October 25, 2004. Those documents were copies of OSI invoices, dating from 1993 through the present date. None of the documents in either of those productions, a total of one hundred and sixty-eight (168) pages, were designated "Confidential -- AEO."

    Following OSI's document production in the summer and fall of 2004, OSI produced another 273 pages of documents, prior to the deposition of its designee, Steven Schlitt, on May 9, 2005. These documents were the papers in files maintained by Mr. Schlitt which he had reviewed in preparation for his deposition.

Arthur T. Fattibene  
July 7, 2005  
Page 2

BURNS & LEVINSON LLP

In an abundance of caution and with scant time to review, OSI produced this last set of documents to you, solely because Mr. Schlitt had reviewed them prior to his deposition. Many of these documents are clearly not relevant to this action. As you know, it is only documents from this most recent production which have been designated "Confidential – AEO."

Each of the documents OSI designated "Confidential – AEO" contains either one or more of the following pieces of protected information: (1) sensitive issues of quality control; (2) marketing plans; (3) pricing; (4) production forecasts; (5) identification and information concerning OSI customers; (6) legal issues unrelated to this action; and (7) other highly sensitive and proprietary information concerning OSI and/or its customers. In addition, these documents have nothing to do with the underlying litigation, and are therefore irrelevant and unnecessary to resolving the pending issues between the parties. It is OSI's continuing position that you are raising the current objection to OSI's confidentiality designation solely in order to harass OSI.

In accordance with OSI's obligation to act in good faith, and as indicated to you in my letter of June 30, 2005, OSI has reviewed its document production to determine if any of the documents designated "Confidential – AEO" could be de-designated. Upon further review, OSI is willing to de-designate thirteen documents OSI had originally designated "Confidential – AEO". OSI is now in the process of Bates-numbering the documents it has produced, including the de-designated materials. Once OSI has completed this task, I will forward to you copies of the 13 de-designated documents.

I note that your refusal to identify the specific documents you believe should be de-designated, or explain the basis for your position, is directly contrary to the terms of the Protective Order in this case, which require the parties to act in good faith to resolve these issues informally. You are also acting contrary to the spirit and provisions of Fed. R. Civ. P. 45, which permits non-parties to assert objections to discovery, without the burden of seeking relief from the Court. Please be advised that, as a result, in its moving papers, OSI plans to request that it be awarded the costs of such motion.

Very truly yours,

Diane A.D. Noël

cc: Osram Sylvania, Inc.  
James W. Oliver, Esquire  
Dale A. Malone, Esquire  
Laura L. Carroll, Esquire

J:\Docs\27443\00001\00940153.DOC

# BURNS & LEVINSON LLP

125 SUMMER STREET BOSTON, MA 02110
T 617.345.3000  F 617.345.3299
WWW.BURNSLEV.COM

DIANE A.D. NOEL
617-345-3648
DNOEL@BURNSLEV.COM

July 18, 2005

Arthur T. Fattibene, Esquire
Fattibene and Fattibene
2480 Post Road
Southport, CT 06890

RE:   *Light Sources, Inc. et al v. Cosmedico Light, Inc.,*
      *U.S.D.C. (D. Conn.) Civil Action No. 303 CV 874 (MRK)*

Dear Mr. Fattibene:

Pursuant to our discussion of July 5, 2005, our client, Osram Sylvania, Inc. ("OSI") has reviewed the documents it originally designated as "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" to determine whether any of those documents might be de-designated. After careful review of the documents, OSI has determined that thirteen (13) of its documents originally designated confidential may be de-designated.

Enclosed are copies of the de-designated documents, which OSI has Bated-numbered OSI00169-00181. Please let me know if you have any questions.

Sincerely,

*[signature]*

Diane A.D. Noël

cc:   Osram Sylvania, Inc. (w/o encl.)
      Laura L. Carroll, Esquire (w/o encl.)