UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LIGHT SOURCES, INC., and TAN SYSTEMS, INC., Plaintiffs, | : : : : |
| v. | CIVIL ACTION NO.: 3:03-CV-874 (MRK) |
| COSMEDICO LIGHT, INC., Defendant | : : : : |
| COSMEDICO LIGHT, INC., Counterclaimant | : : : |
| v. | : : |
| TAN SYSTEMS, INC., and LIGHT SOURCES, INC., Counterdefendants, | July 20, 2005 |

**COSMEDICO'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL**

Plaintiffs, Light Sources, Inc. ("Light Sources") and Tan Systems, Inc. ("Tan Systems") now seek to compel defendant, Cosmedico Light, Inc. ("Cosmedico"), to respond to document production requests belatedly piggybacked onto a Rule 30(b)(6) deposition notice. Plaintiffs also seek to compel yet another deposition of Cosmedico's president under that same deposition notice. Plaintiffs are not entitled to the document production they demand because their requests were served too late to comply with the requirements of Fed. R. Civ. P. 34 and this Court's Scheduling Order in this action.

Plaintiffs are not entitled to a third deposition of Cosmedico's president because the subject matter for interrogation added to the amended notice of deposition was served upon Cosmedico less than a week prior to the deposition and because Cosmedico's president has already submitted to over fifteen hours of deposition, far in excess of the seven hour limit established in the rules in the absence of a request for leave of Court.

**Statement of Facts.** The facts set forth in plaintiffs' June 29, 2005, memorandum in support of this motion are substantially correct, and Cosmedico will not burden the Court by repeating them here. Those facts readily reveal that plaintiffs plainly are not entitled either to the late document production demanded in their Rule 30(b)(6) deposition notice, nor the afterthought deposition testimony belatedly added to the deposition notice, because:

- this Court set a discovery cut-off date of July 1, 2005, in this action;
- plaintiffs' original May 23, 2005 notice of deposition under Rule 30(b)(6) (pages A-1 to A-8 attached to plaintiffs' June 29, 2005 memorandum) demanded production of documents at or before the deposition then scheduled for June 6, 2004, thus failing to provide Cosmedico with the 30 day response period required by Rule 34;
- Cosmedico responded immediately to plaintiffs' deposition notice by letter dated May 24, 2005 (pages A-9 to A-11), objecting to a number of the listed deposition topics and specifically pointing out plaintiffs' failure to comply with Rule 34 in its document production demands, as well as the fact that plaintiffs had already exhausted the seven hours of deposition testimony

2

- permitted in the absence of a court order. Plaintiffs did not respond to this letter.;

- plaintiffs' subsequent replacement deposition notice, dated June 10, 2005, (attached at pages A-12 to A-20 of plaintiffs' memorandum), re-scheduled the deposition for June 20, 2005, again failing to provide Cosmedico with the 30 days' notice required by Rule 34;

- plaintiffs' superceding amended notice of deposition, dated June 13, 2005, (attached at pages A-21 to A-30 of plaintiffs' memorandum) sought to add additional deposition topics and additional document production demands, all requiring response by Cosmedico less than a week later at the June 20, 2005, deposition.

- Cosmedico again responded immediately to the amended deposition notice, by letter dated June 14, 2005 (pages A-31 to A-32), in which Cosmedico reminded plaintiffs of the substantial objections raised to the original deposition notice, which had not been resolved by the parties, as well as the additional objections required in view of plaintiffs' less-than-one-week's notice of its added demands.

Curiously, plaintiffs base much of the argument in support of this motion on the assertion that the document production demanded in the deposition notice is redundant of plaintiffs' previous document production requests and interrogatories. However, the parties have not conferred regarding any alleged deficiencies in Cosmedico's responses

3

to those prior discovery requests, and Cosmedico does not understand those prior requests to be directly implicated in this motion.

**Governing Legal Principles**. As acknowledged by plaintiffs in their quotation of Fed. R. Civ. P. 30(b)(5), a deposition notice to a party may incorporate document production requests, but only if those requests comply with the requirements of Rule 34:

> The notice to a party deponent may be accompanied by a request made in compliance with Rule 34 for the production of documents and tangible things at the taking of the deposition. The procedure of Rule 34 shall apply to the request.

Fed. R. Civ. P. 30(b)(5). The "procedure of Rule 34" referenced in the rule is spelled out plainly in Rule 34(b), and provides that the responding party shall have 30 days to respond to the request.

