UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LIGHT SOURCES, INC., and
TAN SYSTEMS, INC.,
        Plaintiffs

v.                                    Civil Action
                                    No. 303 CV 874 (MRK)

                                    At New Haven
COSMEDICO LIGHT, INC.,
        Defendant              July 22, 2005


**PLAINTIFFS, LIGHT SOURCES, INC.'S AND TAN SYSTEMS, INC.,
REPLY BRIEF
TO
DEFENDANT, COSMEDICO LIGHT, INC.'S
MEMORANDUM IN OPPOSITION TO PLAINTIFFS'
MOTION TO COMPEL**


                                        Arthur T. Fattibene
                                        Paul A. Fattibene
                                        Fattibene & Fattibene
                                        2480 Post Road
                                        Southport, CT 06890-1218


ORAL HEARING REQUESTED

**NATURE OF PROCEEDING**

On June 30, 2005, Plaintiffs, Light Sources, Inc. and Tan Systems, Inc., pursuant to Rule 37, Fed.R.Civ.P., filed a Motion to Compel Defendant, Cosmedico Light, Inc. (Cosmedico) to produce the specific items and things designated in paragraphs (b), (c), (d) and (g) that were requested in Plaintiffs' 30(b)(6) Notice of Deposition duly served on Cosmedico pursuant to the Court's Ruling and Order dated March 4, 2005.  Included in Plaintiffs' Motion papers was a request for Sanctions for Cosmedico's refusal to fully comply with the Court's Order and Ruling of March 4, 2005.

On July 20, 2005, Plaintiffs were served with Cosmedico's Opposing Memorandum.

This is Plaintiffs' joint Reply Brief to Cosmedico's Opposing Memorandum.

**A R G U M E N T**

On page 1 of Cosmedico's opposing papers, Cosmedico asserts that the document requests in dispute were "belatedly piggybacked onto a Rule 30(b)(6) deposition notice", and that the requests "were served too late to comply with the requirements of Fed.R.Civ.P. 34 and the Court's Scheduling Order."

1

**PLAINTIFFS' RULE 30(b)(6) REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS WERE TIMELY AND PROPER.**

Rule 34(b), Fed.R.Civ.P., expressly states "The party upon whom the request is served shall serve a written response within 30 days after the service of the request."

On page 2 of Cosmedico's Opposing Memorandum, Cosmedico admits that it served on Plaintiffs <u>its written response and objections on May 24, 2005</u> (A-9-11)[1] to Plaintiffs' original 30(b)(6) Notice that was served on May 23, 2005, pursuant to Rule 34, Fed.R.Civ.P.

Cosmedico also admits on page 3 of its Opposing Memorandum that Cosmedico served on Plaintiffs <u>its written response and objections on June 13, 2005</u> (A-31-32) to Plaintiffs' requests as set forth in Plaintiffs' Rule 30(b)(6) notice of deposition (A-21-30) served on Cosmedico on June 13, 2005.

Rule 34, Fed.R.Civ.P., merely states that a party upon whom the request is served <u>shall serve a written response within 30 days</u>. Cosmedico admits that a <u>written response was served on Plaintiffs within 30 days</u>. It is to be further noted that Cosmedico has not sought any protection from discovery of the requested documents that is available pursuant to Rule 26(c).

---

[1] (A-  ) refers to the Addendum followed by page number, attached to Plaintiffs' Memorandum in Support of Plaintiffs' Motion to Compel and for sanctions.

2

Rule 30(b)(5) expressly states that "notice to a party deponent may be accompanied by a request made in compliance with Rule 34 for the production of documents and things" and that the "procedure of Rule 34 shall apply." As indicated above, Plaintiffs' Amended and Renewed Rule 30(b)(6) Notice of Deposition (A-21-30) and Cosmedico's response thereto (A-31-32) fulfilled the time requirements of both Rule 30 and 34 of Fed.R.Civ.P., and the Court's Scheduling Order.

**COSMEDICO'S FAILURE TO PRODUCE THE REQUESTED DOCUMENTS ON JULY 20, 2005 CANNOT BE ATTRIBUTED TO PLAINTIFFS' ALLEGED DELAY.**

As noted on page 1 of Cosmedico's Opposing Memorandum, Cosmedico asserts that Plaintiffs' production demand was too late to comply with the requirements of Rule 34, Fed.R.Civ.P.

Rule 34, Fed.R.Civ.P., expressly provides that a party's response to a request for production shall state "with respect to each item or category, that inspection and related activities will be permitted as requested, <u>unless the request is objected to</u>, in which event <u>the reason for the objections shall be stated</u>." (Emphasis added). In response to Plaintiffs' initial Rule 30(b)(6) notice of deposition (A-1-8), requesting the production of designated

3

documents (a) to (f), Cosmedico's <u>written response and objections</u> (A-9-11) were directed to <u>only the topics specified in the notice of deposition</u>; and <u>no specific objections were made to the document requests (a) to (f) which were stated in the original notice of deposition</u> (A-1-8).

Cosmedico's written objections (A-31-32) to Plaintiffs' Amended Renewed Notice (A-21-30) merely incorporated by reference Cosmedico's objections made in Cosmedico's response of May 24, 2005 (A-9, 10) which were limited to only the <u>topics</u>, with <u>no specific objections</u> being made to the requests for documents (a), (b), (c), (d), (e) and (f).  The only document objection made by Cosmedico in its written response dated June 14, 2005, (A-31,32) was limited to request (g), which requested documents related to sales and alleged damages coming within the scope of Plaintiffs' Rule 34 Request for Production No. 25 which was the subject of Plaintiffs' previous Motion To Compel, which the Court granted and ordered that Cosmedico produce the same.  Cosmedico has failed to comply with the Court Order of March 4, 2005, and is now a subject in the present motion for sanctions.

