UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LIGHT SOURCES, INC.,<br>and TAN SYSTEMS, INC.,<br>    Plaintiffs, | :<br>:<br>:<br>: CIVIL ACTION NO.:<br>: 3:03-CV-874 (MRK) |
| v. | : |
| COSMEDICO LIGHT, INC.,<br>    Defendant | :<br>: |
| COSMEDICO LIGHT, INC.,<br>    Counterclaimant | : |
| v. | : |
| TAN SYSTEMS, INC.,<br>and LIGHT SOURCES, INC.,<br>    Counterdefendants, | :<br>: September 6, 2005 |

**COSMEDICO'S MOTION TO CONTINUE DEADLINE FOR FILING JOINT
PRE-TRIAL MEMORANDUM**

Cosmedico Light, Inc. ("Cosmedico"), the defendant in this trademark declaratory judgment action, now moves the Court for an Order rescheduling the filing deadline for the Joint Pre-trial Memorandum in this action from September 12, 2005 to September 26, 2005. Cosmedico makes this request for two related reasons:

1. Cosmedico has been unable to confer with opposing counsel as required in the Court's scheduling order because of the recent entrance into the action of additional counsel for plaintiff, Light Sources, Inc., and the resulting confusion as to which of plaintiffs' many counsel has authority to speak for plaintiffs as to pre-trial issues; and,

2. The parties have agreed to meet, with representatives authorized to settle this action, on September 7, 2005, with the objective of resolving all issues involved in this action and the co-pending Massachusetts litigation between Cosmedico and Light Sources.

Cosmedico proposes a short extension of the joint pre-trial memorandum filing date in order to allow the parties to explore this last significant settlement opportunity, and to permit a meaningful consultation between authorized counsel in order to narrow the areas of disagreement in the pre-trial memorandum and expedite the trial of this action, if necessary.

Status of the Case

This action is presently set for a telephonic hearing on all pending motions this Friday, September 9, 2005. The Joint Pre-trial Memorandum is presently due to be filed on September 12, 2005. The Final Pre-trial Conference is set for September 26, 2005. Trial is set to begin on October 17, 2005.

Relevant Background Facts

During July and August, 2005, Cosmedico's undersigned counsel and plaintiffs' attorney, Mr. Arthur Fattibene, exchanged correspondence regarding the preparation of the Joint Pre-trial Memorandum in this action. On August 12, 2005, Cosmedico

suggested a procedure for the parties' proposal and response to the elements required in the memorandum (copy of correspondence attached at Tab 1). Plaintiffs' counsel rejected this suggestion, but did not propose any alternative procedure. On August 22, 2005, Cosmedico's counsel responded to this rejection, proposing to confer regarding the pre-trial issues on September 7, 2005 (copy of correspondence attached at Tab 2). In a subsequent telephone conversation, plaintiffs' counsel refused this proposal.

On or around August 23, 2005, Cosmedico's counsel was contacted by attorneys Michael J. Rye and Steven M. Coyle, of the Hartford firm Cantor Colburn LLP. Messrs. Rye and Coyle indicated that they had recently been retained to conduct the preparation and trial of this action but were not yet up to speed on the history and status of the case. In the course of discussing the particulars of the matter, it was agreed to convene a final settlement conference with authorized client representatives in an effort to resolve all of the issues pending in this action and in the Massachusetts litigation between Cosmedico and Light Sources. That meeting is to take place on September 7, 2005, in Sturbridge, Massachusetts. In the telephone conversation, Cosmedico's counsel was asked to direct all further communications regarding the action to Messrs. Rye and Coyle, and not to attorney Fattibene. Counsel also discussed the possibility of jointly seeking an extension of the pre-trial memorandum filing date. A copy of Cosmedico counsel's letter confirming the telephone conversation is attached at Tab 3.

Plaintiff Light Sources, Inc. apparently is presently represented by at least five attorneys in this action: Messrs. Arthur and Paul Fattibene of Fattibene and Fattibene, attorney Hugh Keefe of Lynch, Traub, Keefe & Errante, and now Messrs. Rye and Coyle

of Cantor Colburn. Co-plaintiff Tan Systems, Inc. has at times been represented in this action by attorney Fattibene, and at other times by Ms. Cynthia Counts of Atlanta, Georgia, who has appeared *pro hac vice.*. In August, Cosmedico's counsel spoke with Ms. Counts, who inquired about the status of the action, including the scheduled trial date, but did not indicate that she intended to participate in the preparation of the pre-trial memorandum.