Because a Rule 30(b)(5) document request must comply with the requirements of Rule 34, such a request must be served within the time constraints of the Court's scheduling order. 7 Moore's Federal Practice (Third Ed.), §30.22 at 30-42, *citing Carter v. United States*, 164 F.R.D. 131, 133 (D. Mass. 1995).

Rule 30(b)(1) requires a deposing party to provide "reasonable notice" of a deposition. In the case of a deposition under Rule 30(b)(6), such reasonable notice must include identification of the subject matter of the planned interrogation in sufficient time to allow the party being deposed to identify and prepare an appropriate witness.

**Analysis**. In response to this Court's March 4, 2005 Order, Cosmedico produced its president, Jerry Frank, for a second deposition in this action. However, plaintiffs have

4

attempted to leverage that second deposition into a complete new round of discovery by adding new document production demands and new topics of interrogation to the previous notice of deposition. Had plaintiffs done so in a timely manner, Cosmedico's only complaint (beyond its objections to the individual topics and production requests) would have been the unreasonable burden imposed by the excessive length (over fifteen hours) of the deposition. However, plaintiffs did not follow the rules in propounding their additional discovery demands. Rather, plaintiffs have attempted to use Rule 30(b) as a "back door" to propound discovery requests after it became too late to serve such requests in the ordinary course of Rule 34.

Plaintiffs also have attempted to unduly burden Cosmedico by demanding Rule 30(b)(6) testimony as to subject matter identified less than a week before the deposition. Where the plaintiffs have already deposed Cosmedico's president for more than fifteen hours, and have not even asked the Court for leave to exceed the usual seven hour limit, it is especially unfair for plaintiffs to now demand still further deposition of Mr. Frank.

Cosmedico advised plaintiffs of its objections to the deposition topics and the untimeliness of the document production demands set forth in plaintiffs' original May 23, 2005, and superceding June 13, 2005, deposition notices in a prompt manner, in both cases serving notice the very next day after receipt of the requests.

Plaintiffs never responded to Cosmedico's objections in writing, and never attempted to discuss or negotiate any aspect of the objections. The sum and substance of plaintiffs' "conferral" regarding the subject matter of the present motion (as candidly admitted by plaintiffs in the Certification accompanying their motion) was a simple


inquiry as to whether or not Cosmedico would withdraw the objections stated in its two letters. Because plaintiffs had offered no explanation whatsoever as to why it contends the objections were not well-founded, Cosmedico declined.

In view of plaintiffs' failure to engage in any sort of dialogue regarding the disputed discovery requests and Cosmedico's objections, it is not surprising that plaintiffs' arguments in their motion amount to no more than conjecture regarding the existence of allegedly responsive documents and information. For example, plaintiffs make much of the testimony of Mr. Frank that he obtained legal advice from his past and present trademark counsel before this litigation began. However, Mr. Frank did not testify that any written opinions of counsel were prepared, as plaintiffs blindly suggest in their motion papers. Plaintiffs' conclusory contention that Cosmedico's privilege log is incomplete is especially surprising, given that plaintiffs have not even provided any privilege log of their own to Cosmedico, despite repeated requests to do so.

**Conclusion.** Plaintiffs have failed to justify their present demand for a third deposition of Cosmedico's president and production of documents responsive to untimely and defective production requests. The motion should be denied.

Respectfully submitted,
Cosmedico Light, Inc.,
by its Attorneys,

Dated: July 20, 2005

_____
JAMES W. OLIVER
Federal Bar No.: ct02510
Berman and Sable
One Financial Plaza, 20th Floor

6

Hartford, CT 06103
Tel: (860) 527-9699
Fax: (860) 527-9077

DALE A. MALONE
Federal Bar No.: ct25020
Banner & Witcoff, Ltd.
28 State Street
Boston, Massachusetts 02109
Tel: (617) 720-9600
Fax: (617) 720-9601

### Certificate of Service

I hereby certify that a copy of the foregoing document has been served by facsimile and first class U.S. mail, postage prepaid, this __20th__ day of __July__ 2005, on plaintiffs' counsel of record as follows:

Arthur T. Fattibene
Fattibene & Fattibene
2480 Post Road
Southport, CT 06890

Cynthia L. Counts
Counts & Associates
1384 Lanier Place
Atlanta, GA 30306

Hugh F. Keefe
Lynch, Traub, Keefe & Errante
52 Trumbull Street
P.O. Box 1612
New Haven, CT 06506-1612

_____
Dale A. Malone