Rule 34 requires that all grounds for objection must be specifically stated in a timely response or they are

waived.  <u>Drexel Heritage Furnishings v. Furniture USA</u>, 200 FRD 255 (MDNC 2001); <u>Rivera v. Kmart Corp.</u>, 190 FRD 298, 300-01 (D. Puerto Rico 2000)

    A review of Cosmedico's written responses (A-9,10) and (A-31,32) to Plaintiffs' deposition requests for documents pursuant to Rule 30(b)(5), which have not been objected to, have been waived.  Documents subject to request (g) fall within the scope of the documents the Court ordered Cosmedico to produce in the Court's Ruling and Order of March 4, 2005.

    Contrary to Cosmedico's rhetoric at page 4 of its Opposing Memorandum, the request (a) to (f) and request (g) permitted by Rule 30(b)(5) and Cosmedico's alleged objections (A-9,10) and (A-31,32) thereto have been served within the time constraints of the Court's Scheduling Order.

    Contrary to Cosmedico's argument of counsel at the bottom of page 4 and top of page 5, Plaintiffs have not "attempted to leverage that second deposition into a complete new round of discovery by adding new document production demands and new topics of interrogation to the previous noted deposition."  The Court's Ruling and Order of March 4, 2005, expressly and unambiguously stated:

5

> "Discovery shall be opened from March 1, 2005 until July 1, 2005 for the purpose of <u>any party conducting further discovery in support or defense of any claims or counterclaims asserted in this action</u>."
> (Emphasis added).

In a telephone conference on or about May 4, 2005 with the Court, in which Mr. Malone participated, the Court clearly elaborated the Court's intent and the permitted allowable scope of discovery which the Court reopened in its Ruling and Order of March 4, 2005.  It is submitted that Cosmedico is being disingenuous in arguing that Plaintiffs' requests for documents permitted in a 30(b)(6) notice of deposition are an attempt "to leverage [that] the second deposition into a complete new round of discovery." Actually, Plaintiffs are still in Round #1 of the discovery battle, as Cosmedico has been "stonewalling" and "obstructing" discovery in every manner possible.

**COSMEDICO'S OPPOSING MEMORANDUM IS NOT RESPONSIVE TO PLAINTIFFS' REQUEST FOR SANCTIONS PURSUANT TO RULE 37(B), FED.R.CIV.P.**

It is significant to note that Cosmedico's Opposing Memorandum is totally silent as to Plaintiffs' request for sanctions pursuant to Rule 37(B) for failing to comply with the Court's Ruling and Order of March 4, 2005.  Cosmedico's silence constitutes an admission that Cosmedico has

6

intentionally refused to comply with the Court's Order of March 4, 2005, with respect to Plaintiffs' Rule 33, Fed.R.Civ.P., Interrogatory No. 8, to identify instances of actual confusion, first propounded on September 17, 2003, and Plaintiffs' Rule 34, Fed.R.Civ.P. request for production of document No. 25 relating to damages, first propounded on June 26, 2004, which is the subject of Plaintiffs' previous Motion To Compel.

Cosmedico's refusal to comply with the Court's Ruling and Order of March 4, 2005, is extremely prejudicial to Plaintiffs when it is noted that discovery is closed and the Court has issued a Pre Trial Order obligating the parties to identify documents in support of the respective parties' claims and defenses. Cosmedico's apparent refusal to produce documents which the Court ordered be produced, if any, are directed to the critical issues of actual confusion or likelihood of confusion and alleged damages. It is submitted that the core of Cosmedico's counter claims are predicated upon Cosmedico proving likelihood of confusion and damages. Absent any such evidence, Cosmedico cannot sustain its burden of proof. Cosmedico's refusal to comply with the Court Order may indicate that Cosmedico lacks the evidence to sustain its burden of proof. In such case, the appropriate sanctions for refusing to identify or

7

produce any documents of likelihood of confusion and/or damages should be the dismissal of Cosmedico's counterclaims and awarding Plaintiffs reasonable attorney fees.

It is submitted that Cosmedico's counterclaims are not likely to succeed at trial in view of the decision in <u>Arrow Fastener Co. v. Stanley Works</u>, 59 F.3d 384 (2 Cir 1995); 35 USPQ 2d 384, as the Court noted in its Ruling and Order of March 4, 2005.  Reference is also made to <u>Manufacturing Company v. Trainer</u>, 101 US 51 (1879) and <u>Pfizer, Inc. v. Astra Pharmaceutical Products</u>, 858 F.Supp. 1305; 33 USPQ 2d 1545 (SDNY 1994).

Upon the granting of Plaintiffs' Motion, Plaintiffs should be permitted to depose Mr. Frank subsequent to Cosmedico's full compliance with respect to the outstanding Court Ruling as to Plaintiffs' Interrogatory #8, Request for Production #25, and compliance with respect to Plaintiffs' Rule 30(b)(6) request for production (b), (c), (d) and (g).

## C O N C L U S I O N

In view of the applicable Rules and authorities and reasons herein set forth, it is respectfully requested that

8

Plaintiffs' Motion to Compel and appropriate sanctions be granted in all respects as herein stated.

                            Respectfully submitted,

                            _____
                            Arthur T. Fattibene, CT06916
                            Counsel for Plaintiff
                            Fattibene and Fattibene
                            2480 Post Road
                            Southport, CT 06890
                            Tel:  203-255-4400
                            Fax:  203-259-0033