On September 1, 2005, attorney Rye wrote to Cosmedico's counsel to confirm the details for the September 7, 2005 settlement meeting. Mr. Rye also revised his previous instruction regarding communications between the parties, now indicating that Mr. Fattibene would be the contact person both for the September 9, 2005 motion teleconference and the preparation of the joint pre-trial memorandum. Because of the holiday weekend, Cosmedico's counsel did not receive this correspondence until September 6, 2005. Mr. Fattibene has written separately to advise that he intends to file a unilateral pretrial memorandum on behalf of the plaintiffs. Copies of Mr. Rye's and Mr. Fattibene's letters ate attached at Tabs 4 and 5, respectively.

Basis for Requested Relief

Cosmedico submits that the parties and the Court would be best served by permitting counsel a short additional period to confer and negotiate, to the extent possible, the particulars of the joint pre-trial memorandum. The alternative being pursued by Light Sources, the unilateral filing of separate memoranda, will undoubtedly inundate the Court with countless issues regarding proposed exhibits, instructions and other matters, without indicating to the Court where the serious disputes lie.

Because of the confusion engendered by the conflicting representations of plaintiffs' counsel regarding their authority in the matter, Cosmedico had been left with the Hobson's choice of negotiating the particulars of the pre-trial memorandum either with new counsel who were not yet familiar with the case or with plaintiffs' prior attorney, whom Cosmedico had been advised was no longer authorized to speak for plaintiffs in the matter. Now that this issue appears to have been resolved,[1] Cosmedico is prepared to confer with plaintiffs' authorized counsel as directed by the Court.

Cosmedico intends to participate in good faith in the September 7, 2005 settlement meeting, and will advise the Court at or before the September 9 teleconference if agreement is reached as to some or all of the issues in suit.

Cosmedico proposes the short extension in order to preserve the October 17, 2005 trial date. Cosmedico appreciates that the proposed new filing date for the pre-trial memorandum coincides with the Final Pre-trial Conference in this case, and if the Court prefers to separate these events, Cosmedico is amenable to rescheduling of the latter date to suit the Court's schedule.

Conclusion

For the reasons set forth herein, Cosmedico respectfully requests that the filing deadline for the Joint Pre-trial Memorandum in this action be extended from September 12, 2005 to September 26, 2005.

---

[1] Cosmedico notes, however, neither Mr. Rye nor Mr. Fattibene appears to have copied the other on his correspondence, and there has been no definitive confirmation that Tan Systems will be represented for pre-trial purposes by either Mr. Fattibene or Mr. Rye.

Certification of Conferral of Counsel

The undersigned counsel for Cosmedico certifies that he conferred in good faith regarding the substance of this motion with Messrs. Rye and Coyle, and also with attorney Arthur Fattibene, but that no agreement was reached.

Respectfully submitted,
Cosmedico Light, Inc.,
by its Attorneys,

Dated: September 6, 2005

_____
JAMES W. OLIVER
Federal Bar No.: ct02510
Berman and Sable
One Financial Plaza, 20th Floor
Hartford, CT 06103
Tel:   (860) 527-9699
Fax:   (860) 527-9077

DALE A. MALONE
Federal Bar No.: ct25020
Banner & Witcoff, Ltd.
28 State Street
Boston, Massachusetts 02109
Tel:   (617) 720-9600
Fax:   (617) 720-9601

## Certificate of Service

I hereby certify that a copy of the foregoing document has been served by facsimile and first class U.S. mail, postage prepaid, this __6th__ day of __September__ 2005, on plaintiffs' counsel of record as follows:

Arthur T. Fattibene
Fattibene & Fattibene
2480 Post Road
Southport, CT 06890

Cynthia L. Counts
Counts & Associates
1384 Lanier Place
Atlanta, GA 30306

Hugh F. Keefe
Lynch, Traub, Keefe & Errante
52 Trumbull Street
P.O. Box 1612
New Haven, CT 06506-1612

Michael J. Rye
Steven M. Coyle
Cantor Colburn LLP
55 Griffin Road South
Bloomfield, CT 06002

_____
Dale A. Malone

# Tab 1



28  TE STREET
281.. FLOOR
BOSTON, MASSACHUSETTS 02109-1775

TEL: 617.720.9600
FAX: 617.720.9601
www.bannerwitcoff.com

Dale A. Malone
dmalone@bannerwitcoff.com

<u>By Fax and Mail</u>                                                August 12, 2005

Arthur T. Fattibene, Esq.
Fattibene and Fattibene
2480 Post Road
Southport, Connecticut 06890

Re:   *Light Sources, Inc. et ano v. Cosmedico Light, Inc.,* Civ. A. No. 3:03 CV 874
      **(MRK) (D. Conn.)**

Dear Art,

In response to your letter received by fax on August 8, 2005 (though dated July 15, 2005), we will, of course, participate in the preparation of the Joint Pretrial Memorandum required by the Court's scheduling order. I suggest that you send me your proposed language, I will send you my response, then we can confer and resolve any disagreements to the extent possible.

Very truly yours,

Dale A. Malone

DAM/pc

CHICAGO, IL
ASHINGTON, DC
BOSTON, MA
PORTLAND, OR

# Tab 2

Case 3:03-cv-00874-MRK    Document 145    Filed 09/07/2005    Page 10 of 19



**Banner & Witcoff, Ltd.**
INTELLECTUAL PROPERTY LAW

28 STATE STREET
28TH FLOOR
BOSTON, MASSACHUSETTS 02109-1775

TEL: 617.720.9600
FAX: 617.720.9601
www.bannerwitcoff.com

**Dale A. Malone**
dmalone@bannerwitcoff.com

<u>By Fax and Mail</u>

August 22, 2005

Arthur T. Fattibene, Esq.
Fattibene and Fattibene
2480 Post Road
Southport, Connecticut 06890

Re:  *Light Sources, Inc. et ano v. Cosmedico Light, Inc.,* Civ. A. No. 3:03 CV 874 (MRK) (D. Conn.)

Dear Art,

Your letter of even date suggests incorrectly that I have not responded to your past requests for a conference in anticipation of the joint pretrial memorandum to be filed in compliance with the Court's scheduling order. As you know (because you responded to my letter), I did write to you regarding this matter on August 12, 2005. Moreover, whereas your previous letters suggested neither an agenda nor a proposed time for the conference, my prior response proposed a protocol which you rejected out of hand.

I expect to meet with my client regarding this matter this week. I will be out of the office next week. Accordingly, I propose that we confer on Wednesday, September 7, 2005. I suggest that we begin at 10:00 a.m., unless another time would be more convenient for you.

On a separate issue, I presume you have now had an opportunity to review the order of the Northern District of Ohio regarding our motion to compel the production of documents in response to our subpoena to David Myers. From Mr. Myers' testimony at his deposition, it was abundantly clear that the objections filed on his behalf to the document production requests was interposed without regard to the facts readily available to, and known by, the subpoenaed third party. For example, repeated objections were made to various production requests on the alleged basis that an unreasonably laborious search would be required, when in fact the witness knew (and later testified) that he was certain that no responsive documents were within his possession, custody or control. As a result of the false statements made in the objections, Cosmedico was put to substantial expense and inconvenience in seeking judicial enforcement of the subpoena. According to counsel's statement at Mr. Myers' deposition, these objections were lodged and

CHICAGO, IL
WASHINGTON, DC
BOSTON, MA
PORTLAND, OR

Arthur T. Fattibene, Esq.
August 22, 2005
Page 2

maintained as "a matter of principle," despite the fact (known to Mr. Myers and his counsel, but unknowable at the time by Cosmedico) that the sum total of documents responsive to the subpoena was approximately forty pages. Under these circumstances, the filing and continued maintenance of the objections amounts to an abuse of process. Amazingly, despite the Court's order, Cosmedico still has not been provided with these forty pages of documents.

Cosmedico is entitled to the production requested in the subpoena and ordered by the Ohio Court. Cosmedico is also entitled to reimbursement of the expenses to which it was unjustly put as a result of the disingenuous assertion of "principle" made on Mr. Myers' behalf. We request that the forty pages of responsive documents from Mr. Myers be produced immediately. We also ask that Light Sources, Mr. Myers and/or his counsel agree to reimburse Cosmedico three thousand dollars of its expenses incurred in bringing the Ohio motion. This figure is far less than Cosmedico's full cost of prosecuting that motion, and represents a proposed compromise intended to avoid further expensive motion practice. If necessary, Cosmedico will pursue both a contempt order (to obtain production of the withheld documents) and a motion for an award of costs against Mr. Myers and/or his counsel. Our preference is to avoid such a proceeding if possible.

I have taken the production matters raised in your August 22, 2005 letter under advisement, and will respond to these issues separately.

Very truly yours,

Dale A. Malone

DAM/pc

Tab 3

Case 3:03-cv-00874-MRK   Document 145   Filed 09/07/2005   Page 13 of 19



BANNER & WITCOFF, LTD.
® INTELLECTUAL PROPERTY LAW

28 TE STREET
28TH FLOOR
BOSTON, MASSACHUSETTS 02109-1775

TEL: 617.720.9600
FAX: 617.720.9601
www.bannerwitcoff.com

Dale A. Malone
dmalone@bannerwitcoff.com

By Fax and Mail

August 26, 2005

Michael J. Rye, Esq.
Steven M. Coyle, Esq.
Cantor Colburn LLP
55 Griffin Road South
Bloomfield, Connecticut 06002

Re:   *Light Sources, Inc. et ano v. Cosmedico Light, Inc.,* Civ. A. No. 3:03 CV 874 (MRK) (D. Conn.)

Dear Mike and Steve,

This letter will confirm our telephone conversations this week regarding your entrance into the above-referenced proceedings. In accordance with those discussions, I am pleased to confirm our meeting on September 7, 2005, in Sturbridge, Massachusetts (specific location to be determined), to discuss a resolution of this litigation and the pending Massachusetts action. Jerry Frank will represent Cosmedico at this meeting and will have full authority to settle both lawsuits. You have indicated that Gino Ciancanelli, and possibly one additional representative, will attend on behalf of Light Sources, and that these representative will have settlement authority as well. As you are undoubtedly aware, there is a third party involved in the Connecticut action, Tan Systems, Inc., and we presume that the Light Sources representative(s) will also have authority to settle on behalf of that entity, as Light Sources has previously indicated that it has indemnified Tan Systems in this matter.

As we also discussed, you have requested that I direct all further communications in this matter to you, rather than Light Sources' previous counsel of record, Messrs. Fattibene and Keefe. I trust you have informed these counsel of this instruction.

We have been advised that the Court has scheduled a telephone conference in this action for 3:00 p.m. on September 9, 2005, two days after our meeting, presumably in response to yet another *ex parte* communication by Mr. Fattibene.

Finally, as we further discussed in our conversations, the present scheduling order in this case requires the submission of a joint pre-trial memorandum on September 12, 2005. In view of the imminent change of counsel, and the renewed prospects for meaningful settlement negotiations, we believe it makes sense to seek a short continuance of this deadline. I have proposed an extension of two weeks, and you have not yet

CHICAGO, IL
SHINGTON, DC
BOSTON, MA
?ORTLAND, OR

Michael J. Rye, Esq.
Stephan M. Coyle, Esq.
August 26, 2005
Page 2

formally responded to my proposal. Obviously, any such request should be presented to the Court as soon as possible, for consideration at or before the September 9 teleconference.

In the event that the parties are unable to reach an agreement at our upcoming meeting, there remain a number of outstanding discovery issues on both sides that should be addressed. I will present these separately in advance of our meeting.

As I mentioned on the phone, I will be out of the office next week. Any matters of urgent importance in my absence may be addressed to Gregory Cohan in my office. I thank you both for your courtesy in this matter thus far, and I look forward to a productive meeting on September 7.

Very truly yours,

Dale A. Malone

DAM/pc

Tab 4



# Cantor Colburn LLP
*Intellectual Property Attorneys*

*Michael J. Rye*
mrye@cantorcolburn.com
Partner

RECEIVED
SEP 06 2005
BANNER & WITCOFF

**HARTFORD**
55 Griffin Road South
Bloomfield, CT 06002
phone: 860-286-2929
fax: 860-286-0115

**DETROIT**
201 W. Big Beaver Road
Suite 370
Troy, MI 48084
phone: 248-524-2300
fax: 248-524-2700

**ATLANTA**
1170 Peachtree Street
Suite 750
Atlanta, GA 30309
phone: 404-607-9991
fax: 404-607-9981

www.cantorcolburn.com

September 1, 2005

**VIA FACSIMILE AND REGULAR MAIL**

Dale A. Malone
Banner & Witcoff, Ltd.
28 State Street, 28th Floor
Boston, MA 02109-1775

Re:   *Light Sources, Inc. v. Cosmedico Light, Inc.*
       Civil Action No.: 3:03CV0874 (MRK)
       Our Reference No.: LSI-0001L

Dear Dale:

This letter is in response to yours dated August 26, 2005. This will confirm our meeting on September 7, 2005 in Sturbridge. We have reserved a meeting room for 10:00 a.m. at the Sturbridge Host Hotel. We expect to have full settlement authority on behalf of Tan Systems, Inc.

To be clear concerning future communications, , Mr. Fattibene will continue to be involved in the case and you should communicate directly with him regarding any issues pertaining to the September 9th telephone conference and the preparation of the joint pre-trial memorandum. I recognize that we discussed the potential of extending the September 12, 2005 due date for the joint pre-trial memorandum but it was my understanding that you would review all of the upcoming pre-trial dates to determine the effect of a continuance of the September 12th date and get back to me. Having not heard back from you, we reviewed the dates and we do not intend to seek a continuance. Hopefully, our meeting on September 7th will be productive and will result in a settlement prior to the conference on the 9th. I look forward to meeting with you on September 7th.

Very truly yours,

*[signature]*

Michael J. Rye
MJR/clm

Tab 5

SEP-02-2005  15:55         FATTIBENE AND FATTIBENE              203 259 0033    P.01/01

# FATTIBENE AND FATTIBENE
### ATTORNEYS AT LAW
PATENT, TRADEMARK, COPYRIGHT AND RELATED MATTERS
2480 POST ROAD
SOUTHPORT, CONNECTICUT 06890

ARTHUR T. FATTIBENE
PAUL A. FATTIBENE

TELEPHONE (203)255-4400
FACSIMILE (203)259-0033

September 2, 2005

RECEIVED
SEP 02 2005
BANNER & WITCOFF

Via Fax 617-720-9601 and Mail

Attorney Dale A. Malone
Banner & Witcoff
28 State Street, 28th Floor
Boston, MA 02109-1775

Re: Light Sources, Inc. v. Cosmedico Light, Inc.
    Civil Action 3:03 CV 874 (MJK)

Dear Dale:

Since you did not respond to my letters of July 7 and July 14, 2005 requesting when you would meet and confer with me in an effort to prepare a Joint Trial Memorandum as required by the Court's Scheduling Order of May 27, 2005, and when you refused to give me a timely date in which to meet and confer, I had no other options but to proceed unilaterally with respect to the so-called Joint Trial Memorandum.

However, in compliance with the Court's Scheduling Order, I am enclosing herein, with a copy of this letter, my proposed list of exhibits. You will note that the proposed list of exhibits clearly identifies the exhibits, either by its assigned Bates No. designation or as a deposition exhibit, copies of which you should have. The physical exhibits are clearly identified, and which physical exhibits you should also have in your possession. These physical exhibits are one of a kind and, therefore, cannot be sent to you. However, they are available for your inspection at any time you decide you wish to meet and confer with me. If there is any listed exhibit which you do not have, please advise.

I intend to have my Trial Memorandum prepared in the manner in which it can be submitted to the Court on September 12th as a unilaterally prepared memorandum in view of your refusal to cooperate so as to render it a proper joint trial memorandum. At this time, I am not inclined to stipulate with you for any extension of time. You were advised as of May 27, 2005 of the need to cooperate in an effort to provide the Court with a Joint Memorandum. You obviously elected not to comply with the Court's Order.

Very truly yours,
Fattibene and Fattibene

Arthur T. Fattibene

ATF/esf

TOTAL P.01